September 30, 2005

**VIA HAND DELIVERY**
**AND ELECTRONIC FILING**

The Honorable Kent A. Jordan
J. Caleb Boggs Federal Building
844 N. King Street, Room 6325
Lockbox 10
Wilmington, DE 19801

    Re:    *Ampex Corporation v. Eastman Kodak Company, et al.*
            C.A. No. 04-1373 (KAJ)

Dear Judge Jordan:

Pursuant to Your Honor's August 26, 2005 Order for Scheduling Conference, the parties submit herewith a proposed Scheduling Order. As provided for in the Scheduling Order, the parties also submit a proposed Protective Order.

The parties have exchanged several letters and had have held multiple telephone conversations pursuant to Fed.R.Civ.P. 26(f), but have been unable to reach agreement concerning all the particulars of either the Scheduling Order or the Protective Order. The parties have agreed to set forth alternative proposals in the Scheduling Order and the Protective Order on the issues where they have not been able to agree, and will seek the Court's guidance on these proposals at the telephonic Scheduling Conference on October 5, 2005.

The parties provide a brief explanation of their proposed dates for the Scheduling Order, and of their dispute in the Protective Order, below:

The Honorable Kent A. Jordan
September 30, 2005
Page 2 of 5

**Scheduling Order – Proposed Dates**

**Plaintiff's Proposed Dates (Bold Dates Indicate Agreement with Defendants)**

| | |
|---|---|
| **Identify asserted claims (¶ 11)** | 10/11/05 |
| Claim Issues Exchange (¶ 11) | 11/4/05 |
| **Joinder/Amendment Deadline (¶ 2)** | 12/1/05 |
| **Status Report (¶ 7)** | 12/14/05 |
| **Status Conference (¶ 8)** | 12/21/05 |
| **Fact Discovery Closes (¶ 3c)** | 2/28/06 |
| **Initial Expert Reports (¶ 3d)** | 3/14/06 |
| **Rebuttal Expert Reports (¶ 3d)** | 4/7/06 |
| **Expert Discovery Closes (¶ 3d)** | 4/28/06 |
| Claim Issues Submitted to Court (¶ 12) | 5/12/06 |
| Summary Judgment Motion Deadline (¶ 10) | 5/12/06 |
| Tutorial (¶ 9) | 6/5/06 |
| Claim Construction/Summary Judgment Hearing (¶ 13) | 6/19/06 |
| Pretrial Order (¶ 15) | 8/2/06 |
| Pretrial Conference (¶ 15) | 8/6/06 |
| Trial (¶ 18) | 9/18/06 |

Ampex proposes that the claim construction hearing take place at the same time as arguments on summary judgment motions, both occurring after fact and expert discovery is completed. Ampex submits that this schedule complies with the Court's standard procedure, and that the Court will be in the best position to decide claim construction issues in the context of pending summary judgment motions, with both claim construction and summary judgment briefed and decided after discovery is completed, but suitably in advance of trial. In any event, Ampex's lead counsel is unavailable for trial in June, 2006.

19660.3\286390v1

The Honorable Kent A. Jordan
September 30, 2005
Page 3 of 5

**Defendants' Proposed Dates (Bold Dates Indicate Agreement with Plaintiff)**

| Identify asserted claims (¶ 11) | 10/11/05 |
|---|---|
| Claim Issues Exchange (¶ 11) | 10/17/05 |
| Claim Issues Submitted to the Court (¶ 12) | 10/24/05 |
| Tutorial (¶ 9) | 11/3/05 |
| Claim Construction Hearing (¶ 13) | 11/14/05 |
| **Joinder/Amendment Deadline (¶ 2)** | **12/1/05** |
| **Status Report (¶ 7)** | **12/14/05** |
| **Status Conference (¶ 8)** | **12/21/05** |
| **Fact Discovery Closes (¶ 3c)** | **2/28/06** |
| Summary Judgment Motion Deadline (¶ 10) | 3/15/06 |
| **Initial Expert Reports (¶ 3d)** | **3/14/06** |
| **Rebuttal Expert Reports (¶ 3d)** | **4/7/06** |
| **Expert Discovery Closes (¶ 3d)** | **4/28/06** |
| Pretrial Order (¶ 15) | 5/22/06 |
| Pretrial Conference (¶ 15) | 6/1/06 |
| Trial (¶ 18) | 6/12/06 |

Defendants propose this schedule – with an earlier Markman hearing and earlier proposed trial date than Ampex proposes – based on the fact that during the ITC investigation on the same patent in suit the parties: (1) engaged in approximately eight months of intensive fact and expert discovery in the ITC; (2) exchanged claim constructions and direct and rebuttal trial testimony relating to claim constructions; and (3) would have completed the trial on this patent this month had Ampex not withdrawn its ITC complaint. Given that the parties were proceeding to trial in September 2005, defendants do not believe that Ampex's proposal to go to trial a full year later, in September 2006, serves the parties' or the Court's interests. Defendants further believe that an early claim construction will focus the issues in the case, and likely lead to an expedited resolution through case-dispositive motions or possibly through settlement.

**Protective Order**

The parties have one major point of dispute in the draft Protective Order concerning disclosure of confidential information to an in-house designee. The parties have proposed alternative language in the draft Protective Order (and draft Nondisclosure Agreement for Party Representatives), and the parties' positions are set forth in brief below:

The Honorable Kent A. Jordan
September 30, 2005
Page 4 of 5

**Ampex's Position:**

Ampex agrees in principle to providing in the Protective Order for an in-house counsel representative having access to confidential information. However, such access should be a two-way street — all parties should be able to benefit from this provision. Joel Talcott, Esq., General Counsel, is the only attorney employed by Ampex. Ampex would have no other designee under this proposed provision. Defendants have no good reason to object to Mr. Talcott having access to confidential information. Ampex retains outside counsel for all patent prosecution matters. As General Counsel, Mr. Talcott is only indirectly involved in patent prosecution, in a supervisory role. Ampex is not a competitor of any of the defendants. Under Ampex's proposal, Mr. Talcott will not even be directly or indirectly involved in the prosecution of any application, "the subject matter of which involves digital still camera technology." This restriction is properly tailored to the applicable law of this district, which balances the risks of inadvertent disclosure against the harm to Ampex if it is not allowed to have an in-house counsel with access to confidential information. As an officer of the Court, Mr. Talcott is entitled to the presumption that he will comply with the undertaking as set forth in Ampex's proposed "Nondisclosure Agreement For Party Representative."

**Defendants' Position:**

Under Defendants' proposal, Paragraph 3 of the Protective Order would allow confidential information to be disclosed to one in-house designee for each party. Defendants are of the view that at least one in-house representative should have access to confidential information so that the parties can remain informed while confidential information is still protected. As is common in such situations, Defendants propose that the in-house designee not directly or indirectly engage or assist in the prosecution of patent applications given that the receipt of an opposing parties' confidential information and the prosecution of new patent claims presents an inherent conflict. For that reason, Defendants have designated in-house personnel who are not directly or indirectly involved in patent prosecution.

Defendants object to Ampex's designee, Joel Talcott, because, as Ampex has itself admitted, Mr. Talcott supervises patent prosecution activities at Ampex. The present day Ampex is a company in which patent licensing revenues form a majority of its business. If Ampex wants to designate an in-house representative to have access to confidential information, it should designate someone not involved in patent prosecution

Respectfully submitted,

Counsel for Plaintiff Ampex Corporation:


/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (I.D. No. 1014)
MORRIS NICHOLS ARSHI & TUNNELL
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 575-7291


Counsel for Defendants Eastman Kodak Company,
Chinon Industries, Inc., and Altek Corporation:


/s/ David E. Brand
David E. Brand (I.D. No. 201)
PRICKETT JONES AND ELLIOTT, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
(302) 888-6514