IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-1373 (KAJ) |
| EASTMAN KODAK COMPANY, | ) | |
| ALTEK CORPORATION, and | ) | |
| CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |

**SCHEDULING ORDER**

This ___ day of _____, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. The initial disclosure requirements pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be deemed satisfied by the discovery that has been taken in Investigation No. 337-TA-527 before the United States International Trade Commission ("the Investigation"). If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Hot Topics, Ad Hoc Committee for Electronic Discovery), and it is incorporated herein by reference and is applicable only with respect to documents or electronic files not already produced or made available for inspection in the Investigation.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before December 1, 2005.

3. <u>Discovery</u>.

**[Plaintiff's proposal:]** a. <u>Limitation on Hours for Deposition Discovery</u>. *Each side is limited to a total of 75 hours of taking testimony of fact witnesses who are employees or ex-employees of another party by deposition upon oral examination, not including the depositions taken in the Investigation. For depositions that require translation, two hours of deposition time for each 7.5 hours of deposition taken will not be counted toward the 75 hour limit. Each side is limited to a total of 75 hours of taking testimony by deposition upon oral examination of fact witnesses who are not employees or ex-employees of another party, not including the depositions taken in the Investigation.*

**[Defendants' Proposal:]** a. <u>Limitation on Hours for Deposition Discovery</u>. *Ampex is limited to a total of 75 hours of taking testimony of fact witnesses who are employees or ex-employees of another party by deposition upon oral examination, not including the depositions taken in the Investigation. Defendants are limited to a total of 112.5 hours of taking testimony of fact witnesses who are employees or ex-employees of another party by deposition upon oral examination, not including the depositions taken in the Investigation. For depositions that require translation, two hours of deposition time for each 7.5 hours of deposition taken will not be counted towards the 75 hour limit. Each side is limited to a total of 20 depositions upon oral examination of fact witnesses who are not employees or ex-employees of another party, not including the depositions taken in the Investigation.*

b. <u>Location of Depositions</u>. Unless otherwise agreed to by the parties, depositions of any agent or employee of any defendant who resides outside of the United States shall take place in the country of residence.

c. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before February 28, 2006. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d. <u>Disclosure of Expert Testimony</u>. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on the subjects in which they have the burden of proof on or before March 14, 2006, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before April 7, 2006. All depositions of expert witnesses are to be completed on or before April 28, 2006. To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e. <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the

3

issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

    f. <u>Use Of Discovery Taken In The Investigation</u>. To avoid duplication of discovery taken in the Investigation, the parties agree that discovery of the parties taken in the Investigation, including discovery responses, depositions, and produced documents shall be deemed to have been taken in this action and that such discovery may be used, and shall be treated, for all purposes as if taken in this action. The parties further agree that the Protective Order For Confidentiality entered in this action, and not Order 1 entered in the Investigation, shall apply to all documents and information designated as confidential by the parties pursuant to Order No. 1 entered in the Investigation. The parties shall in good faith attempt to contact non-parties that provided discovery in the Investigation in order to determine whether such discovery may be used and treated as if taken in this action. If such consent is not granted, such discovery shall be treated according to the terms of Order No. 1 entered in the Investigation. Notwithstanding the foregoing, such discovery shall not count towards any discovery limitations imposed by any rule applicable to this action. Absent a showing of good cause, the parties are not permitted to take discovery in this action that is duplicative of discovery taken in the Investigation. Requests seeking supplementation, pursuant to F.R.Civ.P. 26(e), of discovery responses provided in the Investigation shall be permitted.

    4. <u>Protective Order</u>. The Protective Order For Confidentiality,

in the form attached at Tab A, shall be and hereby is entered as applicable to this matter.

      5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

      6. <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

      7. <u>Interim Status Report</u>. On December 14, 2005, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

      8. <u>Status Conference</u>. On December 21, 2005, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ .m. Plaintiffs counsel shall initiate the telephone call.

      If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

      9. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court by _____ **[Ampex proposal: June 5, 2006; Defendants' proposal: November 3, 2005]** a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file,

5

subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

        10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before _____ **[Ampex proposal: May 12, 2006; Defendants' proposal: March 15, 2006]**. Briefing will be presented pursuant to the Court's Local Rules.

        11. <u>Claim Construction Issue Identification</u>. On October 11, 2005, Ampex Corporation shall identify which claims from the patent-in-suit that it contends are infringed by the defendants. On _____ **[Ampex proposal: November 4, 2005; Defendants' proposal: October 17, 2005]**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

        12. <u>Claim Construction</u>. Issues of claim construction shall be submitted to the Court no later than _____ **[Ampex proposal: May 12, 2006; Defendants' proposal: October 24, 2005]**.

13. <u>Hearing on Claim Construction</u>. Beginning at ___.m. on _____ **[Ampex proposal: June 19, 2006; Defendants' Proposal: November 14, 2005]**, the Court will hear evidence and argument on claim construction _____ [Ampex proposal: "and summary judgment"; Defendants' Proposal: [no further language]].

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. On _____ **[Ampex proposal: August 6, 2006; Defendants' proposal: June 1, 2006]** [or thereafter as set by the Court], the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at ___ _.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____ **[Ampex proposal: August 2, 2006; Defendants' proposal: May 22, 2006]**.

16. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is

7

supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. <u>Trial</u>. This matter is scheduled for a 8-day jury trial beginning at 9:30 a.m. on _____ **[Ampex proposal: September 18, 2006; Defendants' proposal: June 12, 2006]** [or thereafter as set by the Court]. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

The foregoing is stipulated to by the parties:

                              AMPEX CORPORATION

                              By its attorneys,

Date: _____

                              _____
                              Jack B. Blumenfeld (#1014)
                              Julia Heaney (#3052)
                              Morris Nichols Arsht & Tunnell
                              1201 North Market Street
                              Wilmington, DE 19899-1347
                              (302) 575-7291

                        EASTMAN KODAK COMPANY, CHINON INDUSTRIES, INC., and ALTEK CORPORATION

                        By their attorneys,

Date: _____    _____
                        Paul M. Lukoff (#96)
                        David E. Brand (#201)
                        PRICKETT, JONES AND ELLIOTT, P.A.
                        1310 King Street
                        Wilmington, DE 19899-1328
                        (302) 888-6500

SO ORDERED this _____ day of _____, 2005.

                        _____
                        United States District Judge