IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AMPEX CORPORATION )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>EASTMAN KODAK COMPANY, )<br>ALTEK CORPORATION, and )<br>CHINON INDUSTRIES, INC., )<br>)<br>*Defendants* ) | C.A. No. 04-1373 (KAJ) |

**PROTECTIVE ORDER FOR CONFIDENTIALITY**

WHEREAS, documents and information may be sought, produced, or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information:

The parties stipulate, subject to order of the Court, that:

1. Confidential information is information which concerns or relates to trade secrets, apparati, production, sales, shipments, purchases, transfers, customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

2. Any information submitted, in discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this action, which is asserted by a producing party to contain or constitute confidential information shall be so designated by such party in writing, or orally at a deposition, conference or hearing. Documents shall be clearly and prominently marked on their face with the legend: "[Party's name] CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order. Materials produced in *In the Matter of Certain Digital Image Storage and Retrieval Devices*, Inv. No. 337-TA-527 ("the Investigation"), and marked as containing Confidential Business Information Subject To Protective Order shall also be considered confidential under the terms of this protective order.

3. In the absence of written permission from the producing party, or an order by the Court, any confidential information produced in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and any personnel assisting the Court; (ii) outside counsel for parties to this action, including necessary secretarial and support personnel assisting such counsel; (iii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iv) technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a party); and (v) subject to paragraph 14, one member of each party's legal department, as designated by that party. The employee designated under section (v) must maintain all confidential information in separate and identifiable files, access to which is restricted to the designated employee. While this action is pending and for a period of one year following the final termination of this action, the employee

designated under section (v), must not, directly or indirectly, engage or assist in the prosecution of patent applications (including but not limited to reissue and reexamination applications) the subject matter of which involves digital still camera technology. The employee designated by a party under section (v) shall not have access to confidential licensing and negotiation documents, or information contained in such documents, which are subject to a non-disclosure or other confidentiality agreement between other parties and a nonparty, absent consent of that nonparty. The producing party shall identify by production number the documents subject to this restriction, and in good faith attempt to obtain such consent from each affected nonparty. The designated representative for Eastman Kodak Company is Heidi Martinez. The designated representative for Altek Corporation is Trista Chung. The designated representative for Ampex Corporation is Joel Talcott.

  4. Any entity that produces confidential information may consent to the sharing of its own confidential information with any persons not included in paragraph 3 above.

  5. Any papers containing Confidential Information which a party chooses to file with the Court shall be filed under seal with the legend "Confidential Information, Subject to Protective Order dated ___(D.I. ___)." When any confidential information produced in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, the parties will designate the transcript as confidential and arrange for the court reporter taking the deposition to label the transcript "[producing party's name] CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

  6. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules,

after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

    7. If during the pendency of this action, a party to this order who is to be a recipient of any information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such designation, in full or in part, it shall notify the producing party in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If the recipient and producing party are unable to concur upon the status of the subject information submitted as confidential information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Court who will rule upon the matter. The Court may determine that information alleged to be confidential is not confidential before, during or after the close of trial herein. If such a determination is made by the Court, opportunity shall be provided to the producing party of such information to argue its confidentiality prior to the time of such ruling. The Court may sua sponte question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

    8. No less than 10 days prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to all other parties. If any party objects to the disclosure of such confidential information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the party proposing to use the expert in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the objecting party

shall submit each objection to the Court for a ruling. The submission of such confidential information to such proposed expert shall be withheld pending the ruling of the Court.

9. If confidential information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

10. Upon final termination of this action, each recipient of confidential information that is subject to this order shall assemble and return to the producing party all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may destroy all items containing confidential information and certify to the producing party (or his counsel) that such destruction has taken place.

11. If any confidential information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered a "producing party" as that term is used in the context of this order.

12. To avoid duplication of discovery taken in *In the Matter of Certain Digital Image Storage and Retrieval Devices*, Inv. No. 337-TA-527 ("the Investigation"), the parties agree that discovery of the parties taken in the Investigation, including each party's discovery responses, depositions, and documents produced by the parties, shall be deemed to have been taken in this action and that such discovery may be used, and shall be treated, for all purposes as if taken in this action. The parties shall in good faith attempt to contact non-parties that provided discovery in

the Investigation in order to determine whether such non-parties will consent that their discovery may be used and treated as if taken in this action. If such consent is not granted, such discovery shall be treated according to the terms of Order No. 1 entered in the Investigation. In accordance with the above, each party may permit the experts it used in the Investigation and that it again intends to use in this action, after notification to all parties, to maintain possession of the parties' confidential business information received during the Investigation. If a party does not intend to use an expert used in the Investigation, it must retrieve or destroy all confidential business information produced to the expert pursuant to the International Trade Commission protective order.

13. <u>Source Code</u>. Source code produced by defendants to Ampex shall be subject to the following additional provisions:

    a. Defendants will produce to Ampex Corporation source code for the cameras at issue in this action in electronic, searchable form.

    b. The source code will be designated "Confidential" under the Protective Order and must at all times be maintained at the highest level of confidentiality. The designated employees identified in paragraph 3 shall not have access to source code produced by another party.

    c. Defendants will provide one set of compact discs (or other media as agreed to by Defendants and Ampex Corporation) containing the electronic form of the source code.

    d. The electronic source code provided by defendants cannot be electronically copied (except for any temporary copies into RAM necessary to view and/or

      search the source code as provided for in Paragraph e below). When not in use, the compact discs will be stored in a secure, locked cabinet.

e.   The compact discs will be viewed on one or the other of two, non-networked computers with no Internet access. One such computer will be located in one designated office of Ampex Corporation's outside counsel, and the other such computer will be located in another designated office of Ampex Corporation's outside counsel.

f.   Ampex Corporation will permit no more than five individuals to directly review the source code for any one camera. Ampex Corporation will provide 10-day advance written notification to Eastman Kodak Company identifying who Ampex Corporation will permit to view the source code.

g.   Ampex Corporation will promptly bates number any print-outs made of the source code and provide copies to defendants as soon as practicable, and not less than seven days prior to any depositions in which the source code will be used as an exhibit. At the completion of this action, Ampex Corporation will immediately destroy all printed versions of the source code and will return the compact discs to defendants' counsel.

h.   Any expert consultant retained on behalf of Ampex Corporation who is to be given access to defendants' produced source code (whether in electronic form or otherwise) must agree in writing not to perform design consulting or software development work relating to digital camera technology for the pendency of the action including appeal and a period of one year after the issuance of a final, non-appealable decision resolving all issues in this action.

14. <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. Details relating to confidentiality and public access to information presented at trial will be addressed in the pretrial order.

The foregoing is stipulated to by the parties:

                                  AMPEX CORPORATION

                                  By its attorneys,

Date: November 1, 2005       /s/ Jack B. Blumenfeld
                                  Jack B. Blumenfeld (#1014)
                                  Julia Heaney (#3052)
                                  Morris Nichols Arshi & Tunnell
                                  1201 North Market Street
                                  Wilmington, DE 19801
                                  (302) 575-7291


                                  EASTMAN KODAK COMPANY, CHINON
                                  INDUSTRIES, INC., and
                                  ALTEK CORPORATION

                                  By their attorneys,

Date: November 1, 2005      /s/ Paul M. Lukoff
                                  Paul M. Lukoff (#96)
                                  David E. Brand (#201)
                                  Prickett Jones & Elliott
                                  1310 King Street
                                  P.O. Box 1328
                                  Wilmington, DE 19899
                                  (302) 888-6500


SO ORDERED this _____ day of _____, 2005.

                                  _____
                                  United States District Judge