IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1373-KAJ |
| ) | |
| EASTMAN KODAK COMPANY, ) | |
| ALTEK CORPORATION and CHINON ) | |
| INDUSTRIES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF SERVICE OF SUBPOENA

The undersigned hereby certifies that the subpoena attached hereto directed to Texas Instruments Incorporated was served on November 2, 2005 upon the following counsel in the manner indicated:

**BY HAND:**

Paul M. Lukoff, Esquire
David E. Brand, Esquire
Prickett, Jones, Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

**BY FEDERAL EXPRESS:**

Michael J. Summersgill, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

                    MORRIS, NICHOLS, ARSHT & TUNNELL

                    */s/ Julia Heaney*
                    Jack B. Blumenfeld (#1014)
                    Julia Heaney (#3052)
                    1201 North Market Street
                    P.O. Box 1347
                    Wilmington, DE 19899-1347
                    (302) 658-9200
                    jheaney@mnat.com
                    *Counsel for Plaintiff Ampex Corporation*

OF COUNSEL:

Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC  20005

November 2, 2005

Issued by the
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMPEX CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY, ALTEK CORPORATION and CHINON INDUSTRIES, INC.,<br><br>    Defendants. | SUBPOENA IN A CIVIL CASE<br><br>Civil Action No. 04-1373-KAJ<br>DISTRICT OF DELAWARE |

TO: Texas Instruments Incorporated
12500 TI Boulevard
Dallas, TX 75243-4136

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE SCHEDULE A ATTACHED HERETO

| PLACE | DATE AND TIME |
|---|---|
| Ropes & Gray LLP<br>525 University Avenue, Suite 300<br>Palo Alto, CA 94301 | November 15, 2005<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT<br><br>*/s/ Julia Heaney*<br>NAME (Attorney for plaintiffs) | DATE<br><br>November 2, 2005 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Julia Heaney, Esq.<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19899-1347 | TELEPHONE<br>(302) 658-9200 |

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____       _____
 DATE                                                                    SIGNATURE OF SERVER

 _____
 ADDRESS OF SERVER

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

 (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

 (i) fails to allow reasonable time for compliance;

 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

 (iv) subjects a person to undue burden.

 (B) If a subpoena

 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### INSTRUCTIONS

    1.    These requests are addressed to Texas Instruments Inc. and its: (i) present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary or affiliated entities that were in existence during the applicable period of time covered by these requests; (ii) any other person or entity acting on Respondents' behalf or on whose behalf Respondents acted; and (iii) any other person or entity otherwise subject to Respondents' control, or which controls Respondents.

    2.    Your answers must include all responsive information within your possession, custody or control, including, but not limited to, information within the possession, custody or control of your attorney(s), investigator(s), or other agent(s).

    3.    If you cannot answer any request fully and completely after exercising due diligence to make inquiry and secure the necessary information, please so state and answer each such request to the fullest extent possible, specify the portion of each request that you are unable to answer fully and completely, state the facts upon which you rely to support your contention that you are unable to answer the request fully and completely, and state what knowledge, information or belief you have concerning the unanswered portion of each such request.

    4.    If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please identify the document and state the details concerning the loss of such document.

    5.    If you claim that the attorney-client privilege or any other privilege, protection or immunity is applicable to any written or electronic communication, you shall specify: (i) the name of each individual who signed it or under whose name it was issued, (ii) the name of each individual to whom it was addressed and the name of the individual who received it, (iii) the date the document bears, (iv) the title of the document, and (v) a description of the contents of the document. You shall also identify each and every person who prepared or participated in the preparation of the communication; state the present location of the communication and all copies thereof; identify each and every person having possession, custody or control of the document and all copies thereof; state the privilege or protection claimed; and provide sufficient further information concerning the communication and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

## DEFINITIONS

1. "TI" refers to Texas Instruments Inc., and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, affiliates, partners, predecessors-in-interest, successors-in-interest; (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

2. "Kodak" refers to defendant Eastman Kodak Company, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities, including without limitation, Chinon Industries, Inc., (now known as Kodak Digital Product Center, Japan Ltd.) (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

3. "Ampex" refers to plaintiff Ampex Corporation, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, affiliates, partners, predecessors-in-interest, successors-in-interest; (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

4. "Person" refers to natural persons and any and all other legal entities, including without limitation, individuals, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

5. "Patent-In-Suit" refers to United States Patent No. 4,821,121 (the "'121 Patent").

6. "Counterpart" of the '121 patent or "patent-in-suit" refers to all domestic and foreign, divisional, reissue, reexamination, continuation, or continuation-in-part patents (other than the '121 patent), and patent applications which claim the benefit of the filing date of the '121 patent or patent application or contain a majority of the disclosure of the '121 patent or patent application.

7. "Memory Card" refers to a Secure Digital ("SD") or Multi Media Card ("MMC").

8. "SDRAM" refers to Synchronous Dynamic Random Access Memory.

9. "Person" refers to natural persons and any and all other legal entities, including without limitation, individuals, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

10. "Patent-In-Suit" refers to United States Patent No. 4,821,121 (the "'121 Patent").

11. "Counterpart" of the '121 patent or "patent-in-suit" refers to all domestic and foreign, divisional, reissue, reexamination, continuation, or continuation-in-part patents (other than the '121 patent), and patent applications which claim the benefit of the filing date of the '121 patent or patent application or contain a majority of the disclosure of the '121 patent or patent application.

12. "ITC Investigation" refers International Trade Commission Investigation No. 337-TA-527.

13. "Digital Image Storage and Retrieval Device" means any digital electronic device that generates, stores and retrieves digital images, including without limitation, digital still cameras, personal digital assistants (PDAs), and camera phones and camcorders with digital still capabilities.

14. "Kodak Device" means any Digital Image Storage and Retrieval Device, such as digital cameras and other digital electronic devices, that generates, stores and retrieves digital images, that has ever been made, sold or offered for sale in, or imported or sold for importation into the U.S., by or on behalf of Kodak, including without limitation, all versions of Kodak's CX4200, CX4210, CX4230, CX4300, CX4310, CX6200, CX6230, CX6330, CX6445, CX7220, CX7300, CX7310, CX7330, CX7430, CX7525, CX7530, DX3900, DX4900, DX6340, DX6440, DX6490, DX7440, DX7590, DX7630, LS420, LS443, LS743, LS753, Z700, Z730, Z740, Z760, Z7590, C300, C310, C330, C340, C360, V530, V550, Easyshare-One, DCS Pro 14n, DCS Pro SLR/c, DCS Pro SLR/n, DCS Proback Plus, and DCS Proback 645 models.

15. "TI Processor" refers to the Texas Instruments TMS320DSC21, TMS320DSC25, TMS320DM270, TMS320DM275, TMS320DM320 processors, or any other TI microprocessor used in Digital Image Storage and Retrieval Device applications.

16. "Most current version" means the final revision of a document, in terms of chronological order and/or revision number, that accurately describes the operation of the TI Processor to which it relates.

17. "Any" and "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

18. "Documents" as used herein is used in their broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, the original and all non-identical copies (including those with any notations)

of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; trade letters, notices and announcements, and press releases; specification sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blueprints, schematics, hardware description language listings, block, logic and timing diagrams, pictures and photographs; all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, and electronic mail.

19.  "Communication" and "communications" means, unless otherwise specified, any of the following: (a) any written letter, memorandum, e-mail or other document; (b) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

20.  "Relating to" or "as it relates to" means constituting, comprising, containing, consisting of, evidencing, setting forth, proposing, showing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, or referring to, directly or indirectly.

## DOCUMENT REQUESTS

1.  To the extent not already produced by TI in the ITC Investigation, all documents describing, relating to, or generated in the course of TI's relationship with Kodak relating to the incorporation of any TI Processor in any Kodak Device.

2.  To extent not already produced by TI in the ITC Investigation, all documents exchanged between TI and Kodak, directly or indirectly via an intermediary, relating to the incorporation of any TI Processor in any Kodak Device.

3.  All documents relating to the Patent-In-Suit or any Counterpart.

4.  For each TI Processor, the most current version of the Datasheet.

5.  For each TI Processor, the most current version of the Register Manual.

4

6. For each TI Processor, the most current version of the System Specification.

7. For each TI Processor, the most current version of the Technical Reference Manual.

8. For each TI Processor, the most current version of the programmer's guide, programmer's reference manual, or the like.

9. For each TI Processor, the most current version of the ARM Peripherals User Manual.

10. For each TI Processor, the most current version of the DSP – ARM Communication specification.

11. For each TI processor, the most current version of the DSP Development Support Reference Guide.

12. For any digital signal processor within a TI Processor including, but not limited to, the C54x DSPs, the most current version of the DSP Reference Set.

13. For any digital signal processor within a TI Processor including, but not limited to, the C54x DSPs, the most current version of the Assembly Language Tools User's Guide

14. For any digital signal processor within a TI Processor including, but not limited to, the C54x DSPs, the most current version of Code Generation Tools Getting Started User's Guide.

15. For any digital signal processor ("DSP") within a TI Processor including, but not limited to, the C54x DSPs, the most current version of the Optimizing C/C++ Compiler User's Guide.

16. For any DSP hardware accelerator of a TI Processor including, but not limited to, the VLCD and iMX hardware accelerators, the most current version of the programmer's guide, programmer's reference manual, or the like.

17. All documents relating to the methods by which data may be transferred between a memory card and SDRAM coupled to a TI Processor, including, but not limited to, documents sufficient to identify the path taken by data during such transfers.

18. All documents relating to the operation of the MultiMediaCard Controller within each of the TI processors including, but not limited to, documents sufficient to identify whether the transfer of data to or from a memory card coupled to a TI processor is via a Direct Memory Access operation.

5

19.     All documents relating to the operation of the DMA Controller within each of the TI processors including, but not limited to, documents sufficient to describe the operation of the DMA Controller as it pertains to transfer of data to and from the MultiMediaCard Controller.

20.     All documents relating to the operation of the SDRAM Controller within each of the TI processors including, but not limited to, documents sufficient to identify whether the transfer of data to or from SDRAM coupled to a TI Processor is via a Direct Memory Access operation.

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on November 2, 2005, I caused to be electronically filed NOTICE OF SERVICE OF SUBPOENA with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Paul M. Lukoff., Esquire
>Prickett, Jones, Elliott, P.A.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

Paul M. Lukoff, Esquire
David E. Brand, Esquire
Prickett, Jones, Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

### BY FEDERAL EXPRESS

>Michael J. Summersgill, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA 02109

>/s/ Julia Heaney
>Julia Heaney (#3052)
>MORRIS, NICHOLS, ARSHT & TUNNELL
>jheaney@mnat.com
>>*Counsel for Plaintiff Ampex Corporation*