IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMPEX CORPORATION | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1373 (KAJ) |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| ALTEK CORPORATION, and | ) | |
| CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| *Defendants* | ) | |

**DEFENDANTS' FIRST NOTICE OF DEPOSITION PURSUANT
TO FED. R. CIV. P. 30(b)(6) TO PLAINTIFF AMPEX CORPORATION**

TO:   NORMAN H. BEAMER, ESQUIRE
      Ropes & Gray LLP
      525 University Avenue
      Palo Alto, CA 94301

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure (30)(b)(6), Defendants Eastman Kodak Company and Altek Corporation will take the deposition upon oral examination of Plaintiff Ampex Corporation through one or more officers, directors, managing agents, or persons who consent to testify on its behalf with respect to the matters known or reasonably available to the deponent as referred to in the schedule of topics listed on Schedule B attached hereto. The deposition will take place on December 20, 2005, beginning at 9 a.m., at the offices of Wilmer Cutler Pickering Hale and Dorr, 1117 California Avenue, Palo Alto, California 94304, or at such other time mutually agreeable to counsel, and will continue from day-to-day until completed.

19660.3\291804v1

The deposition will be recorded by a certified stenographic court reporter authorized to administer oaths and will be videotaped. You are invited to attend and cross-examine.

Applicable instructions and definitions are set forth in Schedule A. Ampex is requested to identify in writing at least seven (7) business days in advance of the deposition the name(s) and employment position(s) of the person(s) who will testify on its behalf and the subject matters on which each person will testify.

                          PRICKETT, JONES, & ELLIOTT, P.A.

                          */s/ Paul M. Lukoff*
                          Paul M. Lukoff (I.D. No. 96)
                          David E. Brand (I.D. No. 201)
                          1310 King Street
                          P.O. Box 1328
                          Wilmington, DE 19899
                          Tel.: 302-888-6500
                          Fax: 302-888-6331

                          *Attorneys for Defendants*

Date: December 1, 2005

OF COUNSEL:

S. Calvin Walden
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

William F. Lee
Donald R. Steinberg
Michael J. Summersgill
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6000
Fax: (617) 526-5000

19660.3\291804v1

## SCHEDULE A

### Definitions and Instructions

The following definitions and instructions are applicable herein:

1. "Ampex" means Ampex Corporation and all of its past or present officers, directors, principals, agents, employees, attorneys, representatives, partners, predecessors, subsidiaries, affiliates, divisions, or departments.

2. The term "relating to" means referring to, having any relationship to, pertaining to, concerning, alluding to, referring to, constituting, describing, discussing, evidencing, or regarding, whether directly or indirectly, in whole or in part, the subject matter of the particular request.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The use of the singular form of any word includes the plural and vice versa.

5. "ESS-3" means Ampex's ESS-3 electronic still store device, which in Ampex's Response to Interrogatory Number 55, in the related ITC proceeding, *In the Matter of Certain Digital Image Storage and Retrieval Devices*, Inv. No. 337-TA-527, Ampex claimed embodies or embodied the asserted claims of the '121 patent. The term "ESS-3" shall be read to include work performed on projects identified by Ampex as relating to the ESS-3 product, including, without limitation, Phoenix and Phoenix-2.

6. "PWA" relates to the printed wire assembly of components of the ESS-3.

7. "Reentry Circuitry" means any and all developmental or other versions of the circuitry found in the "Reentry PWA" identified in Ampex's Response to Interrogatory Number 55, in the related ITC proceeding, *In the Matter of Certain Digital Image Storage and Retrieval Devices*, Inv. No. 337-TA-527, which Ampex contends embodies or embodied, in part, the asserted claims of the '121 patent. "Reentry Circuitry" shall be read to include circuitry in breadboard, printed wire board, printed wire assembly, prototype, or any other form or configuration within the block represented in the document Bates-stamped AX066631, as "Reentry."

8. "Size Reducer Block" means any and all versions of the circuitry within the block represented in the document Bates-stamped AX066631, as "Size Reducer."

9. "Framestore" means any and all versions of the circuitry within any of the blocks represented in the document Bates-stamped AX066631, as "Framestore."

10. "Framestore Controller" means any and all versions of the circuitry within any of the blocks represented in the document Bates-stamped AX066631, as "Controller" and located between two blocks represented as "Framestore."

19660.3\291804v1

## SCHEDULE B

## Matters on Which Examination is Requested

1. Procedures at Ampex in the early 1980's for developing products, including the stages of development, the documents prepared at each stage, and the procedures for preparing documents and for creating and maintaining records of development work, including procedures for creating and maintaining notebooks, memoranda, specifications, diagrams, and schematics; procedures for designing, building, testing, maintaining, and record keeping regarding breadboards, printed wire boards, prototypes, and any other implementations of products being developed; and the procedures followed by Daniel Beaulier during his development work at Ampex during the early 1980's.

2. Ampex's document retention policies from the early 1980's to the present, including Ampex's document retention policies relating to the development of the ESS-3 product.

3. The reduction to practice of the invention claimed in the '121 patent, including but not limited to whether Ampex's regular procedures for developing products and documenting development work were followed, documentation of the invention claimed in the '121 patent and its reduction to practice, and the first documentation of the conception and of the reduction to practice of the invention.

4. Ampex's storage of documents created during development of the '121 invention including but not limited to storage on microfilm, aperture cards or other such media, including the way that these records are organized and maintained.

5. Development of the '121 invention into the ESS-3 product and documentation showing the development, including the creation, maintenance and location of documents relevant to the development of the ESS-3 and including but not limited to schematics; the preparation and testing of breadboards, printed circuit boards, printed wire assemblies, printed wire boards including wire-wrap printed wire boards, test boxes, and prototypes; and the preparation of manual layouts, CAD drawings, pen plots and signal flow diagrams.

6. The manufacture and sale of the ESS-3, including the first shipment of the ESS-3, the features or systems of the ESS-3 that were worked on between April1983 and the first shipment of the ESS-3, and any features of the ESS-3 that were not fully operational as of the National Association of Broadcasters (NAB) convention in April 1983 ("NAB83").

7. The assembly and testing of the individual breadboards, printed wire boards, printed wire assemblies, and other boards or combinations of circuitry during the development of the ESS-3 during the period 1981 to 1985.

8. The structure, function, features and operation of the Reentry Circuitry in the ESS-3.

9.  The structure, function, operation, means or mechanisms by which the testing or operation of the Size Reducer Block, the Framestore, the Framestore Controller, or any other components in the ESS-3 depend on the size reducer functionality of the Reentry Circuitry or on any other functionality found in the Reentry Circuitry.

10. The features claimed in the '121 patent that were functional as of the time of each demonstration of the ESS-3 through NAB83, including but not limited to the demonstration provided to Ken Hayward and Peter Sara in December 1982 and any demonstration at NAB83, and whether and how each feature claimed in the '121 patent was demonstrated at each such demonstration.

19660.3\291804v1

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2005, I electronically filed **DEFENDANTS' FIRST NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO PLAINTIFF AMPEX CORPORATION** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on December 1, 2005, I have forwarded the above-noted documents to the following as noted below:

**VIA U. S. E-MAIL**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**VIA E-MAIL & FEDERAL EXPRESS**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301

**VIA E-MAIL**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

_/s/ Paul M. Lukoff_
PAUL M. LUKOFF (Bar I.D. #96)
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328
TEL: 302-888-6500
E-MAIL: PMLukoff@prickett.com
DEBrand@prickett.com