IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1373 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| ALTEK CORPORATION and | ) | |
| CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ANNEX A

### DECLARATION OF NORMAN H. BEAMER
### IN SUPPORT OF PLAINTIFF'S LETTER OF REQUEST

I, Norman H. Beamer, declare that:

1.      I am a member of the bar of the states of New York and California, a member of the law firm of Ropes & Gray LLP, 525 University Avenue, Palo Alto, California 94301, and counsel for plaintiff Ampex Corporation ("Plaintiff") in this action. I submit this declaration in support of Plaintiff's Letter of Request directed to the appropriate judicial authority in the United Kingdom seeking discovery from Quantel Limited ("Quantel").

2.      U.S. Patent 4,821,121 ("the '121 patent"), entitled "Electronic Still Store With High Speed Sorting And Method Of Operation," has been assigned to Plaintiff.

3.      The '121 patent is directed to methods and apparatus for storing and retrieving full-size and corresponding reduced-size images. The patent-in-suit claims discloses and claims the automatic storage of a corresponding reduced size image for each full size image that is captured and stored, thereby allowing, during a browse mode, the automatic high speed retrieval of a mosaic of reduced size images for purposes of review and retrieval of the stored full size images.

4.      United States patent law provides that a patent is invalid if the claimed subject matter is not new or novel (i.e., the claimed subject matter is "anticipated" by prior art) or is obvious in light of the prior art. "Prior art" consists of patents, publications, and other information that is publicly available one year prior to a patent's filing date, or prior to the invention of the patented subject matter. A claim is anticipated when that a single prior art reference discloses every limitation of the claimed invention. A claim is invalid for obviousness if the prior art demonstrates that the claimed subject matter would have been obvious to a person of ordinary skill in the art at the time the alleged invention was made.

5.      Defendants in this action Eastman Kodak Company ("Kodak"), Chinon Industries, Inc. ("Chinon"), and Altek Corporation ("Altek) (collectively, "Defendants") have alleged that the '121 patent is invalid as anticipated and/or rendered obvious by certain Quantel products.

6.      According to documents produced in this action, employees of Quantel attended the 1983 National Association of Broadcaster ("NAB") annual convention, and the International Television Symposium in Montreux, Switzerland, held in 1983. Also according to documents produced in this action, Quantel employees prepared memoranda and reports relating to observations made of competitive products at these events. Any such documents relating to Plaintiff Ampex's ESS-3 system (an

2

electronic still store product covered by the asserted claims) are relevant and admissible at trial for the purpose of refuting Defendants' allegations that the '121 patent is invalid as anticipated and/or rendered obvious by the alleged prior art Quantel products.

7.    Additionally, subsequent to the issuance of the '121 patent, Quantel marketed and sold the "Picturebox Digital Library System Still Store" product. Plaintiff believes that the Picturebox used the invention of the '121 patent, rather than the prior art approach of the Quantel products on which defendants rely.  Documents evidencing Quantel's abandonment of the prior art approach in favor of the '121 patented approach comprise important evidence of nonobviousness that further refutes the allegations that the alleged Quantel  prior art invalidates the '121 patent, and which would be admissible at trial.

8.    Plaintiff has consulted the English firm of Linklaters of London, England, Solicitors, regarding the form in which the Letter of Request, submitted herewith, should be presented to the Courts of England and Wales.  Linklaters has informed Plaintiff as follows:

(a)    The Evidence (Proceedings in Other Jurisdictions) Act 1975 (the "1975 Act") (attached hereto as Exhibit 1) and Part 34 of the Civil Procedure Rules (attached hereto as Exhibit 2) together provide a single, comprehensive, self-contained code for obtaining evidence in England for use in proceedings in foreign courts in those cases in which the help of the English High Court is invoked;

(b)    Under Section 2(1) of the 1975 Act, the High Court is given extensive powers to make an order for obtaining the requested evidence and Section 2(2) of the 1975 Act sets out the various ways in which the evidence may be provided. There are, however, restrictions

3

upon the powers of the English High Court imposed by Sections 2(3) and (4) of the 1975 Act to make an order. Of relevance for present purposes, is the restriction that no order will be granted in respect of evidence required for pre-trial purposes. A distinction is drawn between evidence for trial and for pre-trial purposes. The English Court is prohibited from making an order requiring "any particular steps to be taken unless they are steps which can be required to be taken by way of obtaining evidence for the purposes of civil proceedings in the court making the order" (See, Section 2 (3) of the 1975 Act). This gives effect to the distinction between evidence in the nature of proof to be used for the purposes of the trial and evidence in the nature of pre-trial discovery to be used for the purposes of leading to a train of inquiry which might produce direct evidence for the trial. If the foreign request is for evidence in the nature of proof to be adduced at the trial, the English Court will give effect to that request although it may do so subject to modifications in appropriate cases or as to the disallowance of certain witnesses or documents.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 9th day of December 2005 at Palo Alto, California.

_____
Norman H. Beamer

# Exhibit 1

30/11/2005 at 14:43 - content provided by the Butterworths Direct Online Service
*All rights reserved. No part of this text may be photocopied or otherwise reproduced
without the written permission of Butterworths.*



**Legislation Direct, UK Statutes, Evidence (Proceedings in Other Jurisdictions) Act 1975 (1975 c 34)**

# Evidence (Proceedings in Other Jurisdictions) Act 1975

### 1975 CHAPTER 34

*An Act to make new provision for enabling the High Court, the Court of Session and the High Court of Justice in Northern Ireland to assist in obtaining evidence required for the purposes of proceedings in other jurisdictions; to extend the powers of those courts to issue process effective throughout the United Kingdom for securing the attendance of witnesses; and for purposes connected with those matters*

[22nd May 1975]

BE IT ENACTED by the Queen's most Excellent Majesty, by and with the advice and consent of the Lords Spiritual and Temporal, and Commons, in this present Parliament assembled, and by the authority of the same, as follows:–

*Evidence for civil proceedings*

## 1 Application to United Kingdom court for assistance in obtaining evidence for civil proceedings in other court

Where an application is made to the High Court, the Court of Session or the High Court of Justice in Northern Ireland for an order for evidence to be obtained in the part of the United Kingdom in which it exercises jurisdiction, and the court is satisfied—

(a)     that the application is made in pursuance of a request issued by or on behalf of a court or tribunal ("the requesting court") exercising jurisdiction in any other part of the United Kingdom or in a country or territory outside the United Kingdom; and

(b)     that the evidence to which the application relates is to be obtained for the purposes of civil proceedings which either have been instituted before the requesting court or whose institution before that court is contemplated,

the High Court, Court of Session or High Court of Justice in Northern Ireland, as the case may be, shall have the powers conferred on it by the following provisions of this Act.

**NOTES**

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 10(2).

**Appointment**
> Appointment: 4 May 1976: see SI 1976/429, art 2.

**2 Power of United Kingdom court to give effect to application for assistance**

(1)   Subject to the provisions of this section, the High Court, the Court of Session and the High Court of Justice in Northern Ireland shall each have power, on any such application as is mentioned in section 1 above, by order to make such provision for obtaining evidence in the part of the United Kingdom in which it exercises jurisdiction as may appear to the court to be appropriate for the purpose of giving effect to the request in pursuance of which the application is made; and any such order may require a person specified therein to take such steps as the court may consider appropriate for that purpose.

(2)   Without prejudice to the generality of subsection (1) above but subject to the provisions of this section, an order under this section, in particular, make provision—

> (a)      for the examination of witnesses, either orally or in writing;

> (b)      for the production of documents;

> (c)      for the inspection, photographing, preservation, custody or detention of any property;

> (d)      for the taking of samples of any property and the carrying out of any experiments on or with any property;

> (e)      for the medical examination of any person;

> (f)      without prejudice to paragraph (*e*) above, for the taking and testing of samples of blood from any person.

(3)   An order under this section shall not require any particular steps to be taken unless they are steps which can be required to be taken by way of obtaining evidence for the purposes of civil proceedings in the court making the order (whether or not proceedings of the same description as those to which the application for the order relates); but this subsection shall not

preclude the making of an order requiring a person to give testimony (either orally or in writing) otherwise than on oath where this is asked for by the requesting court.

(4)   An order under this section shall not require a person—

    (a)    to state what documents relevant to the proceedings to which the application for the order relates are or have been in his possession, custody or power; or

    (b)    to produce any documents other than particular documents specified in the order as being documents appearing to the court making the order to be, or to be likely to be, in his possession, custody or power.

(5)   A person who, by virtue of an order under this section, is required to attend at any place shall be entitled to the like conduct money and payment for expenses and loss of time as on attendance as a witness in civil proceedings before the court making the order.

## NOTES

**Initial Commencement**
    *To be appointed*
    To be appointed: see s 10(2).

**Appointment**
    Appointment: 4 May 1976: see SI 1976/429, art 2.

## 3 Privilege of witnesses

(1)   A person shall not be compelled by virtue of an order under section 2 above to give any evidence which he could not be compelled to give—

    (a)    in civil proceedings in the part of the United Kingdom in which the court that made the order exercises jurisdiction; or

    (b)    subject to subsection (2) below, in civil proceedings in the country or territory in which the requesting court exercises jurisdiction.

(2)   Subsection (1)(b) above shall not apply unless the claim of the person in question to be exempt from giving the evidence is either—

    (a)    supported by a statement contained in the request (whether it is so supported unconditionally or subject to conditions that are fulfilled); or

    (b)    conceded by the applicant for the order;

and where such a claim made by any person is not supported or conceded as aforesaid he may (subject to the other provisions of this section) be required to give the evidence to which the claim relates but that evidence shall not be transmitted to the requesting court if that court, on the matter being referred to it, upholds the claim.

(3)  Without prejudice to subsection (1) above, a person shall not be compelled by virtue of an order under section 2 above to give any evidence if his doing so would be prejudicial to the security of the United Kingdom; and a certificate signed by or on behalf of the Secretary of State to the effect that it would be so prejudicial for that person to do so shall be conclusive evidence of that fact.

(4)  In this section references to giving evidence include references to answering any question and to producing any document and the reference in subsection (2) above to the transmission of evidence given by a person shall be construed accordingly.

## NOTES

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 10(2).

**Appointment**
> Appointment: 4 May 1976: see SI 1976/429, art 2.

## 4 Extension of powers of High Court etc in relation to obtaining evidence for proceedings in that court

[The Attendance of Witnesses Act 1854 (which enables the Court of Session to order the issue of a warrant of citation in special form, enforceable throughout the United Kingdom, for the attendance of a witness at a trial) shall] have effect as if references to attendance at a trial included references to attendance before an examiner or commissioner appointed by the court or a judge thereof in any cause or matter in that court, including an examiner or commissioner appointed to take evidence outside the jurisdiction of the court.

## NOTES

**Initial Commencement**
> *To be appointed*
> To be appointed: see s 10(2).

**Appointment**
> Appointment: 4 May 1976: see SI 1976/429, art 2.

**Amendment**
> Words in square brackets substituted by the Supreme Court Act 1981, s 152(1), Sch 5.
> Repealed in part in relation to Northern Ireland by the Judicature (Northern Ireland) Act 1978, s 122(2), Sch 7.

. . .

**5 . . .**

. . .

## NOTES

**Amendment**
Repealed by the Criminal Justice (International Co-operation) Act 1990, s 31(3), Sch 5.

*Evidence for international proceedings*

### 6 Power of United Kingdom court to assist in obtaining evidence for international proceedings

(1)   Her Majesty may by Order in Council direct that, subject to such exceptions, adaptations or modifications as may be specified in the Order, the provisions of sections 1 to 3 above shall have effect in relation to international proceedings of any description specified in the order.

(2)   An Order in Council under this section may direct that section 1(4) of the Perjury Act 1911 or [article 3(4) of the Perjury (Northern Ireland) Order 1979] shall have effect in relation to international proceedings to which the Order applies as it has effect in relation to a judicial proceeding in a tribunal of a foreign state.

(3)   In this section "international proceedings" means proceedings before the International Court of Justice or any other court, tribunal, commission, body or authority (whether consisting of one or more persons) which, in pursuance of any international agreement or any resolution of the General Assembly of the United Nations, exercises any jurisdiction or performs any functions of a judicial nature or by way of arbitration, conciliation or inquiry or is appointed (whether permanently or temporarily) for the purpose of exercising any jurisdiction or performing any such functions.

## NOTES

**Initial Commencement**
***To be appointed***
To be appointed: see s 10(2).

**Appointment**
Appointment: 4 May 1976: see SI 1976/429, art 2.

**Amendment**
Sub-s (2): words in square brackets substituted by SI 1979/1714, art 19(1), Sch 1, para 26.

**Subordinate Legislation**

Evidence (European Court) Order 1976, SI 1976/428 (made under sub-ss (1), (2)).

*Supplementary*

## 7 Rules of court

[Civil Procedure Rules or rules of court under] section 7 of the Northern Ireland Act 1962 [may make provision]—

    (a)    as to the manner in which any such application as is mentioned in section 1 above is to be made;

    (b)    subject to the provisions of this Act, as to the circumstances in which an order can be made under section 2 above; and

    (c)    as to the manner in which any such reference as is mentioned in section 3 (2) above is to be made;

and any such rules may include such incidental, supplementary and consequential provision as the authority making the rules, may consider necessary or expedient.

## NOTES

**Initial Commencement**
> ***To be appointed***
> To be appointed: see s 10(2).

**Appointment**
> Appointment: 4 May 1976: see SI 1976/429, art 2.

**Amendment**
> Words "Civil Procedure Rules or rules of court under" and "may make provision" in square brackets substituted by the Courts Act 2003, s 109(1), Sch 8, para 177.
>> Date in force: 1 April 2005: see SI 2005/910, art 3(y).

## 8 Consequential amendments and repeals

(1)   The enactments mentioned in Schedule 1 to this Act shall have effect subject to the amendments there specified, being amendments consequential on the provisions of this Act.

(2)   The enactments mentioned in Schedule 2 to this Act are hereby repealed to the extent specified in the third column of that Schedule.

(3)   Nothing in this section shall affect—

(a)     any application to any court or judge which is pending at the commencement of this Act;

(b)     any certificate given for the purposes of any such application;

(c)     any power to make an order on such an application; or

(d)     the operation or enforcement of any order made on such an application.

(4)   Subsection (3) above is without prejudice to section 38(2) of the Interpretation Act 1889 (effect of repeals).

## NOTES

### Initial Commencement
**_To be appointed_**
To be appointed: see s 10(2).

### Appointment
Appointment: 4 May 1976: see SI 1976/429, art 2.

## 9 Interpretation

(1)   In this Act—

"civil proceedings", in relation to the requesting court, means proceedings in any civil or commercial matter;

"requesting court" has the meaning given in section 1 above;

"property" includes any land, chattel or other corporeal property of any description;

"request" includes any commission, order or other process issued by or on behalf of the requesting court.

(2)   In relation to any application made in pursuance of a request issued by the High Court under [section 56 of the County Courts Act 1984] or the High Court of Justice in Northern Ireland under [Article 43 of the County Courts (Northern Ireland) Order 1980] the reference in section 1(b) above to proceedings instituted before the requesting court shall be construed as a reference to the relevant proceedings in the county court.

(3)   Any power conferred by this Act to make an Order in Council includes power to revoke or vary any such Order by a subsequent Order in Council.

(4)   Nothing in this Act shall be construed as enabling any court to make an order that is binding on the Crown or on any person in his capacity as an officer or servant of the Crown.

(5)   Except so far as the context otherwise requires, any reference in this Act to any enactment is a reference to that enactment as amended or extended by or under any other enactment.

## NOTES

### Initial Commencement
> **To be appointed**
> To be appointed: see s 10(2).

### Appointment
Appointment: 4 May 1976: see SI 1976/429, art 2.

### Amendment
Sub-s (2): first words in square brackets substituted by the County Courts Act 1984, s 148(1), Sch 2, para 53; second words in square brackets substituted by the County Courts (Northern Ireland) Order 1980, SI 1980/397, art 68(2), Sch 1, Part II.

## 10 Short title, commencement and extent

(1)   This Act may be cited as the Evidence (Proceedings in Other Jurisdictions) Act 1975.

(2)   This Act shall come into operation of such day as Her Majesty may by Order in Council appoint.

(3)   Her Majesty may by Order in Council make provision for extending any of the provisions of this Act (including section 6 or any Order in Council made thereunder), with such exceptions, adaptations or modifications as may be specified, in the Order, to any of the Channel Islands, the Isle of Man, any colony (other than a colony for whose external relations a country other than the United Kingdom is responsible) or any country or territory outside Her Majesty's dominions in which Her Majesty has jurisdiction in right of Her Majesty's Government in the United Kingdom.

## NOTES

### Initial Commencement
> **To be appointed**
> To be appointed: see sub-s (2) above.

### Appointment
Appointment: 4 May 1976: see SI 1976/429, art 2.

### Subordinate Legislation

Evidence (Proceedings in Other Jurisdictions) Act 1975 (Commencement) Order 1976,

SI 1976/429 (made under sub-s (2)).

Evidence (Proceedings in Other Jurisdictions) (Cayman Islands) Order 1978, SI 1978/1890 (made under sub-s (3)).

Evidence (Proceedings in Other Jurisdictions) (Falkland Islands and Dependencies) Order 1978, SI 1978/1891 (made under sub-s (3)).

Evidence (Proceedings in Other Jurisdictions) (Gibraltar) Order 1978, SI 1978/1892 (made under sub-s (3)).

Evidence (Proceedings in Other Jurisdictions) (Sovereign Base Areas of Akrotiri and Dhekelia) Order 1978, SI 1978/1920 (made under sub-s (3)).

Evidence (Proceedings in Other Jurisdictions) (Isle of Man) Order 1979, SI 1979/1711 (made under sub-s (3)).

Evidence (Proceedings in Other Jurisdictions) (Guernsey) Order 1980, SI 1980/1956 (made under sub-s (3)).

Evidence (Proceedings in Other Jurisdictions) (Jersey) Order 1983, SI 1983/1700 (made under sub-s (3)).

Evidence (Proceedings in Other Jurisdictions) (Jersey) Order 1983, SI 1983/1700 (made under sub-s (3)).

Evidence (Proceedings in Other Jurisdictions) (Anguilla) Order 1986, SI 1986/218 (made under sub-s (3)).

Bermuda (Evidence) Order 1987, SI 1987/662 (made under sub-s (3)).

Evidence (Proceedings in Other Jurisdictions) (Turks and Caicos Islands) Order 1987, SI 1987/1266 (made under sub-s (3)).

## SCHEDULE 1
### CONSEQUENTIAL AMENDMENTS

Section 8(1)

. . .

## NOTES

**Initial Commencement**
*To be appointed*
To be appointed: see s 10(2).

**Appointment**
Appointment: 4 May 1976: see SI 1976/429, art 2.

**Amendment**
Repealed in part by SI 1979/1714, art 19(2), Sch 2.
Remainder inserts the Perjury Act 1911, s 1A, the False Oaths (Scotland) Act 1933, s 2, and the Administration of Justice (Scotland) Act 1933, s 6(3), and amends the Maintenance Orders (Reciprocal Enforcement) Act 1972, s 44(2).

## SCHEDULE 2
### REPEALS

Section 8(2)

| Chapter | Short Title | Extent of Repeal |
|---|---|---|
| 19 & 20 Vict c 113 | The Foreign Tribunals Evidence Act 1856 | The whole Act. |
| 22 Vict c 20 | The Evidence by Commission Act 1859 | The whole Act. |
| 33 & 34 Vict c 52 | The Extradition Act 1870 | Section 24. |
| 48 & 49 Vict c 74 | The Evidence by Commission Act 1885 | The whole Act. |
| 53 & 54 Vict c 37 | The Foreign Jurisdiction Act 1890 | In Schedule 1 the entries relating to the Foreign Tribunals Evidence Act 1856, the Evidence by Commission Act 1859 and the Evidence by Commission Act 1885 but without prejudice to any Order in Council made in respect of any of those Acts before the commencement of this Act. |
| 4 & 5 Eliz c 2 | The German Conventions Act 1955 | Section 1(3). |
| 10 & 11 Eliz 2 c 30 | The Northern Ireland Act 1962 | In Schedule 1 the entry relating to the Evidence by Commission Act 1859. |
| 1963 c 27 | The Oaths and Evidence (Overseas Authorities and Countries) Act 1963 | Section 4. |
| 1966 c 41 | The Arbitration (International Investment Disputes) Act 1966 | In section 3(1), paragraph (b) together with the word "and" immediately preceding that paragraph. |
| | | In section 7(e), subsection (2) of the section 3 there set out. |
| 1968 c 64 | The Civil Evidence Act 1968 | Section 17(2). |
| 1971 c 36 (NI) | The Civil Evidence Act (Northern Ireland) 1971 | Section 13(2). |

## NOTES

### Initial Commencement

***To be appointed***

To be appointed: see s 10(2).

### Appointment

Appointment: 4 May 1976: see SI 1976/429, art 2.

end of selection

# Exhibit 2

# PART 34

## WITNESSES, DEPOSITIONS AND EVIDENCE FOR FOREIGN COURTS

### Contents

**34.0.1**

#### I. Witnesses and Depositions

| | | |
|---|---|---|
| 34.1 | Scope of this Part | para. 34.1 |
| 34.2 | Witness summonses | para. 34.2 |
| 34.3 | Issue of a witness summons | para. 34.3 |
| 34.4 | Witness summons in aid of inferior court or of tribunal | para. 34.4 |
| 34.5 | Time for serving a witness summons | para. 34.5 |
| 34.6 | Who is to serve a witness summons | para. 34.6 |
| 34.7 | Right of witness to travelling expenses and compensation for loss of time | para. 34.7 |
| 34.8 | Evidence by deposition | para. 34.8 |
| 34.9 | Conduct of examination | para. 34.9 |
| 34.10 | Enforcing attendance of witness | para. 34.10 |
| 34.11 | Use of deposition at a hearing | para. 34.11 |
| 34.12 | Restrictions on subsequent use of deposition taken for the purpose of any hearing except trial | para. 34.12 |
| 34.13 | Where a person to be examined is out of the jurisdiction—letter of request | para. 34.13 |
| 34.14 | Fees and expenses of examiner | para. 34.14 |
| 34.15 | Examiners of the court | para. 34.15 |

#### II. Evidence for Foreign Courts

| | | |
|---|---|---|
| 34.16 | Scope and interpretation | para. 34.16 |
| 34.17 | Application for order | para. 34.17 |
| 34.18 | Examination | para. 34.18 |
| 34.19 | Dealing with deposition | para. 34.19 |
| 34.20 | Claim to privilege | para. 34.20 |
| 34.21 | Order under 1975 Act as applied by Patents Act 1977 | para. 34.21 |

#### III. Taking of Evidence - Member States of the European Union

| | | |
|---|---|---|
| 34.22 | Interpretation | para. 34.22 |
| 34.23 | Where a person to be examined is in another Regulation State | para. 34.23 |
| 34.24 | Evidence for courts of other Regulation States | para. 34.24 |
| | Practice Direction—Depositions and Court Attendance By Witnesses | para. 34PD.1 |
| | Practice Direction—Fees for Examiners of the Court | para. 34BPD.1 |

### Editorial Introduction

**34.0.2**    Part 34 consists of three sections. Section III was added with effect from January 1, 2004, by the Civil Procedure (Amendment No.4) Rules 2003 (S.I. 2003 No. 2113) and there were consequential amendments to r.34.13 and r.34.16.

Section I deals with two separate and distinct topics. The first topic is the attendance of witnesses. Rules 34.2 to 34.7 contain provisions designed to secure the attendance of witnesses to give evidence and produce documents. Formerly, the process for compelling attendance in the High Court was principally the writ of subpoena, and in the county courts the process was a witness summons. Rules were found in former RSC O.38, and elsewhere in the RSC, and in former CCR O.20, Pt III. Rules 34.2 to 34.7 apply at both levels of Court. The second topic in Sect.I is evidence by deposition. In appropriate circumstances the evidence of a witness may be given, not *viva voce* by the witness at the hearing to which it relates, but in the form of a sworn deposition taken from the witness before the hearing by an examiner. Rules 34.8 to 34.15 contain provisions regulating the procedure for the taking of depositions (whether the witness is within, or without, the jurisdiction). Such rules were found in former RSC O.39, and in former CCR O.20, Pt III. The two topics are quite distinct. The rules securing the attendance of witnesses are of day-to-day importance in proceedings in the High Court and in the county courts. The rules as to the taking of depositions for use in English courts come into play rarely, and usually only in substantial High Court cases. (Rules as to the taking in England of evidence for use in foreign courts are found in s.II and s.III of Pt 34, see further below.) Part 34 is supplemented by two Practice Directions. Practice Direction (Depositions and Court Attendance by Witnesses) (see para. 34.PD.1 below) deals with witness summonses, depositions for use in the UK and abroad, and the taking of evidence between EU Member States. Practice Direction (Fees for Examiners of the Court) supplements r.34.14 in particular.

Section II (Evidence for Foreign Courts) was inserted in Pt 34 by the Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058) with effect from December 2, 2002. The provisions in s.II (rr.34.16 to 54.21) replace CPR Sched.1, RSC O.70.

Section III of Pt 34 (Taking Evidence—Member States of the European Union) makes provision about the procedure for requesting evidence to be taken in a State to which Council Regulation (EC) No. 1206/2001 on co-operation between the courts of the Member States of the European Union in the taking of evidence in civil or commercial matters (the Taking of Evidence Regulation) applies, and for dealing with requests by the courts of Regulation States for evidence to be taken in England and Wales. The Taking of Evidence Regulation, and hence s.III, does not apply to Denmark; see r.34.22(b) para. 34.22. Applications for letters of request under the Proceeds of Crime Act 2002 are made under r.34.13(4) to (7) irrespective of where the proposed deponent is: see r.34.13A.

**Attendance of witnesses**

A witness summons is used to secure the attendance of the witness at the trial or at a hearing prior to trial; or to require the witness to produce documents to the court at the trial or at a hearing prior to trial (*e.g.* a "*Khanna* hearing", where the witness summons is used merely to obtain documents and prove their authenticity, the witness producing them not being relied on to give any other evidence. The practice is to specify a date for production of the documents which is earlier than the date fixed for the rest of the trial, see *Khanna v. Lovell White Durrant* [1995] 1 W.L.R. 121; [1994] 4 All E.R. 267).

Part 34 does not deal with penalties for non-compliance with a witness summons. In the High Court disobedience of a witness summons is a contempt of court under RSC O.52 (which is re-enacted in Sched.1 to the CPR). In the county courts the penalty is a fine (see s.55 of the County Courts Act 1984; and CCR O.34 which is re-enacted in Sched.2 to the CPR).

A witness summons is used not just to secure the attendance of a witness who is reluctant to come to court but also, for example, to enable the witness to produce evidence (*e.g.* to an employer) of the requirement to attend court or to secure priority so that the witness is not summonsed to appear elsewhere on the same day.

As to process for compelling attendance at High Court hearing of witness situated outside England and Wales but within United Kingdom, see Supreme Court Act 1981, s.56.

**Depositions**

Before applying for the evidence of a witness to be taken on deposition, consider whether there is a cheaper or better way: there usually is.

At an examination (see rr.34.8 and 34.9) the evidence of the witness is taken before an "examiner" in the same way as if the witness were giving evidence at the trial. The

**34.0.3**

**34.0.4**



SECTION A CIVIL PROCEDURE RULES 1998

deposition is then admitted in evidence at the trial. This procedure is necessarily expensive, especially if the witness is abroad. (The CCR contained no provision for depositions of witnesses outside England and Wales. The law was, and is, in s.56 of the County Courts Act 1984; and see now r.34.13(5)). Under the Taking of Evidence Regulation the county court has power to order the issue of a request to a Designated Court.

In practice, the taking of depositions outside England and Wales is restricted to substantial High Court cases. Even in such cases consider (as the court will—see the overriding objective in Pt 1) if there is a cheaper way. Three options are:

(1) If a witness statement has been obtained, rely on the statement itself without calling the witness at all (see Pt 33 and Civil Evidence Act 1995, especially r.33.2). If no witness statement has been obtained can an agent be employed to obtain one?

(2) Pay the witness his expenses to attend the trial. With the frequency and availability of modern air travel the cost of the journey and associated expenses is commonly less than that of an examination abroad.

(3) Obtain an order that the witness gives evidence by video link (see r.32.3).

In addition to depositions taken abroad for use in proceedings in England and Wales, Pt 34 also deals with depositions taken in England and Wales for use in the courts of England and Wales and depositions taken in England and Wales for use in courts abroad pursuant to a letter of request.

**Related Sources**

**34.0.5**
- Practice Direction (Depositions and Court Attendance by Witnesses) (see para. 34PD.1)
- Civil Evidence Act 1995
- Supreme Court Act 1981, s.36
- County Courts Act 1984, ss.55 and 56
- RSC O.52 (see Sched.1 to CPR)
- Part 22 (Statement of Truth)
- Part 32 (Evidence)
- Part 33 (Miscellaneous Rules about Evidence)

**Forms**

**34.0.6**
- N20 Witness summons
- N21 Order for examination of deponent
- N93 Order under the Evidence (Proceedings in Other Jurisdictions) Act 1975
- A to J under the Taking of Evidence Regulations

*I.Witnesses and Depositions*

### Scope of this Section[1]

**34.1**  34.1—(1) This Section of this Part provides—
    (a) for the circumstances in which a person may be required to attend court to give evidence or produce a document; and
    (b) for a party to obtain evidence before a hearing to be used at the hearing.

(2) In this Section, reference to a hearing includes a reference to the trial.

**Scope of Section I**

**34.1.1**  Section I deals with the attendances of witnesses and depositions. In the provisions in Sect.I there are numerous references to "a hearing" (e.g. rr.34.2(4), 34.3(3), 34.5(3), 34.8(1), and 34.11). Rule 34.1(2) states that such a reference includes a reference "to

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).

the trial". Sometimes the context will expressly exclude a reference to the trial, or by expressly referring to the trial, will exclude a reference to any other hearing (*e.g.* r.34.3(2)).

**Applicability of Sect. 1 to arbitral proceedings**    **34.1.2**

The Arbitration Act 1996, s.43 states that a party to arbitral proceedings "may use the same court procedures as are available in relation to legal proceedings" to secure the attendance before an arbitral tribunal of a witness in order to give oral testimony or to produce documents or other material evidence; this may only be done with the permission of the arbitral tribunal or the agreement of the other parties (see Vol. 2, para. 2E–177). As to tribunals other than arbitral tribunals, see further r.34.4 (Witness summons in aid of inferior court or tribunal).

## Witness summonses[1]

**34.2**—(1) A witness summons is a document issued by the court    **34.2**
requiring a witness to—

    (a) attend court to give evidence; or

    (b) produce documents to the court.

(2) A witness summons must be in the relevant practice form.

(3) There must be a separate witness summons for each witness.

(4) A witness summons may require a witness to produce documents to the court either—

    (a) on the date fixed for a hearing; or

    (b) on such date as the court may direct.

(5) The only documents that a summons under this rule can require a person to produce before a hearing are documents which that person could be required to produce at the hearing.

**"witness summons"**    **34.2.1**

This term, already in use in county courts, has replaced the former term "*subpoena*" in the High Court. A separate witness summons is required for each witness and can require the witness to attend court to give evidence or produce documents to the court or both.

**"On such date as the court may direct"**    **34.2.2**

It is clear from r.34.2(4) that a witness can be required to attend not only the trial itself but any other pre-trial hearing. However, permission is required to issue the witness summons if the hearing is not the trial itself (see r.34.3).

## Issue of a witness summons[2]

**34.3**—(1) A witness summons is issued on the date entered on    **34.3**
the summons by the court.

(2) A party must obtain permission from the court where he wishes to—

    (a) have a summons issued less than 7 days before the date of the trial;

    (b) have a summons issued for a witness to attend court to give evidence or to produce documents on any date except the date fixed for the trial; or

    (c) have a summons issued for a witness to attend court to

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).
[2] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).

## SECTION A CIVIL PROCEDURE RULES 1998

give evidence or to produce documents at any hearing except the trial.

(3) A witness summons must be issued by—

    (a) the court where the case is proceeding; or

    (b) the court where the hearing in question will be held.

(4) The court may set aside[GL] or vary a witness summons issued under this rule.

**"Issue of a witness summons"**

**34.3.1**    A separate summons is required for each witness (see r.34.2(3)). Two copies of the witness summons are required; one is for sealing prior to service, the other is retained on the court file. See Practice Direction (Depositions and Court Attendance by Witnesses, para. 1.1, and note paras 1.2 and 1.3 (see para. 34PD.1 below). A witness summons must be in Form N20 (to which the form for a certificate of service is attached).

**Permission not required**

**34.3.2**    Permission to issue a witness summons is not required provided that the summons is to attend, or produce documents at, the trial itself and the summons is issued 7 days or more before the trial.

**Permission required**

**34.3.3**    Permission to issue a witness summons is required in the three situations mentioned in r.34.3(2): this includes, for example, a pre-trial hearing whether in private or not. Where r.34.3(2)(a) applies (less than seven days before trial) see also r.34.5(2).

**Pre-trial production of non-party's documents**

**34.3.4**    Rule 34.5(2)(b) recognises and gives statutory effect to "*Khanna* hearings" (see *Khanna v. Lovell White Durrant* [1995] 1 W.L.R. 121 referred to in the "Editorial Introduction", at para. 34.0.2 above). A party who wishes to have sight of the documents of a non-party before the trial of the substantive issues can do so by obtaining an order for a witness summons to be served on that party and an order that the witness do then produce the documents at a hearing which is confined to receiving the documents, the subject of the witness summons, the remainder of the trial being adjourned to a date to be fixed. This practice is useful where the witness has no evidence to give other than proving the authenticity of the documents concerned. But it is usually preferable now that the power under CPR. r.31.17 to make orders for discovery against non-parties applies to all proceedings to obtain such an order, rather than proceeding for a *Khanna* hearing.

**"the court may set aside or vary a witness summons"**

**34.3.5**    Applications to set aside a witness summons are made to the district judge or to the master. On such an application the court is concerned to see that parties do not abuse their privilege of summoning witnesses (*Raymond v. Tapton* (1882) 22 Ch D 430, CA at 435). A witness served with a witness summons cannot have it set aside merely by swearing that he can give no material evidence; but if the court is satisfied that the witness summons has not been issued in good faith for the purpose of obtaining relevant evidence and that the witness named is in fact unable to give relevant evidence, it will set it aside. Such an order does not prejudice the power of the trial judge to order the witness to attend if he thinks his presence is necessary (*R. v. Baines* [1909] 1 K.B. 258). The court will also set aside a witness summons which is oppressive, for example which relates to documents disclosure of which has been refused by the court (*Steele v. Savory* [1891] W.N. 195; 8 T.L.R. 84), or which relates to documents protected by public interest immunity (*Boahbindar v. Tebbit (No. 2)* [1992] 1 W.L.R. 217).

A witness summons (or an application in the nature of such, *e.g.* to produce and show a film) may be set aside (or refused) where it appears that the request is irrelevant, fishing, speculative or oppressive: see *Senior v. Holdsworth Ex p. Independent Television News Ltd* [1976] Q.B. 23; [1975] 2 All E.R. 1009, CA and *Re State of Norway's Application* [1987] Q.B. 433. In *Harrison v. Bloom Camillin* (1999) L.T.L. May 14, Neuberger J. held that it was clear that r.34.3(4) allows the court to set aside or vary a witness summons but as no guidance is given as to what approach the court should

take, regard is to be paid to the cases decided under the old rules. In *South Tyneside Borough Council v. Wickes Building Supplies Ltd* [2004] EWHC 2428 (Comm) witness summonses had been issued by the Claimant against non-parties in a rent review arbitration and there was a confidentiality clause in the document sought. One of the non-parties was B&Q Plc a competitor of the Defendant. The witness summonses were set aside on the grounds that production of the documents was not necessary for the fair disposal of the arbitration (other comparables and materials were available to the arbitrator) and on the ground of confidentiality of the document. Gross J., summarised the law (of necessity derived from pre-CPR authorities) as follows:

"1. The object of a witness summons is to obtain production at trial of specified documents; accordingly, the witness summons must specifically identify the documents sought, it must not be used as an instrument to obtain disclosure and it must not be of a fishing or speculative nature.

2. The production of the documents must be necessary for the fair disposal of the matter or to save costs. The Court is entitled to take into account the question of whether the information can be obtained by some other means. It is to be remembered that, by its nature, a witness summons seeks to compel production from a non-party to the proceedings in question.

3. Plainly a witness summons will be set aside if the documents are not relevant to the proceedings; but the mere fact that they are relevant is not by itself necessarily decisive in favour of the witness summons.

4. The fact that the documents of which production is sought are confidential or contain confidential information is not an absolute bar to the enforcement of their production by way of witness summons; however, in the exercise of its discretion, the Court is entitled to have regard to the fact that documents are confidential and that to order production would involve a breach of confidence. While the Court's paramount concern must be the fair disposal of the cause or matter, it is not unmindful of other legitimate interests and that to order production of a third party's confidential documents may be oppressive, intrusive or unfair. In this connection, when documents are confidential, the claim that their production is necessary for the fair resolution of proceedings may well be subjected to particularly close scrutiny.

In some cases, a confidentiality clause may be overridden where, for example, a clear need for the documents is demonstrated and considerations of commercial sensitivity are not present or at least not present in acute form."

An unwilling expert may be released from attendance, see *Brown v. Bennett, The Times* November 2, 2000 Neuberger J.

### Recovery of costs incurred in complying with witness summons

**34.3.6**  At the time of service of a witness summons, the witness must be offered or paid sums to cover his travelling expenses and to compensate him for loss of time (see r.34.7). Where the witness summons requires the witness to produce documents to the court, the witness may be faced with the prospect of incurring considerable expense, comparable to that which might be incurred by a non-party required to give disclosure of documents under the Supreme Court Act 1981, s.34 and CPR, r.31.17. However, whereas a non-party subject to an order to disclose documents under r.31.17 is entitled to recover the costs of compliance, there is nothing in Pt 34 which provides for compensation for the costs of compliance incurred by a witness required to produce documents under a witness summons. Pt 34 assumes that, in complying with a summons to produce documents a witness will not normally be required to go to any significant trouble or expense in identifying, collating and bringing the documents to court. This was noted at first instance in *Individual Homes Ltd v. Macbream Investments Ltd, The Times*, November 14, 2002. In that case, after the claim had been settled the judge ordered that a bank should be joined as a party to the proceedings for the purposes of costs (r.48.2) and that the claimant, who had issued a witness summons against one of the bank's employees, should pay the costs incurred by the bank in complying with the summons. In the circumstances were that, instead of issuing a witness summons against the employee, the claimants ought to have applied for an order against the bank under r.31.17. The judge expressed the view that, although no jurisdiction is given by Pt 34, the court has jurisdiction under the Supreme Court Act 1981, s.51 and CPR, r.48.2 (Costs orders in favour of non-parties) to make an order

SECTION A CIVIL PROCEDURE RULES 1998

for costs to compensate a witness for the costs incurred in complying with a witness summons to produce documents issued under r.34.2.

**Witness summons in aid of inferior court or of tribunal[1]**

**34.4**    **34.4—(1) The court may issue a witness summons in aid of an inferior court or of a tribunal.**

   **(2) The court which issued the witness summons under this rule may set it aside.**

   **(3) In this rule, "inferior court or tribunal" means any court or tribunal that does not have power to issue a witness summons in relation to proceedings before it.**

**"Inferior court or tribunal"**

**34.4.1**    This term is defined in r.34.4(3). Previously application was to the High Court but, as r.34.4(1) draws no distinction, either the High Court or a county court can issue the witness summons. An application to set aside (see commentary, para. 34.3.5) must be to the court which issued the summons (r.34.4(2)). Whether or not a particular inferior court or tribunal has power to issue a witness summons itself is a question of construction of the statute which created it. Rule 34.4 is to assist such courts and tribunals which do not have such power. There is no extant list of the inferior courts or tribunals in relation to which it may be said (1) that they do have powers derived from elsewhere to issue summonses for the attendance of witnesses in relation to proceedings before them, or (2) that parties in proceedings before them may use the same court procedures as are available in relation to legal proceedings to secure the attendance of witnesses (as in the case of arbitral tribunals, see para. 34.1.2 above). Consequently, there is no quick means of determining whether a tribunal is, within the meaning of r.34.4(3), a tribunal that does not have power to issue a witness summons in relation to proceedings before it und is, therefore, a tribunal for which a witness summons in aid may be issued under r.34.4. The Solicitors Act 1974, s.45(1)) states that, for the purposes of any application or complaint made to the Solicitors Disciplinary Tribunal under that Act, the applicant or complainant "may issue writs of subpoena ad testificandum and duces tecum, but no person shall be compelled to produce any document which he could not be compelled to produce on the trial of an action". Similar statutory provisions apply to a number of other professional disciplinary bodies; e.g. in relation to professional conduct committees, the Medical Act 1983, Sched.4, para. 2(1), the Dentists Act 1984, Sched.3, para. 4(1), Nurses, Midwives and Health Visitors Act 1997, Sched.2, para. 1. The Chairman of the Parole Board Panel is entitled to give directions under Rule 9 of the Parole Board Rules 1997 including a direction requiring a party to the proceedings (i.e., the prisoner or the Secretary of State) to apply for a witness summons from the county court or High Court under r.34.4; see R. (on the application of Brooks) v. Parole Board [2004] EWCA Civ 80.

**Arbitration proceedings**

**34.4.1A**    Section 43 of the Arbitration Act 1996 provides that a party to arbitral proceedings may use the same court procedures as are available in relation to legal proceedings to secure the attendance before the tribunal of a witness in order to give oral testimony or to produce documents or other material evidence. This may only be done with the permission of the tribunal or the agreement of the other parties and the court procedures may only be used if the witness is in the United Kingdom, and the arbitral proceedings are being conducted in England and Wales or, as the case may be, Northern Ireland. Section 43(4) states that a person shall not be compelled by virtue of this section to produce any document or other material evidence which he could not be compelled to produce in legal proceedings. A party who wishes to rely on s.43 of the 1996 Act must apply for a witness summons in accordance with Pt 34; see para. 7.1 of the Pt 62 Arbitration Practice Direction. There is no power under s.43 of the 1996 Act for a court to order disclosure against a non-party as opposed to issuing a witness summons for the production of specific documents: see BNP Paribas v. Deloitte and Touche LLP [2003] EWHC 2874 (Comm); [2004] 1 Lloyd's Rep 233.

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).

"court ... may set it aside".

A witness summons issued under r.34.4 is binding if it is served at least seven days before the date on which the witness is required to attend (r.34.5(1)), but the court may abridge the time. Unless the court otherwise directs, an applicant must give at least two days notice to the party who issued the summons of his application under r.34.4(2) to set it aside (Practice Direction (Depositions and Court Attendance by Witnesses) para. 2.4, see para. 34PD.2 below). These provisions are designed to mitigate the inconvenience that may be caused by the service of a witness summons so near the date on which the witness is required to attend as to preclude an application being made to set it aside. An application to set aside a witness summons issued under r.34.4 will be heard, in the High Court by a Master (at the Royal Courts of Justice) or by a district judge (at a district registry), and in a county court by a district judge (*ibid.* para. 2.3).    **34.4.2**

### Time for serving a witness summons[1]

**34.5**—(1) The general rule is that a witness summons is binding if it is served at least 7 days before the date on which the witness is required to attend before the court or tribunal.    **34.5**

(2) The court may direct that a witness summons shall be binding although it will be served less than 7 days before the date on which the witness is required to attend before the court or tribunal.

(3) A witness summons which is—
(a) served in accordance with this rule; and
(b) requires the witness to attend court to give evidence;
is binding until the conclusion of the hearing at which the attendance of the witness is required.

**Effect of rule**

Rule 34.5(1) is clear and requires the witness summons to be served at least seven days before the date on which the witness must attend. For who is to serve; see r.34.6.    **34.5.1**

Permission is required to issue a witness summons less than seven days before the date of trial (see r.34.3(9)(a)) and a direction that the witness summons shall be binding pursuant to r.34.5(2) should be obtained at the same time.

**"shall be binding" ... "will be served"**

The use of the future tense in r.34.5(2) clearly envisages that a direction pursuant to that rule should be sought before the witness summons is served and not retrospectively.    **34.5.2**

**Duration of witness summons**

Rule 34.5(3) makes it clear that the witness summons continues to have effect until the conclusion of the trial or hearing at which the attendance is required. Thus, a new witness summons is not required if the hearing is adjourned, even if the adjournment is not to the next day. Of course, the trial judge can release the witness at some convenient point after the witness has given evidence. If for any reason the trial is abortive rather than adjourned, for example where a jury disagrees, a fresh witness summons would be required for a new trial.    **34.5.3**

### Who is to serve a witness summons[2]

**34.6**—(1) A witness summons is to be served by the court unless the party on whose behalf it is issued indicates in writing, when he asks the court to issue the summons, that he wishes to serve it himself.    **34.6**

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).
[2] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002, No.2058).

SECTION A CIVIL PROCEDURE RULES 1998

(2) **Where the court is to serve the witness summons, the party on whose behalf it is issued must deposit, in the court office, the money to be paid or offered to the witness under rule 34.7.**

**"a witness summons is to be served by the court ..."**

**34.6.1**  Rule 34.6(1) creates a presumption that the court will serve the summons on the witness. Accordingly, r.6.3(2) applies and the court will decide which of the methods of service specified in r.6.2 is to be used. Having regard to the provisions of r.34.5(1) (witness summons to be served at least 7 days before the hearing) it is clearly necessary to issue in sufficient time for the court to effect service. See also r.34.7 and note that where the court is to effect service the money to be paid to the witness must be deposited in court pursuant to r.34.6(2).

In practice, however, the party usually prefers to serve a witness summons himself, and if he desires it served personally will have to serve himself. If the court serves the summons it will do so by first class post. Whether or not service by post is appropriate for a witness summons must depend on the circumstances of the case. If the witness summons is being served for a "non-hostile" reason (*e.g.* to enable a willing witness to obtain time off work or to enable an expert witness to break other commitments—see further "Editorial Introduction" to Pt 34, para. 34.0.2) then service by post is likely to be sufficient. On the other hand, if the witness is refusing to attend and the witness summons is being issued to compel attendance, service by post is likely to be insufficient to impress the importance of his attendance on the witness. Personal service is not only more likely to create the appropriate impression but also more likely, as a consequence, to secure the attendance of the witness.

Thus, although personal service of a witness summons is no longer a prerequisite of the rule (unlike RSC O.38, r.17) in practice it is likely to be necessary to secure the attendance of a witness who has indicated his reluctance to attend or failed to confirm that he will attend and accordingly the extra cost of personal service is justified and likely to be allowed upon assessment of costs.

**Personal service**

**34.6.2**  Unlike RSC O.38, r.17, personal service is not a prerequisite of r.34.6. But see further commentary above.

**"indicates in writing ... that he wishes to serve it himself"**

**34.6.3**  The general rule is that the court will serve the witness summons. Often there will be good reason for the party issuing the witness summons to arrange personal service through a process server who will explain the summons and tender the necessary money to the witness (see para. 34.0.3 above and r.34.7).

If the witness summons is being issued (as of right or after permission) through the post it is a simple matter for the letter requesting issue to also request return of the witness summons for personal service. But r.34.6(1) goes further than this. Even a party attending in person at the court office to issue a witness summons must indicate "in writing, when he asks the court to issue the summons, that he wishes to serve it himself".

**"money to be paid to the witness"**

**34.6.4**  See r.34.7.

## Right of witness to travelling expenses and compensation for loss of time[1]

**34.7**  **34.7 At the time of service of a witness summons the witness must be offered or paid—**

(a) **a sum reasonably sufficient to cover his expenses in travelling to and from the court; and**

(b) **such sum by way of compensation for loss of time as may be specified in the relevant practice direction.**

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).

**Conduct money**

**34.7.1**   The term "conduct money" does not appear in Pt 34 but nor did it appear in RSC O.38 or CCR, O.20. Conduct money is money given to a witness to defray his expenses of coming to, staying at, and returning from the place of trial. A witness was entitled to decline to attend or be sworn until his expenses were paid to him and the court would not entertain an application to commit or fine a witness for non-attendance unless it was proved that conduct money had been paid or tendered to that witness.

Rule 34.7 effects an important change in practice. In addition to "conduct money" (provided for by r.34.7(a)) at the time of service the witness must be offered or paid "such sum by way of compensation for loss of time as may be specified in the relevant practice direction" (r.34.7(b)). (The relevant practice direction is at para. 34PD.1). Paragraph 3.2 thereof provides for "a sum in respect of the period during which earnings or benefit are lost, or such lesser sum as it may be proved that the witness will lose as a result of his attendance at court in answer to the witness summons" and para. 3.3 of the Practice Direction provides that the sum "is to be based on the sums payable to witnesses attending the Crown Court".

The new rule thus at least has the merit of introducing some consistency between the Crown Court, the High Court and County Courts. The sum referred to in para. 3.2(2) of the Practice Direction is fixed pursuant to the Prosecution of Offences Act 1985 and the Costs in Criminal Cases (General) Regulations 1986. New figures are published from time to time by circular or guide issued by the Department for Constitutional Affairs. The last "Guide to Allowances Under Part V of Costs in Criminal Cases (General) Regulations" was issued in July 2003. As from May 6, 2003 the maximum amount payable to an "ordinary witness" for financial loss for a period not exceeding 4 hours is £32.50 and if exceeding 4 hours, £64.65. With effect from August 1, 2001 the maximum subsistence allowance is £2.25 (for a period of absence not exceeding 5 hours); £4.50 (for a period exceeding 5 hours but not exceeding 10 hours); £9.75 (over 10 hours). The maximum overnight allowance is £95 (for Inner London, within a five mile radius of Charing Cross) or £65 (for elsewhere). No one could accuse the regulations of generosity.

See further para. 3 of Practice Direction, at para. 34PD.3.

**Evidence by deposition[1]**

**34.8**   **34.8—(1) A party may apply for an order for a person to be examined before the hearing takes place.**

**(2) A person from whom evidence is to be obtained following an order under this rule is referred to as a "deponent" and the evidence is referred to as a "deposition".**

**(3) An order under this rule shall be for a deponent to be examined on oath before—**

**(a) a judge;**

**(b) an examiner of the court; or**

**(c) such other person as the court appoints.**

**(Rule 34.15 makes provision for the appointment of examiners of the court.)**

**(4) The order may require the production of any document which the court considers is necessary for the purposes of the examination.**

**(5) The order must state the date, time and place of the examination.**

**(6) At the time of service of the order the deponent must be offered or paid—**

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).

    (a) a sum reasonably sufficient to cover his expenses in travelling to and from the place of examination; and

    (b) such sum by way of compensation for loss of time as may be specified in the relevant practice direction.

  (7) Where the court makes an order for a deposition to be taken, it may also order the party who obtained the order to serve a witness statement or witness summary in relation to the evidence to be given by the person to be examined.

  (Part 32 contains the general rules about witness statements and witness summaries).

**Purpose of rule**

**34.8.1**    If a witness cannot attend trial it may be possible to obtain an order under this rule for the examination of the witness. In *Barratt v. Shaw & Ashton and Another* [2001] EWCA Civ 137, the Court of Appeal said that the primary purpose of r.34.8 is the taking of evidence on deposition and introducing it in that form at the trial from a witness whom it would be impossible to bring to court for trial. However, that court was prepared to accept that it might be appropriate to order a deposition to be taken where justice required that the evidence be given by the deponent be available prior to the hearing taking place. The example given was where a party wishes to pursue or resist an application for summary judgment under Pt 24, and he could not adduce the necessary evidence for that purpose without having the evidence taken on deposition—perhaps because the witness was refusing to provide a statement. The witness gives evidence before the examiner as if the examination were the trial itself. Thus there is full opportunity for cross-examination. The evidence is reduced to writing and the resulting document (the "deposition") is then received into evidence at the trial.

    There are four distinct situations—

    (1) Depositions taken in England and Wales for use as evidence in proceedings in courts in England and Wales (see para. 4 of Practice Direction, at para. 34PD.4).

    (2) Depositions taken abroad for use as evidence in proceedings before courts in England and Wales where the Taking of Evidence Regulation does not apply (see para. 5 of Practice Direction, at para. 34PD.5).

    (3) Depositions taken in England and Wales for use as evidence in proceedings abroad pursuant to letters of request where the Taking of Evidence Regulation does not apply (see para. 6 of Practice Direction, at para. 34PD.6).

    (4) Taking of Evidence between Regulation States (see para. 7 of Practice Direction, at para. 34PD.7

**"before a judge: an examiner of the court; or such other person as the court appoints"**

**34.8.2**    In England and Wales examination is usually before an examiner of the court appointed as such by the Lord Chancellor pursuant to r.34.15. Should there be no suitable examiner in the locality where the examination is to take place, a suitable person (formerly known as a "local special examiner") should be appointed pursuant to r.34.8(3)(c). An examination before a judge will only be ordered in the most exceptional cases and then only with the approval of the judge. Where an examination is sought before a master, the advice of the Senior Master or Chief Master should be sought either directly or through the Master's Secretary.

**"date, time and place of the examination"**

**34.8.3**    Anywhere suitable may be used, for example the residence of a witness too ill to attend elsewhere (*Re Bradbrook* (1889) 23 Q.B.D. 226, CA). Rule 34.8(5) requires the order for examination to state the date, time and place of it.

**conduct money**

**34.8.4**    Note the requirement of r.34.8(6) to tender travelling expenses and a sum "by way of compensation for loss of time ...". The Practice Direction referred to is at para. 34PD.1; but it does not differentiate between witness summonses and depositions. See further Commentary at para. 34.7.1.

**"witness statement or witness summary"**

Note the provisions of r.34.8(7) which replicates normal trial practice by requiring advance service of a witness statement or witness summary of the evidence to be given by the person to be examined: see rr.32.8 and 32.9.   **34.8.5**

**Evidence by video link**

See r.32.3. As an alternative to obtaining a deposition, evidence by video link will be preferable (and probably cheaper) in some cases and has the further advantage that the trial judge will hear the evidence first hand.   **34.8.6**

## Conduct of examination[1]

34.9—(1) Subject to any directions contained in the order for ex-   **34.9** amination, the examination must be conducted in the same way as if the witness were giving evidence at a trial.

(2) If all the parties are present, the examiner may conduct the examination of a person not named in the order for examination if all the parties and the person to be examined consent.

(3) The examiner may conduct the examination in private if he considers it appropriate to do so.

(4) The examiner must ensure that the evidence given by the witness is recorded in full.

(5) The examiner must send a copy of the deposition—

    (a) to the person who obtained the order for the examination of the witness; and

    (b) to the court where the case is proceeding.

(6) The party who obtained the order must send each of the other parties a copy of the deposition which he receives from the examiner.

**"in the same way as if the witness were giving evidence at trial"**   **34.9.1**

The main purpose of taking evidence on examination is to obtain the evidence of the witness as if the witness were giving evidence at trial. The examination takes place in the presence of the examiner, the parties and their counsel and solicitors. Modern trial practice is for a witness statement (if there is one) to stand as evidence in chief and the examiner will follow this practice if it is appropriate to do so. Cross-examination and re-examination follow. The examiner may allow a hostile witness to be treated as such by the party calling him (*Ohlsen v. Terrero* (1875) L.R. 10 Ch. 127).

**"a person not named in the order"**   **34.9.2**

Note the useful provision in r.34.9(2).

**"may conduct the examination in private"**   **34.9.3**

The general rule is that all hearings are in public (r.39.2(1)) but this rule obviously requires exceptions in the case of depositions, for example if examination is taking place at the witness's home or at a nursing home. See further r.39.2(3). Examiners have always had a discretion (*Wright v. Wilkin* (1858) 6 W.R. 643).

**"evidence ... is recorded"**   **34.9.4**

Rule 34.9(4) imposes a duty on the examiner to record the evidence. By arrangement, a shorthand writer may be and usually is employed. Alternatively, an audio recording can be made. Ordinarily the deposition will take the form of a verbatim transcript of question and answer this being the more accurate and convenient way of recording the evidence (see *per* Pennycuick V.-C. in *Lloyds Bank Ltd v. Marcan* [1973] 1 W.L.R. 339 at 348; [1973] 2 All E.R. 359 at 371). The former practice of the deposi-

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).

SECTION A CIVIL PROCEDURE RULES 1998

tion being taken down in narrative form, rather than in question and answer form, is no longer followed. .

"In some cases video recordings have been used to record evidence ... for use in English courts" (*per* Evans J. in *J Barber & Sons v. Lloyd's Underwriters* [1987] Q.B. 103) and this practice is likely to grow in popularity (*cf.* r.32.3—evidence by video link). Paragraph 4.3 of the Practice Direction (see para. 34PD.4) requires a written record as well as an audiotape or videotape recording.

**Filing and serving of deposition**

**34.9.5**    The examiner has the duty of filing the deposition with the court (r.34.9(5)(b)) and serving a copy on the person who obtained the order for examination (r.34.9(5)(a)): that party must serve other parties (r.34.9(6)).

**Deponent objecting**

**34.9.6**    If a deponent objects to answering any question or where objection is taken, see para. 4.5 Practice Direction at para. 34PD.4.

**Enforcing attendance of witness[1]**

**34.10**    **34.10—(1) If a person served with an order to attend before an examiner—**

      **(a) fails to attend; or**

      **(b) refuses to be sworn for the purpose of the examination or to answer any lawful question or produce any document at the examination,**

**a certificate of his failure or refusal, signed by the examiner, must be filed by the party requiring the deposition.**

**(2) On the certificate being filed, the party requiring the deposition may apply to the court for an order requiring that person to attend, or to be sworn or to answer any question or produce any document, as the case may be.**

**(3) An application for an order under this rule may be made without notice.**

**(4) The court may order the person against whom an order is made under this rule to pay any costs resulting from his failure or refusal.**

**Effect of rule**

**34.10.1**    An order for the examination of a witness under r.34.8 is not an order on the witness to attend for examination (*Stuart v. Balkis* (1884) 50 L.T. 479). Usually the witness is willing to attend and does attend his examination voluntarily. If he does not attend—or does attend but refuses to be sworn, answer a lawful question or produce any document—the examiner signs a certificate pursuant to r.34.10(1). Thereupon, the party seeking the deposition can apply without giving notice (r.34.10(3)) for an order "requiring that person to attend or be sworn ..., etc." (see r.34.10(2)). If the witness then fails to attend he is in contempt of court: an order for committal can be sought (see RSC O.52, re-enacted in Sched.1 to the CPR). Note r.34.10(4) regarding costs.

**Use of deposition at a hearing[2]**

**34.11**    **34.11—(1) A deposition ordered under rule 34.8 may be given in evidence at a hearing unless the court orders otherwise.**

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).
[2] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).

Case 1:04-cv-01373-KAJ    Document 87-3    Filed 12/09/2005    Page 31 of 43
1. DEC. 2005 11:52    LINKLATERS LON NO233                          NO. 2032   P. 15/72

PART 34    WITNESSES, DEPOSITIONS AND EVIDENCE FOR FOREIGN COURTS

(2) A party intending to put in evidence a deposition at a hearing must serve notice of his intention to do so on every other party.

(3) He must serve the notice at least 21 days before the day fixed for the hearing.

(4) The court may require a deponent to attend the hearing and give evidence orally.

(5) Where a deposition is given in evidence at trial, it shall be treated as if it were a witness statement for the purposes of rule 32.13 (availability of witness statements for inspection).

**Effect of rule**                                                    **34.11.1**

Having obtained a deposition a party is not obliged to use it as evidence. Indeed notice is required (see r.34.11(2) and (3)). There is nothing to prevent any party putting the deposition in evidence ("a party ...", r.34.11(2)) subject to the requirement of notice. A deposition given in evidence is available for inspection in the same way as a witness statement (see r.32.13 applied by r.34.11(5)).

An order pursuant to r.34.11(4) requiring the deponent to attend would be highly unusual. Even if a witness not expected to be available (hence the deposition) is now available, ordinarily the deposition will suffice. In *Barratt* v. *Shaw & Ashton and Another* [2001] EWCA Civ 137, r.34.11(4) was described as "a fallback procedure for when it seems preferable that the trial judge should hear some of the evidence orally."

**Restrictions on subsequent use of deposition taken for the purpose of any hearing except the trial[1]**

**34.12.**—(1) Where the court orders a party to be examined about      **34.12**
his or any other assets for the purpose of any hearing except the trial, the deposition may be used only for the purpose of the proceedings in which the order was made.

(2) However, it may be used for some other purpose—

   (a) by the party who was examined;

   (b) if the party who was examined agrees; or

   (c) if the court gives permission.

**Effect of rule**                                                    **34.12.1**

The title which has been given to r.34.12 is misleadingly wide. Rule 34.12(1) applies only to a deposition which resulted from an order requiring "a party to be examined about his or any other assets for the purpose of any hearing except the trial".

In *Dendron GmbH and Others v. The Regents of the University of California and Anor* [2004] EWHC 589 (Patents); [2004] I.L.Pr. 35, Laddie J., the court rejected the submission that r.34.12 was the only limitation on the use of depositions or that CPR Pt 34 was intended to be a definitive code in relation to the collateral use of evidence. Dealing with a deposition obtained through a court in the USA (see r.34.15) and a deposition obtained though a requested court in a Regulation State (see r.34.23), it was held that there exists an implied obligation not to use, without the permission of the (requesting) court or the consent of the witness, evidence obtained by compulsion under letters of request. A distinction was drawn with CPR Pt 31 (which is said to be a complete code relating to disclosure) on the basis that CPR Pt 31 was not concerned with the taking of evidence under compulsion. Although the *Dendron* case was concerned with evidence obtained under letters of request, it is strongly arguable that such an implied obligation also arises with depositions taken in England and Wales for use in England and Wales.

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).

SECTION A CIVIL PROCEDURE RULES 1998

**Where a person to be examined is out of the jurisdiction—letter of request[1]**

**34.13**     34.13—(1) This rule applies where a party wishes to take a deposition from a person who is—

(a) out of the jurisdiction; and

(b) not in a Regulation State within the meaning of Section III of this Part.

(1A) The High Court may order the issue of a letter of request to the judicial authorities of the country in which the proposed deponent is.

(2) A letter of request is a request to a judicial authority to take the evidence of that person, or arrange for it to be taken.

(3) The High Court may make an order under this rule in relation to county court proceedings.

(4) If the government of a country allows a person appointed by the High Court to examine a person in that country, the High Court may make an order appointing a special examiner for that purpose.

(5) A person may be examined under this rule on oath or affirmation or in accordance with any procedure permitted in the country in which the examination is to take place.

(6) If the High Court makes an order for the issue of a letter of request, the party who sought the order must file—

(a) the following documents and, except where paragraph (7) applies, a translation of them—

(i) a draft letter of request;

(ii) a statement of the issues relevant to the proceedings;

(iii) a list of questions or the subject matter of questions to be put to the person to be examined; and

(b) an undertaking to be responsible for the Secretary of State's expenses.

(7) There is no need to file a translation if—

(a) English is one of the official languages of the country where the examination is to take place; or

(b) a practice direction has specified that country as a country where no translation is necessary.

**Effect of rule**

**34.13.1**     Rule 34.13 is based on the former RSC O.39, r.3A. A "letter of request" issues only in the High Court but the High Court can make an order in a county court case (r.34.13(3)) though, in practice, the cost may be disproportionate in a county court case (consider r.1.1(2)(e)). "Letter of request" is defined in r.34.13(2).

Paragraph (1) of this rule was substituted and para. (1A) inserted by the Civil Procedure (Amendment No. 4) Rules 2003, with effect from January 1, 2004.

The rules provide the machinery for the examination of a person out of the jurisdiction. The exercise of the power under these rules is a matter of discretion, especially as the cost of taking evidence abroad is high and sometimes prohibitive. The Court is apt to look most favourably upon the application of a defendant resident

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058) and Civil Procedure (Amendment No. 4) Rules 2003 (S.I. 2003 No. 2113).

abroad—who has not chosen an English forum (see, *per* Chitty J. in *Ross v. Woodford* [1894] 1 Ch. 42; *New v. Burns* (1894) 64 L.J. Q.B. 104, CA)—and least favourably upon the application of a claimant for his evidence to be taken abroad, for he has usually chosen his tribunal (*Ross v. Woodford; Cock v. Allcock* (1888) 21 Q.B.D. 178, CA; *Emanuel v. Soltykoff* (1892) 8 T.L.R. 331). As regards other witnesses, a party cannot compel a witness in a foreign country to attend the trial, and therefore if the Court is satisfied that (1) he is unwilling or unable to be present (2) the application is made bona fide (*Re Boyse* (1882) 20.Ch D 760) and with such promptness as not to cause unreasonable delay (see *Langen v. Tate* (1883) 24 Ch D 522, CA) and (3) the witness can give substantial evidence material to the issue (*Ehrmann v. Ehrmann* [1896] 2 Ch. 611) an order is often made. But many other considerations may be relevant in all these cases. Reasonable attempts should first be made, in a proper case, to obtain the evidence in other ways—through a witness here (*Armour v. Walker* (1883) 25 Ch.D. 673, CA; *Lawson v. Vacuum Brake Co.* (1884) 27 Ch D 187 CA; *Lewis v. Kingsbury* (1888) 4 T.L.R. 629 at 639) by documents, by admissions or an order that the evidence may be given "by video link or by witness statement". Nowadays, the cost of a journey by air is commonly less than that of an examination abroad.

**Use of evidence**

Evidence obtained by means of r.34.13 cannot be used, as of right, for collateral purposes, but there is a discretion in the court to allow such use in special circumstances and where the use would be just in all the circumstances. *Dendron GmbH v. The Regents of the University of California* [2004] EWHC 589; [2004] I.L.Pr. 35.

**34.13.2**

**Practice Direction**

See para. 5 at para. 34PD.5.

**34.13.3**

**Not in a Regulation State**

Note that a Regulation State is a Member State of the European Union except for Denmark. See r.34.22(b) at para. 34.22.

**34.13.4**

*Non-Convention countries* —If it is desired to obtain the taking of evidence in a country with which no convention has been made, enquiry should be made of the Masters' Secretary's Department (Room E14, R.C.J.) as to whether the local law permits it. It is an available method in the case of Egypt, Japan, Luxemburg, Romania, Sudan, Switzerland and (probably) the Russian Federation and (possibly) other countries. It is available in respect of willing witnesses before a special examiner in the following non-convention countries: Argentine, Bolivia, Brazil, Bulgaria, Chile, Cuba, Ecuador, Guatemala, Honduras, Mexico, Nicaragua, Panama and Costa Rica, Persia, USA, Uruguay and Venezuela; and only before the British Consular Authority in Colombia and Salvador. All states of the USA enforce the attendance of witnesses under this rule. Examination by a consular officer is permitted in Costa Rica, Peru, South Africa and (except of witnesses who are local nationals) in Vietnam. These lists are subject to alteration.

**34.13.5**

*Scotland and Northern Ireland* —As to compelling attendance of witnesses in such cases, see *Campbell v. Attorney General* (1867) 2 L.R. Ch.App. 571. A special examiner is appointed. A witness summons issued by the High Court runs throughout the United Kingdom, see s.36 of the Supreme Court Act 1981.

**34.13.6**

*Bilateral Convention countries* —In convention countries the taking of evidence before the British Consular Authority is permitted, but in most of these countries it is only permitted in respect of willing witnesses, and in Hungary and Turkey only willing witnesses of British nationality.

If it is desired to designate as examiner a British consular officer in a foreign state the consent of H.M. Secretary of State for Foreign and Commonwealth Affairs must first be obtained, unless a convention has been entered into with the country in question, in which case no such consent is required. The applicant should apply to the Foreign Office. The answer will depend on whether the laws of the foreign state admit of such procedure and whether the consul proposed is willing to undertake the commission.

It is common practice for the order to designate "H.M. Consul (or Consul General) or his deputy."

**34.13.7**



SECTION A CIVIL PROCEDURE RULES 1998

Conventions have been made with the following countries:

| | | |
|---|---|---|
| Austria | Greece | Poland |
| Belgium | Hungary | Portugal |
| Croatia | Iraq | Serbia |
| Czech Republic | Israel | Slovakia |
| Denmark | Italy | Slovenia |
| Estonia | Latvia | Spain |
| Finland | Lithuania | Sweden |
| France | Netherlands | Turkey |
| Germany | Norway | |

**34.13.8** *Hague Convention countries* —The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters was concluded on March 18, 1970, and was ratified by the United Kingdom on July 16, 1976, and came into force on September 14, 1976 (see Cmnd. 6727 (1977)). The Convention provides for substantially the same matters of taking evidence abroad in civil or commercial matters as do the bilateral Conventions referred to above, but the Hague Convention is multilateral in its scope and operation. It appears that increasing use is being made of the Hague Convention by the countries which have ratified it and where it has been brought into force.

The countries to which the Hague Convention applies are:

| | | |
|---|---|---|
| Argentina | Israel | Singapore |
| Australia | Italy | Slovak Republic |
| Barbados | Kuwait | Slovenia |
| Belarus | Latvia | South Africa |
| Bulgaria | Lithuania | Spain |
| China | Luxembourg | Sri Lanka |
| Cyprus | Mexico | Sweden |
| Czech Republic | Monaco | Switzerland |
| Denmark | Norway | Turkey |
| Estonia | Netherlands | Ukraine |
| Finland | Poland | United Kingdom and possessions |
| France | Portugal | United States and possessions |
| Germany | Romania | Venezuela |
| Hong Kong SAR | Russian Federation | |
| Hungary | Seychelles | |

An up to date list of countries to which the convention applies is published on the Hague Conventions website at http://www.hcch.net/e/status. This also sets out the reservations subject to which some of these countries have adhered to the convention.

According to the Hague Convention website, the United Kingdom has not yet declared acceptance of the accession of the following countries: China, Kuwait, Lithuania, Romania, Slovenia, Sri Lanka and Seychelles. The Special Administrative Regions of Hong Kong and Macao should no longer appear separately in the list. The Convention still applies to those regions but since Hong Kong and Macao have been restored to the Peoples' Republic of China by the United Kingdom and Portugal respectively, the information relating to these two regions (i.e. , reservations, declarations, contact details of the authorities and dates of entry into force) has been added to the information for the Peoples' Republic of China.

**Procedure on letter of request to Non-Convention and non-Regulation State countries**

**34.13.9** A letter of request is required from the High Court to a foreign Court to cause the evidence to be taken, and it may either ask for the interrogatories which accompany it to be put by the examiner (the usual procedure in many foreign Courts, where the Court alone puts the questions) or for the witnesses to be examined *viva voce* upon the

852

matters in question. The method by letters of request is now available for all countries, including Her Majesty's Dominions, and in some countries (such as Egypt) it is the only available method. Letters of request are dealt with in the office of the Masters' Secretary, Room E14, R.C.J.

**Regulation State**                                                                                          **34.13.10**

Where the person to be examined is in a Regulation State, see rule 34.23 at para. 34.23 and para. 10.1 of the Practice Direction at para. 34PD.7.

**Dominions**                                                                                                 **34.13.11**

Where in a civil proceeding a commission, mandamus, order or request for examination of witnesses is addressed to any Court or Judge of a Court in Her Majesty's Dominions out of the jurisdiction of the Court ordering the examination, such Court or Judge may nominate a person to take the examination, and any depositions before him are admissible to the same extent as if taken before such Court or Judge.

**Eire**                                                                                                      **34.13.12**

Letters of request appear to be the cheaper method. They are sent to the Minister of Justice, who transmits them to the Master. The duty of taking evidence is usually assigned to the District Judge.

**Practice in ChD and QBD**                                                                                   **34.13.13**

The application is made normally to the Master or District Judge on notice. The application for the Order is not made to the Senior Master, it is the subsequent application for the issue of a letter of request following the making of an order, which is made to the Senior Master. If the other side desire to join in the letters of request they can be allowed to do so at the hearing. Where it is desired to examine witnesses in different countries a separate application should be made in the case of each country.

In certain countries, including those with which conventions have been made, the evidence must be taken orally by examination and cross-examination. In such cases the names of agents of the parties are indorsed on the letters of request. Inquiry should be made at the Foreign and Commonwealth Office, whether evidence can be taken in this way.

Where the evidence is to be obtained by means of written questions, the questions to be asked on behalf of the applicant should be submitted to the other side in order that he may frame questions for cross-examination, and the questions to be asked in cross-examination should be submitted to the applicant to enable him to put further questions in re-examination. The Master will not entertain objections to the questions, they are left entirely to the parties; but objection may be made at the trial to admission of any of the evidence.

The letter of request is prepared by the solicitor and is taken to the Masters' Secretary, Room E14, together with the questions (if any) the order and a signed undertaking by the applicant to bear the expenses (see Form PF78QB). If the language of the country concerned is not English there must also be supplied translations of the letter of request and questions certified by the solicitor.

In cases within this rule the letter of request is then signed by the Senior Master and transmitted to the Foreign and Commonwealth Office, for transmission to the proper Court; but where the matter is urgent it may be sent direct to a Court in Her Majesty's Dominions.

On return of the evidence it is filed at the Central Office and notice given to the other side. If in a foreign language, a translation is made verified by the oath of the translator and filed.

**Procedure on letters of request to Convention countries other than a Regulation State**                      **34.13.14**

Letters of request for the taking of evidence out of the jurisdiction in respect of proceedings in any division of the High Court are dealt with in the office of the Masters' Secretary, Room E14, Royal Courts of Justice, Strand, London, WC2A 2LL.

The conventions vary in details and should be consulted in each case; generally speaking, they provide for three alternative methods of obtaining evidence.

(a) By letter of request transmitted through the Foreign Office for execution by the foreign judicial authority which thereupon obtains the evidence giving effect so far as

853

may be to any special procedure indicated in the letter of request; or (b) In the case of certain countries, by letter of request requesting the foreign judicial authority to cause the evidence to be taken by a British consular or diplomatic officer; the appointment of the consular officer is made by the English Court under r.2(2): witnesses will be compelled to attend; or (c) By a British consular officer or some other fit and proper person nominated by the English Court as a special examiner; attendance of witnesses will not usually be enforced. Under the conventions with France, the Czech Republic, Germany, Turkey, Hungary, Iraq, Croatia, Serbia, Slovakia and Slovenia a special examiner must be a consular authority. The practice generally corresponds to the procedure as between Letters of Request to non-Convention countries, except that the request under this rule is signed by the Senior Master, and the translation must be certified by the solicitor to the applicant. (Inquire from the Master's Secretary, Room E14).

### Rule 34.13A Letter of request–Proceeds of Crime Act 2002

**Letter of request–Proceeds of Crime Act 2002[1]**

**34.13A**   34.13A—(1) This rule applies where a party to existing or contemplated proceedings in —

    (a) the High Court; or

    (b) a magistrates' court,

under Part 5 of the Proceeds of Crime Act 2002 (civil recovery of the proceeds etc. of unlawful conduct) wishes to take a deposition from a person who is out of the jurisdiction.

(2) The High Court may, on the application of such a party, order the issue of a letter of request to the judicial authorities of the country in which the proposed deponent is.

(3) Paragraphs (4) to (7) of rule 34.13 shall apply irrespective of where the proposed deponent is, and rule 34.23 shall not apply in cases where the proposed deponent is in a Regulation State within the meaning of Section III of this Part.

**Fees and expenses of examiner of the court[2]**

**34.14**   34.14—(1) An examiner of the court may charge a fee for the examination.

(2) He need not send the deposition to the court unless the fee is paid.

(3) The examiner's fees and expenses must be paid by the party who obtained the order for examination.

(4) If the fees and expenses due to an examiner are not paid within a reasonable time, he may report that fact to the court.

(5) The court may order the party who obtained the order for examination to deposit in the court office a specified sum in respect of the examiner's fees and, where it does so, the examiner will not be asked to act until the sum has been deposited.

(6) An order under this rule does not affect any decision as to the party who is ultimately to bear the costs of the examination.

**Practice Direction**

**34.14.1**   See Practice Direction—Fees for Examiners of the Court (para. 34BPD.1).

---

[1] Introduced by Civil Procedure (Amendment) Rules 2003 (S.I. 2003 No. 3361).
[2] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).

PART 34   WITNESSES, DEPOSITIONS AND EVIDENCE FOR FOREIGN COURTS

### Effect of rule

Ultimately the costs of an examination will be dealt with in the same way as other **34.14.2** costs of the litigation (r.34.14(6)). But the examiner is entitled to be paid and need not file the deposition with the court under r.34.9(5) unless his fee is paid (r.34.14(2)).

See the Practice Direction at para. 34BPD.1 which sets out how to calculate the fees an examiner may charge.

## Examiners of the court[1]

**34.15**—(1) The Lord Chancellor shall appoint persons to be **34.15** examiners of the court.

(2) The persons appointed shall be barristers or solicitor-advocates who have been practising for a period of not less than three years.

(3) The Lord Chancellor may revoke an appointment at any time.

### Effect of rule

Rule 34.15 is self-explanatory. The former RSC O.39, r.16 enabled the Lord **34.15.1** Chancellor to appoint persons as examiners "for a period not exceeding five years at a time" but there is now no statutory period.

Examiners are used on a rota basis. In London the order for examination should be taken to the Masters' Secretary, Room E14, Royal Courts of Justice, and will be endorsed with the name of the examiner.

### *II. Evidence for foreign courts*

## Scope and interpretation[2]

**34.16**—(1) This Section applies to an application for an order **34.16** under the 1975 Act for evidence to be obtained, other than an application made as a result of a request by a court in another Regulation State.

(2) In this Section—

    (a) "the 1975 Act" means the Evidence (Proceedings in Other Jurisdictions) Act 1975[3]; and

    (b) "Regulation State" has the same meaning as in Section III of this Part.

### Editorial note

With effect from January 1, 2004 this rule was substituted by the Civil Procedure **34.16.1** (Amendment No.4) Rules 2003 (S.I. 2003 No. 2113). It must be noted that Denmark is not a Regulation State, see r.34.22. Accordingly, if the proceedings are in Denmark, the application is made under this Section.

## Application for order[4]

**34.17** An application for an order under the 1975 Act for evidence **34.17** to be obtained—

    (a) must be—

---

[1] Amended by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).
[2] Amended by Civil Procedure (Amendment No. 4) Rules 2003 (S.I. 2003 No. 2113).
[3] 1975 c. 34.
[4] Introduced by Civil Procedure (Amendment) Rules 2002 (S.I. 2002 No. 2058).

855

SECTION A CIVIL PROCEDURE RULES 1998

    (i) made to the High Court;

    (ii) supported by written evidence; and

    (iii) accompanied by the request as a result of which the application is made, and where appropriate, a translation of the request into English; and

  (b) may be made without notice.

**Examination[1]**

**34.18**    34.18—(1) The court may order an examination to be taken before—

    (a) any fit and proper person nominated by the person applying for the order;

    (b) an examiner of the court; or

    (c) any other person whom the court considers suitable.

  (2) Unless the court orders otherwise—

    (a) the examination will be taken as provided by rule 34.9; and

    (b) rule 34.10 applies.

  (3) The court may make an order under rule 34.14 for payment of the fees and expenses of the examination.

**Dealing with deposition[2]**

**34.19**    34.19—(1) The examiner must send the deposition of the witness to the Senior Master unless the court orders otherwise.

  (2) The Senior Master will—

    (a) give a certificate sealed with the seal of the Supreme Court for use out of the jurisdiction identifying the following documents—

      (i) the request;

      (ii) the order of the court for examination; and

      (iii) the deposition of the witness; and

    (b) send the certificate and the documents referred to in paragraph (a) to —

      (i) the Secretary of State; or

      (ii) where the request was sent to the Senior Master by another person in accordance with a Civil Procedure Convention, to that other person,

for transmission to the court or tribunal requesting the examination.

**Claim to privilege[3]**

**34.20**    34.20—(1) This rule applies where—

    (a) a witness claims to be exempt from giving evidence on

[1] Introduced by Civil Procedure (Amendment) Rules (S.I. 2002 No. 2058).
[2] Introduced by Civil Procedure (Amendment) Rules (S.I. 2002 No. 2058).
[3] Introduced by Civil Procedure (Amendment) Rules (S.I. 2002 No. 2058).

the ground specified in section 3(1)(b) of the 1975 Act; and

(b) that claim is not supported or conceded as referred to in section 3(2) of that Act.

(2) The examiner may require the witness to give the evidence which he claims to be exempt from giving.

(3) Where the examiner does not require the witness to give that evidence, the court may order the witness to do so.

(4) An application for an order under paragraph (3) may be made by the person who obtained the order under section 2 of the 1975 Act.

(5) Where such evidence is taken —

(a) it must be contained in a document separate from the remainder of the deposition;

(b) the examiner will send to the Senior Master —

(i) the deposition; and

(ii) a signed statement setting out the claim to be exempt and the ground on which it was made.

(6) On receipt of the statement referred to in paragraph (5)(b)(ii), the Senior Master will —

(a) retain the document containing the part of the witness's evidence to which the claim to be exempt relates; and

(b) send the statement and a request to determine that claim to the foreign court or tribunal together with the documents referred to in rule 34.17.

(7) The Senior Master will —

(a) if the claim to be exempt is rejected by the foreign court or tribunal, send the document referred to in paragraph (5)(a) to that court or tribunal;

(b) if the claim is upheld, send the document to the witness; and

(c) in either case, notify the witness and person who obtained the order under section 2 of the foreign court or tribunal's decision.

## Order under 1975 Act as applied by Patents Act 1977[1]

**34.21**  Where an order is made for the examination of witnesses **34.21** under section 1 of the 1975 Act as applied by section 92 of the Patents Act 1977[2] the court may permit an officer of the European Patent Office to—

(a) attend the examination and examine the witnesses; or

(b) request the court or the examiner before whom the examination takes place to put specified questions to them.

### Effect of 1975 Act and the rules

The 1975 Act and these rules should be read and applied in close conjunction, for **34.21.1** together they provide a comprehensive, self-contained code for obtaining evidence in

---

[1] Introduced by Civil Procedure (Amendment) Rules (S.I. 2002 No. 2058).
[2] 1975, c.37.

SECTION A CIVIL PROCEDURE RULES 1998

England for use in proceedings in foreign Courts in those cases where the proceedings are not taking place in a Regulation State. Where the proceedings are taking place in a Regulation State, reference must be made to Section III. The jurisdiction of the English courts to order persons within its jurisdiction to provide oral or documentary evidence in aid of proceedings in foreign Courts has always been exclusively statutory (*Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation* [1978] A.C. 547; [1978] 1 All E.R. 434, HL at 633 and 461, *per* Lord Diplock); and this jurisdiction and the powers of the High Court to make such orders are now contained in the 1975 Act, as supplemented by these rules. The Act is clear in its terms, so that references in aid of interpretation to the previous statutes which have been repealed are not required nor is any assistance to be gained from previous decisions of English Courts under the former statutes, though in practice it is almost inevitable that references will be so made.

The Act of 1975 applies to civil proceedings which are either pending or contemplated (s.1(b)). The application of the 1975 Act is not confined to countries which are parties to the Hague Convention; nor is the Act limited in its application to courts of law, but extends to tribunals as well (see, *per* Lord Diplock in *Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation*, above). On the other hand, the 1975 Act does not affect any of the bilateral Civil Procedure Conventions which the U.K. has with a number of foreign countries for the taking of evidence of a person within the jurisdiction for the assistance of courts or tribunals within those foreign countries (see r.3(b)).

It should perhaps be further noted that the 1975 Act does not affect the taking of evidence given *voluntarily* to foreign diplomatic or consular officers or other persons appointed by foreign courts to take evidence or to legal representatives taking evidence in this country for the purpose of proceedings abroad. There is in England no legal objection to the taking of evidence in this country for use outside the jurisdiction without the intervention of the High Court. A foreign Court is at liberty to appoint the consul in England of its own country, or any other person it desires, as an examiner to take evidence. So long as the witnesses are willing to attend to give evidence, the examination may be completed and the depositions returned to the foreign Court without the intervention of the Court in England. Thus American Courts often appoint some person in this country to take the evidence. On the other hand, the rules of this Order concern the power of the High Court to order such evidence to be taken, and they lay down the procedure.

**General principles for compliance with foreign request for evidence**

**34.21.2**    The general principle which is followed in England in relation to a request from a foreign Court for assistance in obtaining evidence for the purpose of proceedings in that Court is that the English Court will ordinarily give effect to such a request so far as is proper and practicable and to the extent that is permissible under English law. This principle reflects judicial and international comity (see, *per* Cooke J. in *Seyfang v. G. D. Searle & Co.* [1973] (Q.B. 148 at 151; [1973] 1 All E.R. 290 at 295) and it conforms with the spirit of the Hague Convention and the 1975 Act as it conformed with the spirit of the former statutes. "We ought to afford foreign Courts the fullest benefit we can" (*per* Cockburn C.J. in *Desilla v. Fells* (1879) 40 L.T. 423 at 424). It is the duty and the pleasure of the English Court to do all it can to assist the foreign Court, just as the English Court would expect the foreign Court to help it in like circumstances (see, *per* Lord Denning M.R. in *Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation* [1978] A.C. 547 at 560; [1977] 3 All E.R. 703 at 708).

In dealing with a request for evidence from a foreign Court, the English Court has first to decide whether it has jurisdiction to make an order to give effect to the request, and secondly, if it has, whether as a matter of discretion it ought to make or refuse to make such an order. As a matter of jurisdiction, in the ordinary way and in the absence of evidence to the contrary the English Court should be prepared to accept the statement of the foreign Court in its request that the evidence is required for the purposes of civil proceedings in that Court (see, *per* Lord Diplock in *Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation*, above). On the other hand, the form of the letter of request is not conclusive; the Court must examine the request objectively by the nature of the testimony sought (see, *per* Lord Wilberforce in *Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation*, above) and it has to look at the substance of the matter (see, *per* Lord Goddard in *Radio Corporation of America v. Rauland Corporation* [1956] 1 Q.B. 618 at 641) but it may have regard to what was said in the foreign

Court when the request for evidence was issued. If there is any doubt about the matter, the English Court may allow the parties to refer back to the foreign Court or judge who issued the request for evidence (see *American Express Warehousing Ltd v. Doe* [1967] 1 Lloyd's Rep. 222).

As a matter of discretion, again in the ordinary way, the English Court should exercise its discretion to make the order asked for unless it is satisfied that the application would be regarded as falling within the description of frivolous, vexatious or an abuse of the process of the Court (*per* Lord Diplock in *Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation*, above). Thus, the English Court will in its discretion refuse to order an expert to give evidence against his wishes in a case where he has had no connection with the facts or history of the matter in issue and still less to produce his working papers from which he had prepared published articles (*Seyfang v. G. D. Searle & Co.* [1973] Q.B. 148; [1973] 1 All E.R. 290).

The English Court has power to accept or reject the foreign request in whole or in part, whether as to oral or documentary evidence; and it can and should delete from the foreign request any parts that are excessive either as regards witnesses or as regards documents. The English Court will act on the principle that it should salve what it can, but should decline to comply with the foreign request in so far as it is not proper or permissible or practicable under English law to give effect to it. The English Court, moreover, ought not to embark on the process of re-structuring or re-casting or re-phrasing the foreign request so that it becomes different in substance from the original request. The Court has no power so to modify the original foreign request as to substitute a different category of documents for the category which had been requested by the foreign Court (see, *per* Lord Diplock in *Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation*, above) and see also *Minnesota v. Philip Morris Inc* [1998] I.L.Pr: 170, CA, and *Golden Eagle Refinery v. Associated International Insurance* [1998].EWCA Civ 293.

A request could not be denied on the ground of "fishing" if there was sufficient reason to believe that the witness could give relevant evidence to issues in the action and the issue of relevance fell to be determined by the foreign court. It was necessary however to protect witnesses from oppressive requirements such as submitting them to wide ranging examination while at the same time they were under threat of being added as defendants. The test of whether to disallow the request was similar to that applied in setting aside a domestic witness summons: *First American Corp. v. Al-Nahyan* [1998] 4 All E.R. 439, CA.

### Evidence for civil proceedings

Under s.1 of the 1975 Act, the High Court has the powers conferred on it by the **34.21.3** Act to render assistance to a foreign Court to obtain evidence in England and Wales for civil proceedings in that Court. Three conditions precedent must be fulfilled before the English Court can exercise the jurisdiction conferred upon it to make any order under the 1975 Act, namely:

(1) there must be an application to the Court for an order for evidence to be obtained in England and Wales;

(2) the Court must be satisfied that such application is made in pursuance of a request by or on behalf of a Court or tribunal described as "the requesting Court" exercising jurisdiction outside England and Wales (s.1(a)); and

(3) the Court must be satisfied that the evidence to which the application relates is to be obtained for the purposes of civil proceedings which either have been instituted before the requesting Court or where institution before that Court is contemplated (s.1(b)).

For this purpose, civil proceedings means proceedings in any civil or commercial matter, and request includes any commission, order or other process issued by or on behalf of the requesting Court, sometimes called "letters rogatory" (see s.9(1)).

The term "civil or commercial matter" is a wide general term, covering all kinds of suits, petitions, summonses, applications for orders and so forth, of which Courts are competent to take cognisance (*per* Chapman J. in *Re Extradition Act 1870, Ex p. Treasury Solicitor* [1969] 1 W.L.R. 12; *sub nom. Re Gross* [1968] 3 All E.R. 804).

Affiliation proceedings are a "civil matter" (*S. v. E.* [1967] 1 Q.B. 367; [1967] 1 All E.R. 593).

For the purposes of civil proceedings, the English Court must be satisfied that the requesting Court is requiring the evidence for the purposes of proceedings which



have been begun or are contemplated in that Court. What precisely is meant by 'contemplated' remains to be decided by an English court.

The English court will extend its assistance in obtaining evidence to be used for the enforcement of the revenue law of a foreign state in that state itself, since this will not breach the rule that the English courts will not assist in the direct or indirect enforcement in England of the revenue law of that foreign state (Re State of Norway's Applications (Nos 1 & 2) [1990] 1 A.C. 723).

**Powers of the Court**

**34.21.4**   Under s.2 of the 1975 Act, the High Court is given extensive powers on an application under s.1 to make an order for obtaining the requested evidence in England or Wales. The Court may by its order make such provision for obtaining the requested evidence "as may appear to the Court appropriate for the purposes of giving effect to the request in pursuance of which the application is made" (s.2(1)) and the order may require a person specified therein to take such steps as the Court may consider appropriate for that purpose (ibid.).

In particular, the order of the Court may make provision for the examination of witnesses, either orally or in writing; the production of documents; the inspection, photographing, preservation, custody or detention of any property; the taking of samples of any property and the carrying out of any experiments on or with any property; the medical examination of any person, and the taking and testing of samples of blood from any person (s.2(2)).

In *USA v. Philip Moris Inc and Others* [2004] EWCA Civ 330, the judge at first instance included in his order a direction that the applicant (the Claimant) supply to the non-party witness and one of the defendants a paginated bundle of documents on which it intended to rely at the examination, together with a written indication of the proposed lines of questioning with reference to documents together with sample questions. He also fixed a directions hearing at which he would hear objections by the witness and the defendant and give further directions as appropriate. The Court of Appeal approved this approach. The case was complex, involved numerous documents and it was likely that the witness would raise issues of legal professional privilege.

Nevertheless, there are important limitations upon the powers of the English Court of a foreign Court and by the common law. These limitations include:
(1) no order for general disclosure of documents;
(2) production only of particular documents specified in the foreign request; and
(3) breach of UK sovereignty.

In addition, of course, the Act of 1975 preserves the grounds of privilege of a witness from giving evidence or producing documents recognised under the law of England or of the requesting Court (s.3).

These limitations and the preservation of the recognised grounds of privilege are intended to protect and safeguard the position of a person, not a party to the foreign litigation, from giving evidence in aid of foreign proceedings, which according to the policy of English procedural law he ought not to be compelled to give. Note also that there is no power to order the taking of evidence from any person in his capacity as an officer or servant of the Crown; s.9(4) of the 1975 Act. As to evidence for pre-trial purposes see the next paragraph.

**Distinction between evidence for trial or for pre-trial purposes**

**34.21.5**   Under s.2(3), the English Court is prohibited from making an order requiring any particular steps to be taken unless they are steps which can be required to be taken by way of obtaining evidence for the purposes of civil proceedings in the English Court, whether or not they are proceedings of the same description as those to which the application for the order relates. This provision, which applies both to oral and documentary evidence recognises and gives effect to the distinction between evidence in the nature of proof to be used for the purposes of the trial and evidence in the nature of pre-trial disclosure to be used for the purpose of leading to a train of inquiry which might produce direct evidence for the trial. This distinction was in the mind of the draftsman of the Act of 1975 and was made the subject of an express declaration by Her Majesty's Government when ratifying the Hague Convention that the United Kingdom would "not execute letters of request issued for the purpose of obtaining pre-trial discovery of documents" (see Cmnd. 6727 (1976)).

Accordingly, the English Court could in the past refuse to make an order in aid of a foreign request for evidence if it appeared or to the extent to which it appeared that that evidence was required, not for the purpose of proof at the foreign trial, where it was admissible and relevant to the issues in those proceedings, but for the purpose of disclosure, something in the nature of a roving inquiry in which a party was seeking to "fish out" some material which might lead to obtaining admissible evidence at the trial, even though the procedure of the foreign Court permitted such a practice, as, for example, rule 26 of the U.S. Federal Rules of Civil Procedure and the rules of many State Courts in the U.S.A., and rule 18 of the Nova Scotia Civil Procedure Rules (see *Radio Corporation of America v. Rauland Corp.* [1956] 1 Q.B. 214; [1956] 1 All E.R. 549; DC; *Burchard v. Macfarlane* [1891] 2 Q.B. 241; *Penn-Texas Corporation v. Murat Anstalt* [1964] 1 Q.B. 40; [1963] 1 All E.R. 258). On the other hand, if the foreign request is for evidence in the nature of proof to be adduced to the trial, the English Court will give effect to such request and it may do so subject to modifications as to the disallowances of certain witnesses or documents (*Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation* [1978] A.C. 547; [1978] 1 All ER. 434, HL, upholding the CA [1977] 3 W.L.R. 450; [1977] 3 All E.R. 703, though reversing the decision on other grounds; and see *American Express Warehousing Ltd v. Doe* [1967] 1 Lloyd's Rep. 222, CA). The combined approach in relation to the Act of 1975 is set out by Waller L.J. in the decision of the Court of Appeal in *Gemira Trade and Finance Inc v. CS First Boston and Standard Bank (London) Ltd* [2001] EWCA Civ 1733, paras 28 to 32; [2002] C.L.C. 301. See also *Golden Eagle Refinery v. Associated International Insurance* [1998] EWCA Civ 293, where the Court of Appeal upheld the orders for the examination of witnesses on terms that the examination "shall be for the purpose only of eliciting and recording testimony appropriate to be given at trial" and that "no question may be asked of the witness which in the opinion of the examiner is not a question of the nature that could properly be asked by counsel examining the witness in chief at trial before the High Court of England and Wales."

The Second Division of the Inner House of the Court of Session amended a letter of request from the Superior Court of the State of California which had the dual purpose of discovery and obtaining evidence for the use at trial by adding the words "for the purpose of his trial testimony only". The Court also directed that a legal representative of the witness should be allowed to be present at the examination with power to object to questions which appeared to be objectionable. It would then be for the examiner (in this case the Sheriff Principal of North Strathclyde) to rule upon these objections (*Lord Advocate v. Murdoch* 1994 S.L.T. 852).

In relation to legal systems which do not recognise the distinction between the stages of pre-trial and trial, as in the case of many European Continental systems, it seems that the English Court may have to give effect to the request of the foreign Court, since all the material which such a Court gathers in the way of evidence forms part of the material on which that Court makes its final adjudication, so that the evidence is the equivalent of testimony at the trial. It remains to be seen how the more restrictive approach of the English courts to disclosure (Pt 31) is likely to effect the position given the extensive discretionary powers that remain.

**No order for general disclosure of documents**  **34.21.6**

Under s.2(4)(a) of the 1975 Act, the English Court is prohibited from making an order against a stranger to the proceedings requiring him to make general disclosure of documents, i.e. to state whether documents relevant to the proceedings to which the application for the order relates are or have been in his possession, custody or power. Such an order would be in the nature of a "fishing" expedition which is never allowed in the English Court (see, per Lord Goddard C.J. in *Radio Corporation of America v. Rauland Corporation* [1956] 1 Q.B. 618, at 649; see also *Buchard v. Macfarlane* [1891] 2 Q.B. 241). This provision was made pursuant to the express declaration of H.M. Government when modifying the Hague Convention (see Cmnd. 6727 (1976)). The words "possession, custody or power" are set out in the Act. CPR, r.81.8 refers to "control".

**Production of particular documents specified**  **34.21.7**

Under s.2(4)(b) of the Act of 1975, the English court is prohibited from making an order against a stranger to the proceedings requiring him to produce any documents other than particular documents specified in the order as being documents appearing to the Court making the order to be, or be likely to be, in his possession, custody or power.