SECTION A CIVIL PROCEDURE RULES 1998

In making an order for the production of documents, the Court must first be satisfied that they are likely to be, in the control of the person against whom the order is made CPR, r.31.8. The burden of proving this fact is upon the applicant, and there must be sufficient evidence supporting this ground.

Moreover, in applying this provision of the Act, the Court is limited to ordering the production of "particular documents specified," i.e. individual documents separately described, together with replies to letters where replies must have been sent (per Lord Diplock and per Lord Wilberforce respectively in *Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation*, above). General words like a request for "any memoranda, correspondence or other documents relevant thereto" or "any memoranda, correspondence or other documents referred to therein" are far too wide and will be struck out (*Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation*, above, negating to this extent *American Express Warehousing Ltd v. Doe* [1987] 1 Lloyd's Rep. 222, CA). The analogy to be followed is, not what description of documents would be sufficient for the purposes of a witness summons to produce documents but what particular documents would fall within CPR, r.31.12, for the production of "particular documents." Indeed, the Act of 1975 has not dealt more liberally than its predecessor with pre-trial discovery but it has taken a stricter line (see, per Lord Wilberforce in *Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation*, above).

The House of Lords has explained in *Re Asbestos Insurance Coverage Cases* [1985] 1 W.L.R. 331; [1985] 1 All E.R. 716 that (1) "particular documents" means individual documents separately described; a compendious description of several documents (e.g. "monthly bank statements for August to December") may be used provided that the exact document in each case is clearly indicated. (2) A second test of "particular documents" is that they must be actual documents shown by evidence to exist or to have existed. Conjectural documents which may or may not exist, or have existed, do not satisfy this test (per Lord Fraser at 720–722).

On the other hand, documents to be produced under letters rogatory need not be ancillary to the oral evidence of witnesses (*Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation* [1978] A.C. 547).

In *Panayiotou v. Sony Music* [1994] Ch 142; [1994] 1 All E.R. 755, 763, 764 a case concerning an outgoing letter of request under O.39, r.2, Nicholls V.-C. after discussing *Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation* and *Re Asbestos Insurance Coverage Cases*, above, considered that letters of request for the production of documents whether outgoing or incoming should be governed by a uniform standard and that standard was the standard applicable to a domestic summons to produce documents. See also hisdecision of the Court of Appeal in *First American Corp v. Sheikh Zayed Al-Nahyan* [1999] I.L.Pr. 179.

**Breach of UK sovereignty**

34.21.8    Quite apart from the provisions of the 1975 Act, where it appears to the Court that the Ministry or Department of another state, e.g. the USA has intervened in the letters rogatory proceedings with a view to the exercise by that State of extra-territorial jurisdiction in penal matters which in the view of Her Majesty's Government is prejudicial to the sovereignty of the UK, the Court will refuse to give effect to the letters rogatory and in any event, such letters rogatory will have changed their character from being a request for evidence in proceedings for the foreign Court and converted into a request for evidence for the purpose of penal or grand jury investigation. e.g. under breaches of the US anti-trust legislation (*Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation*, above).

**Privilege of witnesses**

34.21.9    Under s.3(1) of the 1975 Act, a witness is entitled to claim privilege from giving any evidence which he could not be compelled to give on any ground recognised under the law of England or under the law of the requesting Court. The claim to privilege against giving evidence extends not only to giving answers to any questions, whether oral or in writing but to producing any document (s.3(4)). Ordinarily, the English Court will make the order to give effect to the foreign request for evidence (see *Re Westinghouse Uranium Litigation* [1977] 3 W.L.R. 430; [1977] 3 All E.R. 703) and the claim to privilege must be properly taken by the witness at the time of his examination under the order or at the stage at which the relevant document is required to be produced (see *Re Westinghouse Uranium Litigation (No. 2)* [1977] 3 W.L.R. 492; [1977] 3 All E.R. 717, CA).



The Court will give effect to the claim for privilege on any ground recognised by English law, even though it be a ground which is not recognised or known in the courts or territory of the requesting Court. Thus, in relation to letters rogatory from a US Federal Court, an English company was entitled to claim privilege against self-incrimination under s.14(1) of the Civil Evidence Act 1968 in respect of documents required to be produced, since such production would have exposed the company to fines imposed by the Commission of the European Communities under Art. 17 of reg. 17 for intentionally or negligently acting in breach of Art. 85 of the Treaty of Rome. which formed part of the law of England, and such fines imposed by the Commission under this regulation constituted a "penalty" for the purposes of s.14 of the Civil Evidence Act 1968 and were recoverable by proceedings in England (*Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation* [1978] A.C. 547; [1978] 1 All E.R. 434, affirming [1977] 3 W.L.R. 492; [1977] 3 All E.R. 717, CA).

The Act provides a further ground entitling a witness who has been ordered to give evidence in aid of foreign proceedings to refuse to do so. By s.3(3), such a person will not be compelled to give any evidence. whether in answering any question or producing any document, if his doing so would be prejudicial to the security of the United Kingdom, and a certificate signed by or on behalf of the Secretary of State to this effect will be conclusive evidence of that fact. This provision is additional to the claim for privilege on the ground that disclosure of the document would be injurious to the public interest (see CPR, r.31.19).

### Privilege claimed under foreign law

**34.21.10**

Where the ground of privilege claimed is one not recognised by the law of England. but is recognised by the law of the country or territory of the requesting Court, the claim to privilege must either be supported by a statement contained in the request, whether unconditionally or subject to conditions which are fulfilled or it is conceded by the applicant for the order (s.3(2)(a) and (b)). If it is not so supported or conceded the witness may be required to give the evidence to which the claim relates but that evidence must not be transmitted to the requesting Court if that Court, on the matter being referred to it, upholds the claim (s.3(2) of the Act of 1975).

An example of such a claim for privilege would be the privilege afforded by the Fifth Amendment of the U.S. Constitution, which is available only to individuals and not to companies (see *Rio Tinto Zinc Corporation v. Westinghouse Electric Corporation* [1978] A.C. 547).

When such a claim is made. the practice is that the examiner may. if he thinks fit. require the witness to give the evidence to which the claim relates and if the examiner does not do so the Court may do so, on the application without notice, of the person who obtained the order (see r.6(2)). If such evidence is taken then it must be contained in a document separate from the remainder of the deposition of the witness; the examiner must send to the Senior Master with the deposition a statement signed by the examiner setting out the claim and the ground on which it was made. On receipt of the statement the Senior Master must *retain* the document containing the part of the witness's evidence to which the claim relates. and he must send the statement and a request to determine the claim to the requesting Court with the rest of the deposition; and if the claim is rejected by the requesting Court, the Senior Master must send that Court the documents containing that part of the witness's evidence to which the claim relates, but if the claim is upheld, he must send the documents to the witness himself, and he must in either case notify the witness and the person who obtained the order for the examination of the Court's determination (see r.6(3)).

### Evidence for criminal proceedings

**34.21.11**

Section 5 of the 1975 Act which enabled the High Court to make an order in pursuance of a foreign request for the evidence of a witness to be obtained for the purpose of criminal proceedings has been repealed with effect from July 1, 1991 by the Criminal Justice (International Co-operation) Act 1990.

### Evidence for United Kingdom Court

**34.21.12**

Section 4 of the 1975 Act extends the powers of the High Court under SCA 1981, s.36 (previously s.49 of J.A. 1925) to order the issue of a summons in special form, enforceable throughout the United Kingdom, for the attendance of a witness at a trial, so as to enable the witness's attendance to be required before an examiner or commissioner appointed by the Court or Judge in any cause or matter in that Court, includ-

ing an examiner or commissioner appointed to take evidence outside the jurisdiction of the Court.

**Evidence for proceedings in the European Court of Justice**

**34.21.13**  The 1975 Act has been made to apply to the Court of Justice of the European Communities with the modification that the person by whom a certificate may be given is the Registrar of that Court (see S.I. 1976 No. 428). This enables evidence for proceedings before the European Court of Justice to be taken at the request of that Court in the United Kingdom.

**Evidence for international proceedings**

**34.21.14**  Section 5 of the 1975 Act enables the provisions of ss.1–3 of the Act to be extended by Order in Council to international proceedings of any description specified in the order including the International Court of Justice, or any other Court, tribunal, commission, body or authority referred to in s.6(3).

**Convention countries**

**34.21.15**  For details of the countries that are parties to bilateral conventions and/or the Hague convention see paras 34.15.6 and 34.13.7.

**Application for order by party**

**34.21.16**  See r.34.17 and para. 6.3 of the Practice Direction. The application for an order under r.2 of the Act of 1975 to give effect to a foreign request for evidence to be obtained in England and Wales for the purpose of civil proceedings in the foreign court is made to a Master of the Queen's Bench Division.

The application for an order in Civil Proceedings must be made, without notice being served on every other party, and must be supported by witness statement or affidavit to which there must be exhibited in the request in pursuance of which the application is made, and if the request is not in the English language a translation must accompany the request and must be exhibited. As to sufficiency of letters of requests etc., see *Simpson v. Hazard* [1887] W.N. 115.

Letters of request for evidence in foreign civil proceedings are dealt with in the office of the Q.B. Masters' Secretary, Room E14, Royal Courts of Justice, Strand, London WC2A 2LL.

**Application for order by Treasury Solicitor**

**34.21.17**  Where a letter of request is received by the Senior Master from the Foreign Office or from a consul of a country with which a Civil Procedure Convention has been concluded, and no solicitors in this country have been instructed to act, the Senior Master calls upon the Treasury Solicitor to act and will then take the steps necessary to give effect to the letter of request. See para. 6.4 of the Practice Direction at 34PD.6. It must be noted that in giving effect to the request, the Treasury Solicitor is not acting on behalf of the parties to the proceedings.

It is unlikely that any legal representative of any of the parties to the proceedings will attend the examination. If, however, representatives (who may include counsel as well as solicitors) do attend, and a case officer on behalf of the Treasury Solicitor attends, the case officer will generally conduct conduct the examination-in-chief of the witness. Thereafter the witness may be cross-examined by the legal representative of the other party and re-examined by the representative of the party on whose behalf the examination has been sought. Finally, with the approval of the examiner the Treasury Solicitor may put further questions to the witness to elucidate any points remaining obscure. Care must be taken to see that all the questions asked of the witness are within the ambit of the letter of request.

**Application to discharge order**

**34.21.18**  As the order is made without notice being served on any other party, application may be made to discharge. Such application must be made by Pt 23 application and should be supported by written evidence stating the grounds on which the order is sought to be discharged. A party in proceedings abroad has the right to be heard to challenge an order made under the Evidence (Proceedings in Other Jurisdictions) Act 1975, obtained in this country by the other party to the foreign proceedings and directed to a third party requiring the production of documents (*Boeing Co. v. P.P.G. Industries Inc.* [1988] 3 All E.R. 839).

PART 34  WITNESSES, DEPOSITIONS AND EVIDENCE FOR FOREIGN COURTS

**Persons to take examination**

The examination may be ordered to be taken before any fit and proper person nominated by the person applying for the order or before an examiner of the court or before such other qualified person as to the court seems fit (r.4(1)). The witness statement or affidavit should therefore name the examiner where it is decided to appoint or ask for an examiner of the court to be appointed. If the examiner is named, the witness statement or affidavit should state that he is, in the deponent's opinion, a fit and proper person. A consular officer of the foreign country may be the examiner.

**34.21.19**

The court may make an order under CPR, r.34.14, for the payment of the fees and expenses due to the examiner (see r.4(2)).

Because the 1975 Act sets limits on the extent of examination permitted which may give rise to the sort of difficulties discussed in subsequent paragraphs of the note, it is generally desirable that an English lawyer be appointed to conduct the examination. The wide discretion given to the Court under r.4 either to nominate or approve the nomination of the examiner does not preclude the nomination and approval of a foreign lawyer, but in many cases, particularly those of a complex nature, it is better practice that the examiner be a person familiar with English law and procedure. The court in the exercise of its discretion may require that such a person be nominated. It is open to the court to require that the examination is conducted by an examiner of the court.

**Enforcing attendance of witnesses**

Failure of a witness to attend is addressed in CPR, r.34.10.

**34.21.20**

The witness is entitled both to conduct money and payment of expenses and loss of time as on attendance as a witness in civil proceedings before the court making the order (see s.2(5) of the 1975 Act).

**Manner of taking examination**

Subject to r.34.20(claim to privilege), and to any special directions contained in the order for the examination of a witness, the examination must be taken in the manner provided by CPR, r.34.9 and 34.10. Normally, the examination will be conducted according to English law and procedure ("the English mode"), however, Art. 9 of the Hague Convention provides that a request that a special mode or procedure be followed should be complied with unless incompatible with the law of the state of execution.

**34.21.21**

Where a request is made by the foreign court as to the particular manner for taking depositions, that manner should be employed unless the manner proposed is so contrary to English established procedures that it should not be permitted and subject to the exercise of judicial discretion to permit it, and, therefore where the request is for tape or video recording of the depositions, which would be admissible in English courts if taken outside the court, the court will accede to that request and make such order accordingly (*J. Barber & Sons (a firm) v. Lloyds Underwriters* [1986] 2 W.L.R. 515; [1986] 2 All E.R. 845).

The arrangements for the examination are made by the solicitor having conduct of the matter. Correspondence or oral communications passing between him and the witness will show whether it will be necessary to have an interpreter present at the examination. It will also be the duty of the solicitor to decide whether the evidence is likely to be of such length as will make it desirable to arrange for the evidence to be noted by shorthand. If a shorthand note is thought necessary the solicitor must arrange for the presence of a shorthand writer, but should first of all consult the examiner and any solicitors who he knows are going to attend.

The evidence can only be taken "in the English mode," but that does not mean that it is to be limited to what is admissible in English courts. The foreign Court should be afforded the fullest help it is possible to give. If its rules of evidence are known, effect should be given to them; if not, any questions should be admitted which may be expected to throw light on the matters in issue (*per* Cockburn C.J. in *Desilla v. Fells* (1879) 40 L.T. 423–424). As the examination should be conducted in the English mode, a company cannot be ordered to attend for examination on oath (*Penn-Texas Corp. v. Murat Anstalt* [1964] 1 Q.B. 40; [1963] 1 All E.R. 258, CA) but a company or body corporate can be ordered to attend and produce specified documents by its proper officer (*Penn-Texas Corp. v. Murat Anstalt (No. 2)* [1964] 2 Q.B. 647; [1964] 2 All E.R. 594, CA; *Panthalu v. Ramnord Research Laboratories Ltd* [1966] 2 Q.B. 173; [1965] 2 All E.R. 921, CA).

865



At the examination the witness is questioned by the solicitor or counsel if he is instructed. If the other party to the proceedings attends or is represented, he or his representatives may cross-examine. The order of the Court may provide that the person required to give testimony, either orally or in writing, may do so otherwise than on oath where this is asked for by the requesting court (see s.2(3) of the Act of 1975).

The witness giving evidence before an examiner has to give his own answers without the intervention of legal advice and is therefore not entitled to receive legal advice while being examined, but the examiner can, if he considers that the witness is not capable of an informed judgment, permit an independent adviser to object and formulate the grounds of objection to the questions put to the applicant (*R. v. Rathbone, Ex p. Dikko* [1985] Q.B. 630).

If the witness refuses to answer any question, that fact should be formally noted in the depositions, showing the ground of refusal, *i.e.* that he is not liable to answer. A witness willing to answer, notwithstanding his right to refuse, is entitled to do so and to have his answer recorded. Where a witness refuses to answer any question which he is liable to answer, a certificate of his refusal signed by the examiner must be filed and application may then be made to the court requiring the witness to answer (see para. 34PD.6.8). The examination should, however, be completed in all other respects and adjourned generally.

An order for committal ought not to be made in the case of a witness examined under this Act, who refuses to produce material documents of which he has possession or control only in the character of servant to a master who is not a party to the proceedings and who has not forbidden him to produce the documents (*Eccles & Co. v. Louisville and Nashville Ry.* (1912) 1 K.B. 135, CA).

**Blood and DNA tests**

**34.21.22**  Occasionally a requesting court asks that a witness undergo a blood or DNA test. Blood tests are permissible under s.2 of the 1975 Act. Such a request should be included in the order but subject to the express provision that there should be no blood test without the the consent of the witness. The English court will not order a blood test without consent. If the witness agrees to undergo a test the examiner should make a note of that fact in the deposition adding the words "provided that this is at no expense to myself." The witness should then be told that the Foreign Process Section will contact him direct to make the necessary arrangements.

Under s.20(1) of the Family Law Reform Act 1969 (as amended) the court may direct the taking of bodily samples for the use of scientific tests in order to determine parentage. Sched.1 to the CPR, RSC O.112 deals with applications for such directions. In the circumstances, the Senior Master is of the view that a DNA test can be sought by Letter of Request. Again, the consent of the witness would be required.

**III. Taking of Evidence—Member States of the European Union**

**34.21.23**  Editorial Introduction
Section III was added to Pt 34 with effect from January 1, 2004 by the Civil Procedure (Amendment No.4) Rules 2003 (S.I. 2003 No. 2113). The object of the Section is to give effect to the Council Regulation (EC) No. 1206/2001 of May 28, 2001 on co-operation between the courts of the Member States in the taking of evidence in civil and commercial matters ["the Taking of Evidence Regulation"]. The Taking of Evidence Regulation applies to all Member States of the European Union except Denmark; r.34.22(b). A state to which the Taking of Regulation applies is defined as a Regulation State.

Apart from a short rule dealing with interpretation, Sect. III consists of two rules: a rule dealing with where the deposition is to be taken from a person who is in another Regulation State; and a rule dealing with where the deposition is to be taken within the jurisdiction for use for courts of other Regulation States. Whichever rule applies, the basic scheme is the same—a requesting court orders the issue of a request to a designated court ("the requested court") in the Regulation State in which the proposed deponent is situated. The object is to achieve direct transmission between the courts.

Section III is supplemented by paras 7 to 11 of the Practice Direction and The Taking of Evidence Regulation is annexed to the Practice Direction as Annex B. The requisite procedural forms are annexed to the Regulations. The Taking of Evidence Regulation prevails over other provisions contained in bilateral or multilateral agreements and the Hague Convention; see Art. 21(1) of the Taking of Evidence Regulation

PART 34   WITNESSES, DEPOSITIONS AND EVIDENCE FOR FOREIGN COURTS

Accordingly, we have a complete code for the taking of evidence between Regulation States. This code requires careful study and what follows is merely a summary of some key features.

**Designated Court or Requested Court**
Each Regulation State has prepared a list of courts competent to take evidence. The designated courts in England and Wales are listed in Annex C to the Practice Direction. They are: **34.21.24**

| Area | Designated court |
|---|---|
| London and South Eastern Circuit | Royal Courts of Justice (Queen's Bench Division) |
| Midland Circuit | Birmingham Civil Justice Centre |
| Western Circuit | Bristol County Court |
| Wales and Chester Circuit | Cardiff Civil Justice Centre |
| Northern Circuit | Manchester County Court |
| North Eastern Circuit | Leeds County Court |

**Central Body**
The Taking of Evidence Regulation requires each Regulation State to nominate a Central Body responsible for supplying information to courts; seeking solutions to any difficulties which may arise in respect of a request; and forwarding, in exceptional cases, at the request of a requesting court, a request to the competent court. The Senior Master has been nominated as the Central Body for England and Wales: see para. 9 of the Practice Direction at 34PD.9]. **34.21.25**

**Applications**
An application for an order for the issue of a request to a designated court in another Regulation State should be made by application notice in accordance with Pt 23; see para. 10.2 of the Practice Direction at 34PD.10. The form of request is prescribed as Form A in the Taking of Evidence Regulation. If the court grants an order it will send the form of request directly to the designated court. **34.21.26**

**Evidence to be taken in England and Wales for use in another Regulation State**
Where a designated court in England and Wales receives a request to take evidence from a court in a Regulation State, the court will send the request to the Treasury Solicitor. The Treasury Solicitor may, with the consent of the Treasury, apply for an order under r.34.24. An application to the court for an order must be accompanied by the Form of request to take evidence and any accompanying documents, translated if required under para. 11.4 of the Practice Direction. The order for the deponent to attend and be examined together with the evidence on which the order was made must be served on the deponent. The provisions of paras 4.3 to 4.12 apply such depositions. **34.21.27**

**The Language**
The United Kingdom has indicated that, in addition to English, it will accept French as a language in which documents may be submitted. Where the form or request and any accompanying documents are received in French they will be translated into English by the Treasury Solicitor. Otherwise documents must be translated into English. **34.21.28**

**Use of Post/Fax**
Designated courts in England and Wales will accept a request by post or by fax. **34.21.29**

**Acknowledgment of Receipt**
Within 7 days of receipt the requested court must acknowledge receipt using Form B annexed to the Taking of Evidence Regulation. **34.21.30**

**Incomplete Information**
If a request cannot be executed because it does not contain all the information required by Art. 4, the requested court must within 30 days call for the missing information using Form C. **34.21.31**

**Time for Execution of the Request**

**34.21.32**   The request must be executed within 90 days of the receipt of a satisfactory request: see Art. 9 and Art. 10. If the request cannot be executed within 90 days, the requesting court must be informed using Form G..

**Special Procedures**

**34.21.33**   Article 10 of the Taking of Evidence Regulation provides that a requesting court may ask for a special procedure to be used and this will be complied with unless it is incompatible with the law of the Regulation State of the requested court or by reason of major practical difficulties. This is not dissimilar to Art. 9 of the Hague Convention; see para. 34.21.21 above. If the requested court does not comply with the request it shall inform the requesting court using Form E.

**Rights of Audience**

**34.21.34**   The parties and their lawyers may attend and seek to participate. The requested court may law down conditions in accordance with Art. 10.

**Presence and Participation of the Requesting Court**

**34.21.35**   The judges and representatives of the requesting court may attend and this may include a designated expert. They may apply to take part in the taking of the evidence. The requested court can lay down conditions upon which they may participate; see Art 12.

**Witness summonses**

**34.21.36**   These may be used to enforce the attendance of witnesses; see Art. 13.

**Refusal to Execute**

**34.21.37**   Article 14 requires careful reading. It deals with the position where a person claims the right to refuse to give evidence or to be prohibited from giving evidence.

**Direct Taking of Evidence**

**34.21.38**   A requesting court may seek to come to this jurisdiction to take the evidence itself. No witness summonses may be used in such circumstances and the witness must consent to give evidence; see Art. 17. A request to take evidence directly is made to the Senior Master as the Central Body.

**Interpretation**[1]

**34.22**   **34.22  In this Section—**

(a) **"designated court"** has the meaning given in the relevant practice direction;

(b) **"Regulation State"** has the same meaning as **"Member State"** in the Taking of Evidence Regulation, that is all Member States except Denmark;

(c) **"the Taking of Evidence Regulation"** means Council Regulation (EC) No. 1206/2001 of 28 May 2001 on co-operation between the courts of the Member States in the taking of evidence in civil and commercial matters.

**Where a person to be examined is in another Regulation State**[2]

**34.23**   **34.23**—(1) Subject to rule 34.13A, this rule applies where a party wishes to take a deposition from a person who is in another Regulation State—

---

[1] Introduced by Civil Procedure (Amendment No. 4) Rules 2003 (S.I. 2003 No 2113).

[2] Introduced by Civil Procedure (Amendment No. 4) Rules 2003 (S.I. 2003 No 2113) and amended by Civil Procedure (Amendment No. 5) Rules 2003 (S.I. 2003 No 3361).

(a) outside the jurisdiction; and

(b) in a Regulation State.

(2) The court may order the issue of a request to a designated court ("the requested court") in the Regulation State in which the proposed deponent is.

(3) If the court makes an order for the issue of a request, the party who sought the order must file—

(a) a draft Form A as set out in the annex to the Taking of Evidence Regulation (request for the taking of evidence);

(b) except where paragraph (4) applies, a translation of the form;

(c) an undertaking to be responsible for costs sought by the requested court in relation to—

(i) fees paid to experts and interpreters; and

(ii) where requested by that party, the use of special procedures or communications technology; and

(d) an undertaking to be responsible for the court's expenses.

(4) There is no need to file a translation if—

(a) English is one of the official languages of the Regulation State where the examination is to take place; or

(b) the Regulation State has indicated, in accordance with the Taking of Evidence Regulation, that English is a language which it will accept.

(5) Where article 17 of the Taking of Evidence Regulation (direct taking of evidence by the requested court) allows evidence to be taken directly in another Regulation State, the court may make an order for the submission of a request in accordance with that article.

(6) If the court makes an order for the submission of a request under paragraph (5), the party who sought the order must file—

(a) a draft Form I as set out in the annex to the Taking of Evidence Regulation (request for direct taking of evidence);

(b) except where paragraph (4) applies, a translation of the form; and

(c) an undertaking to be responsible for the court's expenses.

**Note**

See *Dendron GmbH v. University of California (Parallel Proceedings: Use of Evidence)* [2004] EWHC 589 (Patents) Laddie J. (above).  **34.23.1**

**Proceeds of Crime Act 2002**

An application for a letter of request under Part V of the Proceeds of Crime Act 2002 is made under paras (4) to (7) of r.34.13 irrespective of where the proposed deponent is and this rule does not apply: r.34.13A.  **34.23.2**



SECTION A CIVIL PROCEDURE RULES 1998

**Evidence for courts of other Regulation States[1]**

34.24    34.24—(1) This rule applies where a court in another Regulation State ("the requesting court") issues a request for evidence to be taken from a person who is in the jurisdiction.

    (2) An application for an order for evidence to be taken—

        (a) must be made to a designated court;

        (b) must be accompanied by—

            (i) the form of request for the taking of evidence as a result of which the application is made; and

            (ii) where appropriate, a translation of the form of request; and

        (c) may be made without notice.

    (3) Rule 34.18(1) and (2) apply.

    (4) The examiner must send—

        (a) the deposition to the court for transmission to the requesting court; and

        (b) a copy of the deposition to the person who obtained the order for evidence to be taken.

**Use of evidence**

34.24.1    Evidence obtained by means of the Taking of Evidence Regulations cannot be used, as of right, for collateral purposes, but there is a discretion in the court to allow such use in special circumstances and where the use would be just in all the circumstances, *Dendron GmbH v. The Regents of the University of California* [2004] EWHC 589; [2004] I.L.Pr. 35.

---

[1] Introduced by Civil Procedure (Amendment No. 4) Rules 2005 (S.I. 2005 No. 2115).

## PRACTICE DIRECTION—DEPOSITIONS AND COURT ATTENDANCE BY WITNESSES

*This Practice Direction supplements CPR Part 34*

### Witness Summonses

**Issue of witness summons**                                    **34PD.1**

1.1 A witness summons may require a witness to:

(1) attend court to give evidence,

(2) produce documents to the court, or

(3) both,

on either a date fixed for the hearing or such date as the court may direct.[1]

1.2 Two copies of the witness summons[2] should be filed with the court for sealing, one of which will be retained on the court file.

1.3 A mistake in the name or address of a person named in a witness summons may be corrected if the summons has not been served.

1.4 The corrected summons must be re-sealed by the court and marked "Amended and Re-Sealed".

**Witness summons issued in aid of an inferior court or tribunal**   **34PD.2**

2.1 A witness summons may be issued in the High Court or a county court in aid of a court or tribunal which does not have the power to issue a witness summons in relation to the proceedings before it.[3]

2.2 A witness summons referred to in paragraph 2.1 may be set aside by the court which issued it.[4]

2.3 An application to set aside a witness summons referred to in paragraph 2.1 will be heard:

(1) in the High Court by a Master at the Royal Courts of Justice or by a district judge in a District Registry, and

(2) in a county court by a district judge.

2.4 Unless the court otherwise directs, the applicant must give at least 2 days notice to the party who issued the witness summons of the application, which will normally be dealt with at a hearing.

**Travelling expenses and compensation for loss of time**       **34PD.3**

3.1 When a witness is served with a witness summons he must be offered a sum to cover his travelling expenses to and from the court and compensation for his loss of time.[5]

3.2 If the witness summons is to be served by the court, the party issuing the summons must deposit with the court:

(1) a sum sufficient to pay for the witness's expenses in travelling to the court and in returning to his home or place of work, and

---

[1] Rule 34.2(4).
[2] In Practice form N20.
[3] Rule 34.4(1).
[4] Rule 34.4(2).
[5] Rule 34.7.

SECTION A CIVIL PROCEDURE RULES 1998

    (2)    a sum in respect of the period during which earnings or benefit are lost, or such lesser sum as it may be proved that the witness will lose as a result of his attendance at court in answer to the witness summons.

**3.3** The sum referred to in 3.2(2) is to be based on the sums payable to witnesses attending the Crown Court.[1]

**3.4** Where the party issuing the witness summons wishes to serve it himself,[2] he must:

    (1)    notify the court in writing that he wishes to do so, and

    (2)    at the time of service offer the witness the sums mentioned in paragraph 3.2 above.

### Depositions

**To be taken in England and Wales for use as evidence in proceedings in Courts in England and Wales**

**34PD.4**    **4.1** A party may apply for an order for a person to be examined on oath before:

    (1)    a judge,

    (2)    an examiner of the court, or

    (3)    such other person as the court may appoint.[3]

**4.2** The party who obtains an order for the examination of a deponent[4] before an examiner of the court[5] must:

    (1)    apply to the Foreign Process Section of the Masters' Secretary's Department at the Royal Courts of Justice for the allocation of an examiner,

    (2)    when allocated, provide the examiner with copies of all documents in the proceedings necessary to inform the examiner of the issues, and

    (3)    pay the deponent a sum to cover his travelling expenses to and from the examination and compensation for his loss of time.[6]

**4.3** In ensuring that the deponent's evidence is recorded in full, the court or the examiner may permit it to be recorded on audiotape or videotape, but the deposition[7] must always be recorded in writing by him or by a competent shorthand writer or stenographer.

**4.4** If the deposition is not recorded word for word, it must contain, as nearly as may be, the statement of the deponent; the examiner may record word for word any particular questions and answers which appear to him to have special importance.

**4.5** If a deponent objects to answering any question or where any objection is taken to any question, the examiner must:

    (1)    record in the deposition or a document attached to it—

---

[1] Fixed pursuant to the Prosecution of Offences Act 1985 and the Costs in Criminal Cases (General) Regulations 1986.
[2] Rule 34.6(1).
[3] Rule 34.8(3).
[4] See rule 34.8(2) for explanation of "deponent" and "deposition".
[5] For the appointment of examiners of the court see rule 34.15.
[6] Rule 34.8(6).
[7] See rule 34.8(2) for explanation of "deponent" and "deposition".

872

  (a) the question,
  (b) the nature of and grounds for the objection, and
  (c) any answer given, and

  (2) give his opinion as to the validity of the objection and must record it in the deposition or a document attached to it. The court will decide as to the validity of the objection and any question of costs arising from it.

**4.6 Documents and exhibits must:**

  (1) have an identifying number or letter marked on them by the examiner, and

  (2) be preserved by the party or his legal representative[1] who obtained the order for the examination, or as the court or the examiner may direct.

**4.7 The examiner may put any question to the deponent as to:**

  (1) the meaning of any of his answers, or

  (2) any matter arising in the course of the examination.

**4.8 Where a deponent:**

  (1) fails to attend the examination, or

  (2) refuses to:

   (a) be sworn, or
   (b) answer any lawful question, or
   (c) produce any document.

   the examiner will sign a certificate[2] of such failure or refusal and may include in his certificate any comment as to the conduct of the deponent or of any person attending the examination.

**4.9** The party who obtained the order for the examination must file the certificate with the court and may apply for an order that the deponent attend for examination or as may be.[3] The application may be made without notice.[4]

**4.10** The court will make such order on the application as it thinks fit including an order for the deponent to pay any costs resulting from his failure or refusal.[5]

**4.11** A deponent who wilfully refuses to obey an order made against him under Part 34 may be proceeded against for contempt of court.

**4.12 A deposition must:**

  (1) be signed by the examiner,

  (2) have any amendments to it initialled by the examiner and the deponent,

  (3) be endorsed by the examiner with—

   (a) a statement of the time occupied by the examination, and

   (b) a record of any refusal by the deponent to sign the deposition and of his reasons for not doing so, and

---

[1] For the definition of legal representative see rule 2.3.
[2] Rule 34.10.
[3] Rule 34.10(2) and (3).
[4] Rule 34.10(3).
[5] Rule 34.10(4).

SECTION A CIVIL PROCEDURE RULES 1998

   (4)   be sent by the examiner to the court where the proceedings
are taking place for filing on the court file.

4.13 Rule 34.14 deals with the fees and expenses of an examiner.

**Depositions to be taken abroad for use as evidence in proceedings
before Courts in England and Wales (where the Taking of Evidence
Regulation does not apply)**

**34PD.5**   **5.1** Where a party wishes to take a deposition from a person
outside the jurisdiction, the High Court may order the issue of a let-
ter of request to the judicial authorities of the country in which the
proposed deponent is.[1]

**5.2** An application for an order referred to in paragraph 5.1 should
be made by application notice in accordance with Part 23.

**5.3** The documents which a party applying for an order for the is-
sue of a letter of request must file with his application notice are set
out in rule 34.13(6). They are as follows:

   (1)   a draft letter of request in the form set out in Annex A to
this practice direction,

   (2)   a statement of the issues relevant to the proceedings,

   (3)   a list of questions or the subject matter of questions to be
put to the proposed deponent,

   (4)   a translation of the documents in (1), (2) and (3) above un-
less the proposed deponent is in a country of which English
is an official language, and

   (5)   an undertaking to be responsible for the expenses of the
Secretary of State.

In addition to the documents listed above the party applying for
the order must file a draft order.

**5.4** The above documents should be filed with the Masters' Secre-
tary in Room E214, Royal Courts of Justice, Strand, London WC2A
2LL.

**5.5** The application will be dealt with by the Senior Master of the
Queen's Bench Division of the High Court who will, if appropriate,
sign the letter of request.

**5.6** Attention is drawn to the provisions of rule 23.10 (application
to vary or discharge an order made without notice).

**5.7** If parties are in doubt as to whether a translation under
paragraph 5.3(4) above is required, they should seek guidance from
the Foreign Process Section of the Masters' Secretary's Department.

**5.8** A special examiner appointed under rule 34.13(4) may be the
British Consul or the Consul-General or his deputy in the country
where the evidence is to be taken if:

   (1)   there is in respect of that country a Civil Procedure Conven-
tion providing for the taking of evidence in that country for
the assistance of proceedings in the High Court or other
court in this country, or

   (2)   with the consent of the Secretary of State.

**5.9** The provisions of paragraphs 4.1 to 4.12 above apply to the
depositions referred to in this paragraph.

---

[1] Rule 34.13(1).

PART 34   PRACTICE DIRECTION

**Depositions to be taken in England and Wales for use as evidence in proceedings before courts abroad pursuant to letters of request (where the Taking of Evidence Regulation does not apply)**

6.1 Section II of Part 34 relating to obtaining evidence for foreign courts applies to letters of request and should be read in conjunction with this part of the practice direction. **34PD.6**

6.2 The Evidence (Proceedings in Other Jurisdictions) Act 1975 applies to these depositions.

6.3 The written evidence supporting an application under rule 34.17 (which should be made by application notice – see Part 23) must include or exhibit—

(1)   a statement of the issues relevant to the proceedings;

(2)   a list of questions or the subject matter of questions to be put to the proposed deponent;

(3)   a draft order; and

(4)   a translation of the documents in (1) and (2) into English, if necessary.

6.4(1) The Senior Master will send to the Treasury Solicitor any request—

(a)   forwarded by the Secretary of State with a recommendation that effect should be given to the request without requiring an application to be made; or

(b)   received by him in pursuance of a Civil Procedure Convention providing for the taking of evidence of any person in England and Wales to assist a court or tribunal in a foreign country where no person is named in the document as the applicant.

(2)   In relation to such a request, the Treasury Solicitor may, with the consent of the Treasury—

(a)   apply for an order under the 1975 Act; and

(b)   take such other steps as are necessary to give effect to the request.

6.5 The order for the deponent to attend and be examined together with the evidence upon which the order was made must be served on the deponent.

6.6 Attention is drawn to the provisions of rule 23.10 (application to vary or discharge an order made without notice).

6.7 Arrangements for the examination to take place at a specified time and place before an examiner of the court or such other person as the court may appoint shall be made by the applicant for the order and approved by the Senior Master.

6.8 The provisions of paragraph 4.2 to 4.12 apply to the depositions referred to in this paragraph, except that the examiner must send the deposition to the Senior Master.

(For further information about evidence see Part 32 and the practice direction which supplements it.)

**Taking of Evidence between EU Member States**

**7.1 Taking of Evidence Regulation**

Where evidence is to be taken—                                    **34PD.7**



(a)  from a person in another Member State of the European Union for use as evidence in proceedings before courts in England and Wales; or

(b)  from a person in England and Wales for use as evidence in proceedings before a court in another Member State,

Council Regulation (EC) No 1206/2001 of 28 May 2001 on co-operation between the courts of the Member States in the taking of evidence in civil or commercial matters ('the Taking of Evidence Regulation') applies.

**7.2** The Taking of Evidence Regulation is annexed to this practice direction as Annex B.

**7.3** The Taking of Evidence Regulation does not apply to Denmark. In relation to Denmark, therefore, rule 34.13 and Section II of Part 34 will continue to apply.

**7.4** (Article 21(1) of the Taking of Evidence Regulation provides that the Regulation prevails over other provisions contained in bilateral or multilateral agreements or arrangements concluded by the Member States and in particular the Hague Convention of 1 March 1954 on Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters)

**7.5** Originally published in the official languages of the European Community in the *Official Journal of the European Communities* by the Office for Official Publications of the European Communities.

**8.1 Meaning of 'designated court'**
In accordance with the Taking of Evidence Regulation, each Regulation State has prepared a list of courts competent to take evidence in accordance with the Regulation indicating the territorial and, where appropriate, special jurisdiction of those courts.

**8.2** Where Part 34, Section III refers to a "designated court" in relation to another Regulation State, the reference is to the court, referred to in the list of competent courts of that State, which is appropriate to the application in hand.

**8.3** Where the reference is to the "designated court" in England and Wales, the reference is to the appropriate competent court in the jurisdiction. The designated courts for England and Wales are listed in Annex C to this practice direction.

**9.1 Central Body**
The Taking of Evidence Regulation stipulates that each Regulation State must nominate a Central Body responsible for—

(a)  supplying information to courts;

(b)  seeking solutions to any difficulties which may arise in respect of a request; and

(c)  forwarding, in exceptional cases, at the request of a requesting court, a request to the competent court.

**9.2** The United Kingdom has nominated the Senior Master, Queen's Bench Division, to be the Central Body for England and Wales.

9.3 The Senior Master, as Central Body, has been designated responsible for taking decisions on requests pursuant to Article 17 of the Regulation. Article 17 allows a court to submit a request to the Central Body or a designated competent authority in another Regulation State to take evidence directly in that State.

### 10.1 Evidence to be taken in another Regulation State for use in England and Wales

Where a person wishes to take a deposition from a person in another Regulation State, the court where the proceedings are taking place may order the issue of a request to the designated court in the Regulation State (Rule 34.23(2)). The form of request is prescribed as Form A in the Taking of Evidence Regulation.

10.2 An application to the court for an order under rule 34.23(2) should be made by application notice in accordance with Part 23.

10.3 Rule 34.23(3) provides that the party applying for the order must file a draft form of request in the prescribed form. Where completion of the form requires attachments or documents to accompany the form, these must also be filed.

10.4 If the court grants an order under rule 34.23(2), it will send the form of request directly to the designated court.

10.5 Where the taking of evidence requires the use of an expert, the designated court may require a deposit in advance towards the costs of that expert. The party who obtained the order is responsible for the payment of any such deposit which should be deposited with the court for onward transmission. Under the provisions of the Taking of Evidence Regulation, the designated court is not required to execute the request until such payment is received.

10.6 Article 17 permits the court where proceedings are taking place to take evidence directly from a deponent in another Regulation State if the conditions of the article are satisfied. Direct taking of evidence can only take place if evidence is given voluntarily without the need for coercive measures. Rule 34.23(5) provides for the court to make an order for the submission of a request to take evidence directly. The form of request is Form I annexed to the Taking of Evidence Regulation and rule 34.23(6) makes provision for a draft of this form to be filed by the party seeking the order. An application for an order under rule 34.23(5) should be by application notice in accordance with Part 23.

10.7 Attention is drawn to the provisions of rule 23.10 (application to vary or discharge an order made without notice).

### Evidence to be taken in England and Wales for use in another Regulation State

11.1 Where a designated court in England and Wales receives a request to take evidence from a court in a Regulation State, the court will send the request to the Treasury Solicitor.

11.2 On receipt of the request, the Treasury Solicitor may, with the consent of the Treasury, apply for an order under rule 34.24.

11.3 An application to the court for an order must be accompanied by the Form of request to take evidence and any accompanying documents, translated if required under paragraph 11.4.

**11.4** The United Kingdom has indicated that, in addition to English, it will accept French as a language in which documents may be submitted. Where the form or request and any accompanying documents are received in French they will be translated into English by the Treasury Solicitor.

**11.5** The order for the deponent to attend and be examined together with the evidence on which the order was made must be served on the deponent.

**11.6** Arrangements for the examination to take place at a specified time and place shall be made by the Treasury Solicitor and approved by the court.

**11.7** The court shall send details of the arrangements for the examination to such of

(a)   the parties and, if any, their representatives; or

(b)   the representatives of the foreign court,

who have indicated, in accordance with the Taking of Evidence Regulation, that they wish to be present at the examination.

**11.8** The provisions of paragraph 4.3 to 4.12 apply to the depositions referred to in this paragraph.

### Annex A

*Draft Letter of Request (where the Taking of Evidence Regulation does not apply)*

**34PD.7A**    To the Competent Judicial Authority of
in the              of

I [*name*] Senior Master of the Queen's Bench Division of the Supreme Court of England and Wales respectfully request the assistance of your court with regard to the following matters.

1.      A claim is now pending in the                     Division of the High Court of Justice in England and Wales entitled as follows [*set out full title and claim number*] in which [*name*] of [*address*] is the claimant and [*name*] of [*address*] is the defendant.

2.      The names and addresses of the representatives or agents of [*set out names and addresses of representatives of the parties*].

3.      The claim by the claimant is for:
(a) [*set out the nature of the claim*]
(b) [*the relief sought, and*]
(c) [*a summary of the facts.*]

4.      It is necessary for the purposes of justice and for the due determination of the matters in dispute between the parties that you cause the following witnesses, who are resident within your jurisdiction, to be examined. The names and addresses of the witnesses are as follows:

5.   The witnesses should be examined on oath or if that is not possible within your laws or is impossible of performance by reason of the internal practice and procedure of your court or by reason of practical difficulties, they should be examined in accordance with whatever procedure your laws provide for in these matters.

6.   Either/
The witnesses should be examined in accordance with the list of questions annexed hereto.
Or/
The witnesses should be examined regarding [*set out full details of evidence sought*]
N.B. Where the witness is required to produce documents, these should be clearly identified.

7.   I would ask that you cause me, or the agents of the parties (if appointed), to be informed of the date and place where the examination is to take place.

8.   Finally, I request that you will cause the evidence of the said witnesses to be reduced into writing and all documents produced on such examinations to be duly marked for identification and that you will further be pleased to authenticate such examinations by the seal of your court or in such other way as is in accordance with your procedure and return the written evidence and documents produced to me addressed as follows:

Senior Master of the Queen's Bench Division
Royal Courts of Justice
Strand
London WC2A 2LL
England

## SECTION A CIVIL PROCEDURE RULES 1998

**34PD.8**

### Annex B

I

*(Acts whose publication is obligatory)*

COUNCIL REGULATION (EC) No 1206/2001

of 28 May 2001

on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters

THE COUNCIL OF THE EUROPEAN UNION,

Having regard to the Treaty establishing the European Community, and in particular Article 61(c) and Article 67(1) thereof,

Having regard to the initiative of the Federal Republic of Germany (¹),

Having regard to the opinion of the European Parliament (²),

Having regard to the opinion of the Economic and Social Committee (³),

Whereas:

(1) The European Union has set itself the objective of maintaining and developing the European Union as an area of freedom, security and justice in which the free movement of persons is ensured. For the gradual establishment of such an area, the Community is to adopt, among others, the measures relating to judicial cooperation in civil matters needed for the proper functioning of the internal market.

(2) For the purpose of the proper functioning of the internal market, cooperation between courts in the taking of evidence should be improved, and in particular simplified and accelerated.

(3) At its meeting in Tampere on 15 and 16 October 1999, the European Council recalled that new procedural legislation in cross-border cases, in particular on the taking of evidence, should be prepared.

(4) This area falls within the scope of Article 65 of the Treaty.

(5) The objectives of the proposed action, namely the improvement of cooperation between the courts on the taking of evidence in civil or commercial matters, cannot be sufficiently achieved by the Member States and can therefore be better achieved at Community level. The Community may adopt measures in accordance with the principle of subsidiarity as set out in Article 5 of the Treaty. In accordance with the principle of proportionality, as set out in that Article, this Regulation does not go beyond what is necessary to achieve those objectives.

(6) To date, there is no binding instrument between all the Member States concerning the taking of evidence. The Hague Convention of 18 March 1970 on the taking of evidence abroad in civil or commercial matters applies between only 11 Member States of the European Union.

(7) As it is often essential for a decision in a civil or commercial matter pending before a court in a Member State to take evidence in another Member State, the Community's activity cannot be limited to the field of transmission of judicial and extrajudicial documents in civil or commercial matters which falls within the scope of Council Regulation (EC) No 1348/2000 of 29 May 2000 on the serving in the Member States of judicial and extrajudicial documents in civil or commercial matters (⁴). It is therefore necessary to continue the improvement of cooperation between courts of Member States in the field of taking of evidence.

(8) The efficiency of judicial procedures in civil or commercial matters requires that the transmission and execution of requests for the performance of taking of evidence is to be made directly and by the most rapid means possible between Member States' courts.

(¹) OJ C 314, 3.11.2000, p. 2.
(²) Opinion delivered on 14 March 2001 (not yet published in the Official Journal).
(³) Opinion delivered on 28 February 2001 (not yet published in the Official Journal).

(⁴) OJ L 160, 30.6.2000, p. 37.

(9) Speed in transmission of requests for the performance of taking of evidence warrants the use of all appropriate means, provided that certain conditions as to the legibility and reliability of the document received are observed. So as to ensure the utmost clarity and legal scrutiny the request for the performance of taking of evidence must be transmitted on a form to be completed in the language of the Member State of the requested court or in another language accepted by that State. For the same reasons, forms should also be used as far as possible for further communication between the relevant courts.

(10) A request for the performance of the taking of evidence should be executed expeditiously. If it is not possible for the request to be executed within 90 days of receipt by the requested court, the latter should inform the requesting court accordingly, stating the reasons which prevent the request from being executed swiftly.

(11) To ensure the effectiveness of this Regulation, the possibility of refusing to execute the request for the performance of taking of evidence should be confined to strictly limited exceptional situations.

(12) The requested court should execute the request in accordance with the law of its Member State.

(13) The parties and, if any, their representatives, should be able to be present at the performance of the taking of evidence, if that is provided for by the law of the Member State of the requesting court, in order to be able to follow the proceedings in a comparable way as if evidence were taken in the Member State of the requesting court. They should also have the right to request to participate in order to have a more active role in the performance of the taking of evidence. However, the conditions under which they may participate should be determined by the requested court in accordance with the law of its Member State.

(14) The representatives of the requesting court should be able to be present at the performance of the taking of evidence, if that is compatible with the law of the Member State of the requesting court. In order to have an improved possibility of evaluation of evidence. They should also have the right to request to participate, under the conditions laid down by the requested court in accordance with the law of its Member State, in order to have a more active role in the performance of the taking of evidence.

(15) In order to facilitate the taking of evidence it should be possible for a court in a Member State, in accordance with the law of its Member State, to take evidence directly in another Member State, if accepted by the latter, and under the conditions determined by the central body or competent authority of the requested Member State.

(16) The execution of the request, according to Article 10, should not give rise to a claim for any reimbursement of taxes or costs. Nevertheless, if the requested court requires reimbursement, the fees paid to experts and interpreters, as well as the costs occasioned by the application of Article 10(3) and (4), should not be borne by that court. In such a case, the requesting court is to take the necessary measures to ensure reimbursement without delay. Where the opinion of an expert is required, the requested court may, before executing the request, ask the requesting court for an adequate deposit or advance towards the costs.

(17) The Regulation should prevail over the provisions applying in its field of application, contained in international conventions concluded by the Member States. Member States should be free to adopt agreements or arrangements to further facilitate cooperation in the taking of evidence.

(18) The information transmitted pursuant to this Regulation should enjoy protection. Since Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the protection of individuals with regard to the processing of personal data and on the free movement of such data (¹), and Directive 97/66/EC of the European Parliament and of the Council of 15 December 1997 concerning the processing of personal data and the protection of privacy in the telecommunications sector (²), are applicable, there is no need for specific provisions on data protection in this Regulation.

(19) The measures necessary for the implementation of this Regulation should be adopted in accordance with Council Decision 1999/468/EC of 28 June 1999 (³) laying down the procedures for the exercise of implementing powers conferred on the Commission.

(20) For the proper functioning of this Regulation, the Commission should review its application and propose such amendments as may appear necessary.

(21) The United Kingdom and Ireland, in accordance with Article 3 of the Protocol on the position of the United Kingdom and Ireland annexed to the Treaty on the European Union and to the Treaty establishing the European Community, have given notice of their wish to take part in the adoption and application of this Regulation.

(¹) OJ L 281, 23.11.1995, p. 31.
(²) OJ L 24, 30.1.1998, p. 1.
(³) OJ L 184, 17.7.1999, p. 23.



(22) Denmark, in accordance with Articles 1 and 2 of the Protocol on the position of Denmark annexed to the Treaty on European Union and to the Treaty establishing the European Community, is not participating in the adoption of this Regulation, and is therefore not bound by it nor subject to its application,

HAS ADOPTED THIS REGULATION:

CHAPTER I

GENERAL PROVISIONS

*Article 1*

Scope

1. This Regulation shall apply in civil or commercial matters where the court of a Member State, in accordance with the provisions of the law of that State, requests:

(a) the competent court of another Member State to take evidence; or

(b) to take evidence directly in another Member State.

2. A request shall not be made to obtain evidence which is not intended for use in judicial proceedings, commenced or contemplated.

3. In this Regulation, the term 'Member State' shall mean Member States with the exception of Denmark.

*Article 2*

Direct transmission between the courts

1. Requests pursuant to Article 1(1)(a), hereinafter referred to as 'requests', shall be transmitted by the court before which the proceedings are commenced or contemplated, hereinafter referred to as the 'requesting court', directly to the competent court of another Member State, hereinafter referred to as the 'requested court', for the performance of the taking of evidence.

2. Each Member State shall draw up a list of the courts competent for the performance of taking of evidence according to this Regulation. The list shall also indicate the territorial and, where appropriate, the special jurisdiction of those courts.

*Article 3*

Central body

1. Each Member State shall designate a central body responsible for:

(a) supplying information to the courts;

(b) seeking solutions to any difficulties which may arise in respect of a request;

(c) forwarding, in exceptional cases, at the request of a requesting court, a request to the competent court.

2. A federal State, a State in which several legal systems apply or a State with autonomous territorial entities shall be free to designate more than one central body.

3. Each Member State shall also designate the central body referred to in paragraph 1 or one or several competent authority(ies) to be responsible for taking decisions on requests pursuant to Article 17.

CHAPTER II

TRANSMISSION AND EXECUTION OF REQUESTS

Section 1

*Transmission of the request*

*Article 4*

Form and content of the request

1. The request shall be made using form A or, where appropriate, form I in the Annex. It shall contain the following details:

(a) the requesting and, where appropriate, the requested court;

(b) the names and addresses of the parties to the proceedings and their representatives, if any;

(c) the nature and subject matter of the case and a brief statement of the facts;

(d) a description of the taking of evidence to be performed;

(e) where the request is for the examination of a person:

— the name(s) and address(es) of the person(s) to be examined,

— the questions to be put to the person(s) to be examined or a statement of the facts about which he is (they are) to be examined,

— where appropriate, a reference to a right to refuse to testify under the law of the Member State of the requesting court,

PART 34    PRACTICE DIRECTION

— any requirement that the examination is to be carried out under oath or affirmation in lieu thereof, and any special form to be used,

— where appropriate, any other information that the requesting court deems necessary;

(f) when the request is for any other form of taking of evidence, the documents or other objects to be inspected;

(g) where appropriate, any request pursuant to Article 10(3) and (4) and Articles 11 and 12 and any information necessary for the application thereof.

2. The request and all documents accompanying the request shall be exempted from authentication or any equivalent formality.

3. Documents which the requesting court deems it necessary to enclose for the execution of the request shall be accompanied by a translation into the language in which the request was written.

### Article 5

#### Language

The request and communications pursuant to this Regulation shall be drawn up in the official language of the requested Member State or, if there are several official languages in that Member State, in the official language or one of the official languages of the place where the requested taking of evidence is to be performed, or in another language which the requested Member State has indicated it can accept. Each Member State shall indicate the official language or languages of the institutions of the European Community other than its own which is or are acceptable to it for completion of the forms.

### Article 6

#### Transmission of requests and other communications

Requests and communications pursuant to this Regulation shall be transmitted by the swiftest possible means, which the requested Member State has indicated it can accept. The transmission may be carried out by any appropriate means, provided that the document received accurately reflects the content of the document forwarded and that all information in it is legible.

#### Receipt of request

### Article 7

#### Receipt of request

1. Within seven days of receipt of the request, the requested competent court shall send an acknowledgement of receipt to the requesting court using form B in the Annex. Where the request does not comply with the conditions laid down in Articles 5 and 6, the requested court shall enter a note to that effect in the acknowledgement of receipt.

2. Where the execution of a request made using form A in the Annex, which complies with the conditions laid down in Article 5, does not fall within the jurisdiction of the court to which it was transmitted, the latter shall forward the request to the competent court of its Member State and shall inform the requesting court thereof using form A in the Annex.

### Article 8

#### Incomplete request

1. If a request cannot be executed because it does not contain all of the necessary information pursuant to Article 4, the requested court shall inform the requesting court thereof without delay and, at the latest, within 30 days of receipt of the request using form C in the Annex, and shall request it to send the missing information, which should be indicated as precisely as possible.

2. If a request cannot be executed because a deposit or advance is necessary in accordance with Article 18(3), the requested court shall inform the requesting court thereof without delay and, at the latest, within 30 days of receipt of the request using form C in the Annex and inform the requesting court how the deposit or advance should be made. The requested Court shall acknowledge receipt of the deposit or advance without delay, at the latest within 10 days of receipt of the deposit or the advance using form D.

### Article 9

#### Completion of the request

1. If the requested court has noted on the acknowledgement of receipt pursuant to Article 7(1) that the request does not comply with the conditions laid down in Articles 5 and 6 or has informed the requesting court pursuant to Article 8 that the request cannot be executed because it does not contain all of the necessary information pursuant to Article 4, the time limit pursuant to Article 10 shall begin to run when the requested court received the request duly completed.





## SECTION A CIVIL PROCEDURE RULES 1998

2. Where the requested court has asked for a deposit or advance in accordance with Article 18(3), this time limit shall begin to run when the deposit or the advance is made.

### Section 3

*Taking of evidence by the requested court*

### Article 10

*General provisions on the execution of the request*

1. The requested court shall execute the request without delay and, at the latest, within 90 days of receipt of the request.

2. The requested court shall execute the request in accordance with the law of its Member State.

3. The requesting court may ask for the request to be executed in accordance with a special procedure provided for by the law of its Member State, using form A in the Annex. The requested court shall comply with such a requirement unless this procedure is incompatible with the law of the Member State of the requested court or by reason of major practical difficulties. If the requested court does not comply with the requirement for one of these reasons it shall inform the requesting court using form E in the Annex.

4. The requesting court may ask the requested court to use communications technology at the performance of the taking of evidence, in particular by using videoconference and teleconference.

The requested court shall comply with such a requirement unless this is incompatible with the law of the Member State of the requested court or by reason of major practical difficulties.

If the requested court does not comply with the requirement for one of these reasons, it shall inform the requesting court, using form E in the Annex.

If there is no access to the technical means referred to above in the requesting or in the requested court, such means may be made available by the courts by mutual agreement.

### Article 11

*Performance with the presence and participation of the parties*

1. If it is provided for by the law of the Member State of the requesting court, the parties and, if any, their representatives, have the right to be present at the performance of the taking of evidence by the requested court.

2. The requesting court shall, in its request, inform the requested court that the parties and, if any, their representatives, will be present and, where appropriate, that their participation is requested, using form A in the Annex. This information may also be given at any other appropriate time.

3. If the participation of the parties and, if any, their representatives, is requested at the performance of the taking of evidence, the requested court shall determine, in accordance with Article 10, the conditions under which they may participate.

4. The requested court shall notify the parties and, if any, their representatives, of the time when, the place where, the proceedings will take place, and, where appropriate, the conditions under which they may participate, using form F in the Annex.

5. Paragraphs 1 to 4 shall not affect the possibility for the requested court of asking the parties and, if any, their representatives, to be present at or to participate in the performance of the taking of evidence if that possibility is provided for by the law of its Member State.

### Article 12

*Performance with the presence and participation of representatives of the requesting court*

1. If it is compatible with the law of the Member State of the requesting court, representatives of the requesting court have the right to be present in the performance of the taking of evidence by the requested court.

2. For the purpose of this Article, the term 'representative' shall include members of the judicial personnel designated by the requesting court, in accordance with the law of its Member State. The requesting court may also designate, in accordance with the law of its Member State, any other person, such as an expert.

3. The requesting court shall, in its request, inform the requested court that its representative will be present and, where appropriate, that their participation is requested, using form A in the Annex. This information may also be given at any other appropriate time.

884

## PART 34  PRACTICE DIRECTION

4. If the participation of the representatives of the requesting court is requested in the performance of the taking of evidence, the requested court shall determine, in accordance with Article 10, the conditions under which they may participate.

5. The requested court shall notify the requesting court, of the time when, and the place where, the proceedings will take place, and, where appropriate, the conditions under which the representatives may participate, using form F in the Annex.

### Article 13

#### Coercive measures

Where necessary, in executing a request the requested court shall apply the appropriate coercive measures in the instances and to the extent as are provided for by the law of the Member State of the requested court for the execution of a request made for the same purpose by its national authorities or one of the parties concerned.

### Article 14

#### Refusal to execute

1. A request for the hearing of a person shall not be executed when the person concerned claims the right to refuse to give evidence or to be prohibited from giving evidence,

(a) under the law of the Member State of the requested court; or

(b) under the law of the Member State of the requesting court, and such right has been specified in the request, or, if need be, at the instance of the requested court, has been confirmed by the requesting court.

2. In addition to the grounds referred to in paragraph 1, the execution of a request may be refused only if:

(a) the request does not fall within the scope of this Regulation as set out in Article 1; or

(b) the execution of that request under the law of the Member State of the requested court does not fall within the functions of the judiciary; or

(c) the requesting court does not comply with the request of the requested court to complete the request pursuant to Article 8 within 30 days after the requested court asked it to do so; or

(d) a deposit or advance asked for in accordance with Article 18(3) is not made within 60 days after the requested court asked for such a deposit or advance.

3. Execution may not be refused by the requested court solely on the ground that under the law of its Member State a court of that Member State has exclusive jurisdiction over the subject matter of the action or that the law of that Member State would not admit the right of action on it.

4. If execution of the request is refused on one of the grounds referred to in paragraph 2, the requested court shall notify the requesting court thereof within 60 days of receipt of the request by the requested court using form H in the Annex.

### Article 15

#### Notification of delay

If the requested court is not in a position to execute the request within 90 days of receipt, it shall inform the requesting court thereof, using form G in the Annex. When it does so, the grounds for the delay shall be given as well as the estimated time that the requested court expects it will need to execute the request.

### Article 16

#### Procedure after execution of the request

The requested court shall send without delay to the requesting court the documents establishing the execution of the request and, where appropriate, return the documents received from the requesting court. The documents shall be accompanied by a confirmation of execution using form H in the Annex.

### Section 4

#### Direct taking of evidence by the requesting court

### Article 17

1. Where a court requests to take evidence directly in another Member State, it shall submit a request to the central body or the competent authority referred to in Article 3(3) in that State, using form I in the Annex.

2. Direct taking of evidence may only take place if it can be performed on a voluntary basis without the need for coercive measures.

Where the direct taking of evidence implies that a person shall be heard, the requesting court shall inform that person that the performance shall take place on a voluntary basis.



## SECTION A CIVIL PROCEDURE RULES 1998

3. The taking of evidence shall be performed by a member of the judicial personnel or by any other person such as an expert, who will be designated, in accordance with the law of the Member State of the requesting court.

4. Within 30 days of receiving the request, the central body or the competent authority of the requested Member State shall inform the requesting court if the request is accepted and, if necessary, under what conditions according to the law of its Member State such performance is to be carried out, using form J.

In particular, the central body or the competent authority may assign a court of its Member State to take part in the performance of the taking of evidence in order to ensure the proper application of this Article and the conditions that have been set out.

The central body or the competent authority shall encourage the use of communications technology, such as videoconferences and teleconferences.

5. The central body or the competent authority may refuse direct taking of evidence only if:

(a) the request does not fall within the scope of this Regulation as set out in Article 1;

(b) the request does not contain all of the necessary information pursuant to Article 4; or

(c) the direct taking of evidence requested is contrary to fundamental principles of law in its Member State.

6. Without prejudice to the conditions laid down in accordance with paragraph 4, the requesting court shall execute the request in accordance with the law of its Member State.

### Section 5

#### Costs

##### Article 18

1. The execution of the request, in accordance with Article 10, shall not give rise to a claim for any reimbursement of taxes or costs.

2. Nevertheless, if the requested court so requires, the requesting court shall ensure the reimbursement, without delay, of:

— the fees paid to experts and interpreters, and

— the costs occasioned by the application of Article 10(3) and(4).

The duty of the parties to bear these fees or costs shall be governed by the law of the Member State of the requesting court.

5. Where the opinion of an expert is required, the requested court may, before executing the request, ask the requesting court for an adequate deposit or advance towards the requested costs. In all other cases, a deposit or advance shall not be a condition for the execution of a request.

The deposit or advance shall be made by the parties if that is provided for by the law of the Member State of the requesting court.

### CHAPTER III

#### FINAL PROVISIONS

##### Article 19

###### Implementing rules

1. The Commission shall draw up and regularly update a manual, which shall also be available electronically, containing the information provided by the Member States in accordance with Article 22 and the agreements or arrangements in force, according to Article 21.

2. The updating or making of technical amendments to the standard forms set out in the Annex shall be carried out in accordance with the advisory procedure set out in Article 20(2).

##### Article 20

###### Committee

1. The Commission shall be assisted by a Committee.

2. Where reference is made to this paragraph, Articles 3 and 7 of Decision 1999/468/EC shall apply.

3. The Committee shall adopt its Rules of Procedure.

##### Article 21

###### Relationship with existing or future agreements or arrangements between Member States

1. This Regulation shall, in relation to matters to which it applies, prevail over other provisions contained in bilateral or multilateral agreements or arrangements concluded by the Member States and in particular the Hague Convention of 1 March 1954 on Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, in relations between the Member States party thereto.

886

2.   This Regulation shall not preclude Member States from maintaining or concluding agreements or arrangements between two or more of them to further facilitate the taking of evidence, provided that they are compatible with this Regulation.

3.   Member States shall send to the Commission:

(a)   by 1 July 2003, a copy of the agreements or arrangements maintained between the Member States referred to in paragraph 2;

(b)   a copy of the agreements or arrangements concluded between the Member States referred to in paragraph 2 as well as drafts of such agreements or arrangements which they intend to adopt; and

(c)   any denunciation of, or amendments to, these agreements or arrangements.

### Article 22

#### Communication

By 1 July 2003 each Member State shall communicate to the Commission the following:

(a)   the list pursuant to Article 2(2) indicating the territorial and, where appropriate, the special jurisdiction of the courts;

(b)   the names and addresses of the central bodies and competent authorities pursuant to Article 3, indicating their territorial jurisdictions;

(c)   the technical means for the receipt of requests available to the courts on the list pursuant to Article 2(2);

(d)   the languages accepted for the requests as referred to in Article 5.

Member States shall inform the Commission of any subsequent changes to this information.

### Article 23

#### Review

No later than 1 January 2007, and every five years thereafter, the Commission shall present to the European Parliament, the Council and the Economic and Social Committee a report on the application of this Regulation, paying special attention to the practical application of Article 3(1)(c) and 3, and Articles 17 and 18.

### Article 24

#### Entry into force

1.   This Regulation shall enter into force on 1 July 2001.

2.   This Regulation shall apply from 1 January 2004, except for Articles 19, 21 and 22, which shall apply from 1 July 2001.

This Regulation shall be binding in its entirety and directly applicable in the Member States in accordance with the Treaty establishing the European Community.

Done at Brussels, 28 May 2001.

For the Council
The President
T. BODSTRÖM





## SECTION A CIVIL PROCEDURE RULES 1998

*ANNEX*

FORM A

---

**Request for the taking of evidence**

(Article 4 of Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1))

---

1. Reference of the requesting court:

2. Reference of the requested court:

3. Requesting court:

   3.1. Name:

   3.2. Address:

      3.2.1. Street and No/PO box:

      3.2.2. Place and postcode:

      3.2.3. Country:

   3.3. Tel.

   3.4. Fax

   3.5. E-mail:

4. Requested court:

   4.1. Name:

   4.2. Address:

      4.2.1. Street and No/PO box:

      4.2.2. Place and postcode:

      4.2.3. Country:

   4.3. Tel.

   4.4. Fax

   4.5. E-mail:

5. In the case brought by the claimant/petitioner:

   5.1. Name:

   5.2. Address:

      5.2.1. Street and No/PO box:

      5.2.2. Place and postcode:

      5.2.3. Country:

## SECTION A CIVIL PROCEDURE RULES 1998

9.  Presence and participation of the parties:

    9.1.  Parties and, if any, their representatives will be present at the taking of evidence: ☐

    9.2.  Participation of the parties and, if any, their representatives is requested: ☐

10.  Presence and participation of the representatives of the requesting court:

    10.1.  Representatives will be present at the taking of evidence: ☐

    10.2.  Participation of the representatives is requested: ☐

        10.2.1.  Name:

        10.2.2.  Title:

        10.2.3.  Function:

        10.2.4.  Task:

11.  Nature and subject matter of the case and a brief statement of the facts (in annex, where appropriate):

12.  Taking of evidence to be performed

    12.1.  Description of the taking of evidence to be performed (in annex, where appropriate):

    12.2.  Examination of witnesses:

        12.2.1.  Name and surname:

        12.2.2.  Address:

        12.2.3.  Tel.

        12.2.4.  Fax

        12.2.5.  E-mail:

        12.2.6.  Questions to be put to the witness or a statement of the facts about which they are to be examined (in annex, where appropriate):

        12.2.7.  Right to refuse to testify under the law of the Member State of the requesting court (in annex, where appropriate):

        12.2.8.  Please examine the witness:

            12.2.8.1.  under oath: ☐

            12.2.8.2.  on affirmation: ☐

        12.2.9.  Any other information that the requesting court deems necessary (in annex, where appropriate):

    12.3.  Other taking of evidence:

        12.3.1.  Documents to be inspected and a description of the requested taking of evidence (in annex, where appropriate):

        12.3.2.  Objects to be inspected and a description of the requested taking of evidence (in annex, where appropriate):

1. DEC. 2005 Case 1:04-cv-01373-KAJ LINKLATERS LON N0.293 Document 67-4 Filed 12/09/2005 Page 29 of 44 N0. 2032 P. 57/72

PART 34 PRACTICE DIRECTION

13. Please execute the request

    13.1. In accordance with a special procedure (Article 10(3)) provided for by the law of the Member State of the requesting court and/or by the use of communications technology (Article 10(4)) described in annex:

    13.2. Following information is necessary for the application thereof:

Done at:

Date:

---

**Notification of forwarding the request**

Article 7(2) of Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1).

---

14. The request does not fall within the jurisdiction of the court indicated in point 4 above and was forwarded to

    14.1. Name of the competent court:

    14.2. Address:

        14.2.1. Street and No/PO box:

        14.2.2. Place and postcode:

        14.2.3. Country:

    14.3. Tel.

    14.4. Fax

    14.5. E-mail:

Done at:

Date:



SECTION A CIVIL PROCEDURE RULES 1998

FORM B

**Acknowledgement of receipt of a request for the taking of evidence**

(Article 7(1) of Council Regulation (EC) No. 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1))

1. Reference of the requesting court:

2. Reference of the requested court:

3. Name of the requesting court:

4. Requested court:

    4.1.    Name:

    4.2.    Address:

        4.2.1.    Street and No/PO box:

        4.2.2.    Place and postcode:

        4.2.3.    Country:

    4.3.    Tel.

    4.4.    Fax

    4.5.    E-mail:

5. The request was received on ... (date of receipt) by the court indicated in point 4 above.

6. The request cannot be dealt with because:

    6.1.    The language used to complete the form is not acceptable (Article 5): ☐

        6.1.1.    Please use one the following languages:

    6.2.    The document is not legible (Article 6): ☐

Done at:

Date:

PART 34   PRACTICE DIRECTION



FORM C

---

**Request for additional information for the taking of evidence**

(Article 6 of Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1))

---

1.   Reference of the requested court:

2.   Reference of the requesting court:

3.   Name of the requesting court:

4.   Name of the requested court:

5.   The request cannot be executed without the following additional information:

6.   The request cannot be executed before a deposit or advance is made in accordance with Article 18(3). The deposit or advance should be made in the following way:

Done at:

Date:



### SECTION A CIVIL PROCEDURE RULES 1998

**FORM D**

---

**Acknowledgement of receipt of the deposit or advance**

(Article 8(2) of Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1))

---

1.   Reference of the requesting court:

2.   Reference of the requested court:

3.   Name of the requesting court:

4.   Name of the requested court:

5.   The deposit or advance was received on ... (date of receipt) by the court indicated in point 4 above.

Done at:

Date:

894

FORM E

Notification concerning the request for special procedures and/or for the use of communications technologies

(Article 10(3) and (4) of Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1))

1.  Reference of the requested court:

2.  Reference of the requesting court:

3.  Name of the requesting court:

4.  Name of the requested court:

5.  The requirement for execution of the request according to the special procedure indicated in point 13.1 of the request (Form A) could not be complied with because:

    5.1.  the required procedure is incompatible with the law of the Member State of the requested court;  ☐

    5.2.  the performance of the requested procedure is not possible by reason of major practical difficulties;  ☐

6.  The requirement for execution of the request for the use of communications technologies indicated in point 13.1 of the request (Form A) could not be complied with because:

    6.1.  The use of communications technology is incompatible with the law of the Member State of the requested court  ☐

    6.2.  The use of the communications technology is not possible by reason of major practical difficulties  ☐

Done at:

Date:

## SECTION A CIVIL PROCEDURE RULES 1998

**FORM F**

---

**Notification of the date, time, place of performance of the taking of evidence and the conditions for participation**

(Articles 11(4) and 18(5) of Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1))

---

1.  Reference of the requesting court:

2.  Reference of the requested court:

3.  Requesting court

   3.1.   Name:

   3.2.   Address:

         3.2.1.   Street and No/PO box:

         3.2.2.   Place and postcode:

         3.2.3.   Country:

   3.3.   Tel.

   3.4.   Fax

   3.5.   E-mail:

4.  Requested court

   4.1.   Name:

   4.2.   Address:

         4.2.1.   Street and No/PO box:

         4.2.2.   Place and postcode:

         4.2.3.   Country:

   4.3.   Tel.

   4.4.   Fax

   4.5.   E-mail:

5.  Date and time of the performance of the taking of evidence:

6.  Place of the performance of the taking of evidence, if different from that referred to in point 4 above:

7.  Where appropriate, conditions under which the parties and, if any, their representatives may participate:

8.   Where appropriate, conditions under which the representatives of the requesting court may participate:

Done at:

Date:



897

Case 1:04-cv-01373-KAJ    Document 87-4    Filed 12/09/2005    Page 36 of 44

SECTION A CIVIL PROCEDURE RULES 1998

FORM G

Notification of delay

(Article 15 of Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1))

1.  Reference of the requested court:

2.  Reference of the requesting court:

3.  Name of the requesting court:

4.  Name of the requested court:

5.  The request can not be executed within 90 days of receipt for the following reasons:

6.  It is estimated that the request will be executed by ... (indicate an estimated date)

Done at:

Date:

**FORM H**

Information on the outcome of the request

(Articles 14 and 16 of Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1))

1.  Reference of the requested court:

2.  Reference of the requesting court:

3.  Name of the requesting court:

4.  Name of the requested court:

5.  The request has been executed.                                                    ☐

    The documents establishing execution of the request are attached:

6.  Execution of the request has been refused because:

    6.1.    the person to be examined has claimed the right to refuse to give evidence or has claimed to be prohibited from giving evidence:

            6.1.1.    under the law of the Member State of the requested court:          ☐

            6.1.2.    under the law of the Member State of the requesting court:         ☐

    6.2.    The request does not fall within the scope of this Regulation               ☐

    6.3.    Under the law of the Member State of the requested court, the execution of the request does not fall within the functions of the judiciary:                        ☐

    6.4.    The requesting court has not complied with the request for additional information from the requested court dated ... (date of the request):                         ☐

    6.5.    A deposit or advance asked for in accordance with Article 18(3) has not been made: ☐

Done at:

Date:

899

## SECTION A CIVIL PROCEDURE RULES 1998

**FORM I**

Request for direct taking of evidence

(Article 17 of Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1))

1.    Reference of the requesting court:

2.    Reference of the central body/competent authority:

3.    Requesting court:

    3.1.    Name:

    3.2.    Address:

        3.2.1.    Street and No/PO box:

        3.2.2.    Place and postcode:

        3.2.3.    Country:

    3.3.    Tel.

    3.4.    Fax

    3.5.    E-mail:

4.    Central body/competent authority of the requested State:

    4.1.    Name:

    4.2.    Address:

        4.2.1.    Street and No/PO box:

        4.2.2.    Place and postcode:

        4.2.3.    Country:

    4.3.    Tel.

    4.4.    Fax

    4.5.    E-mail:

5.    In the case brought by the claimant/petitioner:

    5.1.    Name:

    5.2.    Address:

        5.2.1.    Street and No/PO box:

        5.2.2.    Place and postcode:

        5.2.3.    Country:

PART 34   PRACTICE DIRECTION

5.3.    Tel.:

5.4.    Fax

5.5.    E-mail:

6.    Representatives of the claimant/petitioner:

    6.1.    Name:

    6.2.    Address:

        6.2.1.    Street and No/PO box:

        6.2.2.    Place and postcode:

        6.2.3.    Country:

    6.3.    Tel.

    6.4.    Fax

    6.5.    E-mail:

7.    Against the defendant/respondent:

    7.1.    Name:

    7.2    Address:

        7.2.1.    Street and No/PO box:

        7.2.2.    Place and postcode:

        7.2.3.    Country:

    7.3.    Tel.

    7.4.    Fax

    7.5.    E-mail:

8.    Representatives of defendant/respondent:

    8.1.    Name:

    8.2.    Address:

        8.2.1.    Street and No/PO box:

        8.2.2.    Place and postcode:

        8.2.3.    Country:

    8.3.    Tel.

    8.4.    Fax

    8.5.    E-mail:

## SECTION A CIVIL PROCEDURE RULES 1998

9.  The taking of evidence shall be performed by:

   9.1.   Name:

   9.2.   Title:

   9.3.   Function:

   9.4.   Task:

10.  Nature and subject matter of the case and a brief statement of the facts (in annex, where appropriate):

11.  Taking of evidence to be performed:

   11.1.   Description of the taking of evidence to be performed (in annex, where appropriate):

   11.2.   Examination of witnesses:

      11.2.1.   First names and surname:

      11.2.2.   Address:

      11.2.3.   Tel.

      11.2.4.   Fax

      11.2.5.   E-mail:

      11.2.6.   Questions to be put to the witness or a statement of the facts about which they are to be examined (in the annex, where appropriate):

      11.2.7.   Right to refuse to testify under the law of the Member State of the requesting court (in annex, where appropriate):

   11.3.   Other taking of evidence (in annex, where appropriate):

12.  The requesting court requests to take evidence directly by use of the following communications technology (in annex, where appropriate):


Done at:

Date:

902

## PART 34    PRACTICE DIRECTION

### FORM J

---

**Information from the central body/competent authority**

(Article 17 of Council Regulation (EC) No 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (OJ L 174, 27.6.2001, p. 1))

---

1.  Reference of the requesting court:

2.  Reference of the central body/competent authority:

3.  Name of the requesting court:

4.  Central body/competent authority:

    4.1.  Name:

    4.2.  Address:

        4.2.1.  Street and No/PO box:

        4.2.2.  Place and postcode:

        4.2.3.  Country:

    4.3.  Tel.

    4.4.  Fax

    4.5.  E-mail:

5.  Information from the central body/competent authority:

    5.1.  Direct taking of evidence in accordance with the request is accepted: ☐

    5.2.  Direct taking of evidence in accordance with the request is accepted under the following conditions (in annex, where appropriate): ☐

    5.3.  Direct taking of evidence in accordance with the request is refused for the following reasons:

        5.3.1.  The request does not fall within the scope of this Regulation: ☐

        5.3.2.  The request does not contain all of the necessary information pursuant to Article 4: ☐

        5.3.3.  The direct taking of evidence requested for is contrary to fundamental principles of law of the Member State of the central body/competent authority: ☐

Done at:

Date:

---

903



SECTION A CIVIL PROCEDURE RULES 1998

*Annex C*

**34PD.9**    Designated courts in England and Wales under the Taking of Evidence Regulation
(see paragraph 8 above)

| Area | Designated court |
|---|---|
| London and South Eastern Circuit | Royal Courts of Justice (Queen's Bench Division) |
| Midland Circuit | Birmingham Civil Justice Centre |
| Western Circuit | Bristol County Court |
| Wales and Chester Circuit | Cardiff Civil Justice Centre |
| Northern Circuit | Manchester County Court |
| North Eastern Circuit | Leeds County Court |

## PRACTICE DIRECTION—FEES FOR EXAMINERS OF THE COURT
*This Practice Direction supplements CPR Part 34*

**Scope**                                                                    **34BPD.1**

1.1 This practice direction sets out—

(1)  how to calculate the fees an examiner of the court ("an examiner") may charge; and

(2)  the expenses he may recover.

(CPR rule 34.8(3)(b) provides that the court may make an order for evidence to be obtained by the examination of a witness before an examiner of the court.)

1.2 The party who obtained the order for the examination must pay the fees and expenses of the examiner.

(CPR rule 34.14 permits an examiner to charge a fee for the examination and contains other provisions about his fees and expenses, and rule 34.15 provides who may be appointed as an examiner of the court.)

**The examination fee**                                                      **34BPD.2**

2.1 An examiner may charge an hourly rate for each hour (or part of an hour) that he is engaged in examining the witness.

2.2 The hourly rate is to be calculated by reference to the formula set out in paragraph 3.

2.3 The examination fee will be the hourly rate multiplied by the number of hours the examination has taken. For example—

Examination fee = hourly rate × number of hours.

SECTION A CIVIL PROCEDURE RULES 1998

**34BPD.3**

**How to calculate the hourly rate—the formula**

3.1 Divide the amount of the minimum annual salary of a post within Group 7 of the judicial salary structure as designated by the Review Body on Senior Salaries,[19] by 220 to give "x"; and then divide "x" by 6 to give the hourly rate.

For example—

$$\frac{\text{minimum annual salary}}{220} = x$$

$$\frac{x}{6} = \text{hourly rate}$$

**Single fee chargeable on making the appointment for examination**

**34BPD.4**    4.1 An examiner of court is also entitled to charge a single fee of twice the hourly rate (calculated in accordance with paragraph 3 above) as "the appointment fee" when the appointment for the examination is made.

4.2 The examiner is entitled to retain the appointment fee where the witness fails to attend on the date and time arranged.

4.3 Where the examiner fails to attend on the date and time arranged he may not charge a further appointment fee for arranging a subsequent appointment.

(The examiner need not send the deposition to the court until his fees are paid—see CPR rule 34.14(2)).

**Examiner's expenses**

**34BPD.5**    5.1 The examiner of court is also entitled to recover the following expenses—

(1)    all reasonable travelling expenses;

(2)    any other expenses reasonably incurred; and

(3)    subject to paragraph 5.2, any reasonable charge for the room where the examination takes place.

5.2 No expenses may be recovered under sub-paragraph (3) above if the examination takes place at the examiner's usual business address.

(If the examiner's fees and expenses are not paid within a reasonable time he may report the fact to the court, see CPR rule 34.14(4) and (5)).