IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>EASTMAN KODAK COMPANY, )<br>ALTEK CORPORATION, and )<br>CHINON INDUSTRIES, INC., )<br>)<br>*Defendants* ) | C.A. No. 04-1373 (KAJ) |

**DEFENDANTS' SECOND NOTICE OF DEPOSITION PURSUANT
TO FED. R. CIV. P. 30(b)(6) TO PLAINTIFF AMPEX CORPORATION**

TO:   Norman Beamer, Esquire
      Ropes & Gray LLP
      525 University Avenue
      Palo Alto, CA 94301

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure (30)(b)(6), Defendants, Eastman Kodak Company and Altek Corporation will take the deposition upon oral examination of Plaintiff Ampex Corporation through one or more officers, directors, managing agents, or persons who consent to testify on its behalf with respect to the matters known or reasonably available to the deponent and referred to in the schedule of topics listed on Schedule B attached hereto. The deposition will take place on January 31, 2006 beginning at 9:30 a.m. at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 1117 California Avenue, Palo Alto, California, 94304, or at such other location and time mutually agreeable to counsel, and will continue from day-to-day until completed.

The deposition will be recorded by a certified stenographic court reporter authorized to administer oaths and will be videotaped. You are invited to attend and cross-examine.

It is requested that Ampex provide Kodak with written notice, no later seven (7) business days in advance of the date upon which deposition is scheduled, of: (1) the name and employment position of each designee, and (2) the topics in Schedule A as to which each such designee will testify.

**BY EMAIL AND FEDERAL EXPRESS**
Norman H. Beamer
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301

**BY EMAIL**
Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Jesse J. Jenner
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

PRICKETT, JONES, & ELLIOTT, P.A.

_/s/ Paul M. Lukoff_

Paul M. Lukoff (I.D. No. 96)
David E. Brand (I.D. No. 201)
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

*Attorneys for Defendants*

OF COUNSEL:

S. Calvin Walden
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

William F. Lee
Donald R. Steinberg
Michael J. Summersgill
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6000
Fax: (617) 526-5000


December 22, 2005

## SCHEDULE A

### Definitions

Eastman Kodak Company and Altek Corporation hereby incorporate by reference the Definitions and Instructions in Defendants' First Set of Interrogatories to Ampex Corporation.

1. "Dutton Associates" means Dutton Associates and all of its past or present officers, directors, principals, agents, employees, attorneys, representatives, partners, predecessors, subsidiaries, affiliates, divisions, or departments.

### Topics

Kodak shall take the deposition, pursuant to Fed. R. Civ. P. 30(b)(6), of those persons most knowledgeable and qualified to testify on behalf of Ampex concerning:

1. The factual basis for any damages that Ampex claims to have incurred as a result of Defendants' alleged infringement of the '121 patent, including but not limited to the specific amount, including formula and method of calculation, theory, nature of, and each item of damage.

2. Licenses relating to the '121 patent, including how each licensee was identified, the process of negotiating each license, the documents created during the negotiation of each license, the payment terms of each license and the determination of such payment terms, the business of the licensee that related to the technology claimed in the '121 patent, other intellectual property assets that were licensed under the same agreement in which the '121 patent was licensed, the reasons why other intellectual property assets were included in each such agreement, the value to Ampex of the '121 patent in relation to the other intellectual property assets included in each such agreement, the amount requested by Ampex for a license to the '121 patent as compared to the other intellectual property

assets included in each such agreement, the value to each licensee of the '121 patent in relation to any other intellectual property assets included in each such agreement, any consideration made by Ampex or a licensee concerning collateral or convoyed sales when licensing the '121 patent, and the retention of documents relating to the negotiations of such licenses.

3. Ampex's understanding of the market for digital cameras in the United States between the periods 1989 to the present, including the markets for consumer and professional digital cameras, the size of each such market, the forecasted and actual revenue, costs, and profit of each such market, an identification of the brands of digital cameras sold, each company that sold such digital cameras, the amounts of such sales, the demand for such digital cameras, and any collateral or convoyed sales made from such digital camera sales.

4. When Ampex became aware of Kodak's alleged infringement of the '121 patent, including how Ampex became aware of Kodak's alleged infringement, when Kodak allegedly first began to infringe the '121 patent, and when it notified Kodak of the alleged infringement.

5. The market share of each Ampex Embodied Product and/or Licensed Product under the '121 patent between 1989 and present, including without limitation the actual, projected, or potential market size or market shares, including the geographic boundaries of such market, the type of potential and actual customers and the number of actual and potential customers, the actual and forecasted revenue profits and costs, and industry trends and development.

6. Any patent license to which Ampex is a party (other than the agreements in which Ampex has provided a license to the '121 patent) entered into from 1989 to the present, including the negotiations surrounding such licenses, the documents created during such negotiations, Ampex's policy of retaining documents created in the course of license negotiations, the factors considered by Ampex during the negotiations of such a license, the duration of such licenses, and their terms and conditions, including but not limited to, their grant and payment terms, and the identification of documents and persons knowledgeable about this topic.

7. Any negotiation for a patent license, regardless of whether the negotiations resulted in a license, in which Ampex is or has been involved.

8. Ampex's policies with respect to licensing its patents.

9. Any investment reports, research notes, or analyses relating to Ampex, including but not limited to those prepared by Dutton Associates, and all factual information included in any investment report or research note relating to Ampex.

10. All communications with Dutton Associates, including but not limited to, all information and documents regarding Ampex, its patents, and the *Ampex v. Eastman Kodak Company, Altek Corporation, and Chinon Industries*, C.A. No. 04-1373 (D.Del. Oct. 21, 2004) litigation provided to, or prepared by, Dutton Associates.

11. Ampex's patent licensing programs, including the forecasted revenue of each such program and the value of each such program.

12. Any economic forecasts, market value, stock price or corporate value analyses prepared by or on behalf of Ampex.

13. All projections regarding Ampex's future royalty fees, revenues, and share price, including, but not limited to those projections provided to Dutton Associates.

14. The valuation of any U.S. patent that has been assigned to Ampex.

15. The valuation of any non-U.S. patent that has been assigned to Ampex.

16. Any discounts, rebates, or incentives provided and/or offered to any party that has taken a license to any U.S. patent assigned to Ampex or has been offered a license to any U.S. patent assigned to Ampex.

17. All payments or compensation made by Ampex to Dutton Associates.

18. The factual basis for Ampex's allegation that Defendants' alleged infringement of the '121 patent is willful.

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2005, I caused to be electronically filed Defendants' Second Notice of Deposition Pursuant to Fed. R. Civ. P. 30(B)(6) to Plaintiff Ampex Corporation with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Jack B. Blumenfeld
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

And that I caused copies to be served upon the following by Email and Federal Express:

> Norman H. Beamer
> Ropes & Gray LLP
> 525 University Avenue
> Palo Alto, CA 94301

And that I caused copies to served upon the following by Email:

> Jack B. Blumenfeld
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

> Jesse J. Jenner
> Ropes & Gray LLP
> 1251 Avenue of the Americas
> New York, NY 10020

*/s/ Paul M. Lukoff*
Paul M. Lukoff (I.D. No. 96)