IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION, <br><br> *Plaintiff,* <br><br> v. <br><br> EASTMAN KODAK COMPANY, ALTEK CORPORATION, and CHINON INDUSTRIES, INC., <br><br> *Defendants.* | C.A. No. 04-1373 (KAJ) |

## RE-NOTICE OF SERVICE OF SUBPOENA

The undersigned hereby certifies that the subpoena attached hereto directed to Lerner, David, Littenberg, Krumholz & Mentlik was served on January 6, 2006, upon the following counsel in the manner indicated:

**BY HAND:**

Paul M. Lukoff, Esquire
David E. Brand, Esquire
Prickett, Jones, Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

**BY FEDERAL EXPRESS:**

Michael J. Summersgill, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

|  | MORRIS, NICHOLS, ARSHT & TUNNELL |
|---|---|
|  | /s/ Julia Heaney |
|  | Jack B. Blumenfeld (#1014) |
|  | Julie Heaney (#3052) |
|  | Melissa Myers (#3985) |
|  | 1201 North Market Street |
| OF COUNSEL: | Wilmington, DE 19899-1347 |
| Jesse J. Jenner | (302) 658-9200 |
| Sasha G. Rao | jblumenfeld@mnat.com |
| Ropes & Gray LLP | jheaney@mnat.com |
| 1251 Avenue of the Americas | mmyers@mnat.com |
| New York, New York 10020 | *Counsel for Plaintiff Ampex Corporation* |
| (212) 596-9000 |  |

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC  20005

January 6, 2005

Issued by the

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMPEX CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY, ALTEK CORPORATION and CHINON INDUSTRIES, INC.,<br><br>    Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>Civil Action No. 04-1373-KAJ<br>DISTRICT OF DELAWARE |

TO:    Lerner, David, Littenberg, Krumholz & Mentlik
         600 South Avenue West, Suite 300
         Westfield, New Jersey 07090

| | | |
|---|---|---|
| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| | PLACE OF TESTIMONY | COURTROOM |
| | | DATE AND TIME |
| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: | |
| | PLACE OF DEPOSITION | DATE AND TIME |
| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE SCHEDULE A ATTACHED HERETO | |
| | PLACE<br><br>Ropes & Gray LLP<br>525 University Avenue, Suite 300<br>Palo Alto, CA 94301 | DATE AND TIME<br><br>January 19, 2006<br>9:30 a.m. |
| ☐ | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| | PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| | |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT<br><br>*/s/ Julia Heaney/*<br>NAME (Attorney for plaintiffs) | DATE<br><br><br><br>January 6, 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Julia Heaney, Esq.<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19899-1347 | TELEPHONE<br>(302) 658-9200 |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS

1.  "Lerner David" means the law firm Lerner, David, Littenberg, Krumholz & Mentlik, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

2.  "Kodak" means Eastman Kodak Company, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

3.  "Sony Litigation" means the litigation captioned *Eastman Kodak Co. v. Sony Corp., et al.*, 6:04-cv-06095 (WDNY, filed 3/8/04).

4.  "Sony Entities" means the defendants in the Sony Litigation, namely: Sony Corporation, Sony Corp. of America, Sony Electronics Inc., Sony Ericsson Mobile Communications (USA) Inc., and Sony Ericsson Mobile Communications AB.

5.  "Any" and "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

6.  "Documents" as used herein is used in their broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, the original and all non-identical copies (including those with any notations) of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; trade letters, notices and announcements, and press releases; specification sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blueprints, schematics, hardware description language listings, block, logic and timing diagrams, pictures and photographs; all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes,

cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, and electronic mail.

7.    "Communications" means any written letter, memorandum, e-mail or other document.

8.    "Relating to" means constituting, comprising, containing, consisting of, evidencing, setting forth, proposing, showing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, or referring to, directly or indirectly.

## INSTRUCTIONS

1.    Lerner David is requested to produce all responsive documents and things (including any stored by electronic means) within its possession, custody or control, including, but not limited to, information within the possession, custody or control of the Sony Entities.

2.    If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please identify the document and state the details concerning the loss of such document.

3.    Should you find a meaning of any term in these discovery requests to be unclear, then you should assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.

4.    These discovery requests are deemed to be continuing in nature, and you are requested to amend and/or supplement the answers hereto in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court as is necessary to maintain the accuracy of the answers.

## DOCUMENT REQUESTS

1.    All pleadings filed in the Sony Litigation.

2.    All discovery served by or upon Kodak in the Sony Litigation, including without limitation interrogatories, document requests, requests for admission, and subpoenas, and responses thereto.

3.    All Communications, regardless of when dated, between Kodak and Lerner David, between Kodak and any other law firm that has ever represented the Sony Entities in the Sony Litigation, or between Kodak and any of the Sony Entities, relating to U.S. Patent No. 5,016,107 ("the '107 patent") or U.S. Patent No. 5,164,831 ("the '831 patent").

4.    All documents relating to settlement or license agreements, or settlement or license negotiations, regarding the '107 patent, the '831 patent, or the Sony Litigation.

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 6, 2006, I caused to be electronically filed the foregoing *Re-Notice of Service of Subpoena* with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Paul M. Lukoff, Esquire
>David E. Brand, Esquire
>Prickett, Jones & Elliott, P.A.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Paul M. Lukoff, Esquire
>Prickett, Jones, Elliott,
>1310 King Street
>Wilmington, DE 19899

### BY FEDERAL EXPRESS

>Michael J. Summersgill, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA 02109

>/s/ Julia Heaney
>Julia Heaney (#3052)