# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

January 10, 2006

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

                RE: <u>Ampex v. Eastman Kodak, C.A. No. 04-1373-KAJ</u>

Dear Judge Jordan:

      This letter sets forth Plaintiff Ampex Corporation's discovery issues for the January 12, 2005 conference call with the Court. Ampex requests an order compelling Defendant Kodak to produce documents responsive to Ampex's Document Request Nos. 24 and 26, which Ampex served September 15, 2005 (the pages containing these requests and Kodak's responses are attached as Exhibit A.)

      Document Request Nos. 24 and 26 seek the production of all documents relating to licenses, settlement agreements, and negotiations concerning patents the subject matter of which is incorporated in the Kodak accused devices, and in particular, documents that involve two Kodak patents – U.S. Patent Nos. 5,016,107 ("the '107 patent") and 5,164,831 (the '831 patent"). Kodak has agreed to produce the documents responsive to these requests, and produced a small number of licenses on December 20, 2005. Kodak has further indicated that it expects to produce additional licenses later this week. However, to date, Kodak has produced no documents regarding negotiation of the requested licenses/settlement agreements. In addition, Kodak's counsel has advised Ampex that it is withholding additional responsive licenses because of an issue of third party confidentiality that, according to Kodak, can not be resolved without a Court order. The third parties have had the opportunity to move the Court for a protective order, since Kodak notified them of Ampex's document requests in November 2005. No third party has done so. Accordingly, Ampex requests that the Court issue an order compelling Kodak to produce all documents responsive to Ampex's requests Nos. 24 and 26 by January 23, 2005.

                                                    Respectfully,

                                                  */s/ Julia Heaney (#3052)*

cc:    Peter T. Dalleo, Clerk (By Hand)
         Paul M. Lukoff, Esquire (By Email)
         Michael J. Summersgill, Esquire (By Email)
         Norman H. Beamer, Esquire (By Email)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | C.A. No. 04-1373 (KAJ) |
| ) | |
| EASTMAN KODAK COMPANY, ) | |
| ALTEK CORPORATION, and ) | |
| CHINON INDUSTRIES, INC., ) | |
| ) | |
| *Defendants.* ) | |

**RESPONSE OF EASTMAN KODAK COMPANY TO PLAINTIFF AMPEX CORPORATION'S FIRST SET OF DOCUMENT REQUESTS (NOS. 1-70)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Eastman Kodak Company ("Eastman Kodak Company") objects and responds as follows to the First Set of Document Requests (Nos. 1-70) propounded by Plaintiff Ampex Corporation ("Ampex").

**GENERAL RESPONSE**

Eastman Kodak Company has responded to Ampex's First Set of Document Requests as it interprets and understands each document request set forth therein. If Ampex subsequently asserts an interpretation of any document request that differs from Eastman Kodak Company's interpretation, Eastman Kodak Company reserves the right to supplement, revise, amend, or modify its objections and/or responses.

-1-

USIDOCS 5343150v1

Eastman Kodak Company further objects to this Request because it calls for the production of confidential documents or information subject to a non-disclosure or other confidentiality agreement between Eastman Kodak Company and a third party.

Subject to and without waiving the foregoing General and Specific objections, Eastman Kodak Company will produce non-privileged documents responsive to this Request, to the extent that such documents exist and were not produced or made available for inspection during the ITC Investigation.

**DOCUMENT REQUEST NO. 23:**

All correspondence, dated prior to or after commencement of any litigation involving the '831 or '107 Patents, to other parties or potential parties to such litigation or their attorneys or agents, that refer to the '107 or '831 Patents, including without limitation correspondence other parties or potential parties to the actions, *Eastman Kodak Co. v. Sony Corp., et al.*, 6:04-cv-06095 (WDNY, filed 3/8/04), and *Eastman Kodak Co. v. Sanyo Electric Co., et al.*, 01-cv-06091 ( WDNY, filed 2/23/01).

**RESPONSE TO REQUEST NO. 23:**

Eastman Kodak Company objects to this Request as not relevant to the claim or defense of any party.

Eastman Kodak Company further objects to this Request because it calls for the production of documents and materials protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

Eastman Kodak Company further objects to this Request as overly broad and unduly burdensome.

**DOCUMENT REQUEST NO. 24:**

All documents relating to settlement and/or license agreements and settlement and/or license negotiations in pending or prior litigations or proceedings concerning the subject matter of the 107 or 831 Patents, including documents dated before or after the commencement of such litigations or proceedings, and including without limitation all such documents relating to agreements and negotiations in the actions, *Eastman Kodak Co v. Sony Corp. et al.*, 6:04-cv-

06095 (WDNY, filed 3/8/04), and *Eastman Kodak Co. v. Sanyo Electric Co., et al.*, 01-cv-06091 ( WDNY, filed 2/23/01).

**RESPONSE TO REQUEST NO. 24:**

Eastman Kodak Company objects to this Request as not relevant to the claim or defense of any party.

Eastman Kodak Company further objects to this Request as overly broad and unduly burdensome.

Eastman Kodak Company further objects to this Request because it calls for the production of documents and materials protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

Eastman Kodak Company further objects to this Request to the extent it seeks documents protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Eastman Kodak Company has entered into or is subject to with respect to any past or present litigation. In particular, during licensing negotiations with non-parties, Eastman Kodak Company has been provided confidential and proprietary information and documents under obligations of non-disclosure. Subject to further agreement between the parties concerned and the foregoing General and Specific objections, Eastman Kodak Company will produce non-privileged settlement documents and license agreements responsive to this Request, to the extent that such documents exist and were not produced or made available for inspection during the ITC Investigation.

**DOCUMENT REQUEST NO. 25:**

To the extent not produced in response to other requests, all documents referring or relating to agreements granting rights under the '107 or '831 Patents, including without limitation all license agreements, offers of licenses agreements, and documents related to the negotiation of such agreements.

**RESPONSE TO REQUEST NO. 25:**

USIDOCS 5343150v1

Eastman Kodak Company objects to this Request as not relevant to the claim or defense of any party.

Eastman Kodak Company further objects to this Request as overly broad and unduly burdensome.

Eastman Kodak Company further objects to this Request because it calls for the production of documents and materials protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

Eastman Kodak Company further objects to this Request to the extent it seeks documents protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Eastman Kodak Company has entered into or is subject to with respect to any past or present litigation. In particular, during licensing negotiations with non-parties, Eastman Kodak Company has been provided confidential and proprietary information and documents under obligations of non-disclosure. Subject to further agreement between the parties concerned and the foregoing General and Specific objections, Eastman Kodak Company will produce non-privileged settlement documents and license agreements responsive to this Request, to the extent that such documents exist and were not produced or made available for inspection during the ITC Investigation.

**DOCUMENT REQUEST NO. 26:**

To the extent not produced in response to other requests, all licenses, joint development agreements, settlement agreements, technology exchange agreements, or other agreements that refer or relate to patents the subject matter of which has been incorporated, or alleged by others to be incorporated, in any Kodak Device, and all documents relating to such licenses, joint development agreements, settlement agreements technology exchange agreements, or other agreements, including negotiations therefor.

**RESPONSE TO REQUEST NO. 26:**

Eastman Kodak Company objects to this Request as overly broad and unduly burdensome.

Eastman Kodak Company further objects to this Request because it calls for the production of confidential documents or information subject to a non-disclosure or other confidentiality agreement between Eastman Kodak Company and a third party.

Eastman Kodak Company further objects to this Request because it calls for the production of documents and materials protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

Eastman Kodak Company further objects to this Request to the extent it seeks documents produced or made available for inspection during the ITC Investigation.

Eastman Kodak Company further objects to this Request to the extent it seeks documents protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Eastman Kodak Company has entered into or is subject to with respect to any past or present litigation. In particular, during licensing negotiations with non-parties, Eastman Kodak Company has been provided confidential and proprietary information and documents under obligations of non-disclosure. Subject to further agreement between the parties concerned and the foregoing General and Specific objections, Eastman Kodak Company will produce non-privileged settlement documents and license agreements responsive to this Request, to the extent that such documents exist and were not produced or made available for inspection during the ITC Investigation.

**DOCUMENT REQUEST NO. 27:**

All documents referring or relating to any reasonable royalty rate that Kodak alleges should be used to compute damages in the event one or more Kodak Devices is found to infringe the Patent-In-Suit.

**RESPONSE TO REQUEST NO. 27:**