**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial: (302) 888-6520
Writer's Telecopy Number: (302) 888-6331
Writer's E-Mail Address: PMLukoff@prickett.com

January 11, 2006

**VIA EFILE AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

   Re: **Ampex Corporation v. Eastman Kodak Company, et al.**
     **C. A. No. 04-1373 KAJ**

Dear Judge Jordan:

Defendant Eastman Kodak Company opposes Ampex's request for an order to compel Kodak to produce documents responsive to Ampex Request Nos. 24 and 26 because Kodak has *already agreed* to produce documents responsive to these requests, and is in the process of doing so. Accordingly, there is no dispute that needs to be resolved, and no basis for Ampex to move to compel.

License Agreements

To its credit, Ampex admits in its letter to the Court submitted yesterday that Kodak has agreed to produce, and indeed has produced, Kodak license agreements relating to digital still camera patents. It is not the case, however, that Kodak indicated a Court order was necessary before Kodak will produce the remaining license agreements responsive to Ampex's Request No. 26. Kodak has been consistently clear to Ampex on this issue – (1) Kodak is contractually bound, according to the terms of the license agreements themselves, to not disclose the agreements to third parties unless and until permission is granted from the other party to the license agreement, or except as required by law; and (2) Kodak is seeking the necessary permissions to produce these agreements, and when those permissions are received Kodak is producing the licenses. To date Kodak has not been refused permission to produce any agreement, and has diligently followed-up with those parties that have not yet responded to Kodak's request for permission. The process continues. Kodak therefore opposes Ampex's request for an order to compel the remaining license agreements that it is currently seeking permission to produce.

19660.3\294751v1

The Honorable Kent A. Jordan
January 11, 2006
Page 2

Negotiation Documents Concerning the Kodak '107 and '831 Patents

Ampex's Document Request No. 24 asks for production of "settlement and/or license agreements and settlement and/or license negotiations in pending or prior litigations or proceedings" concerning two Kodak patents (not at issue in this litigation) that are embodied in whole or in part in its digital still cameras, the '107 and '831 patents. As noted above, Kodak has agreed to produce license agreements relating to, among others, these two patents. Kodak has also agreed to produce "settlement and/or license negotiations" concerning the substance of the '107 and '831 patents.

In any event, although Kodak has agreed to produce these documents, they are of marginal relevance. The '107 and '831 patents are of course not in-suit in this action. Ampex has never articulated a reasonable basis for the relevance of negotiations regarding them, and did not even attempt to do so in its letter to the Court yesterday. Nonetheless, in order to avoid unnecessary disputes, Kodak has agreed to produce negotiation documents concerning the substance of the '107 and '831 patents. (See letter from Calvin Walden to David Brightman dated December 27, 2005, attached hereto as Exhibit A). Production will begin this Friday. Again, because Kodak has agreed to produce the documents, and is producing them in the normal course of discovery, Ampex has no basis for a motion to compel production of documents responsive to Ampex Request No. 24.

Ampex itself has not completed production of its own documents regarding licensing and license negotiations. Specifically, Ampex has licensed the asserted patent, the '121 patent, in a suite with other patents. Ampex asserts that the '121 patent constitutes the primary value in the suite of patents. Notwithstanding this assertion, Ampex has not yet produced documents relating to license negotiations for these other patents. Unlike the Kodak negotiation documents, these Ampex negotiation documents *are* relevant to this case because they will shed light on the real value to be allocated to the '121 patent when it is licensed in a suite of patents.

Respectfully submitted,

PAUL M. LUKOFF

PML/mhl
Enclosure
cc:    Jack B. Blumenfeld, Esquire (W/Encl.) (Via Efiling)
       Norman H. Beamer, Esquire (W/Encl.) (Via E-Mail & FedEx)
       Jesse J. Jenner, Esquire (W/Encl.) (Via E-Mail & FedEx)
       S. Calvin Walden, Esquire (W/Encl.) (Via Email)
       Michael J. Summersgill, Esquire (W/Encl.) (Via Email)
       Jordan L. Hirsch, Esquire (W/Encl.) (Via Email)

19660.3\294751v1