IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 04-1373 (KAJ) |
| | ) |
| v. | ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) |
| ALTEK CORPORATION, and | ) |
| CHINON INDUSTRIES, INC., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF DEPOSITION OF
DEFENDANT EASTMAN KODAK COMPANY**

TO: All Parties and their Attorneys of Record:

**PLEASE TAKE NOTICE:** Pursuant to Federal Rule of Civil Procedure 30(b)(6), Ampex will take the deposition of Defendant Eastman Kodak Company ("Kodak"), commencing on February 14, 2006, at 9:00 a.m., at the law offices of Ropes & Gray, 1251 Avenue of the Americas, New York, NY 10020, or at such other time and place agreed upon by the counsel to the parties.

Kodak shall designate one or more of its officers, directors or managing agents, or other persons with knowledge of the matters set forth in Schedule A of this notice to appear and testify on its behalf at the deposition. The persons so designated shall testify as to matters known or reasonably available to Kodak.

This examination will be taken before a Notary Public or other person authorized to administer oaths and will be recorded stenographically and/or by video and shall continue from day to day until completed.

You are invited to attend and cross-examine.

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      /s/ Julia Heaney (#3052)

OF COUNSEL:  
Jesse J. Jenner  
Sasha G. Rao  
Ropes & Gray LLP  
1251 Avenue of the Americas  
New York, New York 10020  
(212) 596-9000

Norman H. Beamer  
Gabrielle E. Higgins  
Ropes & Gray LLP  
525 University Avenue  
Palo Alto, California 94301  
(650) 617-4000

James E. Hopenfeld  
Ropes & Gray LLP  
One Metro Center  
700 12th Street, NW  
Washington, DC 20005

January 31, 2006

Jack B. Blumenfeld (#1014)  
Julie Heaney (#3052)  
1201 North Market Street  
P.O. Box 1347  
Wilmington, DE 19899-1347  
(302) 658-9200  
jblumenfeld@mnat.com  
jheaney@mnat.com

**SCHEDULE A**

**INSTRUCTIONS AND DEFINITIONS**

Ampex incorporates by reference the instructions and definitions set forth in its First, Fourth, and Sixth Sets of Document Requests to Defendant Eastman Kodak, except that the following definition also applies:

A.  "Digital Camera Services" means the printing or processing of digital photographs at home, at kiosks, or by any other method.

**SUBJECT MATTER CATEGORIES**

1.  The markets, sub-markets and market segments for digital cameras, the Kodak Devices, Accessories, and Digital Camera Services from 1989 to the present, including without limitation their size and growth, Kodak's market share, and forecasts and projections relating thereto.

2.  The advertising and marketing of the Kodak Devices, including advertising and marketing relating to the Multi-up mode, "viewing multiple pictures" mode, or any feature with the ability to store, retrieve, or review multiple thumbnails.

3.  Kodak's customer satisfaction surveys, focus group studies, and market research as related to digital cameras and their use.

4.  Unit sales, gross and net revenues earned, costs incurred (actual cost and cost per unit), and gross margin and gross profits earned by the Kodak Devices, Accessories, and Digital Camera Services in the United States since 1989, including without limitation projections and forecasts thereof.

5.  Kodak's planning and efforts to sell additional goods and/or services in conjunction with, or as collateral sales to, its sales of the Kodak Devices.

6.  The reasons and motivations for Kodak's acquisition of, or merger with, any company that provides Digital Camera Services, in particular Kodak's merger with or acquisition of Ofoto.

7. All analyses, assessments, studies, or projections of the economic value (including without limitation potential licensing revenues and infringement damages) of the Patent-in-Suit , U.S. Patent No. 5,016,107 ("the '107 patent"), or U.S. Patent No. 5,164,831 ("the '831 patent"), including without limitation their dates and the person(s) who conducted them.

8. All analyses, assessments, studies, or projections of the commercial success, and reasons for any such success, of each Kodak Device covered by the '107 patent and/or '831 patent, including without limitation their dates and the person(s) who conducted them.

9. Kodak's negotiation and execution of, and business strategy regarding, Kodak's licenses, joint development agreements, settlement agreements, technology exchange agreements and other agreements (collectively, "Agreements") relating to the '107 and '831 patents.

10. Kodak's patent licensing policies, practices, and procedures from 1989 to the present.

11. Each study, analysis, or opinion, whether written or oral, relating to the patentability, validity, enforceability, or infringement of the Patent-in-Suit.

12. The identity, location and detailed explanation of all documents and things concerning the foregoing topics.

13. The identity and location of persons knowledgeable about the foregoing topics.

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 31, 2006, I caused to be electronically filed the foregoing *Notice of Deposition of Defendant Eastman Kodak Company* with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Paul M. Lukoff, Esquire
>David E. Brand, Esquire
>Prickett, Jones & Elliott, P.A.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Paul M. Lukoff, Esquire
>Prickett, Jones, Elliott,
>1310 King Street
>Wilmington, DE  19899

### BY FEDERAL EXPRESS

>Michael J. Summersgill, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA  02109

>/s/ Julia Heaney
>Julia Heaney (#3052)