IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION, | ) |
| Plaintiff, | ) C.A. No. 04-1373 (KAJ) |
| v. | ) |
| EASTMAN KODAK COMPANY, ALTEK CORPORATION, and CHINON INDUSTRIES, INC., | ) |
| Defendants. | ) |

## NOTICE OF DEPOSITION OF ANDRE-TRONER LLC

Pursuant to the accompanying Subpoena in a Civil Case and Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, please take notice that Plaintiff Ampex Corporation will take the deposition of Andre-Troner LLC, 100 Rialto Place, Suite 950, Melbourne, Florida 32901 at 9:30 a.m. on February 16, 2006, at the Hilton Melbourne 200 Rialto Place, Melbourne, FL 32901 before an officer authorized to administer oaths in the State of Florida. Andre-Troner LLC shall designate one or more of its officers, directors or managing agents, or other persons with knowledge regarding the topics set forth in Attachment B to the Subpoena. The persons so designated shall testify as to matters known or reasonably available to Andre-Troner LLC. The deposition will be recorded by a certified stenographic court reporter authorized to administer oaths. You are invited to attend and cross examine.

Please take further notice that pursuant to the accompanying Subpoena and Rules 34 and 45 of the Federal Rules of Civil Procedure, Andre-Troner LLC is commanded to produce for inspection and copying the documents in its possession,

custody or control designated in Attachment A to the Subpoena commencing at 9:30 a.m. on February 14, 2006, at King Reporting Video Conference Center, 26 Nelson Avenue, Melbourne, FL 32935, or at such other mutually convenient time and place as may be agreed.

The undersigned hereby certifies that the subpoena attached hereto directed to Andre-Troner LLC was served on January 31, 2006, upon the following counsel:

| **BY HAND:** | **BY FEDERAL EXPRESS:** |
|---|---|
| Paul M. Lukoff, Esquire<br>David E. Brand, Esquire<br>Prickett, Jones, Elliott, P.A.<br>1310 King Street<br>P.O. Box 1328<br>Wilmington, DE 19899 | Michael J. Summersgill, Esquire<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109 |

OF COUNSEL:

Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC  20005
January 31, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
/s/ Julia Heaney (#3052)
Jack B. Blumenfeld (#1014)
Julie Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

Issued by the
# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| AMPEX CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY, ALTEK CORPORATION and CHINON INDUSTRIES, INC.,<br><br>    Defendants. | SUBPOENA DUCES TECUM IN A CIVIL CASE<br><br>Civil Action No. 04-1373-KAJ<br>DISTRICT OF DELAWARE |

TO:   Andre-Troner LLC
       100 Rialto Place
       Suite 950
       Melbourne, Florida 32901

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: SEE TOPICS SCHEDULE B ATTACHED HERETO.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| King Reporting Video Conference Center<br>26 Nelson Avenue<br>Melbourne, Florida 32935 | February 16, 2006<br>9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE SCHEDULE A ATTACHED HERETO

| PLACE | DATE AND TIME |
|---|---|
| King Reporting Video Conference Center<br>26 Nelson Avenue<br>Melbourne, Florida 32935 | February 14, 2006<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT<br><br>*/s/ Julie Heaney/*<br>NAME (Attorney for plaintiffs) | DATE<br><br><br>January 31, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Julia Heaney, Esquire<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347 | TELEPHONE<br>(302) 658-9200 |

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____     _____
                              DATE                                    SIGNATURE OF SERVER

                                                                       _____
                                                                       ADDRESS OF SERVER

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## ATTACHMENT A

### DEFINITIONS

1. "Andre-Troner" means Andre-Troner LLC, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

2. "Kodak" means Eastman Kodak Company, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

3. "Any" and "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4. "Document" as used herein is used in its broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, the original and all non-identical copies (including those with any notations) of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; trade letters, notices and announcements, and press releases; specification sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blueprints, schematics, hardware description language listings, block, logic and timing diagrams, pictures and photographs; all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, and electronic mail.

5. "Relating to" means constituting, comprising, containing, consisting of, evidencing, setting forth, proposing, showing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, or referring to, directly or indirectly.

6.    "Person" means natural persons and any and all other legal entities, including without limitation, individuals, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

## INSTRUCTIONS

1.    Andre-Troner is requested to produce all responsive documents and things (including any stored by electronic means) within its possession, custody or control.

2.    If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please identify the document and state the details concerning the loss of such document.

3.    Should you find a meaning of any term in these discovery requests to be unclear, then you should assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.

4.    These discovery requests are deemed to be continuing in nature, and you are requested to amend and/or supplement the answers hereto in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court as is necessary to maintain the accuracy of the answers.

## DOCUMENT REQUESTS

1.    All documents referring or relating to U.S. Patent No. 5,016,107 ("the '107 patent") or U.S. Patent No. 5,164,831 ("the '831 patent") or their foreign counterparts.

2.    All documents referring or relating to communications between Kodak and any other Person, including Andre-Troner, relating to digital still cameras or to the '107 and '831 patents or their foreign counterparts.

3.    All documents Andre-Troner has sent or received on behalf of Kodak relating to the infringement or alleged infringement of the '107 and '831 patents or their foreign counterparts.

4.    All licenses, settlement agreements, technology exchange agreements, and any other types of agreements, including drafts thereof, relating to the '107 and '831 patents or their foreign counterparts.

5.    All documents relating to the licenses and agreements referred to in Request No. 4, including without limitation documents relating to the negotiations of such licenses and agreements.

# EXHIBIT B

## ATTACHMENT B

### DEFINITIONS

1. "Andre-Troner" means the law firm Andre-Troner LLC, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

2. "Kodak" means Eastman Kodak Company, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

3. "Any" and "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4. "Document" as used herein is used in its broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, the original and all non-identical copies (including those with any notations) of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; trade letters, notices and announcements, and press releases; specification sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blueprints, schematics, hardware description language listings, block, logic and timing diagrams, pictures and photographs; all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, and electronic mail.

5. "Relating to" means constituting, comprising, containing, consisting of, evidencing, setting forth, proposing, showing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, or referring to, directly or indirectly.

6. "Person" means natural persons and any and all other legal entities, including without limitation, individuals, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

## DEPOSITION TOPICS

1. Andre-Troner's relationship with Kodak.

2. Communications between Kodak and any other Person, including Andre-Troner, relating to digital still cameras or to U.S. Patent No. 5,016,107 ("the '107 patent"), or U.S. Patent No. 5,164,831 ("the '831 patent") or their foreign counterparts.

3. Negotiation and execution of licenses, settlement agreements, technology exchange agreements, and any other types of agreements, relating to the '107 and '831 patents or their foreign counterparts.

4. Documents Andre-Troner has sent or received on behalf of Kodak relating to the infringement or alleged infringement of the '107 and '831 patents or their foreign counterparts.

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on January 31, 2006, I caused to be electronically filed the foregoing *Notice of Deposition of Andre-Troner LLC* with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Paul M. Lukoff, Esquire
>David E. Brand, Esquire
>Prickett, Jones & Elliott, P.A.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

>Paul M. Lukoff, Esquire
>Prickett, Jones, Elliott,
>1310 King Street
>Wilmington, DE  19899

### BY FEDERAL EXPRESS

>Michael J. Summersgill, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA  02109


>/s/ Julia Heaney
>Julia Heaney (#3052)