IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | C.A. No. 04-1373 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| ALTEK CORPORATION, and | ) | |
| CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## NOTICE OF DEPOSITION OF ADOBE SYSTEMS INC.

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(6) and 45 of the
Federal Rules of Civil Procedure, Plaintiff Ampex Corporation ("Ampex") will take the
deposition, by oral examination, of Adobe Systems Inc. ("Adobe") on February 27, 2006
at 9:00 a.m. on the topics identified in Schedule B attached to the subpoena. The
deposition will take place at Ropes & Gray LLP, 525 University Avenue, Suite 300, Palo
Alto, California 94301. The deposition will be conducted before an officer authorized to
administer oaths and will continue from day to day until completed. You are invited to
attend. A subpoena has been served upon Adobe commanding it to attend the deposition.

A subpoena has also been served on Adobe commanding it to produce for inspection and copying by February 16, 2006 all documents identified in the Schedule A attached thereto.

Dated: February 3, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Attorneys for Plaintiff Ampex Corporation

**OF COUNSEL:**

Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005
(202) 508-4600

✛✎AO 88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF  CALIFORNIA

| | |
|---|---|
| AMPEX CORPORATION,<br>V.<br>EASTMAN KODAK COMPANY, ET AL. | **SUBPOENA IN A CIVIL CASE**<br>**USDC, For the District of Delaware**<br>Case Number:[1] **C.A. No. 04-1373-KAJ** |

TO:     Murray J. Demo
         Adobe Systems Incorporated
         345 Park Avenue
         San Jose, CA 95110-2704
         Tel:  (408) 536-6000

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   (See attached Schedule B)

| PLACE OF DEPOSITION<br>Ropes & Gray LLP<br>525 University Ave, Ste 300, Palo Alto, CA 94301 | DATE AND TIME<br>February 27, 2006<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*          Attorney for Plaintiff | February 2, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ray R. Zado
Ropes & Gray LLP
525 University Avenue, Ste 300
Palo Alto, CA  94301     (650) 617-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE<br>SERVED: | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.<br>www.USCourtForms.com

## SCHEDULE B

For a statement of your obligations under this subpoena, see Rule 45(d)(1) and (2) of the Federal Rules of Civil Procedure, which appears on the subpoena.

A Protective Order has been entered in this case by the District Court for the District of Delaware (attached hereto as Ex. 1). This Order provides for the protection of confidential information produced by a third party to the litigation. Any testimony provided by Adobe Systems Inc. may be so designated as provided for in the Protective Order.

## DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.    "Kodak" refers to Defendant Eastman Kodak Company, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities; (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

2.    "Altek" refers to Defendant Altek Corporation, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities, including without limitation, Altek Lab, Inc.; (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

3.    "Ampex" refers to Plaintiff Ampex Corporation, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, affiliates, partners, predecessors-in-interest, successors-in-interest; (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

4.    "Adobe" "you," or "your" refer to Adobe Systems, Inc., together with its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, affiliates, partners, predecessors-in-interest, successors-in-interest, including, but not limited to, the corporate entity formerly known as Macromedia, Inc.; (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

5.    "Person" refers to natural persons and any and all other legal entities, including without limitation, individuals, corporations, companies, firms,

partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

6.    "Digital Image Storage and Retrieval Device" means any digital electronic device that generates, stores and retrieves digital images, including without limitation, digital still cameras, personal digital assistants (PDAs), and camera phones and camcorders with digital still capabilities.

7.    "Accused Kodak Device" means any Digital Image Storage and Retrieval Device, such as digital cameras and other digital electronic devices, that generates, stores and retrieves digital images, that has ever been made, sold or offered for sale in, or imported or sold for importation into the U.S., by or on behalf of Kodak, including without limitation, all versions of Kodak's CX4200, CX4210, CX4230, CX4300, CX4310, CX6200, CX6230, CX6330, CX6445, CX7220, CX7300, CX7310, CX7330, CX7430, CX7525, CX7530, DC4800, DX3900, DX4900, DX6340, DX6440, DX6490, DX7440, DX7590, DX7630, LS420, LS443, LS743, LS753, Z700, Z730, Z740, Z760, Z7590, Z650, C300, C310, C330, C340, C360, C663, V530, V550, V570, Easyshare-One, DCS Pro 14n, DCS Pro SLR/c, DCS Pro SLR/n, DCS Proback Plus, and DCS Proback 645 models.

8.    The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.    "Documents" as used herein is used in their broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, the original and all non-identical copies (including those with any notations) of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; trade letters, notices and announcements, and press releases; specification sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blueprints, schematics, hardware description language listings, block, logic and timing diagrams, pictures and photographs; all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, and electronic mail.

10.    "Communication" and "communications" means, unless otherwise specified, any of the following: (i) any written letter, memorandum, e-mail or other document; (ii) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; and (iii) any conversation or meeting

2

between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

11.    "Relating to" a subject means making a statement about, referring to, mentioning, discussing, describing, reflecting, dealing with, consisting of, constituting, comprising, recording, or in any way pertaining to the subject, whether in whole or in part and either directly or indirectly.

12.    "Most current version" means the final revision of a document, in terms of chronological order and/or revision number, that accurately describes the operation of the Kodak Device to which it relates.

13.    The use of the singular form of any word includes the plural and vice versa.

14.    "Authentic," "authentication," and "authenticity" are used in accord with those terms' meaning as set forth in Federal Rules of Evidence Nos. 901 and 902.

## INSTRUCTIONS

15.    These Subjects of Examination set forth in this Schedule B are addressed to Adobe Systems Inc. and its:  (i) present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary or affiliated entities that were in existence during the applicable period of time covered by these requests, including, but not limited to, the corporation formerly referred to as Macromedia, Inc.; (ii) any other person or entity acting on Adobe's behalf or on whose behalf Adobe's acted; and (iii) any other person or entity otherwise subject to Adobe's control or which controls Adobe.

16.    Your answers must include all responsive information within your possession, custody or control, including, but not limited to, information within the possession, custody or control of your parent, subsidiary or affiliated entities, attorney(s), investigator(s), or other agent(s).

17.    If you claim that the attorney-client privilege or any other privilege, protection or immunity is applicable to any written or electronic communication, you shall specify:  (i) the name of each individual who signed it or under whose name it was issued, (ii) the name of each individual to whom it was addressed and the name of the individual who received it, (iii) the date the document bears, (iv) the title of the document, and (v) a description of the contents of the document.  You shall also identify each and every person who prepared or participated in the preparation of the communication; state the present location of the communication and all copies thereof; identify each and every person having possession, custody or control of the document and all copies thereof; state the privilege or protection claimed; and provide sufficient further information concerning the communication and the circumstances thereof to explain the

3

claim of privilege or protection and to permit the adjudication of the propriety of the claim.

## SUBJECTS OF EXAMINATION

1.    All communications exchanged between Macromedia and Kodak, or indirectly via an intermediary, relating to the operation, incorporation, or use of any source code, software, and/or firmware including, but not limited to, Macromedia Flash, in any of the Accused Kodak Devices.

2.    The operation of any source code, software, and/or firmware exchanged between Adobe and Kodak for use in connection with any of the Accused Kodak Devices.

3.    The operation of the Kodak EasyShare One Digital Image Storage and Retrieval Device.

4.    The operation of a Kodak Digital Image Storage and Retrieval Device referred to as "Kirin."

5.    The origin, maintenance, and authenticity of any documents produced by Adobe in response to the subpoena served on Adobe by Ampex dated February 2, 2006.

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMPEX CORPORATION )
)
)
*Plaintiff,* )
)
v. )          C.A. No. 04-1373 (KAJ)
)
EASTMAN KODAK COMPANY, )
ALTEK CORPORATION, and )
CHINON INDUSTRIES, INC., )
)
*Defendants* )
)

## PROTECTIVE ORDER FOR CONFIDENTIALITY

WHEREAS, documents and information may be sought, produced, or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information:

The parties stipulate, subject to order of the Court, that:

1. Confidential information is information which concerns or relates to trade secrets, apparati, production, sales, shipments, purchases, transfers, customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

2. Any information submitted, in discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this action, which is asserted by a producing party to contain or constitute confidential information shall be so designated by such party in writing, or orally at a deposition, conference or hearing. Documents shall be clearly and prominently marked on their face with the legend: "[Party's name] CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order. Materials produced in *In the Matter of Certain Digital Image Storage and Retrieval Devices*, Inv. No. 337-TA-527 ("the Investigation"), and marked as containing Confidential Business Information Subject To Protective Order shall also be considered confidential under the terms of this protective order.

3. In the absence of written permission from the producing party, or an order by the Court, any confidential information produced in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and any personnel assisting the Court; (ii) outside counsel for parties to this action, including necessary secretarial and support personnel assisting such counsel; (iii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iv) technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a party); and (v) subject to paragraph 14, one member of each party's legal department, as designated by that party. The employee designated under section (v) must maintain all confidential information in separate and identifiable files, access to which is restricted to the designated employee. While this action is pending and for a period of one year following the final termination of this action, the employee

2

designated under section (v), must not, directly or indirectly, engage or assist in the prosecution of patent applications (including but not limited to reissue and reexamination applications) the subject matter of which involves digital still camera technology. The employee designated by a party under section (v) shall not have access to confidential licensing and negotiation documents, or information contained in such documents, which are subject to a non-disclosure or other confidentiality agreement between other parties and a nonparty, absent consent of that nonparty. The producing party shall identify by production number the documents subject to this restriction, and in good faith attempt to obtain such consent from each affected nonparty. The designated representative for Eastman Kodak Company is Heidi Martinez. The designated representative for Altek Corporation is Trista Chung. The designated representative for Ampex Corporation is Joel Talcott.

4.  Any entity that produces confidential information may consent to the sharing of its own confidential information with any persons not included in paragraph 3 above.

5.  Any papers containing Confidential Information which a party chooses to file with the Court shall be filed under seal with the legend "Confidential Information, Subject to Protective Order dated ___(D.I. ___)." When any confidential information produced in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, the parties will designate the transcript as confidential and arrange for the court reporter taking the deposition to label the transcript "[producing party's name] CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

6.  The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Court rules,

after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

7. If during the pendency of this action, a party to this order who is to be a recipient of any information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such designation, in full or in part, it shall notify the producing party in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If the recipient and producing party are unable to concur upon the status of the subject information submitted as confidential information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Court who will rule upon the matter. The Court may determine that information alleged to be confidential is not confidential before, during or after the close of trial herein. If such a determination is made by the Court, opportunity shall be provided to the producing party of such information to argue its confidentiality prior to the time of such ruling. The Court may sua sponte question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

8. No less than 10 days prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to all other parties. If any party objects to the disclosure of such confidential information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the party proposing to use the expert in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the objecting party

4

shall submit each objection to the Court for a ruling. The submission of such confidential information to such proposed expert shall be withheld pending the ruling of the Court.

9. If confidential information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

10. Upon final termination of this action, each recipient of confidential information that is subject to this order shall assemble and return to the producing party all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may destroy all items containing confidential information and certify to the producing party (or his counsel) that such destruction has taken place.

11. If any confidential information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered a "producing party" as that term is used in the context of this order.

12. To avoid duplication of discovery taken in *In the Matter of Certain Digital Image Storage and Retrieval Devices*, Inv. No. 337-TA-527 ("the Investigation"), the parties agree that discovery of the parties taken in the Investigation, including each party's discovery responses, depositions, and documents produced by the parties, shall be deemed to have been taken in this action and that such discovery may be used, and shall be treated, for all purposes as if taken in this action. The parties shall in good faith attempt to contact non-parties that provided discovery in

5

the Investigation in order to determine whether such non-parties will consent that their discovery may be used and treated as if taken in this action. If such consent is not granted, such discovery shall be treated according to the terms of Order No. 1 entered in the Investigation. In accordance with the above, each party may permit the experts it used in the Investigation and that it again intends to use in this action, after notification to all parties, to maintain possession of the parties' confidential business information received during the Investigation. If a party does not intend to use an expert used in the Investigation, it must retrieve or destroy all confidential business information produced to the expert pursuant to the International Trade Commission protective order.

      13. <u>Source Code</u>. Source code produced by defendants to Ampex shall be subject to the following additional provisions:

      a.    Defendants will produce to Ampex Corporation source code for the cameras at issue in this action in electronic, searchable form.

      b.    The source code will be designated "Confidential" under the Protective Order and must at all times be maintained at the highest level of confidentiality. The designated employees identified in paragraph 3 shall not have access to source code produced by another party.

      c.    Defendants will provide one set of compact discs (or other media as agreed to by Defendants and Ampex Corporation) containing the electronic form of the source code.

      d.    The electronic source code provided by defendants cannot be electronically copied (except for any temporary copies into RAM necessary to view and/or

search the source code as provided for in Paragraph e below).  When not in use, the compact discs will be stored in a secure, locked cabinet.

e.  The compact discs will be viewed on one or the other of two, non-networked computers with no Internet access.  One such computer will be located in one designated office of Ampex Corporation's outside counsel, and the other such computer will be located in another designated office of Ampex Corporation's outside counsel.

f.  Ampex Corporation will permit no more than five individuals to directly review the source code for any one camera.  Ampex Corporation will provide 10-day advance written notification to Eastman Kodak Company identifying who Ampex Corporation will permit to view the source code.

g.  Ampex Corporation will promptly bates number any print-outs made of the source code and provide copies to defendants as soon as practicable, and not less than seven days prior to any depositions in which the source code will be used as an exhibit.  At the completion of this action, Ampex Corporation will immediately destroy all printed versions of the source code and will return the compact discs to defendants' counsel.

h.  Any expert consultant retained on behalf of Ampex Corporation who is to be given access to defendants' produced source code (whether in electronic form or otherwise) must agree in writing not to perform design consulting or software development work relating to digital camera technology for the pendency of the action including appeal and a period of one year after the issuance of a final, non-appealable decision resolving all issues in this action.

7

14. Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. Details relating to confidentiality and public access to information presented at trial will be addressed in the pretrial order.

8

The foregoing is stipulated to by the parties:

AMPEX CORPORATION

By its attorneys,

Date:  November 1, 2005

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Morris Nichols Arshi & Tunnell
1201 North Market Street
Wilmington, DE  19801
(302) 575-7291

EASTMAN KODAK COMPANY, CHINON
INDUSTRIES, INC., and
ALTEK CORPORATION

By their attorneys,

Date:  November 1, 2005

/s/ Paul M. Lukoff
Paul M. Lukoff (#96)
David E. Brand (#201)
Prickett Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE  19899
(302) 888-6500

SO ORDERED this _____ day of _____, 2005.

_____
United States District Judge

9

✚✎AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF  CALIFORNIA

| | |
|---|---|
| AMPEX CORPORATION,<br>V.<br>EASTMAN KODAK COMPANY, ET AL. | **SUBPOENA IN A CIVIL CASE**<br>**USDC, For the District of Delaware**<br>Case Number:[1] **C.A. No. 04-1373-KAJ** |

TO:    Murray J. Demo
        Adobe Systems Incorporated
        345 Park Avenue
        San Jose, CA 95110-2704
        Tel: (408) 536-6000

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Ropes & Gray LLP<br>525 University Ave, Ste 300, Palo Alto, CA 94301 | DATE AND TIME<br>February 27, 2006<br>9:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See attached Schedule A**

| PLACE<br>Ropes & Gray LLP<br>525 University Ave, Ste 300, Palo Alto, CA 94301 | DATE AND TIME<br>February 16, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_                    Attorney for Plaintiff | February 2, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ray R. Zado
Ropes & Gray LLP
525 University Avenue, Ste 300
Palo Alto, CA  94301    (650) 617-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |
| **SERVED:** | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## SCHEDULE A

For a statement of your obligations in producing documents under this subpoena, see Rule 45(d)(1) and (2) of the Federal Rules of Civil Procedure, which appears on the subpoena.

A Protective Order has been entered in this case by the District Court for the District of Delaware (attached hereto as Ex. 1). This Order provides for the protection of confidential information produced by a third party to the litigation. Any confidential documents produced by Adobe Systems Inc. may be so designated as provided for in the Protective Order.

## DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.     "Kodak" refers to Defendant Eastman Kodak Company, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities; (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

2.     "Altek" refers to Defendant Altek Corporation, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, partners, OEMs, predecessors-in-interest, successors-in-interest, or any other related or affiliated entities, including without limitation, Altek Lab, Inc.; (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

3.     "Ampex" refers to Plaintiff Ampex Corporation, and any and all of its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, affiliates, partners, predecessors-in-interest, successors-in-interest; (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

4.     "Adobe" "you," or "your" refer to Adobe Systems, Inc., together with its: (i) divisions, departments, branches, domestic and foreign subsidiaries, business units, joint-venture entities, parents, affiliates, partners, predecessors-in-interest, successors-in-interest, including, but not limited to, the corporate entity formerly known as Macromedia, Inc.; (ii) its present and former officials, executives, directors, officers, agents, employees, consultants, attorneys; and (iii) all others acting or purporting to act on behalf of any of the foregoing.

5.    "Person" refers to natural persons and any and all other legal entities, including without limitation, individuals, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

6.    "Digital Image Storage and Retrieval Device" means any digital electronic device that generates, stores and retrieves digital images, including without limitation, digital still cameras, personal digital assistants (PDAs), and camera phones and camcorders with digital still capabilities.

7.    "Accused Kodak Device" means any Digital Image Storage and Retrieval Device, such as digital cameras and other digital electronic devices, that generates, stores and retrieves digital images, that has ever been made, sold or offered for sale in, or imported or sold for importation into the U.S., by or on behalf of Kodak, including without limitation, all versions of Kodak's CX4200, CX4210, CX4230, CX4300, CX4310, CX6200, CX6230, CX6330, CX6445, CX7220, CX7300, CX7310, CX7330, CX7430, CX7525, CX7530, DC4800, DX3900, DX4900, DX6340, DX6440, DX6490, DX7440, DX7590, DX7630, LS420, LS443, LS743, LS753, Z700, Z730, Z740, Z760, Z7590, Z650, C300, C310, C330, C340, C360, C663, V530, V550, V570, Easyshare-One, DCS Pro 14n, DCS Pro SLR/c, DCS Pro SLR/n, DCS Proback Plus, and DCS Proback 645 models.

8.    The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.    "Documents" as used herein is used in their broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, the original and all non-identical copies (including those with any notations) of the following items: agreements and contracts; assignments; licenses; correspondence; reports, notes and memoranda; summaries, minutes, notes and records of telephone conversations, meetings and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; cablegrams and telex messages; patents, registrations of service or trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments and invoices; books of account; statements, bills, checks and vouchers; brochures, pamphlets, catalogs, sales literature and sales promotion material; advertisements; trade letters, notices and announcements, and press releases; specification sheets and diagrams; warranty forms; notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blueprints, schematics, hardware description language listings, block, logic and timing diagrams, pictures and photographs; all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CD-ROM, including, but not limited to, software, firmware, source code, and electronic mail.

10.    "Communication" and "communications" means, unless otherwise specified, any of the following:  (i) any written letter, memorandum, e-mail or other

2

document; (ii) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; and (iii) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

11.    "Relating to" a subject means making a statement about, referring to, mentioning, discussing, describing, reflecting, dealing with, consisting of, constituting, comprising, recording, or in any way pertaining to the subject, whether in whole or in part and either directly or indirectly.

12.    "Most current version" means the final revision of a document, in terms of chronological order and/or revision number, that accurately describes the operation of the Kodak Device to which it relates.

13.    The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

14.    These requests set forth in this Schedule A are addressed to Adobe Systems Inc. and its: (i) present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary or affiliated entities that were in existence during the applicable period of time covered by these requests, including, but not limited to, the corporation formerly referred to as Macromedia, Inc.; (ii) any other person or entity acting on Defendant's behalf or on whose behalf Defendant acted; and (iii) any other person or entity otherwise subject to Defendant's control or which controls Defendant.

15.    Your answers must include all responsive information within your possession, custody or control, including, but not limited to, information within the possession, custody or control of your parent, subsidiary or affiliated entities, attorney(s), investigator(s), or other agent(s).

16.    If you object to any document request or part thereof, (a) state with specificity all grounds for such objection, and (b) respond to the document request to the extent not objected to.

17.    If you claim that the attorney-client privilege or any other privilege, protection or immunity is applicable to any written or electronic communication, you shall specify: (i) the name of each individual who signed it or under whose name it was issued, (ii) the name of each individual to whom it was addressed and the name of the individual who received it, (iii) the date the document bears, (iv) the title of the document, and (v) a description of the contents of the document. You shall also identify each and every person who prepared or participated in the preparation of the communication; state the present location of the communication and all copies thereof; identify each and every person having possession, custody or control of the document and

all copies thereof; state the privilege or protection claimed; and provide sufficient further information concerning the communication and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

## DOCUMENT REQUESTS

1.      All source code, software, and/or firmware exchanged between Adobe and Kodak for use in connection with any of the Accused Kodak Devices.

2.      The most current versions of any user's guides, programmer's guides, or the like relating to Macromedia Flash.

3.      All documents relating to the operation of the Kodak EasyShare One Digital Image Storage and Retrieval Device.

4.      All documents relating to the operation of a Kodak Digital Image Storage and Retrieval Device referred to as "Kirin."

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION )<br><br>*Plaintiff,* )<br><br>v. )<br><br>EASTMAN KODAK COMPANY,<br>ALTEK CORPORATION, and<br>CHINON INDUSTRIES, INC., )<br><br>*Defendants* ) | C.A. No. 04-1373 (KAJ) |

## PROTECTIVE ORDER FOR CONFIDENTIALITY

WHEREAS, documents and information may be sought, produced, or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information:

The parties stipulate, subject to order of the Court, that:

1.  Confidential information is information which concerns or relates to trade secrets, apparati, production, sales, shipments, purchases, transfers, customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

2. Any information submitted, in discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this action, which is asserted by a producing party to contain or constitute confidential information shall be so designated by such party in writing, or orally at a deposition, conference or hearing. Documents shall be clearly and prominently marked on their face with the legend: "[Party's name] CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order. Materials produced in *In the Matter of Certain Digital Image Storage and Retrieval Devices*, Inv. No. 337-TA-527 ("the Investigation"), and marked as containing Confidential Business Information Subject To Protective Order shall also be considered confidential under the terms of this protective order.

3. In the absence of written permission from the producing party, or an order by the Court, any confidential information produced in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and any personnel assisting the Court; (ii) outside counsel for parties to this action, including necessary secretarial and support personnel assisting such counsel; (iii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iv) technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a party); and (v) subject to paragraph 14, one member of each party's legal department, as designated by that party. The employee designated under section (v) must maintain all confidential information in separate and identifiable files, access to which is restricted to the designated employee. While this action is pending and for a period of one year following the final termination of this action, the employee

2

designated under section (v), must not, directly or indirectly, engage or assist in the prosecution

of patent applications (including but not limited to reissue and reexamination applications) the

subject matter of which involves digital still camera technology.  The employee designated by a

party under section (v) shall not have access to confidential licensing and negotiation documents,

or information contained in such documents, which are subject to a non-disclosure or other

confidentiality agreement between other parties and a nonparty, absent consent of that nonparty.

The producing party shall identify by production number the documents subject to this

restriction, and in good faith attempt to obtain such consent from each affected nonparty.  The

designated representative for Eastman Kodak Company is Heidi Martinez.  The designated

representative for Altek Corporation is Trista Chung.  The designated representative for Ampex

Corporation is Joel Talcott.

> 4.  Any entity that produces confidential information may consent to the sharing of its

own confidential information with any persons not included in paragraph 3 above.

> 5.  Any papers containing Confidential Information which a party chooses to file with

the Court shall be filed under seal with the legend "Confidential Information, Subject to

Protective Order dated ___(D.I. ___)."  When any confidential information produced in

accordance with paragraph 2 above is included in an authorized transcript of a deposition or

exhibits thereto, the parties will designate the transcript as confidential and arrange for the court

reporter taking the deposition to label the transcript "[producing party's name] CONFIDENTIAL

INFORMATION, SUBJECT TO PROTECTIVE ORDER."

> 6.  The restrictions upon, and obligations accruing to, persons who become subject to

this order shall not apply to any information submitted in accordance with paragraph 2 above to

which the person asserting the confidential status thereof agrees in writing, or the Court rules,

after an opportunity for hearing, was publicly known at the time it was supplied to the receiving

party or has since become publicly known through no fault of the receiving party.

    7.  If during the pendency of this action, a party to this order who is to be a recipient of

any information designated as confidential and submitted in accordance with paragraph 2

disagrees with respect to such designation, in full or in part, it shall notify the producing party in

writing, and they will thereupon confer as to the status of the subject information proffered

within the context of this order.  If the recipient and producing party are unable to concur upon

the status of the subject information submitted as confidential information within ten days from

the date of notification of such disagreement, any party to this order may raise the issue of the

designation of such a status to the Court who will rule upon the matter.  The Court may

determine that information alleged to be confidential is not confidential before, during or after

the close of trial herein.  If such a determination is made by the Court, opportunity shall be

provided to the producing party of such information to argue its confidentiality prior to the time

of such ruling.  The Court may sua sponte question the designation of the confidential status of

any information and, after opportunity for hearing, may remove the confidentiality designation.

    8.  No less than 10 days prior to the initial disclosure to a proposed expert of any

confidential information submitted in accordance with paragraph 2, the party proposing to use

such expert shall submit in writing the name of such proposed expert and his or her educational

and detailed employment history to all other parties.  If any party objects to the disclosure of

such confidential information to such proposed expert as inconsistent with the language or intent

of this order or on other grounds, it shall notify the party proposing to use the expert in writing of

its objection and the grounds therefor prior to the initial disclosure.  If the dispute is not resolved

on an informal basis within ten days of receipt of such notice of objections, the objecting party

shall submit each objection to the Court for a ruling. The submission of such confidential information to such proposed expert shall be withheld pending the ruling of the Court.

9.   If confidential information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

10. Upon final termination of this action, each recipient of confidential information that is subject to this order shall assemble and return to the producing party all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may destroy all items containing confidential information and certify to the producing party (or his counsel) that such destruction has taken place.

11. If any confidential information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this action, such a nonparty shall be considered a "producing party" as that term is used in the context of this order.

12. To avoid duplication of discovery taken in *In the Matter of Certain Digital Image Storage and Retrieval Devices*, Inv. No. 337-TA-527 ("the Investigation"), the parties agree that discovery of the parties taken in the Investigation, including each party's discovery responses, depositions, and documents produced by the parties, shall be deemed to have been taken in this action and that such discovery may be used, and shall be treated, for all purposes as if taken in this action. The parties shall in good faith attempt to contact non-parties that provided discovery in

the Investigation in order to determine whether such non-parties will consent that their discovery may be used and treated as if taken in this action. If such consent is not granted, such discovery shall be treated according to the terms of Order No. 1 entered in the Investigation. In accordance with the above, each party may permit the experts it used in the Investigation and that it again intends to use in this action, after notification to all parties, to maintain possession of the parties' confidential business information received during the Investigation. If a party does not intend to use an expert used in the Investigation, it must retrieve or destroy all confidential business information produced to the expert pursuant to the International Trade Commission protective order.

13. Source Code. Source code produced by defendants to Ampex shall be subject to the following additional provisions:

a.    Defendants will produce to Ampex Corporation source code for the cameras at issue in this action in electronic, searchable form.

b.    The source code will be designated "Confidential" under the Protective Order and must at all times be maintained at the highest level of confidentiality. The designated employees identified in paragraph 3 shall not have access to source code produced by another party.

c.    Defendants will provide one set of compact discs (or other media as agreed to by Defendants and Ampex Corporation) containing the electronic form of the source code.

d.    The electronic source code provided by defendants cannot be electronically copied (except for any temporary copies into RAM necessary to view and/or

6

search the source code as provided for in Paragraph e below). When not in use, the compact discs will be stored in a secure, locked cabinet.

e.  The compact discs will be viewed on one or the other of two, non-networked computers with no Internet access. One such computer will be located in one designated office of Ampex Corporation's outside counsel, and the other such computer will be located in another designated office of Ampex Corporation's outside counsel.

f.  Ampex Corporation will permit no more than five individuals to directly review the source code for any one camera. Ampex Corporation will provide 10-day advance written notification to Eastman Kodak Company identifying who Ampex Corporation will permit to view the source code.

g.  Ampex Corporation will promptly bates number any print-outs made of the source code and provide copies to defendants as soon as practicable, and not less than seven days prior to any depositions in which the source code will be used as an exhibit. At the completion of this action, Ampex Corporation will immediately destroy all printed versions of the source code and will return the compact discs to defendants' counsel.

h.  Any expert consultant retained on behalf of Ampex Corporation who is to be given access to defendants' produced source code (whether in electronic form or otherwise) must agree in writing not to perform design consulting or software development work relating to digital camera technology for the pendency of the action including appeal and a period of one year after the issuance of a final, non-appealable decision resolving all issues in this action.

7

14. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. Details relating to confidentiality and public access to information presented at trial will be addressed in the pretrial order.

The foregoing is stipulated to by the parties:

AMPEX CORPORATION

By its attorneys,

Date:  November 1, 2005

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Morris Nichols Arshi & Tunnell
1201 North Market Street
Wilmington, DE  19801
(302) 575-7291

EASTMAN KODAK COMPANY, CHINON
INDUSTRIES, INC., and
ALTEK CORPORATION

By their attorneys,

Date:  November 1, 2005

/s/ Paul M. Lukoff
Paul M. Lukoff (#96)
David E. Brand (#201)
Prickett Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE  19899
(302) 888-6500

SO ORDERED this _____ day of _____, 2005.

_____
United States District Judge

9

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on February 3, 2006, I caused to be electronically filed the foregoing *Notice of Deposition of Adobe Systems, Inc.* with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Paul M. Lukoff, Esquire
> David E. Brand, Esquire
> Prickett, Jones & Elliott, P.A.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Paul M. Lukoff, Esquire
> Prickett, Jones, Elliott,
> 1310 King Street
> Wilmington, DE  19899

### BY FEDERAL EXPRESS

> Michael J. Summersgill, Esquire
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA  02109

> */s/ Julia Heaney*
> Julia Heaney (#3052)