**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
1310 KING STREET, BOX 1328
WILMINGTON, DELAWARE 19899
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6520
Writer's Telecopy Number::
(302)888-6331
Writer's E-Mail Address:
PMLukoff@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

February 6, 2006

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

**VIA EFILE AND HAND DELIVERY**

RE:   Ampex Corporation v. Eastman Kodak Company, et al.,
      C.A. No. 04-1373-KAJ

Dear Judge Jordan:

This letter sets forth Defendants Eastman Kodak Company's and Altek Corporation's one issue for the February 8, 2006 conference-call with the Court. Defendants request an Order compelling deposition testimony from Ampex Corporation pursuant to Rule 30(b)(6) relating to the conception and reduction to practice of the product – the Ampex ESS-3 – that is alleged by Ampex to embody the invention of Ampex's patent-in-suit (the '121 patent).

### Factual Background

Defendants served the 30(b)(6) notice at issue on December 1, 2005. Ampex served its Objections on January 19, 2006. There are ten topics in the notice, Ampex's objections and responses to eight of which are insufficient. These eight are summarized as follows:

| | |
|---|---|
| Topic 1 | Procedures at Ampex for developing new products |
| Topic 3 | Reduction to practice of the alleged invention claimed in the '121 patent |
| Topic 5 | Development of the '121 invention into the ESS-3 product |
| Topic 6 | The manufacture and sale of the ESS-3 |
| Topic 7 | The assembly and testing of components of the ESS-3 |
| Topic 8 | The structure, function and operation of the ESS-3 reentry circuitry |
| Topic 9 | The structure, function and operation of other components of the ESS-3 |
| Topic 10 | ESS-3 features that were functional during demonstrations |

Ampex objected to each of these topics as "duplicative" of topics in deposition notices served by defendants upon Ampex in the ITC investigation that Ampex ultimately dropped in favor of this action (the agreed-upon Scheduling Order in this case prohibits discovery that is duplicative of discovery taken in the ITC investigation). Ampex further objected to each of these topics as duplicative of fact witness (i.e., non-30(b)(6)) deposition testimony taken by defendants, and to several as duplicative of interrogatory responses supplied by Ampex.

With respect to Topics 1, 3 and 5, after objecting, Ampex responded that it would only produce a witness to testify about documentation procedures and procedures for maintaining records of development work related to the ESS-3 product. For Topics 6-10, Ampex responded that there "is no remaining Ampex employee who has knowledge of these subjects" and that "[i]f Ampex

19660.3\296637v1

The Honorable Kent A. Jordan
February 6, 2006
Page 2

is required to designate a corporate representative on these subjects, such representative would reference the testimony, documents, and interrogatory responses already of record." In essence, Ampex has indicated that it will not be producing a knowledgeable witness for these topics.

### Ampex is Obligated to Produce a Knowledgeable 30(b)(6) Witness

Rule 30(b)(6) provides that after receiving a notice of deposition, the corporation should "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed.R.Civ.P. 30(b)(6). The designated deponent has a "duty of being knowledgeable on the subject matter identified as the area of inquiry." *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 2005 WL 440621 (D.Del. Feb. 18, 2005)(Farnan, J.); *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 148, 151 (D.D.C. 1999). If the person designated by the corporation does not have personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that he is able to give knowledgeable and binding answers for the corporation. *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995).

*The 30(b)(6) Testimony Sought by Defendants Would Not Be Duplicative*

Ampex has objected to the 30(b)(6) topics at issue as being duplicative of ITC deposition topics. But Joel Talcott, the Ampex ITC designee on the ESS-3 product and on the conception and reduction to practice of the alleged invention, was unprepared and gave incomplete testimony. Over the course of his 2-day deposition in March 2005, despite his status as 30(b)(6) designee, Mr. Talcott responded "I don't know" *over three hundred and fifty times*, and "I don't recall" *over twenty-five times.* Here is but a small sampling of his testimony:

> Q.      Mr. Talcott, what is the invention of 121 Patent?
> MR. BRIGHTMAN:      Same objections.
> A.      I don't know.
>
> Q.      Who at Ampex would know what the invention of the 121 Patent is?
> MR. BRIGHTMAN:      Objection. Lacks foundation.
> A.      I don't know that there are any Ampex employees who could be – I forget how you phrased the question, who would know.
> Q.      How would you describe the invention of the 121 Patent to a jury?
> MR. BRIGHTMAN:      Objection. Calls for legal conclusion. It's beyond the scope of the deposition topics for which Mr. Talcott has been designated.
> A.      I wouldn't.
> Talcott March 16, 2005 Deposition Transcript, pp. 107-108
>
> Q.      Do you understand the technology that's generally disclosed in the 121 Patent?
> MR. BRIGHTMAN:      Objection. Vague and ambiguous.
> A.      I'm unable to testify to the technology disclosed.
> *Id.* p. 107
>
> Q.      What is a size reducer?
> MR. BRIGHTMAN:      Same objection.
> A.      I'm not prepared to discuss these terms.
> Q.      Do you know what a size reducer is?
> MR. BRIGHTMAN:      Same objection. Also vague and ambiguous.
> A.      Size reducer can be a lot of things.

The Honorable Kent A. Jordan
February 6, 2006
Page 3

> Q.   Okay. You testified earlier that a size reducer could be a lot of things. What are some of those things?
> MR. BRIGHTMAN:   Objection. Mischaracterizes his prior testimony.
> A.   Exercise equipment. It's a very broad term.
> Q.   As in a fitness center?
> A.   Yes.
> Q.   Can the term size reducer in the context of the 121 Patent mean exercise equipment?
> A.   I'm not prepared to discuss the 121 Patent context of size reducer.
>
> pp. 83-84

As noted above, a 30(b)(6) witness is obligated to prepare for the topics of the 30(b)(6) notice to the extent that the witness does not have personal knowledge. Indeed, courts have held that repeated "I don't know" answers given to a questions within the bounds of the 30(b)(6) notice is tantamount to a non-appearance. *See, e.g., Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993). Because Ampex's designee was unprepared to (and, in fact, did not) provide answers on the 30(b)(6) topics for which he was designated, Ampex's objection to Defendants' current 30(b)(6) notice on these topics is improper.

It is also improper for Ampex to object that the 30(b)(6) topics are duplicative of fact depositions taken, including those of former Ampex employees, or of its interrogatory responses. A statement by the designee under Rule 30(b)(6) is a statement against interest under Fed. R. Evid. 804(b)(3), and binding against the corporation. *Ierardi v. Lorillard, Inc.*, No. 90-7049, 1991 WL 158911 at *3 (E.D. Pa. 1991). For this reason, a party cannot seek to avoid producing a 30(b)(6) witness by claiming that another person has already been deposed, in his or her individual capacity, on a given topic. To do so is to deprive the discovering party of a legitimate benefit bestowed by the Rule. *Id.*

*Ampex Must Prepare a Witness if it Has No Knowledgeable Present Employees*

In its objections, and in discussions with Defendants' attorneys, Ampex has claimed that it has no current employees with knowledge of the topics at issue. This is insufficient, however, as Ampex has the ability to educate any proffered witness *prior to the deposition* by means of reference to documents and, especially, talking with former Ampex employees (Ampex is, of course, not precluded from designating former employees if it gets consent).

There should be no dispute that Ampex has a duty to educate its 30(b)(6) witness "to the extent the matters are reasonably available, whether from documents, *past employees,* or other sources". *Bank of N.Y. v. Meridien BIAO Bank Tanz., Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (emphasis added). Ampex has produced and identified documents (which can be consulted) that it contends demonstrate conception and reduction to practice of the '121 invention and the ESS-3. Former employees that could be consulted to educate any 30(b)(6) witness include, among others, the named inventor on the '121 patent, Daniel Beaulier. Mr. Beaulier has voluntarily supplied testimony for Ampex, and is under retainer and being paid by Ampex for his time in the ITC investigation and in this case (he has also retained Ropes and Gray as his counsel).

Defendants cannot and do not want to tell Ampex who to designate as its 30(b)(6) witness on the topics at issue in this letter. Defendants are, however, entitled to a witness that is knowledgeable about those topics and thus qualified to testify. Accordingly, Defendants ask that the Court Order Ampex to designate a qualified 30(b)(6) witness that is adequately prepared.

The Honorable Kent A. Jordan
February 6, 2006
Page 4

                                                  Respectfully submitted,

                                                  PAUL M. LUKOFF

PML/mhl
cc:    Jack B. Blumenfeld, Esquire (Via Efiling)
        Norman H. Beamer, Esquire (Via E-Mail & FedEx)
        Jesse J. Jenner, Esquire (Via E-Mail)
        S. Calvin Walden, Esquire (Via Email)
        Michael J. Summersgill, Esquire (Via Email)
        Jordan L. Hirsch, Esquire (Via Email)