## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

February 6, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

       RE:  <u>Ampex v. Eastman Kodak, C.A. No. 04-1373-KAJ</u>

Dear Judge Jordan:

       This letter sets forth Plaintiff Ampex Corporation's discovery issues for the February 8, 2006 conference call. Ampex requests an order compelling Defendant Kodak to: (1) provide a complete response to Ampex's Interrogatory No. 2 regarding its damages contentions; (2) produce evidence of all payments made by Kodak and its licensees under each license Kodak has produced in this case; (3) remove improper redactions Kodak made to its licensing correspondence; and (4) produce certain documents related to Kodak's 2001 acquisition of Ofoto. Ampex requests, in addition, an Order compelling Kodak to produce the remaining non-produced license agreements by February 10, 2006, pursuant to the Court's instructions and Order following the previous conference with the Court on January 12, 2006.

**Ampex's Interrogatory No. 2 regarding Kodak's damages contentions**

       Ampex served Interrogatory No. 2 on September 15, 2005 – nearly five months ago – asking Kodak to identify its contentions as to any damages to which Ampex would be entitled, including: (a) the reasonable royalty rate that Kodak contends should be used to compute damages; (b) the base to which that rate should be applied, and how such base was determined; (c) all documents Kodak contends support the use of that rate and base, and (d) all people having knowledge of any fact supporting Kodak's reasonable royalty contentions and analyses. On October 28, 2005, Kodak responded with objections, providing a substantive response only to subpart (d). On January 20, 2006, in response to Ampex's January 5 request, Kodak served a supplemental response. This response added objections but nothing substantive beyond an identification of Kodak's annual reports, sales data for the accused products, and the documents that Ampex identified in its response to Kodak's damages interrogatory (to which Ampex provided a full, substantive response on November 7, 2005 – see Exhibit A). The pages containing Ampex's Interrogatory No. 2 and Kodak's responses are attached as Exhibit B.

The Honorable Kent A. Jordan
February 6, 2006
Page 2 of 3

Kodak's failure to provide damages contentions has prejudiced Ampex. Without Kodak's complete contentions, Ampex cannot plan for, or take, discovery it may need to rebut Kodak's damages case at trial. Discovery is set to close on February 28. Ampex needs, in particular, a complete response sufficiently in advance of the 30(b)(6) deposition of Kodak on damages issues, currently noticed for February 14, 2006. The parties are conferring on an actual date for the deposition.

At the parties' meet and confer, Ampex requested damages contentions from Kodak having comparable specificity to Ampex's November 7, 2005 response to Kodak's interrogatory requesting Ampex's damages contentions. Subsequent to the meet and confer, Kodak offered to provide a further response to Ampex's interrogatory by today. Given the long delay in Kodak's response, and the late stage of discovery, Ampex submits the issue for this conference. Should Kodak provide a complete response before the hearing on February 8, thereby mooting the dispute, Ampex will inform the Court.

### Evidence of payment, including royalty reports

Ampex's Document Request Nos. 23-26 seek, *inter alia*, all documents relating to Kodak's licenses of two Kodak patents that are comparable to the patents-in-suit, U.S. Patent No. 5,016,017 ("the '107 patent") and U.S. Patent No. 5,164,831 ("the '831 patent")(the pages containing these requests and Kodak's responses are attached as Exhibit C.) Documents that establish the full amount of royalties paid under these licenses, including the royalty reports referred to in these licenses, are responsive to these requests. Kodak has refused to produce them, however, claiming that they are highly confidential and sensitive information. Because there is a Protective Order to protect confidential information, Kodak has not stated grounds to refuse production.

Ampex needs the royalty reports to determine the value to Kodak of Kodak's licenses of patents in the same technical field as the patent-in-suit. For some of the licenses, the information also is needed to determine implied royalty rates and to understand the value and timing of royalty payments that cannot be determined from the licenses alone.

### Improper redactions

Ampex's Document Request Nos. 23-25 seek, *inter alia*, the production of correspondence related to the licensing of the '107 and '831 patents (see Exhibit C). Even though Ampex is entitled to full production of these documents, the parties had reached a compromise whereby Kodak would produce versions redacting portions solely regarding patents other than the '107 and '831 patents. On the basis of an unduly narrow reading of that compromise, Kodak redacted numerous portions of some responsive documents, and may have withheld other documents in their entirety.

Ampex requests an Order requiring Kodak to unredact information either relating to the '107 and '831 patents or information that is necessary to understanding and analyzing unredacted

The Honorable Kent A. Jordan
February 6, 2006
Page 3 of 3

information. With respect to the withheld documents, however, the parties appear to be close to a compromise.

Kodak's redactions exceed the scope of the agreement. Kodak's redactions include: (1) information that clearly pertains to the '107 and '831 patents (see, *e.g.,* Exhibit D); (2) information that is necessary to understanding those portions that do relate to the '107 and '831 patents, including particular words as well as entire pages of material (see, *e.g.,* Exhibit E); (3) apparent redactions that are not labeled as redactions – they just consist of blank spaces – making it impossible to tell what other "hidden" redactions these documents might contain (see, *e.g.,* Exhibit D); and (4) documents that are redacted in their entirety (see, *e.g.,* Exhibit F). Kodak has also produced only particular pages of larger responsive documents (see, *e.g.,* Exhibit G). Kodak has stated that it is working to address Ampex's concerns with respect to redactions. Because it is unclear whether Kodak will unredact sufficient information, Ampex seeks the Court's assistance in resolving this dispute.

### Documents related to Ofoto acquisition

Ampex's Document Request Nos. 117, 118, 119, and 121 seek documents relating to Kodak's acquisition of Ofoto, a company that processes digital photographs (see pages containing these requests and Kodak's responses attached as Exhibit H). In response to Kodak's objections, Ampex offered to narrow the scope of these requests to documents relating to Kodak's reasons and motivations for acquiring Ofoto, and documents relating to the actual or expected profitability of its services. Kodak has refused to produce these documents, stating irrelevance and "harassment" objections. Ampex needs these documents to assess the value, and Kodak's expected value, of services sold by Kodak in conjunction with and collateral to sales of the accused digital cameras. The value of collateral and convoyed sales is pertinent to the reasonable royalty analysis under the sixth *Georgia Pacific* factor.

Respectfully,

*/s/ Julia Heaney (#3052)*

Enclosures
cc:   Peter T. Dalleo, Clerk (By Electronic Filing)
      Paul M. Lukoff, Esquire (By Electronic Filing)
      Michael J. Summersgill, Esquire (By Electronic Filing)
      Norman H. Beamer, Esquire (By Electronic Filing)