# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

February 7, 2006

**BY ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

RE: Ampex v. Eastman Kodak, C.A. No. 04-1373-KAJ

Dear Judge Jordan:

This is Ampex's response to defendants' February 6 letter to the Court. Defendants seek an order compelling 30(b)(6) deposition testimony regarding the conception and reduction to practice of the invention claimed in the '121 patent. Defendants' motion should be denied because 30(b)(6) depositions are not a proper vehicle for contention discovery. Ampex has provided contention discovery through responses to interrogatories; defendants seek to duplicate discovery already provided through 30(b)(6) and individual fact witnesses; and defendants are attempting to compel one or more lay witnesses/designees, previously untutored in the pertinent facts or technology, to master an encyclopedic range of information that no one person (or persons) can reasonably be expected to absorb.

   1.   **Ampex Should Not Be Compelled to Produce a 30(b)(6) Witness to Provide Contention Discovery**

Defendants do not address Ampex's principal objection to several of the topics in defendants' 30(b)(6) notice. Ampex objected to the extent that the topics call for testimony regarding the bases for legal contentions and positions to be taken by Ampex during litigation, discovery concerning which is properly elicited through interrogatories (Exhibit A).

Ampex's objections concerning improper 30(b)(6) contention discovery are entirely consistent with the decisions of this Court. For example, Judge Stapleton has stated that:

> a lay person shouldn't be required to formulate a party's contention in response to deposition questioning and that not even a lawyer should be required to formulate trial strategy and contentions in immediate response to questions on deposition. And it has accordingly been the consistent practice to require that contention discovery, which is clearly permissible and constructive in narrowing the issues, but to confine it to interrogatories to a party, period.

*Tiegel Manu. Co. v. Globe-Union, Inc.*, Civil Action No. 84-483, transcript at p. 14 (Exhibit B).

The Honorable Kent A. Jordan
February 7, 2006
Page 2 of 3

The "sampling" of testimony set forth in defendants' letter is illustrative of the contention discovery that defendants seek through 30(b)(6) deposition. First, defendants cite to pages 107-108, where defendants seek to elicit Ampex's understanding of the '121 patent claims through the 30(b)(6) testimony of Ampex's General Counsel, Mr. Joel Talcott (Exhibit C). Defendants also cite to pages 83-84, where defendants seek to elicit from Ampex's 30(b)(6) witness the meaning of the term "size reducer," a '121 patent claim term. In these instances, and in many other instances objected to by Ampex's counsel, defendants clearly seek contention discovery regarding the '121 patent claims.

During the parties' meet and confer on this subject, defendants argued that they seek the "facts" underlying Ampex's contentions regarding conception and reduction to practice. This does not avoid the problem. Whether done directly or indirectly, asking for the factual basis of a contention is tantamount to asking for the contention itself. For example, defendants have sought through the 30(b)(6) deposition to learn how the documents identified by Ampex show the conception and reduction to practice of each and every element of the '121 patent claims. However, seeking the "facts" that underlie conception or reduction to practice is itself seeking Ampex's contentions on those issues. As Chief Judge Robinson recently stated:

> I have never thought contention Interrogatories are appropriately responded to via 30(b)(6) depositions. I still maintain that position. So if you ask for depositions concerning the basis for a defense, that is a contention interrogatory. You can ask who has knowledge and then you can take individuals depositions, but I don't believe that a corporate deposition is appropriate for contention.

*McKesson Information Solutions LTC* v. *The Trizetto Group, Inc.*, Civil Action No. 04-01258, transcript at page 21 (Exhibit D). For at least these reasons, defendants' motion to compel 30(b)(6) contention discovery should be denied.

 2. **Ampex Has Already Provided Contention Discovery In Response to Interrogatories**

With respect to conception and reduction to practice of the '121 patent claims (30(b)(6) topic 3), Ampex has already provided contention discovery in response to defendants' interrogatories. Ampex has provided the dates and location of the conception and reduction to practice of the subject matter disclosed and claimed in the '121 patent. Ampex has identified the documents that relate to conception and reduction to practice. Ampex has identified the persons most knowledgeable concerning such documents. Ampex has further provided a detailed claim chart explaining how each '121 claim element is embodied in Ampex's ESS-3 product. (See, e.g., Ampex's responses to defendants' ITC Interrogatory No. 14 and Altek's Interrogatory No. 25.) Ampex has also provided additional interrogatory responses that contain information sought by defendants' 30(b)(6) topics 5, 6, 7, 8, 9 and 10. In addition, during the ITC proceedings, Ampex provided the written rebuttal expert report and written rebuttal testimony of its expert, setting forth how documents produced by Ampex corroborate the conception of the subject matter of each of the asserted claims.

 3. **Ampex Has Already Provided Discovery Through 30(b)(6) and Individual Fact Witnesses**

In addition, last year during the ITC action, Ampex designated its General Counsel, Mr. Joel Talcott, to testify as its corporate witness. In that capacity, Mr. Talcott prepared for and testified with

The Honorable Kent A. Jordan
February 7, 2006
Page 3 of 3

respect to over seventy 30(b)(6) topics designated by defendants (Exhibit E). For many of those topics, there is no remaining employee at Ampex with personal knowledge of the facts (Ampex left the video systems business to explore other areas in the early 1990s). To prepare for those topics, Mr. Talcott reviewed the documents produced by Ampex and studied written interrogatory responses, which were prepared after consulting with Ampex's former employees with personal knowledge. Given the large number of topics, Mr. Talcott admittedly had difficulty remembering some of the information he had learned. In that regard, Mr. Talcott supplemented his deposition testimony by submitting a comprehensive written statement identifying interrogatory responses containing the information that he was unable to remember in "real time" during his deposition. The topics in the 30(b)(6) notice at issue are largely duplicative of the topics that were the subject of Mr. Talcott's ITC depositions (compare Exs. A and E). As acknowledged by the defendants, the agreed-upon Scheduling Order in this case prohibits discovery that is duplicative of discovery taken in the ITC action.

Lastly, during his 30(b)(6) depositions, Mr. Talcott identified former Ampex employees with knowledge of the information sought by defendants. For example, Mr. Talcott identified the inventor, Mr. Daniel Beaulier, as an individual with personal knowledge of the conception and reduction to practice of the claimed invention and the detailed structure, function and operation of the ESS-3, including the reentry circuitry. Defendants thereafter deposed numerous former Ampex employees and third party witnesses, including Mr. Beaulier, as fact witnesses on the topics presented in defendants' notices.

Ampex seeks the Court's guidance on how to proceed concerning facts that are exclusively in the possession of former Ampex employees and third party witnesses. It is beyond dispute that nobody can memorize the prior testimony in this action, and the information contained in the hundreds of pertinent documents, and testify from memory as to their content, or explain the technical matters disclosed therein. Any 30(b)(6) deposition regarding those topics would either duplicate prior discovery or lead to endless adjournments so that the witness could attempt to ascertain the information sought.

This is not a situation where facts or information are being withheld from defendants. Ampex has disclosed all of the documents that it has been able to find that relate to these issues. Ampex has helped locate and make available the inventor and more than ten other ex-Ampex employees who are knowledgeable about the facts and documents. Ampex has laid out its contentions and positions as to the relevant issues. Defendants now appear to be attempting to force Ampex to do the impossible: teach a witness or group of witnesses, none of whom has any relevant personal knowledge on these subjects, everything disclosed in the relevant documents, and everything known to a large group of ex-employees. It would be unfair to force witnesses to attempt this, and then to seek to make it Ampex's corporate testimony.

Respectfully,

/s/ Julia Heaney (#3052)

cc:  Peter T. Dalleo, Clerk (By Electronic Filing)
     Paul M. Lukoff, Esquire (By Electronic Filing)
     Michael J. Summersgill, Esquire (By Electronic Filing)
     Norman H. Beamer, Esquire (By Electronic Filing)