# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

February 21, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

      RE:  Ampex v. Eastman Kodak, C.A. No. 04-1373-KAJ

Dear Judge Jordan:

      This is an interim status report submitted on behalf of plaintiff Ampex and defendants Kodak, Altek, and Chinon ("Defendants") pursuant to this Court's Scheduling Order. The parties have exchanged and responded to written discovery requests, including requests for production of documents and interrogatories, both in this action and the previous ITC action. The parties have also produced documents and are presently conducting deposition discovery of fact witnesses. Fact discovery is scheduled to close on February 28, 2006. Expert reports are due March 14, 2006.

<p align="center"><u>Ampex's Statement Of The Status Of This Case</u></p>

      There currently are over twenty depositions scheduled to take place by the end of fact discovery. At present, there are five depositions of fact witnesses that the parties have been unable to schedule during the fact discovery period. The parties request leave of the Court to schedule the following depositions on the following dates:

| Deposition | Party who noticed deposition | Date/Time | Location |
|---|---|---|---|
| 30(b)(6) of Kodak re: certain topics from notice dated 1/31/06 (Westbrook) | Ampex | 3/6/06; 9:30 a.m. | Rochester, NY |

| Deposition | Party who noticed deposition | Date/Time | Location |
|---|---|---|---|
| Fabian | Defendants | 3/7/06; 9:30 p.m. | Wilmer Cutler PA |
| Holbrook | Ampex | 3/10/06; 9:30 a.m. | Ropes & Gray Boston |
| 30(b)(6) of Ampex, re: certain topics from notice dated 12/1/05 (Felix) | Defendants | 3/8/06; 9:30 a.m. | Wilmer Cutler PA |
| MacLeod | Defendants | 3/10/06; 9:30 a.m. | Wilmer Cutler PA |

In addition, the parties have been meeting and conferring in an attempt to resolve various discovery issues. In the event that one or more of these issues is not resolved, the parties may seek to address such issues at the conference scheduled for February 28, 2006.

Ampex's Discovery Issues

1.  Ampex's Interrogatory No. 9 requested Kodak to identify all witnesses that it intends or expects to call at trial, and for each witness to describe in detail the subject area(s) of his of her expected testimony. Kodak's February 16, 2006 response objected to this interrogatory as premature, citing the scheduled October 10, 2006 exchange of witness lists per the Scheduling Order and Proposed Final Pretrial Order. Ampex does not agree that the pretrial witness list supplants the duty to fully respond to a properly propounded interrogatory.

2.  Ampex seeks production of the source code for the following cameras: CD50, DC4800, and C340. Ampex also seeks production of the complete source code for the C310, C315, C330, CW330, CD33, CD40 and CD43 cameras, to the extent not produced.

3.  Ampex seeks production of Altek's documents regarding the operation of the CX4200, CX4210, CX4230, CX4300 and CX4310 cameras, incorporation of Hyperstone and ARC processor cores into the Altek Sunny processors, and programmer's manuals regarding the Hyperstone and ARC processor cores.

4.  Ampex has scheduled depositions in Taiwan for February 22-24. If Ampex does not receive the source code and documents requested in items 1 and 2 above

sufficiently in advance of the Taiwan depositions, Ampex's ability to obtain complete discovery in Taiwan will be hampered. Given the difficulties of scheduling international depositions, the parties have discussed the possibility of supplementing the discovery through interrogatories or some other means. To the extent this option is followed, the parties seek leave from the Court to serve such interrogatories notwithstanding that the due date for the responses falls outside the fact discovery period.

5. Ampex believes that the witnesses provided for 30(b)(6) deposition in Japan provided insufficient testimony regarding the operation of at least the DX4900, C340, and EasyShare One cameras. Defendants have agreed to supplement this testimony in writing by responding to interrogatories to be served by Ampex today. The parties seek leave from the Court to serve such interrogatories notwithstanding that the due date for the responses may fall outside the fact discovery period.

6. Ampex seeks production of certain documents identified during the depositions in Japan, as set forth in its letter to defendants dated February 16, 2006.

7. Ampex seeks a complete response to Interrogatory No. 2 to Altek, which seeks identification of cameras manufactured by Altek for companies other than Kodak.

8. Ampex has served a subpoena on non-party Adobe Systems, Inc. Adobe has attempted to evade service of the subpoena. Ampex may need to seek the assistance of the District Court of the Northern District of California to enforce such subpoena.

9. Ampex seeks production of royalty and payment reports for Kodak's licenses involving the '831 and '107 patents. Kodak informed its licensees of the need to produce such reports. Kodak asked Ampex to identify a subset of reports for initial, expedited production, and to review those reports to determine whether production of additional reports would be necessary. Ampex agreed to this proposal in general, and has identified a subset of licenses to Kodak. Kodak has not yet indicated whether it can produce the initial subset identified by Ampex. Should Kodak produce the subset of reports, Ampex will review them and make a good faith determination as to whether all or a portion of the remainder of the reports need be produced, or whether summary information can be provided in lieu of additional reports.

10. Ampex seeks production of correspondence relating to royalty rate and payment terms for Kodak's licenses of the '831 and '107 patents. Kodak has agreed to produce the correspondence, including correspondence made by its agent Andre-Troner, and to unredact with respect to this subject matter. Ampex has requested that the production be made sufficiently in advance of upcoming depositions on damages issues. Ampex agreed to withdraw without prejudice its subpoena to Andre-Troner, pending Ampex's review of the documents. Depending on the outcome of that review and deposition on the topic of Kodak's licensing, Ampex may seek leave of the court to re-serve the subpoena.

11. Ampex seeks complete production of Kodak's sales, revenue, cost and margin data for the accused cameras. Kodak has stated it will update its sales and revenue data,

and will produce its cost and margin data on February 20. Kodak also will produce similar information for Kodak accessories and services dated after 1998. Although it is continuing to look, Kodak has stated that because of its document retention policies, it may no longer have pre-1998 financial information on its digital cameras. If any such information is found, however, Kodak intends to produce it.

12.     Ampex seeks production of market research reports from independent marketing companies to which Kodak subscribes to. Ampex requests that such production be made sufficiently in advance of upcoming depositions on damages issues.

13.     Ampex may seek the assistance of the Court to resolve certain scheduling issues regarding the depositions of Kodak and Kodak personnel with respect to damages issues. On January 31, 2006, Ampex noticed and requested a 30(b)(6) deposition on damages issues for February 14, so that there would be sufficient time to take additional personal depositions to follow-up. Ampex was hopeful that an earlier 30(b)(6) deposition would obviate the need for a number of personal depositions. Kodak has, however, made its corporate designees available only on the last few days of the discovery period, and, for several topics, after the close of discovery. Depending on the outcome of the 30(b)(6) depositions, Ampex may request leave to take additional fact depositions after the close of discovery, and seek to supplement its expert reports should that become necessary. Ampex has noticed additional fact depositions. Some of these have been scheduled. Ampex may forego the right to take some of these depositions depending on the outcome and timing of the depositions currently scheduled. Ampex could not have scheduled these or the 30(b)(6) depositions earlier because Kodak produced a large number of documents relating to damages issues in January, and continues to produce such documents. Kodak also did not provide any substantive response to Ampex's interrogatory about Kodak's damages contentions until quite recently.

### Ampex's Response to Defendants' Discovery Issue

Following the February 8, 2006 telephone conference with the Court, the parties met and conferred regarding Defendants' December 1 notice. To narrow the issues, Ampex agreed to designate as 30(b)(6) testimony the individual testimony of former Ampex employees. Ampex also agreed to designate a 30(b)(6) witness, subject to a narrowing of the topics by agreement of the parties. Ampex has informed Defendants that Joel Talcott will be available to testify on February 22 with respect to certain 30(b)(6) topics, and anticipates that Michael Felix will testify on March 8 with respect to the remaining narrowed 30(b)(6) topics.

### Ampex's Response to Defendants' Proposed Bifurcation Motion

Ampex intends to oppose Defendants' motion for bifurcation in its entirety. Such opposition will further seek to preclude defendants from relying on opinions of counsel not timely produced during the fact discovery period. Ampex served document requests seeking defendants' opinions on September 15, 2005 (see Document Request No. 67). Ampex has also provided a detailed response to Defendants' interrogatory concerning willful infringement. By

failing to produce their opinions of counsel during the fact discovery period, Defendants have denied Ampex the opportunity to depose fact witnesses on this subject.

<center>Response to "Relevance of Kodak's Patents to This Action"</center>

The relevance of the '831 and '107 patents is not a discovery issue that should be included in this joint report, the production of documents related to these patents having been resolved by the parties as noted above. However, Ampex's position is that Kodak's licenses in the digital still camera field are relevant to reasonable royalty damages in this case, and those licenses include the '831 and '107 patents – patents which on their face pertain to digital still cameras. Ampex will address this issue further at the appropriate time.

<center>Defendants' General Response To Ampex's Issues</center>

As a general matter, Defendants' disagree with the characterizations of the discovery issues raised by Ampex above. Defendants continue to work diligently and in good faith to provide Ampex with the discovery Ampex has requested. Defendants do not believe that a point by point response to Ampex's contentions is appropriate in this report. Defendants will be prepared to address any outstanding issues during the February 28 status conference. Defendants do believe, however, that a brief response to Ampex's points Nos. 4, 5, and 13 is necessary:

Ampex No. 4 (The February 22-24 Taiwanese Depositions). The parties have discussed allowing Ampex to serve additional interrogatories for Altek if there is some reasonable basis. However, it is currently believed that such interrogatories will be unnecessary because Ampex will be examining three knowledgeable Altek witnesses this week.

Ampex No. 5 (Japanese Testimony And Additional Interrogatories). Kodak does not agree that its Japanese witnesses provided insufficient testimony. In the interest of resolving Ampex's concerns, however, Kodak agreed that it would respond to limited and focused interrogatories on three cameras – DX4900, C340, and EasyShare One. Kodak also agreed to waive the 30-day response requirement and attempt to respond before the close of fact discovery. That agreement, however, was made over two weeks ago, and Ampex has not provided its "limited and focused" interrogatories.

Ampex No. 13 (Ampex's Rule 30(b)(6) Notice on Damages). Ampex's request for potential additional fact depositions regarding the damages issues in this case, after the close of fact discovery, is not justified. Ampex served its 30(b)(6) notice regarding damages on January 31, 2005 (with no explanation for why it could not have served the notice earlier). Ampex's notice contained 13 different topics relating to the digital camera market and every Kodak digital camera from 1989 to the present. Two weeks after receiving the notice, Kodak provided Ampex with witnesses and proposed dates for depositions. Because of the broad scope of the topics, Kodak has been required to designate 5 different witnesses to address these topics. All but one of these witnesses' depositions are scheduled to take place by the end of fact discovery.

The Honorable Kent A. Jordan
Page 6
February 21, 2006

Including the depositions noted above, Ampex has noticed 19 depositions since January 25, 2006. This is in addition to the 65 depositions that were taken during the International Trade Commission investigation. Defendants do not believe that Ampex will have a need or justification for still more depositions after the close of fact discovery.

Defendants' Discovery Issue

On February 8, 2006, the Court instructed Ampex to produce a witness in response to Defendants' *December 1, 2005* 30(b)(6) deposition notice regarding the conception and reduction to practice of the '121 patent. *See* February 8, 2006 Teleconference Hearing Tr. at 25 (Kodak and its counsel "are entitled to know what your position is and they are entitled to use a 30(b)(6) deposition as a tool to do it."). Ampex has been reluctant to produce its witness. On February 14, Defendants offered to pare down the list of topics to include only topics 1 (procedures and documentation of developed products); 6 (narrowed to what features of the ESS-3 were operational as of NAB 1983); 7 (assembly and testing of the ESS-3 hardware); 8 (the Reentry Circuitry of the ESS-3); and 9 (testing and operation of particular features of the ESS-3). On February 17, 2006, only after repeated additional requests (and offers to compromise) from Defendants, Ampex finally designated Michael Felix to testify in response to the Notice. Ampex failed to identify, however, the topics on which Mr. Felix will provide testimony. To the extent Ampex has not designated a witness for each of these topics by February 28, Defendants will seek a further order from the Court compelling Ampex to do so.

Defendants' Proposed Bifurcation Motion

Defendants intend to file a motion this week requesting that the Court bifurcate this case into two phases, namely an initial phase addressing liability and damages and, if necessary, a second phase addressing willful infringement. As part of this motion, Defendants will also request that the Court enter a protective order staying discovery regarding willfulness issues until after an adjudication of liability.

Defendants objected to Ampex's September 15, 2005 and January 27, 2006 discovery requests regarding opinions of counsel on the grounds that Ampex had not yet made a prima facie showing of willfulness. Defendants maintain that they should not be compelled to determine whether they will waive the attorney client privilege and rely upon the defense of opinion of counsel until Ampex can make such a showing. Despite Ampex's February 13, 2006 supplementation of its interrogatory response regarding willful infringement, Defendants maintain that Ampex has not made, and cannot make, such a showing. Defendants' motion will therefore seek to defer all proceedings regarding willful infringement, including discovery, until after an adjudication of liability. Because the Court will not have had the opportunity to address this motion prior to the February 28, 2005 close of fact discovery, Defendants' motion also seeks to preserve their right to disclose and rely upon opinions of counsel after the Court issues any ruling on this Motion.

The Honorable Kent A. Jordan
Page 7
February 21, 2006

### Relevance Of Kodak's Patents To This Action

During the parties' February 8, 2006 teleconference with the Court, the Court instructed the parties to consider the appropriate means for addressing the question of the relevance of two Kodak patents to this litigation: U.S. Patent Nos. 5,164,831 and 5,012,107. Ampex has requested, and Kodak is producing, extensive discovery regarding these patents but disputes the relevance of the patents and related materials to this action. Defendants believe that this issue can be best resolved through motions in limine after discovery has been completed. Defendants further believe that the Court may be assisted in its resolution of this issue if the parties are permitted to submit affidavits from their respective experts in support of (or in opposition to) any such motions.

Respectfully submitted,

/s/ *Julia Heaney (#3052)*

Julia Heaney

/klm
cc:    Peter T. Dalleo, Clerk (By Electronic Filing)
       Paul M. Lukoff, Esquire (By Electronic Filing)
       Michael J. Summersgill, Esquire (By Electronic Filing)
       Norman H. Beamer, Esquire (By Electronic Filing)