**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
1310 KING STREET, BOX 1328
WILMINGTON, DELAWARE 19899
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6520
Writer's Telecopy Number::
(302)888-6331
Writer's E-Mail Address:
PMLukoff@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

March 10, 2006

**VIA EFILING AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

Re: **Ampex v. Eastman Kodak Company, et al.**,
C.A. No. 04-1373-KAJ

Dear Judge Jordan:

Defendants Eastman Kodak Company ("Kodak") and Altek Corporation ("Altek") respectfully submit this letter seeking to compel Ampex to produce the inventor of the asserted patent, Daniel Beaulier, for deposition without restrictions on the scope of his testimony beyond those dictated by the October 17 Scheduling Order and applied to other depositions in this case.

At the February 28, 2006 status conference in this matter, the Court instructed Ampex to make Mr. Beaulier available for deposition. *See* February 28, 2006 Transcript, pp. 6-7. The Court also specifically declined Ampex's request to limit the scope of the deposition. *See* February 28, 2006 Transcript, p. 7. Ampex has, nevertheless, taken the position that Defendants should only be permitted to ask Mr. Beaulier questions regarding documents that were produced after his March 22, 2005 deposition in the ITC proceedings. *See* March 3, 2006 Email from Norman Beamer to Michael Summersgill. Defendants believe this restriction is unwarranted for the following reasons.

First, Ampex has taken four depositions of Defendants' employees in this action who were also deposed during the ITC proceedings and no such restriction was placed on the scope of those witnesses' testimony. The October 18, 2005 Scheduling Order in this case prohibits "duplicative discovery." For its depositions of Defendants' witnesses, Ampex did not interpret the Scheduling Order as prohibiting questions regarding documents produced prior to the witnesses' first depositions. In fact, Ampex posed questions regarding such documents in its depositions. *See, e.g.* Ex. 399 to February 23, 2006 Kang deposition. The same rules should apply to Mr. Beaulier's deposition.

Second, the fact that a document was produced prior to Mr. Beaulier's first deposition does not necessarily make questions regarding such a document duplicative. As Ampex has revised the theories of its case, new issues have become relevant to previously produced documents. Since Mr. Beaulier's March 22, 2005 deposition in the ITC, for instance, Ampex has modified its arguments regarding the reduction to practice of the alleged invention as follows:

19660.3\299418v1

The Honorable Kent A. Jordan
March 10, 2006
Page 2

- Ampex submitted three separate claim construction statements, each time changing the nature of what it asserted constituted the invention and therefore what must be shown to have been reduced to practice. *See* Ampex March 25, May 9, and May 27 Claim Constructions.

- Ampex has twice supplemented its response to Defendants' interrogatory regarding reduction to practice, most recently on the final day of discovery, by identifying sixty-nine (69) new documents -- in addition to the 144 identified prior to Mr. Beaulier's deposition -- that purportedly show the reduction to practice of the claimed invention (bringing the total number identified to 213). *See* July 15, 2005 Supplemental Response to Interrogatory 14 and February 28, 2006 Supplemental Response to Interrogatory 14.

- When it came time for trial in the ITC, Ampex submitted Mr. Beaulier's witness statement asserting that seven (7) of the then-identified documents were alone sufficient to show the reduction to practice of the claimed invention. *See* July 15, 2005 Beaulier Witness Statement.

Defendants should be permitted to explore Ampex's evolving positions with the inventor without artificial restrictions on the scope of his testimony.

Third, Ampex's attempt to limit the scope of Mr. Beaulier's testimony is not justified by its assertion that the deposition notice was untimely. Defendants noticed the deposition on February 23, five days before the close of discovery and five days before the noticed date, with the understanding that Ampex would produce Mr. Beaulier at a time that was convenient for Mr. Beaulier. Ampex has informed Defendants that Mr. Beaulier will not be produced until late March meaning that Mr. Beaulier will have had a full month's notice of his deposition. The fact that the deposition will take place after the close of fact discovery does not justify Ampex's proposed limitations because Ampex itself has requested permission to take *six* depositions after the close of fact discovery.

Respectfully submitted,

*Paul M. Lukoff*

PAUL M. LUKOFF (I.D. No. 96)

PML/mhl
cc:   Clerk, U.S. District Court (By Hand)
      Jack B. Blumenfeld, Esq. (By E-File)
      Norman H. Beamer, Esq. (By E-Mail)
      Jesse J. Jenner, Esq. (By E-Mail)
      S. Calvin Walden, Esq. (By E-Mail)
      Michael J. Summersgill, Esq. (By E-Mail)

19660.3\299418v1