# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JULIA HEANEY
302 351 9221
302 425 3004 FAX
jheaney@mnat.com

March 13, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

RE:  Ampex v. Eastman Kodak, C.A. No. 04-1373-KAJ

Dear Judge Jordan:

This is Ampex's response to defendants' March 10, 2006 letter to the Court, in connection with the discovery conference set for tomorrow at 2:00 PM.

At the February 28, 2006 status conference, Ampex informed the Court that Defendants' deposition notice of Mr. Beaulier was untimely. Ampex and Mr. Beaulier have objected to the notice as untimely under Delaware Local Rule 30.1, because it was served less than five business days before close of discovery. Defendants' March 10 letter admits that the notice was not served until five calendar days before the February 28, 2006 close of discovery. It is beyond dispute that the notice was untimely served.

Mr. Beaulier has not worked as an engineer in the field of the patent in suit for a number of years. He does not want to be deposed again unless absolutely necessary. He does not want to go back and again review documents that he conscientiously reviewed over a year ago to refresh his recollection for his original deposition. Nonetheless, as Ampex stated during the February 28 status conference (Tr. 5-6), Mr. Beaulier is willing to appear for a second deposition, if the scope of that deposition is limited to questions about documents produced or identified after Mr. Beaulier's original March 22, 2005 deposition. This condition is fair and appropriate, as arising from the only legitimate excuse that Defendants have for serving the notice in an untimely manner. Namely, some arguably relevant documents were produced by Ampex in the last month of discovery, and in a February 28, 2006 supplemental interrogatory response, Ampex identified some additional documents as relating to conception and reduction to practice of the '121 patent invention. Although Ampex believes these documents are cumulative of documents produced or identified long ago, it recognizes that Defendants, in the press of final discovery, may not have realized an alleged need to question Mr. Beaulier on those documents until shortly before the end of discovery.

The Honorable Kent A. Jordan
Page 2
March 13, 2006

There is no other legitimate excuse for the late notice, and no justification for requiring Mr. Beaulier to submit to a second day of broad questioning. Mr. Beaulier had already been deposed for a full day as a fact witness on topics including conception and reduction to practice of the claimed invention, the '121 patent claims in suit, and Mr. Beaulier's knowledge of the alleged prior art. None of those topics should be reopened, except to the limited extent that any subsequently produced or identified documents touch on those topics.

In an attempt to justify reopening all topics for deposition, Defendants argue that Ampex has taken the depositions of four witnesses in this action who were also deposed during the ITC action. However, all of those notices were timely served, and those witnesses are current employees of defendants. They are the Kodak and Altek engineers with current knowledge of the circuitry and software of the accused cameras. The new depositions covered cameras that were not at issue in the ITC action, either because they were new cameras more recently introduced, or because they were discontinued cameras no longer being imported (but still subject to damages here).

Defendants further argue that the untimely notice should be excused because Ampex has modified its claim construction statements (most recently on May 27, 2005); supplemented its contention interrogatory responses regarding reduction to practice (on July 15, 2005 and February 28, 2006), and submitted a witness statement in the ITC action for Mr. Beaulier (on July 15, 2005). However, other than the February 28, 2006 supplemental contention, which merely identified some additional documents,[1] and as to which documents Ampex agrees Mr. Beaulier may be questioned, all of these events took place months ago. As to the ITC claim construction statements, pursuant to the Scheduling Order in this action, proposed claim constructions were exchanged on November 4, 2005. Defendants have had ample time to digest Ampex's claim construction. The fact that they did not notice Mr. Beaulier's deposition until months later demonstrates that there is nothing about Ampex's claim construction that truly motivates Defendants' untimely demands to bring Mr. Beaulier back for more questioning. Likewise, Defendants had plenty of time to take Mr. Beaulier's deposition on the July 2005 Beaulier witness statement (which in any event merely recapitulates Mr. Beaulier's original deposition testimony).

Defendants also argue that they should be able to again depose Mr. Beaulier because "Ampex itself has requested permission to take six depositions after the close of fact discovery." However, Defendants are referring to depositions that Ampex timely noticed for dates *during* the fact discovery period, but which defendants could not schedule until after the close of fact discovery due to the "unavailability" of the witnesses. Indeed, all parties have

---

[1]    The February 28, 2006 supplemental contention also identified two additional individuals as possessing relevant knowledge. Defendants timely served notices of deposition of those two persons, and those depositions have been taken.

The Honorable Kent A. Jordan
Page 3
March 13, 2006

recognized that some "slack" in the schedule is appropriate — but only to accommodate scheduling of *timely*-noticed depositions.

As directed by the Court, Ampex has tried to reach some compromise with Defendants. The parties have discussed other possible articulations limiting the scope of Mr. Beaulier's deposition, but the proposed limitations are too subjective, and unless the deposition were refereed by a neutral with knowledge of the case, disputes would likely arise during the deposition. For example, on March 8, 2006, Defendants' counsel proposed that the deposition be limited so that Mr. Beaulier would "not be questioned about topics that were addressed in his first deposition." On March 9, Ampex agreed to this proposal. On March 10, Defendants' took back the proposal, stating that "This of course begs the question of what constitutes a 'topic.'" Ampex tends to agree — on reflection, the tentative guideline was too subjective.

It is fair and workable to limit the deposition to questions about documents that were produced or identified after Mr. Beaulier's last deposition. The recent production of a few arguably pertinent documents, and the additional February 28 document identification, is the only excuse that Defendants have for the late notice. This condition is objective and should not give rise to disputes during the deposition as to what is appropriate and which questions are out of bounds.

Respectfully submitted,

*/s/ Julia Heaney (#3052)*

Julia Heaney

/cbn
cc:   Peter T. Dalleo, Clerk (By Electronic Filing)
      Paul M. Lukoff, Esquire (By Electronic Filing)
      Michael J. Summersgill, Esquire (By Electronic Filing)
      Norman H. Beamer, Esquire (By Electronic Filing)