IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMPEX CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 04-1373-KAJ |
| EASTMAN KODAK COMPANY, ALTEK CORPORATION and CHINON INDUSTRIES, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY BRIEF
IN FURTHER SUPPORT OF THEIR MOTION TO BIFURCATE
AND MOTION FOR PROTECTIVE ORDER**

**OF COUNSEL:**

S. Calvin Walden
Paul B. Keller
Rebecca M. McCloskey
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

William F. Lee
Donald R. Steinberg
Michael J. Summersgill
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Date: March 15, 2006

PAUL M. LUKOFF (I.D. No. 96)
DAVID E. BRAND (I.D. No. 201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500

*Attorneys for Defendants*

## Table of Contents

|      |                                                                                                                                 | Page |
|------|---------------------------------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION                                                                                                                    | 1    |
| II.  | ARGUMENT                                                                                                                        | 1    |
|      | A. Substantial recent authority favors bifurcation of willfulness.                                                              | 1    |
|      | B. Bifurcation is appropriate here.                                                                                             | 3    |
|      | C. Bifurcation will cause no harm to Ampex.                                                                                     | 6    |
|      | D. There is no basis for Ampex's extraordinary request to preclude Defendants from relying on opinions of counsel.              | 7    |
|      |    1. Defendants' motion was not untimely.                                                                       | 7    |
|      |    2. Ampex failed to pursue willfulness discovery.                                                              | 8    |
|      |    3. There is sufficient time for the parties to conduct willfulness discovery if Defendants do not prevail on this motion. | 9    |
|      |    4. Ampex does not cite a single case justifying the draconian result it seeks.                                | 9    |
|      |    5. The Court already decided this issue.                                                                      | 10   |
| III. | CONCLUSION                                                                                                                      | 10   |

USIDOCS 5558543v3

# Table of Citations

**Cases**

*Allergan Inc. v. Pharmacia Corp.*, No. Civ.A.01-141-SLR, 2002 WL 1268047, at *2 n.1 (D. Del. May 17, 2002) .................................................................................. 2, 4

*Aptargroup, Inc. v. Owens-Illinois, Inc.*, 2003 WL 21557632, at *1 (N.D. Ill. July 3, 2003) ........................................................................................................................... 6

*Arthrocare Corp. v. Smith & Nephew, Inc.*, No. CIV. 01-504-SLR, 2004 WL 896002 (D. Del. Mar. 10, 2004) ............................................................................................ 2

*BASF Corp. v. E.I. duPont de Nemours & Co.*, No. 93-263-LON (D. Del., Nov. 24, 1993) ......................................................................................................................... 8

*Bondpro Corp. v. Semens Westinghouse Power Corp.*, No. 04-C-0026-C, 2005 WL 348302 (W.D. Wis. Feb. 9, 2005) ............................................................................. 2

*Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189 (D. Del. 2004) ............................. 2

*Johns Hopkins Univ. v. CellPro, 160 F.R.D. 30 (D. Del. 1995)* .............................. 2, 3, 8, 10

*Kos Pharms. v. Barr Labs.*, 218 F.R.D. 387, 394-5 (S.D.N.Y. 2003) .................................. 4

Mellon v. Beecham Group PLC, *17 USPQ2d 1149, 1154 (D.N.J. 1989)* ........................... 3

*Morton Grove Pharm., Inc. v. Par Pharm. Co., Inc.*, No. 04 C 7007, 2005 WL 1766369 at *1 (N.D. Ill. July 22, 2005) ............................................................................. 1

*Neorx Corp. v. Immunomedics*, Civ. No. 92-2853 (HLS)1993 WL 592531 at *3 n.5 (D.N.J. May 16, 1993) ......................................................................................... 4

*Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396, 398 n.2 (D. Del. 2002) ......................................................................................................................... 2

*Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, No. CIV. A. 030209-JJF, 2004 WL 1376586 (D. Del. June 18, 2004) .......................................................................................... 2

*Pines Props., Inc. v. American Marine Bank*, 156 Fed.Appx. 237 (11th Cir. 2005) ........ 9

*Preferred Meal Sys. v. Save More Foods, Inc.*, 129 F.R.D. 11 (D.D.C. 1990) ................. 9

*Security & Access (Electronic Media) Ltd. v. Motorola, Inc.*, No. 96-287-SLR (D. Del. March 4, 1997) ............................................................................................. 4, 5

*St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.*, No. 03-241-JJF (D. Del., Feb. 12, 2004) ..................................................................................................... 5

*St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, No. Civ.A.01-557-JJF, 2002 WL 1901268, at *1 (D. Del. Aug. 16, 2002) .................................................... 2, 3

*Swanson v. Van Otterloo*, 177 F.R.D. 645 (N.D. Iowa 1998) ........................................... 9

*Tenneco Auto. Operating Co. Inc. v. Visteon Corp.*, 375 F.Supp.2d 375, 380 (D. Del. 2005) ............................................................................................................... 5

US1DOCS 5558543v3

*Third Wave Tech., Inc. v. Stratagene Corp.*, No. 04-C-680-C, 2005 WL 1939875
(W.D. Wis. Aug. 12, 2005) .................................................................................................. 2

*W.R. Grace & Co. v. Viskase Corp.*, No. 90 C 5383, 1991 WL 211647 at *4
(N.D.Ill., Oct. 15, 1991) ...................................................................................................... 8

## I. INTRODUCTION

Ampex's Opposition actually further demonstrates the compelling justification to bifurcate the issue of willfulness from the remaining issues in this case:

- Ampex fails to cite any recent, applicable authority to counter the substantial recent authority in favor of bifurcation of willfulness in patent cases.

- Ampex does not address the fact that bifurcation will prevent a potentially unnecessary yet irrevocable waiver of the attorney-client privilege. To the contrary, Ampex signals its intent to make any such waiver as broad and damaging as possible by seeking to extend the waiver to *trial counsel.*

- Ampex highlights the "substantial overlap" between willfulness and infringement issues and therefore the significant risk of juror confusion and prejudice if both are tried together.

- Ampex can identify no real harm that would result from bifurcation. In fact, it ignores that bifurcation will spare all parties, including Ampex, the burden of undertaking costly discovery regarding willfulness unless and until it becomes necessary.

## II. ARGUMENT

### A. Substantial recent authority favors bifurcation of willfulness.

Ampex's Opposition suggests that there is a "presumption" against bifurcation. (Ampex Opp. 8). Ampex also suggests that bifurcation of willfulness issues in patent cases is no longer appropriate following the Federal Circuit's decision in the *Knorr-Bremse* case. (Ampex Opp. 11). In fact, however, substantial recent authority favors bifurcation of willfulness issues in patent cases.

Since the *Knorr-Bremse* decision, a number of courts have bifurcated the issue of willfulness. *See Morton Grove Pharm., Inc. v. Par Pharm. Co., Inc.*, No. 04 C 7007, 2005 WL 1766369 at * 1 (N.D. Ill. July 22, 2005) (noting that the issue of willfulness, for the purposes of discovery and trial, should be, "considered only if, and after, liability is established."); *Third Wave Tech., Inc. v. Stratagene Corp.*, No. 04-C-680-C, 2005 WL 1939875 (W.D. Wis. Aug. 12,

2005) (bifurcating the liability issue from the issues of willfulness and damages at trial); *Bondpro Corp. v. Semens Westinghouse Power Corp.*, No. 04-C-0026-C, 2005 WL 348302 (W.D. Wis. Feb. 9, 2005) (granting motion to exclude evidence of willful conduct from the liability phase of trial).

Recent cases in this jurisdiction similarly support bifurcation. *See Allergan Inc. v. Pharmacia Corp.*, No. Civ.A.01-141-SLR, 2002 WL 1268047, at *2 n.1 (D. Del. May 17, 2002) ("Rather than requiring disclosure [of opinions and related documents] at this time, the court will bifurcate the issue of willfulness, and conduct a separate trial with a new jury in the event plaintiffs are found to infringe valid patents."); *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 396, 398 n.2 (D. Del. 2002) ("The Court recognizes that an alleged infringer could incur undue prejudice as a result of the scope of discovery required. Accordingly, in the future, the Court will consider separating the issues of willfulness and damages from the other patent issues."); *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, No. Civ.A.01-557-JJF, 2002 WL 1901268, at *1 (D. Del. Aug. 16, 2002) (bifurcating trial and ordering a stay of discovery on the issue of willfulness).[1]

Ampex's Opposition is silent on this authority. Moreover, the cases Ampex does cite in support of its "presumption" argument do not overcome these recent cases. (Ampex Opp. 8, citing *Johns Hopkins Univ. v. CellPro*, 160 F.R.D. 30 (D. Del. 1995) and *Mellon v. Beecham*

---

[1]    These cases were included in Defendants' compendium of cases to their Opening Brief. Other recent cases in this jurisdiction demonstrate that bifurcation of willfulness is not uncommon. *See Arthrocare Corp. v. Smith & Nephew, Inc.*, No. CIV. 01-504-SLR, 2004 WL 896002 (D. Del. Mar. 10, 2004) (acknowledging earlier bifurcation of willfulness); *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189 (D. Del. 2004) (noting court's previous bifurcation of willfulness and staying of discovery on willfulness until after trial on liability); *Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, No. CIV. A. 030209-JJF, 2004 WL 1376586 (D. Del. June 18, 2004) ("I have bifurcated the issue of willful infringement from the issues of infringement and validity . . .")

- 2 -

US1DOCS 5558543v3

*Group PLC*, 17 USPQ2d 1149 (D.N.J. 1989)). In *Mellon*, the court denied defendant's motion to bifurcate, but only after finding that the defendant had already waived the privilege with respect to opinions of counsel. *See Mellon*, 17 USPQ2d at 1153. In *Johns Hopkins*, the court acknowledged that there may be efficiency in bifurcating liability issues, and left open the possibility of conducting the trial in two phases. *See Johns Hopkins*, 160 F.R.D. at 35 (stating that "the court may order at the pretrial conference that the liability issues first be tried to the jury. Thereafter ... the parties would then immediately commence the second phase of the trial to the same jury and present evidence and receive their verdict on the damages and willfulness.").

**B.     Bifurcation is appropriate here.**

Bifurcation of willfulness is appropriate here because it will prevent a potentially unnecessary yet irrevocable waiver of the attorney-client privilege, avoid the expense of potentially unnecessary discovery (which Ampex contends will be "substantial"), and eliminate the risk of juror confusion of willfulness with infringement issues. Ampex's Opposition does not establish otherwise.[2]

As an initial matter, Ampex's Opposition simply ignores the real possibility that requiring Defendants to elect to waive the attorney-client privilege now may well result in an unnecessary waiver. This fact alone justifies bifurcation. *See, e.g., St. Clair*, 2002 WL 1901268, at *1 (bifurcating the issue of willfulness because "undue prejudice could result if these otherwise privileged documents were exchanged and used during the trial of the infringement

---

[2]   Ampex's Opposition misstates the Rule 42(b) bifurcation standard by asserting that Kodak must show that bifurcation would promote convenience, avoid prejudice *and* promote judicial economy. (Ampex Opp. 8) (emphasis added). In fact, Rule 42(b) of the Federal Rules of Civil Procedure states that the court may bifurcate "in furtherance of convenience *or* to avoid prejudice, *or* when separate trials will be conducive to expedition and economy . . ." Fed. R. Civ. P. 42(b) (emphasis added).

and validity issues."); *Allergan*, 2002 WL 1268047, at *2 n.1 (bifurcating because the willfulness discovery sought was "potentially prejudicial" to the accused infringer).

In fact, Ampex's Opposition reveals its strategy to make any such waiver as broad and damaging to Defendants as possible. Without identifying any basis for doing so -- or any authority that would support its effort -- Ampex's Opposition signals its intent to seek to extend any such waiver to communications between Defendants and *trial counsel*. (Ampex Opp. 13-14). The broad waiver Ampex apparently intends to seek, the unfair advantage any waiver would provide Ampex, and the discovery battles that will ensue demonstrate precisely why bifurcation is appropriate.

Second, Ampex's argument that bifurcation will not promote "convenience or judicial economy" rests on a number of flawed assumptions. Ampex argues that bifurcation would necessitate a second jury for a trial on willfulness. (Ampex Opp. 8). Separation of willfulness and liability issues, however, does *not* require the use of two different juries. *See, e.g., Kos Pharms. v. Barr Labs.*, 218 F.R.D. 387, 394-5 (S.D.N.Y. 2003) (ordering a two-phase trial and discovery in connection with opinions of counsel stayed until if and when the jury finds liability in phase I); *Neorx Corp. v. Immunomedics*, Civ. No. 92-2853 (HLS)1993 WL 592531 at *3 n.5 (D.N.J. May 16, 1993) (proposing "a two phase trial before the same jury, with infringement addressed in the first phase and willfulness in the second phase."). Ampex's reliance on *Security & Access (Electronic Media) Ltd. v. Motorola, Inc.*, No. 96-287-SLR (D. Del. March 4, 1997) to the contrary is misplaced. (Ampex Opp. 9). In that case, although the court rejected bifurcation of discovery, it explicitly reserved decision on whether to bifurcate the trial. *See Security &*

US1DOCS 5558543v3

*Access* at ¶4 ("The court will reconsider bifurcation of the trial after the case and issue dispositive motions have been resolved.").[3]

Ampex also argues that bifurcation is unjustified in this case because there is substantial overlap between the issues of willfulness and laches. (Ampex Opp. 9-10). The facts relating to willfulness and laches, however, are entirely separate and distinct. The willfulness inquiry analyzes the actions of the *alleged infringers* (the Defendants) and their belief that they have not and do not infringe the asserted claims of the patent-in-suit. The laches inquiry, on the other hand, focuses on the actions of the *patentee* (Ampex) and what it knew or should have known about Kodak's sales of digital cameras more than a decade before it filed suit. *See, e.g., Tenneco Auto. Operating Co. Inc. v. Visteon Corp.*, 375 F.Supp.2d 375, 380 (D. Del. 2005) (setting forth, in a patent case, the elements of a laches defense as: "(1) the plaintiff delayed in filing suit for an unreasonable and inexcusable length of time after the plaintiff knew or reasonably should have known of its claim against the defendant; and (2) the defendant suffered material prejudice or injury as a result of the plaintiff's delay.").[4]

Finally, Ampex's suggestion that there is "substantial overlap" between the issues of willfulness and infringement highlights the risk of presenting willfulness and infringement evidence in the same proceedings. (Ampex Opp. 9). Presentation of willfulness issues may

---

[3]    Ampex's reliance on *St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.*, No. 03-241-JJF (D. Del., Feb. 12, 2004) is similarly misplaced because the Court's one page order provides no substantive factual or legal explanation for the decision.

[4]    Ampex's suggestion that Kodak's "opinion of counsel" and laches positions are inconsistent is likewise misguided. (Ampex Opp. 11). According to Ampex's current infringement positions, digital cameras sold by Kodak as early as 1991 infringed the '121 patent. Had Ampex initiated this lawsuit in the early 1990's, the parties would have resolved this dispute at that time. Kodak could have determined its ongoing strategy according to the resolution of any such dispute. An earlier resolution of the parties' dispute, however, has little to do with Kodak's beliefs about whether it did or did not infringe the '121 patent.

confuse and prejudice the jury with respect to its determination of infringement. *See, e.g., Aptargroup, Inc. v. Owens-Illinois, Inc.*, 2003 WL 21557632, at *1 (N.D. Ill. July 3, 2003) ("there is a basis for believing that an 'intent' issue mixed up with an infringement issue will have a tendency to confuse and possibly prejudice the jury, without any real relevant evidence benefit.")[5].

### C.    Bifurcation will cause no harm to Ampex.

Unlike Defendants, who face the significant risk of an irrevocable but unnecessary waiver of the attorney client privilege if the case is not bifurcated, Ampex can identify no real burden resulting from bifurcation.

Ampex asserts that bifurcation will delay its receipt of any remedy from defendants. (Ampex Opp. 10). Any delay to the resolution of this action, however, would be minimal because willfulness issues could likely be resolved in less than two days at trial. Moreover, because the '121 Patent expires on April 11, 2006, Ampex would not suffer the harm of any continuing alleged infringement. It only seeks monetary damages -- not injunctive relief -- in this action.

Ampex also asserts that its litigation expenses will increase if willfulness is bifurcated. (Ampex Opp. 10). As an initial matter, Ampex disregards the fact that if the case is bifurcated, and the patent is found not infringed, invalid or unenforceable, no willfulness discovery will be necessary. Ampex disregards the fact, therefore, that bifurcation creates the real possibility that all parties -- including Ampex -- will entirely avoid the expense of discovery and trial relating to willfulness. In any event, Ampex has not identified specifically how or why bifurcation would

---

5    This case was included in the compendium to Defendants' Opening Brief.

increase its litigation expenses. Bifurcation simply delays discovery regarding willfulness until it becomes necessary. It does not create additional discovery.

Finally, Ampex's assertion that "litigation expense is a substantial portion of Ampex's operating costs" does not demonstrate prejudice to Ampex. Litigation expense is only a substantial portion of Ampex's operating expense because *Ampex's business is litigating patents. See* 1/19/05 Dutton & Associates Research Report, AXD009807-26, at C - 2 ("Ampex currently generates a substantial amount of its revenues and cash flow from the worldwide licensing of its patent portfolio . . ."); 8/12/05 Dutton & Associates Research Note, DUT000902-3, at C - 21 (over sixty percent of Ampex's revenues in second quarter 2005 result from patent licensing).

**D.  There is no basis for Ampex's extraordinary request to preclude Defendants from relying on opinions of counsel.**

    1.    <u>Defendants' motion was not untimely.</u>

Throughout the discovery period, Defendants requested Ampex to make out its case of willfulness. In response, Ampex twice updated its interrogatory response in an attempt to make out a prima facie case. Ampex last supplemented its willfulness interrogatory response on February 22, 2006, *just six days before the close of fact discovery.* Before the deposition of Kodak's principal witness on the subject, Pamela Crocker, and before the close of fact discovery, Defendants properly sought relief from the Court by filing this motion to bifurcate.[6]

Ampex cites no case that supports the supposed obligation to make the choice of whether to waive privilege early in discovery. The case Ampex does rely upon, *BASF Corp. v. E.I.*

---

[6]    Ampex's suggestion that bifurcating the issue of willfulness was addressed at the October 5, 2005 status conference is incorrect. (Ampex Opp. 5). The portion of the October 5, 2005 status conference to which Ampex refers addressed the number of hours of depositions each party would be permitted to take. Willfulness was only cited as one example of one of the subjects that might be covered by deposition discovery. *See* October 5, 2005 Tr. pp. 5-7, at C – 23-27.

*duPont de Nemours & Co.*, No. 93-263-LON (D. Del., Nov. 24, 1993), is one in which the scheduling order provided a date certain for making the choice. The defendant in *BASF* failed to make the election by the date set in the scheduling order. That has little bearing here where the scheduling order sets no such deadline.[7]

### 2. Ampex failed to pursue willfulness discovery.

As the principal case relied upon by Ampex demonstrates, a defendant's decision of whether to rely on an opinion of counsel is typically forced by a diligent plaintiff:

> The current convention in patent litigation strategy is as follows: the patent owner opens with a claim for willful infringement; the alleged infringer answers by denying willful infringement and asserts good faith reliance on advice of counsel as an affirmative defense; then the owner serves contention interrogatories and document requests seeking the factual basis for that good faith reliance defense and the production of documents relating to counsel's opinion; the alleged infringer responds by seeking to defer responses and a decision on disclosure of the opinion; the owner counters by moving to compel and the alleged infringer moves to stay discovery and for separate trials.

*Johns Hopkins Univ. v. CellPro*, 160 F.R.D. 30, 34 (D. Del. 1995).

Ampex has been aware since at least December 2, 2005 (when Kodak served its privilege log) that Defendants obtained opinions of counsel and that Defendants objected to determining whether it would waive the privilege until Ampex made a prima facie showing of willfulness. Ampex, however, never moved to compel the production of such opinions.[8] Having not made such a motion, Ampex cannot now reasonably seek to preclude Defendants' reliance on such opinions should Defendants' bifurcation motion be denied. *See, e.g., W.R. Grace & Co. v. Viskase Corp.*, No. 90 C 5383, 1991 WL 211647 at *4 (N.D. Ill., Oct. 15, 1991) (denying motion

---

[7]   Ampex also cites no case in support of its mistaken conclusion that Kodak's production of a privilege log indicated a decision to abandon the defense of reliance on the opinion of counsel.

[8]   In fact, Ampex never even served any interrogatories regarding Defendants' willfulness defense.

to preclude advice of counsel defense because it was "procedurally improper" because patentee had not filed a motion to compel).

Moreover, when Defendants moved to bifurcate, Defendants also moved for a protective order with respect to discovery regarding willfulness. *See* Defendants' Motion to Bifurcate and Motion for Protective Order. The filing of a motion for a protective order stays discovery until the motion is resolved. *See* Local Rule 30.2 ("The timely filing of a motion under [Fed. R. Civ. P. 26(c) or 30(d)] shall stay the discovery to which the motion is directed pending further order of the Court."). As a result, the fact discovery period regarding willfulness has not technically closed. Indeed, Ampex's Opposition fails to even oppose Defendants' request for a protective order. As a result, there is no basis for Ampex's request for preclusion.

        3.    <u>There is sufficient time for the parties to conduct willfulness discovery if Defendants do not prevail on this motion.</u>

Even if Defendants' Motion is not resolved until the end of July, there would still be over *two months* to conduct willfulness discovery. *See* Scheduling Order of 10/17/05 (setting October 10, 2006 as the date for the parties to file the joint proposed pretrial order). Two months should be more than sufficient for the two to three depositions that Ampex believes would be necessary.

        4.    <u>Ampex does not cite a single case justifying the draconian result it seeks.</u>

Ampex does not cite a single case supporting its extraordinary request that Defendants should be precluded from offering an "opinion of counsel" defense. The cases Ampex does cite are not applicable because in each of those cases, the precluded party was seeking to amend its pleadings. *See* Ampex Opp. 14, *citing Pines Props., Inc. v. American Marine Bank*, 156 Fed.Appx. 237 (11th Cir. 2005); *Swanson v. Van Otterloo*, 177 F.R.D. 645 (N.D. Iowa 1998); *Preferred Meal Sys. v. Save More Foods, Inc.*, 129 F.R.D. 11 (D.D.C. 1990). Here, in contrast, Defendants already asserted the affirmative defense that they have not willfully infringed the

- 9 -

patent-in-suit in their answers to Ampex's Second Amended Complaint. *See* Kodak Answer p. 4; Altek Answer p. 4.

Ampex's reliance on *Johns Hopkins* in support of its preclusion argument is similarly misplaced. The court in *Johns Hopkins* neither precluded, nor even considered precluding, defendant's reliance on opinions of counsel. *See Johns Hopkins*, 160 F.R.D. at 35-37.[9]

     5.    <u>The Court already decided this issue.</u>

Finally, as Ampex acknowledges, the Court has already ruled that Defendants will not be precluded from relying upon advice of counsel should bifurcation be denied:

> Yes, I think Mr. Beamer made that abundantly clear, Mr. Hopenfeld. And I think I have also given you a pretty clear ruling on that. That is, you make whatever record you want on that. I'm not foreclosing you from lodging your objection but I don't know how to be any more clear on this. If I decide I'm not bifurcating and I'm able to decide that in a time frame that I think gives the parties a chance to do appropriate additional discovery, I'm going to let you do it and I'll let them rely on advice of counsel. So that's that.

February 28, 2006 Tr. pp. 16-17, at C – 28-31.

### III.    CONCLUSION

For the reasons set forth above and in its memorandum in support of its motion for bifurcation, Defendants respectfully request that the Court bifurcate the issues for trial into two phases: (1) liability and damages, and (2) willful infringement. Defendants further request that the Court issue a protective order staying discovery relating to opinions of counsel until after liability has been adjudicated.

---

[9] Ampex's request for fees and costs should it pursue willfulness discovery is similarly misplaced. There is no basis for such a request. Even if Defendants had made a decision about relying on its opinion of counsel earlier, Ampex still would have had to conduct the same discovery.

- 10 -

USIDOCS 5558543v3

PRICKETT, JONES & ELLIOTT, P.A.

BY: /s/ Paul M. Lukoff
PAUL M. LUKOFF (#96)
DAVID E. BRAND (#201)
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
(302) 888-6500
Attorneys for Defendants

OF COUNSEL:

S. Calvin Walden
Paul B. Keller
Rebecca M. McCloskey
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

William F. Lee
Donald R. Steinberg
Michael J. Summersgill
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA  02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Date:  March 15, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2006, I electronically filed **DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO BIFURCATE AND MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on March 15, 2006, I have forwarded the above-noted document to the following as noted below:

**VIA E-MAIL**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**VIA E-MAIL & FEDERAL EXPRESS**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301

**VIA E-MAIL**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

PAUL M. LUKOFF (Bar I.D. #96)
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328
TEL: 302-888-6500
E-MAIL: PMLukoff@prickett.com
DEBrand@prickett.com