IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 04-1373-KAJ ) |
| EASTMAN KODAK COMPANY, ALTEK CORPORATION and CHINON INDUSTRIES, INC., | ) ) **REDACTED** ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REDACTED REPLY BRIEF IN FURTHER SUPPORT OF THEIR
MOTION TO DISQUALIFY ERIC ANDERSON AS AN EXPERT WITNESS**

Paul M. Lukoff (I.D. No. 96)
David E. Brand (I.D. No. 01)
PRICKETT, JONES & ELLIOTT, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500

OF COUNSEL:

William F. Lee
Donald R. Steinberg
Michael J. Summersgill
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

S. Calvin Walden
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 937-7200
Fax: (212) 230-8888
DATE: March 31, 2006

19660.3\300619v1

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Ampex's Opposition Simply Reiterates the Arguments and Issues Already Decided by an Administrative Law Judge in the International Trade Commission Investigation ............................................................................ 2

    B. It Is Undisputed that Eric Anderson Received Confidential Information and that the Confidential Information Mr. Anderson Received from Kodak Remains Confidential. ................................................. 2

    C. The Confidential Information Mr. Anderson Received Is Relevant to this Litigation. .......................................................................................................... 5

    D. Case Law Does Not Limit Disqualification to Experts Switching Sides ........... 7

III. CONCLUSION ............................................................................................................... 9

i

## TABLE OF AUTHORITIES

**Federal Cases**                                                                                          Page(s)

*Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., et al.*,
    95 Civ. 8833 (RPP), 2000 U.S. Dist. LEXIS 321 (S.D.N.Y. Jan. 14, 2000)..................8

*Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*,
    C.A. No. 01-669-KAJ (D. Del. Sept. 5, 2003).....................................................8

*Eastman Kodak Corp. v. Agfa-Gevaert N.V.*,
    02-CV-6564 (W.D.N.Y. Dec. 4, 2003)......................................................... 7,8

*Space Systems/Loral v. Martin Marietta Corp.*,
    Civ. No. 95-20122 SW, 1995 U.S. Dist. LEXIS 22305 (N.D. Cal. Nov. 14, 1995) ......7,9

## I.    INTRODUCTION

On July 20, 2005, Administrative Law Judge Barton of the International Trade Commission (the "ITC") disqualified Ampex's proffered expert, Eric Anderson, because he had obtained confidential Kodak information that he was contractually bound to protect and that is directly related to this litigation. Very soon after Mr. Anderson was disqualified, Ampex abandoned its ITC case in favor of pursuing the case in Delaware. Over Defendants' objection, Ampex now seeks to use Mr. Anderson as an expert in this proceeding. But despite the ITC Judge's well-reasoned opinion, Ampex offers no evidence or case law to support its position that has not already been rejected in the ITC.

On March 24, 2006, Mr. Anderson submitted his Expert Report in this case (*See* Initial Disclosure of Expert Testimony of Eric C. Anderson, D.I. 231) (C-42). In the six-page Report, Mr. Anderson states that

**REDACTED**

1

**REDACTED**   Fundamental fairness dictates that Mr. Anderson, who was given special access to Kodak's confidential information for seven years, should not be permitted to now use that confidential information against Kodak.

## II.   ARGUMENT

### A. Ampex's Opposition Simply Reiterates the Arguments and Issues Already Decided by an Administrative Law Judge in the International Trade Commission Investigation.

Ampex has not presented a single argument in support of its opposition to the disqualification of Mr. Anderson that it did not present to the ITC. Significantly, the Judge in the ITC Investigation specifically rejected Ampex's arguments that: (a) disqualification should be limited strictly to cases in which experts switch sides in litigation (or at least to ex-employees); (b) Mr. Anderson did not possess Kodak confidential information, or that any confidential information he did possess had become public; and (c) Mr. Anderson did not possess information that is relevant to the technology at issue in this litigation. (*See* ITC Hearing Trans. 109-115) (A-255 – A-264).[1] Notwithstanding the ITC Judge's rejection of these arguments, and without any new law or facts to bolster its position, Ampex again seeks to use Eric Anderson as an expert witness against Defendants. One judge has already rejected Ampex's arguments; this Court should do the same.

### B. It is Undisputed that Eric Anderson Received Confidential Information and that the Confidential Information Mr. Anderson Received from Kodak Remains Confidential.

There is no real dispute that Mr. Anderson received Kodak confidential information during his tenure with Apple and FlashPoint. (*See, e.g.*, Anderson Dep. Trans. 470-474, 536-39, June 16-17, 2005 (A-279 – A-283; A-291 – A-294); Smith Decl. (A-242 – A-244); Izumi Decl. (A-241); Napoli Decl. (A-247-248)). Indeed, Mr. Anderson and Ampex have effectively

---

[1] "A-__" refers to the Appendix submitted with Defendants' Opening Brief.

conceded this point. (*See* Ampex Corp.'s Opposition to Defendants' Motion to Disqualify Eric Anderson as an Expert Witness, D.I. 220, at 23-25) ("Opposition").

**REDACTED**

**REDACTED**

**REDACTED**

### C. The Confidential Information Mr. Anderson Received is Relevant to this Litigation.

Ampex next argues that the information Mr. Anderson received as a result of his work with Kodak is unrelated to the technology at issue in this litigation.

**REDACTED**

Ampex itself has defined the parameters of the technology it has accused of infringement to include the cameras on which Mr. Anderson worked.

**REDACTED**

**REDACTED**

**REDACTED**

In his deposition, even Mr. Anderson acknowledged that image processing technology often remains the same from camera to camera:

**REDACTED**

(Anderson Dep. Trans. 23, June 16, 2005) (C-39).

**D.  Case Law Does Not Limit Disqualification to Experts Switching Sides**

Ampex's argument – that the legal standard for disqualification of experts should apply only to cases in which experts have "switched sides" in the same litigation – disregards substantial legal authority. Courts have appropriately applied the standard to disqualify experts who previously worked for an adverse party and who acquired confidential information during the course of that employment. *See, e.g., Space Systems/Loral v. Martin Marietta Corp.*, CIVIL

NO. 95-20122 SW, 1995 U.S. Dist. LEXIS 22305 (N.D. Cal. Nov. 14, 1995); *Eastman Kodak Corp. v. Agfa-Gevaert N.V.*, 02-CV-6564 (W.D.N.Y. Dec. 4, 2003); *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., et al.*, 95 Civ. 8833 (RPP), 2000 U.S. Dist. LEXIS 321 (S.D.N.Y. Jan. 14, 2000).[3] Ampex can identify no authority that specifically declined to apply the disqualification standard beyond the "side switching" context.

In fact, as Ampex's Opposition concedes, this Court applied the two-part disqualification inquiry to a non-"side-switching" case involving a proposed expert who was the adverse party's former employee. *See Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, C.A. No. 01-669-KAJ (D. Del. Sept. 5, 2003). In declining to limit the application of the two-part test to "side-switching" cases only, the Court noted that, "[w]hen faced with a request to disqualify an expert, the court's 'most important consideration ... is the preservation of confidentiality.'" *Id.* at *5 (citation omitted).

Ampex argues that the Court should reconsider its holding in *Calloway Golf* because it is only "side-switching" experts who obtain work product or privileged information that should be disqualified. (*See* Ampex Opp. 20-21.) The receipt and potential misuse of *confidential* information by an employee, however, provides the same rationale for disqualification as does the receipt of such information by an expert. First, the exchange of information between parties in civil cases is (and should be) governed by the rules and procedures for discovery set forth by Rule 26 of the Federal Rules of Civil Procedure. A party should not be permitted to circumvent those rules by retaining an expert witness who was at one time privy to the adverse party's confidential information. Second, it is manifestly unfair for a person who has been given special access to confidential information, and who is contractually bound to protect the confidentiality

---

[3] These cases are included in the Compendium of Unreported Cases submitted with Defendants' Opening Brief.

of that information, to turn around and use that information against the very entity that provided it. *See Space Systems/Loral*, U.S. Dist. LEXIS 22305 at * 5 ("Policies favoring disqualification include ensuring fairness and preventing conflicts of interest.").

### III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Opening Brief, Defendants respectfully request that their Motion to Disqualify Mr. Anderson as an Expert Witness be granted.

**OF COUNSEL:**

William F. Lee
Donald R. Steinberg
Michael J. Summersgill
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

S. Calvin Walden
Paul B. Keller
Rebecca M. McCloskey
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

Date: March 31, 2006

PRICKETT, JONES & ELLIOTT, P.A.

_/s/ Paul M. Lukoff_
PAUL M. LUKOFF (I.D. No. 96)
DAVID E. BRAND (I.D. No. 201)
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31 2006, I electronically filed **DEFENDANTS' REDACTED REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISQUALIFY ERIC ANDERSON AS AN EXPERT WITNESS** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on March 31, 2006, I have forwarded the above-noted document to the following as noted below:

**VIA E-MAIL**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**VIA E-MAIL & FEDERAL EXPRESS**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301

**VIA E-MAIL**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

_____
PAUL M. LUKOFF (Bar I.D. #96)
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328
TEL: 302-888-6500
E-MAIL: PMLukoff@prickett.com
             DEBrand@prickett.com

19660.3\300602v1