**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
1310 KING STREET, BOX 1328
WILMINGTON, DELAWARE 19899
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6520
Writer's Telecopy Number::
(302)888-6331
Writer's E-Mail Address:
PMLukoff@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

April 10, 2006

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

**VIA EFILE AND HAND DELIVERY**

RE:   Ampex Corporation v. Eastman Kodak Company, et al.,
      C.A. No. 04-1373-KAJ

Dear Judge Jordan:

Defendants Eastman Kodak Company ("Kodak") and Altek Corporation ("Altek") respectfully submit this letter seeking to compel Plaintiff Ampex Corporation ("Ampex") to make Dr. George Ligler, whom Ampex has designated as an expert with respect to both infringement and validity issues, available for two days of deposition. Defendants have repeatedly attempted to contact plaintiff to resolve this dispute but have not received a response.

Dr. Ligler intends to submit two separate expert reports in this litigation: one addressing issues relating to infringement, the other addressing issues of validity. Accordingly, and consistent with the parties' prior practice regarding expert depositions, Defendants have requested that Ampex make Dr. Ligler available for two days of deposition. *See March 19, 2006 Emails from Monica Grewal to Norman Beamer.* Ampex, however, refuses to make Dr. Ligler available for more than a total of seven hours of deposition. *See March 20, 2006 Email from Norman Beamer to Monica Grewal.* Defendants believe that this restriction is unwarranted for the following reasons.

First, the number and complexity of the issues Dr. Ligler will address require two days of deposition. Dr. Ligler has been designated as an expert with respect to Ampex's infringement allegations and with respect to Ampex's validity contentions. On March 24, 2006, Dr. Ligler submitted a 59 page expert report in which he argues that Defendants' digital cameras infringe Ampex's '121 patent. Dr. Ligler's March 24 expert report addresses the alleged infringement of *forty-six* models of digital cameras. It attaches six claim charts analyzing the accused cameras against the '121 patent and six fact charts evaluating the operation of the accused cameras. *See Initial Disclosure of Expert Testimony of George T. Ligler.* On April 24, 2006, Dr. Ligler will submit a separate expert report addressing the validity of Ampex's '121 patent in light of the prior art. Defendants understand that Dr. Ligler's April 24 expert report will address at least *four* different prior art systems identified by Defendants. *See February 28, 2006 Email from Norman Beamer to Michael Summersgill* (indicating Dr. Ligler will address the prior art systems discussed in the expert reports of Dr. Brad Myers and Dr. Dieter Preuss). Defendants believe

The Honorable Kent A. Jordan
April 10, 2006
Page 2

that one day of deposition is necessary to address Dr. Ligler's extensive infringement report and one day of deposition is appropriate to address Dr. Ligler's validity report.

Second, Ampex's refusal to make Dr. Ligler available for two days of deposition is contrary to the parties' prior practice regarding expert depositions. In the ITC Investigation, the parties agreed that an expert who submits one expert report on infringement and a separate report on validity should be made available for at least two days of deposition.

Finally, Ampex claims that two days of deposition are unnecessary because Defendants deposed Dr. Ligler for two and a half days during the ITC Investigation. *See March 19, 2006 Email from Norman Beamer to Monica Grewal.* The infringement and validity issues Dr. Ligler will address in this litigation, however, are not be the same as those he addressed in the ITC. Dr. Ligler opines on *nineteen* newly accused cameras for the first time in his March 24 expert report. Defendants understand that in his April 24, 2006 expert report, Dr. Ligler will attempt to rebut the expert opinion of Dr. Dieter Preuss, one of Defendants' validity experts who was *not* involved in the ITC Investigation. *See February 28, 2006 Email from Norman Beamer to Michael Summersgill.* In his expert report, Dr. Preuss explains his opinion that the claims of the '121 patent are invalid in light of the Scitex Response 300 system, a prior art device that was *not* at issue during the ITC Investigation. Moreover, Defendants understand that, in this litigation, Ampex will seek a full day of deposition for each expert who offers a non-infringement opinion on behalf of Defendants, and a full day of deposition for each expert who offers an invalidity opinion on behalf of Defendants, even for those experts it already deposed in the ITC proceedings.

For the foregoing reasons, Defendants respectfully ask the Court to compel Ampex to make Dr. Ligler available for two days of deposition.

Respectfully submitted,

*/s/ Paul M. Lukoff*

PAUL M. LUKOFF

PML/mhl
cc:   Clerk of the Court (Via Hand)
      Jack B. Blumenfeld, Esquire (Via Efiling & E-Mail)
      Norman H. Beamer, Esquire (Via E-Mail & FedEx)
      Jesse J. Jenner, Esquire (Via E-Mail)
      S. Calvin Walden, Esquire (Via E-Mail)
      Michael J. Summersgill, Esquire (Via E-Mail)
      Jordan L. Hirsch, Esquire (Via E-Mail)

19660.3\301532v1