# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

May 9, 2006

BY ELECTRONIC FILING

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

RE: Ampex v. Eastman Kodak, C.A. No. 04-1373-KAJ

Dear Judge Jordan:

I write on behalf of Plaintiff Ampex Corporation in connection with the May 11, 2006 conference call.

The issues are the scope of defendants' waiver of the attorney client privilege and work product, and the scope of defendants' duties in submitting a log for withheld materials, by virtue of defendants' decision to assert the advice of counsel defense to Ampex's charge of willful infringement. Ampex seeks an order compelling defendants: 1) to disclose all information communicated to the clients (Kodak, Altek, and Chinon), or reflecting communications to the clients, on the same subject matter as their September 2, 2005 opinion of counsel; and 2) to provide a log of all materials withheld on privilege or work-product grounds dated on or before April 11, 2006, the expiration date of the '121 patent in suit.

**Background**

On April 17, 2006, the Court permitted defendants to amend their answers to assert the defense of advice of counsel and permitted limited additional discovery on the same subject matter. Pursuant to a Stipulated Order (D.I. 255), the parties tried to resolve all issues with respect to the scope of the defendants' waiver. The parties accordingly have agreed that: 1) the scope of the waiver does not include core work product of any outside attorney (*i.e.*, information neither referring nor relating to a communication with the client); and, 2) the scope of the waiver does include communications between trial counsel and the clients referring expressly to the opinion of counsel. Upon resolution of the remaining scope of waiver issues, the parties will commence remaining discovery on defendants' advice of counsel defense.

The Honorable Kent A. Jordan
May 9, 2006
Page 2

Defendants have produced a single opinion of counsel dated September 2, 2005, and drafts of that opinion. The opinion was written by an attorney based in Washington, D.C., and relates to the issue of infringement. It was received by defendants approximately a year after the commencement of this litigation in October, 2004.

Defendants have produced opinion counsel materials, but have not produced trial counsel materials on the subject matter of infringement other than documents referring expressly to the opinion. Defendants have not produced a privilege log for any trial counsel materials.

**Defendants' Withholding of Trial Counsel Materials on the Same Subject Matter as the September, 2005 opinion**

The principal dispute between the parties relates to the extent to which defendants may withhold communications between trial counsel and defendants on the same subject matter as the opinion upon which defendants rely for their advice of counsel defense. Defendants have refused to produce any materials referring or relating to such communications, other than those that expressly mention the opinion. Thus defendants have produced only a fraction of the infringement information or advice provided to them – the fraction provided by opinion counsel.

Where, as here, defendants seek to rely on an opinion of counsel received almost a year after the commencement of litigation – and more than four years after receiving notice of the '121 patent-in-suit from Ampex – the scope of the waiver includes trial counsel's materials and advice. Unless defendants produce trial counsel's communications on the same subject matter – infringement – Ampex will not be able to fully assess, or fairly cross-examine on, defendants' state of mind at the time they received the September 2005 opinion of counsel, as well as their state of mind before and after that time. *See, e.g., In re EchoStar Communications Corp.*, Misc. Nos. 803, 805, slip op. at 14 (Fed. Cir. May 1, 2006) (infringer's state of mind determines scope of waiver) (attached as Ex. A); *Chimie v. PPG Indus., Inc.* 218 F.R.D. 416, 420 (D. Del. 2003) (same). Defendants should not be able to selectively disclose the advice it received on the issue of infringement. *EchoStar*, slip op. at 9; *Akeva L.L.C. v. Mizuno Corp.*, 243 F.Supp.2d 418, 423 (M.D.N.C. 2003).

There are cases in which courts have limited the scope of the waiver to materials produced by opinion counsel, but they do not apply here. Typically, they involve the receipt of an opinion of counsel prior to the commencement of litigation. The theory behind foreclosing discovery of trial counsel materials in these cases is temporal: that the waiver cuts-off when the litigation is filed. *See, e.g., Dunhall Pharmaceuticals, Inc. v. Discus Dental, Inc.*, 994 F.Supp. 1202 (C.D. Cal. 1998) (limiting discovery of trial counsel materials to those generated prior to commencement of suit).

In *EchoStar*, the Federal Circuit squarely rejected the notion that the waiver should be cut off at the commencement of litigation. *Echostar*, slip op. at 13 & n.4. This holding comports with district court decisions rejecting the *Dunhall* line of cases. *See Convolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98 (S.D.N.Y. 2004); *Akeva, supra*. In *Convolve,*

The Honorable Kent A. Jordan
May 9, 2006
Page 3

the court stated that limiting discovery until the time of commencement of suit was "particularly unworkable" and that the only way to evaluate the infringer's state of mind was to review the information the infringer received afterwards. *Id.* The court found that the subject matter waiver applies until the time the infringer ceases infringing activity. *Convolve*, 224 F.R.D. at 104. The *Akeva* court went even further, and refused to put any temporal limit on the waiver. *Akeva*, 243 F.Supp.2d at 423.

Ampex does not ask for "unfettered discretion to rummage through all of [defendants'] files and pillage all of their litigation strategies." *EchoStar*, slip op. at 13. Ampex does not seek core work product, does not seek information outside of the infringement subject matter addressed by the opinion, and agrees to limit the waiver to materials received, or relating to communications made, before April 11, 2006, when the '121 patent expired.

### Defendants' Refusal to Log Trial Counsel Materials

Defendants refuse to provide a privilege log of trial counsel materials, apparently because it would be burdensome to do so. Defendants brought that upon themselves, however, by relying on an opinion of counsel received more than a year after the commencement of litigation. Unless defendants produce complete logs, Ampex – and the Court – will have no way of knowing whether discoverable material even exists and no way of determining whether a document fairly falls within the scope of the waiver, no matter what that scope is. For the reasons stated above, Ampex agrees that Kodak would not have to log documents created after April 11, 2006.

Respectfully,

*Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bls

cc:   Peter T. Dalleo. Clerk (By Hand)
      Paul M. Lukoff, Esquire (By Hand)
      Michael J. Summersgill, Esquire (By Fax)
      Norman H. Beamer, Esquire (By Fax)