

65 Fed.Appx. 313                                                                                                      Page 1
65 Fed.Appx. 313, 2003 WL 21212626 (C.A.Fed.)
**(Cite as: 65 Fed.Appx. 313)**

**H**
Briefs and Other Related Documents
This case was not selected for publication in the Federal Reporter.NOTE: Pursuant to Fed.Cir.R. 47.6, this order is not citable as precedent. It is public record. Please use FIND to look at the applicable circuit court rule before citing this opinion. Federal Circuit Rule 47.6. (FIND CTAF Rule 47.6.)
United States Court of Appeals,Federal Circuit.
MARLOW INDUSTRIES, INC., Plaintiff-Appellant,
v.
IGLOO PRODUCTS CORP., Defendant-Appellee.
No. 02-1386.

May 23, 2003.

Owner brought infringement action against competitor over patent covering picnic boxes. The United States District Court for the Northern District of Texas, Jorge A. Solis, J., granted summary judgment for competitor, 2002 WL 485698. Owner appealed. The Court of Appeals, Prost, Circuit Judge, held that: (1) patentee withheld information from Patent and Trademark Office (PTO); (2) district court's prior orders were material to examiner's final reexamination; and (3) patentee intended to deceive PTO by failing to submit district court's prior orders.

Affirmed.

West Headnotes

**[1] Patents 291 €—97**

291 Patents
    291IV Applications and Proceedings Thereon
        291k97 k. Patent Office and Proceedings Therein in General. Most Cited Cases
Patentee withheld information from Patent and Trademark Office (PTO) relating to infringement action, for purpose of competitor's claim of inequitable conduct during reexamination, where patentee did not bring district court's prior claim construction to examiner's attention or disclose court orders embodying that construction.

**[2] Patents 291 €—97**

291 Patents
    291IV Applications and Proceedings Thereon
        291k97 k. Patent Office and Proceedings Therein in General. Most Cited Cases
District court's prior claim construction, court orders embodying that construction, and conclusion that accused product did not infringe which was binding on examiner under doctrine of issue preclusion, were "material" to examiner's final reexamination of patent from standpoint of reasonable examiner reviewing patentee's proposed amendments in first instance, even though interpretation of patent by Board of Patent Appeals and Interferences may have been consistent with district court's previous construction. 35 U.S.C.A. § 305(a).

**[3] Patents 291 €—97**

291 Patents
    291IV Applications and Proceedings Thereon
        291k97 k. Patent Office and Proceedings Therein in General. Most Cited Cases
Patentee intended to deceive Patent and Trademark Office (PTO) by failing to submit district court's prior orders construing claims of patent covering picnic boxes when it proposed amended language during final reexamination, where same attorney represented patentee before district court in infringement case and before PTO during final reexamination proceedings, and patentee proposed claims using disjunctive language of "cools or heats" despite district court's prior holding that picnic box had to both heat and cool to infringe patent.

**[4] Patents 291 €—97**

291 Patents
    291IV Applications and Proceedings Thereon
        291k97 k. Patent Office and Proceedings Therein in General. Most Cited Cases
A mere denial of an intent to deceive the Patent and Trademark Office (PTO) is not sufficient to defeat a claim of inequitable conduct, where a patentee faces a high level of materiality and proof that it knows or should have known of that materiality.

**Patents 291 €—328(2)**

291 Patents
    291XIII Decisions on the Validity, Construction, and Infringement of Particular Patents
        291k328 Patents Enumerated
            291k328(2) k. Original Utility. Most Cited Cases

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

65 Fed.Appx. 313                                                                                                              Page 2
65 Fed.Appx. 313, 2003 WL 21212626 (C.A.Fed.)
(Cite as: 65 Fed.Appx. 313)

4,726,193. Unenforceable.

Before LOURIE, LINN, and PROST, Circuit Judges.
PROST, Circuit Judge.

**1 Marlow Industries, Inc. ("Marlow") appeals from the decision of the United States District Court for the Northern District of Texas granting summary judgment to Igloo Products Corp. and holding Marlow's United States Patent No. 4,726,193 ("the '193 patent"), as amended by Reexamination Certificate B1 4,726,193 ("the first reexamination") and Reexamination Certificate U.S. 4,726,193 C2 ("the final reexamination") unenforceable due to Marlow's inequitable conduct before the United States Patent and Trademark Office ("PTO"). *Marlow Indus., Inc. v. Igloo Prods. Corp.*, No. 396-CV-2688-P, 2002 WL 485698 (N.D.Tex. Mar.28, 2002). Because the district court did not commit error in granting Igloo's motion for summary judgment, we *affirm* the judgment.

I

The '193 patent covers picnic boxes. Independent claim 1 reads in pertinent part "[a] refrigerator/food warmer picnic box apparatus or the like comprising ... means ... for *selectively heating and cooling* and circulating the air in the food compartment picnic box ...." (emphasis added). Marlow filed an infringement action against Igloo in September 1996 and cross-moved for partial summary judgment*315 on September 29, 1997, claiming that, as a matter of law, several of the contested picnic boxes infringed the patent.

In an opinion dated April 3, 1998, the district court concluded, "it is obvious that the plain meaning of Claim 1 requires that the picnic box be capable of both 'heating and cooling.'" Both parties moved the court to reconsider its April 3 order. On September 1, 1998, the district court entered an order denying Marlow's motion for reconsideration, but granting Igloo's motion in part by vacating its prior ruling that some of the accused picnic boxes literally infringed the '193 patent, concluding rather that none of the accused products literally infringed the patent. The court left open several issues regarding infringement under the doctrine of equivalents.

In June 1998, Igloo requested the PTO to reexamine the '193 patent to consider prior art that was not previously considered. Marlow subsequently moved to stay further action in the district court until completion of the reexamination proceedings. Igloo's request for the final reexamination brought to the examiner's attention the pending infringement litigation in the district court between Marlow and Igloo, and included a copy of Marlow's brief in support of its September 29, 1997, motion for partial summary judgment. During the reexamination, Marlow attempted to amend the patent by adding claims 4 and 5. These claims included language that covers a picnic box, which "cools or heats" (independent claim 4) and which "only cools" (claim 5, depending from claim 4). The examiner rejected these claims pursuant to 35 U.S.C. § 305, which prohibits expanding the scope of the claimed invention during a reexamination.

Marlow then attempted for a second time to amend the patent by adding claims 6 and 7. These claims, both depending from claim 1, included language covering a picnic box, which "heats and circulates only warm air" (claim 6) and which "cools and only circulates cooled air" (claim 7). The examiner again rejected these claims as an attempt to impermissibly broaden the scope of the original patent. Marlow appealed the examiner's rejection of its claims, including the rejection of its four proposed amendments, to the Board of Patent Appeals and Interferences ("Board"). The Board affirmed the examiner's rejection of proposed claims 5-7. However, the Board reversed the examiner's rejection of claim 4 on the basis that it, like preexisting claim 1, includes the "selectively heating and cooling" language and, thus, cannot be construed as enlarging the scope of the claimed invention.

**2 In August 2001, Igloo moved for summary judgment in the district court, in which the infringement action was pending, alleging that Marlow had committed inequitable conduct by failing to disclose to the examiner during the final reexamination of the '193 patent the court's prior claim construction of that patent. The district court determined that Marlow had failed during the reexamination to provide the examiner with the court's April 3 and September 1, 1998 orders, that these orders were material to the reexamination proceeding, and that Marlow knew or should have known that a patent examiner would have found such information material. The district court also found that Marlow failed to submit to the examiner its motion for reconsideration of the court's April 3 order, but the court did not analyze Marlow's inequitable conduct with regard to its failure to submit this document. Based upon these findings, the court concluded that Marlow engaged in

inequitable conduct before the PTO. The district court therefore granted Igloo's motion for summary judgment and declared all claims of the '193 patent unenforceable.

*316 Marlow filed a timely appeal and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

II

We review the district court's grant of summary judgment *de novo,* with all justifiable factual inferences being drawn in favor of the party opposing the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). Under *Anderson,* whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case. 477 U.S. at 255, 106 S.Ct. 2505. It is the substantive law's identification of which facts are critical and which facts are irrelevant that governs whether a genuine issue of material fact exists. Id. at 247-48, 106 S.Ct. 2505.

It is well settled that patent applicants are required to prosecute patent applications "with candor, good faith, and honesty." Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178, 33 USPQ2d 1823, 1826 (Fed.Cir.1995). This duty likewise applies to reexamination proceedings. 37 C.F.R. § 1.555 (2002). A breach of this duty can take several forms, including the failure to disclose material information. Molins, 48 F.3d at 1178, 33 USPQ2d at 1826. Further, a breach of this duty, when coupled with an intent to deceive or mislead the PTO, constitutes inequitable conduct, which, when proven, renders the patent unenforceable. Id. at 1178, 48 F.3d 1172, 33 USPQ2d at 1827.

To establish Marlow's inequitable conduct, Igloo must show by "clear and convincing evidence" that Marlow failed to disclose material information with intent to deceive the PTO. Kingsdown Med. Consultants, Ltd. v. Hollister, Inc., 863 F.2d 867, 872, 9 USPQ2d 1384, 1389 (Fed.Cir.1988); FMC Corp. v. Manitowoc Co., 835 F.2d 1411, 1415, 5 USPQ2d 1112, 1115 (Fed.Cir.1987). Once the materiality of the information and Marlow's intent to mislead have been established, the district court must "weigh them to determine whether the equities warrant a conclusion that inequitable conduct occurred." Molins, 48 F.3d at 1178, 33 USPQ2d at 1827. Moreover, when balanced against high materiality, the showing of intent can be proportionally less. Brasseler, U.S.A. I. L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1381, 60 USPQ2d 1482, 1488 (Fed.Cir.2001).

**3 On appeal, Marlow maintains that the district court erred in granting summary judgment to Igloo because it raised genuine issues of material fact. According to Marlow, the district court impermissibly weighed the evidence regarding its failure to disclose information to the PTO, the materiality of the allegedly withheld information, and Marlow's intent to deceive the PTO. Igloo counters that Marlow has no additional evidence to offer that would warrant changing the district court's determination or that would otherwise merit further proceedings. After drawing all justifiable inferences in favor of Marlow, we conclude that there are no genuine issues of material fact with regard to Marlow's inequitable conduct and Igloo is entitled to judgment as a matter of law.

A

[1] Marlow first argues that a genuine issue of material fact exists with regard to whether it withheld any information relating to the district court action from the PTO during the final reexamination. In this regard, Marlow notes that it advised the examiner that the '193 patent was the subject of an infringement action pending *317 before the district court, the examiner was provided with copies of the particular documents relating to those proceedings which Igloo believed relevant to the final reexamination, and the entire record was made available to the examiner by Marlow's and Igloo's disclosures.

Igloo maintains that Marlow never once apprised the examiner of the substance of the district court's claim construction of the '193 patent or even of the fact that the court had construed the patent. Igloo specifically contends that the district court correctly found that Marlow failed to submit the three disputed documents to the examiner.

The district court did not err in concluding that there was no genuine issue of material fact with respect to Marlow's failure to submit copies of the disputed documents to the examiner during the final reexamination. In its responses to Igloo's Requests

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

for Admission Nos. 92-94, Marlow admitted that at the time of the issuance of the final reexamination, the file wrapper did not include copies of these documents. We reject Marlow's argument that a genuine issue of material fact exists as to whether it withheld any information relating to the infringement action from the PTO. Informing the examiner of the pending infringement action is not commensurate with bringing to the examiner's attention the district court's prior claim construction of the patent or disclosing the court orders embodying this construction. *See Rohm & Haas Co. v. Crystal Chem. Co., 722 F.2d 1556, 1572-73, 220 USPQ 289, 302 (Fed.Cir.1983)* (concluding that a presumption that an examiner was able to find, with his expertise and adequate time, the critical data when he was presented with a "mountain of largely irrelevant data" ignores the real world conditions under which examiners work). Moreover, the only document from the infringement litigation submitted to the examiner was Marlow's motion for partial summary judgment filed on September 25, 1997, which was included as an exhibit to Igloo's request for reexamination. This document, however, was filed in the district court more than six months prior to the court's initial construction of the '193 patent and, thus, had no bearing on the scope of the claims at issue during the reexamination proceedings.

B

**\*\*4** [2] Marlow next argues that a genuine issue of material fact exists with regard to the materiality of the district court's claim construction orders. "Materiality is not limited to prior art but embraces *any* information that a reasonable examiner would be substantially likely to consider important in deciding whether to allow an application to issue as a patent." *GFI, Inc. v. Franklin Corp., 265 F.3d 1268, 1273, 60 USPQ2d 1141, 1143 (Fed.Cir.2001)* (emphasis in original); 37 C.F.R. § 1.56(b) (2002).

Marlow contends that in reaching its finding that its previous orders were material to the examiner's final reexamination of the '193 patent, the district court erroneously assumed that: (1) the construction of claim 1, and thus claim 4, applied by the Board was in conflict with the district court's construction of claim 1; and (2) Marlow was attempting during the reexamination to avoid the district court's requirement that to infringe the '193 patent an accused device had to be capable of both heating and cooling. According to Marlow, it argued to the examiner that claim 1 could not require both "simultaneous" heating and cooling because that would be physically impossible, which is not inconsistent with the district court's interpretation of the claim.

**\*318** Igloo responds that the district court correctly concluded that the disputed documents were material to the final reexamination because: (1) they bore directly on the scope of the claims that Marlow attempted to amend; and (2) Marlow's interpretation of the patent asserted before the examiner was inconsistent with the district court's construction of the patent and Marlow's acquiescence to that construction.

The district court did not err in concluding that there was no genuine issue of material fact with respect to the materiality of the April 3 and September 1, 1998, orders to the final reexamination from the standpoint of a reasonable examiner reviewing Marlow's proposed amendments. Faced with Marlow's attempts to amend claim language in the '193 patent, the examiner had to first construe the scope of the claims, including the specific language covering picnic boxes that are capable of both "heating and cooling," to determine whether the proposed "cools or heats" language would impermissibly enlarge the scope of the patent. *See* 35 U.S.C. § 305(a) (2002). In addition, the district court's two previous orders construing the '193 patent and concluding that picnic boxes that only cooled did not infringe the patent were binding on the examiner under the doctrine of issue preclusion. *See In re Freeman, 30 F.3d 1459, 1466-69, 31 USPQ2d 1444, 1448-51 (Fed.Cir.1994)* (concluding that the Board was bound by the district court's prior interpretation of the reissue claims under the doctrine of issue preclusion). Thus, a reasonable examiner would have been substantially likely to consider these two orders important in deciding whether to allow the amendments to issue.

**\*\*5** Moreover, contrary to Marlow's assertion, whether or not the Board, applying the same construction of claim 1 as the district court, found claim 4 equivalent in scope to claim 1 is irrelevant to the materiality inquiry. This court has articulated the materiality criterion as follows:
[T]he standard to be applied in determining whether a reference is "material" is not whether the particular examiner of the application at issue considered the reference to be important; rather, it is that of a "reasonable examiner." Nor is a reference immaterial simply because the claims are eventually deemed by an examiner to be patentable thereover.

*Molins*, 48 F.3d at 1179, 33 USPQ2d at 1828 (citation omitted); *Perseptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1322, 56 USPQ2d 1001, 1006 (Fed.Cir.2000) (stating that a patent may be valid and yet be rendered unenforceable due to inequitable conduct). Thus, that the Board's interpretation of the '193 patent may have been consistent with the district court's previous construction does not eviscerate the materiality of the previous orders from the viewpoint of a reasonable examiner in the first instance. Here, a reasonable examiner reviewing Marlow's proposed amendments would have considered the district court's prior construction of that patent important.

C

[3] Lastly, Marlow argues that a genuine issue of material fact exists with regard to Marlow's intent to deceive the PTO. Intent to mislead does not require direct evidence, and is typically inferred from the facts. *GFI*, 265 F.3d at 1274, 60 USPQ2d at 1144. Intent may be inferred when a patent applicant knew, or should have known, that withheld information could be material to the PTO's consideration of the patent application. *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1256-57, 43 USPQ2d 1666, 1668-69 (Fed.Cir.1997); *Brasseler*, 267 F.3d at 1375-76, 60 USPQ2d at 1484; *319*Merck & Co. v. Danbury Pharmacal, Inc.*, 873 F.2d 1418, 1422, 10 USPQ2d 1682, 1686 (Fed.Cir.1989) (stating that intent is most often proven by a showing of acts the natural consequences of which are presumably intended by the actor).

Marlow argues that a factual dispute exists with regard to its alleged intent to deceive the PTO. According to Marlow, the district court found intent by incorrectly assuming that claim 4 is broader than claim 1 and by disregarding the affidavit of Marlow's attorney denying an intent to deceive.

Igloo argues that the district court correctly concluded that Marlow acted with intent to deceive the PTO. According to Igloo, Marlow knew, or should have known that the examiner would have considered the district court's claim construction of the '193 patent (specifically its holding that cool only or heat only devices cannot infringe the '193 patent) material to Marlow's attempts to add claims directed to cool only or heat only devices. Igloo further contends that the affidavit of Marlow's counsel does not create a genuine issue of fact as to Marlow's intent because it consists of mere denials of an intent to deceive.

**6 [4] The district court did not err in concluding that there was no genuine issue of material fact with respect to Marlow's intent to deceive the PTO by failing to submit the district court's prior orders construing the claims of the '193 patent when it proposed amended language during the final reexamination. The same attorney represented Marlow before the district court in this case and before the PTO during the final reexamination proceedings. *See Critikon*, 120 F.3d at 1257, 43 USPQ2d at 1669 (noting that the patent counsel who were handling the reissue proceedings were keenly aware of the ongoing district court litigation and the issues involved prior to the resolution of the reissue proceedings). Yet, despite the district court's prior holding that a picnic box had to both heat and cool to infringe the '193 patent, Marlow proposed claims using the disjunctive language of "cools or heats." *See In re Freeman*, 30 F.3d at 1465, 31 USPQ2d at 1448 (stating that "given the interpretation of the district court during the infringement litigation, it is clear that the amendments to the independent claims during reexamination attempt[ed] an end run around the [district court's] interpretation"). Under these circumstances and in light of the binding nature of the district court's prior claim construction, Marlow's failure to submit the April 3 and September 1, 1998, orders leads to a finding that Marlow intended to deceive the PTO. As the district court recognized when considering Igloo's inequitable conduct motion, Marlow should have known that a patent examiner would have found the two prior court orders considering the construction of the '193 patent material to the reexamination. Indeed, during the pendency of the reexamination, Igloo's counsel twice reminded Marlow by letter of its duty to disclose the district court's claim construction to the examiner. The only evidence Marlow offers to negate a finding of an intent to deceive is an affidavit from its counsel denying such deceitful intent. However, a mere denial of an intent to deceive is not sufficient where a patentee faces a high level of materiality and proof that it knows or should have known of that materiality. *Critikon*, 120 F.3d at 1257, 43 USPQ2d at 1669 (citing *FMC Corp.*, 835 F.2d at 1415, 5 USPQ2d at 1116).

CONCLUSION

In sum, we conclude that viewing the evidence in the light most favorable to Marlow, there is no genuine issue of material fact as to the materiality of the

district court's April 3 and September 1, 1998, orders to the final reexamination of the '193 patent and Marlow's intent to *320 deceive the PTO. Furthermore, the district court did not abuse its discretion in holding the '193 patent unenforceable. Accordingly, we affirm the district court's order granting summary judgment of invalidity to Igloo.

C.A.Fed.,2003.
Marlow Industries, Inc. v. Igloo Products Corp.
65 Fed.Appx. 313, 2003 WL 21212626 (C.A.Fed.)

Briefs and Other Related Documents (Back to top)

• 2002 WL 32625350 (Appellate Brief) Reply Brief for Plaintiff-Appellant Marlow Industries, Inc. (Sep. 03, 2002) Original Image of this Document (PDF)
• 2002 WL 32625351 (Appellate Brief) Brief for Defendant-Appellee Igloo Products Corp. (Aug. 19, 2002) Original Image of this Document (PDF)
• 2002 WL 32625352 (Appellate Brief) Brief for Plaintiff-Appellant Marlow Industries, Inc. (Jul. 08, 2002) Original Image of this Document (PDF)
• 02-1386 (Docket) (May. 07, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2006, I electronically filed the following document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**COMPENDIUM OF UNREPORTED OPINIONS CITED IN DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF INEQUITABLE CONDUCT**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on May 23, 2006, I have forwarded the above-noted document to the following as noted below:

**VIA E-MAIL**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**VIA E-MAIL**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301

**VIA E-MAIL**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

_____
PAUL M. LUKOFF (Bar I.D. #96)
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE  19899-1328
TEL: 302-888-6500
E-MAIL:  PMLukoff@prickett.com
             DEBrand@prickett.com