IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1373-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, ALTEK CORPORATION and CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Pursuant to Fed. R. Civ. P. 56, Defendants Eastman Kodak Company and Altek Corporation hereby move for summary judgment of non-infringement.

The structure and relevant operation of the accused digital cameras is undisputed in all material respects, and the factual record confirms that the accused digital cameras do not infringe any of the asserted claim of U.S. Patent No. 4,821,121 ("the '121 patent"). Those asserted claims are claims 7, 8, and 10-15.

First, all of the asserted claims require storage and transfer of digitized "video" image data. Because there is no material dispute of fact that the accused digital cameras do not infringe the "video" limitations of each of the asserted claims either literally or under the doctrine of equivalents, defendants are entitled to summary judgment dismissing Ampex's complaint.

Second, each of the claims requires a system that receives captured video "data" that corresponds to a "full size" image, to use that "said data" to generate a "reduced size" version of the full size image, and to store the "said data" for later access. Because there is no

material dispute of fact that the accused digital cameras do not infringe the "said data" limitations of each of the asserted claims either literally or under the doctrine of equivalents, defendants are entitled to summary judgment dismissing Ampex's complaint.

Third, claims 7, 8, and 10 require image data to be transferred "directly" from more permanent "bulk storage memory" to "random access memory" without the use of an "intervening circuit." Because there is no material dispute of fact that the accused digital cameras do not infringe the "directly" limitations of each of claims 7, 8 and 10 either literally or under the doctrine of equivalents, defendants are entitled to summary judgment dismissing those claims.

Fourth, claims 8 and 14 require "random access memory ... having an input port and an output port," such that the RAM has at least two physically separate ports: "an input port" that receives data and "an output port" that sends data. Because there is no material dispute of fact that the accused digital cameras do not infringe the "random access memory...having an input port and an output port" limitations of each of claims 8 and 14 either literally or under the doctrine of equivalents, defendants are entitled to summary judgment dismissing those claims.

Fifth, claim 12 requires the system to receive video image data from an "external source." Because there is no material dispute of fact that the accused digital cameras do not infringe the "external source" limitation of claim 12 either literally or under the doctrine of equivalents, defendants are entitled to summary judgment dismissing that claim.

Ampex's failure of proof with respect to these five claim limitations is fatal to its case as a matter of law. Accordingly, the Court should enter summary judgment of non-infringement with respect to each of the asserted claims.

WHEREFORE, Defendants respectfully move for an order of summary judgment that Defendants do not and have not infringed the claims of the '121 patent. In support of this

motion, Defendants submit Defendants' Opening Brief in Support of Their Motion for Summary Judgment of Non-Infringement, along with the Declaration of James Storer in Support of Defendants' Motion for Summary Judgment of Non-Infringement, and an Appendix containing documents and testimony evidencing no material dispute of fact.

PRICKETT, JONES & ELLIOTT, P.A.,

*/s/ Paul M. Lukoff*
_____
PAUL M. LUKOFF (I.D. #96)
DAVID E. BRAND (I.D. #201)
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
Tel. 302.888.6500
Fax: 302.888-6331
*Attorneys for Defendants*

Date: May 23, 2006

OF COUNSEL:

William F. Lee
Donald R. Steinberg
Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

S. Calvin Walden
Rebecca McCloskey
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800

## CERTIFICATE OF SERVICE

  I hereby certify that on May 23, 2006, I electronically filed the following document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
OF NON-INFRINGEMENT**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

  I hereby certify that on May 23, 2006, I have forwarded the above-noted document to the following as noted below:

| VIA E-MAIL | VIA E-MAIL & FEDERAL EXPRESS |
|---|---|
| Jesse J. Jenner, Esquire<br>Ropes & Gray LLP<br>1251 Avenue of the Americas<br>New York, NY 10020 | Norman H. Beamer, Esquire<br>Ropes & Gray LLP<br>525 University Avenue<br>Palo Alto, CA 94301 |

**VIA E-MAIL**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

              /s/ Paul M. Lukoff
              PAUL M. LUKOFF (Bar I.D. #96)
              DAVID E. BRAND (Bar I.D. #201)
              Prickett, Jones & Elliott, P.A.
              1310 King Street
              P.O. Box 1328
              Wilmington, DE  19899-1328
              TEL: 302-888-6500
              E-MAIL:  PMLukoff@prickett.com
                     DEBrand@prickett.com