# PAPER NO. 13





THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

DANIEL A. BEAULIER

Serial No. 740,297

Filed:  May 31, 1985

Title:  ELECTRONIC STILL STORE
        WITH HIGH SPEED SORTING
        AND METHOD OF OPERATION

Art Unit:  262

Examiner:  D. Harvey

Attorney Docket No. AV-3033 N1

Honorable Commissioner
of Patents and Trademarks
Washington, DC  20231

Sir:

I hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Washing-
ton, D.C. 20231, or ___1-28-86___

_Bradley A. Perkins, Reg. # 31,406  DATE__1-28-86_

AMENDMENT

        In response to the first Office Action dated September 3, 1985, please amend the
above-identified application as follows:

        IN THE CLAIMS:

        Please cancel Claim 1.

        Please amend Claim 2 as follows:

        2.  (Once Amended)  An electronic still store system comprising:

        an image store for retrievable storing therein a plurality of image frame copies of
frames of video images, the image frame copies comprising [with both] a full spatial
resolution image frame copy and a reduced spatial resolution image frame copy of each
frame of video images [image frame being stored];

        a frame store which is operable in a first mode to receive and store one of said
full spatial resolution image frame copies [frames of video images] from the image store
and repetitively generate a full spatial resolution output image frame and operable in a
second mode to receive from the image store and store a plurality of said reduced spatial

AX061632

USSN 740,297                                    2

resolution image frame copies [frames], the frame store being further operable in the second mode to repetitively generate [an] a reduced spatial resolution output image frame having an image frame comprising a [from each of the] plurality of said reduced spatial resolution image frame copies [frames] selectively located at [a] different [position] positions within the output image frame; and

   a size reducer coupled to receive from the frame store a full spatial resolution image frame copy and in response thereto to return to the frame store a reduced spatial resolution image frame copy and wherein the frame store is operable to receive and store the reduced spacial resolution image frame copy while continuing to store the full spatial resolution image frame copy.

   Please amend Claim 3 as follows:

   3.  (Once Amended)  The electronic still store system according to claim 2 above, wherein the reduced spatial resolution image frame copies [frames] each have a spatial resolution of one-forth the spatial resolution of the full spatial resolution image frame copies [frames] in each dimension [of an image].

   Please amend Claim 4 as follows:

   4.  (Once Amended)  The electronic still store system according to claim [1] 2 above, further comprising a central processing unit, controlled by an operator, coupled to select [in response to control by an operator] which of said image frame copies are retrieved from the image store and the location within the frame store at which each of said image frame copies [copy] is stored.

   Please amend Claim 5 as follows:

   5.  (Once Amended)  The electronic still store system according to claim [1] 2 above, further comprising a central processing unit, controlled by an operator, which is coupled [to select in response to control by an operator]  to command the retrieval of a plurality of reduced spatial resolution image frame copies [frames] from the image store and to select the placement of the retrieved image frame copies [frames as reduced size image frames] within [an] said reduced spatial resolution output image frame generated by the frame store.

USSN 740,297                              3

Please amend Claim 6 as follows:

6.  (Once Amended)  The electronic still store system according to claim 5 above, further comprising an output digital-to-analog convertor coupled to receive said output image frames from the the frame store and in response thereto to generate an analog video signal representing the received output image frames; and a monitor coupled to receive the analog video signal and display the output image frames represented thereby.

Please amend Claim 7 as follows:

7.  (Once Amended)  The electronic still store system according to claim 6 above, further comprising a video input generating an analog video signal representing a sequence of input video image frames and an analog-to-digital converter coupled between the video input and the frames store and converting the analog video signal to a digital form in which digital data representing [a] said input video image frame can be received and stored by the frame store.

Please amend Claim 8 as follows:

8.  (Once Amended)  The electronic still store system according to claim 7 above, further comprising a user console coupled to receive operator commands and output [received] operator command signals [commands] to a central processing unit, the central processing unit coupled to receive the operator command signals [commands] output by the operator console and in response thereto to generate control signals for controlling system devices including the input analog-to-digital converter, the image store, the frame store, the size reducer, and the output digital-to-analog converter, and a system bus [coupling] supplying the control signals to the controlled system devices.

USSN 740,297                                    4

Please amend Claim 9 as follows:

9.  (Once Amended)  A video still store system comprising:

a  size  reducer  coupled  to  receive, from a frame store capable of simultaneously storing both a full size and a reduced size image data sets, a full size image data set representing a full size image frame and produce and return to said frame store a reduced size image data set representing a corresponding reduced size image frame in response thereto;

an  image  store  for  storing  a plurality of said  full  size  image  data  sets representing a plurality [of frames] of full size images frames and for storing a plurality of reduced size image data sets representing a plurality of reduced size image frames [images], each of said reduced size image data sets corresponding to one of the full size image data sets [images, said reduced size images occupying less space within said image store than said full size images]; and

[a] said frame store coupled to selectively receive from either an external source or the image store and store one of said [a frame of] full size image data sets representing a full size image frame to selectively [repetitively] retrieve and output a stored [frame of the] full size image data set, to retrieve and communicate to the size reducer the stored [frame of] full size image data set, to receive from the size reducer and store said [a frame of] reduced size image data set representing a reduced size image frame corresponding to the stored full size image data set, to selectively retrieve and output to the image store both the [frame of] full size image data set and the [frame of] reduced size image data set, and to receive from the image store and store a plurality [of frames] of reduced size image data sets with the reduced size image data sets for each different reduced size image frames being stored in a different location within the frame store such that when the frame store operates to [repetitively retrieve and] output a stored frame of full size image data set for use by a device generating a television signal, the reduced size [images] image frames represented by the reduced size image data sets are disposed at different selected locations within an output image frame represented by a [repetitively retrieved and output frame of] full size image data set.

USSN 740,297                5

Please amend Claim 10 as follows:

10.  (Once Amended)  An electronic still store system comprising:

a size reduce which receives normal size image data, from a frame store capable of simultaneously storing both full size and reduced size image data, representing a normal size video image and converts the normal size image data to reduced size image data representing a reduced size video data image and returns said reduced size image data to said frame store;

[a] said frame store coupled to receive and store at first selected locations therein normal size image data [representing a video image], the frame store being coupled to communicate full size image data to the size reducer, to receive back from the size reducer reduced size image data, to store the reduced size image data received from the size reducer in second selected locations in the frame store, and to repetitively output the full size image data, the frame store being further operable to receive and store in the first selected locations [image data representing] a plurality of reduced size image data images to form a single normal size video image comprised of the plurality of reduced size video images; and

an image store coupled to receive from the frame store, store and retrieve, said normal image data and said reduced size image data [image data representing a plurality of normal size images and image data representing a reduced size image of each of the normal size images, said reduced size images occupying less space within said image store than said full size images].

USSN 740,297                              6

[Please amend Claim 11 as follows:

11.  (Once Amended)  A video still store system comprising:

a    size    reducer    coupled    to    receive, from a frame store capable of simultaneously storing both a full size and a reduced size image data set, a    full resolution image data set representing [a frame of] a full resolution image frame and produce and return to said frame store a reduced resolution image data set representing [a frame of] a corresponding reduced resolution image frame in response thereto;

an image store for storing a plurality of said full resolution image data sets representing a plurality [of frames] of full resolution image frames [images] and a plurality of reduced resolution image data sets representing a plurality of reduced resolution image frames [images], each reduced resolution data set corresponding to one of the full resolution image data sets [images]; and

[a] said frame store operably coupled to selectively receive from either an external source or the image store and store a [frame of] full resolution image data set representing a full resolution image frame, to repetitively retrieve and output a stored [frame of the] full resolution image data set, to retrieve and communicate to the size reducer the stored [frame of] full resolution image data set, to receive from the size reducer and store a [frame of] reduced resolution image data set representing a reduced resolution image frame corresponding to the stored full resolution image frame, to selectively retrieve and output to the image store both the [frame of] full resolution image data set and the [frame of] reduced resolution image data set, and to receive from the image store and store a plurality of [frames of] reduced resolution image data sets [with the reduced resolution image data], without cutting or further reducing said reduced resolution image data set, for each different reduced resolution image data set being stored in a different location within the frame store [which] such that when the frame store operates to repetitively retrieve and output a stored frame of full resolution image data set, the reduced resolution image frames [images] represented by the reduced resolution image data sets are disposed at different selected locations within an output image represented by the repetitively retrieved and outputted [output frame of] full resolution image data set.

USSN 740,297                    7

Please amend Claim 12 as follows:

12. (Once Amended) The method of operating a video still store system having an image store and a frame store coupled for bidirectional communication of video data with the image store comprising the steps of:

writing into the image store video data representing a plurality of full resolution image frames [images];

reducing said video data representing a plurality of full resolution image frames;

writing into the image store for each said full resolution image frame said video data representing a reduced resolution image frame copy thereof, in response to said writing into the image store video data representing a plurality of full resolution image frames [said reduced resolution copy of each said full resolution image occupying less space within said image store than said full resolution image]; and

transferring from the image store to the frame store for assembly in the frame store as a single composite image said video data representing a reduced resolution image frame copy of each of a selected plurality of reduced resolution image frame copies [images].

Please amend Claim 13 as follows:

13. (Once Amended) The method of operating a video still store system according to claim 12 above, wherein each reduced resolution image frame copy has a spatial resolution of one-forth the spatial resolution of the corresponding full resolution image frame in each of two display dimensions.

USSN 740,297                    8

Please amend Claim 14 as follows:

14.  (Once Amended)  The method of operating a video still store system having an image store and a frame store coupled to receive video data from the image store comprising the steps of:

writing into the image store video data representing a plurality of full resolution image frames [images];

reducing said video data representing a plurality of full resolution image frames;

writing into the image store for each said full resolution image said frames video data representing a reduced resolution image frame copy thereof, in response to said writing into the image store video data representing a plurality of full resolution image frames [said reduced resolution copy of each said full resolution image occupying less space within said image store than said full resolution image];

transferring from the image store to the frame store video data representing a reduced resolution image frame copy of each of a selected plurality of reduced resolution image frames [images]; and

storing the transferred video data in the frame store in locations selected to produce a composite output image frame having each of the reduced resolution image frames [images] represented by the transferred video data positioned at a selected different position within the composite output image frame.

AX061639

USSN 740,297                          9

Please add Claim 15 as follows:

15.  A video still store system comprising:

a size reducer coupled to receive a full size image data set representing a full size image frame and produce reduced size image data set representing a corresponding reduced size image frame in response thereto;

an image store for storing a plurality of said full size image data sets representing a plurality of full size image frames and for storing a plurality of reduced size image data sets representing a plurality of reduced size image frames, each of said reduced size image data sets corresponding to one of said full size image data sets; and

a frame store coupled to selectively receive from either an external source or said image store and store one of said full size image data sets, said frame store is operable such that when a full size image data set is received from an external source or is received from said image store and said image store does not contain a corresponding reduced size image data set, said frame store outputs a copy of said full size image data set to said size reducer and in response thereto receives a corresponding reduced size image data set which is outputted to said image store for storage with the corresponding full size image data set.

REMARKS

The first Office Action of September 3, 1985 has been carefully considered. Reconsideration of the application, as amended, is respectfully requested.

Claims 1 through 14 are pending in this application.  Claims 1 through 14 have been amended and Claim 15 has been added.

Claims 1 through 14 were rejected under 35 U.S.C. 112, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the Applicant regards as the invention.

Claim 1 has been cancelled.

The Examiner notes a number of problems with Claim 2 in regards to the use of image frames.  Applicant has made a number of changes to Claim 2 to correct the problems along the lines suggested by the Examiner.  Other changes have been made to Claim 2 for the sake of internal consistency.  Claim 2 has been amended to make clear that "a full spatial resolution image frame" refers to "image frame copy".

Claim 3 has been amended to conform to the changes in Claim 2. Claim 3 has further been amended by removing "of an image" that is considered indefinite by the Examiner.

In Claim 4, the Examiner objects to "in response to control by an operator". Claim 4 has been amended to make clear that the central processing unit is "controlled by an operator". The Examiner notes that "image frame copies", in Claim 4, should be proceeded by "said". This has been done.

Claim 5 has been amended to conform with amended Claim 1 as requested by the Examiner. The control by an operator has been corrected as was done in Claim 4. The "output image frame" now, also, has the proper antecedent basis.

Claim 6 has been amended to conform to Claim 5 as requested by the Examiner. The phrase "image frames" is now "output image frames", thus supplying the antecedent basis required.

The Examiner finds the phrase "sequence of video image frames" in Claim 7 indefinite. This has been amended to read "input video image frames" throughout the claim, thus making it clear that these are not the "plurality" referred to in Claim 2.

In Claim 8, the operator console now outputs "operator command signals", thus correcting any inconsistency. This change also answers the question about the phrase "by the operator console". As requested, the word "coupling" used in reference to the system bus has been changed to "supplying".

The Examiner has a number of objections to Claim 9. Applicant believes that amended Claim 9 answers all these objections. The use of "image data" and "frames of image data" has been clarified. "Each corresponding", "repetitively retrieve", and "represented by a repetitively..." have each been rewritten.

Claim 10 has been extensively rewritten to satisfy the objections of the Examiner. Applicant believes amended Claim 10 to now be definite.

Applicant has amended Claims 11-14 along the lines discussed above. Applicant has further reviewed all the pending claims and has amended all the claims in light of the Examiner's 35 USC 112 objections. The applicant believes all the pending claims are now definite and satisfy the requirements of 35 USC 112. As Claims 2 and 3 are not rejected on any prior art basis, they are believed to be condition for allowance.

The Applicant's invention provides for an electronic still store system for storing, in an image store, a plurality of full resolution image frames and in response thereto,

AX061641

storing a plurality of reduced spatial resolution image frames produced by a size reducer. The system has frame store which is capable of storing both a full resolution image frame and reduced spatial resolution image frame.    The frame store additionally operates in two modes.    In the first mode, both a full spatial resolution image frame is received from the image store to generate an output image frame.    In the second mode, a plurality of reduced spatial resolution image frames are received from the image store to generate an output image frame.

The Examiner rejected   Claims 1, and 4 through 14 under 35 U.S.C. 103 as being unpatentable over the publication by Hugh Boyd, Quantel.

Claim 1 has been cancelled and dependent Claims 4 and 5 have been amended to be dependent on Claim 2.   Claim 6 remains dependent on Claim 5, Claim 7 remains dependent on Claim 6, and Claim 8 remains dependent on Claim 7.   As Claim 2 was not rejected on the basis of any prior art and dependent Claims 4 through 8 add considerable detail, Claims 4 through 8 are believed to be in condition for allowance.

The Boyd publication discloses a system for the storage and retrieval of video image frames.   The Boyd system does not teach the use of a frame store that is capable of storing both a full resolution image frame and a corresponding reduced spatial resolution image frame at the same time.   Amended Claims 9 through 11 all require the use of such a frame store.   Support for this amendment can be found generally throughout the specification and specifically in Claim 2.   Thus the applicant believes that amended Claims 9 through 11 are in condition for allowance.

Claims 12 and 14 have been amended such that the operation of the size reducer in producing the reduced size image data set from the corresponding full size image data set is "in response" to the writing of the full size image data set into the frame store.   Boyd clearly does not teach this responsive use of the size reducer.   To perform such an operation with the Boyd system an operator would have to orchestrate each step.   Thus the applicant believes that amended Claims 12 and 14 are patentably distinguishable over the Boyd disclosure.

Amended Claim 13 is dependent upon amended Claim 12 and adds considerable detail and thus is also believed to be in condition for allowance.

Claim 15 has been added to more precisely claim the applicant's inventive concept. Claim 15 calls for "a frame store coupled to selectively receive from either an external source or said image store and store one of said full size image data sets".   Further the

USSN 740,297                    12

"frame store is operable such that when a full size image data set is received from an external source or is received from said image store and said image store does not contain a corresponding reduced size image data set, said frame store outputs a copy of said full size image data set to said size reducer". This automatic use of the size reducer is clearly not taught by the Boyd publication. Again, this type of operation would require complete operator orchestration in the Boyd system. Support for this Claim can be found at least on page 3 of the specification. The applicant believes that Claim 15 is patentably distinguishable over the Boyd publication.

The Yamamoto et al reference, which was cited but not applied, does not appear to be pertinent to the claims.

In the event that this amendment does not place this application fully in condition for immediate allowance for any reason, a telephone interview is respectfully requested at the number listed below if the Examiner believes such an interview would be productive.

Respectfully submitted,
Daniel A. Beaulier

by Bradley A. Perkins
Attorney for Applicant
Registration No. 31,406
(415) 367-2605

AMPEX CORPORATION
401 Broadway, MS. 3-35
Redwood City, CA   94063-3199
January 28, 1986

# PAPER NO. 14



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 06/740,297 | 05/31/85 | BEAULIER | D | AV-3035N1 |

```
AMPEX CORP.
401 BROADWAY, MS 3-35
REDWOOD CITY, CA 94063-3199
```

| EXAMINER |
|---|
| HARVEY, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 262 | 14 |

DATE MAILED: 03/13/86

This is a communication from the examiner in charge of your application.

COMMISSIONER OF PATENTS AND TRADEMARKS

[X] This application has been examined    [X] Responsive to communication filed on _1/30/86_    [X] This action is made final.

A shortened statutory period for response to this action is set to expire _3 (three)_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I**    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. [ ] Notice of References Cited by Examiner, PTO-892.      2. [ ] Notice re Patent Drawing, PTO-948.
3. [ ] Notice of Art Cited by Applicant, PTO-1449           4. [ ] Notice of Informal Patent Application, Form PTO-152
5. [ ] Information on How to Effect Drawing Changes, PTO-1474  6. [ ] _____

**Part II**    SUMMARY OF ACTION

1. [X] Claims _1 - 15_ _____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. [X] Claims _1_ _____ ~~has~~ have been cancelled.

3. [ ] Claims _____ are allowed.

4. [X] Claims _2 - 15_ _____ are rejected.

5. [ ] Claims _____ are objected to.

6. [ ] Claims _____ are subject to restriction or election requirement.

7. [ ] This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. [ ] Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. [ ] The corrected or substitute drawings have been received on _____. These drawings are [ ] acceptable; [ ] not acceptable (see explanation).

10. [ ] The [ ] proposed drawing correction and/or the [ ] proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been [ ] approved by the examiner. [ ] disapproved by the examiner (see explanation).

11. [ ] The proposed drawing correction, filed _____, has been [ ] approved. [ ] disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. [ ] Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [ ] been received [ ] not been received [ ] been filed in parent application, serial no. _____; filed on _____.

13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. [ ] Other

PTOL-326 (Rev. 7 - 82)    EXAMINER'S ACTION

Serial No. 740,297                                    -2-
Art Unit 262

1.    Claims 1-15 are rejected under 35 U.S.C. 112,
second paragraph, as being indefinite for failing to
particularly point out and distinctly claim the subject
matter which applicant regards as the invention.

Claims 1-15 contain numerous section 112 problems
such as not providing antecedent basis and the use of
confusing language.  The following changes exemplify
some of the clarifications that are required.

In claim 2, line 2, "retrievable" should read
--retrievably--.  In line 10, "copies" should read
--copies each at selectively located different
positions--.  In line 12, "having an image frame" should
be deleted.  In line 12, "a" should read --the stored--.
In lines 13-14, "selectively located... output image
frame" should be deleted.  In line 15. "a full" should
read --the stored full--.  In line 16  "a" should read
--a corresponding--.  In line 18, "reduced spacial"
should read --corresponding reduced spatial--.  In line
18, "the full" should read --the stored full--.

In claim 4, line 2, "location" should read
--different positions--.  In line 4. "said" should read
--said retrieved--.

In claim 5, line 3, "a" should read --the--.  In
line 5, "the placement of" should read --the different
positions for--.  In lines 6 and 7, "reduced spatial
resolution... generated by the" should be deleted.

In claim 7, line 2, "analog" should read --input
analog--.  In line 4, "and converting" should read
--input analog--.  In line 5, "frame" should read

AX061646

Serial No. 740,297
Art Unit 262

-3-

--frames--.

In claim 8, line 3, "a central" should read --the central--.

Claim 9 could be corrected if it read as follows:

--9.  A video still store system comprising:

an image store for storing a first plurality of full size image data set representing a plurality of full size image frames and for storing a plurality of reduced size image data sets representing a plurality of reduced size image frames each of said reduced size image data sets corresponding to one of the full size image data sets;

an external source providing a second plurality of full size image data sets;

a size reducer coupled to receive, from a frame store capable of simultaneously storing both one of said full size image data sets and one of said reduced size image data sets, a stored one of said full size image data sets and which produces and returns to the frame store the corresponding reduced size image data set;

said frame store being coupled to selectively receive from either the external source or the image store and to store said one of said full size image data sets, to output as an output image frame the stored one of said full size image data sets, to communicate to the size reducer the stored one of said full size image data sets, to receive from the size reducer and to store the corresponding reduced size image data

Serial No. 740,297                                        -4-

Art Unit 262

set, to provide to the image store both the stored one

of said full size image data sets and the corresponding

reduced size image data set, to receive from the image

store and to store at different selected locations

selected ones of said plurality of reduced size image

data sets, and to output as said output image frame the

stored selected ones such that the selected ones are

disposed at different locations within the output image

frame;

a device which receives the output image

frame and generates a television signal.--

Claims 10-15 require similar clarifications as

exemplified above.

2.    The applicant is asked to review the claims and to

correct any section 112 problems similar to those

exemplified above.

3.    Claims 2-15 would be allowable if rewritten or

amended to overcome the rejection under 35 U.S.C. 112.

The applicant is asked to update the present status

of the copending application cited on page 5 of the

disclosure.

4.    Applicant's amendment necessitated the new grounds
of rejection.  Accordingly, THIS ACTION IS MADE FINAL.
See MPEP 706.07(a).

Applicant is reminded of the extension of time
policy set forth in 37 CFR 1.136(a).  The practice of
automatically extending the shortened statutory period
an additional month upon the filing of a timely first
response to a final rejection has been discontinued by
the Office.  See 1021 TMOG 35.

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS
FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE
OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED
WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL

Serial No. 470,297                          -5-

Art Unit 262


ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER
THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD,
THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE
DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION
FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM
THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT
WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN
SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

5.    Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to David E. Harvey whose telephone number is
(703) 557-9165.

      Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3321.


DE Harvey:dli DH

4-25-86

(703) 557-9165

                                    John W. Shepperd
                                    JOHN W. SHEPPERD
                                    PRIMARY EXAMINER
                                    GROUP 260

AX061649

# PAPER NO. 17

P 204.00 -102-Rf.262    RESPONSE UNDER 37 CFR 1.116
EXPEDITED PROCEDURE
EX MININ 6 CROUP 262

Atty Dkt AMP0035PCON
AV-3033N1
PATENT

NOV
20
1986

12-12-86

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

17/F

In Re Application of:

DANIEL BOULIER  earlier

| | |
|---|---|
| Serial No.: 740,297 | Group Art Unit: 262 |
| Filed: 31 May 1985 | Examiner: D. Harvey |

For: ELECTRONIC STILL STORE
     WITH HIGH SPEED SORTING
     AND METHOD OF OPERATION

CERTIFICATE OF MAILING BY "EXPRESS MAIL"
"Express Mail" Mailing Label No. B 76687191

Date of Deposit
I hereby certify that this paper or fee is being deposited
with the United States Postal Service "Express Mail Post
Office to Addressee" service under 37 CFR 1.10 on the date
indicated above and is addressed to the Commissioner of
Patents and Trademarks, Washington, D.C. 20231.

RESPONSE UNDER 37 CFR
EXPEDITED PROCEDURE
EXAMINING GROUP 262   Kathy E. McKenna
(Typed or Printed Name of Person Mailing Paper or Fee)

Kathy E McKenna
(Signature of Person Mailing Paper or Fee)

Box AF
The Honorable Commissioner of Patents
    and Trademarks
Washington, D.C.  20231

Sir:

     In response to the Office Action mailed 3 September
1985, please enter the following amendment.


In the Specification

     At page 1, line 11 after "may" and before "be", delete
"than" and substitute --then--.

     At page 2, line 25, delete "positioned reduce" and
substitute --positioned, reduced--.

     At page 5, line 1, delete "referred" and substitute
--preferred--.   At line 27, delete "fourth" and
substitute --forth--.

     At page 6, line 4, insert after "22" and before "is"
--, which in the preferred embodiment is a random access
memory,--.   At line 8, after "24" and before "." insert
--in the preferred embodiment but which can be any bulk
storage memory device in other embodiments--

090  12/05/86  740297                  1 102    204.00 CK

RW10078  01/22/87  740297        03-1952  010 102    136.00CR
                                                      136.2

AX061652

-2-

At page 7, line 9, delete "resolutioncopy" and substitute --resolution copy--. At line 16, delete "usedin" and substitute --used in--. At line 19, delete "continous" and substitute --continuous--.

At page 8, line 7, delete "take" and substitute --taken--. At line 6, after "array" and before "within" insert --as a mosaic which fits--.


In the Drawings

Please approve the drawing change marked in green on the enclosed sketch.


In the Claims:

2. (Twice Amended)  An electronic still store system comprising:

an image store means for [retrievable] retrievably storing therein a plurality of image frame copies of video frames [of video images], the image frame copies comprising data representing a full spatial resolution image [frame copy] and [a] corresponding data representing a reduced spatial resolution image [frame copy] of each frame of video [images] data;

a frame store means which is operable in a first mode [to receive and store] for receiving and storing one of said full spatial resolution images [frame copies] from [the] said image store means and for repetitively [generate] generating a full spatial resolution [output] image [frame] output and operable in a second mode [to receive] for receiving from the image store means and [store] storing a plurality of said reduced spatial resolution images [image frame copies] each at selectively located different positions, the frame store means being further operable in the second mode [to] for repetitively generating [generate a reduced spatial resolution] output

AX061653

-3-

image [frame having an image frame] comprising [a] <u>the</u>
<u>stored</u> plurality of said reduced spatial resolution <u>images</u>
[image frame copies selectively located at different
positions within the output image frame]; and

a size reducer <u>means</u> [coupled to receive] <u>for</u>
<u>receiving</u> from the frame store [a] <u>the stored</u> full spatial
resolution image [frame copy] and in response thereto [to
return] <u>returning</u> to the frame store <u>means</u> a <u>corresponding</u>
reduced spatial resolution image [frame copy] and wherein
the frame store is operable [to receive and store] <u>for</u>
<u>receiving and storing</u> the <u>corresponding</u> reduced spatial
resolution image [frame copy] while continuing to store
the <u>stored</u> full spatial resolution image [frame copy].

3. (Twice Amended) The electronic still store system
according to claim 2 [above], wherein the <u>corresponding</u>
reduced spatial resolution image [frame copies] each have
a spatial resolution of [one-forth] <u>one-fourth</u> the spatial
resolution of the <u>corresponding</u> full spatial resolution
image [frame copies in each dimension].

4. (Twice Amended) The electronic still store system
according to claim 2 [above], [further comprising] <u>wherein</u>
<u>said frame store means includes</u> a central processing unit,
controlled by an operator, coupled <u>and operable in said</u>
<u>first mode</u> to select which of said [image frame copies]
<u>full spatial resolution images stored in said image store</u>
<u>means</u> are <u>to be</u> retrieved from the image store <u>means</u> and
<u>coupled and operable in said second mode to select which</u>
<u>of said reduced spatial resolution images stored in said</u>
<u>image store means are to be retrieved and stored in said</u>
<u>frame store means and to select</u> the [location] <u>different</u>
<u>positions</u> within the frame store <u>means</u> at which each of

AX061654

-4-

said <u>retrieved</u> [image frame copies] <u>reduced spatial resolution images</u> is stored.

Please cancel claim 5.

6. (Twice Amended) The electronic still store system according to claim [5 above] <u>4, wherein said frame store means</u> further [comprising] <u>comprises</u> an output digital-to-analog converter coupled to receive [said] output image <u>data</u> [frames] from the [the] frame store <u>means</u> and in response thereto to generate an analog video signal representing the received output image [frames]; and

a monitor coupled to receive the analog video signal and display the output image [frames] represented thereby.

7. (Twice Amended) The electronic still store system according to claim 6 [above], further comprising a video input <u>means for</u> generating an <u>input</u> analog video signal representing [a sequence of] <u>an</u> input video image [frames] and an analog-to-digital converter coupled between the video input <u>means</u> and the frame[s] store <u>means</u> [and] <u>for</u> converting the <u>input</u> analog video signal to a digital form [in which] <u>such that</u> digital data representing said input video image frame [can be] <u>is</u> received and stored by the frame store <u>means</u>.

Please cancel claims 8 through 14.

15. (Amended) A video still store system comprising:
a size reducer coupled to receive a full size image data set representing a full size image frame and <u>to</u> produce <u>a</u> reduced size image data set representing a corresponding reduced size image frame in response thereto;

AX061655

-5-

an image store for storing a plurality of said full
size image data sets representing a plurality of full size
image frames and for storing a plurality of corresponding
reduced size image data sets representing a plurality of
reduced size image frames, each of said reduced size image
data sets corresponding to one of said full size image
data sets; and

a frame store means coupled to selectively receive
from either an external source or said image store and
store one of said full size image data sets, said frame
store [is] being operable such that when a full size image
data set is received from an external source or is
received from said image store and said image store does
not contain a corresponding reduced size image data set,
said frame store outputs a copy of said full size image
data set to said size reducer and [in response thereto]
receives a corresponding reduced size image data set which
is outputted to said image store for storage with the
corresponding full size image data set.

Please add new claims 16-28.

16.  An apparatus for storing video images as pixel
data comprising:

means for receiving and storing in a first memory
pixel data representing video images having a first
resolution, and for generating from said pixel data
representing said video image at said first resolution
pixel data representing a corresponding image having a
second, lower resolution and for storing said second
resolution image data with said first resolution image
data in a second memory; and

means for selectively accessing either said data for
the image at its first resolution or only the

AX061656

-6-

corresponding image data at said second resolution for any
image stored in said bulk storage memory for further
processing.

    17.   The apparatus of claim 16 wherein said means for
selectively accessing allows access to a plurality of
images at said second resolution and storage of them in
selected blocks of memory in said first memory so that
they may be further processed as a mosaic of reduced size
images.

    18.   An apparatus for storing video pixel data
representing video images of a first resolution and, for
each image at a first resolution a corresponding video
image at a second resolution comprising:
    random access memory means for storing video pixel
data representing a full size image at said first
resolution and a corresponding reduced size version
thereof at a second resolution;
    means for storing one at a time in said random access
memory means a plurality of said full size images;
    memory means for receiving video pixel data from said
random access memory means and for storing said full size
images and the corresponding reduced size images received
from said random access memory means and for outputting,
upon a user's command, a selected full size image or only
the corresponding reduced size image for the selected full
size image for storage in said random access memory means;
    means for generating said corresponding reduced size
image from any said full size image in said random access
memory means to be transferred to said memory means and
for storing the video pixel data representing said reduced
size image in said random access memory means prior to

AX061657

-7-

storage of the contents of said random access memory means
in said memory means.

19.  An apparatus for storing video data as full size
image and reduced size image of pixel data comprising:
    random access memory means for storing video pixel
data presented at an input port and having at least one
output port;
    means for storing video pixel data representing a full
size video image at a first resolution in a first group of
memory locations in said random access memory means;
    bulk storage memory for storing video pixel data and
for presenting selected blocks of video data at said input
port for storage by said random access memory;
    size reducing means coupled to said random access
memory means for accessing said image video pixel data
stored in said random access memory representing said full
size image at said first resolution, and for reducing said
image to a reduced size counterpart image at a second,
lower resolution and for storing said reduced size image
at said second resolution in said random access memory in
a second group of storage locations therein; and
    control means coupled to said random access memory
means, said bulk storage means and to said size reducing
means for causing said size reducing means to generate
said reduced size image at said second resolution and to
store same in said random access memory means in said
second group of storage locations each time the video
pixel data from said random access memory means is to be
transferred to said bulk storage means for storage, and
for causing the video pixel data from both said first and
second plurality of memory locations in said random access
memory means to be transferred to said bulk storage means
for storage after said reduced size image is generated and

AX061658

-8-

stored in said second group of storage locations, and for
causing selective transfer of video pixel data from said
bulk storage means into said random access memory means
for storage such that either said first resolution image
or only the reduced size second resolution counterpart are
transferred into said random access memory means.

20.    The apparatus of claim 19 wherein said control
means also is coupled for causing selective transfer of
said second resolution image directly from said size
reducing means into said bulk storage means.

21.    The apparatus of claim 19 wherein said control
means also is coupled for controlling the memory locations
in said random access memory means where the video pixel
data defining said second resolution image are stored upon
transfer from said bulk storage means.

22.    The apparatus of claim 21 wherein said size
reducing means produces said second resolution image with
1/16th the resolution of said first resolution image and
wherein said control means is coupled for causing transfer
of said second resolution image into said random access
memory for storage at a selected one of 16 predetermined
blocks of memory locations.

23.    A system for storing and retrieving video data
representing video images which are displayed as rasters
of vertically distributed horizontal lines, each
represented video image normally occupying a raster of
selected vertical and horizontal size, the system
comprising:
    a video image size reducer having an input coupled to
receive video data representing a video image

AX061659

-9-

corresponding to a selected raster size and generate
therefrom at an output video data representing a
reproduction of said video image corresponding to a
selected fractional-size of said selected raster size;

a first store having an input for receiving video data
for storage and an output for providing video data
retrieved from storage, said first store having a capacity
for storing video data representing a video image
corresponding to of the selected raster size together with
video data representing a reproduction of a video image
corresponding to the selected fractional-size of said
selected raster size;

a second store having an input for receiving video
data for storage and an output for providing video data
retrieved from storage, said second store having a
capacity for storing video data representing a plurality
of video images each corresponding to a video frame of the
selected raster size and video data representing the
reproduction of each video image of selected fractional
size of said selected raster size; and

means for selectively transferring from said first
store to said second store either said video data
representing a video image corresponding to the selected
raster size or said video data representing a reproduction
of a video image which is the selected fractional size of
said selected raster size.

24.  A method of storing video pixel data comprising:
receiving data for a full size image at a first
resolution and generating therefrom data representing a
reduced size reproduction image at a second, lower
resolution;
storing both the full size and the reduced size image
in a bulk storage medium; and

AX061660

-10-

selectively accessing either the full size or said
reduced size image from said bulk storage medium.

25.  The method of claim 24 further comprising the
steps of storing a plurality of full size images and their
reduced size reproduction images and accessing a plurality
of selected reduced size images and storing them in
selected blocks of storage locations in a random access
memory.

26.  The method of claim 24 wherein each full size
image occupies upon display a raster of selected vertical
and horizontal size, and further comprising the steps of
storing a plurality of full size images and their reduced
size reproduction images and accessing a plurality of
selected reduced size images and storing them in a random
access memory and outputting the group of stored reduced
size reproduction images as a mosaic of reproduction
images occupying a raster of the selected vertical and
horizontal size.

27.  A method of storing video pixel data comprising:
receiving and storing in random access memory video
pixel data comprising a full size image;
generating therefrom video pixel data representing a
reproduction thereof in the form of a reduced size image
at a lower resolution from the full size image data and
storing the pixel data representing the reduced size image
so generated in additional storage locations in said
random access memory along with the full size image;
storing both the full size and the reduced size image
in bulk storage memory;
selectively transferring either the full size image or
the reduced size image from said bulk storage memory means

-11-

into said random access memory means for further
processing.

   28.   A video still store system comprising:
   an image store for storing full size image data sets
representing a plurality of full size images and for
storing a plurality of reduced size image data sets
representing a plurality of reduced size images, each of
said reduced size image data sets corresponding to one of
the full size image data sets;
   an external source input for receiving from an
external source full size image data sets;
 √  a memory for simultaneous storage of one of said full
size image data sets and the corresponding one of said
reduced size image data sets;
   a size reducer means for receiving from said memory
the stored one of said full size image data sets, and for
producing and returning to said memory the corresponding
reduced size image data set;
   said memory being coupled and operative to selectively
receive from either the external source input or the image
store and to store said one of said full size image data
sets, and to output as an output image the stored one of
said full size image data sets, and to communicate to the
size reducer the stored one of said full size image data
sets, and to receive from the size reducer and to store
the corresponding reduced size image data set, and to
provide to the image store both the stored one of said
full size image data sets and the corresponding reduced
size image data set, and to receive from the image store
and to store at different selected locations selected ones
of said plurality of reduced size image data sets, and to
output as said output image the stored selected ones such
that the selected ones are disposed at different locations

-12-

within the output image or to receive and store from said
image store only a full sized image data set; and

    means to retrieve data from said memory and display it
on a raster scanned video display.

REMARKS

    The undersigned thanks the Examiner for the courtesy
of the telephone interview.  In response to the
discussions therein of new claims written by the
undersigned, said new claims are submitted herewith for
examination based on the substance of the interview.
Further, some of the now pending claims have been retained
and amended to eliminate the problems under 35 U.S.C.
Section 112 noted in the outstanding office action.  New
claim 28 is the Examiner's suggested rewrite of claim 9
with some minor changes in terminology and one additional
element.  We would like to add that this claim is a very
good claim.  We thank the Examiner for taking the time to
write it.

    New claims 16 through 28 are in accord with the
novelty identified by the Examiner in the first Office
Action in the parent of the above identified U.S. patent
application.  Based upon the content of the Hugh Boyd,
Quantel reference, which teaches accessing from disk the
entire full size picture before size reduction can occur,
these new claims are believed to be allowable.  This is so
because they teach storing a reduced image with the full
size image each time a full sized image is to be stored
from the frame buffer to the disk.  This allows the user
the option of retrieving the entire full size image or
only the reduced size counterpart from disk.  Mosaics of
reduced size counterpart images may be made by accessing
several reduced size images and moving them around in the
frame buffer.  The access time for each reduced size image

AX061663

-13-

is only a fraction of the access time for the entire full
size image.  This system obviously has a major advantage
over the Boyd, Quantel system in that access time for a
frame comprised of one or more reduced images will be
substantially shorter than the Boyd, Quantel system can
provide.  This is because the Boyd, Quantel reference does
not store a reduced image automatically with the full size
counterpart each time a full size image in the frame
buffer is to be stored on disk.  Thus to access any
particular reduced image, the entire full size image must
be accessed and loaded into the size reducer.  Clearly
this takes more time than accessing only the data
describing the reduced size image from the disk.

> Respectfully submitted,
> CIOTTI & MURASHIGE
>
>
> By _____
> Ronald Craig Fish
> Registration No. 28,843

545 Middlefield Road, Suite 200
Menlo Park, California  94025
(415) 327-7250
20 November 1986
0323r

AX061664





AX061666



AX061667

# PAPER NO. 20



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/740,297 | 05/31/85 | BEAULIER | C AU-0830N1 |

```
ANPEX CORP.
401 BROADWAY, MS 3-35
REDWOOD CITY, CA 94063-3199
```

| EXAMINER |  |
|---|---|
| HARVEY,D | |
| ART UNIT | PAPER NUMBER |
| 262 | 20 |

DATE MAILED: 05/03/97

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) _Mr. Ron Fish_          (3) _____

(2) _David E. Harvey_       (4) _____

Date of interview _1/28/87_

Type: ☒ Telephonic   ☐ Personal (copy is given to  ☐ applicant   ☒ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes  ☒ No.   If yes, brief description: _____

Agreement  ☐ was reached with respect to some or all of the claims in question.   ☒ was not reached.

Claims discussed: _proposed claims 2-4, 6, 7, and 15-28_

Identification of prior art discussed: _____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Discussed proposed amendment filed 11/20/86. Applicant's representative acknowledged the change in scope of proposed claims 16-28 in view of the finally rejected claims (see paper #20). Continuation to be filed._

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1—7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

_David E Harvey_
Examiner's Signature

81-3679 PTOL-413 (rev. 1-81)

## ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

AX061672

# PAPER NO. 21



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 21 |

DATE MAILED:

*Below is a communication from the EXAMINER in charge of this application*
**COMMISSIONER OF PATENTS AND TRADEMARKS**

## ADVISORY ACTION

☒ THE PERIOD FOR RESPONSE:

☐ is extended to run _____ from the date of the Final Rejection

☒ continues to run _6 months_ from the date of the Final Rejection

☐ expires three months from the date of the final rejection or as of the mailing date of this Advisory Action, whichever is later. In no event however, will the statutory period for response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for purposes of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date that the shortened statutory period for response expires as set forth above.

☒ Appellant's Brief is due in accordance with 37 CFR 1.192(a).

☒ Applicant's response to the final rejection, filed _11/30/86_, has been considered with the following affect, but it is not deemed to place the application in condition for allowance:

1. ☒ The proposed amendments to the claim and/or specification will not be entered and the final rejection stands because:

   a. ☐ There is no convincing showing under 37 CFR 1.116(b) why the proposed amendment is necessary and was not earlier presented.

   b. ☒ They raise new issues that would require further consideration and/or search. (See Note) _see paragraph 1 of attachment_

   c. ☐ They raise the issue of new matter. (See Note).

   d. ☒ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.

   e. ☒ They present additional claims without cancelling a corresponding number of finally rejected claims.

   NOTE: _In proposed claim 16, line 14, "said bulk storage memory" has no antecedent basis, for example._

2. ☐ Newly proposed or amended claims _____ would be allowed if submitted in a separately filed amendment cancelling the non-allowable claims.

3. ☒ Upon the filing of an appeal, the proposed amendment ☐ will be ☒ will not be, entered and the status of the claims in this application would be as follows:

   Allowed claims: _____
   Claims objected to: _____
   Claims rejected: _2-15_
   However:

   a. ☐ The rejection of claims _____ on references is deemed to be overcome by applicant's response.

   b. ☐ The rejection of claims _____ on non-reference grounds only is deemed to be overcome by applicant's response.

4. ☐ The affidavit, exhibit or request for reconsideration has been considered but does not overcome the rejection.

5. ☐ The affidavit or exhibit will not be considered because applicant has not shown good and sufficient reasons why it was not earlier presented.

☒ The proposed drawing correction ☒ has ☐ has not been approved by the examiner.

☐ Other

PTOL-303 (REV. 3-86)

Serial No. 740,297                          -2-

Art Unit 262


1.      The proposed amendment field November 20, 1986
raises new issues that would require further con-
sideration and/or search.

        a) In proposed claims 2-4, 6, 7, and 15,
changes have been made to the terminology which changes
the scope of the claimed system.  For example, the reci-
tation of a "frame store" in the corresponding finally
rejected claims has been changed to "frame store means".

        b) The proposed amendment adds additional
claims 16-28 which differ in scope from the finally
rejected claims.  Proposed claims 16-28 introduce new
terminology, add additional limitations, and delete
limitations recited in the finally rejected claims.  For
example, the recitation of a "frame store" included in
all of the finally rejected claims is not recited in
proposed claims 16-28.

2.      The examiner apologizes for the delay in
responding to the proposed amendment and regrets any
inconvenience to the applicant caused by the delay.

3.      Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to David E. Harvey whose telephone number is
(703) 557-9165.

        Any inquiry of a general nature or relating to
the status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3321.


D. Harvey-erb ꟼℳ

703-557-9165

01-30-87

_____
TOMMY P. CHIN
PRIMARY EXAMINER
GROUP 262

AX061674

# PAPER NO. 23



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 06/740,297 | 05/31/85 | BEAULIER | D | AV-3033N1 |

```
┌                              ┐
  AMPEX CORP.
  401 BROADWAY, MS 3-35
  REDWOOD CITY, CA 94063-3199
└                              ┘
```

| EXAMINER | |
|---|---|
| HARVEY, D | |
| ART UNIT | PAPER NUMBER |
| 262 | 23 |

DATE MAILED:

04/21/87

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☐ Applicant's failure to respond to the Office letter, mailed _____ .

2. ☒ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____ .

   ☐ The issue fee has not been received in Allowed Files Branch as of _____ .

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (l), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.
   ☐ The corrected and/or substitute drawings were received on _____ .

6. ☐ The reason(s) below.


*James J. Groody*
James J. Groody
Supervisory Patent Examiner
Art Unit 262
David Harvey
(703) 557-9765

PTO-1432 (REV. 5-83)

AX061676

# PAPER NO. 24

018786

PATENT APPLICATION SERIAL NO.

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

*ssh*
*11-21-87*

*24/6*

```
P 30336  03/09/87  018786        01-1771  030  101      340.00CH
P 30337  03/09/87  018786        01-1771  030  102      204.00CH
```

AX061683

018788

101-A
102 24

**PATENT**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Docket No. ___AV-3033N1___

Anticipated Classification of this application:

Class ___358___ Subclass _____

Prior application:

Examiner: _D. Harvey_

Art Unit: ___262___

Commissioner of Patents and Trademarks
Box FWC
Washington, D.C. 20231

## FILE WRAPPER CONTINUING APPLICATION (FWC)

WARNING:  This form cannot be used where the parent case may not be abandoned since the filing of a request
under the FWC procedure "will be considered to be a request to expressly abandon the prior applica-
tion as of the filing date granted to the continuing application." 37 CFR 1.62(a).

WARNING:  This procedure can only be used for a pending application prior to payment of the issue fee. 37 CFR
1.62(a).

WARNING:  The claims of this new application may be finally rejected in the first Office action where all claims of the
new application are drawn to the same invention claimed in the earlier application and would have been
properly finally rejected on the grounds or art of record in the next Office action if they had been entered
in the earlier application. MPEP § 706.07(b).

WARNING:  Filing under 37 CFR 1.62 is permitted only if filed by the same or less than all the inventors, named in the
prior application.

I.  This is a request for a filing under the file wrapper continuing application procedure, 37
CFR 1.62, for a

[X]  continuation

[ ]  divisional

[ ]  continuation-in-part (for oath or declaration see II below)

 [ ]  attached is an amendment for added subject matter

of prior complete application Serial No. _____ filed on
_____

NOTE:  The filing date under 37 CFR 1.62(a) is "The date on which a request is filed for an application . . . including
identification of the Serial Number, filing date and applicant's name of the prior application". According to 37
CFR 1.51(a) a prior complete application comprises: (1) a specification, including a claim or claims, (2) a

### CERTIFICATION UNDER 37 CFR 1.10

I hereby certify that this FWC transmittal and the documents referred to as attached therein are being deposited
with the United States Postal Service on this date ___February 23, 1987___ in an envelope as "Ex-
press Mail Post Office to Addressee" mailing Label Number ___B32420631___ addressed to the: Commis-
sioner of Patents and Trademarks Washington, D.C. 20231

___Jessica E. Erickson___
(Type or print name of person mailing paper)

_Jessica E. Erickson_
(Signature of person mailing paper)

NOTE:  Each paper or fee filed by "Express Mail" has the number of the "Express Mail" mailing label placed thereon
prior to mailing. 37 CFR 1.10(b).

(FWC [4-2]—page 1 of 8)

AX061684

*declaration, (3) drawings, when necessary and (4) the prescribed filing fee. Accordingly, as presently worded, 37 CFR 1.62 does not permit the FWC procedure to be used where the prior application is pending but only the processing and retention fee required by 37 CFR 1.21(i) is paid.*

(further particulars of prior application are)

1. Title (as originally filed <u>Electronic Still Store With High Speed Sorting</u>
   and as last amended) ___Same___ /And Method Of Operation

2. Name of applicant(s) (as originally filed and as last amended) and current correspon-
   dence address of applicant(s)

| 1. FULL NAME OF INVENTOR | FAMILY NAME Beaulier | FIRST GIVEN NAME Daniel | SECOND GIVEN NAME Alfred |
|---|---|---|---|
| RESIDENCE & CITIZENSHIP | CITY Menlo Park | STATE OR FOREIGN COUNTRY California | COUNTRY OF CITIZENSHIP U.S.A. |
| POST OFFICE ADDRESS | POST OFFICE ADDRESS 324 Yale Road | CITY Menlo Park | STATE & ZIP CODE/ COUNTRY California 94025 U.S.A. |
| 2. FULL NAME OF INVENTOR | FAMILY NAME | FIRST GIVEN NAME | SECOND GIVEN NAME |
| RESIDENCE & CITIZENSHIP | CITY | STATE OR FOREIGN COUNTRY | COUNTRY OF CITIZENSHIP |
| POST OFFICE ADDRESS | POST OFFICE ADDRESS | CITY | STATE & ZIP CODE/ COUNTRY |
| 3. FULL NAME OF INVENTOR | FAMILY NAME | FIRST GIVEN NAME | SECOND GIVEN NAME |
| RESIDENCE & CITIZENSHIP | CITY | STATE OR FOREIGN | COUNTRY OF CITIZENSHIP |
| POST OFFICE ADDRESS | POST OFFICE ADDRESS | CITY | STATE & ZIP CODE/ COUNTRY |

*(Add similar information for additional inventors, if applicable)*

The above identified application in which no payment of issue fee, abandonment of, or termination of proceedings has occurred, is hereby expressly abandoned as of the filing date of this new application. Please use all the contents of the prior application file wrapper, including the drawings, as the basic papers for the new application.

It is understood that secrecy under 35 U.S.C. 122 is hereby waived to the extent that if information or access is available to any one of the applications in the file wrapper of a 37 CFR 1.62 application, be it either this application or a prior application in the same file wrapper, the PTO may provide similar information or access to all the other applications in the same file wrapper.

(FWC [4-2]—page 2 of 8)

AX061685

## II.  Inventorship statement

NOTE:  *"If the continuation, continuation-in-part, or divisional application is filed by less than all the inventors named in the prior application a statement must accompany the application when filed requesting deletion of the names of the person or persons who are not inventors of the invention being claimed in the continuation, continuation-in-part, or divisional application." 37 CFR 1.62(a) [emphasis added].*

NOTE:  *"In the case of a continuation-in-part application which adds and claims additional disclosure by amendment, an oath or declaration as required by §1.63 must be filed. In those situations where a new oath or declaration is required due to additional subject matter being claimed, additional inventors may be named in the continuing application. In a continuation or divisional application which discloses and claims only subject matter disclosed in a prior application, no additional oath or declaration is required and the application must name as inventors the same or less than all the inventors in the prior application." 37 CFR 1.60(c).*

*(complete applicable item (a) or (b) below)*

(a) ☒  This application discloses and claims only subject matter disclosed in the prior application whose particulars are set out above and the inventor(s) in this application are

☒  the same

☐  less than those named in the prior application and it is requested that the following inventor(s) identified above for the prior application be deleted:

_____
*( Type name(s) of inventor(s) to be deleted)*

(b) ☐  This application discloses and claims additional disclosure by amendment and a new declaration or oath is being filed. With respect to the prior application whose particulars are set out above the inventor(s) in this application are

☐  the same

☐  add the following additional inventor(s)

_____
*( Type name of inventor(s) to be added)*

(c) The inventorship for all the claims in this application are

☒  the same

☐  not the same, and an explanation, including the ownership of the various claims at the time the last claimed invention was made, is submitted.

## III.  Declaration or oath

A. Continuation or divisional

☒  none required

B. Continuation-in-part

☐  attached

☐  an original

executed by *(check all applicable items)*

☐  inventor(s).

☐  legal representative of inventor(s) 37 CFR 1.42 or 1.43.

☐  joint inventor or person showing a proprietary interest for inventor who refused to sign or cannot be reached. 37 CFR 1.47;

☐  This is the petition required by 37 CFR 1.47 and the statement required by 37 CFR 1.47 is also attached. *See item VI below for fee.*

(FWC [4-2]—page 3 of 8)

AX061686

☐ not attached

Application is made by a person authorized under 37 CFR 1.41(c) on behalf of all of the above named applicant(s). The declaration or oath, along with the surcharge required by 37 CFR 1.16(e) can be filed subsequently.

☐ showing that the filing is authorized. *(Not required unless called into question. 37 CFR 1.41(d)).*

## IV. Fee Calculation—Amendments

WARNING: "The claims of a new application may be finally rejected in the first Office action in those situations where (1) the new application is a continuing application of, or a substitute for, an earlier application, and (2) all the claims of the new application (a) are drawn to the same invention claimed in the earlier application, and (b) would have been properly finally rejected on the grounds of art of record in the next Office action if they had been entered in the earlier application." MPEP, § 706.07(b).

☒ The fees to be charged are to be based on the number of claims remaining as a result of the

☒ attached preliminary amendment

☐ the unentered amendment filed under 37 CFR 1.116 in the prior application, which is now repeated

☐ the claims as on file in the prior application

| CLAIMS FOR FEE CALCULATION | | | | |
|---|---|---|---|---|
| Number Filed | | Number Extra | Rate | Basic Fee $340 |
| Total Claims  19  −20= | | 0 | X  $ 12.00 | 0 |
| Independent Claims  9  −3= | | 6 | X  $ 34.00 | $204.00 |
| Multiple dependent claim(s), if any | | | $110.00 | 0 |

☐ The fee for extra claims is not being paid at this time.

Filing fee calculation

$_____ $544.00

NOTE: If the fees for extra claims are not paid on filing they must be paid or the claims cancelled by amendment, prior to the expiration of the time period set for response by the Patent and Trademark Office in any notice of fee deficiency. 37 CFR 1.16(d).

(FWC **[4-2]**—page 4 of 8)

AX061687

**V.  Small Entity Statement**

☐  A verified statement that this is a filing by a small entity is attached.

☐  The small entity statement was filed in the parent application Serial No. _____ on _____ and its benefit under 37 CFR 1.28(a) is hereby claimed.

Filing fee calculation (50% of above)

$_____

NOTE: *37 CFR 1.28(a) states "Status as a small entity must be specifically established by a verified statement filed in each application or patent in which the status is available and desired, except those applications filed under § 1.60 or § 1.62 of this part where the status as a small entity has been established in a parent application and is still proper."*

*The last sentence of 37 CFR 1.28(a) states: "Applications filed under § 1.60 or § 1.62 of this part must include a reference to a verified statement in a parent application if status as a small entity is still proper and desired.*

*Any excess of the full fee paid will be refunded if a verified statement and a refund request are filed within 2 months of the date of timely payment of a full fee then the excess fee paid will be refunded on request. 37 CFR 1.28(a).*

**VI.  Fee Payment Being Made at This Time**

Not attached

☐  No filing fee is submitted. *This and the surcharge required by 37 CFR 1.16(e) can be paid subsequently.*

Attached

☒  filing fee                                                                          $    544.00

☐  recording assignment ($20.00; 37 CFR 1.21(h)(i)). *See item xi below.*                                      $_____

☐  petition fee for filing by other than all the inventors or person not the inventor where inventor refused to sign or cannot be reached ($120.00; 37 CFR 1.47 and 1.17(h))                                      $_____

☐  processing and retention fee ($100.00; 37 CFR 1.53(d) and 1.21(l))                                      $_____

NOTE: *37 CFR 1.21(l) establishes a fee for processing and retaining any application which is abandoned for failing to complete the application pursuant to 37 CFR 1.53(d) and this, as well as, the changes to 37 CFR 1.53 and 1.78 indicate that in order to obtain the benefit of a prior U.S. application, either the basic filing fee or the processing and retention fee in § 1.21(l) must be paid within 1 year from the notification under § 1.53(d).*

Total fees enclosed                                                  $    544.00

AX061688

**VII. Method of Payment of Fees**

☐ attached is check in the amount of          $ _____

☒ charge Account No. __01-1771__ in the
   amount of                                  $   544.00

A duplicate of this request is attached.

NOTE:  *Fees should be itemized in such a manner that it is clear for which purpose the fees are paid. 37 CFR 1.22(b).*

**VIII. Authorization to Charge Additional Fees**

NOTE:  *If no fee payment is made at this time this item should not be completed.*

WARNING:  *Accurately count claims, especially multiple dependent claims, to avoid unexpected high charges if extra claim charges are authorized.*

☐ The Commissioner is hereby authorized to charge the following additional fees
   which may be required to Account No. _____:

   ☐ 37 CFR 1.16 (filing fees)

   ☐ 37 CFR 1.16 (presentation of extra claims)

NOTE:  *Because additional fees for excess or multiple dependent claims not paid on filing or on later presentation must only be paid or these claims cancelled by amendment prior to the expiration of the time period set for response by the PTO in any notice of fee deficiency (37 CFR 1.17(d)) it might be best not to authorize the PTO to charge additional claim fees, except possibly when dealing with amendments after final action.*

   ☐ 37 CFR 1.17 (application processing fees)

   ☐ 37 CFR 1.18 (issue fee at or before mailing of Notice of
      Allowance, pursuant to 37 CFR 1.311(b).

NOTE:  *Where an authorization to charge the issue fee to a deposit account has been filed before the mailing of a Notice of Allowance, the issue fee will be automatically charged to the deposit account at the time of mailing the notice of allowance, 37 CFR 1.311(b).*

*From the wording of 37 CFR 1.28(b): (a) notification of change of status must be made even if the fee is paid as "other than a small entity" and (b) no notification is required if the change is to another small entity. Notification of any change of status resulting in loss of entitlement to small entity status must be filed in the application prior to, or at the time of, paying the issue fee. 37 CFR 1.28(b).*

**IX. Instructions as to Overpayment**

☒ credit Account No. _01-1771_

☐ refund

**X. Priority—35 U.S.C. 119**

☐ Priority   of   application   Serial   No.   _____   filed   on
   _____ in _____ is claimed under
   35 U.S.C. 119.                    (country)

   ☐ The certified copy has been filed in prior U.S. application Serial No.
      _____ filed _____

   ☐ certified copy will follow

(FWC [4-2]—page 6 of 8)

**XI. Relate Back—35 U.S.C. 120**

☐ Amend the specification by inserting before the first line the sentence:

This is a

☒ continuation
☐ divisional
☐ continuation-in-part

of co-pending application Serial No. ___740,297___ filed on ___May 31, 1985___ , now abandoned, which is a continuation of application

**XII. Assignment** Serial No. 483 327, now abandoned.

☒ the prior application is assigned of record to ___Ampex Corporation,___
___401 Broadway, Redwood City, CA 94063, USA___

☐ an assignment of the invention to _____

_____

is attached.

**XIII. Power of Attorney**

The power of attorney in the prior application is to

___Joel D. Talcott et al___                              ___25,709___
Attorney                                                 Reg. No.

d. ☐ The power appears in the original papers in the prior application.

e. ☒ The power does not appear in the original papers, but was filed on ___6/6/83___

f. ☐ A new power has been executed and is attached.

g. ☒ Address all future communications to:

___Richard P. Lange___                    ___27,296___
Name                                       Reg. No.
___Ampex Corporation, 401 Broadway, MS 3-35___
Address
___Redwood City, CA 94063___          ___(415)367-3338___
                                       Tel. No.

(Item g may only be completed by applicant, or attorney or agent of record).

**XIV. Maintenance of Copendency of Prior Application**

(This item must be completed and the papers filed if the period set in the prior application has run)

☐ A petition, fee and response has been filed to extend the term in the pending prior application until _____

**XV. Conditional Petitions for Extension of Time in Parent Application**

(complete this item if previous item not applicable)

☐ a conditional petition for extension of time is being filed in the pending parent application

(FWC [4-2]—page 7 of 8)

AX061690

**XVI. Abandonment of Prior Application**

[x] Please abandon the prior application at a time while the prior application is pending or when the petition for extension of time in that application is granted and when this application is granted a filing date so as to make this application copending with said prior application.

NOTE: *According to the Notice of May 13, 1983 (103, TMOG 6-7) the filing of a continuation or continuation-in-part application is a proper response with respect to a petition for extension of time or a petition to revive and should include the express abandonment of the prior application conditioned upon the granting of the petition and the granting of a filing date to the continuing application.*

| | |
|---|---|
| | Richard P. Lange |
| | Type or print name of person signing |
| | *Richard P. Lange* |
| **Date** | **Signature** |
| February 23, 1987 | |
| **P.O. Address of Signatory** | |
| 401 Broadway, | [ ] Inventor |
| Redwood City, CA 94063 | [ ] Assignee of complete interest |
| | [ ] Person authorized to sign on behalf of assignee |
| **Tel. No.:** (415) 367-3338 | [x] Attorney or agent of record |
| | [ ] Filed under Rule 34(a) |
| **Reg. No.** 27,296 | |
| (if applicable) | |

*(Complete the following if applicable)*

Type name of assignee
Ampex Corporation
Address of assignee
401 Broadway,
Redwood City, CA 94063
Title of person authorized to sign on behalf of assignee Assistant Patent Counsel
Assignment recorded in PTO on June 16, 1983
Reel 4194 Frame 584

(FWC **[4-2]**—page 8 of 8)

AX061691