# PAPER NO. 25



At.y Dkt AMP0035PCON
AV-3033N1
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of:
. DANIEL BOULIER
Serial No.: unknown
Filed: unknown          Group Art Unit:  262
                        Examiner:  D. Harvey
For:  ELECTRONIC STILL STORE
      WITH HIGH SPEED SORTING
      AND METHOD OF OPERATION

PRELIMINARY AMENDMENT

The Honorable Commissioner of Patents
    and Trademarks
Washington, D.C.  20231

Sir:

    Please amend the file wrapper continuation application
identified above as follows.

In the Specification

    At page 1, line 11 after "may" and before "be", delete
"than" and substitute --then--.

    At page 2, line 25, delete "positioned reduce" and
substitute --positioned, reduced--.

    At page 5, line 1, delete "referred" and substitute
--preferred--.   At line 27, delete "fourth" and
substitute --forth--.

    At page 6, line 4, insert after "22" and before "is"
--, which in the preferred embodiment is a random access
memory,--.  At line 8, after "24" and before "." insert
--in the preferred embodiment but which can be any bulk
storage memory device in other embodiments--

AX061692

-2-

At page 7, line 9, delete "resolutioncopy" and substitute --resolution copy--. At line 16, delete "usedin" and substitute --used in--. At line 19, delete "continous" and substitute --continuous--.

At page 8, line 7, delete "take" and substitute --taken--. At line 6, after "array" and before "within" insert --as a mosaic which fits--.


In the Drawings

Please approve the drawing change marked on the enclosed sketch.


In the Claims:

Please cancel claim 1.

SUB I 37

2. (Twice Amended) An electronic still store system comprising:

an image store means for [retrievable] retrievably storing therein a plurality of image frame copies of video frames [of video images], the image frame copies comprising data representing a full spatial resolution image [frame copy] and [a] corresponding data representing a reduced spatial resolution image [frame copy] of each frame of video [images] data;

a frame store means which is operable in a first mode [to receive and store] for receiving and storing one of said full spatial resolution images [frame copies] from [the] said image store means and for repetitively [generate] generating a full spatial resolution [output] image [frame] output and operable in a second mode [to receive] for receiving from the image store means and [store] storing a plurality of said reduced spatial resolution images [image frame copies] each at selectively located different positions, the frame store means being further operable in the second mode [to] for repetitively generating [generate a reduced spatial resolution] output

AX061693

-3-

image [frame having an image frame] comprising [a] the
stored plurality of said reduced spatial resolution images
[image frame copies selectively located at different
positions within the output image frame]; and

a size reducer means [coupled to receive] for
receiving from the frame store [a] the stored full spatial
resolution image [frame copy] and in response thereto [to
return] returning to the frame store means a corresponding
reduced spatial resolution image [frame copy] and wherein
the frame store is operable [to receive and store] for
receiving and storing the corresponding reduced spatial
resolution image [frame copy] while continuing to store
the stored full spatial resolution image [frame copy].

3. (Twice Amended) The electronic still store system
according to claim 2 [above], wherein the corresponding
reduced spatial resolution image [frame copies] each have
a spatial resolution of [one-forth] one-fourth the spatial
resolution of the corresponding full spatial resolution
image [frame copies in each dimension].

4. (Twice Amended) The electronic still store system
according to claim 2 [above], [further comprising] wherein
said frame store means includes a central processing unit,
controlled by an operator, coupled and operable in said
first mode to select which of said [image frame copies]
full spatial resolution images stored in said image store
means are to be retrieved from the image store means and
coupled and operable in said second mode to select which
of said reduced spatial resolution images stored in said
image store means are to be retrieved and stored in said
frame store means and to select the [location] different
positions within the frame store means at which each of

-4-

said retrieved [image frame copies] reduced spatial
resolution images is stored.

Please cancel claim 5.

6. (Twice Amended) The electronic still store system
according to claim [5 above] 4, wherein said frame store
means further [comprising] comprises an output
digital-to-analog converter coupled to receive [said]
output image data [frames] from the [the] frame store
means and in response thereto to generate an analog video
signal representing the received output image [frames];
and

    a monitor coupled to receive the analog video signal
and display the output image [frames] represented thereby.

7. (Twice Amended) The electronic still store system
according to claim 6 [above], further comprising a video
input means for generating an input analog video signal
representing [a sequence of] an input video image [frames]
and an analog-to-digital converter coupled between the
video input means and the frame[s] store means [and] for
converting the input analog video signal to a digital form
[in which] such that digital data representing said input
video image frame [can be] is received and stored by the
frame store means.

Please cancel claims 8 through 14.

SUBIT
15. (Amended) A video still store system comprising:
    a size reducer coupled to receive a full size image
data set representing a full size image frame and to
produce a reduced size image data set representing a
corresponding reduced size image frame in response thereto:

-5-

an image store for storing a plurality of said full
size image data sets representing a plurality of full size
image frames and for storing a plurality of <u>corresponding</u>
reduced size image data sets representing a plurality of
reduced size image frames, each of said reduced size image
data sets corresponding to one of said full size image
data sets; and

a frame store <u>means</u> coupled to selectively receive
from either an external source or said image store and
store one of said full size image data sets, said frame
store [is] <u>being</u> operable such that when a full size image
data set is received from an external source or is
received from said image store and said image store does
not contain a corresponding reduced size image data set,
said frame store outputs a copy of said full size image
data set to said size reducer and [in response thereto]
receives a corresponding reduced size image data set which
is outputted to said image store for storage with the
corresponding full size image data set.

Please add new claims 16-28:

16. An apparatus for storing video images as pixel
data comprising:

means for receiving and storing in a first memory
pixel data representing video images having a first
resolution, and for generating from said pixel data
representing said video image at said first resolution
pixel data representing a corresponding image having a
second, lower resolution and for storing said second
resolution image data with said first resolution image
data in a second memory; and

means for selectively accessing either said data for
the image at its first resolution or only the

-6-

corresponding image data at said second resolution for any
image stored in said bulk storage memory for further
processing.

17.  The apparatus of claim 16 wherein said means for
selectively accessing allows access to a plurality of
images at said second resolution and storage of them in
selected blocks of memory in said first memory so that
they may be further processed as a mosaic of reduced size
images.

18.  An apparatus for storing video pixel data
representing video images of a first resolution and, for
each image at a first resolution a corresponding video
image at a second resolution comprising:
        random access memory means for storing video pixel
data representing a full size image at said first
resolution and a corresponding reduced size version
thereof at a second resolution;
        means for storing one at a time in said random access
memory means a plurality of said full size images;
        memory means for receiving video pixel data from said
random access memory means and for storing said full size
images and the corresponding reduced size images received
from said random access memory means and for outputting,
upon a user's command, a selected full size image or only
the corresponding reduced size image for the selected full
size image for storage in said random access memory means;
        means for generating said corresponding reduced size
image from any said full size image in said random access
memory means to be transferred to said memory means and
for storing the video pixel data representing said reduced
size image in said random access memory means prior to



-7-

storage of the contents of said random access memory means
in said memory means.

19.  An apparatus for storing video data as full size
image and reduced size image of pixel data comprising:
     random access memory means for storing video pixel
data presented at an input port and having at least one
output port;
     means for storing video pixel data representing a full
size video image at a first resolution in a first group of
memory locations in said random access memory means;
     bulk storage memory for storing video pixel data and
for presenting selected blocks of video data at said input
port for storage by said random access memory;
     size reducing means coupled to said random access
memory means for accessing said image video pixel data
stored in said random access memory representing said full
size image at said first resolution, and for reducing said
image to a reduced size counterpart image at a second,
lower resolution and for storing said reduced size image
at said second resolution in said random access memory in
a second group of storage locations therein; and
     control means coupled to said random access memory
means, said bulk storage means and to said size reducing
means for causing said size reducing means to generate
said reduced size image at said second resolution and to
store same in said random access memory means in said
second group of storage locations each time the video
pixel data from said random access memory means is to be
transferred to said bulk storage means for storage, and
for causing the video pixel data from both said first and
second plurality of memory locations in said random access
memory means to be transferred to said bulk storage means
for storage after said reduced size image is generated and

-8-

stored in said second group of storage locations, and for
causing selective transfer of video pixel data from said
bulk storage means into said random access memory means
for storage such that either said first resolution image
or only the reduced size second resolution counterpart are
transferred into said random access memory means.

20.   The apparatus of claim 19 wherein said control
means also is coupled for causing selective transfer of
said second resolution image directly from said size
reducing means into said bulk storage means.

21.   The apparatus of claim 19 wherein said control
means also is coupled for controlling the memory locations
in said random access memory means where the video pixel
data defining said second resolution image are stored upon
transfer from said bulk storage means.

22.   The apparatus of claim 21 wherein said size
reducing means produces said second resolution image with
1/16th the resolution of said first resolution image and
wherein said control means is coupled for causing transfer
of said second resolution image into said random access
memory for storage at a selected one of 16 predetermined
blocks of memory locations.

23.   A system for storing and retrieving video data
representing video images which are displayed as rasters
of vertically distributed horizontal lines, each
represented video image normally occupying a raster of
selected vertical and horizontal size, the system
comprising:
    a video image size reducer having an input coupled
to receive video data representing a video image

AX061699

-9-

corresponding to a selected raster size and generate
therefrom at an output video data representing a
reproduction of said video image corresponding to a
selected fractional-size of said selected raster size;

a first store having an input for receiving video data
for storage and an output for providing video data
retrieved from storage, said first store having a capacity
for storing video data representing a video image
corresponding to of the selected raster size together with
video data representing a reproduction of a video image
corresponding to the selected fractional-size of said
selected raster size;

a second store having an input for receiving video
data for storage and an output for providing video data
retrieved from storage, said second store having a
capacity for storing video data representing a plurality
of video images each corresponding to a video frame of the
selected raster size and video data representing the
reproduction of each video image of selected fractional
size of said selected raster size; and

means for selectively transferring from said first
store to said second store either said video data
representing a video image corresponding to the selected
raster size or said video data representing a reproduction
of a video image which is the selected fractional size of
said selected raster size.

24.  A method of storing video pixel data comprising:
receiving data for a full size image at a first
resolution and generating therefrom data representing a
reduced size reproduction image at a second, lower
resolution;
storing both the full size and the reduced size image
in a bulk storage medium; and

-10-

selectively accessing either the full size or said reduced size image from said bulk storage medium.

25. The method of claim 24 further comprising the steps of storing a plurality of full size images and their reduced size reproduction images and accessing a plurality of selected reduced size images and storing them in selected blocks of storage locations in a random access memory.

SUB IS

26. The method of claim 24 wherein each full size image occupies upon display a raster of selected vertical and horizontal size, and further comprising the steps of storing a plurality of full size images and their reduced size reproduction images and accessing a plurality of selected reduced size images and storing them in a random access memory and outputting the group of stored reduced size reproduction images as a mosaic of reproduction images occupying a raster of the selected vertical and horizontal size.

27. A method of storing video pixel data comprising:
receiving and storing in random access memory video pixel data comprising a full size image;
generating therefrom video pixel data representing a reproduction thereof in the form of a reduced size image at a lower resolution from the full size image data and storing the pixel data representing the reduced size image so generated in additional storage locations in said random access memory along with the full size image;
storing both the full size and the reduced size image in bulk storage memory;
selectively transferring either the full size image or the reduced size image from said bulk storage memory means

AX061701

-11-

into said random access memory means for further
processing.

28. A video still store system comprising:
an image store for storing full size image data sets
representing a plurality of full size images and for
storing a plurality of reduced size image data sets
representing a plurality of reduced size images, each of
said reduced size image data sets corresponding to one of
the full size image data sets;
an external source input for receiving from an
external source full size image data sets;
a memory for simultaneous storage of one of said full
size image data sets and the corresponding one of said
reduced size image data sets;
a size reducer means for receiving from said memory
the stored one of said full size image data sets, and for
producing and returning to said memory the corresponding
reduced size image data set;
said memory being coupled and operative to selectively
receive from either the external source input or the image
store and to store said one of said full size image data
sets, and to output as an output image the stored one of
said full size image data sets, and to communicate to the
size reducer the stored one of said full size image data
sets, and to receive from the size reducer and to store
the corresponding reduced size image data set, and to
provide to the image store both the stored one of said
full size image data sets and the corresponding reduced
size image data set, and to receive from the image store
and to store at different selected locations selected ones
of said plurality of reduced size image data sets, and to
output as said output image the stored selected ones such
that the selected ones are disposed at different locations



AX061702

-12-

within the output image or to receive and store from said
image store only a full sized image data set; and
     means to retrieve data from said memory and display it
on a raster scanned video display.

## REMARKS

     The undersigned thanks the Examiner for the courtesy
of the telephone interview conducted during the
prosecution of the parent to the above identified case.
In response to the discussions therein of new claims
written by the undersigned, said new claims are submitted
herewith for examination based on the substance of the
interview.  Further, some of the now pending claims have
been retained and amended to eliminate the problems under
35 U.S.C. Section 112 noted in the outstanding office
action.  New claim 28 is the Examiner's suggested rewrite
of claim 9 with some minor changes in terminology and one
additional element.

     New claims 16 through 28 are in accord with the
novelty identified by the Examiner in the first Office
Action in the parent of the above identified U.S. patent
application.  Based upon the content of the Hugh Boyd,
Quantel reference, which teaches accessing from disk the
entire full size picture before size reduction can occur,
these new claims are believed to be allowable.  This is so
because they teach storing a reduced image with the full
size image each time a full sized image is to be stored
from the frame buffer to the disk.  This allows the user
the option of retrieving the entire full size image or
only the reduced size counterpart from disk.  Mosaics of
reduced size counterpart images may be made by accessing
several reduced size images and moving them around in the
frame buffer.  The access time for each reduced size image

AX061703

-13-

is only a fraction of the access time for the entire full
size image.  This system obviously has a major advantage
over the Boyd, Quantel system in that access time for a
frame comprised of one or more reduced images will be
substantially shorter than the Boyd, Quantel system can
provide.  This is because the Boyd, Quantel reference does
not store a reduced image automatically with the full size
counterpart each time a full size image in the frame
buffer is to be stored on disk.  Thus to access any
particular reduced image, the entire full size image must
be accessed and loaded into the size reducer.  Clearly
this takes more time than accessing only the data
describing the reduced size image from the disk.

Respectfully submitted,
CIOTTI & MURASHIGE


By _____
Ronald Craig Fish
Registration No. 28,843

545 Middlefield Road, Suite 200
Menlo Park, California  94025
(415) 327-7250
20 November 1986
0323r

AX061704



AX061705

# PAPER NO. 26



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/018,786 | 02/24/87 | BEAULIER | D | AV-3033R1 |

```
┌                                      ┐
  RICHARD P. LANGE
  AMPEX CORP.,
  401 BROADWAY, MS 3-35
  REDWOOD CITY, CA  94063
└                                      ┘
```

| EXAMINER |
|---|
| HARVEY,D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 262 | 26 |

DATE MAILED:
01/04/89

This is a communication from the examiner in charge of your application.

COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☒ Responsive to communication filed on _2/24/87_    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _3 (three)_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.  35 U.S.C. 133

Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:
1. ☐ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449    4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

Part II    SUMMARY OF ACTION

1. ☒ Claims _2-4, 6, 7 and 15-28_ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims _1, 5, and 8-14_ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _2-4, 6, 7 and 15-28_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received

    ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7 - 82)    EXAMINER'S ACTION

Serial No. 018,786                              -2-
Art Unit 262


1.        Claims 2-4, 6, 7 and 15-28 are rejected under
35 U.S.C. 112, second paragraph, as being indefinite for
failing to particularly point out and distinctly claim
the subject matter which applicant regards as the inven-
tion.

        1)    In claim 2, line 9, "frame of video data"
has no antecedents and should read --of the video
frames--.

        2)    In claim 2, line 21, --an-- should be
inserted before "output".

        3)    In claim 2, line 27, --means-- should be
inserted after "store".  Similar clarification is needed
in line 31.

        4)    In claim 2, line 32, "corresponding"
should be changed to --returned--.

        5)    In claim 5, line 2, "corresponding"
should be deleted.

        6)    In claim 3, line 3, "image" should be
--images--.

        7)    In claim 3, line 4, "one-fourth" appears
to be misdescriptive because each dimension is reduced
by ½ thus the total resolution is reduced by 1/16 (see
column 22).

        8)    In claim 6, line 7, "the received" has no
antecedents an should be changed to --an--.

        9)    In claim 15, line 6, "said" should be
deleted.

        10)   In claim 15, line 8, "corresponding"
should be deleted.

Serial No. 081,786                    -3-
Art Unit 262

     11)  In claim 15, line 15, "one of said"
should be changed to --a--.

     12)  In claim 15, line 15, "sets" should be
change to --set--.

     13)  In claim 15, line 16, "a" should read
--the--.

     14)  In claim 15, line 23 and 24, "with the
corresponding full size image data set" is indefinite
because it is not clear if the statement refers to
actually storing the full size set or to the storing of
the reduced set with a previously stored full size set.

     15)  In claim 16, line 6, "said video image"
has no antecedent basis.

     16)  In claim 16, lines 8 and 9, "said second
resolution image data" has no antecedent basis.

     17)  In claim 16, lines 9 and 10, "said first
resolution image data" has no antecedent basis.

     18)  In claim 16, line 12, "its" should read
--said--.

     19)  In claim 16, line 13, "corresponding
image data at" should read --said data for the
corresponding image having--.

     20)  In claim 16, lines 13 and 14, "for any
image stored" is indefinite because it is not clear to
what images it refers.

     21)  In claim 16, line 14, "said bulk storage
memory" has no antecedent basis.

     22)  In claim 17, line 2, "allows access" is
indefinite because it is not clear what means is being
accessed.

AX061678

Serial No. 081,786                    -4-
Art Unit 262


   23)  In claim 18, line 3, "each image" should
read --each of the images--.

   24)  In claim 18, line 3, "a" should read
--said--.

   25)  In claim 18, line 8, "a" should read
--said--.

   26)  In claim 18, lines 9 and 10 are indefi-
nite because it is not clear how the storing recited in
lines 9 and 10 relates to the storing recited in lines
5-8.  Are the full size images recited in line 10 store
as part of the pixel data recited in lines 5 and 6?
Clarification is needed.

   27)  In claim 18, line 11, "video pixel data"
is indefinite because it is not clear if it refers back
to the pixel data recited in lines 5 and 6.

   28)  In claim 18, lines 12 and 13, "said full
size images" is indefinite when referred back to the
problems cited for lines 3-11.

   29)  In claim 18, "the corresponding reduced
size images" has no antecedent basis and is indefinite.

   30)  In claim 18, line 17, "for storage" is
indefinite when referred back to the claim has any data
been stored.

   31)  In claim 25, it is not clear if the
"storing" recited in line 2 refers back to the storing
recited in claim 24.  Similar clarification is needed
for "accessing" recited in line 3.

   32)  In claim 25, line 4, does "selected
reduced size images" refer to selected ones of the

AX061679

Serial No. 081,786                          -5-
Art Unit 262

reduced size reproduction images recited in line 3.
Clarification is needed.

        33)  In claim 26, line 1 and 2, "each full
size image" has no antecedent basis.  Lines 4-5 require
clarifications as cited for claim 25.

        34)  In claim 26, line 7, "outputting the
group of stored reduced size images" is indefinite
because: "the group" has no antecedent; it is not clear
if "stored" refers back to the storing recited in line 4
or the storing recited in line 5.

        35)  Claims 27 and 28 require similar clarifica-
tions as exemplified above.

        36)  Throughout the claims the use of the term
"operable" is indefinite because it is not clear if the
term is used to recite how the means actually operates
or how the means is capable of operating.  The examiner
notes that any video processing circuit comprising a
computer and sufficient memory is considered to be
capable of the recited operation if appropriately
programmed.  Clarification is needed.

2.      The applicant is asked to review the claims
and to correct any section 112 problems similar to.

3.      The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

    A person shall be entitled to a patent unless-

            (b) the invention was patented or described in
            a printed publication in this or a foreign
            country or in public use or on sale in this
            country, more than one year prior to the date
            of application for patent in the United
            States.

AX061680

Serial No. 081,786                                    -6-
Art Unit 262


4.       Claims 16, 17, and 23-26 are rejected under 35
U.S.C. 102(b) as being anticipated by Taylor et al.
'776.

         1)   With respect to claims 16, 17, and 24-26:

         Taylor et al. '776 disclose a still picture
storage system as is shown if Figure 19, The system
comprises a first memory 14/24 which receives picture
data representing full size images.  The system includes
a size changing means 23 for receiving the full size
images and for producing reduced size copies.  The
system further comprises a disc store 18/20 for storing
both the full size and the reduced size image frame
copies (column 3, lines 22-35).  Taylor et al. further
disclose that a multiple display of pictures is made by
writing more that one compressed picture from the disc
into the frame store (column 12, lines 38-43).

         2)   With respect to claim 23:

         Taylor et al. further disclose interfacing a
VTR to the disc store to provided additional storage
(see Figure 18).  The VTR and the disc store are both
capable of storing a plurality of the full and reduced
size images.

5.       The examiner notes that the art has been
applied to the extent of the examiner's understanding of
the claimed system in view of the section 112 problems.

6.       Claims 2, 15, 18, 19, 27 and 28 would be
allowable if rewritten or amended to overcome the rejec-
tion under 35 U.S.C. 112.

AX061681

Serial No. 081,786                                    -7-

Art Unit 262


7.        Claims 3, 4, 6, 7 and 20-22 would be allowable

if rewritten to overcome the rejection under 35 U.S.C.

112 and to include all of the limitations of the base

claim and any intervening claims.

8.        Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to David E. Harvey whose telephone number is
(703) 557-7948.

    Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3321.


James J. Groody
Supervisory Patent Examiner
Art Unit 262


D. HARVEY:flj DH

703-557-7948

12-21-87


AX061682

# PAPER NO. 28



PATENT

| | | |
|---|---|---|
| In re application of | ) | Group Art Unit: 262 |
| | ) | Examiner: D. Harvey |
| Daniel A. Beaulier | ) | Attorney Docket No.: |
| | ) | AV-3033 N2 |
| Serial No.: 018,786 | ) | |

Filed: February 24, 1987

For: ELECTRONIC STILL STORE
     WITH HIGH SPEED SORTING
     AND METHOD OF OPERATION

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to : Commissioner of Patents and Trademarks, Washington, D. C. 20231, on *April 28, 1988*

*George B. Almeida*    4/27/88
George B. Almeida, Reg. # 20,696    DATE

AMENDMENT

RECEIVED

Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231

MAY 1 1 1988

Dear Sir:

GROUP 260

        In response to the Office Action dated January 4,
1988, please amend the above-identified application as
follows. Applicant includes herewith a Request for an
Extension of Time of one month, and authorization for the
payment of the requisite fee of $56.00.


IN THE SPECIFICATION:

Page 2, line 11, change "Ditigal" to --Digital--;

Page 4, line 18, before "which" insert --in--; after
        "which" insert --the sole--;

      line 19, delete "1";

      line 22, change "FIGURE 1" to --the sole FIGURE--;

Page 5, lines 4-6, change "Apparatus and Method for Chroma
        Separation, AV-2883, by" to --the U.S.
        Patent No. 4,675,876, issued September 22,

-2-                     AV-3033 N2

$I^1$ concl

1987 to--;;

line 7, before "which" insert --which is assigned

$I^2$

to the same assignee as this application,

and--;

line 18, change "An" to --The--; change "A/D" to

--A-D--;

line 28, change "afford" to --affords--;

Page 6, line 7, after "or" insert --from--;

line 21, after "initially" insert a comma --,--;

line 22, after "contain" insert a comma --,--;

line 23, after "resolution" delete the comma --,--;

after "image" insert a comma --,--;

Page 7, line 5, after "copy" insert a comma --,--;

line 22, delete "from";

line 25, change "to form" to --, for forming--.


IN THE CLAIMS:

2.1. (thrice amended)  An electronic still store

system comprising:

an image store means for retrievably storing

$I^3$ cont

therein a plurality of image frame copies of video frames,

the image frame copies comprising data representing [a] full

spatial resolution images [image] and corresponding data

representing [a] reduced spatial resolution images [image]

of the [each frame of] video frames [data];

[a] frame store means [which is operable in a

first mode] for receiving and storing in a first mode one of

AX061709

-3-                    AV-3033 N2

said full spatial resolution images from said image store
means and for repetitively generating a full spatial resolu-
tion image output, and [operable] in a second mode for
receiving from the image store means and storing a plurality
of said reduced spatial resolution images each at selectively
located different positions, the frame store means [being
further operable] in the second mode further [for] repeti-
tively generating an image output [image] comprising the
stored plurality of said reduced spatial resolution images;
and

        [a] size reducer means for receiving from the
frame store means the stored full spatial resolution image
and in response thereto returning to the frame store means a
corresponding reduced spatial resolution image [and], 
wherein the frame store means receives and stores [is
operable for receiving and storing] the returned [corre-
sponding] reduced spatial resolution image while continuing
to store the stored full spatial resolution image.


2.  (thrice amended)  The electronic still store
system according to claim 1, wherein the [corresponding]
reduced spatial resolution images [image] each have a
spatial resolution of one-fourth the spatial resolution of
the corresponding full spatial resolution image.


3.  (thrice amended)  The electronic still store
system according to claim 1, wherein said frame store means

AX061710

-4-                AV-3033 N2

includes a central processing unit, controlled by an opera-
tor[, coupled and operable] in said first mode for selecting
[to select] which of said full spatial resolution images
stored in said image store means is [are] to be retrieved
from the image store means, and [coupled and operable] in
said second mode for selecting [to select] which of said
reduced spatial resolution images stored in said image store
means are to be retrieved and stored in said frame store
means, and further for selecting [to select] the different
positions within a video [the] frame [store means] at which
each of said retrieved reduced spatial resolution images is
stored.

Claim 6, line 7, change "the received" to --an--.

Claim 7, line 9, delete "frame".

6.15.    (twice amended)   A video still store system
comprising:
        external source means for supplying a full
size image data set representing a full size image frame;
        a size reducer coupled to receive the [a]
full size image data set [representing a full size image
frame] for producing therefrom [and to produce] a reduced
size image data set representing a corresponding reduced
size image frame [in response thereto]:

AX061711

-5-                    AV-3033 N2

an image store for storing a plurality of [said] full size image data sets representing a plurality of full size image frames and for storing a plurality of [corresponding] reduced size image data sets representing a plurality of reduced size image frames, each of said reduced size image data sets corresponding to one of said full size image data sets; and

[a] frame store means for storing one of said full size image data sets [coupled to selectively receive] from either the [an] external source or said image store, wherein if [and store one of said full size image data sets, said frame store being operable such that when a full size image data set is received from an external source or is received from said image store and] said image store does not supply [contain] a corresponding reduced size image data set, said frame store outputs a copy of said full size image data set to said size reducer, and receives in turn a corresponding reduced size image data set;

wherein [which is outputted to] said image store stores the reduced size image data set along [for storage] with the previously stored corresponding full size image data set.

16.   (amended) An apparatus for storing video images as pixel data comprising:

means for receiving and storing in a first memory pixel data representing a video image [images] having

I 4
cont

-6-                    AV-3033 N2

a first resolution, and for generating from said pixel data

representing said video image at said first resolution, pixel data representing a corresponding image having a

second[,] lower resolution; [and]

means for storing in a second memory said

second lower resolution pixel [image] data together with

said first resolution pixel [image] data [in a second

memory]; and

means for selectively accessing said first

and second memories to supply either said pixel data for the

video image at said [its] first resolution, or [only] said

pixel data for the corresponding image [data] at said second

resolution, [for any image stored in said bulk storage

memory] for further processing.

17.  (amended)  The apparatus of claim 16 wherein

said means for selectively accessing allows access to a

plurality of sets of pixel data [images] at said second

resolution [and storage of them] in selected groups [blocks]

of memory locations in said first memory wherein the pixel

data at said second resolution simultaneously is [so that

they may be further] processed as a single composite mosaic

of reduced size images.

18.  (amended)  An apparatus for storing video

pixel data representing video images of a first resolution

and, for each of the images [image] at said [a] first

-7-                AV-3033 N2

resolution, a corresponding video image at a second resolu-
tion comprising:

      random access memory means for <u>individually</u>
stori\_ video pixel data representing <u>one of</u> a <u>succession of</u>
full size <u>images</u> [image] at said first resolution and a
corresponding reduced size version thereof at <u>said</u> [a]
second resolution;

      [means for storing one at a time in said
random access memory means a plurality of said full size
images;]

      memory means for receiving <u>said</u> video pixel
data from said random access memory means and for storing
said <u>succession of</u> full size images and the corresponding
reduced size <u>versions thereof,</u> [images received from said
random access memory means] and for outputting upon a user's
command, <u>either</u> a selected <u>one of the successive</u> full size
<u>images</u> [image] or only the corresponding reduced size
<u>versions thereof</u> [image for the selected full size image]
for storage <u>back</u> in said random access memory means;

      means for <u>selectively</u> generating <u>one of</u> said
corresponding reduced size <u>versions</u> [image] from <u>the respec-</u>
<u>tive</u> [any said] full size image in said random access memory
means, [to be transferred to said memory means] and for
<u>transferring</u> [storing] the video pixel data representing
said reduced size image <u>to</u> [in said random access memory
means prior to storage of] the contents of said <u>memory means</u>
<u>via said</u> random access memory means [in said memory means].

nt 

-8-        AV-3033 N2

19. (amended) An apparatus for storing video pixel data as at least one full size image at a first resolution, and at least one reduced size image thereof at a second lower resolution, [of pixel data] comprising:

random access memory means having an input port and an output port, for storing the video pixel data presented at the [an] input port [and having at least one output port];

[means for storing] said video pixel data representing the [a] full size video image at a first resolution being stored in a first group of memory locations in said random access memory means;

bulk storage memory for also storing the video pixel data and for presenting selected groups [blocks] of video data at said input port for storage by said random access memory means;

size reducing means responsive [coupled] to said random access memory means for receiving [accessing] said [image] video pixel data stored in said random access memory means representing said full size image at said first resolution, and for reducing said image to the [a] reduced size [counterpart] image at the [a] second[,] lower resolution, and for supplying [storing] said reduced size image at said second resolution to [in] said random access memory means in a second group of memory [storage] locations therein; [and]

-9-            AV-3033 N2

control means coupled to said random access
memory means, to said bulk storage memory [means] and to
said size reducing means, for causing said size reducing
means to generate said reduced size image at said second
resolution and to supply [store] same to [in] said random
access memory means in said second group of memory [storage]
locations; and

said control means further causing the
transfer of [each time] the full size and reduced size video
pixel data from said random access memory means [is to be
transferred] to said bulk storage memory [means] for stor-
age, [and for causing the video pixel data from both said
first and second plurality of memory locations in said
random access memory means to be transferred to said bulk
storage means for storage after said reduced size image is
generated and stored in said second group of storage lo-
cations,] and for causing the selective transfer [of video
pixel data] from said bulk storage memory [means] into said
directly
random access memory means of [for storage such that] either
said full size image at said first resolution [image] or
said [only the] reduced size image at said second lower
resolution [counterpart are transferred into said random
access memory means].

20.  (amended)  The apparatus of claim 19 wherein
said control means also determines the [is coupled for
causing] selective transfer of said reduced size image at

-10-                    AV-3033 N2

said second resolution [image directly] from said size
reducing means into said bulk storage memory via the random
access memory means.

21.  (amended)  The apparatus of claim 19 wherein
said control means also determines [is coupled for control-
ling] the memory locations in said random access memory
means where the video pixel data defining said reduced size
image at said second resolution [image] are stored upon
transfer from said bulk storage memory [means].

22.  (amended)  The apparatus of claim 19 [21]
wherein said size reducing means produces said reduced size
image at said second resolution [image] with one fourth
[1/16th] the spatial resolution of said full size image at
said first resolution, [image] and wherein said control
means determines the [is coupled for causing] transfer of
said reduced size image at said second resolution [image]
into said random access memory means for storage at a
selected one of 16 predetermined groups [blocks] of said
memory locations.

23.  (amended)  A system for storing [and retriev-
ing] video data representing video images which are display-
able [displayed] as rasters of vertically distributed
horizontal lines, each represented video image normally

AX061717

-11-                    AV-3033 N2

occupying a raster of selected vertical and horizontal size,
the system comprising:

a video image size reducer having an input
for receiving [coupled to receive] video data representing a
video image corresponding to the [a] selected raster size
and for generating [generate therefrom at an output] video
data representing a reproduction of said video image at
[corresponding to] a selected fractional-size of said
selected raster size;

a first store [having an input] for receiving
video data for storage and [an output] for providing video
data therefrom [retrieved from storage], said first store
having a capacity for storing the video data representing a
video image corresponding to [of] the selected raster size
together with video data representing said [a] reproduction
of a video image at [corresponding to] the selected frac-
tional-size [of said selected raster size];

a second store [having an input] for receiv-
ing and storing both the video data from the first store
[for storage] and [an output] for providing video data
therefrom [retrieved from storage], said second store having
a capacity for storing video data representing a plurality
of video images each corresponding to [a video frame of] the
selected raster size, and video data representing a plurality
of the reproductions [reproduction] of each video images at
the [of] selected fractional-size of said selected raster
size; and

AX061718

-12-                    AV-3033 N2

means for selectively transferring from said
second [first] store to said first [second] store either
said video data representing one of the plurality of [a]
video images [image] corresponding to the selected raster
size, or said video data representing the plurality of
reproductions [a reproduction] of each [a] video images at
[which is] the selected fractional-size of said selected
raster size.

Claims 24, 25, please cancel without prejudice.

    26.  (amended)  The method of claim 29 [24]
wherein each one of the full size images [image] occupies
upon display a raster of selected vertical and horizontal
size, [and] further comprising: [the steps of]
        storing the [a] plurality of full size images
and the plurality of their reduced size reproduction images;
[and]
        retrieving [accessing] the [a] plurality of
reproductions of each video image [selected reduced size
images]; [and]
        storing the plurality of reproductions [them]
in a random access memory; and
        outputting the [group of] stored plurality of
reproductions [reduced size reproduction images] as a mosaic
of reproduction images occupying a raster of the selected
vertical and horizontal size.

-13-                    AV-3033 N2

22.  (amended)  A method of storing video pixel
data comprising:

receiving and storing in <u>selected storage</u>
<u>locations in a</u> random access memory<u>, full</u> video pixel data
comprising a full size image;

generating <u>from the full video pixel data,</u>
<u>reduced</u> [therefrom] video pixel data representing a repro-
duction thereof in the form of a reduced size image at a
lower resolution<u>;</u> [from the full size image data and]

storing the <u>reduced video</u> pixel data repre-
senting the reduced size image [so generated] in additional
storage locations in said random access memory along with
the full <u>video pixel data</u> [size image];

storing both the full size <u>image</u> and the
reduced size image in bulk storage memory; <u>and</u>

selectively transferring either the full size
image or the reduced size image from said bulk storage
memory [means] into said random access memory [means] for
further processing.

28.  (amended)  A video still store system com-
prising:

<u>an external source for supplying a plurality</u>
<u>of full size image data sets representative of corresponding</u>
<u>full size images;</u>

an image store for storing <u>said</u> full size
image data sets [representing a plurality of full size

AX061720

-14-                    AV-3033 N2

images], and for storing a <u>like</u> plurality of reduced size

image data sets representing a plurality of reduced size

images, each of said reduced size image data sets corre-

sponding to one of the full size image data sets;

[an external source input for receiving from

an external source full size image data sets;]

a memory for simultaneous storage of one of

said full size image data sets and <u>a</u> [the] corresponding one

of said reduced size image data sets;

a size reducer means for receiving from said

memory the stored one of said full size image data sets, and

for producing and returning to said memory the corresponding

<u>one of said</u> reduced size image data <u>sets</u> [set];

said memory being <u>responsive</u> [coupled and

operative] to [selectively receive from] either the external

source [input] or the image store <u>for storing</u> [and to store]

said one of said full size image data sets, [and to output

as an output image the stored one of said full size image

data sets, and to communicate to the size reducer the stored

one of said full size image data sets, and to receive from

the size reducer and to store the corresponding reduced size

image data set,] and <u>for supplying</u> [to provide] to the image

store both the stored one of said full size image data sets

and the corresponding <u>one of said</u> reduced size image data

<u>sets;</u> [set,]

<u>said memory being responsive to</u> [and to

receive from] the image store [and] to store at different

AX061721

-15-                AV-3033 N2

selected locations the [selected ones of said] plurality of

reduced size image data sets;[, and]

I 5
conch

        said memory further  supplying [to output] as

an [said] output image either the plurality of reduced size

image data sets arranged [stored selected ones such that the

selected one are disposed] at different locations within the

output image, or the [to receive and store from said image

store only a] full size [sized] image data set; and

        means responsive to [retrieve data from] said

memory for displaying the output image as [and display it

on] a raster scanned video display.

     [Please add the following new Claim 29 to replace

original Claims 24, 25.]

SUBJ37

I 6
cont

      --29. A method of storing video pixel data for

access and display comprising:

        providing data sets for a plurality of full

size images at a first spatial resolution;

        generating, from the data sets of the full

size images, second data sets representing a corresponding

plurality of reduced size reproduction images at a second

lower spatial resolution;

        storing both the data sets of the plurality

of full size images and the data sets of the corresponding

plurality of reduced size reproduction images in respective

selected groups of storage locations; and

-16-                    AV-3033 N2

selectively accessing either one of the data sets of the plurality of full size images or the sets of the corresponding plurality of the reduced size reproduction images simultaneously.--

<u>REMARKS</u>

By this amendment, Claims 24, 25 are cancelled without prejudice and replaced by new Claim 29; Claims 2-4, 6, 7, 15-23, 26-28 are variously amended and along with Claim 29 are submitted for consideration in view of the remarks following. Applicant notes with appreciation the allowance of Claims 2, 15, 18, 19, 27, 28 if amended to overcome the rejection under 35 USC 112, and the allowance of Claims 3, 4, 6, 7, 20-22 if amended to overcome the 35 USC 112 rejection, and to include the limitations of the base and intervening claims.

In his Office Action, the Examiner rejected Claims 2-4, 6, 7, 15-28 under 35 USC 112, second paragraph; and Claims 16, 17, 23-26 under 35 USC 102(b) as anticipated by Taylor et al, '776.

Applicant has carefully reviewed the specification and has corrected various inconsistencies therein. The claims have also been carefully reviewed particularly in light of the Examiner's rejections and helpful suggestions, and have been amended throughout in keeping with the Examiner's suggestions as well as for purposes of standardizing and/or clarifying the language thereof.

-17-            AV-3033 N2

More particularly, regarding the rejection under
35 USC 112, second paragraph, the specific suggestions in
Items (paragraphs) 1-6, 8-13, 18-19 and 23-25, of the Office
Action, pages 1-4, have been complied with.

In Items 15-17, 21, 29 and 30 the claims in
question have been amended to positively recite antecedents
for the various terms referred to by the Examiner.

In Item 7, the term "one-fourth" is correct for
the term "spatial resolution". One-sixteenth refers to the
storage capacity of a single full size image, that is, over
a picture raster. (See page 6, lines 15-18). Claim 22 also
has been corrected.

In Item 14, lines 23, 24 (of the original claims)
the storage refers to both the full size and reduced size
data sets as clarified.

In Item 20, lines 13, 14, "either" image (is)
stored.

In Item 22, line 2, the means being accessed is
now clearly identified.

In Item 26, the passage in lines 9, 10 was deleted
as redundant, and the language in lines 5-8 is amended to
clarify the storage of full and reduced size image data.

In Items 27, 28, the "video pixel data" and "said
succession of full size images" properly refer back to lines
5, 6 and line 6, respectively, of the original claims.

In Items 31 and 32, Claim 25 has been cancelled.

AX061724

-18-                    AV-3033 N2

In Item 33, Claim 26 is now made dependent on new Claim 29, and in line 1, "each one of the full size images" refers back to Claim 29, lines 3-4. In lines 4-5 of original Claim 26, the "reduced size reproduction images" are recited in new Claim 29, line 7.

In Item 34, original Claim 26, line 7, "outputting the stored plurality of..." properly refers back to Claim 29, line 11.

In Item 35, Claims 27 and 28 have been carefully amended to clarify similar problems in antecedents as corrected in the other claims.

In Item 36, Applicant has deleted the term "operable" throughout all the claims and believes the claims as amended herein now recite language which is definite.

Accordingly, Applicant respectfully requests the withdrawal of the rejection under 35 USC 112, second paragraph, of Claims 2-4, 6, 7, 15-28 (and 29).

Regarding now the rejection of Claims 16, 17, 23-26 under 35 USC 102(b) as anticipated by Taylor et al, '776, Applicant has amended Claim 16, and has re-written Claims 24, 25 as new Claim 29. It is submitted that Taylor et al fails to anticipate the features in independent Claims 16 and 29, as well as independent Claim 23.

More particularly, Taylor et al may, in fact, include two stores, or memories 14/24 and 18/20, and an image size changer 23. However there is no further similarity to Applicant's invention as described and claimed.

AX061725

The electronic arrangement and cooperating functions of the
electronics are not similar, and are not the equivalent of
the cooperating functions of Applicant's combination, as
recited in Claims 16, 17, (new) Claim 29, and Claim 26
dependent upon Claim 29.  The size changer 23 of Taylor et
al is disposed between his frame store 14/24 and his disc
store 18/20, and therefore supplies only reduced (or expand-
ed) images to the disc store 18/20 (contrary to the Examin-
er's statement that both full and reduced images are stored
in the disc store).  Taylor et al thus teaches the use of a
size change process each time a video image is supplied from
the frame store 14/24 to the disc store 18/20 (FIGS. 5. 19),
and also when the image is supplied from the disc store back
to the frame store (FIGS. 18, 19).

On the other hand, Applicant's size reducer 26 is
bidirectionally coupled only to his frame store 22, and is
responsive to the frame store to supply a reduced size image
at such time as only a full size image is stored in the
frame store.  In addition, Applicant's frame store 22 then
supplies both the full size image and its corresponding
reduced size image back to his disc store 24 for storage
together.  Subsequently, the full size images individually
are returned to the frame store 22, or any number of the
selected plurality of the reduced size images are returned
for storage in the frame store 22, whereupon such re-stored
images can be repeatedly read out.

-20-                    AV-3033 N2

Note further, that in Applicant's system, it is
the frame store 22 which is accessed to provide the image
output for display, further use, etc. More particularly,
the frame store 22 has two modes of access; first, it
receives and stores a full size image, which then is repeat-
edly read out from the frame store 22; or second, it re-
ceives and stores all (or part of) a plurality (e.g., 16) of
reduced size images, which then are all (or partially)
repeatedly read out from the frame store 22 simultaneously
as a single mosaic of whatever plurality of reduced size
images was stored in the frame store 22. That is, in the
second mode, all of the stored, reduced size images are
outputted for display simultaneously in a single video
picture, each in its assigned two-dimensional location in
the picture raster.

Taylor et al fails to provide or intend the above
discussed features.

Accordingly, Claim 16 now recites inter alia,
means for storing in a second memory (i.e., frame store 22)
the second lower resolution pixel data together with a
(full) first resolution pixel data, and means for accessing
the second memory to supply either the first resolution
pixel data (one full video image), or the second resolution
pixel data (multiple reduced video images), for further
processing. These features are not taught or suggested by
Taylor et al.

AX061727

-21-                AV-3033 N2

Claim 17 is dependent upon Claim 16 and further specifies that multiple sets of second resolution pixel data are accessed from selected groups of memory locations in the second memory...to allow simultaneous read out and display of the multiple sets of data at the second resolution in a single composite mosaic.  These features also are not taught or suggested by Taylor et al.

Likewise, Claim 29 include steps of providing data sets for a plurality of full size images, generating a like plurality of reduced size images from the respective data sets of full size images, storing both the full size data sets and the reduced size data sets in respective groups of storage locations, and selectively accessing either, one of the full size data sets or (all) of the reduced size data sets simultaneously.  Claim 26 further recites steps of storing the plurality of full size images and their reduced size images, in respective groups of storage locations, and retrieving the reduced size images and storing them in a random access memory.  The Claim 26 continues with outputting the plurality of reproductions (of the reduced size images) as a full size mosaic, etc.

These features of Claims 29 and 26 are not taught or suggested in Taylor et al.

For the same reasons as above, Claim 23 recites language which is not anticipated by Taylor et al.  In Claim 23, a first store stores video data representing a full size video image as well as the reduced size video image

AX061728

-22-                    AV-3033 N2

corresponding to the full size video image, a second store
receives and stores a plurality of full size video images
and a like plurality of the reproductions thereof at a
fractional-size.  Claim 23 further includes means for
transferring either one of the full size video images, or
the plurality of reproductions as a full image, from the
second store to the first store.

These features also are not taught or suggested in
Taylor et al.

Accordingly, Applicant respectfully submits that
the rejection of Claims 2-4, 6, 7, 15-28 (and 29) under 35
USC 112, second paragraph, is overcome for reasons given
above, and that amended Claims 16, 17, 23-26 are not antic-
ipated by Taylor et al but are allowable thereover as
discussed above.  Action in the form of allowance of Claims
2-4, 6, 7, 15-23, 26-29 is earnestly solicited.

-23-                    AV-3033 N2

    If Examiner finds slight differences that can be
resolved by a telephone interview, Applicant hereby requests
leave for such interview by telephoning the undersigned
collect at (415) 367-3331.

Respectfully submitted,

AMPEX CORPORATION

By _George B. Almeida_
   George B. Almeida
   Agent of Applicant
   Registration No. 20,696

Dated: April 27, 1988

401 Broadway, M.S. 3-35
Redwood City, CA 94063-3199

AX061730

PATEN.

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | ) Group Art Unit    : 262 |
| Daniel A. Beaulier | ) Examiner    : D. Harvey |
| | ) Attorney Docket No.: AV-3033 R2 |
| Serial No.: 018,786 | ) |
| Filed: February 24, 1987 | ) I hereby certify that this correspondence is being |
| | ) deposited with the United States Postal Service as |
| For: ELECTRONIC STILL STORE | ) first class mail in an envelope addressed to : |
| WITH HIGH SPEED SORTING | ) Commissioner of Patents and Trademarks, Washing- |
| AND METHOD OF OPERATION | ) ton, D. C. 20231, or _April 27, 1988_ |

George B. Almeida, Reg. # 20,696

Hon. Commissioner of Patents and Trademarks **RECEIVED**
Washington, D.C.  20231

Dear Sir:                                                           MAY 1 1 1988

Transmitted herewith is an amendment in the above-identified **GROUP 260**
application.

( )  No additional fee is enclosed because this application was filed
prior to October 25, 1965 (effective date of Public Law 89-83).

( X )  No additional fee is required.

( )  The fee has been calculated as shown below.

Claims as amended:

| | Claims remaining after amendment | Highest number previously paid for | Present extra | Rate | Additional fee |
|---|---|---|---|---|---|
| Total Claims | - | | | x12 | |
| Independent Claims | - | | | x34 | |
| Total additional fee for this amendment | | | | | |

( )  Charge $_____ to Deposit Account No. 01-1771.  A duplicate
copy of this sheet is enclosed.

(xx)  The Commissioner is hereby authorized to charge any fees
under 37 C.F.R. 1.16 and 1.17 which may be required by this
paper, or credit any overpayment, to Deposit Account No.
01-1771.  A duplicate copy of this sheet is enclosed.

Respectfully submitted,
Daniel A. Beaulier
AMPEX CORPORATION

By _____
George B. Almeida
Registration No. 20,696

Dated:  April 27, 1988
401 Broadway, M.S. 3-35
Redwood City, California  94063
(415) 367-

(REV. 10/7/85)

AX061731

# PAPER NO. 29



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO |
|---|---|---|---|---|
| 07/010/786 | 02/24/87 | DEHULIER | | |

┌ RICHARD P. LANGE                    ┐
  AMPEX CORP.,
  401 BROADWAY, MS 3-35
  REDWOOD CITY, CA  94063
└                                     ┘

| | EXAMINER |
|---|---|
| | HARVEY E |
| ART UNIT | PAPER NUMBER |
| 262 | 29 |

DATE MAILED: 07/22/88

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

[X] This application has been examined  [X] Responsive to communication filed on _4/29/88_  [X] This action is made final.

A shortened statutory period for response to this action is set to expire _3 (three)_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.  35 U.S.C. 133

**Part I**  THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. [ ] Notice of References Cited by Examiner, PTO-892.
2. [ ] Notice re Patent Drawing, PTO-948.
3. [ ] Notice of Art Cited by Applicant, PTO-1449
4. [ ] Notice of Informal Patent Application, Form PTO-152
5. [ ] Information on How to Effect Drawing Changes, PTO-1474
6. [ ] _____

**Part II**  SUMMARY OF ACTION

1. [X] Claims _2-4, 6, 7, 15-23 and 26-29_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. [X] Claims _24 and 25_ have been cancelled.

3. [X] Claims _2, 4, 6, 7, 15, 27 and 28_ are allowed.

4. [X] Claims _3, 16-19, 21-23 and 29_ are rejected.

5. [X] Claims _20 and 26_ are objected to.

6. [ ] Claims _____ are subject to restriction or election requirement.

7. [ ] This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. [ ] Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. [ ] The corrected or substitute drawings have been received on _____. These drawings are [ ] acceptable; [ ] not acceptable (see explanation).

10. [ ] The [ ] proposed drawing correction and/or the [ ] proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been [ ] approved by the examiner. [ ] disapproved by the examiner (see explanation).

11. [ ] The proposed drawing correction, filed _____, has been [ ] approved. [ ] disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. [ ] Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [ ] been received [ ] not been received

    [ ] been filed in parent application, serial no. _____; filed on _____

13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. [ ] Other

PTOL-326 (Rev. 7 - 82)                    EXAMINER'S ACTION

AX061732

Serial No. 018,786                           -2-
Art Unit 262

1.   Claims 3, 22, and 29 are rejected under 35 U.S.C.
112, second paragraph, as being indefinite for failing
to particularly point out and distinctly claim the sub-
ject matter which applicant regards as the invention.

1) Claim 22 is confusing and appears to be mis-
descriptive because an image which has one fourth the
spacial resolution of a full size image would appear to
also have one fourth the size. As recited it appear to
have 1/16 the size. Clarification is needed. Similar
clarification is needed in claim 3 as was set forth in
paragraph 1 of paper #26.

2) In claim 29, lines 13-16 are confusing and inde-
finite because line 13-15 recite that "one" of the full
or reduced sets is accessed and then line 16 recites
that the sets are accessed "simultaneously". These
recitation appear to be contradictory.

2.   The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

A person shall be entitled to a patent unless-

(b) the invention was patented or described in a
printed publication in this or a foreign country or
in public use or on sale in this country, more than
one year prior to the date of application for
patent in the United States.

3.   Claims 16-19, 21, and 23-26 are rejected under 35
U.S.C. 102(b) as being anticipated by Taylor et al. as
was set forth in paragraph 4 of paper #26.

The applicant's arguments filed 4/29/88 have been
fully considered but are not deemed pursuasive for the
following reasons:

AX061733

Serial No. 018,786                    -3-
Art Unit 262

a) In the first paragraph on page 19 of the amend-
ment the applicant argues that only reduced size (or
expanded) images are stored on disc on Taylor's system.
As previously pointed out, in lines 22-35 of column 3,
Taylor clearly teaches storing both resolution images.
It at least inherent that although the size reducer is
connected as argued by the applicant, it does not
necessarily provide expansion or reduction. The size
reducer may pass the image unchanged.

b) In the second paragraph on page 19 the applicant
appear to argue that the applicant's size reducer is
bidirectionally coupled to his image store. The exa-
miner notes that Taylor's is also in that the output of
the size reducer is fed back to the frame store via the
disc store.

c) In the first paragraph on page 20 the applicant
argues that his system provides a second mode of
accessing not provided by Taylor's system. Applicant's
attention is directed to column 12 lines 32-43 in which
Taylor describes such accessing.

4.   The examiner notes that in view of the cited sec-
tion 112 problems, the art of record has not been
applied to claims 29, 26, 3, and 22.

5.   Claim 26 would be allowable if rewritten to over-
come the rejection under 35 U.S.C. 112 and to include
all of the limitations of the base claim and any inter-
vening claims.

6.   Claim 20 is objected to as being dependent upon a
rejected base claim, but would be allowable if rewritten

AX061734

Serial No. 018,786                                    -4-

Art Unit 262


in independent form including all of the limitations of

the base claim and any intervening claims.

7.    Claims 2, 4, 6, 7, 15, 27, and 28 allowable over

the prior art of record.

8.    THIS ACTION IS MADE FINAL. Applicant is reminded
of the extension of time policy as set forth in 37 CFR
1.136(a). The practice of automatically extending the
shortened statutory period an additional month upon the
filing of a timely first response to a final rejection
has been discontinued by the Office. See 1021 TMOG 35.

      A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS
FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE
OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED
WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL
ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER
THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD,
THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE
DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION
FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM
THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT
WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN
SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

9.    Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to David E. Harvey whose telephone number is
(703) 557-7948.

      Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3321.

                                        James J. Groody
                                   Supervisory Patent Examiner
                                         Art Unit 262
D. Harvey:pdw

703-557-7948

7-20-88

AX061735