# PAPER NO. 30



-1-

$\cancel{GP262}$ AV-3033 N2

PATENT

#305
Noland
11-8-88

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of )       Group Art Unit:  262
                     )       Examiner:  D. Harvey
Daniel A. Beaulier   )       Attorney Docket No.:
                     )            AV-3033 N2
Serial No.:   018,786 )      I hereby certify that this correspondence is being
                     )       deposited with the United States Postal Service as
Filed:  February 24, 1987 )  first class mail in an envelope addressed to :
                     )       Commissioner of Patents and Trademarks, Washing-
For: ELECTRONIC STILL STORE )  ton, D. C. 20231, on *Oct. 5, 1988*
     WITH HIGH SPEED SORTING )
     AND METHOD OF OPERATION )  *George B. Almeida*          *10/5/88*
                     )       George B. Almeida, Reg. # 20,696      DATE

Please
Ent.
DN 11/8/88

AMENDMENT UNDER 37 CFR 1.116          RECEIVED

Hon. Commissioner of Patents and Trademarks      OCT 24 1988
Washington, D.C. 20231
                                    01-1771    GROUP 260
Dear Sir:

10-26 88
Cf

          In response to the Office Action dated July

22,1988 finally rejecting the claims, and as provided by 37

CFR 1.116, entry of the following amendment as placing the

above-identified application in condition for allowance, or

in better form for appeal, is respectfully requested.


IN THE CLAIMS


Claims 16, 17 please cancel without prejudice.


_____

          7,18.   (twice amended) An apparatus for storing video

pixel data representing video images of a first resolution

and, for each each of the images at said first resolution, a

cont

9 20285  10/11/88  010114        01 1771  000 100    30  00

AX061736

-2-                    AV-3033 N2

corresponding video image at a second resolution,
comprising:

random access memory means for [individually]
storing video pixel data representing one of a succession of
full size images at said first resolution and a
corresponding reduced size version thereof at said second
resolution;

bulk memory means for receiving said video pixel
data from said random access memory means and for storing
said succession of full size images and the corresponding
reduced size versions thereof, and for outputting upon a
user's command, either a selected one of the successive full
size images or selected ones of [only] the corresponding
reduced size versions thereof for direct transfer to, and
storage back in, said random access memory means; and

means responsive to said random access memory
means for selectively generating one of said corresponding
reduced size versions from the respective full size image in
said random access memory means, and for transferring the
video pixel data representing [said full size image and] the
corresponding reduced size version back [image] to the
contents of said [memory means via said] random access
memory means.

Claim 19, line 24, after "resolution" insert
--directly back--;

AX061737

-3-                    AV-3033 N2

line 44, after "storage memory" insert

--directly--

Claims 20, 21, please cancel without prejudice.

10. 23. (twice amended) A system for storing video data

representing video images which are displayable as rasters

of vertically distributed horizontal lines, each represented

video image normally occupying a raster of selected vertical

and horizontal size, the system comprising:

a video image size reducer having an input for

receiving video data representing a video image

corresponding to the selected raster size and for generating

video data representing a reproduction of said video image

at a selected fractional-size of said selected raster size;

a first store for receiving video data for storage

and for providing video data therefrom,  said first store

having a capacity for storing the video data representing the

video image corresponding to the selected raster size

simultaneously together with the video data supplied by said

video image size reducer representing said reproduction of the

video image at the selected fractional-size;

a second store for receiving and storing both the

video data from the first store and for providing video data

therefrom directly to the first store, said second store

having a capacity for storing video data representing a

plurality of video images each corresponding to the selected

AX061738

-4-                    AV-3033 N2

raster size, and video data representing a plurality of [~~the~~] additional

reproductions [~~of each video image~~] at the selected fractional

size of said selected raster size; and

        means for selectively transferring from said

second store <u>directly</u> to said first store either ~~said~~ video

data representing of the plurality of video images

corresponding to the selected raster size, or ~~said~~ video

data representing [~~the~~] a plurality of reproductions [~~of each~~

~~video image~~] at the selected fractional-size of said selected

raster size.

_____

Claim 26, please cancel without prejudice.

_____

            29. (amended) A method of storing video pixel data

for access and display comprising:

            providing data sets for a plurality of full size

images at a first spatial resolution;

            generating, from the data sets of the full size

images, ~~a~~ second data set[s] representing a corresponding

plurality of reduced size reproduction images at a second

lower spatial resolution;

            storing both the data sets of the plurality of

full size images and the data set[s] of the corresponding

plurality of reduced size reproduction images in respective

selected groups of storage locations; and

            selectively accessing [either] from the storage locations a one of the data.

sets of the plurality of full size images, and a data set representing one ~~or the set[s] of~~
representing one

-5-                    AV-3033 N2

J3
concl

the corresponding plurality of the reduced size reproduction
images, simultaneously.

Please add the following new Claims 30 and 31 to
replace original Claims 20 and 26 respectively.

14. 30. An apparatus for storing video pixel data as
at least one full size image at a first resolution, and at
least one reduced size image thereof at a second lower
resolution, comprising:

random access memory means having an input port
and an output port, for storing the video pixel data
presented at the input port;

said video pixel data representing the full size
video image at a first resolution being stored in a first
group of memory locations in said random access memory
means;

bulk storage memory for also storing the video
pixel data and for presenting selected groups of video data
at said input port for storage by said random access memory
means;

size reducing means responsive to said random
access memory means for receiving said video pixel data
stored in said random access memory means representing said
full size image at said first resolution, and for reducing
said image to the reduced size image at the second lower
resolution, and for supplying said reduced size image at

-6-                          AV-3033 N2

said second resolution to said random access memory means in
a second group of memory locations therein;

control means coupled to said random access memory
means, to said bulk storage memory and to said size reducing
means, for causing said size reducing means to generate said
reduced size image at said second resolution and to supply
same to said random access memory means in said second group
of memory locations;

said control means further causing the transfer of
the full size and reduced size video pixel data from said
random access memory means to said bulk storage memory for
storage, and for causing the selective transfer from said
bulk storage memory into said random access memory means of
either said full size image at said first resolution or said
reduced size image at said second lower resolution; and

wherein said control means also determines the
selective transfer of said reduced size image at said second
resolution from said size reducing means into said bulk
storage memory via the random access memory means.--


--31.  A method of storing video pixel data for
access and display comprising:

providing data sets for a plurality of full size
image at a first spatial resolution, wherein each one of the
full size images occupies upon display a raster of selected
vertical and horizontal size;

AX061741

generating, from the data sets of the full size

images, ~~a~~ second data sets representing a corresponding

plurality of reduced size reproduction images at a second

lower spatial resolution;

storing both the data sets of the plurality of

full size images and the data sets of the corresponding

plurality of reduced size reproduction images in respective

selected groups of storage locations;

selectively accessing ~~one of the data sets of~~ the _from the storage locations a data set of one of_

plurality of full size images, ~~of~~ the sets of the _and one of_

corresponding plurality of the reduced size reproduction

images simultaneously;

wherein the step of accessing further includes,

retrieving the plurality of reproduction ~~s of each video~~

images storing the plurality of ~~reproductions~~ _retrieved images_ in a random

access memory, and outputting the stored plurality of

~~reproductions~~ _retrieved images_ as a mosaic of reproduction images occupying a

raster of the selected vertical and horizontal size.--

_____

REMARKS


By this amendment, Claims 16, 17, 20, 21 and 26

are cancelled without prejudice, Claims 18, 19, 23, are

variously amended and Claims 20 and 26 are re-written as new

Claims 30 and 31, respectively, to make them independent and

to include all the limitations of the respective base claim,

as suggested by the Examiner. Applicant notes with

AX061742

-8-                              AV-3033 N2

appreciation the allowance of Claims 2, 4, 6, 7, 15, 27 and
28 and the indication of allowability of Claims 20 and 26
if re-written.

In his Office Action, the Examiner finally
rejected Claims 3, 22, 29 under 35 USC 112, second
paragraph, as indefinite; finally rejected Claims 16-19, 21,
23-26 under 35 USC 102(b) as anticipated by Taylor et al;
indicated the allowability of Claims 20, 26 if re-written,
and allowed Claims 2, 4, 6, 7, 15, 27 and 28.

Regarding the rejection under 35 USC 112,
applicant has deleted the word "either" from Claim 29, line
13, and added a comma (,) to line 14, thereby clarifying
that the accessing is done to one of the... full size
images, or to the reduced size reproduction images in a set
simultaneously.  Thus the confusion is believed removed.

Regarding the Examiner's indication that the
Claims 3 and 22 language of one-fourth the spatial
resolution would cause the reduced images also to have
one-fourth the size, applicant respectfully refers in
particular to page 6, lines 14-18, wherein is stated that
,"Because of the two dimensional nature of a video image, a
quarter size image defined by video having one-fourth the
spatial resolution of a full size image requires
one-sixteenth the storage capacity of a full size, full

-9-                        AV-3033 N2

spatial resolution image."(See also page 7, lines 10-14).
Thus the language in the Claims 3 and 22 is, in fact,
correct and definite.  One-fourth the spatial resolution
refers to each dimension, whereby if a picture (image) is
one-fourth the width (horizontally) and one-fourth the
height (vertically) it obviously takes up one-sixteenth of
the full picture raster.  That is, sixteen of the one-fourth
resolution images would fit on the raster.  Thus, applicant
respectfully submits the language of Claims 3 and 22 is
definite, and requests that the rejection thereof under 35
USC 112 be withdrawn.

        Regarding the rejection of Claims 16-19, 21 and
23-26 under 35 USC 102 (b), applicant respectfully submits
that the remaining Claims 18, 19, 23 and 26 (new Claim 31)
are not fully met by the cited reference to Taylor et al.
For example, Claim 18 recites, inter alia, a random access
memory means (frame store 22) for individually
storing...succession of full size images...and a
corresponding reduced size version thereof at said second
resolution (underlining added).  Taylor et al fails to
describe and does not intend the storage of both a reduced
size and a full size image in his frame store (14/24 or
124/125) in the manner of applicant.  In fact, any size
reduction, and thus reduced size image, is made on the full
size image only at the time the latter is transferred from
the disk storage (18/20) to the frame store (24/124/125) as

AX061744

-10-                    AV-3033 N2

depicted in FIG'S 5, 18 and 19, or from the frame store to
the disc storage as depicted in FIG. 19. Applicant's
invention on the other hand, as described and claimed,
provides image reduction via his size reducer (26) coupled
only to the frame store (22), and which receives the full
size image only from the frame store whenever there is no
reduced size image, and which then returns the reduced size
image directly back to the frame store for storage thereof
simultaneously with the corresponding full size image.

      Contrary to the Examiner's statement in page 3,
paragraph 3(a), of his Office Action, Taylor et al does not
teach or imply that that his size reducer "does not
necessarily provide expansion or reduction," and that "the
size reducer may pass the image unchanged." Applicant has
carefully reviewed the patent and fails to find therein any
such description or implication. In the embodiments which
include the size reducer, Taylor et al specifically employs
an image size change each time a full size image is
transferred between storage devices, and fails to imply that
the size reducer may pass the image unchanged. If no size
reduction is to be made, Taylor et al specifies merely
omitting the size changing processor entirely (Col 5, lines
54-57). In any event, Taylor et al fails to store both the
full size image and its reduced size version in his frame
store as described and claimed by applicant.

In paragraph 3(b), page 3, of the Office Action, the Examiner notes that Taylor et al provides a size reducer output which is fed back to the frame store (but) via the disc store. Such a configuration fails to anticipate applicant's circuit configuration, wherein the size reducer 26 is directly coupled (only) to the frame store 22. This configuration allows applicant the advantages of high speed transfer of multiple, reduced size images in a single frame of video data. In the configuration of FIG'S 5, 18 or 19, Taylor et al must pass a frame of video data through his size changer 23 prior to supplying his frame store, whereupon he then accesses the frame store. Applicant respectfully submits that Taylor's use of a size changer between the two stores is an integral feature of his system, and that the re-arrangement thereof in the manner of applicant's system is made apparent only through hindsight and by application of the teachings of applicant.

Accordingly, Claims 18, 19 and 23 are variously amended herewith to further clarify the language thereof over the reference to Taylor et al. Claim 18 recites inter alia; a "random access memory means for... storing video pixel data representing... full size images... and a corresponding reduced size version thereof at said second resolution"; bulk memory means which stores both size images and which transfers either size of the images directly back to the random access memory means, with no other circuit

-12-                          AV-3033 N2

therebetween; and means for generating the reduced images from the full size images and returning both directly back to the contents of the random access memory means. Taylor et al fails to teach the above features of storing both image sizes simultaneously in the random access memory, the direct transfer of images between the disc storage and random access memory, or the transfer of images directly between the size reducer and only the random access memory.

Likewise, Claims 19 and 23 also recite the above features in differing language and terms, and thus are not anticipated by Taylor et al for the same reasons given above.

Claims 20 and 26 have been re-written as new Claims 30 and 31 as suggested by the Examiner, to include the limitations of the respective base claim, and new Claim 31 has been amended to overcome the 112 rejection as discussed above. Accordingly, applicant respectfully submits that claims 3,18,19, 22, 23, 29, 30 and 31, along with (allowed) Claims 2, 4, 6, 7, 15, 27 and 28, are in condition for allowance, which action is earnestly solicited.

If Examiner finds slight differences that can be resolved by a telephone interview, Applicant hereby requests

-13-                          AV-3033 N2

leave for such interview by telephoning the undersigned
collect at (415) 367-3331.

     If the Examiner persists in his final rejection of
the subject application, applicant respectfully requests
entry of the amendments for purposes of appeal.


                          Respectfully submitted,

                          AMPEX CORPORATION

                          By _George B. Almeida_
                          George B. Almeida
                          Agent of Applicant
                          Registration No. 20,696

Dated:  October 5, 1988
401 Broadway, M.S. 3-35
Redwood City, CA  94603-3199

AX061748



*PATENT*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Daniel A. Beaulier

Serial No.: 018,786          Group No.: 262

Filed: February 24, 1987     Examiner: D. Harvey

For: ELECTRONIC STILL STORE WITH HIGH SPEED SORTING
AND METHOD OF OPERATION

**Commissioner of Patents and Trademarks**

**Washington, D.C. 20231**

RECEIVED

OCT 2 4 1988

GROUP 260

### AMENDMENT TRANSMITTAL

1.   Transmitted herewith is an amendment for this application.

### STATUS

2.   Applicant is

☐   a small entity — verified statement:

    ☐   attached.

    ☐   already filed.

☒   other than a small entity.

---

#### CERTIFICATE OF MAILING (37 CFR 1.8a)

I hereby certify that this paper (along with any referred to as being attached or enclosed) is being deposited with the United State Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Commissioner of Patents and Trademarks, Washington, D.C. 20231.

George B. Almeida
(Type or print name of person mailing paper)

Date: 10/5/88

*George B Almeida*
(Signature of person mailing paper)

(Amendment Transmittal [9-19]—page 1 of 4)

AX061749

## EXTENSION OF TERM

NOTE: **"Extension of Time in Patent Cases (Supplement Amendments) — If a timely and complete re-
sponse has been filed after a Non-Final Office Action,** *an extension of time is not required to permit
filing and/or entry of an additional amendment after expiration of the shortened statutory period.*

**If a timely response has been filed after a Final Office Action,** *an extension of time is required to
permit filing and/or entry of a Notice of Appeal or filing and/or entry of an additional amendment after
expiration of the shortened statutory period unless the timely-filed response placed the application in
condition for allowance. Of course, if a Notice of Appeal has been filed within the shortened statutory
period, the period has ceased to run." Notice of December 10, 1985 (1061 O.G. 34-35).*

NOTE:   *See 37 CFR 1.645 for extensions of time in interference proceedings and 37 CFR 1.550(c) for exten-
sions of time in reexamination proceedings.*

**3.**   The proceedings herein are for a patent application and the provisions of 37 CFR
1.136 apply

*(complete (a) or (b) as applicable)*

(a) ☐   Applicant petitions for an extension of time for the total number of months
checked below:

| Extension (months) | Fee for other than small entity | Fee for small entity |
|---|---|---|
| ☐ one month | $56.00 | $28.00 |
| ☐ two months | $170.00 | $85.00 |
| ☐ three months | $390.00 | $195.00 |
| ☐ four months | $610.00 | $305.00 |
| | Fee $_____ | |

**If an additional extension of time is required please consider this a petition therefor.**

*(check and complete the next item, if applicable)*

☐   An extension for _____ months has already been secured and the fee paid
therefor of $_____ is deducted from the total fee due for the total months
of extension now requested.

Extension fee due with this request    $ _____

**OR**

(b) ☒   Applicant believes that no extension of term is required. However, this condi-
tional petition is being made to provide for the possibility that applicant has inad-
vertently overlooked the need for a petition for extension of time.

(Amendment Transmittal **[9-19]**—page 2 of 4)

AX061750

**FEE FOR CLAIMS**

4.    The fee for claims has been calculated as shown below:

| | (Col. 1) CLAIMS REMAINING AFTER AMENDMENT | | (Col. 2) HIGHEST NO PREVIOUSLY PAID FOR | (Col. 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDIT. FEE | OR | OTHER THAN A SMALL ENTITY RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL | * 15 | MINUS | ** 19 | = 0 | x6= | $ | | x12= $ | Ø |
| INDEP. | * 10 | MINUS | *** 9 | = 1 | x17= | $ | | x34= $ | 34 |
| ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | | +55= | $ | | +110= $ | Ø |
| | | | | TOTAL ADDIT. FEE | | $ | OR | TOTAL $ | 34 |
| | | | | | | $ | | | |

\*     If the entry in Col. 1 is less than entry in Col. 2, write "0" in Col. 3.
\*\*    If the "Highest No. Previously Paid for" IN THIS SPACE is less than 20, enter "20".
\*\*\*  If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, enter "3".
       The "Highest No. Previously Paid For" (Total or indep.) is the highest number found in the appropriate box in Col. 1 of a prior amendment or the number of claims originally filed.

*(complete (c) or (d) as applicable)*

(c)  ☐   No additional fee for claims is required

**OR**

(d)  ☒   Total additional fee for claims required $___34.00___

**FEE PAYMENT**

5.   ☐   Attached is a check in the sum of $_____

     ☐   Charge Account No. ___01-1771_____ the sum of
         $_34.00___

         A duplicate of this transmittal is attached.

**FEE DEFICIENCY**

NOTE:   *If there is a fee deficiency and there is no authorization to charge an account, additional fees are necessary to cover the additional time consumed in making up the original deficiency. If the maximum, six-month period has expired before the deficiency is noted and corrected, the application is held abandoned. In those instances where authorization to charge is included, processing delays are encountered in returning the papers to the PTO Finance Branch in order to apply these charges prior to action on the cases. Authorization to charge the deposit account for any fee deficiency should be checked. See the Notice of April 7, 1986, 1065 O.G. 31-33.*

6.   ☒   If any additional extension and/or fee is required charge Account No.
         __01-1771___

(Amendment Transmittal **[9-19]**—page 3 of 4)

AX061751

**AND/OR**

[x] If any additional fee for claims is required, charge Account No.
01-1771

_George B. Almeida_ 10/5/88

SIGNATURE OF ATTORNEY

Reg. No.:    20,696

George B. Almeida
Type or print name of attorney

Tel. No.: ( 415 ) 367-3331

401 Broadway
P.O. Address

Redwood City, CA  94063

(Amendment Transmittal [9-19]—page 4 of 4)

AX061752

# PAPER NO. 31



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/018,784 | 02/24/87 | BEAULIER | D | AV-3033N1 |

RICHARD P. LANGE
AMPEX CORP.,
401 BROADWAY, MS 3-35
REDWOOD CITY, CA  94063

| EXAMINER | |
|---|---|
| HARVEY, D | |
| ART UNIT | PAPER NUMBER |
| 262 | 31 |

DATE MAILED:

EXAMINER INTERVIEW SUMMARY RECORD          11/07/88

All participants (applicant, applicant's representative, PTO personnel):

(1) _Mr. George B Almeida_          (3) _____

(2) _David E Harvey_                (4) _____

Date of interview ___10/27/88___

Type: ☒ Telephonic    ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted:  ☐ Yes  ☒ No.  If yes, brief description: _____

_____

Agreement ☒ was reached with respect to some or all of the claims in question.  ☐ was not reached.

Claims discussed: _18, 19, 23, and 29-31_

Identification of prior art discussed: _____

_____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Discussed_
_changes to overcome section 112 problem_
_(see paper # 32)_

_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1—7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

Examiner's Signature

PTOL-413 (REV. 1-84)

ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

AX061753

# PAPER NO. 32



11-7-88 ___

UNITED STAT:  DEPARTMENT OF COMMERCE
Patent and Tra____ark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/018,784 | 02/24/87 | BEAULIER | D | AU-3033N1 |

RICHARD P. LANGE
AMPEX CORP.,
401 BROADWAY, MS 3-35
REDWOOD CITY, CA 94063

| EXAMINER |  |
|---|---|
| HARVEY, D | |
| ART UNIT | PAPER NUMBER |
| 282 | 31/K |

DATE MAILED:

11/07/88

## NOTICE OF ALLOWABILITY

**PART I.**

1. ☒ This communication is responsive to _the Amendment filed 10/7/88_

2. ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.

3. ☒ The allowed claims are _2-4, 6, 7, 15, 18, 19, 22, 23, and 27-31_

4. ☐ The drawings filed on _____ are acceptable.

5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [_] been received. [_] not been received. [_] been filed in parent application Serial No. _____ filed on _____

6. ☒ Note the attached Examiner's Amendment.

7. ☒ Note the attached Examiner Interview Summary Record, PTOL-413.

8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.

9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.

10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

2. ☒ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.

   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____ . CORRECTION IS REQUIRED.

   b. ☒ The proposed drawing correction filed on _11/20/86_ has been approved by the examiner. CORRECTION IS REQUIRED.

   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.

   d. ☐ Formal drawings are now REQUIRED.

---

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
✓ Examiner's Amendment
✓ Examiner Interview Summary Record, PTOL-413
_ Reasons for Allowance
_ Notice of References Cited, PTO-892
_ Information Disclosure Citation, PTO-1449

_ Notice of Informal Application, PTO-152
_ Notice re Patent Drawings, PTO-948
_ Listing of Bonded Draftsmen
_ Other

Serial No. 018,786

Art Unit 262

-2-

1.          An extension of time under 37 CFR 1.136(a) is
required in order to make an Examiner's Amendment which
places this application in condition for allowance.
During a telephone conversation conducted on 10/27/88,
Mr. George B. Almeida requested an extension of time for
one month(s) and authorized the Commissioner to charge
Deposit Account No. 01-1771 the required fee of $56.00
for this extension and authorized the following
Examiner's Amendment.  Should the changes and/or addi-
tions be unacceptable to applicant, an amendment may be
filed as provided by 37 CFR 1.312.  To ensure con-
sideration of such an amendment, it MUST be submitted no
later than the payment of the Issue Fee.

          1) In claim 18, line 6, "individually" has
been deleted.

          2) In claim 18, line 23, "said full size
image" has been deleted.

          3) In claim 19, line 18, --directly-- has been
inserted after "for".

          4) In claim 23, line 7, "having a capacity for"
has been deleted.

          5) In claim claim 23, line 13, "a" has been
changed to --the--.

          6) In claim 23, line 15, --the-- has been
inserted before "video".

          7) In claim 23, line 16, "a" has been changed
to --the--.

          8) In claim 23, line 18, "both" has been
deleted.

AX061755

Serial No. 018,786                              -3-

Art Unit 262

       9) In claim 23, line 19, "from" has been
changed to --stored in--.

       10) In claim 23, line 21, "having a capacity
for" has been changed to --further--.

       11) In claim 23, line 22, --additional-- has
been inserted before "video".

       12) In claim 23, line 23, "the" has been
changed to --additional--.

       13) In claim 23, line 24, "of each video image"
has been deleted.

       14) In claim 23, line 27, the second occurrence
of "said" has been deleted.

       15) In claim 23, line 29, "said" has been
deleted.

       16) In claim 23, line 30, "the" has been
changed to --a--.

       17) In claim 23, lines 30 and 31, "of each
video image" has been deleted.

       18) In claim 29, line 6, the first occurrence
of "a" has been deleted.

       19) In claim 29, line 6, "set" has been changed
to --sets--.

       20) In claim 29, line 10, "set" has been
changed to --sets--.

       21) In claim 29, line 13, "one of the" has been
changed to --from the storage locations a--.

       22) In claim 29, line 14, "sets" has been
changed to --set representing one--.

       23) In claim 29, line 14, "or the set" has been

AX061756

Serial No. 018,786                                    -4-

Art Unit 262

changed to --and a data set representing one--.

        24) In claim 30, lines 19 and 20, "reducing
said image to" has been changed to --producing reduced
size pixel data representing--.

        25) In claim 30, line 28, "same" has been
changed to --said reduced image--.

        26) In claim 31, line 8, the first occurrence
of "a" has been deleted.

        27) In claim 31, line 8, "set" has been changed
to --sets--.

        28) In claim 31, line 12, "set" has been
changed to --sets--.

        29) In claim 31, line 15, "one of the data sets
of" has been changed to --from the storage locations a
data set of one of--.

        30) In claim 31, line 16, "or the set" has been
changed to --and one of the sets--.

        31) In claim 31, line 20, "the" has been
changed to --a--.

        32) In claim 20, lines 20 and 21,
"reproductions of each video image" has been changed to
--reproduction images--.

        33) In claim 31, line 21, --retrieved-- has
been inserted after "the".

        34) In claim 31, line 21, "reproductions" has
been changed to --images--.

        35) In claim 31, line 23, "reproductions" has
been changed to --retrieved images--.

2.        Any inquiry concerning this communication or

AX061757

Serial No. 018,786                                      -5-

Art Unit 262


earlier communications from the examiner should be
directed to David E. Harvey whose telephone number is
(703) 557-6268.

    Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3321.


D. HARVEY:mg

(703) 557-6268

11-01-88

EDWARD L. COLES, SR.
PRIMARY EXAMINER
ART UNIT 262

AX061758

PTOL-85 (REV 4 86)



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
          Washington, D.C. 20231

### NOTICE OF ALLOWANCE
### AND ISSUE FEE DUE

RICHARD P. LANGE
AMPEX CORP.,
401 BROADWAY, MS 3-35
REDWOOD CITY, CA  94063

All communications regarding this
application should give the serial
number, date of filing, name of
applicant, and batch number.

Please direct all communications
to the Attention of "OFFICE OF
PUBLICATIONS" unless advised
to the contrary.

The application identified below has been examined and found allowable
for issuance of Letters Patent. PROSECUTION ON THE MERITS IS CLOSED.

| SC/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/018,786 | 02/24/87 | 015 | HARVEY, D | 262 | 11/08/88 |

| First Named Applicant | BEAULIER, | | DANIEL A. | | |

TITLE OF
INVENTION    ELECTRONIC STILL STORE WITH HIGH SPEED SORTING AND METHOD OF
             OPERATION

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| AV-3033N1 | 358-160.000 | N77 | UTILITY | NO | $560.00 | 02/08/89 |

The amount of the issue fee is specified in 37 C.F.R. 1.18. If the applicant qualified for and has filed a verified statement of small entity status in accordance with 37 C.F.R. 1.27, the issue fee is one-half the amount for non-small entities. The issue fee due printed above reflects applicant's status as of the time of mailing this notice. A verified statement of small entity status may be filed prior to or with payment of the issue fee. However, in accordance with 37 C.F.R. 1.28, failure to establish status as a small entity prior to or with payment of the issue fee precludes payment of the issue fee in the amount so established for small entities and precludes a refund of any portion thereof paid prior to establishing status as a small entity.

THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE as indicated above. The application shall otherwise be regarded as ABANDONED. The issue fee will not be accepted from anyone other than the applicant, a registered attorney or agent, or the assignee or other party in interest as shown by the records of the Patent and Trademark Office. Where an authorization to charge the issue fee to a deposit account has been filed before the mailing of the notice of allowance, the issue fee is charged to the deposit account at the time of mailing of this notice in accordance with 37 C.F.R. 1.311. If the issue fee has been so charged, it is indicated above.

In order to minimize delays in the issuance of a patent based on this application, this Notice may have been mailed prior to completion of final processing. The nature and/or extent of the remaining revision or processing requirements may cause slight delays of the patent. In addition, if prosecution is to be reopened, this Notice of Allowance will be vacated and the appropriate Office action will follow in due course. If the issue fee has already been paid and prosecution is reopened, the applicant may request a refund or request that the fee be credited to a deposit account. However, applicant may request that the previously submitted issue fee be applied. If abandoned, applicant may request refund or credit to a deposit account.

In the case of each patent issuing without an assignment, the complete post office address of the inventor(s) will be printed in the patent heading and in the Official Gazette. If the inventor's address is now different from the address which appears in the application, please fill in the information in the spaces provided on PTOL-85b enclosed. If there are address changes for more than two inventors, enter the additional addresses on the reverse side of the PTOL-85b.

The appropriate spaces in the ASSIGNMENT DATA section of PTOL-85b must be completed in all cases. If it is desired to have the patent issue to an assignee, an assignment must have been previously submitted to the Patent and Trademark Office or must be submitted not later than the date of payment of the issue fee as required by 37 C.F.R. 1.334. Where there is an assignment, the assignee's name and address must be provided on the PTOL-85b to ensure its inclusion in the printed patent.

Advance orders for 10 or more printed copies of the prospective patent can be made by completing the information in Section 4 of PTOL-85b and submitting payment therewith. If use of the issue fee as required by 37 C.F.R. 1.334. The copies ordered will be sent only to the address specified in section 1 or 1A of PTOL-85b

☐ Note attached communication from the Examiner.

☐ This notice is issued in view of
  applicant's communication filed _____ __

**PATENT AND TRADEMARK OFFICE COPY**

**IMPORTANT REMINDER**
Patents issuing on applications filed on or after Dec. 12,
1980 may require payment of maintenance fees. See 37 CFR
1.20 (e) — (j).

AX061759

# PAPER NO. 34

RECEIVED

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of        )    Group Art Unit: 262
                            )    Examiner: D. Harvey
Daniel A. Beaulier          )    Attorney Docket No.:
                            )        AV-3033 N2
Serial No.: 018,786         )
                            )    I hereby certify that this correspondence is being
Filed: February 24, 1987    )    deposited with the United States Postal Service as
                            )    first class mail in an envelope addressed to:
For: ELECTRONIC STILL STORE )    Commissioner of Patents and Trademarks, Washing-
     WITH HIGH SPEED        )    ton, D.C. 20231, or _Dec. 21, 1988_
     SORTING AND METHOD OF  )
     OPERATION              )    _George B. Almeida_
                            )    George B. Almeida, Reg. # 20,696    DATE

AMENDMENT UNDER 37 CFR 1.312

Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231

Dear Sir:

     In response to the Notice of Allowance dated November

8, 1988, and as provided under 37 CFR 1.312, please amend

the above-identified application as follows, without

withdrawing it from allowance.


IN THE SPECIFICATION:

Page 1,    after the title please insert the following single

           sentence paragraph.

           --This application is a Continuation of

           application SN-740,297 filed May 31, 1985 and now

           abandoned, which was a Continuation of application

           SN-483,327 filed April 8, 1983 and now

           abandoned--.

AX061766

-2-

### REMARKS

Applicant notes with appreciation the allowance of Claims 2-4, 6, 7, 15, 18, 19, 22, 23 and 27-31, and thanks the Examiner for the amendments suggested by him by telephone interview of October 27, 1988 and entered via his Examiner's Amendment of November 7, 1988. The extension of time for one month and the authorization for payment made during the phone interview is also confirmed.

Applicant includes herewith a transmittal letter forwarding a new formal sheet of the sole drawing with the amendment previously proposed, and requests entry thereof.

Issuance of the patent is respectfully requested.

Respectfully Submitted,

AMPEX CORPORATION

By _George B. Almeida_
George B. Almeida
Agent of Applicant
Registration No. 20, 696

Dated: December 21, 1988

401 Broadway, M.S. 3-35
Redwood City, CA 94063-3199

AX061767

AV - 3033 N2
1 of 1

GAU# 262
USSN 018,786
AV - 3033 N2
1 SHEET



AX061768



AX061769

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of | ) Group Art Unit: 262 |
| | ) Examiner: D. Harvey |
| Daniel A. Beaulier | ) Attorney Docket No.: |
| | ) AV-3033 N2 |
| Serial No.  018,786 | ) |
| | ) |
| Filed:  February 24, 1987 | ) I hereby certify that this correspondence is being |
| | ) deposited with the United States Postal Service as |
| | ) first class mail in an envelope addressed to: |
| For: Electronic Still Store | ) Commissioner of Patents and Trademarks, Washing- |
|     With High Speed Sorting | ) ton, D.C. 20231, or _Dec 21, 1988_ |
|     And Method Of Operation | ) |
| | ) _George B. Almeida_   12/21/88 |
| | ) George B. Almeida, Reg. # 20,696    DATE |

Commissioner of Patents and Trademarks
Washington, D.C.  20231

Sir:

Transmitted herewith in the above-identified application
is/are

        Amendment Under 37 CFR 1.312

(×)  No fee is required.

(  )  Please charge the fee of $_____ to Deposit
      Account No. 01-1771. A duplicate copy of this sheet
      is enclosed.

(×)  The Commissioner is hereby authorized to charge any
      additional fees under 37 C.F.R. 1.16 and 1.17 which
      may be required by this paper, or credit any
      overpayment to Deposit Account No. 01-1771. A
      duplicate copy of this sheet is enclosed.

                    Respectfully submitted,

                    AMPEX CORPORATION

                    By _George B. Almeida_
                       George B. Almeida
                       Registration No. 20,696

401 Broadway, M.S. 3-35
Redwood City, CA 94063-3199

Dated: December 21, 1988

REV (120785)

AX061770