IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | REDACTED |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-1373-KAJ |
| EASTMAN KODAK COMPANY, ALTEK CORPORATION and CHINON INDUSTRIES, INC., | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE
TESTIMONY OF CAROL SCOTT UNDER RULE 702**

OF COUNSEL:

S. Calvin Walden
Paul B. Keller
Rebecca M. McCloskey
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

William F. Lee
Donald R. Steinberg
Michael J. Summersgill
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Dated: May 31, 2006

PAUL M. LUKOFF (I.D. No. 96)
DAVID E. BRAND (I.D. No. 201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500

*Attorneys for Defendants*

Case 1:04-cv-01373-KAJ Document 318 Filed 05/31/2006 Page 2 of 17

Table of Contents

STATEMENT AND NATURE OF PROCEEDING ...................................................................1

SUMMARY OF ARGUMENT ......................................................................................................1

STATEMENT OF FACTS .............................................................................................................2

ARGUMENT...................................................................................................................................7

    A. Rule 702 Requires An Assessment Of The Reliability Of An Expert Opinion. ................7

    B. There Is No Basis For Dr. Scott's Conclusion That **REDACTED** ................8

    C. There Is No Basis For Dr. Scott's Conclusion That ...........................................................11

CONCLUSION..............................................................................................................................13

Table of Authorities

Federal Cases

*Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l,*
   350 F. Supp.2d 582 (D. Del. 2004) .................................................................. 7, 9, 12

*Daubert v. Merrell Dow Pharms., Inc.,*
   509 U.S. 579 (1993) ............................................................................................ 7, 8, 10

*General Elec. Co. v. Joiner,*
   522 U.S. 136 (1997) ........................................................................................................ 7

*IQ Products Co. v. Pennzoil Products Co.,*
   305 F.3d 368 (5th Cir. 2002) ........................................................................................ 12

*Kumho Tire Co. v. Carmichael,*
   526 U.S. 137 (1999) ........................................................................................................ 7

*Oddi v. Ford Motor Co.,*
   234 F.3d 136 (3d Cir. 2000) ............................................................................................ 7

*Pell v. E.I. DuPont,*
   231 F.R.D. 186 (D. Del. 2005) ................................................................................ 10, 11

*S.E.C. v. Lipson,*
   46 F. Supp.2d 758 (N.D. Ill. 1988) .................................................................................. 9

Federal Rules

Fed R. Evid. 702 ................................................................................................................ 6

Other

29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure, § 6264 (1997)... 8

## STATEMENT AND NATURE OF PROCEEDING

Ampex Corporation ("Ampex") commenced this action on October 21, 2004, accusing Eastman Kodak Company ("Kodak"), Altek Corporation ("Altek"), and Chinon Industries ("Chinon") (collectively, the "Defendants") of directly and indirectly infringing U.S. Patent No. 4,821,121 (the "'121 patent").

Fact and expert discovery have concluded (except for issues pertaining solely to Defendants' advice of counsel defense), and a hearing on claim construction and dispositive motions is scheduled for July 21, 2006. The Court is scheduled to conduct a pretrial conference on November 7, 2006, and an 8-day jury trial is scheduled to begin on December 4, 2006. (*See* D.I. 53, Oct. 17, 2005 Scheduling Order at 6-7.)

## SUMMARY OF ARGUMENT

Ampex accuses Defendants of infringing certain claims of the '121 patent. Specifically, Ampex contends that **REDACTED**

. Ampex argues that this feature is so important to purchasers of digital cameras that, without it, Defendants could not have achieved success in the digital camera market. As a result, according to Ampex, Kodak should have to pay royalties of **REDACTED**

In support of this argument, Ampex offers the "expert" testimony of a professor of marketing, Carol Scott, Ph.D., that: (1) **REDACTED**
(2)

- 1 -

**REDACTED** .[1] Dr. Scott, however, has neither the knowledge nor experience to offer such opinions.

**REDACTED**

## STATEMENT OF FACTS

Ampex seeks to have Dr. Scott testify that   **REDACTED**

Scott Report at A-3, A-19-23.) Dr. Scott,

---

[1] Dr. Scott is one of nine experts Ampex intends to offer at trial, and one of three experts it intends to offer on topics relating to damages. Its other two damages "experts" are Richard Donaldson and Brian Dragun.

- 2 -

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

- 4 -

REDACTED

REDACTED

REDACTED

**REDACTED**

**REDACTED**

**REDACTED**

**ARGUMENT**

A.  **Rule 702 Requires An Assessment Of The Reliability Of An Expert Opinion.**

Rule 702 permits qualified experts to offer opinions if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles or methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed R. Evid. 702. The court, as the "gatekeeper" of expert testimony, has "considerable leeway" in determining whether proffered expert testimony is sufficiently reliable to be admitted under Rule 702. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

The inquiry into the reliability of an expert's proffered testimony is necessary to ensure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152. Courts have excluded expert testimony as unreliable, for example, when the expert lacks familiarity with the methods and reasons underlying the proffered opinion, the expert has made unreasonable extrapolations from the data or there is "too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000); *Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l*, 350 F. Supp.2d 582, 592 (D. Del. 2004) (excluding expert's testimony because his "predictions are simply not verifiable because he has not developed enough of a basis in the record for such opinions.").

Expert testimony must relate to "specialized knowledge that will assist the trier of fact." Fed. R. Evid. 702. The knowledge requirement of Rule 702 calls for testimony that is based on a

- 7 -

"body of known facts or any body of ideas inferred from such facts or accepted as truths on good grounds" so as to ensure that such testimony is not grounded in "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 589. The "assist" requirement of Rule 702 further demands that expert testimony contribute something that cannot be derived from a juror's own "common sense, common experience, [] perceptions or simple logic." (29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure, § 6264 (1997).)

B.   There Is No Basis For Dr. Scott's Conclusion That ".
     REDACTED

As discussed above, Ampex seeks to have Dr. Scott testify that "

(Scott Report at A-3, A-19-23.)

(*See, e.g.*, Scott Dep. at A-41-42.)   (Scott Dep. at A-64.)   REDACTED

(Scott Dep. at A-39-49.)

REDACTED

(Scott Dep. at A-43.)[2]

REDACTED

---
2 -                                      REDACTED

- 8 -

**REDACTED**

(Scott Report at A-19-23.)

**REDACTED**

(*See, e.g.*, Scott Dep. at A-47.

The reading of and regurgitation from documents is not expertise that will assist the jury in this case. *See Chemipal*, 350 F. Supp.2d at 588 (noting "a party can only elicit testimony from someone who has specialized knowledge or training sufficient to qualify him or her to opine on an issue within their field of expertise, and the expert's opinion must be confined to that field."); *S.E.C. v. Lipson*, 46 F. Supp.2d 758, 763 (N.D. Ill. 1988) ("Expert testimony may not be used merely to repeat or summarize what the jury independently has the ability to understand.")[3] Based on this limited information, Dr. Scott

(Scott Dep. at 104-05.       **REDACTED**

(Scott Dep. at A-50, A-51, A-54-55)

(Scott Dep. at A-48).

**REDACTED**

---

[3] **REDACTED**    (Donaldson Tr. at A-60-61.)

- 9 -

(*See* Scott Report at A-23; Scott Dep. at A-29.) **REDACTED**

**REDACTED** (Scott Dep. at A-52.)

Sounding more like attorney argument than the opinions of a marketing expert, Dr. Scott's speculation **REDACTED**

.[4] *See Daubert*, 509 U.S. at 589 (Rule 702 exists to ensure that testimony is not grounded in unsupported conjecture).

**REDACTED**

Scott Dep. at A-53.)

**REDACTED** This is inappropriate. *See Pell v. E.I. DuPont*, 231 F.R.D. 186, 194 (D. Del. 2005) (holding that "clear analytical gaps in [expert's] opinions… [and] the methodology used" prevented any determination of the expert's qualifications to render an opinion). Her testimony regarding this opinion should be excluded.

---

[4] In stark contrast, Mr. Donaldson, Ampex's expert **REDACTED** (Donaldson Tr. at A-58-59.)

- 10 -

C.  **There Is No Basis For Dr. Scott's Conclusion That**
                                                              REDACTED

Ampex also intends to have Dr. Scott opine that

                          REDACTED                          (Scott

Report at A-4, A-24-26.) Specifically, Dr. Scott opines that

(Scott Report at A-24.) This is

pure speculation.

REDACTED

(Scott Report at A-24.)

REDACTED

(Scott Report at A-25.)

She offers no explanation for the analytical leap she makes from

REDACTED
                This, of course, is improper. *Pell v. E.I. DuPont,*
231 F.R.D. 186, 194 (D. Del. 2005) (holding that "clear analytical gaps in [expert's] opinions…

- 11 -

[and] the methodology used" prevented any determination of the expert's qualifications to render an opinion).

**REDACTED**

This is precisely the type of expert testimony that Rule 702 seeks to exclude. *See IQ Products Co. v. Pennzoil Products Co.*, 305 F.3d 368, 376 (5 Cir. 2002) (affirming the exclusion of plaintiff's experts based on their failure to conduct any market or survey research commonly employed by market analysts to support the proffered opinions, and therefore insulating the opinions from any testing or verification); *Chemipal*, 350 F. Supp. 2d at 592 (holding "lack of familiarity with the methods and reasons underlying... [the] projections virtually precluded any assessment of the validity of the projections through cross-examination" and therefore excluded the expert's testimony.).

## CONCLUSION

Because her opinions do not comport with the requirements of Rule 702, this Court should exclude the testimony of Dr. Scott.

Respectfully submitted,

PRICKETT, JONES & ELLIOTT, P.A.

/s/ David E. Brand
---
PAUL M. LUKOFF (I.D. #96)
DAVID E. BRAND (I.D. #201)
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
Tel: 302.888.6500
Fax: 302.888.6331
Date: May 23, 2006

*Attorneys for Defendants*

OF COUNSEL:
William F. Lee
Donald R. Steinberg
Michael J. Summersgill
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

S. Calvin Walden
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800

Dated: May 31, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2006, I electronically filed the following document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**REDACTED OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF CAROL SCOTT UNDER RULE 702**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on May 31, 2006, I have forwarded the above-noted document to the following as noted below:

**VIA E-MAIL**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**VIA E-MAIL & FEDERAL EXPRESS**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301

**VIA E-MAIL**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

**VIA E-MAIL & HAND DELIVERY**

Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

_____
PAUL M. LUKOFF (Bar I.D. #96)
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE  19899-1328
TEL: 302-888-6500
E-MAIL:  PMLukoff@prickett.com
         DEBrand@prickett.com