# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1373 (KAJ) |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | **PUBLIC VERSION** |
| ALTEK CORPORATION, and | ) | |
| CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMPEX CORPORATION'S OPENING BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT THAT U.S. PATENT NO. 4,821,121 IS NOT INVALID FOR OBVIOUSNESS

OF COUNSEL:
Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005
(202) 508-4600

MORRIS NICHOLS ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julie Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
    *Attorneys for Plaintiff Ampex Corporation*

Original Filing Date: May 23, 2006
Redacted Filing Date: May 31, 2006

# TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................. ii

NATURE AND STAGE OF THE PROCEEDING .......................................... 1

SUMMARY OF ARGUMENT ............................................................ 1

STATEMENT OF FACTS ................................................................ 5

    A.    SDMS + papers and articles ................................................ 5

    B.    DLS + User Guide
             Paint Box + User Guide ...................................................... 7

    C.    Response + DLS
             Chromacom + DLS ............................................................ 7

    D.    Paint Box + Chromacom
             Paint Box + Response ....................................................... 10

ARGUMENT .......................................................................... 13

I.    THE APPLICABLE LEGAL STANDARDS ......................................... 13

    A.    Summary Judgment ......................................................... 13

    B.    The Law of Obviousness .................................................... 14

    C.    Summary Judgment:  Not Invalid For Obviousness ....................... 15

    D.    Expert Opinions Regarding Alleged Obviousness
             May Be Excluded From Evidence .......................................... 15

II.    FOR AT LEAST SEVEN OF ITS ALLEGEDLY INVALIDATING
       COMBINATIONS, KODAK HAS INSUFFICIENT PROOF
       TO CARRY ITS BURDEN AT TRIAL ......................................... 15

III.   AMPEX WAS ENTITLED TO KNOW KODAK'S COMPLETE
       INVALIDITY ALLEGATIONS BY THE CLOSE OF DISCOVERY ............... 18

CONCLUSION ........................................................................ 20

i

## TABLE OF CITATIONS

## FEDERAL CASES

*Anderson* v. *Liberty Lobby, Inc.*,
　　477 U.S. 242 (1986) ..................................................................................13

*Biotec Biologische Naturverpackungen GmbH* v. *Biocorp, Inc.*,
　　249 F.3d 1341 (Fed. Cir. 2001) ..............................................................17

*Celotex Corp.* v. *Catrett*,
　　477 U.S. 317 (1986) .............................................................................13, 14

*Glaverbel Societe Anonyme* v. *Northlake Mktg. & Supply, Inc.*,
　　45 F.3d 1550 (Fed. Cir. 1995) ...............................................................14

*Graham* v. *John Deere Co.*,
　　383 U.S. 1 (1966) ........................................................................2, 14, 16

*Kegel Co.* v. *AMF Bowling, Inc.*,
　　127 F.3d 1420 (Fed. Cir. 1997) ..............................................................13

*McElmurry* v. *Ark. Power & Light Co.*,
　　995 F.2d 1576 (Fed. Cir. 1993) ..............................................................13

*Oxford Gene Tech. Ltd* v. *Mergen Ltd.*,
　　345 F. Supp. 2d 431 (D. Del. 2004) ............................................15, 16, 18

*Panduit Corp.* v. *Dennison Mfg., Co.*,
　　810 F.2d 1561 (Fed. Cir. 1987) ..............................................................14

*Rambus, Inc.* v. *Infineon Techs. AG*,
　　145 F. Supp. 2d 721 (E.D. Va. 2001) .....................................................19

*Ruiz* v. *A.B. Chance Co.*,
　　234 F.3d 654 (Fed. Cir. 2000) ...............................................................15

*Syngenta Seeds, Inc.* v. *Monsanto Co.*,
　　Civ. No. 02-1331-SLR, 2004 U.S.Dist. LEXIS 24252 (D. Del. Nov. 19, 2004) .....15

*Winner Int'l Royalty Corp.* v. *Wang*,
　　202 F.3d 1340 (Fed. Cir. 2000) ..............................................................15

## FEDERAL STATUTES AND RULES

35 U.S.C.
 § 103(a) .................................................................................................14
 § 282 ....................................................................................................14

Fed. R. Civ. P.
 26(a)(2)(B) .....................................................................................15, 17
 56(c) ....................................................................................................13

Fed. R. Evid.
 702 ................................................................................................15, 17

## NATURE AND STAGE OF THE PROCEEDING

Defendants Eastman Kodak Company and Altek Corporation (collectively, Kodak) have asserted that U.S. Patent No. 4,821,121 (the '121 patent) is invalid for obviousness. Plaintiff Ampex Corporation (Ampex) submits this opening brief in support of its motion for partial summary judgment that the '121 patent is not invalid for obviousness.

## SUMMARY OF ARGUMENT

Kodak alleges that Ampex's '121 patent would have been obvious in light of fifteen different combinations of alleged prior art. Because Ampex's '121 patent is presumed to be valid, Kodak bears the burden of proving such alleged invalidity by clear-and-convincing evidence. There is no admissible evidence in the record, however, from which a jury could find for Kodak on at least *seven* of the fifteen allegedly invalidating combinations. Thus, partial summary judgment is appropriate for at least these seven combinations.

There is no admissible evidence in the record from which a jury could find for Kodak on at least seven allegedly invalidating combinations because Kodak has not disclosed (a) where each element of the asserted claims is found in the alleged invalidating references and (b) what each element of the allegedly obvious claims means to one of ordinary skill in the relevant art.

Without disclosing *where* each element of the asserted claims is found in an alleged invalidating reference, Kodak's evidence on the issue of obviousness amounts to offering prior art to the jury and asking the jury to combine that art in any way the jury wants. Such an approach to resolving the obviousness issue is wrong as a matter of both law and equity. First, such an approach is unnecessarily burdensome to the jury, which

will have a difficult task in the case even when the parties contentions are made plain.
Second, such an approach is unfairly prejudicial to Ampex because Ampex cannot
meaningfully defend its patent without notice of the actual combination of elements that
allegedly invalidates its patent.

One of the jury's tasks when deciding the issue of obviousness is to determine the
"differences between the prior art and the claims at issue." *Graham* v. *John Deere Co.*,
383 U.S. 1, 17 (1966). To enable the jury to perform this task, the proponent of
obviousness is *required* to present an element-by-element comparison of the asserted
claims to each prior art reference.

In this case, for at least the seven allegedly invalidating combinations that are at
issue in this motion, Kodak has disclosed no element-by-element comparison of the
asserted claims to the prior art references. Instead, Kodak offers only the vague opinions
of its experts.

An example of Kodak's vague evidence relating to obviousness can be seen in
Kodak's contentions regarding the allegedly invalidating combination of the Spatial Data
Management System (SDMS) and some articles and papers. The entirety of Kodak's
disclosure regarding obviousness is two sentences from one of Kodak's experts. As set
forth in his expert report, Kodak's expert (Dr. Myers) opined that:


### REDACTED


Such an opinion is inadequate on its face. It does not disclose *where* each element
of the asserted claims is found in the alleged invalidating references and what each

element of the allegedly obvious claims *means* to one of ordinary skill in the relevant art. Even if Kodak's expert was allowed to testify to this opinion to the jury (and he should not be allowed to do so), such vague testimony would not help the jury do its job and would be prejudicial to Ampex because there is no disclosure of the actual combination that allegedly invalidates the '121 patent.

Additionally, claim construction is the "first step" in all invalidity analyses. While the jury will have the benefit of the Court's claim construction when it is doing its job, Ampex was entitled to have Kodak's complete invalidity allegations by the close of discovery. For the seven allegedly invalidating combinations at issue in this motion, Kodak did not disclose a claim construction to apply when resolving the obviousness dispute. Without Kodak's proposed claim construction in the context of obviousness, the merits of Kodak's invalidity allegations cannot be understood, and cannot be challenged substantively.

An example of Kodak's inadequate disclosure regarding what claim construction to apply when analyzing Kodak's allegedly invalidating combinations is Dr. Myers' deposition testimony regarding the above-mentioned combination of SDMS + papers and articles:

> Q.   Do you see the sentence that reads "To the extent that a claim construction similar to those I have identified as asserted or adopted under which any of the above identified systems do not meet each element of the asserted claims it is my opinion the asserted claims would have been obvious in view of the prior art systems and materials discussed in this report." Do you see that?
>
> A.   Yes.
>
> Q.   Can you explain to me what you mean, please, by claim construction similar to those I have identified?

3

A.    Well, there have been, you know, a variety of claim construction
      presented by both sides in this case. And they've differed, you
      know, in small and medium size ways. And it seems like that, you
      know, to the extent that claim construction, you know, is close to
      the claim construction that we've been using, that it would be
      obvious how to map the prior art on those claims. But, you know,
      if you have a particular claim construction in mind, I'd be happy to
      consider it.

Q.    Have you considered any particular claim construction that you
      would consider close to the claim construction that have been
      articulated in this case?

A.    Not in this report.

Q.    Do you have any opinion on obviousness in light of such a claim
      construction similar to those identified beyond what you expressed
      here in paragraph 30?

A.    Not at this time.

Finally, Kodak should not be allowed to fix the flaws in its inadequate

disclosures. First, discovery is closed. While Kodak asserted that it reserved the right to

revise its contentions, such a unilateral reservation has no effect. Kodak was aware of

Ampex's proposed claim construction and should have presented its obviousness

contentions in light of those proposals. Second, Kodak knew how to set forth proper

contentions in a timely fashion. See, for example, Kodak's obviousness contentions

regarding the combination of Chromacom's prepress system with a television camera,

which included both a proposed construction to apply to each element *and* detailed claim

charts.[1] Having chosen to present inadequate disclosures for the seven allegedly

invalidating combinations at issue in this motion, Kodak must live with the effect of

those choices. Partial summary judgment is appropriate.

---

[1] Even this properly-framed obviousness contention is unsound because the Chromacom
lacks other critical '121 claim elements.

4

## STATEMENT OF FACTS

At issue in this motion are seven combinations of alleged prior art.  For each combination, Kodak alleges the combination renders the '121 patent invalid.  The seven combinations at issue here are:

> SDMS + papers and articles
>
> DLS + User Guide
>
> Paint Box + User Guide
>
> Chromacom + DLS
>
> Response + DLS
>
> Paint Box + Response
>
> Paint Box + Chromacom

### A.     SDMS + papers and articles

One of Kodak's three experts—Dr. Brad A. Myers—has offered an opinion about the alleged obviousness of the '121 patent in light of the combination of SDMS product and a number of papers and articles.  Dr. Myers' opinion is disclosed in his expert report at ¶ 158.  The entirety of Dr. Myers' obviousness disclosure regarding this combination is:

## REDACTED

---

[2] Paragraph 32 of Dr. Myers' expert report states:

## REDACTED

5

# REDACTED

(Christiansen II Exh. A, p. 54.)[3]

Dr. Myers testified about the combination of the SDMS and papers and articles at his deposition in this case. As to what claim construction would apply to the obviousness inquiry regarding the SDMS + papers and articles combination, Dr. Myers testified:

> Q. Do you see the sentence that reads "To the extent that a claim construction similar to those I have identified as asserted or adopted under which any of the above identified systems do not meet each element of the asserted claims it is my opinion the asserted claims would have been obvious in view of the prior art systems and materials discussed in this report." Do you see that?
>
> A. Yes.
>
> Q. Can you explain to me what you mean, please, by claim construction similar to those I have identified?
>
> A. Well, there have been, you know, a variety of claim construction presented by both sides in this case. And they've differed, you know, in small and medium size ways. And it seems like that, you know, to the extent that claim construction, you know, is close to the claim construction that we've been using, that it would be obvious how to map the prior art on those claims. But, you know, if you have a particular claim construction in mind, I'd be happy to consider it.

---

(Christiansen II Exh. A, p. 8.)  The combination of SDMS + Gaze-Orchestrated Dynamic Windows system is not at issue in this motion.

[3] "Christiansen II Exh. __" refers to the corresponding Exhibit attached to the Declaration II Of Karen A. Christiansen In Support Of Ampex Corporation's Motion For Partial Summary Judgment That U.S. Patent No. 4,821,121 Is Not Invalid For Obviousness.

Q.  Have you considered any particular claim construction that you would consider close to the claim construction that have been articulated in this case?

A.  Not in this report.

Q.  Do you have any opinion on obviousness in light of such a claim construction similar to those identified beyond what you expressed here in paragraph 30?

A.  Not at this time.

(Christiansen II Exh. B, pp. 8-10.)

**B.  DLS + User Guide**
    **Paint Box + User Guide**

One of Kodak's three experts—Mr. Richard Taylor—has offered an opinion about the alleged obviousness of the '121 patent in light of the combination of Quantel's Paint Box User Guide (User Guide) and Quantel's Paint Box (Paint Box) product or Quantel's Digital Library System (DLS) product. Mr. Taylor's opinion is disclosed in his expert report at ¶ 182. The entirety of Mr. Taylor's obviousness disclosure regarding these two combinations is:


**REDACTED**


(Christiansen II Exh. C, p. 58.)

**C.  Response + DLS**
    **Chromacom + DLS**

One of Kodak's three experts—Dr. Dieter Preuss—has offered an opinion about the alleged obviousness of the '121 patent in light of the combination of Quantel's DLS

7

product and the Chromacom prepress system (Chromacom) or the Response prepress system (Response).  Dr. Preuss' opinion is disclosed in his expert report at ¶ 100.  The entirety of Dr. Preuss' obviousness disclosure regarding these two combinations is:

## REDACTED

(Christiansen II Exh. E, p. 34.)

  As to what claim construction would apply to the obviousness inquiry regarding the DLS + Response combination, Dr. Preuss testified:

> Q. Have you identified any particular alternative claim construction under which such a combination would render any of the asserted claims of the '121 patent obvious?
>
>   Kodak Counsel:  Objection.
>
> A. No.  Also I didn't have identified any particular claim construction.

(Christiansen II Exh. F, p. 34.)  As to identifying what features of the DLS + Response combination would be supplied by which piece of alleged prior art, Dr. Preuss testified:

> Q. Have you identified any particular features of the Quantel Digital Library System that would be combined with the Scitex Response-

300 system to render any of the asserted claims of the '121 patent obvious?

Kodak Counsel:  Objection.

A.     Again this would depend on which claim construction would be adopted, so I have not yet identified such features.

(Christiansen II Exh. F, p. 34.)

As to what claim construction would apply to the obviousness inquiry regarding the DLS + Chromacom combination, Dr. Preuss testified at his deposition in this case as follows:

Q.     Have you identified any particular alternative claim construction under which such a combination would render any of the asserted claims of the '121 patent obvious?

Kodak Counsel:  Objection.

A.     No, I also have not identified any particular claim construction.

(Christiansen II Exh. F, p. 30.)  As to identifying what features of the DLS + Chromacom combination would be supplied by which piece of alleged prior art, Dr. Preuss testified:

Q.     Have you identified any particular features of the Quantel Digital Library System that would be combined with the Hell Chromacom --

Kodak Counsel:  Objection.

Q.     -- Hell Chromacom system to render any of the asserted claims of the '121 patent obvious?

Kodak Counsel:  Objection.

A.     Also no particular feature I have identified.

(Christiansen II Exh. F, p. 30.)

9

**D.    Paint Box + Chromacom**
**Paint Box + Response**

Two of Kodak's three experts—Dr. Preuss and Mr. Taylor—have offered opinions about the alleged obviousness of the '121 patent in light of the combination of Paint Box and Chromacom or Response.

Mr. Taylor's opinion regarding the alleged obviousness of the '121 patent in light of the combination of Paint Box + Chromacom and Paint Box + Response is disclosed in his expert report at ¶ 92. The entirety of Mr. Taylor's obviousness disclosure regarding these two combinations is:

**REDACTED**

(Christiansen II Exh. C, p. 31.)

When asked about the Chromacom and Response systems at his deposition in this case, Mr. Taylor testified:

Q.    Well, for purposes of this lawsuit, are you relying solely on Dr. Preuss' report in connection with this paragraph or are you adding your knowledge own as well?

A.    No.  For purposes of this lawsuit, I'd have to rely on Dr. Preuss.
He's the expert.

(Christiansen II Exh. D, p. 85.)

Dr. Preuss' opinion is disclosed in his expert report at ¶ 100.  The entirety of Dr.

Preuss' obviousness disclosure regarding these two combinations is:

**REDACTED**

(Christiansen II Exh. E, p. 34.)

At his deposition in this case, Dr. Preuss testified concerning the alleged

obviousness of the '121 patent in light of the combination of Paint Box + Chromacom

and Paint Box + Response.

As to what claim construction would apply to the obviousness inquiry regarding

the PaintBox + Chromacom combination, Dr. Preuss testified:

Q.    Returning your attention to paragraph 28 on page six of your
expert report, do you see the clause that reads "to the extent that a
claim construction is asserted or adopted under which either of the
Chromacom or Response-300 do not meet each element of the
asserted claims"?

11

A.    Yes.

Q.    Have you identified any particular alternative claim construction
      under which a combination of the Chromacom and the Quantel
      Paintbox would render any of the asserted claims of the '121
      patent obvious?

      Kodak Counsel: Objection. Vague.

A.    No, I have not identified such a theoretical claim construction.

(Christiansen II Exh. F, p. 27.) As to identifying what features of the Paint Box +

Chromacom combination would be supplied by which piece of alleged prior art, Dr.

Preuss testified:

Q.    Have you identified any particular features of the Quantel Paintbox
      that would be combined with the Hell Chromacom system to
      render any of the asserted claims of the '121 patent obvious?

      Kodak Counsel: Objection.

A.    In this opinion I express that under the – or provided that a certain
      not yet really known claim construction combination is adopted, I
      understand the judge does this at some time later, and since I don't
      know that not yet which, under this provision, so I really cannot
      identify exactly which features would render, when they are
      combined in both systems, would render the claims obvious.

(Christiansen II Exh. F, p. 28.)

      As to what claim construction would apply to the obviousness inquiry regarding

the Paint Box + Response combination, Dr. Preuss testified:

Q.    Have you identified any particular alternative claim construction
      under which such a combination would render any of the asserted
      claims of the '121 patent obvious?

      Kodak Counsel: Objection.

12

A.    I have also not identified any particular claim construction.

(Christiansen II Exh. F, p. 32.)  As to identifying what features of the Paint Box +

Response combination would be supplied by which piece of alleged prior art, Dr. Preuss

testified:

> Q.    Have you identified any particular features of the Quantel Paintbox that would be combined with the Scitex Response-300 system to render any of the asserted claims of the '121 patent obvious?
>
> Kodak Counsel:  Objection.
>
> A.    To identify such features one would have to know about the claim construction that will perhaps be adopted, therefore I have not identified any such features yet.

(Christiansen II Exh. F, p. 33.)

## ARGUMENT

## I.    THE APPLICABLE LEGAL STANDARDS

### A.    Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.

R. Civ. P., Rule 56 (c); *see also Kegel Co.* v. *AMF Bowling, Inc.*, 127 F.3d 1420, 1425

(Fed. Cir. 1997).  Rule 56 "mandates the entry of summary judgment . . . against a party

who fails to make a showing sufficient to establish the existence of an element essential

to that party's case." *Celotex Corp.* v. *Catrett,* 477 U.S. 317, 322 (1986).

A dispute involving a material fact is not genuine if the evidence is such that a

reasonable jury could not return a verdict for the nonmoving party.  *See generally,*

*Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Mere denials or conclusory

statements do not create a genuine issue of fact.  *McElmurry* v. *Ark. Power & Light Co.*,

995 F.2d 1576, 1578 (Fed. Cir. 1993).  The nonmoving party bears the burden of

13

responding to a motion for summary judgment by "designat[ing] specific facts 'showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (*quoting* Fed. R. Civ. P. 56(e)).

**B.    The Law of Obviousness**

One of the conditions of patentability is that, at the time the invention was made, the invention would not have been obvious to one of ordinary skill in light of the prior art. 35 U.S.C. § 103(a) (2001). Because issued patents are presumed to be valid (35 U.S.C. § 282), to hold a patent invalid for failure to satisfy the non-obviousness condition, there must be clear-and-convincing evidence of obviousness. *Glaverbel Societe Anonyme* v. *Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1555 (Fed. Cir. 1995).

Nonobviousness is a legal question based on certain factual determinations. The legal question is whether, in light of all the relevant facts, the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious to one of ordinary skill in the relevant art at the moment just before the invention was made. *See generally Panduit Corp.* v. *Dennison Mfg., Co.,* 810 F.2d 1561, 1566-68 (Fed. Cir. 1987).

Following the Supreme Court in *Graham* v. *John Deere Co.*, 383 U.S. 1 (1966), courts have explained that the factual inquiries relating to nonobviousness include: (1) a determination of the scope and content of the prior art, (2) a determination of the differences between the prior art and the claims at issue, and (3) a determination of the level of ordinary skill in the pertinent art. *See, e.g., Glaverbel Societe Anonyme*, 45 F.3d at 1555. In addition, two additional factual inquiries are relevant: (4) a determination of which, if any, secondary considerations merit attention, and (5) a determination of whether there is a motivation, suggestion, or teaching to modify or combine prior art. *See*

14

*generally Ruiz* v. *A.B. Chance Co.*, 234 F.3d 654, 667-68 (Fed. Cir. 2000); *Winner Int'l*

*Royalty Corp.* v. *Wang*, 202 F.3d 1340, 1348-50 (Fed. Cir. 2000).

**C.    Summary Judgment:  Not Invalid For Obviousness**

Summary judgment that a patent is not invalid for alleged obviousness may be

granted. *See, e.g., Syngenta Seeds, Inc.* v. *Monsanto Co.*, Civ. No. 02-1331-SLR, 2004

U.S. Dist. LEXIS 24252 (D. Del. Nov. 19, 2004) (not sufficient evidence to create a

genuine issue of material fact as to obviousness) (copy at Christiansen II Exh. I).

**D.    Expert Opinions Regarding Alleged Obviousness
        May Be Excluded From Evidence**

Expert opinions regarding obviousness may be excluded from evidence. *See, e.g.,*

*Oxford Gene Tech. Ltd* v. *Mergen Ltd.*, 345 F. Supp. 2d 431 (D. Del. 2004).

In *Oxford*, this court excluded from evidence certain expert opinions about

alleged obviousness because (1) the expert "did not provide a clear construction of each

disputed claim element" and (2) the expert's report lacked "the required element-by-

element comparison to show that each and every limitation in the asserted claims . . . is

present in a combination of prior art references." *Id.* at 436-37.  This court found the

failure to disclose a clear construction of each disputed claim element made the expert's

report "less than helpful to the trier of fact" and contrary to Federal Rule of Evidence 702

and Federal Rule of Civil Procedure 26(a)(2)(B). *Id.* at 436.

**II.    FOR AT LEAST SEVEN OF ITS ALLEGEDLY INVALIDATING
         COMBINATIONS, KODAK HAS INSUFFICIENT PROOF
         TO CARRY ITS BURDEN AT TRIAL**

Ampex asked for Kodak's invalidity allegations during discovery. *See* Ampex

Interrogatories Nos. 34 and 57, which are reproduced in Kodak's responses.

(Christiansen II Exh. G, pp. 5 and 32.)

Kodak responded to these interrogatories with a list of art that allegedly satisfied each individual claim limitation. However, Kodak identified only *two* combinations that allegedly showed the '121 patent to be invalid for obviousness. *See* Kodak Supplemental Response to Interrogatory No. 57 (Christiansen II Exh. G, pp. 32-57) and Second Supplemental Response to Interrogatory No. 34 (Christiansen II Exh. H, pp. 10 and 19), respectively.[4]

Subsequently, Kodak presented Expert Reports from three people. In those expert reports, Kodak's experts opined about *fifteen* combinations that allegedly rendered the '121 patent obvious. Leaving aside for now the issue of whether Kodak should be allowed to rely at trial on the thirteen combinations that were not disclosed in Kodak's interrogatory responses[5], for at least seven of those fifteen combinations, Kodak's admissible evidence is inadequate to carry Kodak's burden of proving by clear-and-convincing evidence that the '121 patent is invalid for obviousness.

One of the jury's tasks when deciding the issue of obviousness is to determine the "differences between the prior art and the claims at issue." *Graham*, 383 U.S. at 17. To enable the jury to perform this task, the proponent of obviousness is *required* to present an element-by-element comparison of the asserted claims to each prior art reference. *See generally Oxford Gene Tech. Ltd.*, 345 F. Supp. 2d at 435.

---

[4] One of these combinations, Paint Box + User Guide, is the subject of this motion. The entirety of Kodak's contention concerning this combination is at pages 19-20 of its second supplemental interrogatory responses. (Christiansen II Exh. H.) Nowhere in that contention is an explanation of where each element of the asserted claims is found in the alleged invalidity combination.

[5] If necessary and appropriate, Ampex will move to exclude these opinions in pre-trial motions in limine.

As detailed in the Statement of Facts above, for at least the seven allegedly invalidating combinations at issue here, Kodak failed to make such a comparison. Without disclosing where each element of the asserted is found in an allegedly invalidating combination, Kodak's evidence on the issue of obviousness amounts to offering prior art to the jury and asking the jurors to combine that art in any way they want. See, for example, Kodak's allegations concerning the combination of the User Guide + Paint Box and the User Guide + DLS, which is one sentence:

## REDACTED

At the appropriate time, Ampex will move in limine to exclude such vague expert testimony under Federal Rule of Evidence 702 and Federal Rule of Civil procedure 26(a)(2)(B). However, even assuming for the purpose of this summary judgment motion that Kodak were allowed to have its expert opine so vaguely at trial, such evidence is inadequate to carry Kodak's burden of proof as a matter of both law and equity.

First, by presenting prior art to the jury without a contention concerning how the combination comes together to satisfy each element of the asserted claims, the jury is unnecessarily burdened. As the Federal Circuit has made clear, it is not the trier of fact's job to read the references and determine for itself whether they could invalidate a patent. *Biotec Biologische Naturverpackungen GmbH* v. *Biocorp, Inc.*, 249 F.3d 1341, 1353 (Fed. Cir. 2001). Thus, as a matter of law, Kodak's evidence is inadequate even taken in the best light.

Second, by presenting prior art to the jury without a contention concerning how the combination comes together to satisfy each element of the asserted claims, Ampex is

unfairly prejudiced because Ampex has no notice of the actual combination that allegedly invalidates Ampex's patent. See, for example, Kodak's expert's testimony concerning the DLS + Chromacom combination:

> Q.    Have you identified any particular features of the Quantel Digital Library System that would be combined with the Hell Chromacom --
>
> Kodak Counsel: Objection.
>
> Q.    -- Hell Chromacom system to render any of the asserted claims of the '121 patent obvious?
>
> Kodak Counsel: Objection.
>
> A.    Also no particular feature I have identified.

(Christiansen II Exh. F, p. 30.) Thus, as a matter of equity, Kodak's evidence is also inadequate.

## III.    AMPEX WAS ENTITLED TO KNOW KODAK'S COMPLETE INVALIDITY ALLEGATIONS BY THE CLOSE OF DISCOVERY

Claim construction is the "first step" in all invalidity analyses. *Oxford Gene Tech. Ltd.*, 345 F. Supp. 2d at 435. While the jury will have the benefit of the Court's claim construction when it is doing its job, Ampex was entitled to have Kodak's complete invalidity allegations by the close of discovery.

As detailed in the Statement of Facts above, for the seven allegedly invalidating combinations at issue in this motion, Kodak did not disclose a claim construction to apply when resolving the obviousness dispute. See, for example, Kodak's expert's testimony concerning the DLS + Response combination:

> Q.    Have you identified any particular alternative claim construction under which such a combination would render any of the asserted claims of the '121 patent obvious?
>
> Kodak Counsel: Objection.

A.     No. Also I didn't have identified any particular claim construction.

(Christiansen II Exh. F, p. 34.)

Without Kodak's proposed claim construction in the context of obviousness, the merits of Kodak's invalidity allegations cannot be understood, and cannot be challenged substantively.

Kodak should not be allowed to fix the flaws in its inadequate disclosures. First, discovery is closed. Second, Kodak knew how to set forth proper contentions in a timely fashion. See, for example, Kodak's obviousness contentions regarding the combination of Chromacom + a television camera, which included both a proposed construction to apply to each element *and* detailed claim charts. (Christiansen II Exh. E, pp. 13-23 and associated Exh. C.)

Kodak asserted that it reserved the right to revise its contentions. *See, e.g.,* Christiansen II Exh. H, p. 5. Such a unilateral reservation has no effect. *See, e.g., Rambus, Inc.* v. *Infineon Techs. AG*, 145 F. Supp. 2d 721, 728 (E.D. Va. 2001). Kodak's experts were aware of Ampex's proposed claim construction and should have presented alternative contentions. *Id.* at 732. For at least the seven allegedly invalidity combinations at issue here, Kodak failed to provide such an alternative contention. Kodak knew how to formulate such contentions because, when it suited Kodak, its experts offered obviousness contentions in the alternative (*i.e.*, if Ampex's construction were adopted by the Court). *See, e.g.,* Initial Expert Report of Dr. Myers at ¶¶ 145-46 regarding the SDMS + Gaze-Orchestrated Dynamic Windows combination.

(Christiansen II Exh. A, pp. 49-50.)

## CONCLUSION

Having chosen to present inadequate disclosures for the seven allegedly invalidating combinations at issue in this motion, Kodak must live with the effect of those choices.  Partial summary judgment is appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com

*Attorneys for Plaintiff Ampex Corporation*

OF COUNSEL:

Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC  20005
(202) 508-4600

May 23, 2006

20

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on May 31, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Paul M. Lukoff, Esquire
> David E. Brand, Esquire
> Prickett, Jones & Elliott, P.A.

and that I caused copies to be served upon the following in the manner indicated:

### BY E-MAIL and BY HAND

> Paul M. Lukoff, Esquire
> Prickett, Jones, Elliott, P.A.
> 1310 King Street
> Wilmington, DE 19899

### BY E-MAIL and BY FEDERAL EXPRESS

> Michael J. Summersgill, Esquire
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109

*/s/ Julia Heaney*
Julia Heaney (#3052)