# EXHIBIT 4

# REGULAR UTILITY

Form PTO-436
(Rev. 8/78)

| SERIAL NUMBER (series of 1978) | | PATENT DATE | | PATENT NUMBER |
|---|---|---|---|---|
| 4?5115 | | | | |

| SERIAL NUMBER | FILING DATE | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 06/455,115 | 01/03/83 | 340 | 707 | 236 264 | BRIGANC |

**APPLICANTS**
ZENJI HARADA, HYOGO, JAPAN; OSAMU TERAOKA, OSAKA, JAPAN; TSUNEO MIKADO,
TOKYO, JAPAN.

**CONTINUING DATA*********************
VERIFIED

**FOREIGN/PCT APPLICATIONS***********
VERIFIED

Japan    57-2531    11    January '82
  "      57-6971    20    January '82

| Foreign priority claimed ☑yes ☐no 35 USC 119 conditions met ☑yes ☐no Verified and Acknowledged ____Examiner's Initials | AS FILED → | STATE OR COUNTRY JPX | SHEETS DRWGS. 3 | TOTAL CLAIMS 5 | INDEP. CLAIMS 1 | FILING FEE RECEIVED $ 300.00 | ATTORNEY'S DOCKET NO. TS-25/E29? |
|---|---|---|---|---|---|---|---|

**ADDRESS**
NORMAN L. NORRIS
WOODCOCK, WASHBURN, KURTZ, MACKIEWICZ
& NORRIS, 1800 UNITED ENGINEERS BLDG.
30 SOUTH 17TH ST.
PHILADELPHIA, PA 19103

**TITLE**
PICTURE PROCESSING SYSTEM

U.S. DEPT. of COMM.-Pat. & TM Office — PTO-436L (rev. 10-7?)

AX203767

| PARTS OF APPLICATION FILED SEPARATELY | | | | PREPARED FOR ISSUE | |
|---|---|---|---|---|---|
| | | | | (Assistant Examiner) | (Docket Clerk) |
| | | | | EXAMINED AND PASSED FOR ISSUE | |
| AT ALLOWANCE | | | | | |
| SHEETS DRWGS. | FIGURES DRWGS. | CLAIMS | CLASS | SUBCLASS | |
| | | | | | (Primary Examiner)      (Art Unit) |
| | | | | | Estimate of printed pages      Issue fee due (est.) |
| | | | | | Drawing(s)      Sheet(s) |
| | | | | | Notice of allowance and issue fee due (est.) |
| | | | | | Date mailed           Date paid |
| RETENTION LABEL | | | | | |

EXHIBIT NO.
3
Hanbc 2/2/06
(WITNESS)   (DATE)
JANIS JENNINGS, CSR 3942

24L04-008/
126
7-23-47-1.1
CCC 4

455115

Entered

# CONTENTS

1. Applications        papers
2. fee Auth fee Letter Apr 3, 1983
3. Priority Papers     Aug 22, 1983
4. Reject (3 mo)       Jan 23, 1985
5. Amendt Q x Reg Ext _____
6. Priority Papers _____
7. Rej amd.            Nov 13, 1985
8. Rej Eafu            May 12, 1986
9. Notice J Aband      June 19, 1986
10. Ltr Transfer Drugs  May 12, 1986
11. Request for access  9-13-01
12. Request for access  3-21-05
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.
29.
30.
31.
32.

RECEIVED
MAR 1 1983
GROUP 230

AX203768

★ U.S. GOVERNMENT PRINTING OFFICE: 1980-322-922

JAN 3 1983

455115

Case Doc : No.  TS-25/P2919

THE COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Sir:

Transmitted herewith for filing is the patent application of

Inventor:      Harada, Teraoka and Mikado

For:           PICTURE PROCESSING SYSTEM

Enclosed are:

[X] Three___ sheets of drawing.  (Formal)

[X] An assignment of the invention to NIPPON TELEVISION INDUSTRY CORP.,
    and KANSAI TELECASTING CORPORATION; 1-26-2-302, Nishigotanda,
    Shinagawa-ku, Tokyo, Japan; and 5-17, Nishitenma 6-chome, Kita-ku,
    Osaka, Japan

[ ] A certified copy of a _____ application.

[X] An associate power of attorney.

[ ] A verified statement to establish small entity status under 37 CFR 1.9
    and 37 CFR 1.27.

[X] Specification, inc. claims & abstract (pp. 1-12) and Declaration
    and Power of Attorney

The filing fee has been calculated as shown below:

| FOR: | (Col. 1) NO. FILED | (Col. 2) NO. EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN A SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | $150 | OR | | $300 |
| TOTAL CLAIMS | 5 -20= | * 0 | x5= | $ | OR | x10= | $ 0 |
| INDEP. CLAIMS | 1 -3= | * 0 | x15= | $ | OR | x30= | $ 0 |
| [ ] MULTIPLE DEPENDENT CLAIM PRESENTED | | | +50= | $ | OR | +100= | $ 0 |
| | | | TOTAL | $ | OR | TOTAL | $ 300 |

* If the difference in Col. 1 is less than zero, enter "0" in Col. 2

[ ] Please charge my Deposit Account No. _____ in the amount of
    $_____.  A duplicate copy of this sheet is enclosed.

[X] A check in the amount of $ 300.00 to cover the filing fee is enclosed.

[X] The Commissioner is hereby authorized to charge payment of the following
    fees associated with this communication or credit any overpayment to
    Deposit Account No.  23-3050 .  A duplicate copy of this sheet is
    enclosed.  (for Assignment)

    [X] Any additional filing fees required under 37 CFR 1.16.

    [X] Any patent application processing fees under 37 CFR 1.17.

[X] The Commissioner is hereby authorized to charge payment of the following
    fees during the pendency of this application or credit any overpayment to
    Deposit Account No.  23-3050 .  A duplicate copy of this sheet is
    enclosed.

    [X] Any patent application processing fees under 37 CFR 1.17.

    [ ] The issue fee set in 37 CFR 1.18 at or before mailing of the
        Notice of Allowance, pursuant to 37 CFR 1.311(b).

    [X] Any filing fees under 37 CFR 1.16 for presentation of extra
        claims.

AX203769

12/29/82
(Date)

(Attorney of Record)
Norman L. Norris, Reg. #24,196



$8\ 300.00 - 101 - A$

4551 5

Title:  PICTURE PROCESSING SYSTEM

Inventors:  Zenji Harada, Osamu Teraoka and
Tsuneo Mikado

AX203770

01/07/83 455115        2 101.     300.00 CK

## BACKGROUND OF THE INVENTION
### Field of the Invention

This invention relates to a picture processing apparatus for selecting a desired picture from a plurality of still pictures formed on a monitor screen by means of selecting means and rearranging them in a desired order.

### Description of the prior art

A picture display system for reproducing digital information representative of a plurality of still pictures (about 100 fields, for example) recorded in a disk type recording medium and displaying it on a monitor has been well known as prior arts. Such a system as this is generally used, in a TV station for example, for a programming apparatus of a picture on-air control system by which programs in a predetermined order arranged in advance are automatically progressed by use of a plurality of VTRs. In this programming apparatus picture or character information representative of the contents of each program such as news program or commercial program is recorded in a floppy disk and the like in the form of one still picture information. This information is rearranged in the desired order while reading it out at the time of making the program. The picture on-air control system is controlled with the rearranged information.

In this type of programming apparatus it generally takes approximately 0.4 sec to reproduce the still picture of one field, and a time interval of 1.6 sec is required for the case of color picture consisting of four fields in

- 1 -

**AX203771**

one unit of color frame.  Thus, an extremely large amount
of time is required to find out the desired pictures.  Alternatively,
a method of selecting the desired picture information through
an index in the form of a document is conceivable, but it
is impossible to express the contents of the picture completely
by use of the document and it also takes a lot of time to
fabricate such index as mentioned above.

A picture display system was proposed by same assignee
of this invention in US patent application under serial No.437,317,
in which the problems mentioned above are settled.  In the
picture display system, a plurality of still pictures recorded
in a recording member.  The recording member has index tracks
for storing a series of information representative of a plurality
of squeezed still pictures corresponding to the original
still pictures, and an index screen is formed on which a
group of squeezed still pictures is displayed in multiple
segmented areas prepared on the screen with accompanied
by reference numerals.

By using this type of index screen, program arrangement
tasks can drastically be simplified.  In short, the contents
of the plurality of still pictures can be observed at a glance
by looking into the index screen without requiring to reproduce
and display them one by one.  In addition, a program advancing
schedule can be completed by selecting the pictures on the
index screen in the desired order.

Besides it will be possible to know the schedule
of programs through the index screen.  In short, the scheduled
programs can be displayed on the index screen with an arrangement
of squeezed picture elements.  The programmed index screen
can be formed by selecting the squeezed pictures in order

- 2 -

**AX203772**

of program, storing the selected picture information in a
picture memory one after another and then reading out the
programmed information.  In this case, alteration or rearrangement
of program requires replacement or insertion of the squeezed
pictures on the index screen indicating an arrangement in
accordance with a certain schedule.

Generally, the selection, replacement and insertion
of the squeezed pictures on the index screen are achieved
through a key input unit including ten keys for data input
and function keys such as "Insert" key, "Change" key or "Execution"
key for operation command.

The key input operation is very troublesome when
the alteration or rearrangement of program is requested during
on-air of the program.  And the key input operation is apt
to cause errors, resulting in on-air accidents.

## SUMMARY OF THE INVENTION

It is therefore a primary object of the present
invention to settle such drawbacks as mentioned above, that
is, to accomplish quick selection of the desired pictures
from a plurality of squeezed still pictures on the index
screen.

Another object of the present invention is to accomplish
simple and accurate insertion of the selected pictures into
the desired positions between the still pictures arranged
on the index screen.

**AX203773**

## BRIEF DESCRIPTION OF THE DRAWINGS

For a better understanding of the present invention, its construction and mode of operation, reference is made to the following description of preferred embodiments and the appended drawings in which:

Fig. 1 shows a block diagram of a picture processing apparatus in accordance with the present invention;

Fig. 2 shows a front view of an index screen used for explaining quick selection of the desired pictures;

Figs. 3 and 4 show views similar to Fig. 2 and used for explaining simple and accurate insertion of the desired pictures; and

Fig. 5 shows a plane view of a X-Y coordinate input device to be mounted on a screen.

## DESCRIPTION OF THE PREFERRED EMBODIMENT

Referring now to Fig. 1 wherein a block diagram of the picture processing apparatus in accordance with the present invention is illustrated, an input video signal $\underline{a}$ is converted into a series of digital signals, and the still picture information of one color frame is written into a picture memory 2. The outputs read out of the memory 2 are supplied to a disk type recording/reproducing apparatus 3 and then recorded therein. By repeating this recording operation, picture information corresponding to a plurality of still pictures can be recorded to the disk. The speed for reading the picture memory 2 is modified so as to match the speed of rotation of the disk.

- 4 -

**AX203774**

The outputs of the picture memory 2 are also provided
to a "squeezer" 4. The squeezer 4 has a specific function
to reduce or squeeze the picture size to one-fourth the original
and is so constructed that three scanning lines are thinned
out of four scanning lines and three sampling points on the
scanning line are thinned out of four sampling points at
the time of analog/digital conversion, for example. The
outputs of the squeezer 4 are fed to the disk type recording/re-
producing apparatus 3 and recorded in a predetermined part,
that is, tracks assigned for index recording.

In reproduction operation, the outputs reproduced
from the index track in the disk type recording/reproducing
apparatus 3 are first supplied to an index memory 5, and
recorded therein as information for one index screen. The
outputs of the index memory 5 are then delivered to a D/A
converter 7 through a changeover device 6 and converted therein
to analog picture signals. The outputs of the D/A converter
7 are applied to a monitor television (TV) and then displayed
on a screen thereof.

As clearly indicated in Fig. 2, the screen 12 of
the monitor TV is divided into a plurality of segments (in
this example, 16 segments) and each of the squeezed still
pictures is displayed on each of the segments (1 to 16). To
the respective segments, the reference numerals 1 to 16 are
assigned by superimposing them on the pictures, or by noting
down them on a transparent plate located in front of the
screen. In this example, the screen 12 including a group
of squeezed still pictures and reference numerals will be
used as an index screen.

Like these, the required information can be selected

- 5 -

**AX203775**

by looking into the index screen 12 of Fig. 2. The selected
still picture information will be reproduced by giving instructions
representative of the index reference numerals to the disk
type recording/reproducing apparatus 3, which can access
in a random manner to any one of required track. The reproduced
signals will be recorded in the picture memory 8. As previously
described, the outputs of the picture memory 8 will be fed
to the monitor TV via the changeover device 6 and the D/A
converter 7, and displayed on the screen 9, thereof as a selected
still picture.

In this paragraph, the selection of the desired
still pictures by utilization of the index screen 12 illustrated
in Fig. 2 will be concretely explained. The index reference
data representing a respective squeezed picture can be detected
by means of a light pen 10. The information corresponding
to the desired index number is detected through a detecting
circuit 9 directing the light pen 10 onto one of squeezed
still pictures to be selected.

The output of the detecting circuit 9 is provided
to the disk type recording/reproducing apparatus 3. A selected
still picture information is reproduced therefrom, and then
recorded in the picture memory 8. The outputs of the picture
memory 8 are provided to the monitor TV through the changeover
device 6 and the D/A converter 7 and displayed on the screen
thereof as a selected still picture pattern.

Next, the selection, replacement and insertion
operation for squeezed index pictures in the case where a
second index screen 14 shown in Fig. 3 is utilized instead
of the first index screen 12 will be explained. As clearly
indicated in Fig. 3, the second index screen 14 is provided

- 6 -

AX203776

with intermediate regions 13 between the respective segments.
The intermediate regions 13 can be represented by gate signals
produced on the basis of horizontal and vertical sync signals
and detected depending on the gate signals at a time when
the intermediate regions 13 are designated by means of the
light pen 10.

In making a desired schedule of TV programs, the
operator reads out index pictures from the apparatus 3 just
as mentioned before and then selects the pictures displayed
on the index screen 14 in the desired order by means of the
light pen 10 to obtain a series of picture selection information.
The output of the index number detecting circuit 9 is fed
to a memory replacement control circuit 11 in response to
the key input signals selected on a keyboard (not shown).
The squeezed picture information selected through this step
are transferred to the picture memory 8 in the selected order.
At the same time, the index reference numbers corresponding
to the selected pictures are stored in a schedule memory
portion of the index memory 5 in the designated order.

When a series of schedules have been completed,
the contents of the picture memory 8 are transferred back
to the index memory 5 through the manipulation of an "End"
key on the keyboard. The contents of the index memory are
displayed on the monitor screen through the changeover device
6 and the D/A converter 7 and the scheduled program sequence
1, 2, 3 ...... can be observed on the so called multi-screen
14 shown in Fig. 3.

The sequence of the programs is replaceable by
instructing the pictures on the multi-screen by means of
the light pen. For example, when the sequence of programs

- 7 -

**AX203777**

represented by the squeezed pictures 6, 7 is to be replaced,
the operator designates the screen segments 6 and 7 by means
of the light pen 10 and manipulates a "Change" key on the
keyboard.  As the result, the memory replacement control
circuit 11 is operated so that the squeezed picture information
corresponding to regions 6, 7 in the index memory 5 is mutually
replaced, and at the same time, the index reference numerals
written in the schedule memory portion within the index memory
5 are mutually replaced.

Next, the operation for inserting another program
into between the already-scheduled programs will be explained
in detail in connection with ordinal methods.

As one typical method, it is assumed that the squeezed
picture 5 is to be inserted between the squeezed pictures
1 and 2, for example.  The operator first designates the
picture 1 and then the picture 5 by use of the light pen
10, and thereafter manipulates an "Insert" key on the keyboard.  The memory replacement control circuit 11 is thereby
operated just as similar to the above-mentioned replacement
operation.  As the result, the picture 5 is inserted between
the pictures 1 and 2, and the pictures 2, 3 and 4 are shifted
by one segment in order, respectively.  This insertion process,
however, is liable to lead to error, because when the operator
wishes to insert the picture 5 before the picture 2, he may
erroneously designates the pictures 2 and 5 in this order
by use of the light pen 10 and thereafter manipulates the
"Insert" key, without operating the correct processes, 1 → 5 →
"Insert" key.  This operation results in the mistaken
rearrangement; 1, 2, 5, 3 and 4.

To prevent such erroneous operation as this, in

- 8 -

AX203778

this embodiment, the intermediate region 13 is provided between the respective segments on the index screen, as indicated by the hatched region in Fig. 3. As described previously, this intermediate region 13 can be represented by the gate signals produced based on the horizontal and vertical sync signals, and it can be detected on the basis of the gate signal obtained when the operator designates the intermediate region 13 by use of the light pen 10.

Now it is assumed that the picture 5 is to be inserted into between the pictures 1 and 2 by utilization of the intermediate region 13. In this case, the operator first designates the picture 5 and then the intermediate region 13 located between the pictures 1 and 2, and thereafter manipulates the "Insert" key on the keyboard. The respective outputs, the index number detecting circuit 9 and the "Insert" key are thereby fed to the memory replacement control circuit 11, and the insert operation for the squeezed pictures and the reference numerals is carried out. As the result, such a rearranged program as shown on the monitor screen 14 in Fig. 4 is obtained. As clearly understood from the foregoing, the aforesaid insertion process is extremely simple and any erroneous operation can be avoided.

An X-Y coordinate input device may be used as well instead of the light pen 10. This input device may be a conventional one which is formed by arranging transparent electro-conductive films and the like in the form of a key switch train 17 in a form of matrix as indicated in Fig. 5. The necessary pictures can be selected by disposing the transparent input device over the monitor screen so as to touch it directly, and manipulating some of the coordinate keys

- 9 -

AX203779

corresponding to the squeezed index pictures on the monitor screen.

In addition, if a key switch train 15 corresponding to the intermediate region 13 of Fig. 3 is arranged between the key switch trains 17 located on the respective picture segments as shown in Fig. 5, they can be used at the time of insertion operation. Since the insertion operation is just similar to the case of the light pen, the operator first selects the pictures to be inserted by use of the key switch train 17, and then manipulates the key switch train 15 showing the position for insertion.

As clearly understood from the foregoing, the picture processing apparatus of this invention is so constructed that the squeezed still pictures can be displayed on one screen divided into a plurality of segmented areas, and each segment and the intermediate region between the segments can be selected on the screen. Rearrangement operation of the multiple segmented screen, such as insertion operation, can be easily achieved without errors, by designating one of segments and one of intermediate regions.

This invention having been described in its preferred embodiments, it is clear that numerous modification and changes may be made by those skilled in the art without departing from the broader scope and spirit of the invention.

- 10 -

AX203780

WHAT IS CLAIMED IS:

1. A picture processing system comprising a recording
member in which a plurality of still picture informations
is recorded and a monitoring means for reproducing one of
said still picture information and displaying the still picture
on a screen, said recording member having an index recording
portion in which a series of picture information representative
of a plurality of squeezed still pictures each corresponding
to each of said original still pictures is recorded, and
said monitoring means comprising memory means for storing
reproduced squeezed will picture information, a group of
said squeezed still pictures being displayed on the basis
of the output of said memory means in multiple segmented
areas formed on said screen as an index picture information;
selecting means for designating one of said multiple segmented
areas on said screen to select one of said squeezed still
pictures; and memory control means for rearranging the contents
of said memory on the basis of the output of said selecting
means to rearrange said index picture information.

2. A picture processing system according to claim
1, wherein said selecting means comprises a light pen and
a detecting circuit for detecting the position of said segmented
areas designated by said light pen on the basis of horizontal
and vertical sync signals for said screen.

3. A picture processing system according to claim
1, wherein said selecting means comprises a transparent key
board unit provided on said screen, said key board unit

- 11 -                              AX203781

44444444

PICTURE PROCESSING SYSTEM

ABSTRACT OF THE DISCLOSURE

A picture processing system for displaying a plurality of still pictures recorded in a recording member. The recording member has index tracks for storing a series of information representative of a plurality of ~~squeezed~~ *squeezed* still pictures corresponding to the original still pictures. A group of ~~squeezed~~ *squeezed* still pictures is ~~desplayed~~ *displayed* in multiple segmented areas formed on ~~a~~ *an* index screen with accompanied by reference numerals. A light pen and a sensing circuit is provided for rearranging the index screen. The light pen detects the position of said segmented areas and intermediate regions respectively provided between two adjacent areas for processing the rearrangement.

AX203783

COMBINED DECLARATION AND POWER OF ATTORNEY          ATTORNEY DOCKET NO.
IN ORIGINAL APPLICATION

As a below named inventor, I hereby declare that:
my residence, post office address and citizenship are as stated below next to my name; that
I verily believe that I am the original, first and sole inventor (if only one name is listed below) or a joint in-
ventor (if plural inventors are named below) of the invention entitled:   PICTURE PROCESSING

  SYSTEM

described and claimed in the attached specification, that I understand the content of the attached specification, that
I do not know and do not believe the same was ever known or used in the United States of America before my or
our invention thereof, or patented or described in any printed publication in any country before my or our invention
thereof or more than one year prior to this application, that the same was not in public use or on sale in the United
States of America more than one year prior to this application, that the invention has not been patented or made the
subject of an inventor's certificate issued before the date of this application in any country foreign to the United
States of America on an application filed by me or my legal representative or assigns more than twelve months prior
to this application, that I acknowledge my duty to disclose information of which I am aware which is material to the
examination of this application, and that no application for patent or inventor's certificate on this invention has
been filed in any country foreign to the United States of America prior to this application by me or my legal repre-
sentatives or assigns, except as follows:   Japanese Patent Application No.2531/1982, filed on

January 11, 1982; and Japanese Patent Application No.6971/1982, filed on January 20,          1982
    I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and to transact all
business in the Patent and Trademark Office connected therewith:   Norman L. Norris, Esq.

                                                    Registration No.   24,196
of the firm of WOODCOCK WASHBURN KURTZ MACKIEWICZ & NORRIS, 1800 United Engineers Building, 90 South
17th Street, Philadelphia, Pa. 19103.


Address all telephone calls to   Norman L. Norris    telephone no.   (215) 568-3100
                                        Norman L. Norris
    Address all correspondence to   WOODCOCK WASHBURN KURTZ MACKIEWICZ & NORRIS
    I hereby declare that all statements made herein of my own knowledge are true and that all statements made
on information and belief are believed to be true; and further that these statements were made with the knowledge
that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section
1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the
application or any patent issued thereon.

| FULL NAME OF SOLE OR FIRST INVENTOR | INVENTOR'S SIGNATURE | DATE |
|---|---|---|
| Zenji Harada | Zenji Harada | December 6, 1982 |
| RESIDENCE | | CITIZENSHIP |
| Hyogo-ken, Japan | | |
| POST OFFICE ADDRESS | | |
| 1-25-2, Uguisudai, Kawanishi-shi, Hyogo-ken, Japan | | |
| FULL NAME OF SECOND JOINT INVENTOR, IF ANY | INVENTOR'S SIGNATURE | DATE |
| Osamu Teraoka | Osamu Teraoka | December 6, 1982 |
| RESIDENCE | | CITIZENSHIP |
| Osaka, Japan | | |
| POST OFFICE ADDRESS | | |
| 13-7, Akasakadai 5-chome, Sakai-shi, Osaka, Japan | | |
| FULL NAME OF THIRD JOINT INVENTOR, IF ANY | INVENTOR'S SIGNATURE | DATE |
| Tsuneo Mikado | Mikado | December 6, 1982 |
| RESIDENCE | | CITIZENSHIP |
| Tokyo, Japan | | |
| POST OFFICE ADDRESS | | |
| 4-1-5-307, Shimomeguro , Meguro-ku, Tokyo, Japan | | |

**AX203784**



455115

Fi    TS-25/P2919

IN THE UNITED STATES PATENT & TRADEMARK OFFICE

In re application of   Zenji Harada, Osamu Teraoka and
                       Tsuneo Mikado

For:                   PICTURE PROCESSING SYSTEM

ASSOCIATE POWER OF ATTORNEY

Hon. Commissioner of Patents & Trademarks
Washington, D.C.  20231

Dear Sir:

        The undersigned, Norman L. Norris, Registration No.

24,196, of the firm of Woodcock Washburn Kurtz Mackiewicz &

Norris, 1800 United Engineers Building, 30 South 17th Street,

Philadelphia, Pennsylvania  19103, attorney for applicant(s)

hereby appoints the following:

        ROBERT B. WASHBURN          Registration No. 16,574
        RICHARD E. KURTZ           Registration No. 19,263
        JOHN J. MACKIEWICZ         Registration No. 19,709
        ALBERT W. PRESTON, JR.     Registration No. 25,366
        DALE M. HEIST              Registration No. 28,425
        JOHN W. CALDWELL           Registration No. 28,937
        MICHAEL M. DE ANGELI       Registration No. 27,869
        PHILIP S. JOHNSON          Registration No. 27,200
        ROSEMARY M. MIANO          Registration No. 29,674
        JOHN JAMIESON, JR.         Registration No. 29,546

his associates with full power to prosecute the above-identified

application, to transact all business in the Patent Office

connected therewith and requests that correspondence continue

to be directed to the firm of Woodcock Washburn Kurtz Mackiewicz

& Norris at the above address.

                                    Norman L. Norris
                                    Registration No. 24,196
                                    Attorney for Applicant(s)

Dated  12/29/82

**AX203785**



TS-25/F-2919

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

HARADA, TERAOKA & MIKADO

Serial No.: 455,115                    Group Art Unit: 234

Filed: January 3, 1983                 Examiner:

For:  PICTURE PROCESSING SYSTEM

Hon. Commissioner of Patents
          and Trademarks
Washington, D.C.        20231

<u>CLAIM FOR PRIORITY</u>

        Applicants hereby claim priority based on Japanese Patent

Application No. 57-6971, filed January 20, 1982 and Japanese

Patent Application No. 57-2531, filed January 11, 1982, referred

to in the Japanese Language Declaration for Original Application,

and a certified copy of which is attached hereto.

        Please enter these claims for priority in the file of

this application with the certified copies of the Japanese appli-

cations upon which they are based.

                                    Respectfully submitted,


                                    Norman L. Norris
                                    Registration No. 24,196

Date: 8/19/83

NLN:dt

WOODCOCK WASHBURN KURTZ
   MACKIEWICZ & NORRIS
1800 United Engineers Building
30 South 17th Street
Philadelphia, PA  19103

(215) 568-3100


**AX203786**



(TRANSLATION)
PATENT OFFICE
JAPANESE GOVERNMENT

This is to certify that the annexed is a true copy of the
following application as filed with this Office.

Date of Application          :  January 11, 1982

Application Number           :  Patent Application No. 2531/1982

Applicant                    :  KANSAI TELECASTING CORPORATION
                                NIPPON TELEVISION INDUSTRY CORPORATION

June 3, 1983

Director-General, Kazuo Wakasugi
Patent Office

    (Director-General, Patent Office)

Certified No. 15084/1983

AX203787

(¥6,300.-)

PATENT APPLICATION

January 11, 1982

To Director-General of Patent Office, Haruki Shimada

1. Title of the Invention:  A Picture Generating System

2. Inventor(s)           :  2-25-2, Uguisudai, Kawanishi-shi,
                            Hyogo-ken

                            Zenji Harada (two others)

3. Applicant(s)          :  5-17 Nishitenma 6-chome, Kita-ku,
                            Osaka-shi, Osaka
                            KANSAI TELECASTING CORPORATION

                            Representative:  Okikazu Yamaguchi
                                                  (one other)

4. Agent(s)              :  Eiwa Building, 9-18 Nishishinjuku
                            1-chome, Shinjuku-ku, Tokyo
                            Phone:  TOKYO (03) 348-0222
                                                  (KEY NUMBER)

                            (8731)  Attorney:  Yoshio Tsunekane

5. List of Attached Documents:

        (1)  Specification                         1

        (2)  Drawings                              1

        (3)  Copy of petition                      1

        (4)  Power of Attorney                     2

        (5)  Written Request for Examination       1

6. Other Inventor(s), Applicant(s) :

        (1)  Inventor(s):  13-7 Akasakadai 5-chome, Sakai-shi,
                           Osaka

                           Osamu Teraoka

                           4-1-5-307, Shimomeguro, Meguro-ku,
                           Tokyo

                           Tsuneo Mikado

        (2)  Applicant(s):  1-26-2-302, Nishigotanda,
                            Shinagawa-ku, Tokyo
                            NIPPON TELEVISION INDUSTRY
                            CORPORATION

                            Representative:  Tsuneo Mikado

**AX203788**



本　国　特　許　庁
PATENT OFFICE
JAPANESE GOVERNMENT

添付の書類は下記の出願書類の謄本に相違ないことを証明する。
...da to certify that the annexed is a true copy of the following application as filed
...s Office.

年　月　日
...f Application;　　１９８２年１月１１日

番　号
...tion Number：　昭和５７年特許願第２５３１号

個　　　人
...(s)：　　関西テレビ放送株式会社
　　　　　日本テレビジョン工業株式会社

**AX203789**



特許庁長官
Director-General,
Patent Office

出証昭　　５８－１５０８４

# 特　許　願

（¥6,400円）
（6,300円）

昭和57年 1 月 11日

特許庁長官　島田春樹殿

1.　発明の名称　　画像出力装置

2.　発　明　者
　　　住　所　兵庫県川西市鴬台2－25－2
　　　氏　名　原田　善治　（他2名）

3.　特許出願人
　　　住　所　大阪府大阪市北区西天満6丁目5番17号
　　　氏　名（名称）関西テレビ放送株式会社
　　　代表者　山　口　興　一
　　　　　　　　　　　　（他1名）

　　　（国籍）

4.　代　理　人　〒160
　　　住　所　東京都新宿区西新宿1の9の18永和ビル
　　　電話　東京（03）348－0222（代表）
　　　氏　名　（8731）弁理士　常包　芳男

5.　添付書類の目録
　　　(1) 明細書　1通　　　　　　　(2) 図　面　1通
　　　(3) 願書副本　1通　　　　　　(4) 委任状　2通
　　　(5) 出願審査請求書　1通

AX203790

6.　前記以外の発明者及び特許出願人

(1)　発明者

大阪府堺市赤坂台5丁目13－7

寺　岡　　治

東京都目黒区下目黒4の1の5の307

三　門　恒　夫

(2)　特許出願人

東京都品川区西五反田1の26の2の302

日本テレビジョン工業株式会社

代表者　三　門　恒　夫

**AX203791**

(2)

　　　　　　　明　　　細　　　書

1.　発明の名称

　画像出力装置

2.　特許請求の範囲

　　複数の静止画像が記録された記録媒体を備える
画像出力装置において、上記複数の静止画像の夫
夫が縮少された状態で1画面を複数に細分化した
各領域においてインデックスと表示されるために、
縮少静止画情報が上記記録媒体に記録されている
と共に、上記インデックスが表示された画面の各
領域を画面上において選択し得る選択手段が設け
られ、この選択手段の出力に基いて所要の静止画
像を上記記録媒体から再生するようにした画像出
力装置。

3.　発明の詳細な説明

　　本発明は、複数の静止画像を記録した記録媒体
を用いて画像情報を出力するようにした画像出力
装置に関する。

　　従来より、ディスク状記録媒体に複数枚（例え
ば100枚程度）の静止画像をデイジタル情報で

T
a k

(1)

AX203792

記録しておき、これらを再生してモニターに表示
させる装置が知られている。このような画像出力
装置では、1フィールド分の静止画像を再生する
のに約0.4秒かかり、4フィールドを一単位とす
るカラー画像の場合1.6秒かかる。従つて、必要
な絵を捜し出すのに極めて多大な時間を必要とす
る。文書によるインデツクスを付けて必要な画像
情報を選択することとも考えられるが、文書で絵の
内容を完全に表現することができず、またインデ
ツクス製作に多くの時間を必要とする。

　本発明は上述の問題を解消するものであつて、
複数の静止画像の夫々が縮少された状態で1画面
を複数に細分化した各領域においてインデツクス
と表示されるために、縮少静止画情報を対応する
静止画情報と共に記録媒体に記録すると共に、上
記インデツクスが表示された画面の各領域画面上
において選択し得る選択手段（ライトペンや透明
なX－Y座標入力キー等）を設け、この選択手段
の出力に基いて所要の静止画像を上記記録媒体か
ら再生するようにしたものである。このように縮

AX203793

成することにより、複数の画像の内容を一目瞭然
に見ることができ、しかも画面上において必要な
情報を迅速に選択できるようにしている。

　以下本発明の実施例を図面を参照して説明する。

　第1図は本発明による画像表示装置のブロック
図である。

　入力の映像信号はA／D変換器(1)によつてデ
ィジタル信号に変換され、1枚分の静止画情報が
画像メモリー(2)に書込まれる。メモリー(2)の読出
し出力は、ディスク記録再生機(3)に供給され、記
録される。この記録動作を繰り返すことにより、
複数枚の静止画像情報がディスクに記録される。
なお画像メモリー(2)の読出し速度はディスクの回
転速度に合うように変更されている。

　画像メモリー(2)の出力は、縮少装置(4)にも与え
られる。この縮少装置(4)は、画像を1／4に縮少
する機能を有し、例えば走査線の4本中の3本を
間引き且つ走査線上のA／D変換時のサンプリン
グ点の4個中の3個を間引くように構成されてい
る。縮少装置(4)の出力はディスク記録再生機(3)に

(3)

AX203794

送られ、その所定部分、すなわちインデックス記録のための領域に記録される。

　再生時には、まずデイスク記録再生機(3)のインデックス記録領域の再生出力がインデックスメモリー(5)に送られ、1枚のインデックス画面情報が記憶される。インデックスメモリー(5)の出力は切換器(6)を介してＤ／Ａ変換器(7)に送られ、ここでアナログ映像信号に変換されてからモニターＴＶに送られる。

　この結果、モニターＴＶの画面(9)には、第2図の画面正面図に示すように複数（例えば１６）に分割された各インデックス領域（１～１６）に縮少された静止画が表示される。また各インデックス領域は、参照番号（１～１６）が映像に重畳して、または画面上の透明板に書かれて表示される。

　このようにして第2図のインデックス画面(9)を見ることによつて必要な情報の選択を行うことができる。必要な静止画像情報は、デイスク記録再生機(3)にインデックス参照番号を指示することに、より再生され、画像メモリー(8)に記憶される。

(4)

**AX203795**

　インデックス参照番号はライトペンでもつて自
動検出することができる。すなわち、第２図のよ
うにライトペン(10)を目標の縮少画像面に当てがう
ことにより、対応するインデックス番号の情報が、
第１図のインデックス参照番号検出回路(11)におい
て検出される。インデックス参照番号検出回路(11)
では、~~検出されたインデックス参照番号検出回路~~
~~(11)では~~、検出されたインデックス参照番号（１～
１６）と、インデックスメモリー(5)から得られる
複数枚のインデックス画面に対応した画面記号Ａ
～Ｇとが組み合わされ、例えば１６×７個の画像
選択情報ｓが形成される。

　この画像選択情報ｓはデイスク記録再生機(3)に
与えられ、必要な静止画情報が再生されて画像メ
モリーに記憶される。画像メモリー(8)の出力は切
換器(6)及びＤ／Ａ変換器(7)を介してモニターＴ.Ｖ
に与えられ、選択された静止画像が表示される。
　なおライトペン(10)の外にＸ－Ｙ座標入力装置を
用いることができる。この入力装置は、透明な導
電性フイルム等を用いて第２図のようなマトリツ

**AX203796**

クス状のキースイッチ列を形成した周知のもので
あつてよい。この座標入力装置をモニター画面に
前面に密着して配置し、モニター画面上の縮少イ
ンデックス画像に対応した座標キーを操作するこ
とにより、必要な画像を選択することができる。

　本発明は上述の如く、複数枚の静止画像を縮少
したものを同時に記録しておき、複数に分割され
た1枚のインデックス画面に表示するようにした
から、静止画像を一々再生して表示させなくても、
複数の画像内容をインデックス画面によつて同時
に知ることができ、必要な静止画情報を迅速に捜
し出すことができる。またインデックス画面上に
おいて必要な静止画情報を選択して再生させるこ
とができるから、誤りなく必要な静止画像を得る
ことができる。

　4.　図面の簡単な説明

　第1図は本発明の一実施例を示す画像表示装置
のブロック図、第2図はインデックス画面の正面
図である。

　なお図面に用いた符号において、

(6)

AX203797

(3) ………………… デイスク記録再生機

(4) ………………… 縮少装置

(5) ………………… インデツクスメモリー

(10) ………………… ライトペン

である。

代　理　人　　常　包　芳　男

**AX203798**

(7)

（ページ上部）



第 1 図

第 2 図

| 1 | 2 | 3 | 4 |
|---|---|---|---|
| 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 |

AX203799



(TRANSLATION)
PATENT OFFICE
JAPANESE GOVERNMENT

This is to certify that the annexed is a true copy of the
following application as filed with this Office.

Date of Application          :  January 20, 1982

Application Number           :  Patent Application No. 6971/1982

Applicant                    :  KANSAI TELECASTING CORPORATION
                                NIPPON TELEVISION INDUSTRY CORPORATION

June 3, 1983

Director-General, Kazuo Wakasugi
Patent Office

(Director-General, Patent Office)

Certified No. 15085/1983

**AX203800**

(¥6,300.-)

PATENT APPLICATION

January 20, 1982

To Director-General of Patent Office, Haruki Shimada

1.  Title of the Invention:  A Picture Processing System

2.  Inventor(s)              :  2-25-2, Uguisudai, Kawanishi-shi,
                                Hyogo-ken

                                Zenji Harada (two others)

3.  Applicant(s)             :  5-17 Nishitenma 6-chome, Kita-ku,
                                Osaka-shi, Osaka
                                KANSAI TELECASTING CORPORATION

                                Representative:  Okikazu Yamaguchi
                                                      (one other)

4.  Agent(s)                 :  Eiwa Building, 9-18 Nishishinjuku
                                1-chome, Shinjuku-ku, Tokyo
                                Phone:  TOKYO (03) 348-0222
                                                   (KEY NUMBER)

                                (8731)  Attorney:  Yoshio Tsunekane

5.  List of Attached Documents:

           (1)  Specification              1

           (2)  Drawings                   1

           (3)  Copy of petition           1

           (4)  Power of Attorney          2

           (5)  Written Request for Examination  1

6.  Other Inventor(s), Applicant(s) :

           (1)  Inventor(s):  13-7 Akasakadai 5-chome, Sakai-shi,
                              Osaka

                              Osamu Teraoka

                              4-1-5-307, Shimomeguro, Meguro-ku,
                              Tokyo

                              Tsuneo Mikado

           (2)  Applicant(s):  1-26-2-302, Nishigotanda,
                              Shinagawa-ku, Tokyo
                              NIPPON TELEVISION INDUSTRY
                              CORPORATION

                              Representative:  Tsuneo Mikado

AX203801



日 本 国 特 許 庁
PATENT OFFICE
JAPANESE GOVERNMENT

付 の 書 類 は 下 記 の 出 願 書 類 の 謄 本 に 相 違 な い こ と を 証 明 す る 。
...to certify that the annexed is a true copy of the following application as filed
with ...Office.

年 月 日
Application:    1982年1月20日

番 号
...on Number:    昭和57年特許願第6971号

出 願 人
...(s):    関西テレビ放送株式会社
日本テレビジョン工業株式会社

**AX203802**

198__ 月 3 日

特許庁長官
Director-General,
Patent Office    若杉和夫

出願番号    58-15085

58. 6. 11

# 特 許 願

（6,300円）

昭和57年 1 月 20日

特許庁長官　島田春樹　殿

1. 発明の名称　　フリガナ ガゾウショリソウチ
画像処理装置

2. 発 明 者
フリガナ　　　　カワニシ シツウダイスダイ
住　所　兵庫県川西市鴬台 2 - 25 - 2
フリガナ　　ハラ　ダ　ゼン　ジ
氏　名　　原　田　善　治　（他2名）

3. 特許出願人
フリガナ　　　　オオサカレキタク ニシテンマ
住　所　大阪府大阪市北区西天満 6 丁目 5 番 17 号
フリガナ　　　カンサイ　　　　　　　ホウソウ
氏　名（名称）　関西テレビ放送株式会社
ヤマ　グチ　オキ　カズ
代表者　山　口　興　一　（他1名）

（国都）

4. 代 理 人 〒160
住　所　東京都新宿区西新宿 1 の 9 の 18 永和ビル
電話　東京（03）348-0222（代表）
氏　名　（8731）弁理士　常　包　芳　男

AX203803

5. 添付書類の目録
(1) 明 細 書 1通　　(2) 図 面 1通
(3) 願書副本 1通　　(4) 委 任 状 1通
(5) 出願審査請求書 1通　　　　　2

6.　前記以外の発明者及び特許出願人

　　(1)　発　明　者

　　　　　　　　　　サカイシアカサカダイ
　　　　　　　　大阪府堺市赤坂台５丁目１３－７
　　　　　　　　テラ　　オカ　　　　オサム
　　　　　　　　寺　岡　　　治

　　　　　　　　　　メグロクシモメグロ
　　　　　　　　東京都目黒区下目黒４の１の５の３０７
　　　　　　　　ミ　　カド　ツネ　　オ
　　　　　　　　三　門　恒　夫


　　(2)　特　許　出　願　人

　　　　　　　　　　シナガワク　ニシゴタンダ
　　　　　　　　東京都品川区西五反田１の２６の２の３０２
　　　　　　　　ニッポン　　　　　　　　　　コウギョウ
　　　　　　　　日本テレビジョン工業株式会社
　　　　　　　　　　　　　　　　　ミ　　カド　ツネ　　オ
　　　　　　　　代表者　三　門　恒　夫

**AX203804**

(2)

明　　　細　　　書

1.　発明の名称

　画像処理装置

2.　特許請求の範囲

　１画面を複数に細分化した各領域において静止
画像を表示させるための画像情報を記憶するメモ
リーと、上記各領域及び隣接する領域の各中間部
を夫々画面上において選択し得る選択手段と、上
記選択手段によつて１つの領域及び１つの上記中
間部を選択することにより、選択された画像情報
が選択された中間部の両側の領域の画像情報の間
に挿入されるように、上記メモリー内の画像情報
の領域ごとの配列を並び換えるメモリー制御手段
とを夫々具備する画像処理装置。

3.　発明の詳細な説明

　本発明は、複数の静止画像を１画面内で表示す
るようにした画像処理装置に関する。

　従来より、ディスク状記録媒体に複数枚（例え
ば１００枚程度）の静止画像をディジタル情報で
記録しておき、これらを再生してモニターに表示

TT
ck

(1)

させる装置が知られている。このような装置は、例えばＴＶ局において、複数のＶＴＲを用いて予じめプログラムされた順序で番組を自動的に進行させるようにした画像送出制御装置のプログラミング装置に用いられる。このプログラミング装置では、1つの番組若しくはコマーシャル等の内容を代表させた映像情報または文字情報を1枚の静止画情報の形でフロッピーディスク等に記録しておき、プログラム作成時にこれを読出しながら、所要の順序で配列し、この配列情報でもつて画像送出制御装置をコントロールするように構成されている。

このようなプログラミング装置では、1フィールド分の静止画像を再生するのに約0.4秒かかり、4フィールドを一単位とするカラー画像の場合1.6秒かかる。従つて、必要な絵を捜し出すのに極めて多大な時間を必要とする。文書によるインデックスを付けて必要な画像情報を選択することも考えられるが、文書で絵の内容を完全に表現することができず、またインデックス製作に多くの

(2)

**AX203806**

時間を必要とする。

　この問題を解決するために、本出願人は、複数枚の静止画情報が縮少された状態で1画面を複数に細分化した各領域においてインデックスとして表示される様にし、このインデックスが表示された画面の各領域を画面上において任意に選択し得るようにした画像出力装置を提案している。

　このようなインデックス画面を用いると、番組配列作業が極めて簡略化される。すなわち、静止画像を一々再生して表示させなくても、インデックス画面を見ることにより、複数の画像内容を一目瞭然に見ることができる。またインデックス画面上で任意の画像を所要の順序で選択することにより、番組進行プログラムを完成させることができる。

　また番組進行の設定順序をインデックス画面で知ることもできる。すなわち、選択した縮少画像情報を順に画像メモリーに書込み、これを再生すれば、設定したプログラムが縮少画面の配列の形でインデックス画面に表示される。この場合、プ

AX203807

ログラムに従つて配列されたインデックス画面の
各縮少画像の順序を入れ換えたり、或いは間挿し
たりする必要が生ずる。

　本発明は上述の間挿操作を誤りなく且つ簡単に
行い得るようにすることを目的とするものである。

　以下本発明の実施例を図面を参照して説明する。

　第1図は本発明による画像処理装置のブロック
図である。

　入力の映像信号aはA／D変換器(1)によつてデ
イジタル信号に変換され、1枚分の静止画情報が
画像メモリー(2)に書込まれる。メモリー(2)の読出
し出力は、デイスク記録再生機(3)に供給され、記
録される。この記録動作を繰り返すことにより、
複数枚の静止画像情報がデイスクに記録される。
なお画像メモリー(2)の読出し速度はデイスクの回
転速度に合うように変更されている。

　画像メモリー(2)の出力は、縮少装置(4)にも与え
られる。この縮少装置(4)は、画像を1／4に縮少す
る機能を有し、例えば走査線の4本中の3本を間
引き且つ走査線上のA／D変換時のサンプリング

(4)

AX203808

点の4個中の3個を間引くように構成されている。
縮少装置(4)の出力はディスク記録再生機(3)に送ら
れ、その所定部分、すなわちインデックス記録の
ための領域に記録される。

　再生時には、まずディスク記録再生時(3)のイン
デックス記録領域の再生出力がインデックスメモ
リー(5)に送られ、1枚のインデックス画面情報が
記憶される。インデックスメモリー(5)の出力は切
換器(6)を介してD／A変換器(7)に送られ、ここで
アナログ映像信号に変換されてからモニターTV
に送られる。

　この結果、モニターTVの画面(12)には、第2図
の画面正面図に示すように複数（例えば16）に
分割された各インデックス領域（1〜16）に縮
少された静止画が表示される。また各インデック
ス領域は、参照番号（1〜16）が映像に重畳し
て、または画面上の透明板に書かれて表示される。

　このようにして第2図のインデックス画面(12)を
見ることによって必要な情報の選択を行うことが
できる。必要な静止画像情報は、ディスク記録再

(5)

AX203809

生機(3)にインデックス参照番号を指示することにより再生され、画像メモリー(8)に記憶される。

インデックス参照番号はライトペンでもって自動検出することができる。すなわち、第2図のようにライトペン(10)を目標の縮小画像面に当てがうことにより、対応するインデックス参照番号の情報が、第1図のライトペン位置検出器(9)において検出される。この位置検出器(9)の出力は画像選択情報としてディスク記録再生機(3)に与えられ、必要な静止画情報が再生されて画像メモリーに記憶される。画像メモリー(8)の出力は切換器(6)及びD／A変換器(7)を介してモニターTVに与えられ、選択された静止画像が表示される。

番組進行のプログラムを作成する際には、上述と同様にディスク記録再生機(3)からインデックス画像を読出し、ライトペン(10)でもってインデックス画面上の必要な画像を順番に選択する。図外のキー入力部の選択キーの操作により、ライトペン位置検出器(9)の出力の画像選択情報はメモリー入換え制御回路(11)に送られ、この情報に基いて選択

(6)

AX203810

された縮少画像情報が画像メモリー⑻に次々と転送される。これと共にインデックスメモリー⑸のプログラム記憶部には、選択された画像のインデックス参照番号がプログラムされた順番に記憶される。

一連の番組プログラムが完成すると、キー入力部の終了キーを操作することにより、画像メモリー⑻の内容がインデックスメモリー⑸に再び転送される。インデックスメモリー⑸の内容は切換器⑹及びD／A変換器⑺を介してモニター画面に表示される。これによつてプログラムされた番組順序1、2、3……を第2図のようなマルチ画面⑿で知ることができる。

このマルチ画面上の画像をライトペンで指示することにより番組順序を入れ換えることが可能である。例えば第2図の縮少画像6、7で代装された番組の順序を入れ換える場合、ライトペン⑽で画面領域6及び7を指示し、次にキー入力部においてチェンジキーを操作する。この結果、メモリー入換え制御回路⑾が動作し、インデックスメモ

(7)

AX203811

リー(5)の領域6、7に対応する縮少画像情報が相互に入れ換えられる。またこれと共に、インデックスメモリー(5)内のプログラム記憶部に書込まれているインデックス参照番号が相互に入れ換えられる。

　次に番組と番組との間に別の番組を間挿する場合の操作について説明する。

　一つの方法としては、例えば縮少画像1、2の間に画像5を間挿するとき、まずライトペン(10)で画像1を指示し、次いで5を指示し、更にキー入力部のインサートキーを操作する。この操作で、上述の交換と同じくメモリー入換え制御回路(11)が動作し、画像1と2との間に画像5が間挿され、第3図のモニター画面(12)に示すように画像2、3、4は順に1領域ずつシフトされる。

　この操作は誤りを生じさせ易い。何故ならば、画像2の前に画像5を間挿したいと操作者が考えたとき、上記手順（1→5→インサートキー）を正しく操作せずに、ライトペン(10)で画像2を指示し、次に画像5を指示した後、インサートキーを

(8)

AX203812

操作することがある。この間挿結果は、画像順序が1、2、5、3、4……となつて操作ミスとなる。

このような誤りを防止するために、この実施例では、第2図の斜線領域で示すように、モニター画面上に各画像領域の中間の領域13を設けている。この中間領域13は、水平及び垂直同期信号に基いて作成されるゲート信号で代表させることができ、この中間領域13をライトペン10で指示した場合、上記ゲート信号に基いてこれを検出することができる。

画像1と2との間に画像5を間挿する場合には、ライトペン10で画像5を指示し、次いで画像1と2との中間領域13を指示し、更にキー入力部でインサートキーを操作する。これによつてライトペン位置検出器(9)及びキー入力部の夫々の出力がメモリー入換え制御回路11に送られ、縮少画像及びその参照番号の入換えが実行される。この結果、第3図のモニター画面12に表示されるような順序のプログラムを作成することができる。上述の間挿操作は極めて簡単であり、また誤操作すること

(9)

**AX203813**

も無い。

　なおライトペン(10)の外にＸ－Ｙ座標入力装置を
用いることができる。この入力装置は、透明な導
電性フィルム等を用いて第４図のような縮少画像
領域に対応したマトリックス状のキースイッチ列
(10)を形成した周知のものであつてよい。この座標
入力装置をモニター画面に前面に密着して配置し、
モニター画面上の縮少インデックス画像に対応し
た座標キーを操作することにより、必要な画像を
選択することができる。

　また第２図の中間領域(03)に対応するキースイッ
チ列(19)を第４図のように各画像領域上のキースイ
ッチ列(10)の間に配置して、これらを間挿操作時に
用いることができる。間挿操作はライトペンの場
合と同じであつて、間挿すべき画像をキースイッ
チ列(10)で選択し、次に間挿場所を示すキースイッ
チ列(19)を操作する。

　本発明は上述の如く、１画面を複数に細分化し
た各領域において静止画像を表示させ、各領域及
び領域間の中間部を画面上において選択し、選択

(10)

**AX203814**

された画像情報が選択された中間部の両側の領域 （字挿削）
の画像情報の間に挿入されるように静止画情報を （字挿削）
記憶メモリーの領域ごとの配列を並び換えるより （2字加入）
にしたので、画像の間挿作業を簡単に且つ誤りな
く行うことができる。

4.　図面の簡単な説明

　第1図は本発明の一実施例を示す画像処理装置
のブロック図、第2図及び第3図はモニター画面
の正面図、第4図は画面上に取付けられたX－Y
座標入力装置の平面図である。

　なお図面に用いられている符号において、

　　　(2)　……………　画像メモリー

　　　(5)　……………　インデックスメモリー

　　　(9)　……………　ライトペン位置検出器

　　　(10)　……………　ライトペン

　　　(11)　……………　メモリー入換え制御回路

である。

　　　　　　　　　代　理　人　　常　包　芳　男

(11)

**AX203815**



AX203816

第3図

| 1 | 5 | 2 | 3 |
| 4 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 |

第4図



AX203817

出願人代理人 常 包 芳 男



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/455,115  01/03/83 | | HARADA                   Z | IS-257F291.9 |

NORMAN L. NORRIS
WOODCOCK, WASHBURN, KURTZ, MACKIEWICZ
& NORRIS, 1800 UNITED ENGINEERS BLDG.
30 SOUTH 17TH ST.
PHILADELPHIA, PA 19103

| | EXAMINER |
|---|---|
| | BRIGANCE,G |
| ART UNIT | PAPER NUMBER |
| 264 | 4 |
| DATE MAILED: 01/23/85 | |

This is a communication from the examiner in charge of your application.

COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☐ Responsive to communication filed on _____    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), __0__ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:
1. ☒ Notice of References Cited by Examiner, PTO-892.        2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449            4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474    6. ☐ _____

Part II    SUMMARY OF ACTION

1. ☒ Claims ___1-5_____ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims ___1-5_____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable;
   ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____,
    has (have) been ☐ approved by the examiner, ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However,
    the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are
    corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO
    EFFECT DRAWING CHANGES", PTO-1474.

12. ☒ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☒ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

AX203818

PTOL-326 (Rev. 7 - 82)                    EXAMINER'S ACTION

Serial No. 455,115                         -2-

1.      The disclosure is objected to because of the
following informalities:  Spelling and idiomatic errors
occur throughout the application.  For example,
"squeezed" and "desplayed" in the abstract and elsewhere
and "prepaired" on page 2 were noted.
Appropriate correction is required.

2.      Claims 1-5 are rejected under 35 U.S.C. 112,
second paragraph, as being indefinite for failing to
particularly point out and distinctly claim the subject
matter which the applicant regards as the invention.

        In claim 1, line 2, "informations" is awkward.
Lines 3 and 4 are awkward as well.  In line 7, "squeezed
still pictures" is not standard terminology and is
therefore vague.  In line 10, to what does "reproduced"
refer?  "Wtill" is misspelled.  In line 16, how are
these contents "rearranged" responsive to a selection?
This claim appears to be misdescriptive.  While the
"memory" referred to here is apparently the index
memory, the rearranged memory is the picture memory.
This must be clarified.

4.      In claim 2, "scree" is misspelled.  In claim
3, line 4, "each corresponding to each" is nonsensical.

5.      Claim 4 is vague.  The selection sequence is
not at all clear.  "Squeezed" and "akjarent" are
misspelled.

6.      In claim 5, line 2, "comprising" is awkward.
The selection sequence is again not clear.

7.      The specification is objected to under 35
U.S.C. 112, first paragraph, as failing to provide an
enabling disclosure. This paragraph of the statute

AX203819

Serial No. 455,115                          -3-

requires that the specification shall contain a written
description of the invention and of the manner and pro-
cess of making and using it, in such full, clear, con-
cise and exact terms as to enable any person skilled in
the art to which it pertains, or with which it is most
nearly connected, to make and use the same, and shall
set forth the best mode contemplated by the inventor of
carrying out his invention.

8.      As previously mentioned, the term "squeezed"
as applied to picture data is not a standard, therefore,
the box 4 labeled "squeezer" is also not standard.
Applicant has provided no circuitry or logic for this
block which would enable one of ordinary skill in the
art to make and use it.  Block 9, the apparently misla-
beled "Memory Meplacement Control" is also not disclosed
in an enabling manner.  It is still not clear just where
the data rearranging takes place.  Applicant is warned
against the attempted addition of new matter in this
regard.

9.      Claims 1-5 are rejected under 35 U.S.C. 112,
first paragraph, for the reasons set forth in the objec-
tion to the specification.

10.     The cited references are deemed pertinent to
the claimed invention.  Each provides a selection and/or
prioritizing scheme for a multiple image display system.

11.     Any inquiry concerning this communication
should be directed to Gerald L. Brigance at telephone
number 703-557-0452.

G. Brigance:sdd
1/9/85
703-557-0452

GERALD L BRIGANCE
PRIMARY EXAMINER
GROUP 264

**AX203820**

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 485 115 | GROUP ART UNIT 264 | ATTACHMENT TO PAPER NUMBER 4 |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Harada et al | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 4 0 7 0 7 1 0 | 1-24-78 | Sukonick et al | 340 | 721 | |
| B | | 4 1 0 7 7 8 0 | 8-15-78 | Grimsdale et al | 340 | 721 | |
| C | | 4 2 1 7 1 1 4 | 2-23-82 | Walker | 340 | 747 | |
| D | | 4 3 9 5 7 0 7 | 7-26-83 | Sotropa | 340 | 723 | 12-31-79 |
| E | | 4 4 8 4 1 9 2 | 11-20-84 | Seitz et al | 340 | 721 | 12-17-81 |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |
| I | | | | | | | |
| J | | | | | | | |
| K | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG. PP. SPEC. |
|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | |
| M | | | | | | | | |
| N | | | | | | | | |
| O | | | | | | | | |
| P | | | | | | | | |
| Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| R | | |
| S | | |
| T | | |
| U | | AX203821 |

| EXAMINER G. BRIGANCE | DATE 1/8/85 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

TS-25/F-2919

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

ZENJI HARADA, OSAMU TERAOKA and TSUNEO MIKADO

Serial No.: 455,115          Group Art Unit: 264

Filed: January 3, 1983          Examiner: G.L. Brigance

For: PICTURE PROCESSING SYSTEM

Hon. Commissioner of Patents
and Trademarks
Washington, D.C. 20231

Dear Sir:

I hereby certify that this correspondence is
being deposited with the United States Postal
Service as first class mail in an envelope
addressed to Commissioner of Patents and
Trademarks, Washington D.C. 20231 on ___7-23-85

___John Jamieson, Jr.___
Attorney for Applicant(s)

7-23-85          _John Jamieson_
Date          Signature
          Registration No.  29,546

AMENDMENT

Please amend the application as follows.

IN THE ABSTRACT OF THE DISCLOSURE:

Lines 6 and 8, delete each occurrence of "spueezed" and insert therefore --squeezed --.

Line 8, delete "desplayed" and insert therefore --displayed--.

Line 9, delete "a" and insert therefore --an--.

IN THE SPECIFICATION:

Page 1, line 12, delete "arts" and insert therefore --art--.

Page 1, line 18, delete "commertial" and insert therefore --commercial--.

Page 2, line 10, delete "memtioned" and insert therefore --mentioned--.

Page 2, line 11, insert --are-- before "recorded".

Page 2, line 16, delete "desplayed" and insert therefore --displayed--.

Page 2, line 17, delete "prepaired" and insert therefore --prepared--.

AX203822

TS-25/P-2919

      Page 2, line 19 delete "arrangment" and insert therefore --arrangement--.

      Page 2, line 29, delete "programed" and insert therefore --programmed--.

      Page 3, line 3, delete "programed" and insert therefore --programmed--.

      Page 3, line 9, delete "ten-key" and insert therefore --ten keys--.

      Page 3, line 15, delete "ot" and insert therefore --to--.

      Page 4, line 25, delete "picture" and insert therefore --pictures--.

      Page 5, line 2, insert quotations before and after "squeezer".

      Page 5, line 3, insert quotations before and after "squeeze".

      Page 5, line 8, delete "output" and insert therefore --outputs--.

      Page 5, line 10, insert the following sentences at the end of the paragraph; --The squeezer 4 may also be referred to hereinafter as the "picture reduction circuit". The one-sixteenth size images generated from the output of the squeezer 4 shall be referred to equivalently as "squeezed still pictures" or "reduced still pictures".--

      Page 5, line 11, delete "output" and insert therefore --outputs--.

      Page 5, line 15, delete "output" and insert therefore --outputs--.

      Page 5, line 21, delete "segments" and insert therefore -segments--.

      Page 5, line 23, delete "segment" and insert therefore --segments--.

AX203823

TS-25/P-2919

Page 5, line 23, delete "6" and insert therefore --16--.

Page 6, line 9, delete "9" and insert therefore --12--.

Page 6, line 14 insert --a-- before "respective".

Page 6, line 14, delete "detacted" and insert therefore --detected--.

Page 6, line 17, insert --by-- before "directing".

Page 6, line 25, delete "therof" and insert therefore --thereof--.

Page 7, line 9, delete "dispalyed" and insert therefore --displayed--.

Page 7, line 14, delete "key board" and insert therefore --keyboard--.

Page 7, line 16, delete "are" and insert therefore --is--.

Page 7, line 23, delete "key board" and insert therefore --keyboard--.

Page 8, line 4, delete "key board" and insert therefore --keyboard--.

Page 8, line 12, delete "already-scheuled" and insert therefore --already-scheduled--.

Page 8, line 14 delete "into".

Page 8, line 17, delete "mainpulates" and insert therefore --manipulates--.

Page 8, lines 17 and 18 delete "key board" and insert therefore --keyboard--.

Page 8, line 18, delete "therby" and insert therefore --thereby--.

Page 8, line 19, delete "just as", and delete "abovementioned" and insert therefore --above-mentioned--.

Page 8, line 25, delete "designates" and insert therefore --designate--.

-3-

AX203824

TS-25/P-2919

Page 8, line 26, delete "theereafter" and insert therefore --thereafter--.

Page 8, line 26, delete "manipulates" and insert therefore --manipulate--.

Page 8, line 27, delete "operating" and insert therefore --following--.

Page 8, line 27, delete "processes;" and insert therefore --steps:--.

Page 8, line 28, delete "steps".

Page 8, line 28, delete "result" and insert therefore --results--.

Page 9, line 10, delete "into".

Page 9, line 14, delete "key board" and insert therefore --keyboard--.

Page 9, line 14, insert --of-- after "outputs".

Page 9, line 15, delete "therby" and insert therefore --thereby--.

Page 9, line 21, delete "extermely" and insert therefore --extremely--.

Page 9, line 23, delete "A" and insert therefore --An--.

Page 9, line 25, delete "convention" and insert therefore --conventional--.

Page 9, line 30, insert --the-- before "coordinate".

Page 10, line 2, delete "scree" and insert therefore --screen--.

Page 10, line 15, delete "pluratily" and insert therefore --plurality--.

Page 10, line 24, delete "spilit" and insert therefore --spirit--.

**AX203825**

-4-

TS-25/F-2919

IN THE CLAIMS:

Please rewrite claim 1 as follows:

1.    (Amended)  A picture processing system comprising a
recording member in which a plurality of still picture digital
signals [informations] is recorded, each corresponding to a
different still picture, and a monitoring means for reproducing
one of said still picture digital signals [information] and
displaying the corresponding still picture on a screen, said
recording member having an index recording portion in which a
second plurality of digital signals [series of picture information
representative of a plurality of squeezed still pictures each
corresponding to each of said original still pictures] is
recorded, each digital signal of the second plurality
corresponding to a reduced still picture and one reduced still
picture digital signal being provided for each still picture, and
said monitoring means including: [comprising;] index memory means
for storing [reproduced squeezed wtill] reduced still picture
digital signals [information] reproduced from said recording
member, a group of said reduced [squeezed] still pictures being
displayed on the basis of the output of said index memory means in
multiple segmented areas formed on said screen as an index picture
[information]; selecting means for designating one of said
multiple segmented areas on said screen to select one of said
[squeezed] reduced still pictures; and memory control means for
rearranging the contents of said index memory means on the basis
of the output of said selecting means to rearrange said index
picture [information].

Please amend claim 2 by deleting "scree" in line 5 and
inserting therefore --screen--.

Please amend claim 3 by inserting --key-- before
"corresponding" in line 4 and deleting the second occurrence of
"each" and inserting therefore --one--.

-5-

**AX203826**

TS-25/F-2919

<u>Please rewrite claim 4 as follows:</u>

4.    (Amended)  A picture processing system according to claim 2, wherein said detecting circuit comprises means for detecting intermediate regions respectively provided between [two] adjacent [said] segmented areas on said screen, and said memory control means receives a detecting signal corresponding to one of said intermediate regions for rearranging the contents of said <u>index</u> memory so that <u>a selected</u> one of [selected squeezed] <u>said displayed reduced still</u> pictures is interposed between [selected] two [akjacent squeezed] <u>adjacent reduced</u> pictures [which are appointed] by designating [one of said] <u>an</u> intermediate [regions]<u>region between said two adjacent reduced pictures displayed on said screen.</u>

(Please rewrite claim 5 as follows:)

5.    (Amended)  A picture processing system according to claim 3, wherein said transparent [key board] <u>keyboard</u> unit further <u>comprises</u> [comprising] another matrix of keys each <u>key</u> corresponding to each [of] intermediate [regions] <u>region</u> respectively provided between [two] <u>each pair of</u> adjacent [said] segmented areas, and said memory control means [recieves] <u>receives</u> the output of one of said another matrix of keys corresponding to one of said intermediate regions for rearranging the contents of said <u>index</u> memory so that <u>a selected</u> one of [selected] <u>said displayed reduced</u> [squeezed] pictures is interposed between [selected] two adjacent [squeezed] <u>reduced</u> pictures [which are appointed] by designating [one of said] <u>an</u> intermediate [regions] <u>region between said two adjacent reduced pictures displayed on said screen.</u>

**AX203827**

TS-25/F-2919

Please add the following new claims 6 through 11.

--6. A picture system comprising:

a recording member in which a plurality of still picture signals are recorded; and

a monitoring means for reproducing one of said recorded still picture signals for displaying said one still picture on a screen,

said recording member having an index recording portion in which a series of reduced picture signals representative of a plurality of reduced still pictures, each of which corresponds to each of said still pictures, is recorded,

a group of said reduced still pictures being selectively displayed in multiple segmented areas formed on said screen as an index to said still pictures, said monitoring means comprising selecting means of a type operative by directly pointing to the surface of said screen for designating one of said multiple segmented areas to select one of said reduced still pictures and said monitoring means having a random access reproduction function to reproduce one of designated still pictures in response to designation with said selecting means.--

--7. A picture processing system according to claim 6, wherein said selecting means comprises a light pen and a detecting circuit for detecting the position of said segmented areas designated by said light pen on the basis of horizontal and vertical sync signals for said screen.--

--8. A picture comprising system according to claim 6, wherein said selecting means comprises a transparent keyboard unit provided on said screen, said keyboard unit comprising a matrix of keys corresponding to said segmented areas.--

**AX203828**

-7-

TS-25/F-2919

    --9. A picture processing system according to claim 7, wherein said detecting circuit further comprises means for detecting intermediate regions respectively provided between two adjacent segmented areas on said screen, a detecting output thereof being utilized to rearrange the arrangement of said reduced still pictures on said screen.--

    --10. A picture processing system according to claim 3, wherein said transparent keyboard unit further comprises another matrix of keys, each key respectively corresponding to an intermediate region between different pairs of adjacent segmented areas, said keys at the intermediate regions being utilized to rearrange the arrangement of said reduced still pictures on said screen.--

    --11. A picture processing system comprising:

        a random access recording and playback member having a main recording portion in which a plurality of still picture signals are electronically recorded and an index recording portion in which a plurality of reduced still picture signals are electronically recorded, each of the reduced still pictures corresponding to a different one of said still pictures; and

        a monitoring means including: a screen for displaying either a group of said reduced still pictures in multiple segmented areas formed on said screen as an index to said still pictures or one of said still pictures; selecting means for designating one of said multiple segmented areas to select the reduced still picture displayed therein by directly pointing to the surface of said screen, and for controlling said random access recording and playback member; and means for electronically recording the signal of the one still picture corresponding to the selected one of said reduced still pictures.--

-8-

**AX203829**

TS-25/F-2919

<u>REMARKS</u>

The disclosure and pending claims 1 through 5 have been extensively revised to correct the numerous spelling and ideomatic error informalities noted by the Examiner in both the specification and the claims.

Claim 1 has also been amended in response to paragraph 2 of the action rejecting all claims under 35 U.S.C. 112, second paragraph, to replace "informations" and "squeezed still pictures", with "digital signals" and "reduced still pictures", respectively specifically referred to in paragraph 3. The Examiner inquired as to what "reproduced" refers to in line 10, of claim 1. "Reproduced" there refers to the digital signal reproduced by the recording member (corresponding to the disk recording/reproducing unit 3 of Fig. 1), which signal was previously recorded by that device, and outputted to the index memory for recording therein. The Examiner further requests how the contents are "rearranged" responsive to a selection in line 16 of claim 1. As can be seen from the above amendment to claim 1, the claim refers to the rearrangement of the contents of the index memory means. This function is described on page 7 between lines 15 through 23. Claims 2, 4 and 5 have also been amended to change the language noted by the Examiner in paragraphs 4, 5, and 6.

In paragraphs 7 and 8 of the Action, the Examiner has objected to the specification and rejected all claims 1 through 5 under 35 U.S.C. 112, first paragraph, noting in particular the box 4 labeled squeezer and the block 9 which should be labeled "memory replacement control" in Fig. 1 which allegedly are not disclosed in an enabling manner.

The applicants advise that the squeezer 4 may comprise a digital memory, for example, in which a full frame image is written and then read out in the manner described such that three scanning lines are thinned out of four scanning lines and three

-9-

**AX203830**

TS-25/F-2919

sample points along the fourth scanning thinned out of each set of
four sampling points so that a reduced picture signal is produced
or, alternatively, a BBD circuit which has 58 line registers
(about one-quarter of all scan lines of a television image) and
write clock pulses of 1.5 MHz and read clock pulses of 6 MHz can
be used to reduce the picture size and that these reducing
techniques are well known by those skilled in the art.  The
Examiner is also directed to U.S. Patent 3,825,674, a copy of
which is enclosed, which describes a television branching system
in which multiple picture images are reduced for simultaneous
presentation of four reduced picture images on a single,
conventional television screen.

     The applicants further advise that the memory replacement
control circuit 11 may comprise a micro-processor controlled
circuit which can produce write addresses and read addresses to
the index memory 5 under the control of program software so as to
achieve memory rearrangement during procedures such as picture
insertion or exchange.  It is believed that the implementation of
such a system is well within the capability of one of ordinary in
this art, without undue experimentation, given the subject
disclosure.

     Applicant also includes copies of U.S. Patents 4,321,635
to Tsuyuguchi relating to an apparatus for selective retrieval of
information streams or items from a disk and U.S. Patent 4,058,840
to Kasprzak, describing a method and apparatus for recording a
single video frame.  None of these references is believed to
anticipate or render obvious the claimed invention but the
Examiner is invited to review them himself and reach his own
conclusion of pertinence.  A copy of PTO Form 1449 listing these
references is also enclosed.

**AX203831**

-10-

TS-25/P-2919

Applicant submits herewith for further consideration by the Examiner new claims 6 through 11, which are believed to more clearly and distinctly claim the subject invention. Neither of the two new independent claims 6 and 11 expressly call for a squeezer or a memory replacement control.

If patentable subject matter is found, applicants will have box 11 of Fig. 1 corrected to read "MEMORY REPLACEMENT CONTROL".

Reexamination of the original claims 1 through 5 and examination of the newly presented claims 6 through 11 and allowance of all claims 1 through 11 is therefore requested.

Respectfully submitted,

John Jameson, Jr.
Registration No. 29,546

JJJ:RAP

Dated:  July 23, 1985

WOODCOCK WASHBURN KURTZ
MACKIEWICZ & NORRIS
1800 United Engineers Building
30 South 17th Street
Philadelphia, PA  19103
(215) 568-3100

**AX203832**

-11-

350.00 -117

Case Docket No.  TS-25

In re application of  ZENJI HARADA, ASAMU TERAOKA & TSUMEO MIKADO

Serial No.  455,115                     Group Art Unit:  264

Filed        January 3, 1983

For          PICTURE PROCESSING SYSTEM

THE COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C.  20231

Sir:

Transmitted herewith is an amendment in the above-identified application, Form PTO 1449
    (one sheet), copies of U.S. Patents 3,825,674, 4,321,635 and 4,058,840

☐ Small entity status of this application under 37 CFR 1.9 and 1.27 has been established by
   a verified statement previously submitted.

☐ A verified statement to establish small entity status under 37 CFR 1.9 and 1.27 is enclosed.

The fee has been calculated as shown below:

|  | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | SMALL ENTITY RATE | ADDIT. FEE | OR | OTHER THAN A SMALL ENTITY RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL | 11 | MINUS | 20 (at least 20) | = | x 5= | | | x 10= | 0 |
| INDEP. | 3 | MINUS | 3 (at least 3) | = | x 15= | | | x 30= | 0 |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | + 50= | | | + 100= | |

Total additional fee for amended claims          | 0 |

☒ Petition is hereby made under 37 C.F.R. §1.136(a) to extend the time for response to the
   Office Action of  1-23-85  to and through  7-23-85  , comprising
   an extension of the shortened statutory period of:

|  | SMALL ENTITY | OTHER THAN SMALL ENTITY |
|---|---|---|
| one month | $25 | $50 |
| two months | $75 | $150 |
| three months | $175 | ☒ $350 |
| four months | $275 | $550 |

Additional fee for extended response          | 350 |

Applicant(s) has/have not been notified that the requested extension will not be permitted
the present application is not involved in an interference declared pursuant to to 37
C.F.R. §1.207.

Total additional fee required          | 350 |

07/31/85 455115          1 117     350.00 CK

AX203833

Case Docket No. TS-25

[X] A check in the amount of $ 350 is attached.

[ ] Please charge my Deposit Account No. _____ in the amount of $ _____.
A duplicate of this sheet is attached.

[X] The Commissioner is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayment to Deposit Account No. 23-3050 .
A duplicate copy of this sheet is attached.

   [X] Any filing fees under 37 C.F.R. 1.16 including fees for presentation of extra claims.
   [X] Any patent application processing fees under 37 C.F.R. 1.17 and under 37 C.F.R. 1.20(d).

(Date) July 23, 1985

Attorney of Record
John Jamieson, Jr.
Registration No. _____ 29,546

CERTIFICATE OF MAILING

     I hereby certify that this correspondence and all correspondence identified as accompanying this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231 on July 23, 1985 .

John Jamieson, Jr.          Registration No.     29,546

- 2 -

**AX203834**



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/955,115 | 01/03/83 | HARADA                    Z | TS-25/F2919 |

```
NORMAN L. NORRIS
WOODCOCK, WASHBURN, KURTZ, MACKIEWICZ
& NORRIS, 1800 UNITED ENGINEERS BLDG.
30 SOUTH 17TH ST.
PHILADELPHIA, PA  19103
```

| | EXAMINER |
|---|---|
| | BRIGANCE, G |
| ART UNIT | PAPER NUMBER |
| 264 | |
| DATE MAILED: | 11/13/85 |

This is a communication from the examiner in charge of your application.

COMMISSIONER OF PATENTS AND TRADEMARKS

[ ] This application has been examined   [X] Responsive to communication filed on *7-26-85*   [X] This action is made final.

A shortened statutory period for response to this action is set to expire _3_ month(s), _0_ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. [X] Notice of References Cited by Examiner, PTO-892.            2. [ ] Notice re Patent Drawing, PTO-948.
3. [X] Notice of Art Cited by Applicant, PTO-1449                  4. [ ] Notice of Informal Patent Application, Form PTO-152.
5. [ ] Information on How to Effect Drawing Changes, PTO-1474.     6. [ ] _____

**Part II    SUMMARY OF ACTION**

1. [X] Claims _1-11_ _____ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. [ ] Claims _____ have been cancelled.

3. [ ] Claims _____ are allowed.

4. [X] Claims _1-11_ _____ are rejected.

5. [ ] Claims _____ are objected to.

6. [ ] Claims _____ are subject to restriction or election requirement.

7. [ ] This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. [ ] Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. [ ] The corrected or substitute drawings have been received on_____. These drawings are [ ] acceptable;
   [ ] not acceptable (see explanation).

10. [ ] The [ ] proposed drawing correction and/or the [ ] proposed additional or substitute sheet(s) of drawings, filed on _____
    has (have) been [ ] approved by the examiner. [ ] disapproved by the examiner (see explanation).

11. [ ] The proposed drawing correction, filed_____, has been [ ] approved. [ ] disapproved (see explanation). However,
    the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are
    corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO
    EFFECT DRAWING CHANGES", PTO-1474.

12. [X] Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [X] been received [ ] not been received
    [ ] been filed in parent application, serial no. _____; filed on _____

13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. [ ] Other

**AX203835**

Serial No. 455,115                          -2-
Art Unit 264

1.   Claims 1-11 are rejected under 35 U.S.C. 112,
second paragraph, as being indefinite for failing to
particularly point out and distinctly claim the subject
matter which applicant regards as the invention.

2.   In claim 1, lines 22-25, this "rearranging" limita-
tion is functional as not containing sufficient
apparatus to support the claimed function.  Note MPEP
706.03(c).  Furthermore, "rearranging" is still vague
and indefinite.

3.   In calim 5, line 4, "each intermediate region" has
no antecedent basis.

4.   In claim 6, lines 13-17, "of a type operative by
directly pointing" is vague.  What is directly pointed?
The same question applies to claim 11.

5.   The last 3 lines of both claims 9 and 10 are func-
tional for the same reason as claim 1 above.

6.   The following is a quotation of the first paragraph
of 35 U.S.C. 112:
        The specification shall contain a written descrip-
        tion of the invention, and of the manner and pro-
        cess of making and using it, in such full, clear,
        concise, and exact terms as to enable any person
        skilled in the art to which it pertains, or with
        which it is most nearly connected, to make and use
        the same and shall set forth the best mode con-
        templated by the inventor of carrying out his
        invention.

     The specification is objected to under 35 U.S.C.
112, first paragraph, as failing to provide an enabling
disclosure.

7.   Although applicant's description of the "squeezer"
circuit as an ordinary picture reduction circuit is
satisfactory, there is still  not an adequate descrip-

**AX203836**

Serial No. 455,115                                          -3-
Art Unit 264

tion of the "memory replacement control" and applicant's

mere assertion that it is "well within the capability of

one of ordinary skill in the art" is insufficient to

rebut the examiner's prima facia rejection.

8.    Claims 1-6, 9 and 10 are rejected under 35 U.S.C.

112, first paragraph, for the reasons set forth in the

above objection to the specification.

9.    The following is a quotation of 35 U.S.C. 103 which
forms the basis for all *obviousness rejections* set forth
in this Office action:

> A patent may not be obtained though the invention
> is not identically disclosed or described as set
> forth in section 102 of this title, if the dif-
> ferences between the subject matter sought to be
> patented and the prior art are such that the sub-
> ject matter as a whole would have been obvious at
> the time the invention was made to a person having
> ordinary skill in the art to which said subject
> matter pertains.  Patentability shall not be nega-
> tived by the manner in which the invention was
> made.

> Subject matter developed by another person, which
> qualifies as prior art only under subsection (f)
> and (g) of section 102 of this title, shall not
> preclude patentability under this section where the
> subject matter and the claimed invention were, at
> the time the invention was made, owned by the same
> person or subject to an obligation of assignment to
> the same person.

10.    Claims 6-8 and 11 are rejected under 35 U.S.C. 103

as being unpatentable over Tsuyuguchi in view of

Ablett.

11.    Tsuyuguchi teaches an indexing scheme for selecting

one of a plurality of reduced size representations of

still pictures for displaying a corresponding full sized

picture.  Ablett teaches the use of a light pen for

selecting one of a plurality of displayed pictures for

further processing.

AX203837

Serial No. 455,115                          -4-
Art Unit 264

12. It would have been obvious to a routineer in the
art to select Tsuyuguchi's index via a light pen
arrangement such as Ablett's.  Note that Tsuyuguchi
teaches the use of an optical disk storage which is
essentially a random access memory device.  Note that
light pens and keyboards are well known equivalents.

13. McCoy and Kishi et al are also cited as being per-
tinent.  McCoy teaches a system for displaying multiple
reduced pictures simultaneously with the ability to
selectively manipulate them on the screen or to display
any of them as a magnified image.  Kishi et al is a
system for selecting subregions of a displayed picture
for magnification via a keyboard.

14. It is noted that the prior art cited by the appli-
cant was the same art cited by the examiner in applica-
tion No. 437317 although applicant's response was
conspicuously silent regarding this fact.

15. Applicant's amendment necessitated the new grounds
of rejection.  Accordingly, THIS ACTION IS MADE FINAL.
See MPEP 706.07(a).

     Applicant is reminded of the extension of time
policy set forth in 37 CFR 1.136(a).  The practice of
automatically extending the shortened statutory period
an additional month upon the filing of a timely first
response to a final rejection has been discontinued by
the Office.  See 1021 TMOG 35.

     A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS
FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE
OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED
WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL
ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER
THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD,
THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE
DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION
FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM
THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT

AX203838

Serial No. 455,115                                    -5-
Art Unit 264

WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN
SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

16.  Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to Gerald L. Brigance whose telephone number is
(703) 557-0452.

     Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3321.


GL Brigance:klw

9-30-85

(703) 557-0452


                              *signature*
                         GERALD L. BRIGANCE
                         PRIMARY EXAMINER
                            GROUP 264


AX203839

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP–APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 425 115 | GROUP ART UNIT 264 | ATTACHMENT TO PAPER NUMBER | 7 |
|---|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) Harada et al | | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 3 8 0 1 7 4 1 | 4-2-74 | Ablett | 340 | 707 | |
| B | | 4 2 6 6 2 4 2 | 5-5-81 | McCoy | 358 | 22 | |
| C | | 4 3 6 6 4 7 5 | 12-28-82 | Kishi et al | 340 | 721 | 2-20-81 |
| D | | | | | | | |
| E | | | | | | | |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |
| I | | | | | | | |
| J | | | | | | | |
| K | | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. PP. DWG. SPEC. |
|---|---|---|---|---|---|---|---|---|
| L | | | | | | | | |
| M | | | | | | | | |
| N | | | | | | | | |
| O | | | | | | | | |
| P | | | | | | | | |
| Q | | | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

| R | |
|---|---|
| S | |
| T | |
| U | AX203840 |

| EXAMINER G. Briganc | DATE 1-18-85 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

| | | | | Sheet 1 of | |
|---|---|---|---|---|---|
| Form PTO-1449 (REV. 2-83) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | | ATTY. DOCKET NO. TS-25 | SERIAL NO. 455,115 | |
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | | | APPLICANT Harada, et al. | | |
| | | | FILING DATE January 3, 1983 | GROUP 264 | |

**U.S. PATENT DOCUMENTS**

| EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| /JB/ | 3,825,674 | 7-1974 | Justice | 178 | 5.6 | |
| /JB/ | 4,321,635 | 3-1982 | Tsuyuguchi | 360 | 72.2 | |
| /JB/ | 4,058,840 | 11-1977 | Kasprzak | 360 | 10 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| EXAMINER /Donald L. Brigance/ | DATE CONSIDERED 9-17-85 |
|---|---|

*EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

**AX203841**

$390.00 - 117

IN THE UNITED STATES PATENT & TRADEMARK OFFICE

Application of                                    Case Docket: TS-2A

HIROSHI HARADA ET AL

Serial No. 455,115                                Group Art Unit: 264

Filed:   Jan. 3, 1983

For: PICTURE PROCESSING SYSTEM                    Examiner: G. BRIGANCE

"EXPRESS MAIL" MAILING LABEL NUMBER B63955752
DATE OF DEPOSIT   May 10, 1986
I HEREBY CERTIFY THAT THIS PAPER ... IS ... DEPOSITED WITH
THE UNITED STATES ...                    ... OFFICE TO
ADDRESSEE" SE ...                        ... SON ABOVE
AND IS ADDRESSE ...                      ... CORKS,
WASHINGTON, D ...

The Commissioner of Patents and Trademarks       John Jamieson, Jr. Reg. #29,54
Washington, D.C.  20231
                                                 (SIGNATURE)

Petition for Extension of Time

Petition is hereby made under 37 C.F.R. § 1.136(a) to

extend the time for response to the Office Action of November 13, 1985

to and through  May 13, 1986    comprising an extension of the

shortened statutory period of:

|  | small entity | other than small entity |
|---|---|---|
| one month | ☐ $ 28 | ☐ $ 56 |
| two months | ☐ $ 85 | ☐ $ 170 |
| three months | ☐ $ 195 | ☒ $ 390 |
| four months | ☐ $ 305 | ☐ $ 610 |

☒   A check in this amount is enclosed.  Please
     charge any deficiency to Deposit Account No.
     23-3050.

☐   Please charge the fee to Deposit Account No.
     23-3050.                    RECEIVED

                                 MAY 20 1986
                                 GROUP 260
This form is submitted in duplicate.

05/16/86  INSI15          1 117   390.00 CK
     May 10, 1986
     (date)  SIX MONTH EXTENSION GRANTED     Registration No. 29,546
              By Direction

                              5/21/86
                              Date

**AX203842**



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 06/455,115 | 01/03/83 | HARADA | Z | TS-25/F2919 |

```
┌                                              ┐
  NORMAN L. NORRIS
  WOODCOCK, WASHBURN, KURTZ, MACKIEWICZ
  & NORRIS, 1800 UNITED ENGINEERS BLDG.
  30 SOUTH 17TH ST.
  PHILADELPHIA, PA  19103
└                                              ┘
```

| EXAMINER |
|---|
| BRIGANCE, G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 264 | |

DATE MAILED:  06/19/86

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☒ Applicant's failure to respond to the Office letter, mailed  _11-13-85_  .

2. ☐ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

    ☐ The issue fee was received on _____

    ☐ The issue fee has not been received in Allowed Files Branch as of _____ .

    In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (l), and a verified showing as to the causes of the delay.

    If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.

    ☐ The corrected and/or substitute drawings were received on _____ .

6. ☐ The reason(s) below.

**AX203843**

_[signature]_
GERALD L. BRIGANCE
PRIMARY EXAMINER
GROUP 264

PTO-1432 (REV. 5-80)

CASE DOCKET NO. **862041**

TS-39

# 10

MAIL ROOM MAY 18 12 1986

THE COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Sir:

Transmitted herewith for filing is the patent application of:

Inventor: ZENJI HARADA, OSAMU TERAOKA, TSUNEO MIKADO

For: PICTURE PROCESSING SYSTEM

Enclosed are:

"EXPRESS MAIL" Mailing Label No. B63955752
Date of Deposit: May 10, 1986
I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

John Jamieson, Jr., Reg. #29,546

[XX] four sheets of drawing. (informal)

[ ] An assignment of the invention to _____

[ ] A certified copy of a _____ application.

[XX] An associate power of attorney.

XX An unexecuted Declaration and Power of Attorney.
   A verified statement to establish small entity status under 37 CFR 1.9 and 37 CFR 1.27.

[X] This is a continuation-in-part of Serial No. 455,115 filed January 3, 1983. Please transfer the drawings from the prior application to this application and abandon said prior appln.
The filing fee has been calculated as shown below: application. as of the filing date accorded this appln.***

|  | (Col. 1) | (Col. 2) | SMALL ENTITY | | OR | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR: | NO. FILED | NO. EXTRA | RATE | FEE | OR | RATE | FEE |
| BASIC FEE | | | | $170 | OR | | $340 |
| TOTAL CLAIMS | 11 - 20 = | 0 | x 6 = | $ | OR | x 12= | $ 0 |
| INDEP CLAIMS | 3 - 3 = | 0 | x17 | $ | OR | x 34= | $ 0 |
| [ ] MULTIPLE DEPENDENT CLAIM PRESENTED | | | +55= | $ | OR | +110= | $ 0 |
|  | | | TOTAL | $ | OR | TOTAL | $340 |

* If the difference in Col. 1 is less than zero, enter "0" in Col. 2

[ ] Please charge my Deposit Account No. _____ in the amount of $_____. A duplicate copy of this sheet is enclosed.

[X] A check in the amount of $ 340.00 to cover the filing fee is enclosed.

[X] The Commissioner is hereby authorized to charge payment of the following fees associated with this communication or credit any overpayment to Deposit Account No. 23-3050. A duplicate copy of this sheet is enclosed.

   [XX] Any additional filing fees required under 37 CFR 1.16, including fees for presentation of extra claims.
   [XX] Any patent application processing fees under 37 CFR 1.17 and under 37 CFR 1.20.

[XX] The Commissioner is hereby authorized to charge payment of the following fees during the pendency of this application or credit any overpayment to Deposit Account No. 23-3050. A duplicate copy of this sheet is enclosed.

   [XX] Any patent application processing fees under 37 CFR 1.17 and under 37 CFR 1.20(d).
   [ ] The issue fee set in 37 CFR 1.18 at or before mailing of the Notice of Allowance, pursuant to 37 CFR 1.311(b).
   [XX] Any filing fees under 37 CFR 1.16 including fees for presentation of extra claims.

May 10, 1986
Date

(Attorney of Record) John Jamieson, Jr. Reg. No. 29,546

*** A duplicate copy of this sheet is enclosed for filing in the prior application file.

AX203844

FTO/SB/68 (11-00)
Approved for use through 10/31/99. OMB 0651-0031
Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(a)

| | In re Application of |  |
|---|---|---|
| ~~RECEIVED~~ SEP 1 3 2001 Files creation Unit | Application Number 06\455 115 | Filed 1-3-83 |
| | Group Art Unit | Examiner |

Paper No. #11

Assistant Commissioner for Patents
Washington, DC 20231

I hereby request access under 37 CFR 1.14(a)(3)(iv) to the application file record of the above-identified ABANDONED application, which is: (CHECK ONE)

✓ (A) referred to in United States Patent Number ___4802019___ column _____

____ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e., Application No. _____ filed _____ on page _____ of paper number _____

____ (C) an application that claims the benefit of the filing date of an application that is open to public inspection, i.e., Application No. _____ filed _____ or

____ (C) an application in which the applicant has filed an authorization to lay open the complete application to the public.

Please direct any correspondence concerning this request to the following address:

_____

_____

_____

_Henry Dus_
Signature

HENRY DUS,
Typed or printed name

9-13-01
Date

**AX203845**

| FOR FTO USE ONLY | |
|---|---|
| Approved by: | (initials) |
| Unit: | |

This form is estimated to take 0.2 hours to complete. Time may vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent

PTO/SB/68 (07-03)
Approved for use through 7/31/2003, OMB 6651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## REQUEST FOR ACCESS TO AN ABANDONED APPLICATION UNDER 37 CFR 1.14

| | In re Application of |
|---|---|

**RECEIVED**
MAR 2 1 2005
File Information Unit

Bring completed form to:
File Information Unit
Crystal Plaza Three, Room 1D01
2021 South Clark Plaza
Arlington, VA
Telephone: (703) 308-2733

| Application Number | Filed |
|---|---|
| 06/455,115 | 1/3/83 |

Paper No. __12__

I hereby request access under 37 CFR 1.14(a)(1)(iv) to the application file record of the above-identified ABANDONED application, which is identified in, or to which a benefit is claimed, in the following document (as shown in the attachment):

United States Patent Application Publication No. _____, page _____ line _____.

United States Patent Number __4802,0FR__ column _____, line _____, or

WIPO Pub. No. _____, page _____, line _____.

**Related Information about Access to Pending Applications (37 CFR 1.14):**
Direct access to pending applications is not available to the public but copies may be available and may be purchased from the Office of Public Records upon payment of the appropriate fee (37 CFR 1.19(b)), as follows:
For published applications that are still pending, a member of the public may obtain a copy of:
    the file contents;
    the pending application as originally filed; or
    any document in the file of the pending application.
For unpublished applications that are still pending:
  (1)  If the benefit of the pending application is claimed under 35 U.S.C. 119(e), 120, 121, or 365 in another application that has: (a) issued as a U.S. patent, or (b) published as a statutory invention registration, a U.S. patent application publication, or an international patent application publication in accordance with PCT Article 21(2), a member of the public may obtain a copy of:
    the file contents;
    the pending application as originally filed; or
    any document in the file of the pending application.
  (2)  If the application is incorporated by reference or otherwise identified in a U.S. patent, a statutory invention registration, a U.S. patent application publication, or an international patent application publication in accordance with PCT Article 21(2), a member of the public may obtain a copy of:
    the pending application as originally filed.

| Signature | Date 3/21/05 |
|---|---|
| Typed or printed name | |
| | RECEIVED ONLY |
| | MAR 2 1 2005 |
| | Approved by _____ (initials) |
| Registration Number, if applicable | File Information Unit |
| 703-486-1150 | |
| Telephone Number | |

This collection of information is required by 37 CFR 1.14. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. BRING TO: File Information Unit, Crystal Plaza Three, Room 1D01, 2021 South Clark Plaza, Arlington, VA.

AX203846

# United States Patent [19]

Harada et al.

[11] Patent Number: 4,802,019

[45] Date of Patent: Jan. 31, 1989

[54] PICTURE PROCESSING SYSTEM FOR SELECTIVE DISPLAY

[76] Inventors: Zenji Harada, 2-25-2, Uguisudai, Kawanishi-shi, Hyogo-ken; Osamu Teraoka, 13-7, Akasakadai 5-chome, Sakai-shi, Osaka; Tsuneo Mikado, 4-1-5-307, Shimomeguro, Meguro-ku, Tokyo, all of Japan

[21] Appl. No.: 862,041

[22] Filed: May 12, 1986

## Related U.S. Application Data

[63] Continuation-in-part of Ser. No. 455,115, Jan. 3, 1983, abandoned.

## [30] Foreign Application Priority Data

| | | |
|---|---|---|
| Jan. 11, 1982 [JP] | Japan | 57-2531 |
| Jan. 20, 1982 [JP] | Japan | 57-6971 |

[51] Int. Cl.4 ........................... H04N 5/76
[52] U.S. Cl. ........................... 358/335; 369/32; 360/10.1; 360/72.2; 360/33.1; 358/183; 340/707
[58] Field of Search ............. 369/30, 32; 360/10.1, 360/72.2, 33.1, 35.1, 9.1; 358/335, 183, 342, 22; 340/721, 723, 724, 731, 747, 707

## [56] References Cited

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,801,741 | 4/1974 | Ablst | 340/707 |
| 3,825,674 | 7/1974 | Justice | 358/183 |
| 4,058,340 | 11/1977 | Kasprzak | 360/35.1 |
| 4,070,710 | 1/1978 | Sukonick | 364/900 |
| 4,167,780 | 8/1979 | Grimsdale | 340/721 |
| 4,366,243 | 5/1981 | McCoy | 358/22 |
| 4,317,114 | 2/1982 | Walker | 340/721 |
| 4,321,635 | 3/1982 | Tsuyuguchi | 360/72.2 |
| 4,366,475 | 12/1982 | Kishi | 340/731 |
| 4,393,707 | 7/1983 | Satraps | 340/707 |
| 4,484,192 | 11/1984 | Seitz | 340/721 |

Primary Examiner—Alan Faber
Attorney, Agent, or Firm—Woodcock Washburn Kurtz Mackiewicz & Norris

## [57]     ABSTRACT

A picture processing system for displaying a plurality of still pictures recorded in a recording member. The recording member has index tracks for storing a series of information representative of a plurality of squeezed still pictures corresponding to the original still pictures. A group of squeezed still pictures is displayed in multiple segmented areas formed on an index screen accompanied by reference numerals. A light pen and a sensing circuit is provided for rearranging the index screen. The light pen detects the position of said segmented areas and intermediate regions respectively provided between two adjacent areas for processing the rearrangement.

9 Claims, 4 Drawing Sheets



FORM PTO-875

| U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. *455 115* | FILING DATE *1-3-83* |
|---|---|---|
| PATENT APPLICATION FEE DETERMINATION RECORD | APPLICANT (FIRST NAMED) *Harada et al* | |

## CLAIMS AS FILED – PART I

| FOR | NO. FILED | NO. EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN A SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | $150 | OR | | $300 |
| TOTAL CLAIMS | *3* -20= | *0* | x5= | $ | OR | x10= | $ |
| INDEP. CLAIMS | *1* -3= | *0* | x15= | $ | OR | x30= | $ |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT | | | +50= | $ | OR | +100= | $ |
| | | | TOTAL | $ | OR | TOTAL | *300* |

* If the difference in col. 1 is less than zero, enter "0" in col. 2

## CLAIMS AS AMENDED – PART II

| | (Col. 1) CLAIMS REMAINING AFTER AMENDMENT | (Col. 2) HIGHEST NO. PREVIOUSLY PAID FOR | (Col. 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDIT. FEE | OR | OTHER THAN A SMALL ENTITY RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|
| TOTAL | MINUS | | = | x5= | $ | OR | x10= | $ |
| INDEP. | MINUS | | = | x15= | $ | OR | x30= | $ |
| ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | +50= | $ | OR | +100= | $ |
| | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

| | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|
| TOTAL | MINUS | | = | x5= | $ | | x10= | $ |
| INDEP. | MINUS | | = | x15= | $ | | x30= | $ |
| ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | +50= | $ | | +100= | $ |
| | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

| | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|
| TOTAL | MINUS | | = | x5= | $ | | x10= | $ |
| INDEP. | MINUS | | = | x15= | $ | | x30= | $ |
| ☐ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | +50= | $ | | +100= | $ |
| | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

* If the entry in Col. 1 is less than the entry in Col. 2, write "0" in Col. 3.
** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest No. Previously Paid For" (Total or Indep.) is the highest number found in the appropriate box in col. 1.

AX203848



AX203849

## SEARCH NOTES

| | Date | Ex'r |
|---|---|---|
| | | |

## SEARCHED

| Class | Sub | Date | Ex'r |
|---|---|---|---|
| 340 | 721 | 1-8-88 | MB |
| | 723 | | |
| | 724 | | |
| | 731 | | |
| | 447 | | |
| | 707 | | |
| 358 | 22 | | |
| | 183 | | |
| 360 | 72.2 | | |

## INTERFERENCE SEARCHED

| Class | Sub | Date | Ex'r |
|---|---|---|---|
| | | | |

### PRINT CLAIM(S):

## INDEX OF CLAIMS

| Claim | | Date | Claim | | Date |
|---|---|---|---|---|---|
| Final | Original | 1-8-88 | | Final | Original |
| | 1 | | | 26 | |
| | 2 | | | 27 | |
| | 3 | | | 28 | |
| | 4 | | | 29 | |
| | 5 | | | 30 | |
| | 6 | | | 31 | |
| | 7 | | | 32 | |
| | 8 | | | 33 | |
| | 9 | | | 34 | |
| | 10 | | | 35 | |
| | 11 | ✓ | | 36 | |
| | 12 | | | 37 | |
| | 13 | | | 38 | |
| | 14 | | | 39 | |
| | 15 | | | 40 | |
| | 16 | | | 41 | |
| | 17 | | | 42 | |
| | 18 | | | 43 | |
| | 19 | | | 44 | |
| | 20 | | | 45 | |
| | 21 | | | 46 | |
| | 22 | | | 47 | |
| | 23 | | | 48 | |
| | 24 | | | 49 | |
| | 25 | | | 50 | |

AX203850

| SYMBOLS | | STATUS |
|---|---|---|
| ✓ | .................... | Rejected |
| = | .................... | Allowed |
| –(Through numeral) | | Canceled |
| + | .................... | Restriction requirement |
| N | .................... | Nonelected invention or species |
| I | .................... | Interference |
| A | .................... | Appeal |
| O | .................... | Objected |