

9/c
Williams
6-8-88

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

ZENJI HARADA, ASAMU TERAOKA
AND TSUMEO MIKADA

Serial Number: 862,041                    Group Art Unit:  235

Filed: May 12, 1986                       Examiner:  A. Farber

For:  PICTURE PROCESSING SYSTEM

Hon. Commissioner of Patents
and Trademarks
Washington, D.C.  20231

Dear Sir:

<u>AMENDMENT</u>

In response to the official Office Action dated December
23, 1987, having a shortened statutory period expiring March 23,
1988 and extended by petition enclosed herewith until May 23,
1988, please amend the above-identified application as follows.

<u>In the Specification:</u>

Page 12, line 6, please delete "thining" and substitute
--address-- therefor.

line 20, please delete "331" and substitute
--3--therefor.

<u>In the Claims:</u>

1. --(Amended)-- A picture processing system comprising a
recording member in which a plurality of full TV screen still
picture digital signals is recorded, each signal corresponding to
a different still picture, and a monitoring means for reproducing

-1-

AX203906

TS-39

one of said still picture digital signals and displaying the
corresponding still picture on a screen, said recording member
having an index recording portion in which a second plurality of
digital signals is recorded, each digital signal of the second
plurality corresponding to a reduced still picture and one reduced
still picture digital signal being provided for each still
picture, and said monitoring means including:  index memory means
for storing a group of reduced still picture digital signals from
said recording member in predetermined memory locations as a
single full TV screen index picture; circuit means for coupling
the index memory means and said screen to display the group of
said reduced still pictures stored in said index memory means in
multiple segmented areas on said screen as an index picture;
selecting means for designating multiple segmented areas on said
screen to select reduced still pictures displayed in said areas;
a detecting circuit for detecting the position of segmented areas
designated by said selecting means on the basis of horizontal and
vertical sync signals for said screen, said detecting circuit
including means for detecting intermediate regions respectively
provided between adjacent segmented areas on said screen; and
memory control means for rearranging the locations of said reduced
still picture signals stored in said index memory means on the
basis of the output of said selecting means to rearrange the
location of reduced still pictures in said index picture, said
memory control means receiving a detecting signal corresponding to

-2-

**AX203907**

TS-39

one of said intermediate regions for rearranging the contents of
said index memory so that a selective one of said displayed
reduced still pictures is interposed between two adjacent reduced
pictures by designating an intermediate region between said two
adjacent reduced pictures displayed on said screen.

2.   (Amended). A picture processing system according to
claim 1, wherein said selecting means further comprises a light
pen, said [and a] detecting circuit [for] detecting the position
of said segmented areas designated by said light pen on the basis
of horizontal and vertical sync signals [siganls] for said screen.

Please cancel Claim 4 without prejudice to the
applicants.

6.   (Amended)  A picture system comprising:

a recording member in which a plurality of still
picture signals are recorded; and

a monitoring means for reproducing one of said
recorded still picture signals for displaying said one still
picture on a screen,

said recording member having an index recording
portion in which a series of reduced picture signals
representative of a plurality of reduced still pictures, each of
which correspond to each of said still pictures, is recorded,

a group of said reduced still pictures being
selectively displayed in multiple segmented areas formed on said
screen as an index to said still pictures, said monitoring means

-3-

AX203908

TS-39

comprising selecting means of a type operative by directly
pointing to the surface of said screen for designating one of said
multiple segmented areas to select one of said reduced still
pictures, and a detecting circuit for detecting the position of
said segmented areas designated by said selecting means on the
basis of horizontal and vertical sync signals for said screen,
said detecting circuit including means for detecting intermediate
regions respectively provided between adjacent segmented areas on
said screen, a detecting output thereof being utilized to
rearrange the arrangement of said reduced still pictures on said
screen, and said monitoring means having a random access
reproduction function to reproduce one of designated still
pictures in response to designation with said selecting means.

        7.   (Amended)  A picture processing system according to
claim 6, wherein said selecting means further comprises a light
pen, said [and a] detecting circuit [for] detecting the position
of said segmented areas designated by said light pen on the basis
of horizontal and vertical sync signals for said screen.

        Claim 8, line 2, after "means", please insert
--further--.

        Please cancel claim 9 without prejudice to the
applicants.

        9 A.   (Amended)  A picture processing system comprising:
        a random access recording and playback member
having a main recording portion in which a plurality of still

                                -4-

AX203909

TS-39

picture signals are electronically recorded and an index recording
portion in which a plurality of reduced still picture signals are
electronically recorded, each of the reduced still pictures
corresponding to a different one of said still pictures; and

a monitoring means including: a screen for
displaying either a group of said reduced still pictures in
multiple segmented areas formed on said screen as an index to said
still pictures or one of said still pictures; selecting means for
designating one of said multiple segmented areas to select the
reduced still picture displayed therein by directly pointing to
the surface of said screen, and for controlling said random access
recording and playback member; [and] means for electronically
recording the signal of the one still picture corresponding to the
selected one of said reduced still pictures; and a detecting
circuit for detecting the position of said segmented areas
designated by said selecting means on the basis of horizontal and
vertical sync signals for said screen, said detecting circuit
including means for detecting intermediate regions respectively
provided between adjacent segmented areas on said screen, a
detecting output thereof being utilized to rearrange the
arrangement of said reduced still pictures on said screen.

REMARKS

The specification has been amended to correct minor
informalities. Claims 1-2, 6-8 and 11 have been amended. Claims
4 and 9 have been cancelled without prejudice to the applicants.

-5-

AX203910

TS-39

With respect to the Examiner's inquiry regarding "disk drive 331", the applicants note that page 12 of the Specification contained a purely typographical error and the passage noted by the Examiner was intended to read "disk drive 3".

With respect to the Examiner's comment regarding the failure of the co-assignee to appraise the Examiner of the existence of related co-pending patent application S.N. 767,655 during the prosecution of patent application S.N. 455,115 (the parent of the present application), the applicants note that S.N. 455,115 made reference at page 3, lines 7-17 to patent application S.N. 437,317, the parent of the afore-noted continuation application S.N. 767,655. The applicants apologize for any failure on their part to update the background of S.N. 455,115 during the approximately six months that S.N. 455,115 and 767,655 were co-pending. It is most likely that the applicants would have updated S.N. 455,115 had any paper apart from a request for an extension of time been filed during the aforementioned period of copendency. Furthermore, the applicants note that in view of the abandonment of S.N. 767,655 and the citation to the Examiner during the prosecution of S.N. 455,115 of all references identified during the prosecution of S.N. 433,317, it is submitted that it is unlikely that there is any uncited art which a reasonable Examiner would consider relevant to a decision as to whether to allow the present application to issue as a patent.

This application has been carefully considered in view

-6-

AX203911

TS-39

of the rejection of Claims 1-11 under 35 U.S.C. § 103.
Reconsideration and allowance is respectfully requested in view of
the following.

Claims 1-11 stand rejected under 35 U.S.C. § 103 as
obvious over Tsuyuguchi (U.S. Patent No. 4,321,635) in view of
Kishi et al (U.S. Patent No. 4,366,475), the Examiner stating the
Tsuyuguchi shows a recording member 22, a monitor 110 and index
(col. 7, lines 38-60) and further that the use of picture
reduction, storage, and selection are mere design. See Kishi. In
response, the applicants respectfully submit that the present
invention as defined by the pending claims is neither taught nor
suggested by the cited references. Accordingly, the
reconsideration and withdrawal of the rejection of claims 1-3, 5-8
and 10-11 is respectfully requested.

In the present invention, an input video signal is
converted to a series of digital signals and the still picture
information of one color frame is written into a picture memory.
The outputs of the picture memory are supplied to a disk-type
recording-reproducing apparatus for recording. The outputs of the
picture memory are also provided to a "squeezer" or reducer
circuit. The reducer circuit reduces the picture size to one-
sixteenth of the original size by thinning or removing three out
of four scanning lines as well as three out of four sampling
points. The outputs of the reducer circuit are fed to the disk-
type recording-reproducing apparatus and recorded in tracks

-7-

AX203912

TS-39

assigned for index recording.

The index track supplies a signal to a screen of a monitor TV which is divided into a plurality of segments where each of the "squeezed" or reduced information still pictures is displayed on one of the segments. A picture information may then be selected for viewing by selecting a segment of the screen containing the corresponding reduced information picture. In such a manner, applicant has invented a picture processing system which accomplishes quick selection of stored pictures from a plurality of reduced information still pictures provided on an index screen.

Between segments, the index screen is further provided with intermediate regions for use when insertion or replacement of reduced information pictures is desired. The intermediate regions can be represented by gate signals produced on the basis of horizontal and vertical sync signals and detected depending on the gate signals at the time when the intermediate regions are designated by selecting means. The reduced information picture to be inserted between two reduced information pictures on the index screen is first designated by the selecting means. The selecting means then designates the intermediate region between the two reduced information pictures. In such a manner, the applicants have provided a picture processing system where the simple and accurate insertion of a selected pictures into a desired picture position between still pictures arranged on the index screen.

While the Examiner correctly notes that Tsuyuguchi

-8-

AX203913

TS-39

includes a recording member, a monitor and an index, Tsuyuguchi
may not be characterized as teaching or suggesting applicants'
claimed index. Tsuyuguchi discusses the use of a visual index to
information streams only as a visual summary of the contents of
the record disk comprised of visual images. The visual index of
Tsuyuguchi is thus <u>unrelated to the actual digital data stored in
memory</u>. What Tsuyuguchi proposes is a visual index suggestive of
the information contained in the stored digital data. For
example, Tsuyuguchi describes a situation example where the
information recorded on the record disk is human anatomy. It is
suggested that the visual index may contain a human head, hand or
leg to represent various information streams on the record disk.
Tsuyuguchi is silent as to any teaching or suggestion that the
proposed index contains selected portions of the digital data
actually recorded.

In contrast, applicants' invention includes a recorded
index comprised of a multiplicity of stored picture information,
each stored picture information comprised of a set of digital
signals <u>which represent a sampling of the digital signals which
make up the corresponding still pictures stored in the memory</u>.
The sampled digital signals are selected such that the display of
those signals will effectively result in what will appear to be a
reduced imaging of the actual contents of the memory. Tsuyuguchi
is silent as to any suggestion that the disclosed visual images
would be comprised of selected digital signals sampled from the

-9-

AX203914

TS-39

series of digital signals which make up the actual image.

Similarly, Tsuyuguchi is silent as to any teaching or suggestion of applicants' claimed means for detecting intermediate regions provided between adjacent segmented areas on the screen and memory control means for rearranging the locations of the reduced still information picture signals on the index picture by a detecting signal corresponding to an intermediate region for rearranging the contents of the index memory so that a selective one of the reduced pictures is interposed between two adjacent reduced pictures displayed on the screen.

Nor may the Kishi et al reference be properly relied upon for the teachings of the present invention that cannot be found within Tsuyuguchi. For example, the Examiner suggests that Kishi et al teaches picture reduction. However, column 3, lines 48-61 of Kishi et al clearly indicate that Kishi et al accomplishes such picture reduction by reducing the scale of the display and not by selective removal of data. Further, while the Examiner suggests that Kishi et al teaches storage and selection of pictures, the Examiner does not and cannot state that Kishi et al teaches or suggests any rearranging of a reduced information picture between adjacent reduced information pictures on an index screen by a detecting signal provided by the use of an intermediate regions between the adjacent pictures. Such a teaching is nowhere suggested by Kishi et al.

Finally, the applicants respectfully submit that the

-10-

AX203915

TS-39

Examiner has failed to set forth a prima facie case of obviousness. Obviousness is determined by what the combined teachings of the references would have suggested to those of ordinary skill in the art. In re Fine, __ F.2d __, 5 U.S.P.Q.2d 1596 (Fed. Cir. 1988). While Tsuyuguchi teaches a visual index for digital data, there is no teaching or suggestion of a visual index containing selected portions of actual stored digital data. Similarly, while Kishi et al may suggest the reducing of images, there is no suggestion of any type of reduction other than by reducing scales. As none of the references cited by the Examiner teach or suggest the use of intermediate regions between the index segments to achieve the rearranging of information displayed by the index, it is respectfully submitted that applicants' invention as defined by claims 1-3, 5-8 and 10-11 is neither taught nor suggested by any combination of the cited references.

For all the above reasons, applicants respectfully submit that the claims 1-3, 5-8 and 10-11, as above amended, are patentably distinguishable over the prior art cited by the Examiner. Accordingly, applicants respectfully request the reconsideration and withdrawal of the Examiner's rejection of claims 1-3, 5-8 and 10-11 and the allowance of claims 1-3, 5-8 and 10-11. In light of the above amendment and remarks, the present

-11-

AX203916

TS-39

application is in a form for allowance.  Accordingly, prompt
action is respectfully requested.

Respectfully submitted,

Michael S. Bush
Registration  31,745

Date: *May 23, 1988.*

WOODCOCK WASHBURN KURTZ
  MACKIEWICZ & NORRIS
One Liberty Place--46th Floor
Philadelphia,  PA    19103

(215)  568-3100

-12-

AX203917



UNITED STATE    PARTMENT OF COMMERCE
Patent and Trade.   rk Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 06/862,041 | 05/12/86 | HARADA | Z | TS-39 |

```
┌                                                      ┐
  WOODCOCK, WASHBURN, KURTZ,
  MACKIEWICZ & NORRIS
  ONE LIBERTY PLACE
  PHILADELPHIA , PA. 19103
└                                                      ┘
```

| EXAMINER | |
|---|---|
| FABER, A | |
| ART UNIT | PAPER NUMBER |
| 235 | 10 |

DATE MAILED:
08/08/88

## NOTICE OF ALLOWABILITY

**PART I.**
1. ☑ This communication is responsive to _5/27/88_
2. ☑ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.
3. ☑ The allowed claims are _1-3, 5-8, 10, 11_
4. ☐ The drawings filed on _____ are acceptable.
5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [..] been received. [..] not been received. [..] been filed in parent application Serial No. _____ filed on _____
6. ☐ Note the attached Examiner's Amendment.
7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.
8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**
A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. ☐ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____. CORRECTION IS REQUIRED.
   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. ☐ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

**Attachments:**
_ Examiner's Amendment
_ Examiner Interview Summary Record, PTOL-413
_ Reasons for Allowance
_ Notice of References Cited, PTO-892
_ Information Disclosure Citation, PTO-1449

_ Notice of Informal Application, PTO-152
_ Notice re Patent Drawings, PTO-948
_ Listing of Bonded Draftsmen
_ Other

ALAN FABER
PRIMARY EXAMINER
ART UNIT 235

**AX203918**

PTOL-37 (REV. 2-85)                                                                USCOMM-DC 85-3744

TOL-85 REV 4-60



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

## NOTICE OF ALLOWANCE
## AND ISSUE FEE DUE

┌
WOODCOCK, WASHBURN, KURTZ,
MACKIEWICZ & NORRIS
ONE LIBERTY PLACE
PHILADELPHIA , PA. 19103
                                                     ┐

All communications regarding this
application should give the serial
number, date of filing, name of
applicant, and batch number.

Please direct all communications
to the Attention of "OFFICE OF
PUBLICATIONS" unless advised
to the contrary.

The application identified below has been examined and found allowable
for issuance of Letters Patent. PROSECUTION ON THE MERITS IS CLOSED.

| SC/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 06/862,841 | 05/12/86 | 009 | FABER, A | 235 | 08/08/88 |

First Named Assignee: HARADA, ZENJI

TITLE OF INVENTION: PICTURE PROCESSING SYSTEM FOR SELECTIVE DISPLAY
(AS AMENDED)

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| TS-39 | 35B-335.100 | L19 | UTILITY | NO | $560.00 | 11/08/88 |

The amount of the issue fee is specified in 37 C.F.R. 1.18. If the applicant qualified for and has filed a verified statement of small entity status in accordance with 37 C.F.R. 1.27, the issue fee is one-half the amount for non-small entities. The issue fee due printed above reflects applicant's status as of the time of mailing this notice. A verified statement of small entity status may be filed prior to or with payment of the issue fee. However, in accordance with 37 C.F.R. 1.28, failure to establish status as a small entity prior to or with payment of the issue fee precludes payment of the issue fee in the amount as established for small entities and precludes a refund of any portion thereof paid prior to establishing status as a small entity.

THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE as indicated above. The application shall otherwise be regarded as ABANDONED. The issue fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office. Where an authorization to charge the issue fee to a deposit account has been filed before the mailing of the notice of allowance, the issue fee is charged to the deposit account at the time of mailing of this notice in accordance with 37 C.F.R. 1.311. If the issue fee has been so charged, it is indicated above.

In order to minimize delays in the issuance of a patent based on this application, this Notice may have been mailed prior to completion of final processing. The nature and/or extent of the remaining revision or processing requirements may cause slight delays of the patent. In addition, if prosecution is to be reopened, this Notice of Allowance will be vacated and the appropriate Office action will follow in due course. If the issue fee has already been paid and prosecution is reopened, the applicant may request a refund or request that the fee be credited to a deposit account. However, applicant may request that the previously submitted issue fee be applied. If abandoned, applicant may request refund or credit to a deposit account.

In the case of each patent issuing without an assignment, the complete post office address of the inventor(s) will be printed in the patent heading and in the Official Gazette. If the inventor's address is now different from the address which appears in the application, please fill in the information in the spaces provided on PTOL-85b enclosed. If there are address changes for more than two inventors, enter the additional addresses on the reverse side of the PTOL-85b.

The appropriate spaces in the ASSIGNMENT DATA section of PTOL-85b must be completed in all cases. If it is desired to have the patent issue to an assignee, an assignment must have been previously submitted to the Patent and Trademark Office or must be submitted not later than the date of payment of the issue fee as required by 37 C.F.R. 1.334. Where there is an assignment, the assignee's name and address must be provided on the PTOL-85b to ensure its inclusion in the printed patent.

Advance orders for 10 or more printed copies of the prospective patent can be made by completing the information in Section 4 of PTOL-85b and submitting payment therewith. If use of a deposit account is being authorized for payment, PTOL-85c should also be forwarded. The order must be for at least 10 copies and must accompany the issue fee. The copies ordered will be sent only to the address specified in section 1 or 1A of PTOL-85b.

☐ Note attached communication from the Examiner.

☐ This notice is issued in view of
   applicant's communication filed _____

**IMPORTANT REMINDER**

Patents issuing on applications filed on or after Dec. 12,
1980 may require payment of maintenance fees. See 37 CFR
1.20 (e) — (j).

# AX203919

TS-39
PTOL-85b (REV 4-86)

566 .12-B

**U.S. Department of Commerce**
Patent and Trademark Office

**ISSUE FEE TRANSMITTAL**

This form is provided in lieu of a formal transmittal and should be used for transmitting the Issue Fee. Sections 1A through 4 must be completed as appropriate.

INVENTOR'S NAME CHANGE    SC/SERIAL NO

CO-INVENTOR'S NAME

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231 on 11/08/88

11/8/88
Date

Attorney for Applicant(s)
Michael S. Bush
Signature
Registration No. 31,745

**MAILING INSTRUCTIONS**
All further correspondence including the Issue Fee Receipt the Patent, and advanced orders will be mailed to the addressee entered in section 1 on PTOL-85c, unless you direct otherwise by specifying the appropriate name and address in 1A below, OR Correspondence concerning this application is being directed to:

1B. THE COMMISSIONER OF PATENTS AND TRADE-MARKS is requested to apply the Issue Fee to the application identified below.

Michael Bush  11/8/88
(Signature of party in interest of record)  (Date)
Michael S. Bush
Registration No. 31,745      11/08/88

Note: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

☐ Check if additional changes are on reverse side

Street Address
Date

City, State and ZIP Code

| SC/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 06/862,041 | 05/12/86 | 009 | FABER, A | 235 | 08/08/88 |

First Named Applicant: HARADA,  ZENJI

TITLE OF INVENTION: PICTURE PROCESSING SYSTEM FOR SELECTIVE DISPLAY (AS AMENDED)

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| TS-39 | 358-335.100 | L19 | UTILITY | NO | $560.00 | 11/08/88 |

1A. Further correspondence to be mailed to the following:

2B. For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR, alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed.

1  Woodcock Washburn Kurtz Mackiewicz & Norris,

2 _____

3 _____

**DO NOT USE THIS SPACE**

080  11/14/88  862041

1 142       560.00 CK

3. ASSIGNMENT DATA (print or type)
N 10112  11/15/88  862041  23-3050  010

A. (1)☒ This application is NOT assigned.
   (2)☐ Assignment previously submitted to the Patent and Trademark Office.
   (3)☐ Assignment submitted herewith.

B. For Printing On The Patent: (Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data below is only appropriate when an assignment has been previously submitted to the PTO or is submitted herewith. Completion of this form is NOT a substitute for filing of an assignment as required by 37 C.F.R. 1.334).

(1) NAME OF ASSIGNEE:

(2) ADDRESS: (City & State or Country):

(3) STATE OF INCORPORATION, IF ASSIGNEE IS A CORPORATION:

4. The following fees are enclosed:
☒ Issue fee  18.00 CK  ☐ Advanced order  ☐ Assignment recording

The following fees should be charged to deposit acc. no. ___23-3050___
(PTOL-85c or additional copy of PTOL-85b must be enclosed)
☐ Issue fee           ☐ Assignment recording
☐ Advanced order      ☒ Any additional fees due

Number of advanced order copies requested. ___12___
(must be for 10 or more copies)

5. All correspondence relating to maintenance fees will be addressed to the correspondence address unless a separate "Fee Address" is provided to the Patent and Trademark Office (37 C.F.R. 1.363). A "Fee Address" may be submitted by the owner of record with the payment of the Issue fee or thereafter by using form PTO-1537.

**TRANSMIT THIS FORM WITH FEE**

AX203920



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/862,091 | 05/12/86 | HARADA | TS-39 |

┌ WOODCOCK, WASHBURN, KURTZ,
MACKIEWICZ & NORRIS
ONE LIBERTY PLACE
PHILADELPHIA, PA. 19105 ┐

| EXAMINER | |
|---|---|
| FABER, A | |
| ART UNIT | PAPER NUMBER |
| 235 | 11 |

DATE MAILED:                    08/30/88

*Supplemental*

**NOTICE OF ALLOWABILITY**

**PART I.**
1. ☑ This communication is responsive to 5/27/88
2. ☑ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.
3. ☑ The allowed claims are 1-3, 5-8, 10, 11
4. ☐ The drawings filed on _____ are acceptable.
5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [...] been received. [...] not been received. [...] been filed in parent application Serial No. _____ filed on _____.
6. ☐ Note the attached Examiner's Amendment.
7. ☐ Note the attached Examiner Interview Summary Record, PTOL-413.
8. ☐ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**
A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. ☑ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. ☑ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. 7. CORRECTION IS REQUIRED.
   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. ☐ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
_ Examiner's Amendment
_ Examiner Interview Summary Record, PTOL-413
_ Reasons for Allowance
_ Notice of References Cited, PTO-892
_ Information Disclosure Citation, PTO-1449

_ Notice of Informal Application, PTO-152
_ Notice re Patent Drawings, PTO-948
_ Listing of Bonded Draftsmen
_ Other

ALAN FABER
PRIMARY EXAMINER
ART UNIT 235

**AX203921**



DOCKET NO. TS-39

Issue Batch :
    No.:    L19

88 SEP 20 AM 10: 58

RECEIVED
PATENT & TRADEMARK OFFICE
DRAFTING BRANCH

Date of Notice
of Allowance:  8/8/88

Serial No.   :  862,041

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

ZENJI HARADA, et al.

Serial Number:  862,041

Filed:  May 12, 1986

Group Art Unit:  235

Examiner:  A. Faber

For:  PICTURE PROCESSING SYSTEM

Box Issue Fee
Hon. Commissioner of Patents
    and Trademarks
Washington, D.C.  20231

TRANSMITTAL LETTER TO OFFICIAL DRAFTSMAN

Dear Sir:

Enclosed is __1__ sheet of formal drawings relating to the
above-identified patent application.  The remaining __3__ sheets
of formal drawings were submitted at the date of filing of the
parent of the present application and have since been transferred
to the present case.

This Letter and the enclosed drawing each bear the Issue
Batch No., date of the Notice of Allowance and Serial Number of
the application.  Please charge any comparison fees to our Deposit
Account No. 23-3050.

In view of the above, the present application is believed to
be in condition for issuance.

Respectfully submitted,

Michael S. Bush
Registration No.  31,745

Date:  September 14, 1988

WOODCOCK WASHBURN KURTZ
    MACKIEWICZ & NORRIS
1 Liberty Place--46th Floor
Philadelphia,  PA  19103
(215) 568-3100

September 14, 1988

AX203922

FIG. 1

AX203923

U.S. Patent        Jan. 31, 1989        Sheet 2 of 4        4,802,019



FIG.2

FIG.3

AX203924

U.S. Patent     Jan. 31, 1989     Sheet 3 of 4     4,802,019

## FIG. 4

| 1 | 5 | 2 | 3 |
|---|---|---|---|
| 4 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 |

~14

## FIG. 5



AX203925



FIG. 6

AX203926

PATENT APPLICATION SERIAL NO. **862041**

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

050  05/16/86 ·862041                    1 101.    340.00 CK

AX203927



AX203928

FORM PTO-875
(REV. 1-96)

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

SERIAL NO. 842041

FILING DATE 51281

**PATENT APPLICATION FEE DETERMINATION RECORD**

APPLICANT (FIRST NAMED) Zenji Haradasta

| FOR: | NO. FILED | NO. EXTRA | | RATE | FEE | OR | RATE | FEE |
|------|-----------|-----------|---|------|-----|----|----|-----|
| BASIC FEE | | | | | $170 | OR | | $340 |
| TOTAL CLAIMS | 11 | -20= | 0 | X8= | $ | OR | X12= | $ 0 |
| INDEP. CLAIMS | 3 | -3- | | X17= | $ | OR | X34= | $ 0 |
| :1 MULTIPLE DEPENDENT CLAIM PRESENT | | | | X86= | $ | OR | X110= | $ 0 |
| * If the difference in col. 1 is less than zero, enter "0" in col. 2 | | | | TOTAL | | OR | TOTAL | 340 |

**CLAIMS AS AMENDED - PART II**

|  | | (1) | | (2) | (3) | | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|-----|---|-----|-----|---|------|------------|----|----|-----------|
| AMENDMENT A | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | | | | | | |
| | TOTAL | * | MINUS | ** | | | x6= | $ | | x18= | $ |
| | INDEP. | * | MINUS | *** | | | x15= | $ | | x30= | $ |
| | :1 FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | | | +50= | | | +100= | |
| | | | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

|  | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE | ADDIT. | OR | RATE | ADDIT. FEE |
|---|---|-----|---|-----|-----|---|------|------------|----|----|-----------|
| AMENDMENT B | TOTAL | * | MINUS | ** | | | x5= | | | x16= | $ |
| | INDEP. | * | MINUS | *** | | | x18= | | | x30= | $ |
| | □ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | | | +50= | | | +100= | $ |
| | | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL | $ |

|  | | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|-----|---|-----|-----|---|------|------------|----|----|-----------|
| AMENDMENT C | TOTAL | * | MINUS | ** | | | x5= | $ | | | |
| | INDEP. | * | MINUS | *** | | | x18= | $ | | +100= | |
| | □ FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | | | +50= | $ | | | |
| | | | | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

* If the entry in Col. 1 is less than the entry in Col. 2, write "0" in Col. 3.
** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest No. Previously Paid For" (Total or Indep.) is the highest number found in the appropriate box in Col. 1.

AX203929

AX203930



AX203931

EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


AMPEX CORPORATION,

       Plaintiff,

    vs.                         C.A. No. 04-1373(KAJ)

EASTMAN KODAK COMPANY,

ALTEK CORPORATION, and

CHINON INDUSTRIES, INC.,

       Defendants.


DEPOSITION OF


YOSHIJI HARADA


---------------------------------

February 17, 2006


# CERTIFIED COPY


REPORTED BY:  JANIS L. JENNINGS CSR NO. 3942

JOB No. 2001-377878



**LEGALINK**
A **WORDWAVE** COMPANY

LegaLink San Francisco       tel (415) 357-4300    www.legalink.com
575 Market Street, 11th Floor    tel (800) 869-9132
San Francisco, CA 94105       fax (415) 357-4301

GLOBAL COURT REPORTING · LEGAL VIDEOGRAPHY · TRIAL SERVICES

YOSHIJI HARADA          February 17, 2006

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF DELAWARE

 3

 4    AMPEX CORPORATION,

 5              Plaintiff,

 6       vs.                        C.A. No. 04-1373(KAJ)

 7    EASTMAN KODAK COMPANY,

      ALTEK CORPORATION, and

 8    CHINON INDUSTRIES, INC.,

 9              Defendants.

10

11

12                        --oOo--

13       BE IT REMEMBERED that, pursuant to Notice, and on

14    Friday, February 17, 2006, commencing at the hour of

15    9:45 a.m., at ROPES & GRAY LLP, 525 University Avenue,

16    Suite 300, Palo Alto, California, before me, JANIS L.

17    JENNINGS, a Certified Shorthand Reporter, License No.

18    3942, State of California, personally appeared

19                     YOSHIJI HARADA

20

21    called as a witness by Plaintiff, who, having been first

22    duly sworn, was examined and testified as follows:

23                        --oOo--

24

25
```

2

YOSHIJI HARADA                    February 17, 2006

```
 1    BY MR. BEAMER:

 2        Q.    When you say that the memory retained the

 3    images without erasing memory, what do you mean?

 4        A.    So, for example, you can take a look at the

 5    drawing on page 4650, or you could can look at the other

 6    drawing.  But if you change the order of the index or

 7    change the order, so if these all 16 windows are field

 8    by pictures and then if you want to put the image on the

 9    first column or --

10              INTERPRETER FIELD:  Position.

11              THE WITNESS:  -- first position.  You have to

12    make it available.  You have to make the first position

13    available for the picture we want to move.

14              So you have to -- if you erase the picture on

15    the first position without recording it to memory, then

16    if you want to use it later, you have to read it from

17    the disk one more time.  So without erasing that picture

18    in the memory, we keep it in the memory.  That's what I

19    meant.

20    BY MR. BEAMER:

21        Q.    So your invention included the idea of being

22    able to rearrange these reduced size pictures in memory

23    without reading them out of disk again; is that correct?

24        A.    Yes.

25        Q.    And did part of your invention also include
```

32

YOSHIJI HARADA                    February 17, 2006

```
 1        Q.    Given just figure 1 and its description in the

 2   application that we've been looking at, would someone be

 3   able to make and use a size reducer in this type of

 4   circuit without any trouble?

 5        A.    I would say it was easy to make around this

 6   time of the period.

 7        Q.    Would you turn to the page last three digits

 8   831 of Exhibit 3.  Starting on the third line of this

 9   page there's a reference to a BBD circuit which has 58

10   line registers.  Do you know what that's referring to?

11        A.    I first have to read this.

12        Q.    Do you want more to be read?

13        A.    I think this refers to reduced size picture of

14   one fourth of a line.

15              INTERPRETER FIELD:  One fourth of the lines.

16              INTERPRETER SELLAND:  Oh, the lines.

17   BY MR. BEAMER:

18        Q.    What is a BBD circuit?

19        A.    I have no recollection about this portion.

20        Q.    Have you heard -- are you familiar with the

21   term bucket brigade device?

22        A.    Yes, I have heard of it.  Charge coupled

23   device, it is also called a charge coupled device and

24   then it transfers data as if like a bucket brigade.  It

25   passes data like bucket brigade.
```

66

YOSHIJI HARADA          February 17, 2006

1      Q.    And the frame would be written into picture

2    memory 8 because you had selected in this case image 12?

3      A.    Yes.  It would have been called.

4      Q.    And looking at item 11 in figure 1, what is

5    that?

6      A.    That is what is performing the reordering or

7    rearrangement control.

8      Q.    And what was inside box 11 in order to do that

9    control?

10     A.    Well, all that was in there was a control

11   board.  Do I need to go into all of that?

12     Q.    Well, control board, does that mean a

13   microprocessor?

14     A.    Yes.  It did have a microprocessor.

15     Q.    And did any of the other components shown in

16   figure 1 contain a microprocessor?

17     A.    Yes.

18     Q.    Which other ones?

19     A.    We used one in the reducer.

20     Q.    That's item 4?

21     A.    Yes.  We used lots of them actually otherwise,

22   too.  I think we used about 30.

23     Q.    And just from looking at figure 1, how can you

24   tell that there's a microprocessor in box 11?

25     A.    I told the person who was building this

91

EXHIBIT 7

Redacted

# EXHIBIT 8

1

09:07:25  1

09:07:25  2    IN THE UNITED STATES DISTRICT COURT

3    FOR THE DISTRICT OF DELAWARE

4    ------------------------------------x

5    AMPEX CORPORATION,

6                          Plaintiff,         ORIGINAL

C.A. No.

7         -against-            04-1373-KAJ

8    EASTMAN KODAK COMPANY, ALTEK CORPORATION

and CHINON INDUSTRIES, INC.,

9

Defendants.

10

------------------------------------x

11                      May 3, 2006

9:35 a.m.

12

13

14        Videotaped Deposition of BRAD A. MYERS,

15    taken by Plaintiff, pursuant to Notice, at the

16    offices of Ropes & Gray, 1251 Avenue of the

17    Americas, New York, New York, before TAMMEY M.

18    PASTOR, a Registered Professional Reporter,

19    Certified LiveNote Reporter and Notary Public

20    within and for the State of New York.

21

22

23

24

25

 LEGALINK®
A MERRILL COMPANY

420 Lexington Ave
Suite 2108
New York, NY 10170

tel (212) 557-7400
tel (800) 325-3376
fax (212) 692-9171

www.merrillcorp.com

GLOBAL COURT REPORTING · LEGAL VIDEOGRAPHY · TRIAL SERVICES

BRAD A. MYERS

09:56:48  1
09:56:52  2    control circuit 11 to be lacking in written
09:56:55  3    description and/or not enabled?
09:57:29  4         A.    As I recall that is what the
09:57:30  5    examiner said.
09:57:33  6         Q.    Is it your opinion that the
09:57:37  7    memory replacement control circuit 11 was
09:57:41  8    sufficiently disclosed in the parent
09:57:43  9    application to the Harada patent?
09:57:46 10         A.    Yes.
09:57:49 11         Q.    Am I correct then that you
09:57:50 12    disagree with the patent examiner as to
09:57:52 13    whether memory replacement control circuit 11
09:57:56 14    was properly disclosed in the parent
09:57:58 15    application to the Harada patent?
09:58:00 16         A.    Yes.
09:58:16 17         Q.    Referring again to figure 1 of
09:58:18 18    the Harada patent.  Can you look locate on
09:58:28 19    this figure a random access memory situated
09:58:32 20    between squeezer 4 and disk
09:58:35 21    producing/recording box 3?
09:58:58 22         A.    As I explain in my report in
09:59:00 23    paragraphs 101 through 107 I think one of
09:59:11 24    ordinary skill in the art would understand
09:59:13 25    that memory would be there, even though it is

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on May 31, 2006, I caused to be electronically

filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of

such filing(s) to the following:

> Paul M. Lukoff, Esquire
> David E. Brand, Esquire
> Prickett, Jones & Elliott, P.A.

and that I caused copies to be served upon the following in the manner indicated:

### BY HAND

> Paul M. Lukoff, Esquire
> Prickett, Jones, Elliott, P.A.
> 1310 King Street
> Wilmington, DE 19899

### BY FEDERAL EXPRESS

> Michael J. Summersgill, Esquire
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109

> */s/ Julia Heaney*
> Julia Heaney (#3052)