IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1373-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, ALTEK CORPORATION and CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | **REDACTED** |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INEQUITABLE CONDUCT

Pursuant to Fed. R. Civ. P. 56, Defendants Eastman Kodak Company and Altek Corporation hereby move for summary judgment of inequitable conduct.

During prosecution of the asserted patent, U.S. Patent No. 4,821,121 ("the '121 patent"), Plaintiff Ampex Corporation ("Ampex") represented to the United States Patent and Trademark Office ("PTO") that its invention was patentable because of a feature that allowed the "direct transfer" of video images. Specifically, Ampex represented that the prior art "*fails to teach*" such direct transfers. Undisputed facts demonstrate, however, that Ampex knew that such direct transfers were well known in the prior art: Ampex's own undisclosed prior art system, the "AVA" system, included direct transfer capability; an earlier Ampex patent, prosecuted by some of the same attorneys who prosecuted the '121 patent, disclosed direct transfer capability; and the sole named inventor of the '121 patent admits that direct transfers were well known in the art before the application leading to the '121 patent was filed.

19660.3\304743v1

Ampex's failure to disclose the prior art capability to perform direct transfers, coupled with its representation to the PTO that direct transfer made its invention unique, constituted inequitable conduct that renders the claims of the '121 patent unenforceable.

WHEREFORE, Defendants respectfully move for an order of summary judgment that the claims of the '121 patent are unenforceable by reason of the applicant's inequitable conduct. In support of this motion, Defendants submit Defendants' Opening Brief in Support of Their Motion for Summary Judgment of Inequitable Conduct and related appendices.

PRICKETT, JONES & ELLIOTT, P.A.,

*[signature]*

PAUL M. LUKOFF (I.D. #96)
DAVID E. BRAND (I.D. #201)
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
Tel. 302.888.6500
Fax: 302.888-6331
*Attorneys for Defendants*

Date: May 31, 2006

OF COUNSEL:
William F. Lee
Donald R. Steinberg
Michael J. Summersgill
Jordan L. Hirsch
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

S. Calvin Walden
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800

19660.3\304743v1

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2006, I electronically filed the following document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**DEFENDANTS' REDACTED MOTION FOR SUMMARY JUDGMENT OF INEQUITABLE CONDUCT**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on May 31, 2006, I have forwarded the above-noted document to the following as noted below:

**VIA E-MAIL**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**VIA E-MAIL & FEDERAL EXPRESS**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301

**VIA E-MAIL**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

**VIA E-MAIL & HAND DELIVERY**

Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

_____
PAUL M. LUKOFF (Bar I.D. #96)
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328
TEL: 302-888-6500
E-MAIL: PMLukoff@prickett.com
DEBrand@prickett.com