IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1373-KAJ |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| ALTEK CORPORATION and CHINON | ) | REDACTED |
| INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

APPENDIX TO DEFENDANTS' ANSWERING BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

PAUL M. LUKOFF (I.D. No. 96)
DAVID E. BRAND (I.D. No. 201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500

**OF COUNSEL:**

William F. Lee
Michael J. Summersgill
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Defendants*

S. Calvin Walden
Rebecca M. McCloskey
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

Date:  June 2, 2006

## Table of Contents

1.  8/29/01 Letter from Talcott to Palumbo .......................................................................... B-1

2.  9/14/01 Letter from Crocker to Talcott. .......................................................................... B-3

3.  6/18/04 Letter from Crocker to Talcott .......................................................................... B-4

4.  7/29/05 Complainant Ampex Corporation's Motion to Withdraw the Complaint and to
    Terminate the Investigation and to Shorten Time for Response. ..................................... B-5

5.  9/2/05 Letter from Torgovitsky to Crocker ................................................................ B-16

6.  *Tivo Inc. v. Echostar Comm. Corp.,* No. 2:04-CV-1 (E.D. Tex. Sept. 26, 2005)........ B-227

7.  2/22/06 Ampex Third Supplemental Response to Defendants' First Set of
    Interrogatories. ............................................................................................................. B-242

8.  2/28/06 Deposition of Pamela Crocker on behalf of Eastman Kodak Company ........ B-260

9.  3/15/06 Kodak's Response to Interrogatory No. 37. .................................................... B-271

10. Ampex production letters, 3/2/06 through 5/18/06. .................................................... B-277

11. 3/31/06 Letter from Beamer to Summersgill. ............................................................. B-294

12. 5/25/06 Docket Report, *Tivo Inc. v. Echostar Comm. Corp.,* No. 2:04-CV-1 ............ B-296

Ampex Corporation
600 Broadway, M.S. 1101
Redwood City, California
94063-3199
Telephone 650 367/3330
Fax 650 367-3449
joel_talcott@ampex.com

Joel D. Talcott
Vice President - General Counsel & Secretary

**AMPEX** | Corporation

August 29, 2001

Mr. Daniel P. Palumbo
President, Consumer Imaging & Senior Vice President
Eastman Kodak Company
343 State Street
Rochester, NY 14650 USA

Dear Mr. Palumbo:

You may be aware that Ampex Corporation has made significant developments in recording and video technologies since it was founded in 1944. Among these are the world's first practical video tape recorder in 1956, color slow motion instant replay in 1967, and perspective digital special effects in 1981. Ampex's technical developments have resulted in numerous patents, which Ampex has licensed to manufacturers of electronic products throughout the world.

Among Ampex's developments was the electronic still store in 1976. This product enabled television producers to store digital video images for later editing and broadcast. An improved version of this product was introduced by Ampex in 1983. A significant feature of the improved product was its ability, upon input of an original full spatial resolution image, to create a corresponding reduced spatial resolution copy of the image and to store both images. As a result, when an operator wished to view a set of reduced spatial resolution images, or thumbnails, it was not necessary to wait as each of the set was rendered from the original image as was previously the practice. Instead, the thumbnails could be displayed on the screen almost instantaneously upon request. The operator could selectively display on the screen either a set of thumbnails or a full spatial resolution image.

This invention resulted in U.S. Patent 4,821,121 (the '121 patent) being issued to Ampex. A copy of this patent is enclosed, along with a copy of the publication of corresponding Japanese patent 1,672,380, which has a grant date of May 15, 1991, and a list of corresponding patents issued in other countries of the world.

We have discovered that digital still cameras, such as the DC200 Plus digital camera manufactured by Kodak, incorporate a feature wherein a set of thumbnails are stored in memory of the camera along with storage of corresponding full spatial resolution images. The operator can selectively display on the screen of the camera either a set of thumbnails or a full spatial resolution image. We have concluded that cameras incorporating this feature infringe at least claims 1, 7, 8, 10-12 and 13 of the '121 patent and at least claim 1 of the corresponding Japanese patent.

B - 1

Mr. Daniel P. Palumbo
August 29, 2001
Page 2

We also have observed that some digital still cameras use Ampex's U.S. patent 4,734,791 in connection with the display of operating states of operating subsystems of the cameras. Copies of this patent, the corresponding Japanese patent and a list of corresponding issued patents in other countries also are enclosed. Ampex holds a number of other patents related to video technology which may be used or useful in digital still cameras. A list of selected U.S. patents is enclosed.

Ampex is offering a license at reasonable rates under these patents. We would like to meet with you to discuss the license in the near future, and we will contact you shortly to arrange a meeting. If you do not plan to deal with this matter personally, we would appreciate learning the contact information for the person in your organization with whom we should be meeting.

We look forward to your early reply.

Very truly yours,

Joel D. Talcott

Enclosures



September 14, 2001


Mr. Joel D. Talcott
Ampex Corporation
500 Broadway, M.S. 1101
Redwood City, California 94063-3199


Dear Mr. Talcott:

Your letter to Mr. Palumbo has been referred to the Patent Legal Staff for further handling. We are investigating the matters that you raised in your letter with respect to U.S. Patent Nos. 4,821,121 and 4,734,791, as well as the corresponding Japanese Patents. In order to expedite our analysis, we ask that you provide us with claim charts explaining how you believe your patents read on the identified Kodak products.

I will provide you with a prompt response upon completion of our analysis.

Regards,

Pamela R. Crocker

Pamela R. Crocker, Esq.
Patent Legal Staff

PRC:pw

cc:    T. Close
       J.J. Hawley

EASTMAN KODAK COMPANY • 343 STATE STREET • ROCHESTER, NEW YORK 14650

B - 3



June 18, 2004

Mr. Joel D. Talcott
Ampex Corporation
1228 Douglas Avenue
Redwood City, California 94063-2117

Dear Mr. Talcott:

We are in receipt of your letter dated May 26, 2004. Thank you for providing
Kodak with an opportunity to license Ampex's U.S. Patent Nos. 4,821,121 and
4,734,791.

As previously requested in our letter to you dated September 14, 2001, we ask that
you provide us with claim charts explaining how you believe these patents read on
Kodak's products so that we can determine whether Kodak has any interest in
Ampex's licensing offer.

We look forward to receiving your documentation.


Regards,

Pamela R. Crocker

Pamela R. Crocker, Esq.

PRC:cjm

Pamela R. Crocker, Group Patent Counsel, Imaging Electronics Group
Telephone: (585) 477-0553; Facsimile (585) 477-4646; E-mail: pamela.crocker@kodak.com
EASTMAN KODAK COMPANY 343 STATE STREET ROCHESTER, NY 14650-2201

B - 4

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**
**Before the Honorable Robert L. Barton, Jr.**

| | |
|---|---|
| In the Matter of<br><br>CERTAIN DIGITAL IMAGE STORAGE AND<br>RETRIEVAL DEVICES | Inv. No. 337-TA-527 |

## COMPLAINANT AMPEX CORPORATION'S MOTION TO WITHDRAW THE COMPLAINT AND TO TERMINATE INVESTIGATION AND TO SHORTEN THE TIME FOR RESPONSE

Pursuant to Commission Rule 210.21(a)(1), 19 C.F.R. § 210.21(a)(1), Complainant Ampex Corporation ("Ampex") respectfully moves to withdraw its Complaint and to terminate the above-captioned investigation as to all named Respondents. Because of the upcoming trial date and numerous associated deadlines, Complainant further moves for a shortened time in which the parties may respond to this motion. Specifically, Complainant requests that responses be due no later than Monday, August 1, 2005.

Counsel for Ampex certifies, pursuant to Ground Rule 3.2, that reasonable and good faith efforts were made to discuss this matter with counsel for Respondents Eastman Kodak Company, Inc. and Altek Corporation (collectively "Respondents") and the Commission Investigative

Attorney.  Respondents and the Commission Investigative Attorney will provide their positions

after reviewing the motion papers.

Dated:  July 29, 2005

Respectfully submitted,

Tom M. Schaumberg
Barbara A. Murphy
Michael L. Doane
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, D.C.  20036
(202) 467-6300

Norman H. Beamer
Gabrielle E. Higgins
ROPES & GRAY, LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4030

Jesse J. Jenner
Richard A. Inz
ROPES & GRAY, LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9019

*Counsel for Complainant AMPEX CORPORATION*

AMPEX709604

2

**B - 6**

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**
**Before the Honorable Robert L. Barton, Jr.**

| | |
|---|---|
| In the Matter of<br><br>CERTAIN DIGITAL IMAGE STORAGE AND<br>RETRIEVAL DEVICES | Inv. No. 337-TA-527 |

**MEMORANDUM IN SUPPORT OF COMPLAINANT AMPEX CORPORATION'S
MOTION TO WITHDRAW THE COMPLAINT AND TO TERMINATE
INVESTIGATION AND TO SHORTEN THE TIME FOR RESPONSE**

Pursuant to Commission Rule 210.21(a)(1), 19 C.F.R. § 210.21(a)(1), Complainant Ampex Corporation ("Ampex" or "Complainant") respectfully submits the Memorandum in Support of the Motion to Withdraw the Complaint and to Terminate the above-captioned investigation as to all named Respondents and the Motion to Shorten Time for Response.

**I.      THE INVESTIGATION SHOULD BE TERMINATED**

The Commission has long recognized the right of a complainant to request termination of an investigation based on withdrawal of the complaint. Indeed, Commission Rule 210.21(a)(1) expressly authorizes termination, based on withdrawal of the complaint, prior to a determination of the merits of this investigation.

Rule 210.21(a)(l) provides that:

> Any party may move at any time prior to the issuance of an initial determination on violation of section 337 of the Tariff Act of 1930 for an order to terminate an investigation in whole or in part as to any or all respondents, on the basis of withdrawal of the complaint or certain allegations contained therein, or for good cause other than the grounds listed in paragraph (a)(2) of this section. The presiding administrative law judge may grant the motion in an initial determination upon such terms and conditions as he deems proper.

This investigation is at the prehearing stage, and this motion is, therefore, made prior to the issuance of any initial determination regarding violation of section 337. Thus, at this stage in the investigation, a motion for leave to withdraw the Complaint and terminate the investigation should be readily granted.

The Commission has consistently and repeatedly stated that "in the absence of extraordinary circumstances, termination of the investigation will be readily granted to a complainant during the prehearing stage of an investigation." *Certain Ultrafiltration Membrane Systems, and Components Thereof, Including Ultrafiltration Membranes,* Inv. No. 337-TA-107, Commission Action and Order at 2 (Mar. 11, 1982); *see also Certain Shorts with Pucker-Free Seams,* Inv. No. 337-TA-517, Order No. 22, Initial Determination Granting Motion of Complainants to withdraw the Complaint and Terminate the Investigation (Feb. 7, 2005); *Certain Electronic Devices, Including Power Adapters, Power Converters, External Batteries and Detachable Tips, Used to Power and/or Charge Mobile Electronic Products, and Components Thereof,* Inv. No. 337-TA-513, Order No. 8: Initial Determination Granting Complainant's Motion to Withdraw the Complaint, and Terminating the Investigation (Nov. 1, 2004); *Certain Audio Digital-to-Analog Converters and Products Containing Same,* Inv. No. 337-TA-499, Order No. 24: Initial Determination Terminating the Investigation with Respect to Claim 11 of the '928 Patent (July 27, 2004); *Certain Signature Capture Transaction Devices and Component Parts Thereof, and Systems that Employ Such Devices,* Inv. No. 337-TA-504, Order No. 8: Initial Determination Terminating the Investigation on the Basis of a Settlement Agreement and Withdrawal of Complaint (Mar. 22, 2004); *Certain Compact Disc and DVD Holders,* Inv. No. 337-TA-482, Order No. 9: Initial Determination Terminating the Investigation as to Respondent Scanavo (Mar. 5, 2003); *Certain Electronic Educational Devices and*

2

*Components Thereof*, Inv. No. 337-TA-475, Order No. 10: Terminating the Investigation Based on Withdrawal of Amended Complaint (Nov. 14, 2002). Where the complainant moves to withdraw the complaint, public policy supports termination in order to conserve public and private resources. *Certain Semiconductor Light Emitting Devices, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-444, Order No. 7 (June 27, 2001). Otherwise, an unwilling patent holder would be forced to exercise its monopoly rights in a section 337 proceeding. *Certain Starter Kill Vehicle Security Systems*, Inv. No. 337-TA-379, Order No. 13 (March 5, 1996). An investigation will continue only where circumstances raise "substantial public interest concerns." *Id.*

The Commission has terminated investigations based on withdrawal of the complaint after the parties have conducted discovery. *See Certain Starter Kill Vehicle Security Systems*, Inv. No. 337-TA-379, Order No. 13: Final Determination Granting Complainant's Motion to Terminate the Investigation (March 5, 1996) (citations omitted). Termination has been granted when the complaint is withdrawn on the day the prehearing brief was due. *See Certain Digital Satellite System (DSS) Receivers and Components Thereof*, Inv. No. 337-TA-392, Order No. 26: Initial Determination Granting PC's Motion to Terminate as to Certain Respondents, fn. 6 (Apr. 18, 1997) (citations omitted)); *see also, Certain Transport Vehicle Tires*, Inv. No. 337-TA-390, Order No. 17 (Jan. 30, 1997) (granting Complainant's motion to terminate despite the opposition of Respondents based on outstanding orders compelling discovery, a hearing date scheduled to occur four (4) weeks from date of withdrawal of complaint, near completion of discovery, and completion of briefing on respondents' motion for summary determination of non-infringement). Commission precedent, therefore, thoroughly supports the above-cited proposition that a motion

3

to terminate the investigation based on the withdrawal of the complaint should be readily granted.

The only exception to this rule is that a motion to terminate may be denied favor of a ruling on an earlier filed summary determination motion. See, e.g., *Certain Ground Fault Circuit Interrupters and Products Containing Same*, Inv. No. 337-TA-478, Order No. 11 (March 17, 2003); *Certain Vehicle Security Systems and Components Thereof*, Inv. No. 337-TA-355, Order No. 18 (Denying Complainant's Motion to Terminate Based on Withdrawal of Complaint; Initial Determination Terminating Investigation Based on Summary Determination of On-Sale Bar); Notice of Commission Decision Not to Review (June 3, 1994). This, however, does not apply in all such situations. *See Certain Semiconductor Timing Signal Generator Devices, Components Thereof, and Products Containing Same*, Inv. No. 337-TA-465, Order No. 8: Initial Determination Granting ICS's Motion and Terminating the Investigation as to All Allegations Relating to Claim 6 (Apr. 16, 2002) (even a pending motion for summary determination, in and of itself, is not an exceptional circumstance sufficient to deny a motion for termination). In any event, this exception does not apply because there are no summary determination motions pending against Complainant.

An objection to a motion to terminate does not constitute an extraordinary circumstance. It has been noted that:

> In determining whether to grant a motion to withdraw the complaint, the Commission has stated that "in the absence of extraordinary circumstances, termination of the investigation will be readily granted to a complainant during the prehearing stage of an investigation." *Certain Ultrafiltration Membrane Systems, and Components Thereof, Including Ultrafiltration Membranes*, Inv. No. 337-TA-107, Commission Action and Order at 2 (March 11, 1982). A respondent's objection has been found not to constitute an exceptional circumstance warranting denial of a motion for termination based upon a withdrawal of the complaint. *Certain*

4

*Single In-Line Memory Modules and Products Containing Same*, Inv. No. 337-TA-336, (Unreviewed) Initial Determination (June 18, 1992). Moreover, there have been numerous instances in which investigations were terminated upon withdrawal of the complaint over the objections of respondents. *See, e.g., Certain Starter Kill Vehicle Security Systems*, Inv. No. 337-TA-379, (Unreviewed) Initial Determination (Order No. 13) (Mar. 5, 1996) ("Starter Kill"); *Certain Electrical Connectors and Products Containing Same*, (Unreviewed) Initial Determination (Order No. 31) (Oct. 27, 1995) ("Connectors"); *Certain Self-Inflating Mattresses*, Inv. No. 337-TA-302, Order No. 11 (Mar. 9, 1990); *Certain Ultrafiltration Membrane Systems, and Components Thereof, Including Ultrafiltration Membranes*, Inv. No. 337-TA- 107, Commission Action and Order (March 11, 1982).

*Certain Transport Vehicle Tires*, Inv. No. 337-TA-390, Order No. 17: Initial Determination Granting Complainant's Motion to Terminate this Investigation (Jan. 30, 1997).

There are no extraordinary circumstances in this case that would justify a denial of Ampex's motion to withdraw the complaint and terminate the investigation, and certainly none sufficient to merit a complete departure from Commission precedent to date. There are no summary determination motions pending against Ampex. Moreover, the hearing in this investigation is not scheduled to begin for almost six weeks. Ampex has simply decided to pursue its remedies in pending district court litigation, which is currently stayed pursuant to 28 U.S.C. § 1659. Furthermore, the recent disqualification of Ampex's expert may place an additional burden on Ampex to proceed in this forum.

In anticipation of possible ancillary arguments Respondents may advance to the motion to terminate, Ampex notes that reimbursement of Respondents' costs and fees cannot be imposed by the Commission as a condition to a withdrawal of the complaint. *See Certain Display Controllers and Products Containing Same*, Inv. No. 337-TA-491, Order No. 38: Initial Determination Terminating Investigation as to Respondent (Nov. 10, 2003).

5

## II.     A SHORTENED RESPONSE TIME IS APPROPRIATE

Because of the upcoming trial date and numerous associated deadlines, Complainant respectfully requests a shortened time in which the parties may respond to this Motion. Specifically, Complainant requests that responses be due no later than Tuesday, August 2, 2005.

## III.     CONCLUSION

For the reasons set forth above, Ampex respectfully requests that the investigation be terminated based on withdrawal of the Complaint. Ampex further requests that the time to respond to this Motion be shortened to Tuesday, August 2, 2005.

Dated:   July 29, 2005

Respectfully submitted,

Tom M. Schaumberg
Barbara A. Murphy
Michael L. Doane
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, D.C.  20036
(202) 467-6300

Norman H. Beamer
Gabrielle E. Higgins
ROPES & GRAY, LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4030

Jesse J. Jenner
Richard A. Inz
ROPES & GRAY, LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9019

*Counsel for Complainant AMPEX CORPORATION*

AMPEX709504

6

B - 12

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**
**Before the Honorable Robert L. Barton, Jr.**

| |
|---|
| In the Matter of |
| CERTAIN DIGITAL IMAGE STORAGE AND RETRIEVAL DEVICES |

Inv. No. 337-TA-527

## [PROPOSED] ORDER GRANTING COMPLAINANT'S MOTION FOR SHORTENED RESPONSE TIME

The undersigned, having considered the Motion of Complainant Ampex Corporation ("Ampex") to shorten the response time to Ampex's Motion to Withdraw the Complaint and to Terminate the Investigation, hereby grants Ampex's motion.

**IT IS HEREBY ORDERED THAT** any responses to Ampex's Motion to Withdraw the Complaint and to Terminate the Investigation must be filed no later than the close of business Tuesday, August 2, 2005.

Dated: _____          _____
                                  Robert L. Barton, Jr.
                                  Administrative Law Judge

AMPEX709704

B - 13

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**
**Before the Honorable Robert L. Barton, Jr.**

| |
|---|
| In the Matter of |
| CERTAIN DIGITAL IMAGE STORAGE AND RETRIEVAL DEVICES |

Inv. No. 337-TA-527

## [PROPOSED] ORDER GRANTING COMPLAINANT'S MOTION TO WITHDRAW THE COMPLAINT AND TO TERMINATE THE INVESTIGATION

The undersigned, having considered the Motion of Complainant Ampex Corporation ("Ampex") to Withdraw the Complaint and to Terminate the Investigation and the Responses thereto, hereby grants Ampex's motion.

**IT IS HEREBY ORDERED THAT** this investigation is terminated based on Ampex's withdrawal of the Complaint.

Dated: _____        _____
                                Robert L. Barton, Jr.
                                Administrative Law Judge

AMPEX709904

B - 14

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **COMPLAINANT AMPEX CORPORATION'S MOTION TO WITHDRAW THE COMPLAINT AND TO TERMINATE INVESTIGATION AND TO SHORTEN THE TIME FOR RESPONSE, MEMORANDUM IN SUPPORT THEREOF AND PROPOSED ORDERS (PUBLIC)** was served as indicated, to the parties listed below, this 29th day of July 2005:

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, S.W., Room 112A
Washington, DC 20436
(VIA HAND DELIVERY – Original + 6 copies)

The Honorable Robert L. Barton, Jr.
Administrative Law Judge
U.S. International Trade Commission
500 E Street, S.W., Room 317-H
Washington, DC 20436
(VIA HAND DELIVERY – 2 copies)

Erin Joffre, Esq., Investigative Attorney
Office of Unfair Import Investigations
U.S. International Trade Commission
500 E Street, S.W., Room 401-J
Washington, D.C. 20436
(VIA HAND DELIVERY)

Michael D. Esch, Esq.
Atman M. Trivedi, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
1899 Pennsylvania Avenue, N.W.
Washington, DC 20006
(VIA HAND DELIVERY)

William P. DiSalvatore, Esq.
S. Calvin Walden, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
(VIA FEDERAL EXPRESS)

William F. Lee, Esq.
Donald Steinberg, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
(VIA FEDERAL EXPRESS)

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, D.C. 20036

B - 15

B-16 – B-226

CONFIDENTIAL INFORMATION,
SUBJECT TO PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:04-CV-1 (DF) |
| | § | |
| ECHOSTAR COMM. CORP., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## INTRODUCTION

Before the Court are Plaintiff TiVo's Objections Regarding the Temporal Scope of the August 17, 2005 Order which Defendant EchoStar opposes. Also before the Court is EchoStar's Motion for Reconsideration of the Court's Order of September 12, 2005, attaching Defendant's Protective Motion for Reconsideration of the Court's Order of August 17, 2005 which was previously decided by Magistrate Judge McKee. The Court considers these pleadings, however styled, competing motions for reconsideration of Magistrate Judge McKee's August 17, 2005 Order and the related September 12, 2005 Order.

### I.

### BACKGROUND

**A. Factual Background**

TiVo alleges that EchoStar willfully infringes U.S. Patent No. 6,233,389 ("'389 patent"). TiVo argues that EchoStar has asserted an "advice of counsel" defense to this charge, having

-1-

disclosed that it will rely on the non-infringement conclusions reached prior to the filing of this lawsuit by its in-house counsel, Kerry Miller. On June 16, 2005, shortly before the July 7, 2005 close of discovery, EchoStar for the first time disclosed that it planned to have Mr. Miller testify regarding his infringement investigation and the opinions he derived therefrom. TiVo argues this was an "eleventh hour" disclosure designed to inhibit TiVo's ability to seek discovery while EchoStar responds that the disclosure was timely per the parties' agreement. Dkt. Nos. 246 at 2 and 299 at 3.

EchoStar maintains that, shortly after the '389 patent issued, Mr. Miller worked with several EchoStar software and engineering employees to analyze EchoStar's potential infringement of the '389 patent. Dkt. No. 299 at 1-2. These EchoStar employees concluded that EchoStar did not infringe the patent. *Id.* EchoStar plans to call Mr. Miller to testify regarding this opinion at trial.

In addition to the infringement analysis conducted by Mr. Miller, EchoStar sought opinions of counsel from Bozicevic, Field & Frances, LLP, in 2001 and from the Merchant & Gould law firm after this lawsuit was filed. EchoStar maintains that it has not waived privilege regarding these opinions and/or communications because by relying on "an internal investigation[] conducted by a group of engineers and a single in-house lawyer... [its] defense rests on the premise that it looked at the patent's claims and at the features of its own products and itself identified a number of differences that meant it was not infringing." Dkt. No. 337 at 2. Planning to rely upon "its internal investigation conducted in substantial part by engineers," EchoStar argues it is not asserting a "traditional 'advice of counsel' defense." Dkt. No. 162 at 5. Thus, it has not waived any privilege or work product protection. EchoStar further argues that, if

B - 228

the Court is to conclude that privilege has been waived, the waiver applies only to pre-litigation materials.

EchoStar admits it commissioned an opinion of counsel from the Bozicevic firm but maintains that it did not pursue a final opinion in light of Mr. Miller's analysis. *Id.* The Bozicevic firm apprised Mr. Miller orally that it would prepare an opinion letter that concluded EchoStar did not infringe the '389 patent, but the opinion was never finished. *See* Miller Depo. Tr. at 23:14-24:3. Soon after the lawsuit was filed, however, the Bozicevic firm turned over a draft opinion and a number of notes created in the course of its infringement analysis. EchoStar argues that because it did not receive this documentation from the firm until after the lawsuit was filed, the documentation should be considered "post-filing" material outside the scope of any waiver.

EchoStar further maintains that Merchant & Gould was hired to provide legal advice only after the lawsuit was filed, and that EchoStar has not waived privilege as to the two opinion letters that firm prepared. Mr. Miller admitted in deposition, however, that he has read both of the opinions drafted by the firm. Miller Depo. Tr. at 18:1-9.

TiVo argues that, having decided to assert the "advice of counsel" defense in response to the willfulness charge, EchoStar has waived privilege to all subject matter related to this defense. Therefore, TiVo seeks discovery of both post-filing and pre-filing opinions and communications.

TiVo has also requested leave from the Court to take depositions of all witnesses, including counsel, that TiVo identifies as potentially having testimony regarding the advice of counsel defense. EchoStar objects to this request, in part, on the basis that the parties previously agreed to limit the amount of deposition time each would be allotted, and TiVo has already used

-3-

its time.

## B. Procedural History

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges dated January 15, 1994, TiVo's motion to compel discovery on the advice of counsel defense was referred to the Honorable Harry McKee for the purposes of hearing and determining said motion. Dkt. No. 160; *see also* Dkt. No. 150. On August 15, 2005, Judge McKee held a telephone conference to consider TiVo's motion and EchoStar's opposition. In his Order of August 17, 2005 ("August 17 Order"), Judge McKee found that EchoStar "waived the attorney client privilege as to all communications related to the patent in suit that occurred before TiVo initiated this action, but not as to any subsequent communications or opinions." Dkt. No. 177. Based on this finding, Judge McKee ordered EchoStar to produce "all such documents created before suit was filed, and make available any witnesses with knowledge of relevant pre-suit communications." *Id.*

EchoStar moved for clarification and then for reconsideration of the August 17 Order arguing that the scope of its waiver, if any, regarding the advice of counsel defense was not so broad as to allow for the discovery ordered. Dkt. Nos. 216 and 245. TiVo responded to the motion to clarify and EchoStar replied. Dkt. Nos. 233 and 234, respectively.

Judge McKee again heard from the parties and then issued an order on September 12, 2005. ("September 12 Order"). He found that EchoStar's reliance on Mr. Miller's non-infringement testimony waived privilege/work product protection but the scope of the waiver extended only to the subject matter of the advice. "[T]herefore, EchoStar has waived privilege as to advice received concerning infringement, but TiVo may not discover any privileged information relating to the issue

-4-

of validity." September 12 Order at 1-2.

Judge McKee also found that EchoStar's waiver extended to documentation concerning EchoStar's infringement of TiVo's '389 patent created by the Bozicevic firm. Although EchoStar received no formal written opinion from the firm, it received an oral opinion prior to filing and received the documentation developed to arrive at that opinion shortly after TiVo filed this lawsuit. Thus, Judge McKee found it was "reasonable to believe that the contents of the notes were communicated, to some degree, to EchoStar before suit was filed." September 12 Order at 2.

EchoStar was ordered to produce the Bozicevic firm's draft opinion as well as notes created in developing its opinion concerning infringement of the '389 patent. EchoStar was also ordered to produce any remaining documents pertaining to advice it received from counsel before suit was filed concerning infringement of the '389 patent. *Id.* at 2. Further, TiVo was allowed to depose each of the two attorneys that created the draft opinion and notes. *Id.* at 2-3.

EchoStar now moves for reconsideration of both the August 17 Order and the September 12 Order. EchoStar first argues that its reliance on Mr. Miller's opinion does not result in any privilege or work product protection waiver. Second, EchoStar argues that, if there has been waiver, the notes and communications with the Bozicevic firm not in EchoStar's possession at the time the lawsuit was filed are outside the scope of this waiver. Further, EchoStar takes issue with the order to make additional witnesses available for deposition. To the contrary, TiVo requests that the Court broaden Judge McKee's orders to permit TiVo to engage in discovery concerning the advice of counsel EchoStar received both pre- and post-filing. Dkt. Nos. 246, 299, and 302.

-5-

## II.

### DISCUSSION

This Court may set aside or modify the Magistrate Judge's order only if the order was based on a clearly erroneous finding of fact or if it was contrary to law. *See* 28 U.S.C. 636(b)(1)(A). As explained below, the Court concludes that findings in the Magistrate Judge's August 17 Order and the related September 12 Order were clearly erroneous.

"For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1)(2002). While the scope of discovery under this rule is broad, it is far from unlimited. The rule requires a district court, when considering a motion to compel, to determine whether the material sought is relevant to the subject matter of the litigation. The court must prevent discovery from being used as a fishing expedition. In addition to limiting discovery to material relevant to the subject matter of the litigation, Rule 26 provides for further limitations. A court may limit discovery when it is "obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(2002). In addition, discovery should not be allowed when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(2002).

The issues presented by the present motions are (1) the waiver of attorney-client privilege and work-product protection and (2) the scope of any such waiver. As an initial matter, the advice of counsel defense and the disclosure of an infringement opinion appears to fall within the realm of subjects "unique to patent cases," for which Federal Circuit law is controlling. *See In re Spalding Sports Worldwide Inc.*, 203 F.3d 800, 803-04 (Fed. Cir. 2000); *Sharper Image Corp. v. Honeywell Intern., Inc.* 222 F.R.D. 621, 625 n. 3 (N.D. Cal. 2004). However, the Federal Circuit has found, in

-6-

context other than the advice of counsel defense, that privilege/work product protection waiver is a procedural matter for which the law of the regional circuit is applied. *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1374 (Fed. Cir. 2001). There is a split of authority among the district courts as to whether the scope of waiver resulting from the advice of counsel defense is a matter unique to patent law or a matter to be determined by precedent from the regional circuit courts. *Intex Rec. Corp. v. Metalast, S.A.*, 2005 U.S. Dist. LEXIS 10149, *7-9 (D.D.C. March 2, 2005)(internal citations omitted). Finding that the scope of privilege/work product protection waiver as it relates to the advice of counsel defense to a willful infringement charge is an issue "unique to patent cases," this Court will look to Federal Circuit decisions regarding the defense. *See Intex Rec. Corp.*, 2005 U.S. Dist. LEXIS 10149, *8-9.

Willfulness is a factual determination made based on the totality of the circumstances. *Knorr-Bremse Systeme Für Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1343 (Fed. Cir. 2004) (en banc), *see also Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1530 (Fed. Cir. 1993). The Federal Circuit has identified a non-exclusive list of factors to assist the trier of fact in determining whether a putative infringer has engaged in willful infringement; on the list is whether an accused infringer, with knowledge of a patent, investigated the scope of the patent and formed a good-faith belief it was invalid or not infringed. *Read Corp v. Portec, Inc.*, 970 F.2d 816, 826-28 (Fed. Cir. 1987). These factors, along with any other relevant factors or circumstances, weigh in a fact-finder's determination of whether the accused infringer had a good-faith belief of non-infringement. Because willfulness is a question of the infringer's state of mind, the primary focus of the inquiry is on the reasonableness of the infringer's beliefs and actions. *Ortho Pharm. Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992); *Am. Med.*, 6 F.3d at 1523, 1531 (Fed. Cir. 1993).

-7-

In a recent Federal Circuit decision, *Knorr-Bremse Systeme Für Nutzfahrzeuge GmbH v. Dana Corp.*, the court reversed its established precedent by holding that "an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel" no longer creates an adverse inference that an opinion was, or would have been, unfavorable. 383 F.3d 1337, 1341 (Fed. Cir. 2004) (en banc). Prior to this opinion, an accused infringer all but had to produce an opinion of counsel, which in turn waived privilege. *Id.* at 1345. In *Knorr-Bremse*, the Federal Circuit effectively created a choice for defendants: "A defendant may of course choose to waive the privilege and produce the advice of counsel. However, the assertion of attorney-client and/or work-product privilege and the withholding of the advice of counsel shall no longer entail an adverse inference as to the nature of the advice." *Id.*

The scope of the privilege waived when a defendant chooses to rely on the advice of counsel, however, remains unresolved and has produced varying opinions. As Judge Brazil recently explained:

> While the courts generally agree that a defendant who invokes the "advice of counsel" defense to a claim of willfulness waives the protections of the attorney-client privilege for communications that occurred before the suit was filed and that relate to the subjects addressed in the invoked advice, there is considerable division of opinion about how far (if at all) the waiver extends to work product that counsel generated before the suit was filed but did not share with the defendant.... There also are sharp divisions of opinion about whether any waiver reaches into the period after the defendant was served with the complaint.

*Sharper Image Corp. v. Honeywell Intern., Inc.* 222 F.R.D. 621, 625 n. 4 (N.D. Cal. 2004) (internal citation omitted). Not surprisingly, these are precisely the issues involved here.

The scope of privilege/work product waiver, once an advice of counsel defense is asserted, should be guided by fairness. *See Intex Rec. Corp.*, 2005 U.S. Dist. LEXIS 10149, *10-13; *Saint-*

*Gobain/Norton Indus. Ceramics Corp., v. Gen. Elec. Co.*, 884 F. Supp. 31, 33 (D. Mass. 1995). An accused infringer "is not required to rely upon advice of counsel as a defense against [a] claim of willful infringement; however, if an alleged infringer [] elects to defend against a charge of willful infringement by producing an opinion of counsel to the patentee, [] any privilege over that advice and related subjects is waived." *Texas Instruments, Inc. v. Hyundai Elec. Indus., Co. Ltd.*, 1999 U.S. Dist. LEXIS 21523, at *5-6 (E.D. Tex. Mar. 5, 1999) (Heartfield J.) (citing *Rolls-Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1109-10 (Fed. Cir. 1986). "Considerations of fairness require that a litigant should not be able to claim reliance on advice of counsel as a defense, and hence a sword in litigation, while at the same time asserting attorney-client privilege or work product doctrine as a shield to protect against the opposing party testing the legitimacy of that claim." *Intex Rec. Corp.*, 2005 U.S. Dist. LEXIS 10149, *10-11 (citations omitted).

A.    **The Extent of Waiver to Post-Filing Communications**

In *Convolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98 (S.D. N.Y. 2004), the court found that waiver of the privilege "should extend from the time [the defendant] became aware of the plaintiffs' patents until such time in the future that [the defendant] ceases its alleged infringement." *Id.* at 104. The rationale underpinning such broad privilege waiver is that as long as the alleged infringement continues so does an alleged infringer's duty to exercise due care and to seek the advice of counsel. As one court has stated:

> The waiver of attorney-client privilege or work product protection does not... exist solely at a particular point of time, such as when the client receives the opinion from counsel. As recognized by the Federal Circuit in [*Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336 (Fed. Cir. 2001)] because infringement is a continuing activity, the requirement to exercise due care and seek and receive advice is a continuing duty. Therefore, once a party asserts the defense of advice of counsel, this opens to inspection the advice received during the entire

-9-

course of the alleged infringement. Consequently, the waiver of attorney-client privilege or work product protection covers all points of time, including up through trial. The waiver also is not limited to the advice given by opinion counsel. Since the waiver encompassed the subject matter of advice, that means that all opinions received by the client must be revealed, even those opinions the client receives from attorneys other than opinion counsel. Practical reasons exist for this rule. The exercise of due care requires a potential infringer to act reasonably. The infringer may not pick and choose between what opinions will be relied upon and which will be discarded. The totality of the circumstances test requires that all knowledge gained by the infringer relating to the advice subject matter must be revealed so that the factfinder can make its own determination as to whether the reliance was reasonable.

*AKEVA LLC v. Mizuno Corp.*, 243 F. Supp. 2d 418, 423 (M.D.N.C. 2003) (citations omitted).

On the other side of the spectrum, some courts have found that waiver extends only to materials before litigation ensued. *See, e.g., Motorola, Inc. v. Vosi Tech., Inc.*, 2002 WL 1917256, *2 (N.D.Ill.2002) (limiting waiver to communications that preceded the filing of the suit); *Carl Zeiss Jena GmbH v. Bio-Rad Labs. Inc.*, 2000 WL 1006371, *2 (S.D.N.Y.2000) (same); and *Dunhall Pharm., Inc. v. Discus Dental, Inc.*, 994 F.Supp. 1202, 1206 (C.D.Cal.1998) (same). In *Dunhall*, the court stated: "Once the lawsuit is filed, the waiver of work product protection ends. This temporal limitation follows from the enhanced interest in protecting against disclosure of trial strategy and planning." *Dunhall Pharms. Inc.*, 994 F. Supp. at 1206.

Following this logic, discovery of infringement opinions arrived at by trial counsel may be denied while discovery of infringement positions arrived at by opinion counsel may be allowed, regardless of whether arrived at pre- or post- filing. *Sharper Image Corp.*, 222 F.R.D. at 640-46. Where documents or communications may contain both information related to the advice of counsel defense as well as information related solely to trial strategy, in camera review may be necessary. *See e.g. Saint-Gobain*, 884 F. Supp. at 34 (considering but denying as unnecessary in camera review).

-10-

### B.     The Extent of a Defendant's Knowledge

Likewise, courts differ regarding whether to extend waiver to attorney work product that is not communicated to the client but is developed while analyzing potential infringement. As explained in *Simmons, Inc. v. Bombardier, Inc.*, "[a]n important factor in determining whether a defendant willfully infringed upon another's patent is the defendant's reasonable reliance upon a competent opinion of counsel. However, the alleged infringer's intent — not that of counsel — remains the relevant issue." 221 F.R.D. 4, 9 (D.D.C. 2004) (citation omitted). Based on this reasoning, several courts have refused discovery of work-product materials, such as counsel's notes or even draft opinions, that were never sent to the client. *Id.; see also Nitinol Med. Techs. Inc. v. AGA Med. Corp.*, 135 F. Supp. 2d 212, 218-19 (D. Mass. 2000).

Still, other courts have mandated production of all material regardless of whether they were disclosed, maintaining that the discovery of such information is necessary to uncover what the client was actually told by opinion counsel. *See Aspex Eyewear Inc. v. E'Lite Optik Inc.*, 276 F. Supp. 2d 1084, 1092-93 (D. Nev. 2003); *Novartis Pharms. Corp. v. EON Labs Mfg. Inc.*, 206 F.R.D. 396 (D. Del. 2002). In *Novartis*, the court stated, "it is critical for the patentee to have a full opportunity to probe, not only the state of mind of the infringer, but also the mind of the infringer's lawyer upon which the infringer so firmly relied." *Id.* at 399. The rationale behind this approach is that, by imposing broad waiver, the advice of counsel defense will only be invoked by "infringers who prudently and sincerely sought competent advice from competent counsel..." and " [m]oreover, focusing on the infringer's waiver rather than state of mind may reduce the chances of legal gamesmanship creeping into the practice of rendering infringement and validity opinions." *Id.* "[I]f negative information was important enough to reduce to a memorandum, there is a reasonable

-11-

possibility that the information was conveyed in some form or fashion to the client." *Beneficial Franchise Co. Inc. v. Bank One N.A.*, 205 F.R.D. 212, 218 (N.D. Ill. 2001).

Refusing to presume deceit, however, other courts have rejected this approach and have limited waiver to those materials actually communicated to the client. *See Chimie v. PPG Indus. Inc.*, 218 F.R.D. 416, 420 (D. Del. 2003).

## C.    Application

It is clear that, by offering Mr. Miller's testimony, EchoStar has asserted an advice of counsel defense to willfulness. Mr. Miller, EchoStar's in-house counsel, met with EchoStar technical staff on no fewer than two occasions specifically to determine whether EchoStar products fell within the scope of the '389 patent claims. 9/22/05 Hr. Tr. at ___ (representations by EchoStar counsel). Based on his analysis of the patent and input from other EchoStar employees, Mr. Miller formed an opinion as to why EchoStar products did not infringe any claims in the '389 patent. *Id.* He communicated this opinion to other EchoStar executives who in turn relied upon Mr. Miller's opinion. *Id.* EchoStar maintains this was "an internal investigation conducted in substantial part by engineers." Dkt. No. 162 at 5. Though EchoStar argues Mr. Miller's opinion does not amount to a "traditional" opinion of counsel, EchoStar admits that Mr. Miller's is a legal opinion. *Id.* and 9/22/05 Hr. Tr. at ___ (representations by EchoStar counsel).

In-house counsel, in conjunction with other in-house staff, are often called upon to investigate and render legal advice regarding the infringement or invalidity of a patent. *See Minn. Mining and Mfr. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559 (Fed. Cir. 1992); *Chiron Corp. v. Genentech, Inc.*, 268 F. Supp. 2d 1117 (E.D. Cal. 2002). Whether the resulting advice is relayed orally or in writing and whether the counsel rendering the advice is sufficiently

-12-

independent to be considered objective goes to the competency of the opinion and the reasonableness

of an accused infringer's reliance thereon – not to whether or not the advice amounts to "advice of

counsel." *See Minn. Mining and Mfr.*, 976 F.2d at 1580-81; *Chiron Corp.*, 268 F. Supp. 2d at 1121-

1122. Mr. Miller's oral opinion amounts to advice of counsel – and EchoStar's reliance on this

advice in defense of the willfulness charge results in waiver. This conclusion cannot be circumvented

by calling the opinion merely an "internal investigation conducted in substantial part by engineers."

Dkt. No. 162 at 5. The scope of the resulting waiver is then determined by the subject matter that

a party relies upon. Because Mr. Miller offers only a non-infringement opinion, as found in the

September 12 Order, this is the scope of the subject matter waiver.

     EchoStar had the benefit of choice, as explained by the Federal Circuit in *Knorr-Bremse*

*Systeme Für Nutzfahrzeuge GmbH v. Dana Corp*, of whether to introduce Mr. Miller's opinion. But

once EchoStar chose to introduce the opinion, it opened to inspection all related advice sought and

developed regarding EchoStar's potential infringement of the '389 patent. Regardless of when the

opinions or materials were transcribed or communicated to EchoStar, such information necessarily

relates to the opinion being offered by Mr. Miller and goes to show EchoStar's state of mind with

respect to willful infringement. This is particularly true where, as is the case here, EchoStar's

willfulness witness was privy to the substance of the willfulness opinions developed by outside

counsel both pre- and post- filing. Miller Depo. Tr. at 23:14-24:3 and 18:1-9.

     The Court notes that EchoStar is under a continuing duty to act in good faith, and this duty

extends to actions after the filing of the lawsuit. TiVo is thus entitled to determine EchoStar's state

of mind with regard to its post-filing actions as well as its pre-filing actions, and the latter opinions

of counsel may go directly to this issue. To here deny TiVo the opportunity to question Mr. Miller

regarding post-filing opinions and how they affect or might have affected the conclusions he reached

pre-filing would be unfair. Thus, this Court finds that the scope of Defendant's waiver extends to

all pre- and post-filing communications pertaining to advice of counsel on the issue of EchoStar's

potential infringement of the '389 patent.

To uphold EchoStar's right to protect its trial strategy, however, EchoStar will be allowed

to redact information that it views as solely related to such strategy. This, in the Court's opinion,

reconciles the fear that such discovery could compromise trial preparation and give Plaintiff an

unfair advantage with Plaintiff's inquiry into state of mind.

### III.

### ORDER

The Court, having considered the motions, responses, and all other relevant pleadings and

papers, **ORDERS:**

EchoStar to produce all notes, communications, or other documentation relating to the

infringement analysis of the '389 patent undertaken by Bozicevic, Field & Frances, LLP, at any

time; and

EchoStar to produce the two Merchant & Gould opinions and all notes, communications,

or other documentation related to any infringement analysis of the '389 patent undertaken by

Merchant & Gould. EchoStar may redact any information that it considers unrelated to

infringement or that it considers primarily related to trial strategy. EchoStar will produce copies

of the redacted materials to TiVo and will submit both redacted and un-redacted copies of the

material to the Court for in camera review. EchoStar is to produce these materials within seven

(7) days of this order.

The Court further **ORDERS**:

EchoStar to produce Frank Becking, Alan Cannon, Kerry Miller, Homer Knearl, and Timothy Scull for deposition concerning their analysis of the '389 patent and any potential infringement by EchoStar. TiVo is granted an additional five (5) hours of deposition time; the allotment of this time per witness is left to TiVo's discretion. These witnesses are to be made available no later than October 14, 2005.

**SIGNED this 26th day of September, 2005.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

-15-

B - 241

B-242 – B-259

CONFIDENTIAL INFORMATION,
SUBJECT TO PROTECTIVE ORDER

B-260 – B-270

CONFIDENTIAL INFORMATION,
SUBJECT TO PROTECTIVE ORDER

B-271 – B-276

CONFIDENTIAL INFORMATION,
SUBJECT TO PROTECTIVE ORDER



FISH & NEAVE IP GROUP

ROPES & GRAY LLP

525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

DRAGO N. GREGOV
DIRECT DIAL 650.817.4078
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

March 2, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

      Enclosed please find copies of documents bearing production numbers AXD032347 through AXD032433.  Please do not hesitate to call me if you have any questions.

Sincerely yours,

Drago N. Gregov
Sr. IP Litigation Paralegal

DNG:jlc
Enclosures

cc:    S. Calvin Walden, Esq. (email only, w/o encl.)
      William F. Lee, Esq. (email only, w/o encl.)
      Paul M. Lukoff, Esq. (email only, w/o encl.)
      Jack B. Blumenfeld, Esq. (email only, w/o encl.)



FISH & NEAVE IP GROUP

ROPES & GRAY LLP

525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

DRAGO N. GREGOV
DIRECT DIAL 650.617.4076
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

March 3, 2006

**VIA FEDEX**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

      I am enclosing a copy of Zoran Corporation's Objections and response to the subpoena and the production we received from Zoran bearing numbers ZOR0001 through ZOR0039, which should be treated as confidential pursuant to the protective order.

      If you have any questions, please do not hesitate to contact me.

           Very truly yours,

           Drago N. Gregov
           Senior IP Litigation Paralegal

DG:jss
Enclosures

cc:    S. Calvin Walden, Esq.
       William F. Lee, Esq.
       Paul M. Lukoff, Esq.
       Jack B. Blumenfeld, Esq.



**FISH & NEAVE IP GROUP**

ROPES & GRAY LLP
525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

**DRAGO N. GREGOV**
DIRECT DIAL 650.617.4078
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

March 6, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

        Enclosed please find copies of documents bearing production numbers AXD032434
through AXD032654.

        Please do not hesitate to call me if you have any questions.

Sincerely,

Drago N. Gregov
Senior IP Litigation Paralegal

DG:jss
Enclosures

cc:    S. Calvin Walden, Esq. (email only, w/o encl.)
       William F. Lee, Esq. (email only, w/o encl.)
       Paul M. Lukoff, Esq. (email only, w/o encl.)
       Jack B. Blumenfeld, Esq. (email only, w/o encl.)

 **ROPES & GRAY**

**FISH & NEAVE IP GROUP**

ROPES & GRAY LLP

525 UNIVERSITY AVENUE     SUITE 300     PALO ALTO, CA 94301-1917     650-617-4000     F 650-617-4090
BOSTON        NEW YORK        PALO ALTO     SAN FRANCISCO     WASHINGTON, DC     www.ropesgray.com

**DRAGO N. GREGOV**
DIRECT DIAL 650.617.4076
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

March 9, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

      Enclosed please find copies of documents bearing production numbers AXD032655 through AXD032681. Please do not hesitate to call me if you have any questions.

Sincerely,

Drago N. Gregov
Senior IP Litigation Paralegal

DNG:jlc
Enclosures

cc:    S. Calvin Walden, Esq. (email only, w/o encl.)
       William F. Lee, Esq. (email only, w/o encl.)
       Paul M. Lukoff, Esq. (email only, w/o encl.)
       Jack B. Blumenfeld, Esq. (email only, w/o encl.)

 **FISH & NEAVE IP GROUP**

ROPES & GRAY LLP

525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

**DRAGO N. GREGOV**
DIRECT DIAL 650.617.4076
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

March 24, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

      Enclosed please find copies of documents bearing production numbers AXD032682 through AXD033862.  In addition, enclosed please find a copy of a document bearing production numbers EKCS07822 through EKCS07828.  Please do not hesitate to call me if you have any questions.

Sincerely,

Drago N. Gregov
Senior IP Litigation Paralegal

DNG:jlc
Enclosures

cc:    S. Calvin Walden, Esq. (email only, w/o encl.)
      William F. Lee, Esq. (email only, w/o encl.)
      Paul M. Lukoff, Esq. (email only, w/o encl.)
      Jack B. Blumenfeld, Esq. (email only, w/o encl.)

 FISH & NEAVE IP GROUP

ROPES & GRAY LLP
525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

DRAGO N. GREGOV
DIRECT DIAL 650.617.4076
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

March 24, 2006

**VIA E-MAIL,**
**Confirmation via U.S. Mail**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

Enclosed please find copies of documents bearing production numbers AXD033863 through AXD033878.  Please do not hesitate to call me if you have any questions.

Sincerely,

Drago N. Gregov
Senior IP Litigation Paralegal

DNG:jlc
Enclosure

cc:    S. Calvin Walden, Esq. (email only, w/o encl.)
       William F. Lee, Esq. (email only, w/o encl.)
       Paul M. Lukoff, Esq. (email only, w/o encl.)
       Jack B. Blumenfeld, Esq. (email only, w/o encl.)

B - 282

# ROPES &GRAY

## FISH & NEAVE IP GROUP

ROPES & GRAY LLP

525 UNIVERSITY AVENUE     SUITE 300     PALO ALTO, CA 94301-1917     650-617-4000     F 650-617-4090
BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     WASHINGTON, DC     www.ropesgray.com

DRAGO N. GREGOV
DIRECT DIAL 650.617.4076
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

March 27, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

      Enclosed please find copies of documents bearing production numbers AXD033879 through AXD034020. Also enclosed is a CD that includes documents bearing production numbers AXD034021 through AXD036468. Please do not hesitate to call me if you have any questions.

Sincerely yours,

Drago N. Gregov
Sr. IP Litigation Paralegal

DNG:jlc
Enclosures

cc:    S. Calvin Walden, Esq. (email only, w/o encl.)
       William F. Lee, Esq. (email only, w/o encl.)
       Paul M. Lukoff, Esq. (email only, w/o encl.)
       Jack B. Blumenfeld, Esq. (email only, w/o encl.)

B - 283

 **FISH & NEAVE IP GROUP**

ROPES & GRAY LLP
525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

DRAGO N. GREGOV
DIRECT DIAL 650.617.4076
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

March 28, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

     Enclosed please find copies of documents bearing production numbers AXD036469 through AXD036815. Please do not hesitate to call me if you have any questions.

     Sincerely yours,

     Drago N. Gregov
     Sr. IP Litigation Paralegal

DNG:jlc
Enclosures

cc:    S. Calvin Walden, Esq. (email only, w/o encl.)
       William F. Lee, Esq. (email only, w/o encl.)
       Paul M. Lukoff, Esq. (email only, w/o encl.)
       Jack B. Blumenfeld, Esq. (email only, w/o encl.)



FISH & NEAVE IP GROUP

ROPES & GRAY LLP
525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

**DRAGO N. GREGOV**
DIRECT DIAL 650.617.4076
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

March 31, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

        Enclosed please find copies of documents bearing production numbers AXD036816 through AXD036982 and AXD037973 through AXD038023  Also enclosed is a CD that includes documents bearing production numbers AXD036983 through AXD037972.  Please do not hesitate to call me if you have any questions.

                                                Sincerely yours,

                                                Drago N. Gregov
                                                Sr. IP Litigation Paralegal

DNG:jlc
Enclosures

cc:    S. Calvin Walden, Esq. (email only, w/o encl.)
       William F. Lee, Esq. (email only, w/o encl.)
       Paul M. Lukoff, Esq. (email only, w/o encl.)
       Jack B. Blumenfeld, Esq. (email only, w/o encl.)

 FISH & NEAVE IP GROUP

ROPES & GRAY LLP
525 UNIVERSITY AVENUE     SUITE 300     PALO ALTO, CA 94301-1917     650-617-4000     F 650-617-4090
BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     WASHINGTON, DC     www.ropesgray.com

NORMAN H. BEAMER
DIRECT DIAL 650.617.4030
DIRECT FAX 650.566.4149
E-MAIL NORMAN.BEAMER@ROPESGRAY.COM

April 5, 2006

**VIA EMAIL (CONF. BY FEDERAL EXPRESS)**

Jordan L. Hirsch, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Hirsch:

In response to your April 3, 2006 letter regarding the inspection of Ampex documents, Ampex states that it has already produced over 15,000 pages of responsive documents based on its review of over 3,400 boxes from the Iron Mountain storage facility. Ampex copied and produced responsive documents from this facility that were located. Ampex determined that the remaining documents being offered for inspection are cumulative of sales summaries and financial information already disclosed and of marginal relevance to this litigation.

Based on Ampex's review, approximately 700 of the estimated 800 boxes contain business records relating to the sale, shipping and/or installation of Ampex's products (both responsive and non-responsive) from approximately 1979 to 1991. The remaining boxes contain periodic, administrative-level reports and bound computer print-outs relating to the sales, marketing and/or manufacturing of the various Ampex products during this timeframe.

More specifically, many of the boxes contain a series of invoices, organized by invoice or sales order number, for various Ampex products and/or parts sold to customers or to other Ampex entities. *See, e.g., AXD038024-027, enclosed herein for production.* Many other boxes contain invoices with sales orders, shipping records, and related correspondence, organized by sales order number. *See, e.g., AXD038028-039, enclosed herein for production.* Still others contain invoices with related sales, shipping, installation records and/or other correspondence labeled by customer name and often labeled with the Ampex product(s) sold. *See, e.g., AXD038040-084, enclosed herein for production.* In response to your request, Ampex does not have an index cataloguing the contents of the documents contained in the boxes offered for inspection. Some of the boxes have descriptions such as "INTERNATIONAL FILES 1988," "INVOICES TJ130 THRU TJ1410 1989-DEC 1990," "49305 KVIII-5-A-06," and "235320 TO

B - 286

ROPES & GRAY LLP

Jordan L. Hirsch, Esq.
April 5, 2006
Page 2

237695 2/85-7/85." Others have no description at all. We will be providing a list of the boxes and descriptions that are available.

      Ampex is offering these documents for inspection pursuant to Fed. Rule of Civil Proc. 34(b) and for examination under Fed. Rule of Evid. 1006. Please let us know if Defendants plan to inspect the boxes.

      Very truly yours,

Norman H. Beamer

NHB:kac
Enclosures

cc:    S. Calvin Walden, Esq. (w/o encl.; via e-mail only)
       William F. Lee, Esq. (w/o encl.; via e-mail only)
       Paul M. Lukoff, Esq. (w/o encl.; via e-mail only)
       Jack B. Blumenfeld, Esq. (w/o encl.; via e-mail only)
       Michael J. Summersgill (w/o encl.; via e-mail only)



# ROPES &GRAY

FISH & NEAVE IP GROUP

ROPES & GRAY LLP
525 UNIVERSITY AVENUE     SUITE 300     PALO ALTO, CA 94301-1917     650-617-4000     F 650-617-4090
BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     WASHINGTON, DC     www.ropesgray.com

DRAGO N. GREGOV
DIRECT DIAL 650.617.4078
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

April 7, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

Enclosed please find a CD that includes documents bearing production numbers AXD038085 through AXD038837. The following production range, AXD038085 through AXD038217 shall be treated as *OUTSIDE COUNSEL ONLY* and not shown to either Kodak or Altek in-house counsel pursuant to the Protective Order in this action.

Please do not hesitate to call me if you have any questions.

Sincerely,

Drago N. Gregov
Senior IP Litigation Paralegal

DG:jmi
Enclosures

cc:     S. Calvin Walden, Esq. (email only, w/o encl.)
        William F. Lee, Esq. (email only, w/o encl.)
        Paul M. Lukoff, Esq. (email only, w/o encl.)
        Jack B. Blumenfeld, Esq. (email only, w/o encl.)

B - 288



# ROPES & GRAY

FISH & NEAVE IP GROUP

ROPES & GRAY LLP
525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

**KAREN A. CHRISTIANSEN**
DIRECT DIAL 650.617.4070
DIRECT FAX 650.566.4118
E-MAIL KAREN.CHRISTIANSEN@ROPESGRAY.COM

April 10, 2006

**VIA EMAIL (CONF. BY FEDERAL EXPRESS)**

Jordan L. Hirsch, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Hirsch:

In response to your request for further description of the administrative-type marketing reports being offered for inspection (*see April 6, 2006 letter from Hirsch to Beamer*), enclosed please find two monthly "General Managers Meeting" documents that include examples of these types of reports. *AXD038838-968, enclosed herein for production.* Additional documents like these are available for inspection at Ropes & Gray's offices in Palo Alto, California.

Sincerely,

Karen O. Christians

Karen A. Christiansen

KAC:kac
Enclosures

cc:    S. Calvin Walden, Esq. (via e-mail only; w/o encls.)
       William F. Lee, Esq. (via e-mail only; w/o encls.)
       Paul M. Lukoff, Esq. (via e-mail only; w/o encls.)
       Jack B. Blumenfeld, Esq. (via e-mail only; w/o encls.)
       Michael J. Summersgill, Esq. (via e-mail only; w/o encls.)

 **FISH & NEAVE IP GROUP**

ROPES & GRAY LLP
525 UNIVERSITY AVENUE     SUITE 300     PALO ALTO, CA 94301-1917     650-617-4000     F 650-617-4090
BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     WASHINGTON, DC     www.ropesgray.com

**DRAGO N. GREGOV**
DIRECT DIAL 650.617.4076
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

April 11, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

Enclosed please find copies of documents bearing production numbers AXD038969 through AXD039024.  Please do not hesitate to call me if you have any questions.

Sincerely yours,

Drago N. Gregov
Sr. IP Litigation Paralegal

DNG:jlc
Enclosures

cc:     S. Calvin Walden, Esq. (email only, w/o encl.)
        William F. Lee, Esq. (email only, w/o encl.)
        Paul M. Lukoff, Esq. (email only, w/o encl.)
        Jack B. Blumenfeld, Esq. (email only, w/o encl.)



FISH & NEAVE IP GROUP

ROPES & GRAY LLP
525 UNIVERSITY AVENUE     SUITE 300     PALO ALTO, CA 94301-1917     650-617-4000     F 650 617 4090
BOSTON     NEW YORK     PALO ALTO     SAN FRANCISCO     WASHINGTON, DC     www.ropesgray.com

DRAGO N. GREGOV
DIRECT DIAL 650.617.4076
DIRECT FAX 650.566.4124
E-MAIL DRAGO.GREGOV@ROPESGRAY.COM

May 9, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

Enclosed please find a CD containing documents bearing production numbers AXD050000 through AXD055153. These documents were selected for production by Kodak during Kodak's April 19 and 20 inspection of documents at Ropes & Gray's offices in Palo Alto, California. Please do not hesitate to call me if you have any questions

Sincerely yours,

Drago N. Gregov
Sr. IP Litigation Paralegal

DNG:jss
Enclosures

cc:     S. Calvin Walden, Esq. (email only, w/o encl.)
        William F. Lee, Esq. (email only, w/o encl.)
        Paul M. Lukoff, Esq. (email only, w/o encl.)
        Jack B. Blumenfeld, Esq. (email only, w/o encl.)



FISH & NEAVE IP GROUP

ROPES & GRAY LLP
525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Drago N. Gregov
650.617.4076
650.566.4124 fax
Drago.Gregov@ropesgray.com

May 16, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

Enclosed please find a copy of a document bearing production number AXD039025 through AXD039031. Please do not hesitate to call me if you have any questions.

Sincerely yours,

Drago N. Gregov
Sr. IP Litigation Paralegal

DNG:jlc
Enclosures

cc:    *(via email only, w/o enclosures)*
       S. Calvin Walden, Esq.
       William F. Lee, Esq.
       Paul M. Lukoff, Esq.
       Jack B. Blumenfeld, Esq.

B - 292



## FISH & NEAVE IP GROUP

ROPES & GRAY LLP
525 UNIVERSITY AVENUE    SUITE 300    PALO ALTO, CA 94301-1917    650-617-4000    F 650-617-4090
BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com

Drago N. Gregov
650.617.4076
650.566.4124 fax
Drago.Gregov@ropesgray.com

May 18, 2006

**VIA E-MAIL (CONF. BY FEDEX)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

Enclosed please find copies of documents bearing production number AXD039032 through AXD039037.  Please do not hesitate to call me if you have any questions.

Sincerely yours,

Drago N. Gregov
Sr. IP Litigation Paralegal

DNG:jlc
Enclosures

cc:    *(via email only, w/o enclosures)*
S. Calvin Walden, Esq.
William F. Lee, Esq.
Paul M. Lukoff, Esq.
Jack B. Blumenfeld, Esq.

B - 293

 FISH & NEAVE IP GROUP

ROPES & GRAY LLP
525 UNIVERSITY AVENUE      SUITE 300      PALO ALTO, CA 94301-1917      650 617-4000      F 650 617 4090
BOSTON      NEW YORK      PALO ALTO      SAN FRANCISCO      WASHINGTON, DC      www.ropesgray.com

NORMAN H. BEAMER
DIRECT DIAL  650.617.4030
DIRECT FAX  650.566.4149
E-MAIL  NORMAN.BEAMER@ROPESGRAY.COM

March 31, 2006

**VIA EMAIL (CONF. BY MAIL)**

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*Ampex Corporation v. Eastman Kodak Company, et al.*

Dear Mr. Summersgill:

Further to my January 6, 2006 letter to you regarding document locations, Ampex has completed its review of documents collected from the Iron Mountain storage facility. Ampex has been producing responsive documents from this storage facility on a rolling basis. Ampex has approximately 800 additional boxes from this facility containing Ampex sales documents (e.g., invoice, shipment records) and financial reports (e.g., inventory, orders, cost of manufacturing/development, cost of sales, budgets). These documents include individual sales records for various Ampex products.

Ampex believes that these types of underlying documents are cumulative of information disclosed in documents that have already been produced. However, because these documents arguably provide support for the information summarized in documents produced by Ampex, Ampex is offering the approximately 800 boxes for inspection. *See* Fed. R. Evid. 1006. The boxes will be available for inspection at Ropes & Gray's offices in Palo Alto, California by Kodak and Altek beginning next Wednesday, April 5. Please feel free to contact me to schedule a time for inspection of these documents.

Very truly yours,

Norman H. Beamer

NHB:kac

B - 294

ROPES & GRAY LLP

Michael J. Summersgill
March 31, 2006
Page 2

cc:     S. Calvin Walden, Esq. (via e-mail only)
        William F. Lee, Esq. (via e-mail only)
        Paul M. Lukoff, Esq. (via e-mail only)
        Jack B. Blumenfeld, Esq. (via e-mail only)

FRC, JURY, MREFHM, PATENT

## U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Marshall)
## CIVIL DOCKET FOR CASE #: 2:04-cv-00001-DF-CMC

TIVO Inc v. Echostar Comm, et al
Assigned to: Judge David Folsom
Referred to: Magistrate Judge Caroline Craven
Demand: $0
Related Case: 5:05-cv-00081-DF-CMC
Cause: 35:271 Patent Infringement

Date Filed: 01/05/2004
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**TIVO Inc**
*a Delaware corporation*

represented by **Alexander C D Giza**
Irell & Manella LLP
1800 Ave of the Stars
Ste 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: agiza@irell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrei Iancu**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310-277-1010
Fax: 310-203-7199
Email: aiancu@irell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel Franklin Baxter**
Attorney at Law
P O Box O
Marshall, TX 75671
903/927-2111
Fax: 19039272622
Email: sbaxter@mckoolsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam S Hoffman**
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010

B - 296

Fax: 13102037199
Email: ahoffman@irell.com
*ATTORNEY TO BE NOTICED*

**Ben Yorks**
Irell & Manella - Newport Beach
840 Newport Center Drive
Suite 400
Newport Beach, CA 92660
949/760-0991
Fax: 19497605200

**Brian Jones**
Irell & Manella - Newport Beach
840 Newport Center Drive
Suite 400
Newport Beach, CA 92660
949-760-0991
Fax: 19497605200
Email: bjones@irell.com
*ATTORNEY TO BE NOTICED*

**Christine W S Byrd**
Irell & Manella - Los Angeles
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: cbyrd@irell.com
*ATTORNEY TO BE NOTICED*

**Michelle Armond**
Irell & Manella - Newport Beach
840 Newport Center Drive
Suite 400
Newport Beach, CA 92660
949-760-0991
Fax: 19497605200
Email: MArmond@irell.com
*ATTORNEY TO BE NOTICED*

**Morgan Chu**
Irell & Manella
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: mchu@irell.com
*ATTORNEY TO BE NOTICED*

B - 297

**Perry M Goldberg**
Irell & Manella LLP

1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: pgoldberg@irell.com
*ATTORNEY TO BE NOTICED*

**R Scott Feldmann**
Crowell & Moring - Irvine
3 Park Plaza
20th Floor
Irvine, CA 92614
US
949/263-8400
Fax: 949/263-8414
Email: sfeldmann@crowell.com
*ATTORNEY TO BE NOTICED*

**Randall I Erickson**
Crowell & Moring - Irvine
3 Park Plaza
20th Floor
Irvine, CA 92614
US
949/261-8400
Fax: 949/263-8414
Email: rerickson@crowell.com
*ATTORNEY TO BE NOTICED*

**Richard E Lyon**
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
310/277-1010
Fax: 13102037199
Email: rlyon@irell.com
*ATTORNEY TO BE NOTICED*

**Steven P Rice**
Crowell & Moring - Irvine
3 Park Plaza
20th Floor
Irvine, CA 92614
US
949/263-8400
Fax: 949/263-8414
Email: srice@crowell.com
*ATTORNEY TO BE NOTICED*

**Van V Nguyen**
Crowell & Moring - Irvine
3 Park Plaza

B - 298

20th Floor
Irvine, CA 92614
US
949/263-8400
Fax: 949/263-8414
Email: vnguyen@crowell.com
*ATTORNEY TO BE NOTICED*

**Garret Wesley Chambers**
McKool Smith - Dallas
300 Crescent Court
Suite 1500
Dallas, TX 75201
214/978-4000
Fax: 12149784044
Email: gchambers@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Echostar Communications Corporation    represented by    **Alison M Tucher**
*a Nevada corporation*                                    Morrison & Foerster LLP San Francisco
                                                          425 Market St
                                                          San Francisco, CA 94105-2482
                                                          415-268-7000
                                                          Fax: 415-268-7522
                                                          Email: atucher@mofo.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ann Critin**
                                                          Morrison & Foerster
                                                          5200 Republic Plaza
                                                          370 17th St
                                                          Denver, CO 80202
                                                          303-592-1500
                                                          Fax: 303-592-1510
                                                          Email: acitrin@mofo.com
                                                          *TERMINATED: 01/17/2006*
                                                          *LEAD ATTORNEY*

                                                          **Jason A Crotty**
                                                          Morrison & Foerster LLP San Francisco
                                                          425 Market St
                                                          San Francisco, CA 94105-2482
                                                          415-268-7000
                                                          Fax: 415-268-7522
                                                          Email: jcrotty@mofo.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                        B - 299

                                                          **Rachel Krevans**

Morrison & Foerster LLP
425 Market St
San Francisco, CA 94105-2482
415/268-7000
Fax: 14152687522
Email: rkrevans@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert M Harkins, Jr**
Morrison & Foerster LLP San Francisco
425 Market St
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: rharkins@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harold J. McElhinny**
Morrison & Foerster LLP
425 Market St
San Francisco, CA 94105-2482
415/268-7000
Fax: 14152687522
Email: hmcelhinny@mofo.com
*ATTORNEY TO BE NOTICED*

**Karl J Kramer**
Morrison & Foerster - Palo Alto
755 Page Mill Road
Palo Alto, CA 94304
650-813-5775
Fax: 650-494-0792
Email: kkramer@mofo.com
*ATTORNEY TO BE NOTICED*

**Paul A. Friedman**
Morrison & Foerster LLP
425 Market St
San Francisco, CA 94105-2482
415/268-6220
Fax: 14152687522
Email: pafriedman@mofo.com
*TERMINATED: 01/09/2006*

**Zachariah A. Higgins**
Kirkland & Ellis LLP - California
555 California St
Floor 24
San Francisco, CA 94104
415/439-1887
Fax: 14154391500
Email: zhiggins@kirkland.com

B - 300

TERMINATED: 11/12/2004

**Damon Michael Young**
Young Pickett & Lee
4122 Texas Blvd
PO Box 1897
Texarkana, TX 75504-1897
903/794-1303
Fax: 19037925098
Email: dmyoung64@aol.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Echostar DBS Corporation**
*a Colorado corporation*

represented by **Alison M Tucher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann Critin**
(See above for address)
*TERMINATED: 01/17/2006*
*LEAD ATTORNEY*

**Jason A Crotty**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel Krevans**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert M Harkins, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harold J. McElhinny**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karl J Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul A. Friedman**
(See above for address)
*TERMINATED: 01/09/2006*

**Zachariah A. Higgins**
(See above for address)
*TERMINATED: 11/12/2004*

B - 301

**Damon Michael Young**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**"EchoStar defendants"**                    represented by   **Ann Critin**
(See above for address)
*TERMINATED: 01/17/2006*
*LEAD ATTORNEY*

**Emily A Evans**
Morrison & Foerster - Palo Alto
755 Page Mill Road
Palo Alto, CA 94304
650-813-5600
Fax: 650-494-0792
Email: eevans@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristina Paszek**
Morrison & Foerster LLP San Francisco
425 Market St
San Francisco, CA 94105-2482
415-268-7000
Fax: 415-268-7522
Email: KPaszek@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott F Llewellyn**
Morrison & Foerster
5200 Republic Plaza
370 17th St
Denver, CO 80202
303-592-1500
Fax: 303-592-1510
Email: sllewellyn@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison M Tucher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harold J. McElhinny**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Michael Pickett**
Young Pickett & Lee
4122 Texas Blvd

B - 302

PO Box 1897
Texarkana, TX 75504-1897
903/794-1303
Fax: 19037945098
Email: jpickett@youngpickettlaw.com
*ATTORNEY TO BE NOTICED*

**Karl J Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul A. Friedman**
(See above for address)
*TERMINATED: 01/09/2006*

**Robert M Harkins, Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Echostar Satellite LLC**

**Movant**

**Merchant & Gould**                          represented by   **Charles Conrow Murphy, Jr**
*Subpoena recipient*                                           Vaughan & Murphy
                                                               260 Peachtree Street NW
                                                               Suite 1600
                                                               Atlanta, Ga 30303
                                                               404-577-6550
                                                               Fax: 404-577-0060
                                                               Email: cmurphy@vaughanandmurphy.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**EchoStar Technologies Corporation**        represented by   **Alison M Tucher**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Ann Critin**
                                                               (See above for address)
                                                               *TERMINATED: 01/17/2006*
                                                               *LEAD ATTORNEY*

                                                               **Jason A Crotty**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Rachel Krevans**
                                                               (See above for address)
                              B - 303                          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Robert M Harkins, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Damon Michael Young**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harold J. McElhinny**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karl J Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul A. Friedman**
(See above for address)
*TERMINATED: 01/09/2006*

**Zachariah A. Higgins**
(See above for address)
*TERMINATED: 11/12/2004*

**Defendant**

**Echosphere Limited Liability Company**    represented by  **Alison M Tucher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann Critin**
(See above for address)
*TERMINATED: 01/17/2006*
*LEAD ATTORNEY*

**Jason A Crotty**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel Krevans**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert M Harkins, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

B - 304

**Harold J. McElhinny**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karl J Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul A. Friedman**
(See above for address)
*TERMINATED: 01/09/2006*

**Zachariah A. Higgins**
(See above for address)
*TERMINATED: 11/12/2004*

**Damon Michael Young**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**EchoStar Technologies Corporation**      represented by **Alison M Tucher**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann Critin**
(See above for address)
*TERMINATED: 01/17/2006*
*LEAD ATTORNEY*

**Damon Michael Young**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason A Crotty**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert M Harkins, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karl J Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Echosphere Limited Liability Company**      represented by **Alison M Tucher**
(See above for address)

B - 305

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann Critin**
(See above for address)
*TERMINATED: 01/17/2006*
*LEAD ATTORNEY*

**Damon Michael Young**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason A Crotty**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert M Harkins, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karl J Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

## Counter Defendant

**TIVO Inc**                         represented by **Adam S Hoffman**
*a Delaware corporation*                             (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

## Counter Claimant

**Echostar Communications Corporation**   represented by **Alison M Tucher**
*a Nevada corporation*                                   (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                      **Ann Critin**
                                                      (See above for address)
                                                      *TERMINATED: 01/17/2006*
                                                      *LEAD ATTORNEY*

                                                      **Jason A Crotty**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Robert M Harkins, Jr**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*

B - 306

*ATTORNEY TO BE NOTICED*

**Karl J Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Echostar DBS Corporation**                    represented by   **Alison M Tucher**
*a Colorado corporation*                                          (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Ann Critin**
                                                                 (See above for address)
                                                                 *TERMINATED: 01/17/2006*
                                                                 *LEAD ATTORNEY*

                                                                 **Jason A Crotty**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Robert M Harkins, Jr**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Karl J Kramer**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**TIVO Inc**
*a Delaware corporation*

**Counter Claimant**

**Echostar Communications Corporation**
*a Nevada corporation*

**Counter Claimant**

**Echostar DBS Corporation**
*a Colorado corporation*

V.

**Counter Defendant**

**TIVO Inc**
*a Delaware corporation*

**Counter Claimant**

B - 307

**Echostar Satellite LLC**        represented by   **Karl J Kramer**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

## Counter Claimant

**EchoStar Technologies Corporation**

## Counter Claimant

**Echosphere Limited Liability Company**

V.

## Counter Defendant

**TIVO Inc**
*a Delaware corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2004 | 1 | Original Complaint with JURY DEMAND filed. Cause: 35:271 Patent Infringement (poa) (Entered: 01/07/2004) |
| 01/05/2004 | | Demand for jury trial by TIVO Inc (poa) (Entered: 01/07/2004) |
| 01/05/2004 | | Magistrate consent forms mailed to TIVO Inc (poa) (Entered: 01/07/2004) |
| 01/05/2004 | 2 | Form mailed to Commissioner of Patents and Trademarks. (poa) (Entered: 01/07/2004) |
| 01/09/2004 | | Summons(es) issued for Echostar Comm, Echostar DBS Corp & given to atty's runner (ktd) (Entered: 01/09/2004) |
| 01/15/2004 | 3 | Amended complaint by TIVO Inc , (Answer due 1/26/04 for Echostar DBS Corp, for Echostar Comm ) amending [1-1] complaint adding dfts EchoStar Tech Corp, Echosphere Ltd Liab (ktd) (Entered: 01/15/2004) |
| 01/15/2004 | | Summons(es) issued for EchoStar Tech Corp, Echosphere Ltd Liab & given to pla's runner (ktd) (Entered: 01/15/2004) |
| 01/15/2004 | 6 | Form mailed to Commissioner of Patents and Trademarks. (ktd) Additional attachment (s) added on 1/28/2005 (ehs, ). (Entered: 01/22/2004) |
| 01/20/2004 | 4 | Return of service executed as to Echostar DBS Corp 1/12/04 Answer due on 2/2/04 for Echostar DBS Corp (ktd) Additional attachment(s) added on 1/28/2005 (ehs, ). (Entered: 01/21/2004) |
| 01/20/2004 | 5 | Return of service executed as to Echostar Comm 1/12/04 Answer due on 2/2/04 for Echostar Comm (ktd) Additional attachment(s) added on 1/28/2005 (ehs, ). (Entered: 01/21/2004) |
| 01/26/2004 | 7 | Return of service executed as to EchoStar Tech Corp, Echosphere Ltd Liab 1/16/04 Answer due on 2/5/04 for EchoStar Tech Corp, for Echosphere Ltd Liab (ktd) Additional attachment(s) added on 1/28/2005 (ehs, ). (Entered: 01/27/2004) |
| 01/29/2004 | 8 | Secty's Return of service executed as to Echostar DBS Corp 1/20/04 Answer due on 2/9/04 for Echostar DBS Corp (ktd) Additional attachment(s) added on 1/28/2005 (ehs, ). (Entered: 01/30/2004) |

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2006, I electronically filed the following document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**REDACTED APPENDIX TO DEFENDANTS' ANSWERING BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on June 2, 2006, I have forwarded the above-noted document to the following as noted below:

**VIA E-MAIL**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**VIA E-MAIL & FEDERAL EXPRESS**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301

**VIA E-MAIL**

Jack B. Blumenfeld, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

**VIA E-MAIL & HAND DELIVERY**

Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899

PAUL M. LUKOFF (Bar I.D. #96)
DAVID E. BRAND (Bar I.D. #201)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE  19899-1328
TEL: 302-888-6500
E-MAIL:  PMLukoff@prickett.com
                DEBrand@prickett.com