# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1373-KAJ |
| | ) | |
| v. | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, ALTEK | ) | |
| CORPORATION and CHINON INDUSTRIES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | **REDACTED** |
| | ) | |
| | ) | |
| | ) | |

## APPENDIX TO DEFENDANTS EASTMAN KODAK COMPANY
## AND ALTEK CORPORATION'S
## RESPONSIVE CLAIM CONSTRUCTION BRIEF

Collins J. Seitz, Jr. (#2237)
Jaclyn M. Mason (#4737)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
cseitz@cblh.com

***Attorneys for Defendants Eastman Kodak Company
and Altek Corporation***

*Of Counsel:*
William F. Lee
Donald R. Steinberg
Michael J. Summersgill
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

S. Calvin Walden
WILMER CUTLER PICKERING
   HALE AND DORR LLP
399 Park Avenue
New York, NY  10002
(212) 230-8800

Dated:  June 9, 2006

# TABLE OF CONTENTS

**Page**

Excerpts of the Original Application for U.S. Patent No. 4,802,019 to
   Harada, et al. (January 3, 1983)..................................................................................... B-001

Expert Report of James Storer (ITC) (May 10, 2005) ..................................................... B-005

Rebuttal Testimony of Dr. George T. Ligler (ITC) (July 28, 2005) ............................................. B-012

Expert Rebuttal Testimony of Alan Cavallerano (April 11, 2006)................................................. B-015

Excerpts of Alan Cavallerano Deposition Transcript (May 3, 2006) ........................................... B-020

Excerpts of Charles G. Boncelet, Jr. Deposition Transcript (May 4, 2006) ................................ B-027

Excerpts of Dieter W. Preuss, PhD, Deposition Transcript (May 5, 2006) ................................ B-030



# REGULAR UTILITY

Form PTO-436
(Rev. 8/78)

| SERIAL NUMBER (series of 1979) | 4 35115 | PATENT DATE | | PATENT NUMBER |
|---|---|---|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 06/455,115 | 01/03/83 | 340 | 707 | 236 264 | BRIGANS |

APPLICANTS: ZENJI HARADA, HYOGO, JAPAN; OSAMU TERAOKA, OSAKA, JAPAN; TSUNEO MIKADO, TOKYO, JAPAN.

**CONTINUING DATA*********************
VERIFIED

**FOREIGN/PCT APPLICATIONS************
VERIFIED

Japan    57-2831    11 January '82
  "      57-6971    20 January '82

| Foreign priority claimed ☒yes ☐no 35 USC 119 conditions met ☒yes ☐no Verified and Acknowledged Examiner's initials | AS FILED | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|---|
| | | JPX | 3 | 5 | 1 | $ 300.00 | TS-25/E28 |

NORMAN E. MORRIS
WOODCOCK, WASHBURN, KURTZ, MACKIEWICZ
& NORRIS, 1000 UNITED ENGINEERS BLDG.
30 SOUTH 17TH ST.
PHILADELPHIA, PA  19103

TITLE: PICTURE PROCESSING SYSTEM

U.S. DEPT. of COMM.-Pat. & TM Office — PTO-436L (rev. 10-/

**AX203767**

| PARTS OF APPLICATION FILED SEPARATELY | PREPARED FOR ISSUE |
|---|---|
| | |

| | | | | | (Assistant Examiner) | (Docket Clerk) |

| AT ALLOWANCE | | | | | EXAMINED AND PASSED FOR ISSUE |
|---|---|---|---|---|---|

| SHEETS DRWGS. | FIGURES DRWGS. | CLAIMS | CLASS | SUBCLASS | |
|---|---|---|---|---|---|
| | | | | | (Primary Examiner)          (Art Unit) |
| | | | | | Estimate of printed pages          Issue fee due ( |
| | | | | | Drawing(s)          Spec(s) |
| | | | | | Notice of allowance and issue fee due (est.) |
| | | | | | Date mailed          Date paid |
| RETENTION LABEL | | | | | |



$8300.00 - 161 - A$
4551 5

Title:   PICTURE PROCESSING SYSTEM

Inventors:   Zenji Harada, Osamu Teraoka and
Tsuneo Mikado

**AX203770**

01/07/83 455115          2 101          300.00 CK

## BACKGROUND OF THE INVENTION
### Field of the Invention

This invention relates to a picture processing apparatus for selecting a desired picture from a plurality of still pictures formed on a monitor screen by means of selecting means and rearranging them in a desired order.

### Description of the prior art

A picture display system for reproducing digital information representative of a plurality of still pictures (about 100 fields, for example) recorded in a disk type recording medium and displaying it on a monitor has been well known as prior art. Such a system as this is generally used, in a TV station for example, for a programming apparatus of a picture on-air control system by which programs in a predetermined order arranged in advance are automatically progressed by use of a plurality of VTRs. In this programming apparatus picture or character information representative of the contents of each program such as news program or commercial program is recorded in a floppy disk and the like in the form of one still picture information. This information is rearranged in the desired order while reading it out at the time of making the program. The picture on-air control system is controlled with the rearranged information.

In this type of programming apparatus it generally takes approximately 0.4 sec to reproduce the still picture of one field, and a time interval of 1.6 sec is required for the case of color picture consisting of four fields in

- 1 -

AX203771

The outputs of the picture memory 2 are also provided
to a squeezer 4. The squeezer 4 has a specific function
to reduce or squeeze the picture size to one-fourth the original
and is so constructed that three scanning lines are thinned
out of four scanning lines and three sampling points on the
scanning line are thinned out of four sampling points at
the time of analog/digital conversion, for example. The
outputs of the squeezer 4 are fed to the disk type recording/re-
producing apparatus 3 and recorded in a predetermined part,
that is, tracks assigned for index recording.

In reproduction operation, the outputs reproduced
from the index track in the disk type recording/reproducing
apparatus 3 are first supplied to an index memory 5, and
recorded therein as information for one index screen. The
outputs of the index memory 5 are then delivered to a D/A
converter 7 through a changeover device 6 and converted therein
to analog picture signals. The outputs of the D/A converter
7 are applied to a monitor television (TV) and then displayed
on a screen thereof.

As clearly indicated in Fig. 2, the screen 12 of
the monitor TV is divided into a plurality of segments (in
this example, 16 segments) and each of the squeezed still
pictures is displayed on each of the segments (1 to 16). To
the respective segments, the reference numerals 1 to 16 are
assigned by superimposing them on the pictures, or by noting
down them on a transparent plate located in front of the
screen. In this example, the screen 12 including a group
of squeezed still pictures and reference numerals will be
used as an index screen.

Like these, the required information can be selected

- 5 -

AX203775

# UNITED STATES INTERNATIONAL TRADE COMMISSION
## WASHINGTON, D.C.

### Before the Honorable Robert L. Barton, Jr.
### Administrative Law Judge

|  |  |
|---|---|
| In the Matter of | ) |
|  | ) |
|  | ) |
| **CERTAIN DIGITAL IMAGE** | ) Inv. No. 337-TA-527 |
| **STORAGE AND RETRIEVAL** | ) |
| **DEVICES** | ) |
|  | ) |

## EXPERT REPORT OF JAMES STORER

## REDACTED

REDACTED

**REDACTED**

**REDACTED**

REDACTED



**REDACTED**

**Contains Confidential Business Information**
**Subject to Protective Order**

231.    I reserve the right to revise, supplement or amend my opinions in light of any additional information that I might receive after the date of this report including but not limited to rebuttal reports submitted by Ampex.

Dated:   May 10, 2005        _____

James A. Storer

CX-1562C-1-73

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**WASHINGTON, D.C.**
Before the Honorable Robert L. Barton, Jr.
Administrative Law Judge

---

In the Matter of

CERTAIN DIGITAL IMAGE
STORAGE AND RETRIEVAL
DEVICES

)
)
)
)
)
)
)

Investigation No. 337-TA-527

---

**REBUTTAL TESTIMONY OF DR. GEORGE T. LIGLER**

REDACTED



**REDACTED**

REDACTED

## IX.    CONCLUSION

Q:    Does this witness statement contain your answers to the questions set forth herein?

A:    Yes.

Dated: July 28, 2005

George T. Ligler

73

B-014

CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v, | ) | C.A.  04-1373 (KAJ) |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| ALTEK CORPORATION, and | ) | **REDACTED** |
| CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

## DISCLOSURE OF EXPERT REBUTTAL TESTIMONY
## OF ALAN CAVALLERANO

**REDACTED**



REDACTED

**REDACTED**



**REDACTED**

REDACTED

## X.   EXHIBITS TO BE USED

208.   I have not yet finalized any exhibits and demonstrative evidence for trial, but I may do so pursuant to the schedule set out by the Court.

Date: April 11, 2006

_Alan Cavallerano_
Alan Cavallerano

1

1

2    IN THE UNITED STATES DISTRICT COURT

3    FOR THE DISTRICT OF DELAWARE

4    ---------------------------------x

5    AMPEX CORPORATION,

6                        Plaintiff,

7        -against-           C.A. No.
                             04-1371-KAJ

8    EASTMAN KODAK COMPANY, ALTEK
     CORPORATION and CHINON INDUSTRIES,

9    INC.,                          **CERTIFIED ORIGINAL**
                                    **LEGALINK BOSTON**

10                       Defendants.

11   ---------------------------------x

12                    May 3, 2006
                      9:08 a.m.

13

14      Videotaped Deposition of ALAN

15   CAVALLERANO, taken by Defendants,

16   pursuant to Notice, at the offices of

17   Wilmer Cutler Pickering Hale and Dorr

18   LLP, 399 Park Avenue, New York, New

19   York, before ERIC J. FINZ, a Shorthand

20   Reporter and Notary Public within and

21   for the State of New York.

22

23

24

25

Alan Cavallerano                              05/03/2006

114

| 34:35 | 1 | ALAN CAVALLERANO |
| 11:34:41 | 2 | achieve the operations of this |
| 11:34:45 | 3 | invention, that that other path, that |
| 11:34:49 | 4 | other connection, could not, let's say, |
| 11:34:54 | 5 | interfere with or in some way alter the |
| 11:34:55 | 6 | intent of the invention. |
| 11:34:57 | 7 | **Q.     Okay.  But you agree that** |
| 11:35:00 | 8 | **the size reducer can be coupled to the** |
| 11:35:04 | 9 | **disk store?** |
| 11:35:06 | 10 | MR. BEAMER:  Objection; |
| 11:35:10 | 11 | contradicts previous testimony, asked |
| 11:35:23 | 12 | and answered. |
| 11:35:25 | 13 | A.     Again, what the size reducer |
| 11:35:27 | 14 | is connected to, in addition to the |
| 11:35:33 | 15 | frame store, is in my expert opinion -- |
| 11:35:36 | 16 | could be irrelevant.  Depending upon |
| 11:35:38 | 17 | what that path does. |
| 11:35:42 | 18 | **Q.     Does the invention exclude** |
| 11:35:45 | 19 | **systems in which the size reducer is** |
| 11:35:47 | 20 | **coupled to something other than the** |
| 11:35:49 | 21 | **frame store?** |
| 11:35:50 | 22 | MR. BEAMER:  Asked and |
| 11:35:51 | 23 | answered. |
| 11:35:59 | 24 | A.     Merely having a connection |
|  | 25 | to something else is not what I'd be |

Alan Cavallerano                                        05/03/2006

115

36:03       1              ALAN CAVALLERANO

11:36:06    2    concerned with.  It would be what that

11:36:08    3    other path is doing.

11:36:09    4        Q.    Okay.  So you agree that

11:36:12    5    the invention is not limited to systems

11:36:14    6    in which the size reducer is coupled

11:36:29    7    only to the frame store; correct?

11:36:30    8        A.    That's possible, depending

11:36:32    9    on the nature of these other

11:36:33   10    connections.

11:36:37   11        Q.    Okay.  And were you aware,

11:36:39   12    when you drafted your expert report,

1' 36:43   13    that the applicant specifically added

11:36:46   14    the connection shown in the sole figure

11:36:49   15    of the '121 patent between the size

11:36:52   16    reducer and the disk store?

11:36:59   17        A.    I'm not sure of when that

11:37:02   18    did or didn't take place.

11:37:03   19        Q.    That's not really my

11:37:06   20    question.  My question is, when you

11:37:09   21    reached the expert opinions set forth

11:37:11   22    in your expert report, were you aware

11:37:15   23    that the applicant specifically amended

11:37:18   24    the figure, the '121 patent, to add the

           25    connection that's shown between size

Alan Cavallerano

05/03/2006

292

```
 40:48      1          ALAN CAVALLERANO

16:40:53    2    in, by definition there are not reduced

16:40:55    3    sized images on that external disk.

16:40:58    4        Q.    Right.  So the full size

16:41:02    5    images first entered the '121 system

16:41:09    6    and they were stored on disk; correct?

16:41:10    7          MR. BEAMER:  Objection.

16:41:14    8        A.    I want to make sure I

16:41:16    9    understand.  The disk already contained

16:41:18   10    the full sized image.

16:41:20   11        Q.    Let me ask a better

16:41:23   12    question.  In the scenario you're

1  41:27   13    referring to in paragraph 146, that you

16:41:30   14    say is covered by the invention of the

16:41:32   15    '121 patent, reduced sized images are

16:41:37   16    generated from full size images that

16:41:39   17    are stored on disk; correct?

16:41:42   18        A.    They may be.

16:41:44   19        Q.    And the reduced sized

16:41:48   20    images are generated after those full

16:41:51   21    sized images have been stored on disk;

16:41:52   22    correct?

16:41:54   23        A.    By definition, because the

16:41:56   24    disk was pulled in from some external

           25    source as opposed to what we know from
```

293

16:42:00    1          ALAN CAVALLERANO

16:42:03    2    the teachings of the '121 patent and

16:42:05    3    the file history and statements of

16:42:09    4    novelty from the patent examiner, that

16:42:15    5    the full sized images in all cases,

16:42:17    6    when the full sized image is input to

16:42:20    7    the system as a full size image, not

16:42:22    8    from some external disk that one may

16:42:24    9    not wish to corrupt, that in those

16:42:27   10    cases we would need to -- in all cases

16:42:31   11    need to generate the reduced size image

16:42:34   12    so that then we can reap the benefits

16:42:36   13    of this particular invention.

16:42:37   14         Q.    In the scenario you're

16:42:42   15    discussing in paragraph 146, the

16:42:44   16    reduced size images are generated from

16:42:47   17    full size images that have already been

16:42:49   18    stored on disk; correct?

16:42:51   19         A.    That has to be the case.

16:42:53   20    Because we brought the disk from the

16:42:54   21    outside.

16:42:58   22         Q.    And that scenario, in your

16:42:59   23    expert opinion, is covered by the

16:43:05   24    invention of the '121 patent; correct?

           25         MR. BEAMER:  Objection;

Alan Cavallerano                                    05/03/2006

294

| | | ALAN CAVALLERANO |
|---|---|---|
| 43:06 | 1 | |
| 16:43:06 | 2 | vague. |
| 16:43:08 | 3 | A.    When you say covered, it's |
| 16:43:10 | 4 | covered to the extent that I'm told |
| 16:43:15 | 5 | that the size reducer may -- may be |
| 16:43:18 | 6 | employed for that case to generate the |
| 16:43:20 | 7 | reduced sized image. |
| 16:43:21 | 8 | Q.    Well, you specifically say |
| 16:43:25 | 9 | in paragraph 146 that the invention |
| 16:43:31 | 10 | covers the system in which reduced |
| 16:43:33 | 11 | sized images are generated from those |
| 16:43:36 | 12 | full sized images that have already |
| 16:43:37 | 13 | been stored on disk; correct? |
| 16:43:43 | 14 | A.    Yes, that's correct. |
| 16:44:09 | 15 | Q.    Now, if the '121 invention |
| 16:44:12 | 16 | covers scenarios in which the full size |
| 16:44:14 | 17 | image is stored on disk before a |
| 16:44:18 | 18 | reduced size image is generated, why |
| 16:44:21 | 19 | doesn't the '121 invention cover the |
| 16:44:23 | 20 | Paint Box system which stores full size |
| 16:44:27 | 21 | images on disk before reduced size |
| 16:44:29 | 22 | images are generated? |
| 16:44:31 | 23 | A.    When you say covers, can you |
| 16:44:36 | 24 | be more specific as to what you're |
| | 25 | referring to? |

403

```
 1                    ALAN CAVALLERANO

 2              C E R T I F I C A T E

 3    STATE OF NEW YORK   )

                         : ss.

 4    COUNTY OF NEW YORK  }

 5

 6      I, ERIC J. FINZ, a Shorthand

 7    Reporter and Notary Public within and

 8    for the State of New York, do hereby

 9    certify:

10      That ALAN CAVALLERANO, the witness

11    whose deposition is hereinbefore set

12    forth, was duly sworn by me and that

13    such deposition is a true record of the

14    testimony given by the witness.

15      I further certify that I am not

16    related to any of the parties to this

17    action by blood or marriage, and that I

18    am in no way interested in the outcome

19    of this matter.

20      IN WITNESS WHEREOF, I have hereunto

21    set my hand this  8  day of

22    May    , 2006.

23

24

25
                  ERIC J. FINZ
```

**CERTIFIED ORIGINAL
LEGALINK BOSTON**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AMPEX CORPORATION,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          ) Civil Action
                                  ) Number 04-1373 KAJ
EASTMAN KODAK COMPANY,            )
ALTEK CORPORATION, and            )
CHINON INDUSTRIES,                )
INC.,                             )
                                  )
            Defendants.           )

        Videotape deposition of CHARLES G.
BONCELET, JR., taken pursuant to notice at the law
offices of Prickett, Jones & Elliott, 1310 King
Street, Wilmington, Delaware, beginning at 9:37 a.m.,
on Wednesday, April 26, 2006, before Julie H. Parrack,
Registered Merit Reporter, Certified Realtime Reporter
and Notary Public.

APPEARANCES:

        RAY R. ZADO, ESQUIRE
        ROPES & GRAY
          525 University Avenue, Suite 300
          Palo Alto, California  94301-1917
          On behalf of Plaintiff

        CALVIN WALDEN, ESQUIRE
        MONICA GREWAL, ESQUIRE
        WILMER, CUTLER, PICKERING, HALE and DORR, LLP
          399 Park Avenue
          New York, New York  10022
          On behalf of Defendants

ALSO PRESENT:  WILLIAM FREEMAN (Morning Session Only)
               CAROL FEELEY, VIDEOGRAPHER
               ANDY BUCKMASTER, VIDEOGRAPHER

                WILCOX & FETZER
    1330 King Street - Wilmington, Delaware 19801
                (302) 655-0477



**WILCOX & FETZER LTD.**
Registered Professional Reporters

B-027



**REDACTED**

286

1                                          CERTIFICATE

2      STATE OF DELAWARE)
                         )

3      NEW CASTLE COUNTY)

4                      CERTIFICATE OF REPORTER

5          I, Julie H. Parrack, Registered Professional
   Reporter and Notary Public, do hereby certify that
6  there came before me on the 26th day of April, 2006,
   the deponent herein, CHARLES G. BONCELET, JR., who was
7  duly sworn by me and thereafter examined by counsel
   for the respective parties; that the questions asked
8  of said deponent and the answers given were taken down
   by me in Stenotype notes and thereafter transcribed by
9  use of computer-aided transcription and computer
   printer under my direction.

10

11         I further certify that the foregoing is a true
   and correct transcript of the testimony given at said
   examination of said witness.

12

13         I further certify that I am not counsel,
   attorney, or relative of either party, or otherwise
   interested in the event of this suit.

14

15

16                                    Julie H. Parrack, RMR, CRR
                                      Certification No. 102-RPR
17                                    (Expires January 31, 2008)

18 DATED: 5/4/06

19

20

21

22

23

24

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

Civil Action No.

04-1373-KAJ

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AMPEX CORPORATION,

Plaintiff,

v.

EASTMAN KODAK COMPANY, ALTEK

CORPORATION and CHINON

INDUSTRIES, INC.,                    **CERTIFIED COPY**

Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VIDEOTAPED DEPOSITION OF DIETER

W. PREUSS, PhD, a witness called on behalf of

the Plaintiff, taken pursuant to the Federal

Rules of Civil Procedure, before Maureen

O'Connor Pollard, RPR, CLR, and Notary Public

within and for the Commonwealth of

Massachusetts, at the offices of Ropes & Gray,

LLP, One International Place, Boston,

Massachusetts, on the 5th of May, 2006,

commencing at 9:29 o'clock a.m.



**LEGALINK®**
A **WORDWAVE** COMPANY

LegaLink San Francisco
575 Market Street, 11th Floor
San Francisco, CA 94105

tel (415) 357-4300
tel (800) 869-9132
fax (415) 357-4301

www.legalink.com

GLOBAL COURT REPORTING · LEGAL VIDEOGRAPHY · TRIAL SERVICES

B-030

DIETER W. PREUSS, Ph.D.  May 5, 2006

| | | |
|---|---|---|
| 11:22:03 | 1 | A.    On the disk it could not be detected |
| 11:22:07 | 2 | anymore.  You would have to know that the image |
| 11:22:09 | 3 | was coming from a video source, yes, and you |
| 11:22:14 | 4 | could determine whether it was a video image. |
| 11:22:18 | 5 | Q.    Under your definition of the term |
| 11:22:20 | 6 | video as set forth in paragraph 39 of your |
| 11:22:23 | 7 | expert report, do you have an opinion as to |
| 11:22:25 | 8 | whether the Hell Chromacom system operated with |
| 11:22:27 | 9 | video images, video data, and video pixel data? |
| 11:22:32 | 10 | MR. HIRSCH:  Objection. |
| 11:22:37 | 11 | A.    It did not operate with video images |
| 11:22:41 | 12 | and video pixel data. |
| 11:22:42 | 13 | BY MR. SCHOENHARD: |
| 11:22:44 | 14 | Q.    Please direct your attention to |
| 11:22:46 | 15 | paragraph 42 on page fifteen of your expert |
| 11:22:49 | 16 | report. |
| 11:22:50 | 17 | Do you see that paragraph? |
| 11:22:52 | 18 | A.    Paragraph 42? |
| 11:22:54 | 19 | Q.    Paragraph 42 on page fifteen of your |
| 11:22:56 | 20 | expert report. |
| 11:22:57 | 21 | A.    Yes. |
| 11:22:58 | 22 | Q.    What do you mean by "each of the image |
| 11:23:01 | 23 | memories had separate input and output ports"? |
| 11:23:09 | 24 | MR. HIRSCH:  You're reading from |

68

B-031

Dieter W. Preuss, PhD                              05/05/2006

216

1    COMMONWEALTH OF MASSACHUSETTS )

2    SUFFOLK, SS.                        )

3

4            I, MAUREEN O'CONNOR POLLARD, RPR, CLR,

5    and Notary Public in and for the Commonwealth of

6    Massachusetts, do certify that on the 5th day of

7    May, 2006, at 9:29 o'clock, the person

8    above-named was duly sworn to testify to the

9    truth of their knowledge, and examined, and such

10   examination reduced to typewriting under my

11   direction, and is a true record of the testimony

12   given by the witness.  I further certify that I

13   am neither attorney, related or employed by any

14   of the parties to this action, and that I am not

15   a relative or employee of any attorney employed

16   by the parties hereto, or financially interested

17   in the action.

18           In witness whereof, I have hereunto

19   set my hand this 6th day of May, 2006.

20

21           _Maureen O'Connor Pollard_

22           REGISTERED PROFESSIONAL REPORTER

23

24

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2006, I electronically filed Redacted Appendix to Defendants Eastman Kodak Company and Altek Corporation's Responsive Claim Construction Brief with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esquire
Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

I hereby certify that on June 15, 2006, I have forwarded the above-noted document to the following as noted below:

**VIA E-MAIL**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**VIA E-MAIL & FEDERAL EXPRESS**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301

**VIA E-MAIL & HAND DELIVERY**

Jack B. Blumenfeld, Esquire
Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (Bar No. 2237)
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
1007 North Orange Street
Wilmington, DE 19899