IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION,<br><br>              Plaintiff,<br><br>         v.<br><br>EASTMAN KODAK COMPANY,<br>ALTEK CORPORATION and CHINON<br>INDUSTRIES, INC.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 04-1373-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S CITATION OF SUBSEQUENT AUTHORITY IN FURTHER
SUPPORT OF ITS ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS'
<u>MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT</u>**

Pursuant to D. Del. LR 7.1.2(c), Plaintiff Ampex Corporation ("Ampex") hereby submits this Citation of Subsequent Authority in further support of its Answering Brief In Opposition to Defendants Motion for Summary Judgment of Non-Infringement, filed on June 13, 2006 (D. I. 366) ("Ampex Opp."). On June 14, the Court of Appeals for the Federal Circuit issued its opinion in *Primos, Inc. v. Hunter's Specialties, Inc.,* 05-1001, -1376 (Fed Cir. June 14, 2006) (Ex. A). In this opinion, the Federal Circuit affirmed a judgment of infringement under the doctrine of equivalence, rejecting two grounds of noninfringement raised by appellants: (1) prosecution history estoppel under *Festo*; and (2) the "all elements" limitation to equivalents.

The claim element at issue in *Primos* was a "plate" used in a game call apparatus; during prosecution, this claim element "was amended ... by adding the limitation that the plate be 'differentially spaced' above the membrane." *Id.* at *12-13. The Court held, based on a review of the prosecution history and the art which the applicant distinguished during prosecution, that the scope of the disclaimed subject matter was limited to "plates that are not differentially spaced

above the membrane."  The accused device, by contrast, used "a dome [and not a plate] extending above the membrane." *Id*. at *4, *13.  Thus, the Court found that *Festo* did not bar equivalence because the claimed amendment "was merely tangential to the contested element in the accused device." *Id*. at *13.

Defendants' assertions that prosecution history estoppel should bar a finding of infringement as to the "said data" elements of the '121 patent claims should be rejected for the same reasons set forth in *Primos*, because the amendments to those claim elements bore no more than a tangential relationship to the scope of equivalents asserted.  More particularly, the "said data" elements were amended simply to clarify the original source of the data to be stored in the claimed bulk store, and bore no relation to whether the data could be processed or changed prior to storage in the bulk store.  (Ampex Opp. pp. 32-33.)

In *Primos*, the appellant also asserted that to find the accused device equivalent to the claimed plate would "vitiate the 'plate' limitation and thereby violate the all elements rule." *Primos*, 05-1001, -1376 at *14.  The Court recognized that the appellant was "essentially contending that there can be no equivalent to the claimed 'plate.'"  As the Court stated:

> Our precedent has recognized that "[t]here is no set formula for determining whether a finding of equivalence would vitiate a limitation, and thereby violate the all elements rule.  Rather, courts must consider the totality of the circumstances of each case and determine whether the alleged equivalent can be fairly characterized as an insubstantial change from the claimed subject matter without rendering the pertinent limitation meaningless."

*Id*. at *15.  The Court then rejected appellant's claim on the grounds that, because the appellee's theory of equivalence (that a dome is equivalent to a plate) does not effectively eliminate the plate limitation in its entirety, "it does not violate the all limitations rule." *Id*.

Addressing the totality of the circumstances as to such elements as "video" and "said data," in each instance a finding that the element is met under the doctrine of equivalents is

similarly warranted.  (Ampex Opp. pp. 26-27, 32-35).  Under Ampex's equivalents analysis, the "video image/video pixel data" and "said data" elements are not "effectively eliminated in their entirety," and a finding of equivalence would not violate the all elements rule.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Jack B. Blumenfeld (#1014)*

                Jack B. Blumenfeld (#1014)
                Julia Heaney (#3052)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, DE 19899
                (302) 658-9200
                jheaney@mnat.com
                *Counsel for Plaintiff Ampex Corporation*

OF COUNSEL:

Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY  10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA  94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC  20005

Dated:  June 16, 2006
525219

## **CERTIFICATE OF SERVICE**

I, Jack B. Blumenfeld, hereby certify that on June 16, 2006 I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Collins J. Seitz, Jr., Esquire
>Connolly, Bove, Lodge & Hutz LLP
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE  19899

and that I caused copies to be served upon the following in the manner indicated:

### **BY HAND**

>Collins J. Seitz, Jr., Esquire
>Connolly, Bove, Lodge & Hutz LLP
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE  19899

### **BY FEDERAL EXPRESS**

>Michael J. Summersgill
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA  02109

>*/s/ Jack B. Blumenfeld (#1014)*
>Jack B. Blumenfeld (#1014)
>jblumenfeld@mnat.com