storing a plurality of reduced spatial resolution image frames produced by a size reducer. The system has frame store which is capable of storing both a full resolution image frame and reduced spatial resolution image frame. The frame store additionally operates in two modes. In the first mode, both a full spatial resolution image frame is received from the image store to generate an output image frame. In the second mode, a plurality of reduced spatial resolution image frames are received from the image store to generate an output image frame.

The Examiner rejected Claims 1, and 4 through 14 under 35 U.S.C. 103 as being unpatentable over the publication by Hugh Boyd, Quantel.

Claim 1 has been cancelled and dependent Claims 4 and 5 have been amended to be dependent on Claim 2. Claim 6 remains dependent on Claim 5, Claim 7 remains dependent on Claim 6, and Claim 8 remains dependent on Claim 7. As Claim 2 was not rejected on the basis of any prior art and dependent Claims 4 through 8 add considerable detail, Claims 4 through 8 are believed to be in condition for allowance.

The Boyd publication discloses a system for the storage and retrieval of video image frames. The Boyd system does not teach the use of a frame store that is capable of storing both a full resolution image frame and a corresponding reduced spatial resolution image frame at the same time. Amended Claims 9 through 11 all require the use of such a frame store. Support for this amendment can be found generally throughout the specification and specifically in Claim 2. Thus the applicant believes that amended Claims 9 through 11 are in condition for allowance.

Claims 12 and 14 have been amended such that the operation of the size reducer in producing the reduced size image data set from the corresponding full size image data set is "in response" to the writing of the full size image data set into the frame store. Boyd clearly does not teach this responsive use of the size reducer. To perform such an operation with the Boyd system an operator would have to orchestrate each step. Thus the applicant believes that amended Claims 12 and 14 are patentably distinguishable over the Boyd disclosure.

Amended Claim 13 is dependent upon amended Claim 12 and adds considerable detail and thus is also believed to be in condition for allowance.

Claim 15 has been added to more precisely claim the applicant's inventive concept. Claim 15 calls for "a frame store coupled to selectively receive from either an external source or said image store and store one of said full size image data sets". Further the

AX061642

USSN 740,297                                12

"frame store is operable such that when a full size image data set is received from an external source or is received from said image store and said image store does not contain a corresponding reduced size image data set, said frame store outputs a copy of said full size image data set to said size reducer".  This automatic use of the size reducer is clearly not taught by the Boyd publication.  Again, this type of operation would require complete operator orchestration in the Boyd system.  Support for this Claim can be found at least on page 3 of the specification. The applicant believes that Claim 15 is patentably distinguishable over the Boyd publication.

The Yamamoto et al reference, which was cited but not applied, does not appear to be pertinent to the claims.

In the event that this amendment does not place this application fully in condition for immediate allowance for any reason, a telephone interview is respectfully requested at the number listed below if the Examiner believes such an interview would be productive.

Respectfully submitted,
Daniel A. Beaulier

by Bradley A. Perkins
Attorney for Applicant
Registration No. 31,406
(415) 367-2605

AMPEX CORPORATION
401 Broadway, MS. 3-35
Redwood City, CA  94063-3199
January 28, 1986

AX061643

THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:                    ) Group Art Unit    : 262
Daniel D. Maulier                        ) Examiner          : D. Harvey
                                         ) Attorney Docket No.: AV-3033 N1
Serial No.: 740,297                      )
                                         )
Filed: May 31, 1985                      )
                                         )     I hereby certify that this correspondence is being
For: Electronic Still Store              )     deposited with the United States Postal Service as
with High Speed Sorting and              )     first class mail in an envelope addressed to:
Method of Operation                      )     Commissioner of Patents and Trademarks, Washing-
                                         )     ton, D.C. 20231, or  1-28-86
                                         )
                                         )     Bradley A. Perkins, Reg. # 31,406 DATE  1-28-86

Hon. Commissioner of Patents and Trademarks
Washington, D.C.  20231

                                                    RECEIVED
Dear Sir:                                            FEB 10 1986
                                                     GROUP 260
        Transmitted herewith is an amendment in the above-identified
application.

(  ) No additional fee is enclosed because this application was filed
    prior to October 25, 1965 (effective date of Public Law 89-93).

(XX) No additional fee is required.

(  ) The fee has been calculated as shown below.

Claims as amended:

| | Claims remaining after amendment | Highest number previously paid for | Present extra | Rate | Additional fee |
|---|---|---|---|---|---|
| Total Claims | | - | | x12 | |
| Independent Claims | | - | | x34 | |
| Total additional fee for this amendment | | | | | |

(  ) Charge $_____ to Deposit Account No. 01-1771.  A duplicate
    copy of this sheet is enclosed.

(xx) The Commissioner is hereby authorized to charge any fees
    under 37 C.F.R. 1.16 and 1.17 which may be required by this
    paper, or credit any overpayment, to Deposit Account No.
    01-1771.  A duplicate copy of this sheet is enclosed.

                              Respectfully submitted,

                              AMPEX CORPORATION


                         By   Bradley A. Perkins
                              Bradley A. Perkins
                              Registration No.  31,406

Dated: January 28, 1986
401 Broadway, M.S. 3-35
Redwood City, California  94063
(415) 367- 2605

(REV. 10/7/85)

AX061644

Case 1:04-cv-01373-KAJ    Document 390-8    Filed 06/20/2006    Page 4 of 50



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 06/740,297 | 05/31/85 | BEAULIER | D | AV-3033N1 |

```
AMPEX CORP.
401 BROADWAY, MS 3-35
REDWOOD CITY, CA 94063-3199
```

| EXAMINER | |
|---|---|
| HARVEY, D | |
| ART UNIT | PAPER NUMBER |
| 262 | 23 |

DATE MAILED:                04/21/87

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☐ Applicant's failure to respond to the Office letter, mailed _____
2. ☒ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.
3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.
4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____
   ☐ The issue fee has not been received in Allowed Files Branch as of _____

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (l), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.
   ☐ The corrected and/or substitute drawings were received on _____
6. ☐ The reason(s) below.

James J. Groody
Supervisory Patent Examiner
Art Unit 262
David Harvey
(703) 557-9765

PTO-1432 (REV. 5-83)

AX061676

Serial No. 018,786                                    -2-

Art Unit 262


1.       Claims 2-4, 6, 7 and 15-28 are rejected under
35 U.S.C. 112, second paragraph, as being indefinite for
failing to particularly point out and distinctly claim
the subject matter which applicant regards as the inven-
tion.

        1)   In claim 2, line 9, "frame of video data"
has no antecedents and should read --of the video
frames--.

        2)   In claim 2, line 21, --an-- should be
inserted before "output".

        3)   In claim 2, line 27, --means-- should be
inserted after "store".  Similar clarification is needed
in line 31.

        4)   In claim 2, line 32, "corresponding"
should be changed to --returned--.

        5)   In claim 5, line 2, "corresponding"
should be deleted.

        6)   In claim 3, line 3, "image" should be
--images--.

        7)   In claim 3, line 4, "one-fourth" appears
to be misdescriptive because each dimension is reduced
by ¼ thus the total resolution is reduced by 1/16 (see
column 22).

        8)   In claim 6, line 7, "the received" has no
antecedents an should be changed to --an--.

        9)   In claim 15, line 6, "said" should be
deleted.

        10)  In claim 15, line 8, "corresponding"
should be deleted.


                     AX061677

Serial No. 081,786                    -3-
Art Unit 262

11) In claim 15, line 15, "one of said" should be changed to --a--.

12) In claim 15, line 15, "sets" should be change to --set--.

13) In claim 15, line 16, "a" should read --the--.

14) In claim 15, line 23 and 24, "with the corresponding full size image data set" is indefinite because it is not clear if the statement refers to actually storing the full size set or to the storing of the reduced set with a previously stored full size set.

15) In claim 16, line 6, "said video image" has no antecedent basis.

16) In claim 16, lines 8 and 9, "said second resolution image data" has no antecedent basis.

17) In claim 16, lines 9 and 10, "said first resolution image data" has no antecedent basis.

18) In claim 16, line 12, "its" should read --said--.

19) In claim 16, line 13, "corresponding image data at" should read --said data for the corresponding image having--.

20) In claim 16, lines 13 and 14, "for any image stored" is indefinite because it is not clear to what images it refers.

21) In claim 16, line 14, "said bulk storage memory" has no antecedent basis.

22) In claim 17, line 2, "allows access" is indefinite because it is not clear what means is being accessed.

AX061678

Serial No. 081,786                              -4-

Art Unit 262

       23) In claim 18, line 3, "each image" should read --each of the images--.

       24) In claim 18, line 3, "a" should read --said--.

       25) In claim 18, line 8, "a" should read --said--.

       26) In claim 18, lines 9 and 10 are indefinite because it is not clear how the storing recited in lines 9 and 10 relates to the storing recited in lines 5-8. Are the full size images recited in line 10 store as part of the pixel data recited in lines 5 and 6? Clarification is needed.

       27) In claim 18, line 11, "video pixel data" is indefinite because it is not clear if it refers back to the pixel data recited in lines 5 and 6.

       28) In claim 18, lines 12 and 13, "said full size images" is indefinite when referred back to the problems cited for lines 3-11.

       29) In claim 18, "the corresponding reduced size images" has no antecedent basis and is indefinite.

       30) In claim 18, line 17, "for storage" is indefinite when referred back to the claim has any data been stored.

       31) In claim 25, it is not clear if the "storing" recited in line 2 refers back to the storing recited in claim 24. Similar clarification is needed for "accessing" recited in line 3.

       32) In claim 25, line 4, does "selected reduced size images" refer to selected ones of the

AX061679

Serial No. 081,786                                    -5-

Art Unit 262

reduced size reproduction images recited in line 3.
Clarification is needed.

      33)  In claim 26, line 1 and 2, "each full
size image" has no antecedent basis.  Lines 4-5 require
clarifications as cited for claim 25.

      34)  In claim 26, line 7, "outputting the
group of stored reduced size images" is indefinite
because: "the group" has no antecedent; it is not clear
if "stored" refers back to the storing recited in line 4
or the storing recited in line 5.

      35)  Claims 27 and 28 require similar clarifica-
tions as exemplified above.

      36)  Throughout the claims the use of the term
"operable" is indefinite because it is not clear if the
term is used to recite how the means actually operates
or how the means is capable of operating.  The examiner
notes that any video processing circuit comprising a
computer and sufficient memory is considered to be
capable of the recited operation if appropriately
programmed.  Clarification is needed.

2.      The applicant is asked to review the claims
and to correct any section 112 problems similar to.

3.      The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

    A person shall be entitled to a patent unless-

      (b) the invention was patented or described in
      a printed publication in this or a foreign
      country or in public use or on sale in this
      country, more than one year prior to the date
      of application for patent in the United
      States.

AX061680

Serial No. 081,786                    -6-

Art Unit 262

4.        Claims 16, 17, and 23-26 are rejected under 35
U.S.C. 102(b) as being anticipated by Taylor et al.
'776.

    1)   With respect to claims 16, 17, and 24-26:

    Taylor et al. '776 disclose a still picture
storage system as is shown if Figure 19, The system
comprises a first memory 14/24 which receives picture
data representing full size images.  The system includes
a size changing means 23 for receiving the full size
images and for producing reduced size copies.  The
system further comprises a disc store 18/20 for storing
both the full size and the reduced size image frame
copies (column 3, lines 22-35).  Taylor et al. further
disclose that a multiple display of pictures is made by
writing more that one compressed picture from the disc
into the frame store (column 12, lines 38-43).

    2)   With respect to claim 23:

    Taylor et al. further disclose interfacing a
VTR to the disc store to provided additional storage
(see Figure 18).  The VTR and the disc store are both
capable of storing a plurality of the full and reduced
size images.

5.       The examiner notes that the art has been
applied to the extent of the examiner's understanding of
the claimed system in view of the section 112 problems.

6.       Claims 2, 15, 18, 19, 27 and 28 would be
allowable if rewritten or amended to overcome the rejec-
tion under 35 U.S.C. 112.

AX061681

Serial No. 081,786                                    –7–

Art Unit 262


7.      Claims 3, 4, 6, 7 and 20-22 would be allowable
if rewritten to overcome the rejection under 35 U.S.C.
112 and to include all of the limitations of the base
claim and any intervening claims.

8.      Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to David E. Harvey whose telephone number is
(703) 557-7948.

    Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3321.


                                        James J. Gravely
                                    Supervisory Patent Examiner
                                         Art Unit 262



D. HARVEY:flj

703-557-7948

12-21-87



PATENT

In re application of                                    ) Group Art Unit: 262
                                                       ) Examiner: D. Harvey
Daniel A. Beaulier                                     ) Attorney Docket No.:
                                                       )    AV-3033 N2
Serial No.: 018,786                                    )
                                                       )
Filed: February 24, 1987                               ) I hereby certify that this correspondence is being
                                                       ) deposited with the United States Postal Service as
For: ELECTRONIC STILL STORE                            ) first class mail in an envelope addressed to:
     WITH HIGH SPEED SORTING                           ) Commissioner of Patents and Trademarks, Washing-
     AND METHOD OF OPERATION                           ) ton, D.C. 20231, or *April 28, 1988* *gaa*

                                                        *George B. Almeida*   *4/27/88*
                                            AMENDMENT  George B. Almeida, Reg. # 20,696    DATE

Hon. Commissioner of Patents and Trademarks            **RECEIVED**
Washington, D.C. 20231
                                                       MAY 11 1988
Dear Sir:
                                                       GROUP 260/
            In response to the Office Action dated January 4,

1988, please amend the above-identified application as

follows.  Applicant includes herewith a Request for an

Extension of Time of one month, and authorization for the

payment of the requisite fee of $56.00.


IN THE SPECIFICATION:

Page  2, line 11, change "Ditigal" to --Digital--;

Page  4, line 18, before "which" insert --in--; after

                  "which" insert --the sole--;

          line 19, delete "1";

          line 22, change "FIGURE 1" to --the sole FIGURE--;

Page  5, lines 4-6, change "Apparatus and Method for Chroma

                  Separation, AV-2883, by" to --the U.S.

          Patent No. 4,675,876, issued September 22,

AX061708

-2-                    AV-3033 N2

$I^1_{conc\ell}$

1987 to--;;

line 7, before "which" insert --which is assigned

$I^2$

to the same assignee as this application,

and--;

line 18, change "An" to --The--; change "A/D" to

--A-D--;

line 28, change "afford" to --affords--;

Page 6, line 7, after "or" insert --from--;

line 21, after "initially" insert a comma --,--;

line 22, after "contain" insert a comma --,--;

line 23, after "resolution" delete the comma --,--;

after "image" insert a comma --,--;

Page 7, line 5, after "copy" insert a comma --,--;

line 22, delete "from";

line 25, change "to form" to --, for forming--.


IN THE CLAIMS:

2.1. (thrice amended)  An electronic still store

system comprising:

an image store means for retrievably storing

$I^3_{cont}$

therein a plurality of image frame copies of video frames,

the image frame copies comprising data representing [a] full

spatial resolution images [image] and corresponding data

representing [a] reduced spatial resolution images [image]

of the [each frame of] video frames [data];

[a] frame store means [which is operable in a

first mode] for receiving and storing in a first mode one of

AX061709

-3-                AV-3033 N2

said full spatial resolution images from said image store
means and for repetitively generating a full spatial resolu-
tion image output, and [operable] in a second mode for
receiving from the image store means and storing a plurality
of said reduced spatial resolution images each at selectively
located different positions, the frame store means [being
further operable] in the second mode further [for] repeti-
tively generating an image output [image] comprising the
stored plurality of said reduced spatial resolution images;
and

          [a] size reducer means for receiving from the
frame store means the stored full spatial resolution image
and in response thereto returning to the frame store means a
corresponding reduced spatial resolution image [and], 
wherein the frame store means receives and stores [is
operable for receiving and storing] the returned [corre-
sponding] reduced spatial resolution image while continuing
to store the stored full spatial resolution image.

          (thrice amended)  The electronic still store
system according to claim 1, wherein the [corresponding]
reduced spatial resolution images [image] each have a
spatial resolution of one-fourth the spatial resolution of
the corresponding full spatial resolution image.

          (thrice amended)  The electronic still store
system according to claim 1, wherein said frame store means

AX061710

-4-                          AV-3033 N2

includes a central processing unit, controlled by an opera-
tor[, coupled and operable] in said first mode <u>for selecting</u>
[to select] which of said full spatial resolution images
stored in said image store means <u>is</u> [are] to be retrieved
from the image store means, and [coupled and operable] in
said second mode <u>for selecting</u> [to select] which of said
reduced spatial resolution images stored in said image store
means are to be retrieved and stored in said frame store
means, and <u>further for selecting</u> [to select] the different
positions within <u>a video</u> [the] frame [store means] at which
each of said retrieved reduced spatial resolution images is
stored.

Claim 6, line 7, change "the received" to --an--.

Claim 7, line 9, delete "frame".

6. 15. (twice amended)  A video still store system
comprising:

        <u>external source means for supplying a full</u>
<u>size image data set representing a full size image frame;</u>
        a size reducer coupled to receive <u>the</u> [a]
full size image data set [representing a full size image
frame] <u>for producing therefrom</u> [and to produce] a reduced
size image data set representing a corresponding reduced
size image frame [in response thereto]:

AX061711

−5−                    AV-3033 N2

an image store for storing a plurality of
[said] full size image data sets representing a plurality of
full size image frames and for storing a plurality of
[corresponding] reduced size image data sets representing a
plurality of reduced size image frames, each of said reduced
size image data sets corresponding to one of said full size
image data sets; and

[a] frame store means for storing one of said
full size image data sets [coupled to selectively receive]
from either the [an] external source or said image store,
wherein if [and store one of said full size image data sets,
said frame store being operable such that when a full size
image data set is received from an external source or is
received from said image store and] said image store does
not supply [contain] a corresponding reduced size image data
set, said frame store outputs a copy of said full size image
data set to said size reducer, and receives in turn a
corresponding reduced size image data set;

wherein [which is outputted to] said image
store stores the reduced size image data set along [for
storage] with the previously stored corresponding full size
image data set.

16.  (amended) An apparatus for storing video
images as pixel data comprising:

means for receiving and storing in a first
memory pixel data representing a video image [images] having

I 4
cont

AX061712

-6-        AV-3033 N2

a first resolution, and for generating from said pixel data representing said video image at said first resolution, pixel data representing a corresponding image having a second[,] lower resolution; [and]

means for storing in a second memory said second lower resolution pixel [image] data together with said first resolution pixel [image] data [in a second memory]; and

means for selectively accessing said first and second memories to supply either said pixel data for the video image at said [its] first resolution, or [only] said pixel data for the corresponding image [data] at said second resolution, [for any image stored in said bulk storage memory] for further processing.

17.   (amended)  The apparatus of claim 16 wherein said means for selectively accessing allows access to a plurality of sets of pixel data [images] at said second resolution [and storage of them] in selected groups [blocks] of memory locations in said first memory wherein the pixel data at said second resolution simultaneously is [so that they may be further] processed as a single composite mosaic of reduced size images.

18.   (amended)  An apparatus for storing video pixel data representing video images of a first resolution and, for each of the images [image] at said [a] first

AX061713

B-248

resolution, a corresponding video image at a second resolu-
tion comprising:

random access memory means for _individually_
storing video pixel data representing _one of_ a _succession of_
full size _images_ [image] at said first resolution and a
corresponding reduced size version thereof at _said_ [a]
second resolution;

[means for storing one at a time in said
random access memory means a plurality of said full size
images;]

memory means for receiving _said_ video pixel
data from said random access memory means and for storing
said _succession of_ full size images and the corresponding
reduced size _versions thereof,_ [images received from said
random access memory means] and for outputting upon a user's
command, _either_ a selected _one of the successive_ full size
_images_ [image] or only the corresponding reduced size
_versions thereof_ [image for the selected full size image]
for storage _back_ in said random access memory means;

means for _selectively_ generating _one of_ said
corresponding reduced size _versions_ [image] from _the respec-_
_tive_ [any said] full size image in said random access memory
means, [to be transferred to said memory means] and for
_transferring_ [storing] the video pixel data representing
said reduced size image _to_ [in said random access memory
means prior to storage of] the contents of said _memory means_
_via said_ random access memory means [in said memory means].

AX061714

-8-                    AV-3033 N2

19. (amended)  An apparatus for storing video
pixel data as <u>at least one</u> full size image <u>at a first</u>
<u>resolution,</u> and <u>at least one</u> reduced size image <u>thereof at a</u>
<u>second lower resolution,</u> [of pixel data] comprising:

        random access memory means <u>having an input</u>
<u>port and an output port,</u> for storing <u>the</u> video pixel data
presented at <u>the</u> [an] input port [and having at least one
output port];

        [means for storing] <u>said</u> video pixel data
representing <u>the</u> [a] full size video image at a first
resolution <u>being stored</u> in a first group of memory locations
in said random access memory means;

        bulk storage memory for <u>also</u> storing <u>the</u>
video pixel data and for presenting selected <u>groups</u> [blocks]
of video data at said input port for storage by said random
access memory <u>means</u>;

        size reducing means <u>responsive</u> [coupled] to
said random access memory means for <u>receiving</u> [accessing]
said [image] video pixel data stored in said random access
memory <u>means</u> representing said full size image at said first
resolution, and for reducing said image to <u>the</u> [a] reduced
size [counterpart] image at <u>the</u> [a] second[,] lower resolu-
tion, and for <u>supplying</u> [storing] said reduced size image at
said second resolution to [in] said random access memory
<u>means</u> in a second group of <u>memory</u> [storage] locations
therein; [and]

AX061715

-9-                    AV-3033 N2

control means coupled to said random access
memory means, to said bulk storage memory [means] and to
said size reducing means, for causing said size reducing
means to generate said reduced size image at said second
resolution and to supply [store] same to [in] said random
access memory means in said second group of memory [storage]
locations; and

said control means further causing the
transfer of [each time] the full size and reduced size video
pixel data from said random access memory means [is to be
transferred] to said bulk storage memory [means] for stor-
age, [and for causing the video pixel data from both said
first and second plurality of memory locations in said
random access memory means to be transferred to said bulk
storage means for storage after said reduced size image is
generated and stored in said second group of storage lo-
cations,] and for causing the selective transfer [of video
pixel data] from said bulk storage memory [means] into said
random access memory means of [for storage such that] either
said full size image at said first resolution [image] or
said [only the] reduced size image at said second lower
resolution [counterpart are transferred into said random
access memory means].

20.  (amended)  The apparatus of claim 19 wherein
said control means also determines the [is coupled for
causing] selective transfer of said reduced size image at

AX061716

B-251

AV-3033 N2

said second resolution [image directly] from said size
reducing means into said bulk storage memory via the random
access memory means.

I4
cont

     21.   (amended)   The apparatus of claim 19 wherein
said control means also determines [is coupled for control-
ling] the memory locations in said random access memory
means where the video pixel data defining said reduced size
image at said second resolution [image] are stored upon
transfer from said bulk storage memory [means].

     22.   (amended)   The apparatus of claim 19 [21]
wherein said size reducing means produces said reduced size
image at said second resolution [image] with one fourth
[1/16th] the spatial resolution of said full size image at
said first resolution, [image] and wherein said control
means determines the [is coupled for causing] transfer of
said reduced size image at said second resolution [image]
into said random access memory means for storage at a
selected one of 16 predetermined groups [blocks] of said
memory locations.

SUBJ 2

     23.   (amended)   A system for storing [and retriev-
ing] video data representing video images which are display-
able [displayed] as rasters of vertically distributed
horizontal lines, each represented video image normally

B-252

AX061717

-11-                    AV-3033 N2

occupying a raster of selected vertical and horizontal size,
the system comprising:

a video image size reducer having an input
for receiving [coupled to receive] video data representing a
video image corresponding to the [a] selected raster size
and for generating [generate therefrom at an output] video
data representing a reproduction of said video image at
[corresponding to] a selected fractional-size of said
selected raster size;

a first store [having an input] for receiving
video data for storage and [an output] for providing video
data therefrom [retrieved from storage], said first store
having a capacity for storing the video data representing a
video image corresponding to [of] the selected raster size
together with video data representing said [a] reproduction
of a video image at [corresponding to] the selected frac-
tional-size [of said selected raster size];

a second store [having an input] for receiv-
ing and storing both the video data from the first store
[for storage] and [an output] for providing video data
therefrom [retrieved from storage], said second store having
a capacity for storing video data representing a plurality
of video images each corresponding to [a video frame of] the
selected raster size, and video data representing a plurality
of the reproductions [reproduction] of each video images at
the [of] selected fractional-size of said selected raster
size; and

AX061718

-12-                    AV-3033 N2

means for selectively transferring from said
<u>second</u> [first] store to said <u>first</u> [second] store either
said video data representing <u>one of the plurality of</u> [a]
video <u>images</u> [image] corresponding to the selected raster
size, or said video data representing <u>the plurality of
reproductions</u> [a reproduction] of <u>each</u> [a] video image, <u>at</u>
[which is] the selected fractional-size of said selected
raster size.

Claims 24, 25, please cancel without prejudice.

     26.  (amended)  The method of claim <u>29</u> [24]
wherein each <u>one of the</u> full size <u>images</u> [image] occupies
upon display a raster of selected vertical and horizontal
size, [and] further comprising: [the steps of]

     storing <u>the</u> [a] plurality of full size images
and <u>the plurality of</u> their reduced size reproduction images;
[and]

     <u>retrieving</u> [accessing] <u>the</u> [a] plurality of
<u>reproductions of each video</u> image [selected reduced size
images]; [and]

     storing <u>the plurality of reproductions</u> [them]
in a random access memory; and

     outputting the [group of] stored <u>plurality of
reproductions</u> [reduced size reproduction images] as a mosaic
of reproduction images occupying a raster of the selected
vertical and horizontal size.

AX061719

-13-                  AV-3033 N2

27.  (amended)  A method of storing video pixel
data comprising:

receiving and storing in <u>selected storage
locations in a</u> random access memory<u>, full</u> video pixel data
comprising a full size image;

generating <u>from the full video pixel data,
reduced</u> [therefrom] video pixel data representing a repro-
duction thereof in the form of a reduced size image at a
lower resolution<u>:</u> [from the full size image data and]

storing the <u>reduced video</u> pixel data repre-
senting the reduced size image [so generated] in additional
storage locations in said random access memory along with
the full <u>video pixel data</u> [size image];

storing both the full size <u>image</u> and the
reduced size image in bulk storage memory; <u>and</u>

selectively transferring either the full size
image or the reduced size image from said bulk storage
memory [means] into said random access memory [means] for
further processing.

28.  (amended)  A video still store system com-
prising:

<u>an external source for supplying a plurality
of full size image data sets representative of corresponding
full size images;</u>

an image store for storing <u>said</u> full size
image data sets [representing a plurality of full size

AX061720

images], and for storing a _like_ plurality of reduced size
image data sets representing a plurality of reduced size
images, each of said reduced size image data sets corre-
sponding to one of the full size image data sets;

[an external source input for receiving from
an external source full size image data sets;]

a memory for simultaneous storage of one of
said full size image data sets and _a_ [the] corresponding one
of said reduced size image data sets;

a size reducer means for receiving from said
memory the stored one of said full size image data sets, and
for producing and returning to said memory the corresponding
_one of said_ reduced size image data _sets_ [set];

said memory being _responsive_ [coupled and
operative] to [selectively receive from] either the external
source [input] or the image store _for storing_ [and to store]
said one of said full size image data sets, [and to output
as an output image the stored one of said full size image
data sets, and to communicate to the size reducer the stored
one of said full size image data sets, and to receive from
the size reducer and to store the corresponding reduced size
image data set,] and _for supplying_ [to provide] to the image
store both the stored one of said full size image data sets
and the corresponding _one of said_ reduced size image data
sets; [set,]

_said memory being responsive to_ [and to
receive from] the image store [and] to store at different

I5
cont

AX061721

selected locations the [selected ones of said] plurality of

reduced size image data sets; [, and]

I 5            said memory further  supplying [to output] as
conch.
an [said] output image either the plurality of reduced size

image data sets arranged [stored selected ones such that the

selected one are disposed] at different locations within the

output image, or the [to receive and store from said image

store only a] full size [sized] image data set; and

means responsive to [retrieve data from] said

memory for displaying the output image as [and display it

on] a raster scanned video display.

[Please add the following new Claim 29 to replace

original Claims 24, 25.]

SUBJ 37       --29.  A method of storing video pixel data for

access and display comprising:

I 6                providing data sets for a plurality of full
cont
size images at a first spatial resolution;

generating, from the data sets of the full

size images, second data sets representing a corresponding

plurality of reduced size reproduction images at a second

lower spatial resolution;

storing both the data sets of the plurality

of full size images and the data sets of the corresponding

plurality of reduced size reproduction images in respective

selected groups of storage locations; and

AX061722

–16–                    AV-3033 N2

I 6
concl

selectively accessing either one of the data
sets of the plurality of full size images or the sets of the
corresponding plurality of the reduced size reproduction
images simultaneously.--

## REMARKS

By this amendment, Claims 24, 25 are cancelled
without prejudice and replaced by new Claim 29; Claims 2-4,
6, 7, 15-23, 26-28 are variously amended and along with
Claim 29 are submitted for consideration in view of the
remarks following.  Applicant notes with appreciation the
allowance of Claims 2, 15, 18, 19, 27, 28 if amended to
overcome the rejection under 35 USC 112, and the allowance
of Claims 3, 4, 6, 7, 20-22 if amended to overcome the 35
USC 112 rejection, and to include the limitations of the
base and intervening claims.

In his Office Action, the Examiner rejected Claims
2-4, 6, 7, 15-28 under 35 USC 112, second paragraph; and
Claims 16, 17, 23-26 under 35 USC 102(b) as anticipated by
Taylor et al, '776.

Applicant has carefully reviewed the specification
and has corrected various inconsistencies therein.  The
claims have also been carefully reviewed particularly in
light of the Examiner's rejections and helpful suggestions,
and have been amended throughout in keeping with the Examin-
er's suggestions as well as for purposes of standardizing
and/or clarifying the language thereof.

AX061723

-17-                AV-3033 N2

More particularly, regarding the rejection under 35 USC 112, second paragraph, the specific suggestions in Items (paragraphs) 1-6, 8-13, 18-19 and 23-25, of the Office Action, pages 1-4, have been complied with.

In Items 15-17, 21, 29 and 30 the claims in question have been amended to positively recite antecedents for the various terms referred to by the Examiner.

In Item 7, the term "one-fourth" is correct for the term "spatial resolution". One-sixteenth refers to the storage capacity of a single full size image, that is, over a picture raster. (See page 6, lines 15-18). Claim 22 also has been corrected.

In Item 14, lines 23, 24 (of the original claims) the storage refers to both the full size and reduced size data sets as clarified.

In Item 20, lines 13, 14, "either" image (is) stored.

In Item 22, line 2, the means being accessed is now clearly identified.

In Item 26, the passage in lines 9, 10 was deleted as redundant, and the language in lines 5-8 is amended to clarify the storage of full and reduced size image data.

In Items 27, 28, the "video pixel data" and "said succession of full size images" properly refer back to lines 5, 6 and line 6, respectively, of the original claims.

In Items 31 and 32, Claim 25 has been cancelled.

AX061724

-18-                          AV-3033 N2

In Item 33, Claim 26 is now made dependent on
new Claim 29, and in line 1, "each one of the full size
images" refers back to Claim 29, lines 3-4. In lines 4-5 of
original Claim 26, the "reduced size reproduction images"
are recited in new Claim 29, line 7.

In Item 34, original Claim 26, line 7, "outputting
the stored plurality of..." properly refers back to Claim
29, line 11.

In Item 35, Claims 27 and 28 have been carefully
amended to clarify similar problems in antecedents as
corrected in the other claims.

In Item 36, Applicant has deleted the term "opera-
ble" throughout all the claims and believes the claims as
amended herein now recite language which is definite.

Accordingly, Applicant respectfully requests the
withdrawal of the rejection under 35 USC 112, second para-
graph, of Claims 2-4, 6, 7, 15-28 (and 29).

Regarding now the rejection of Claims 16, 17,
23-26 under 35 USC 102(b) as anticipated by Taylor et al,
'776, Applicant has amended Claim 16, and has re-written
Claims 24, 25 as new Claim 29. It is submitted that Taylor
et al fails to anticipate the features in independent Claims
16 and 29, as well as independent Claim 23.

More particularly, Taylor et al may, in fact,
include two stores, or memories 14/24 and 18/20, and an
image size changer 23. However there is no further simi-
larity to Applicant's invention as described and claimed.

AX061725

The electronic arrangement and cooperating functions of the electronics are not similar, and are not the equivalent of the cooperating functions of Applicant's combination, as recited in Claims 16, 17, (new) Claim 29, and Claim 26 dependent upon Claim 29.  The size changer 23 of Taylor et al is disposed _between_ his frame store 14/24 and his disc store 18/20, and therefore supplies only reduced (or expanded) images to the disc store 18/20 (contrary to the Examiner's statement that both full and reduced images are stored in the disc store).  Taylor et al thus teaches the use of a size change process each time a video image is supplied from the frame store 14/24 to the disc store 18/20 (FIGS. 5. 19), and also when the image is supplied from the disc store back to the frame store (FIGS. 18, 19).

On the other hand, Applicant's size reducer 26 is bidirectionally coupled only to his frame store 22, and is responsive to the frame store to supply a reduced size image at such time as only a full size image is stored in the frame store.  In addition, Applicant's frame store 22 then supplies both the full size image and its corresponding reduced size image back to his disc store 24 for storage together.  Subsequently, the full size images individually are returned to the frame store 22, or any number of the selected plurality of the reduced size images are returned for storage in the frame store 22, whereupon such re-stored images can be repeatedly read out.

AX061726

-20-                    AV-3033 N2

Note further, that in Applicant's system, it is
the frame store 22 which is accessed to provide the image
output for display, further use, etc. More particularly,
the frame store 22 has two modes of access; first, it
receives and stores a full size image, which then is repeat-
edly read out from the frame store 22; or second, it re-
ceives and stores all (or part of) a plurality (e.g., 16) of
reduced size images, which then are all (or partially)
repeatedly read out from the frame store 22 simultaneously
as a single mosaic of whatever plurality of reduced size
images was stored in the frame store 22. That is, in the
second mode, all of the stored, reduced size images are
outputted for display simultaneously in a single video
picture, each in its assigned two-dimensional location in
the picture raster.

Taylor et al fails to provide or intend the above
discussed features.

Accordingly, Claim 16 now recites inter alia,
means for storing in a second memory (i.e., frame store 22)
the second lower resolution pixel data together with a
(full) first resolution pixel data, and means for accessing
the second memory to supply either the first resolution
pixel data (one full video image), or the second resolution
pixel data (multiple reduced video images), for further
processing. These features are not taught or suggested by
Taylor et al.

B-262

AX061727

Claim 17 is dependent upon Claim 16 and further specifies that multiple sets of second resolution pixel data are accessed from selected groups of memory locations in the second memory...to allow simultaneous read out and display of the multiple sets of data at the second resolution in a single composite mosaic. These features also are not taught or suggested by Taylor et al.

Likewise, Claim 29 include steps of providing data sets for a plurality of full size images, generating a like plurality of reduced size images from the respective data sets of full size images, storing both the full size data sets and the reduced size data sets in respective groups of storage locations, and selectively accessing either, one of the full size data sets or (all) of the reduced size data sets simultaneously. Claim 26 further recites steps of storing the plurality of full size images and their reduced size images, in respective groups of storage locations, and retrieving the reduced size images and storing them in a random access memory. The Claim 26 continues with outputting the plurality of reproductions (of the reduced size images) as a full size mosaic, etc.

These features of Claims 29 and 26 are not taught or suggested in Taylor et al.

For the same reasons as above, Claim 23 recites language which is not anticipated by Taylor et al. In Claim 23, a first store stores video data representing a full size video image as well as the reduced size video image

AX061728

B-263

-22-                    AV-3033 N2

corresponding to the full size video image, a second store receives and stores a plurality of full size video images and a like plurality of the reproductions thereof at a fractional-size.  Claim 23 further includes means for transferring either one of the full size video images, or the plurality of reproductions as a full image, from the second store to the first store.

These features also are not taught or suggested in Taylor et al.

Accordingly, Applicant respectfully submits that the rejection of Claims 2-4, 6, 7, 15-28 (and 29) under 35 USC 112, second paragraph, is overcome for reasons given above, and that amended Claims 16, 17, 23-26 are not anticipated by Taylor et al but are allowable thereover as discussed above.  Action in the form of allowance of Claims 2-4, 6, 7, 15-23, 26-29 is earnestly solicited.

AX061729

-23-                    AV-3033 N2

If Examiner finds slight differences that can be resolved by a telephone interview, Applicant hereby requests leave for such interview by telephoning the undersigned collect at (415) 367-3331.

Respectfully submitted,

AMPEX CORPORATION

By _George B. Almeida_
George B. Almeida
Agent of Applicant
Registration No. 20,696

Dated: April 27, 1988

401 Broadway, M.S. 3-35
Redwood City, CA 94063-3199

B-265

AX061730

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | ) Group Art Unit    : 262 |
| Daniel A. Beaulier | ) Examiner          : D. Harvey |
| | ) Attorney Docket No.: AV-3033 N2 |
| Serial No.: 018,786 | ) |
| Filed: February 24, 1987 | ) |
| For: ELECTRONIC STILL STORE | ) |
| WITH HIGH SPEED SORTING | ) |
| AND METHOD OF OPERATION | ) |

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D. C. 20231. or *April 28, 1988*

*George B. Almeida*, Reg. ≠ 20,696

Hon. Commissioner of Patents and Trademarks
Washington, D.C.  20231

RECEIVED

MAY 1 1 1988

GROUP 260

Dear Sir:

    Transmitted herewith is an amendment in the above-identified application.

( ) No additional fee is enclosed because this application was filed prior to October 25, 1965 (effective date of Public Law 89-93).

( X ) No additional fee is required.

( ) The fee has been calculated as shown below.

Claims as amended:

| | Claims remaining after amendment | Highest number previously paid for | Present extra | Rate | Additional fee |
|---|---|---|---|---|---|
| Total Claims | | - | | x12 | |
| Independent Claims | | - | | x34 | |
| Total additional fee for this amendment | | | | | |

( ) Charge $_____ to Deposit Account No. 01-1771. A duplicate copy of this sheet is enclosed.

(xx) The Commissioner is hereby authorized to charge any fees under 37 C.F.R. 1.16 and 1.17 which may be required by this paper, or credit any overpayment, to Deposit Account No. 01-1771. A duplicate copy of this sheet is enclosed.

                                        Respectfully submitted,
                                        Daniel A. Beaulier
                                        AMPEX CORPORATION

                                        By *George B Almeida*
                                        George B. Almeida
                                        Registration No. 20,696

Dated:  April 27, 1988
401 Broadway, M.S. 3-35
Redwood City, California  94063
(415) 367-

(REV. 10/7/85)

AX061731



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/018780 | 02/24/87 | DEMULIER | P. |

RICHARD P. LANGE
AMPEX CORP.
401 BROADWAY, MS 3-35
REDWOOD CITY, CA 94063

| | EXAMINER |
|---|---|
| | HARVETE |
| ART UNIT | PAPER NUMBER |
| 202 | 29 |

DATE MAILED: 07/22/89

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

[X] This application has been examined   [X] Responsive to communication filed on 4/29/88   [X] This action is made final.

A shortened statutory period for response to this action is set to expire 3 (three) month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**
1. [ ] Notice of References Cited by Examiner, PTO-892.
2. [ ] Notice re Patent Drawing, PTO-948.
3. [ ] Notice of Art Cited by Applicant, PTO-1449.
4. [ ] Notice of Informal Patent Application, Form PTO-152
5. [ ] Information on How to Effect Drawing Changes, PTO-1474.
6. [ ] 

**Part II   SUMMARY OF ACTION**
1. [X] Claims 2 - 4, 6, 7, 15 - 23 and 26 - 29 are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. [X] Claims 24 and 25 have been cancelled.
3. [X] Claims 2, 4, 6, 7, 15, 27 and 28 are allowed.
4. [X] Claims 3, 16 - 19, 21 - 23 and 29 are rejected.
5. [X] Claims 20 and 26 are objected to.
6. [ ] Claims _____ are subject to restriction or election requirement.

7. [ ] This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.
8. [ ] Allowable subject matter having been indicated, formal drawings are required in response to this Office action.
9. [ ] The corrected or substitute drawings have been received on _____. These drawings are [ ] acceptable; [ ] not acceptable (see explanation).
10. [ ] The [ ] proposed drawing correction and/or the [ ] proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been [ ] approved by the examiner. [ ] disapproved by the examiner (see explanation).
11. [ ] The proposed drawing correction, filed _____, has been [ ] approved. [ ] disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.
12. [ ] Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [ ] been received [ ] not been received [ ] been filed in parent application, serial no. _____; filed on _____.
13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. [ ] Other

PTOL-326 (Rev. 7 - 82)   EXAMINER'S ACTION

Serial No. 018,786                                    -2-

Art Unit 262

1.    Claims 3, 22, and 29 are rejected under 35 U.S.C.
112, second paragraph, as being indefinite for failing
to particularly point out and distinctly claim the sub-
ject matter which applicant regards as the invention.

   1) Claim 22 is confusing and appears to be mis-
descriptive because an image which has one fourth the
spacial resolution of a full size image would appear to
also have one fourth the size.  As recited it appear to
have 1/16 the size.  Clarification is needed.  Similar
clarification is needed in claim 3 as was set forth in
paragraph 1 of paper #26.

   2) In claim 29, lines 13-16 are confusing and inde-
finite because line 13-15 recite that "one" of the full
or reduced sets is accessed and then line 16 recites
that the sets are accessed "simultaneously".  These
recitation appear to be contradictory.

2.    The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

   A person shall be entitled to a patent unless-

   (b) the invention was patented or described in a
   printed publication in this or a foreign country or
   in public use or on sale in this country, more than
   one year prior to the date of application for
   patent in the United States.

3.    Claims 16-19, 21, and 23-26 are rejected under 35
U.S.C. 102(b) as being anticipated by Taylor et al. as
was set forth in paragraph 4 of paper #26.

   The applicant's arguments filed 4/29/88 have been
fully considered but are not deemed pursuasive for the
following reasons:

AX061733

Serial No. 018,786                          -3-
Art Unit 262

    a) In the first paragraph on page 19 of the amend-
ment the applicant argues that only reduced size (or
expanded) images are stored on disc on Taylor's system.
As previously pointed out, in lines 22-35 of column 3,
Taylor clearly teaches storing both resolution images.
It at least inherent that although the size reducer is
connected as argued by the applicant, it does not
necessarily provide expansion or reduction. The size
reducer may pass the image unchanged.

    b) In the second paragraph on page 19 the applicant
appear to argue that the applicant's size reducer is
bidirectionally coupled to his image store. The exa-
miner notes that Taylor's is also in that the output of
the size reducer is fed back to the frame store via the
disc store.

    c) In the first paragraph on page 20 the applicant
argues that his system provides a second mode of
accessing not provided by Taylor's system. Applicant's
attention is directed to column 12 lines 32-43 in which
Taylor describes such accessing.

4.    The examiner notes that in view of the cited sec-
tion 112 problems, the art of record has not been
applied to claims 29, 26, 3, and 22.

5.    Claim 26 would be allowable if rewritten to over-
come the rejection under 35 U.S.C. 112 and to include
all of the limitations of the base claim and any inter-
vening claims.

6.    Claim 20 is objected to as being dependent upon a
rejected base claim, but would be allowable if rewritten

AX061734

Serial No. 018,786                                    -4-

Art Unit 262


in independent form including all of the limitations of

the base claim and any intervening claims.

7.    Claims 2, 4, 6, 7, 15, 27, and 28 allowable over

the prior art of record.

8.    THIS ACTION IS MADE FINAL. Applicant is reminded
of the extension of time policy as set forth in 37 CFR
1.136(a). The practice of automatically extending the
shortened statutory period an additional month upon the
filing of a timely first response to a final rejection
has been discontinued by the Office. See 1021 TMOG 35.

    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS
FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE
OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED
WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL
ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER
THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD,
THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE
DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION
FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM
THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT
WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN
SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

9.    Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to David E. Harvey whose telephone number is
(703) 557-7948.

    Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3321.

                                    James J. Groody
                                Supervisory Patent Examiner
                                        Art Unit 262

D. Harvey:pdw

703-557-7948

7-20-88


AX061735

*AV-3033 N2*

PATENT  #3015
Noland
11-8-88

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of | ) |
| Daniel A. Beaulier | ) Group Art Unit: 262 |
| | ) Examiner: D. Harvey |
| Serial No.: 018,786 | ) Attorney Docket No.: |
| | ) AV-3033 N2 |
| Filed: February 24, 1987 | ) I hereby certify that this correspondence is being |
| | ) deposited with the United States Postal Service as |
| For: ELECTRONIC STILL STORE | ) first class mail in an envelope addressed to : |
| WITH HIGH SPEED SORTING | ) Commissioner of Patents and Trademarks, Washing- |
| AND METHOD OF OPERATION | ) ton, D. C. 20231, on *Oct. 5, 1988* |
| | ) *George B. Almeida*  *10/5/88* |
| | ) George B. Almeida, Reg. # 20,696    DATE |

Please
Ent
11/8/88

### AMENDMENT UNDER 37 CFR 1.116

RECEIVED

Hon. Commissioner of Patents and Trademarks 56
Washington, D.C. 20231

OCT 24 1988

01-1771

Dear Sir:

GROUP 260

10-26-88
GS

In response to the Office Action dated July
22, 1988 finally rejecting the claims, and as provided by 37
CFR 1.116, entry of the following amendment as placing the
above-identified application in condition for allowance, or
in better form for appeal, is respectfully requested.

### IN THE CLAIMS

Claims 16, 17 please cancel without prejudice.

J-1
cont

7, 18. (twice amended) An apparatus for storing video
pixel data representing video images of a first resolution
and, for each each of the images at said first resolution, a

S 20285  10/11/88  018786

AX061736

-2-

AV-3033 N2

corresponding video image at a second resolution, comprising:

random access memory means for [individually] storing video pixel data representing one of a succession of full size images at said first resolution and a corresponding reduced size version thereof at said second resolution;

bulk memory means for receiving said video pixel data from said random access memory means and for storing said succession of full size images and the corresponding reduced size versions thereof, and for outputting upon a user's command, either a selected one of the successive full size images or selected ones of [only] the corresponding reduced size versions thereof for direct transfer to, and storage back in, said random access memory means; and means responsive to said random access memory means for selectively generating one of said corresponding reduced size versions from the respective full size image in said random access memory means, and for transferring the video pixel data representing [said full size image and] the corresponding reduced size version back [image] to the contents of said [memory means via said] random access memory means.

Claim 19, line 24, after "resolution" insert

--directly back--;

B-272

AX061737

-3-

AV-3033 N2

line 44, after "storage memory" insert

--directly--

Claims 20, 21, please cancel without prejudice.

10. 23. (twice amended) A system for storing video data representing video images which are displayable as rasters of vertically distributed horizontal lines, each represented video image normally occupying a raster of selected vertical and horizontal size, the system comprising:

a video image size reducer having an input for receiving video data representing a video image corresponding to the selected raster size and for generating video data representing a reproduction of said video image at a selected fractional-size of said selected raster size;

a first store for receiving video data for storage and for providing video data therefrom, said first store 13 having a capacity for storing the video data representing the video image corresponding to the selected raster size simultaneously together with the video data supplied by said video image size reducer representing said reproduction of the video image at the selected fractional-size;

a second store for receiving and storing both the stored in video data from the first store and for providing video data 17 therefrom directly to the first store, said second store further having a capacity for storing video data representing a additional further plurality of video images each corresponding to the selected

B-273        AX061738

raster size, and video data representing a plurality of ~~the~~ [additional]
reproductions ~~[of each video image]~~ at the selected fractional
size of said selected raster size; and

        means for selectively transferring from said
second store <u>directly</u> to said first store either ~~said~~ video
data representing of the plurality of video images
corresponding to the selected raster size, or ~~said~~ video
data representing ~~[the]~~ [a] plurality of reproductions ~~[of each~~
~~video image]~~ at the selected fractional-size of said selected
raster size.

        Claim 26, please cancel without prejudice.

        1329. (amended) A method of storing video pixel data
for access and display comprising:

        providing data sets for a plurality of full size
images at a first spatial resolution;

        generating, from the data sets of the full size
images, ~~a~~ second data set[s] representing a corresponding
plurality of reduced size reproduction images at a second
lower spatial resolution;

        storing both the data sets of the plurality of
full size images and the data set[s] of the corresponding
plurality of reduced size reproduction images in respective
selected groups of storage locations; and

        selectively accessing [either] ~~one of the data.~~ [from the storage locations a]
set[s] of the plurality of full size images, ~~or the set[s] of~~ [and a data set representing one] [representing one]

AX061739

J3
concl

the corresponding plurality of the reduced size reproduction images, simultaneously.

        Please add the following new Claims 30 and 31 to replace original Claims 20 and 26 respectively.

        14-30. An apparatus for storing video pixel data as at least one full size image at a first resolution, and at least one reduced size image thereof at a second lower resolution, comprising:

        random access memory means having an input port and an output port, for storing the video pixel data presented at the input port;

        said video pixel data representing the full size video image at a first resolution being stored in a first group of memory locations in said random access memory means;

        bulk storage memory for also storing the video pixel data and for presenting selected groups of video data at said input port for storage by said random access memory means;

        size reducing means responsive to said random access memory means for receiving said video pixel data stored in said random access memory means representing said full size image at said first resolution, and for reducing said image to the reduced size image at the second lower resolution, and for supplying said reduced size image at

AX061740

said second resolution to said random access memory means in
a second group of memory locations therein;

control means coupled to said random access memory
means, to said bulk storage memory and to said size reducing
means, for causing said size reducing means to generate said
reduced size image at said second resolution and to supply
same to said random access memory means in said second group
of memory locations;

said control means further causing the transfer of
the full size and reduced size video pixel data from said
random access memory means to said bulk storage memory for
storage, and for causing the selective transfer from said
bulk storage memory into said random access memory means of
either said full size image at said first resolution or said
reduced size image at said second lower resolution; and

wherein said control means also determines the
selective transfer of said reduced size image at said second
resolution from said size reducing means into said bulk
storage memory via the random access memory means.--

--31. A method of storing video pixel data for
access and display comprising:

providing data sets for a plurality of full size
image at a first spatial resolution, wherein each one of the
full size images occupies upon display a raster of selected
vertical and horizontal size;

generating, from the data sets of the full size

8  images, a second data sets representing a corresponding

plurality of reduced size reproduction images at a second

lower spatial resolution;

storing both the data sets of the plurality of

12  full size images and the data sets of the corresponding

plurality of reduced size reproduction images in respective

selected groups of storage locations;

15  selectively accessing one of the data sets of the

plurality of full size images, of the sets of the

corresponding plurality of the reduced size reproduction

images simultaneously;

wherein the step of accessing further includes,

26  retrieving the plurality of reproductions of each video

images storing the plurality of reproductions in a random

access memory, and outputting the stored plurality of

reproductions as a mosaic of reproduction images occupying a

raster of the selected vertical and horizontal size.––

<u>REMARKS</u>

By this amendment, Claims 16, 17, 20, 21 and 26

are cancelled without prejudice, Claims 18, 19, 23, are

variously amended and Claims 20 and 26 are re-written as new

Claims 30 and 31, respectively, to make them independent and

to include all the limitations of the respective base claim,

as suggested by the Examiner.  Applicant notes with

appreciation the allowance of Claims 2, 4, 6, 7, 15, 27 and 28 and the indication of allowability of Claims 20 and 26 if re-written.

In his Office Action, the Examiner finally rejected Claims 3, 22, 29 under 35 USC 112, second paragraph, as indefinite; finally rejected Claims 16-19, 21, 23-26 under 35 USC 102(b) as anticipated by Taylor et al; indicated the allowability of Claims 20, 26 if re-written, and allowed Claims 2, 4, 6, 7, 15, 27 and 28.

Regarding the rejection under 35 USC 112, applicant has deleted the word "either" from Claim 29, line 13, and added a comma (,) to line 14, thereby clarifying that the accessing is done to one of the... full size images, or to the reduced size reproduction images in a set simultaneously. Thus the confusion is believed removed.

Regarding the Examiner's indication that the Claims 3 and 22 language of one-fourth the spatial resolution would cause the reduced images also to have one-fourth the size, applicant respectfully refers in particular to page 6, lines 14-18, wherein is stated that ,"Because of the two dimensional nature of a video image, a quarter size image defined by video having one-fourth the spatial resolution of a full size image requires one-sixteenth the storage capacity of a full size, full

spatial resolution image."(See also page 7, lines 10-14).
Thus the language in the Claims 3 and 22 is, in fact,
correct and definite.  One-fourth the spatial resolution
refers to each dimension, whereby if a picture (image) is
one-fourth the width (horizontally) and one-fourth the
height (vertically) it obviously takes up one-sixteenth of
the full picture raster.  That is, sixteen of the one-fourth
resolution images would fit on the raster.  Thus, applicant
respectfully submits the language of Claims 3 and 22 is
definite, and requests that the rejection thereof under 35
USC 112 be withdrawn.

        Regarding the rejection of Claims 16-19, 21 and
23-26 under 35 USC 102 (b), applicant respectfully submits
that the remaining Claims 18, 19, 23 and 26 (new Claim 31)
are not fully met by the cited reference to Taylor et al.
For example, Claim 18 recites, inter alia, a random access
memory means (frame store 22) for individually
storing...succession of full size images...and a
corresponding reduced size version thereof at said second
resolution (underlining added).  Taylor et al fails to
describe and does not intend the storage of both a reduced
size and a full size image in his frame store (14/24 or
124/125) in the manner of applicant.  In fact, any size
reduction, and thus reduced size image, is made on the full
size image only at the time the latter is transferred from
the disk storage (18/20) to the frame store (24/124/125) as

AX061744

depicted in FIG'S 5, 18 and 19, or from the frame store to
the disc storage as depicted in FIG. 19. Applicant's
invention on the other hand, as described and claimed,
provides image reduction via his size reducer (26) coupled
only to the frame store (22), and which receives the full
size image only from the frame store whenever there is no
reduced size image, and which then returns the reduced size
image directly back to the frame store for storage thereof
simultaneously with the corresponding full size image.

        Contrary to the Examiner's statement in page 3,
paragraph 3(a), of his Office Action, Taylor et al does <u>not</u>
teach or imply that that his size reducer "does not
necessarily provide expansion or reduction," and that "the
size reducer may pass the image unchanged." Applicant has
carefully reviewed the patent and fails to find therein any
such description or implication. In the embodiments which
include the size reducer, Taylor et al specifically employs
an image size change each time a full size image is
transferred between storage devices, and fails to imply that
the size reducer may pass the image unchanged. If no size
reduction is to be made, Taylor et al specifies merely
omitting the size changing processor entirely (Col 5, lines
54-57). In any event, Taylor et al fails to store both the
full size image <u>and</u> its reduced size version in his frame
store as described and claimed by applicant.  .

AV-3033 N2

In paragraph 3(b), page 3, of the Office Action,
the Examiner notes that Taylor et al provides a size reducer
output which is fed back to the frame store (but) via the
disc store.  Such a configuration fails to anticipate
applicant's circuit configuration, wherein the size reducer
26 is directly coupled (only) to the frame store 22.  This
configuration allows applicant the advantages of high speed
transfer of multiple, reduced size images in a single frame
of video data.  In the configuration of FIG'S 5, 18 or 19,
Taylor et al must pass a frame of video data through his
size changer 23 prior to supplying his frame store,
whereupon he then accesses the frame store. Applicant
respectfully submits that Taylor's use of a size changer
between the two stores is an integral feature of his system,
and that the re-arrangement thereof in the manner of
applicant's system is made apparent only through hindsight
and by application of the teachings of applicant.

     Accordingly, Claims 18, 19 and 23 are variously
amended herewith to further clarify the language thereof
over the reference to Taylor et al.  Claim 18 recites inter
alia; a "random access memory means for... storing video
pixel data representing... full size images... and a
corresponding reduced size version thereof at said second
resolution"; bulk memory means which stores both size images
and which transfers either size of the images directly back
to the random access memory means, with no other circuit

                        AX061746

-12-                          AV-3033 N2

therebetween; and means for generating the reduced images
from the full size images and returning both directly back
to the contents of the random access memory means.  Taylor
et al fails to teach the above features of storing both
image sizes simultaneously in the random access memory, the
direct transfer of images between the disc storage and
random access memory, or the transfer of images directly
between the size reducer and only the random access memory.

Likewise, Claims 19 and 23 also recite the above
features in differing language and terms, and thus are not
anticipated by Taylor et al for the same reasons given
above.

Claims 20 and 26 have been re-written as new
Claims 30 and 31 as suggested by the Examiner, to include
the limitations of the respective base claim, and new Claim
31 has been amended to overcome the 112 rejection as
discussed above.  Accordingly, applicant respectfully
submits that claims 3,18,19, 22, 23, 29, 30 and 31, along
with (allowed) Claims 2, 4, 6, 7, 15, 27 and 28, are in
condition for allowance, which action is earnestly
solicited.

If Examiner finds slight differences that can be
resolved by a telephone interview, Applicant hereby requests