# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

June 20, 2006

BY ELECTRONIC FILING

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

RE: Ampex v. Eastman Kodak, C.A. No. 04-1373-KAJ

Dear Judge Jordan:

Pursuant to D. Del. LR 7.1.2(c), Ampex respectfully submits a copy of a recently published opinion from the United States District Court for the Southern District of Indiana, *Indiana Mills & Mfg., Inc. v. Dorel Indus., Inc.*, No. 1:04-cv-01102-LJM-WTL, 2006 U.S. Dist. LEXIS 34023 (S.D. Ind. May 26, 2006)(Ex.A). The opinion addresses issues relating to the scope of the waiver of attorney-client privilege and work product in light of the Federal Circuit's recent decision in *In re EchoStar Comm's Corp.*, Misc. Nos. 803, 805, 2006 WL 1149528 (Fed. Cir. May 1, 2006), and is pertinent to Ampex's Motion to Compel Disclosure of Withheld Communications and for Production of a Privilege Log, filed May 18, 2006.

In *Indiana Mills*, the district court determined that *EchoStar's* holding on waiver of attorney-client privilege and work product did not extend to trial counsel communications and work product. Although the district court found that there was not a waiver with respect to trial counsels' communications on the facts before it, it applied an analysis consistent with the balancing of interests suggested by Ampex in its motion. The district court predicated its finding of no waiver on the fact that "[t]here is no allegation in this case that [the accused infringer] received additional advice of counsel post-filing, other than advice from counsel in the course of litigation." *Indiana Mills*, 2006 U.S. Dist. LEXIS 34023 at *19.

The Court further suggested, albeit in dicta, that waiver would be appropriate in a case such as this one, in which the accused infringer allegedly received advice both before and after the filing of the lawsuit: "[T]here is merit in extending the temporal scope of the waiver beyond filing of the suit in cases where there is a fear that post-filing non-infringement opinions,

The Honorable Kent A. Jordan
June 20, 2006
Page 2

whether they may be of trial counsel, in-house counsel, or third-party outside counsel, differ from those pre-filing and have bearing on the reasonableness of the alleged infringer's reliance on advice of counsel." *Indiana Mills*, 2006 U.S. Dist. LEXIS 34023 at *20 n.2.

                                              Respectfully,

                                              */s/ Jack B. Blumenfeld (#1014)*

                                              Jack B. Blumenfeld

JBB/bls

cc:    Peter T. Dalleo. Clerk (By Hand)
        Collins J. Seitz, Jr., Esquire (By Hand)
        Michael J. Summersgill, Esquire (By Fax)
        Norman H. Beamer, Esquire (By Fax)