IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1373 (KAJ) |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | **REDACTED** |
| ALTEK CORPORATION, and | ) | |
| CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF DAVID R. BRIGHTMAN IN SUPPORT OF AMPEX CORPORATION'S OPPOSITION TO MOTION TO EXCLUDE THE TESTIMONY OF CAROL SCOTT UNDER RULE 702

OF COUNSEL:
Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005
(202) 508-4600

Redacted Filing Date: June 20, 2006
Original Filing Date: June 13, 2006

MORRIS NICHOLS ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julie Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Plaintiff Ampex Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04-1373-KAJ |
| EASTMAN KODAK COMPANY, ALTEK CORPORATION, and CHINON INDUSTRIES, INC., | ) **FILED UNDER SEAL** |
| Defendants. | ) |

**DECLARATION OF DAVID R. BRIGHTMAN IN SUPPORT OF AMPEX CORPORATION'S OPPOSITION TO MOTION TO EXCLUDE THE TESTIMONY OF CAROL SCOTT UNDER RULE 702**

OF COUNSEL:

Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005
(202) 508-4600

June 13, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com

*Attorneys for Plaintiff Ampex Corporation*

I, David R. Brightman, declare:

1. I am a member of the bar of the State of California, and an associate with the firm of Ropes & Gray, 525 University Avenue, Suite 300, Palo Alto, California, counsel to Plaintiff Ampex Corporation ("Ampex") in this case.

2. I make this declaration in support of Ampex's opposition to Defendants' Motion to Exclude the Testimony of Carol Scott Under Rule 702. Unless specifically stated otherwise, this Declaration is made based on personal knowledge.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Initial Disclosure of Expert Testimony of Carol Scott.

4. Attached hereto as Exhibit 2 is a true and correct copy of selected pages from the Deposition Transcript of Carol Scott, taken in this action on May 4, 2006.

5. Attached hereto as Exhibit 3 is a true and correct copy of selected pages from the Initial Disclosure of Expert Testimony of Richard L. Donaldson.

6. Attached hereto as Exhibit 4 is a true and correct copy of selected pages from the Deposition Transcript of Richard Donaldson, taken in this action on May 12, 2006.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of June, 2006, at Palo Alto, California.

_____
DAVID R. BRIGHTMAN

# EXHIBIT 1

# SEALED DOCUMENT

# EXHIBIT 2

**SEALED DOCUMENT**

# EXHIBIT 3

# SEALED DOCUMENT

# EXHIBIT 4

Richard L. Donaldson                                                05/12/2006

1

1   IN THE UNITED STATES DISTRICT COURT
2   FOR THE DISTRICT OF DELAWARE
3   ------------------------------x
4   AMPEX CORPORATION,              )
5              Plaintiff,           )
6        v.                         ) C.A. No.
7   EASTMAN KODAK COMPANY, et al.,  ) 04-1373 (KAJ)
8              Defendants.          )
9   ------------------------------x
10
11          Videotaped Deposition of
12          RICHARD L. DONALDSON
13          Washington, D.C.
14          Friday, May 12, 2006
15          9:32 a.m.
16
17
18
19
20
21
22  Job No.: 22-78195
23  Pages 1 - 312
24  Reported By: Joan V. Cain

LegaLink Boston, a Merrill Company
(617) 542-0039

| | | |
|---|---|---|
| 11:14:35 | 1 | Q  Under what circumstances? |
| 11:14:37 | 2 | A  Well, you'd have to look at the facts. I |
| 11:14:40 | 3 | mean, you -- any kind of range of circumstances. |
| 11:14:44 | 4 | You may find a feature that by itself would -- would |
| 11:14:48 | 5 | be a driver of commercial success. |
| 11:14:50 | 6 | Q  Well, put it in reverse and specific to |
| 11:14:52 | 7 | this case. If the jury concluded that the multi-up |
| 11:14:55 | 8 | feature didn't drive any sales of Kodak's digital |
| 11:14:59 | 9 | still cameras, is it reasonable for them to conclude |
| 11:15:02 | 10 | that the multi-up feature has not achieved |
| 11:15:06 | 11 | commercial success? |
| 11:15:06 | 12 | A  No. |
| 11:15:07 | 13 | Q  Why is that? |
| 11:15:07 | 14 | A  Because that doesn't take into |
| 11:15:09 | 15 | consideration the risk and impact of not having that |
| 11:15:13 | 16 | feature when all your competitors have it, and in my |
| 11:15:16 | 17 | experience in -- in the business world and in |
| 11:15:18 | 18 | licensing, that's an extremely important aspect. |
| 11:15:21 | 19 | Q  So, but if the jury concluded that it had |
| 11:15:23 | 20 | no impact on those sales, you'd -- you would |
| 11:15:26 | 21 | conclude -- you would say that that -- that it would |
| 11:15:28 | 22 | be unreasonable for them then to conclude that |
| 11:15:31 | 23 | the -- the multi-up feature has not achieved |
| 11:15:34 | 24 | commercial success? |

| Time | Line | |
|---|---|---|
| 11:20:47 | 1 | A   No.  I don't think that has an impact. |
| 11:20:49 | 2 | Q   Okay. |
| 11:20:51 | 3 | A   Unless -- as I answered a little bit |
| 11:20:54 | 4 | earlier on that same question, unless the reason it |
| 11:20:56 | 5 | didn't infringe was an acceptable alternative to the |
| 11:21:00 | 6 | patent in suit. |
| 11:21:02 | 7 | Q   If -- if the multi- -- I've got to make |
| 11:21:05 | 8 | sure I understand you.  If the multi-up feature |
| 11:21:07 | 9 | that's used in professional cameras is an acceptable |
| 11:21:12 | 10 | noninfringing alternative to the claimed technology, |
| 11:21:16 | 11 | that's something you'd like to know about? |
| 11:21:17 | 12 | A   I see. |
| 11:21:18 | 13 | Q   But you don't know if that's the case one |
| 11:21:20 | 14 | way or the other? |
| 11:21:20 | 15 | A   No.  I do know that.  I've been told that |
| 11:21:23 | 16 | it's not the case. |
| 11:21:23 | 17 | Q   You've been told that the professional -- |
| 11:21:25 | 18 | the multi-up feature in the professional cameras is |
| 11:21:29 | 19 | not acceptable noninfringing alternatives? |
| 11:21:32 | 20 | A   I've been told that there are no acceptable |
| 11:21:34 | 21 | noninfringing alternatives to the patent in suit for |
| 11:21:37 | 22 | the accused cameras. |
| 11:21:39 | 23 | Q   Okay.  Do you know if all of Kodak's |
| 11:21:41 | 24 | current digital cameras include the multi-up |

Richard L. Donaldson                                    05/12/2006

97

| | | |
|---|---|---|
| 11:21:44 | 1 | feature? |
| 11:21:45 | 2 | A    My understanding is they do. |
| 11:21:46 | 3 | Q    If they -- if they didn't, would that have |
| 11:21:49 | 4 | any impact on your opinions? |
| 11:21:51 | 5 | A    I don't think so. |
| 11:21:53 | 6 | Q    Why's that? |
| 11:21:54 | 7 | A    Well, if you could tell me that 95 percent |
| 11:21:56 | 8 | of them don't, that would.  My understanding is that |
| 11:21:59 | 9 | all of them do, but so long as during a period of |
| 11:22:08 | 10 | time Kodak would offer both -- would offer a camera |
| 11:22:11 | 11 | set that -- where customers who want the multi-up |
| 11:22:16 | 12 | feature could purchase a Kodak camera, that would |
| 11:22:18 | 13 | lessen the impact on them of having some cameras |
| 11:22:21 | 14 | that didn't have that feature.  They could still |
| 11:22:25 | 15 | sell that customer a Kodak camera.  But if none of |
| 11:22:28 | 16 | their cameras had that feature, then they'll go to |
| 11:22:32 | 17 | Canon or they'll go to Sony or they'll go to someone |
| 11:22:34 | 18 | else, and that would be an unacceptable risk for |
| 11:22:36 | 19 | Kodak marketing. |
| 11:22:38 | 20 | Q    Based on that, is it your opinion, sir, |
| 11:22:42 | 21 | that if Kodak did not have a multi-up feature, then |
| 11:22:46 | 22 | a consumer would go to some other manufacturer to |
| 11:22:50 | 23 | purchase their digital still camera? |
| 11:22:52 | 24 | A    I think that is an unacceptable risk to |

## CERTIFICATE OF SERVICE

I, Rodger D. Smith, II, hereby certify that on June 13, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Collins J. Seitz, Jr., Esquire
>Jaclyn Mason, Esquire
>Connolly, Bove, Lodge & Hutz LLP

and that I caused copies to be served upon the following in the manner indicated:

**BY E-MAIL and BY HAND**

>Collins J. Seitz, Jr., Esquire
>Connolly, Bove, Lodge & Hutz LLP
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899

**BY E-MAIL and BY FEDERAL EXPRESS**

>Michael J. Summersgill, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA 02109

>/s/ *Rodger D. Smith, II (#3778)*
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>rsmith@mnat.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 20, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Collins J. Seitz, Jr., Esquire
> Jaclyn Mason, Esquire
> Connolly, Bove, Lodge & Hutz LLP

and that I caused copies to be served upon the following in the manner indicated:

### BY E-MAIL and BY HAND

Collins J. Seitz, Jr., Esquire
Connolly, Bove, Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

### BY E-MAIL and BY FEDERAL EXPRESS

Michael J. Summersgill, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

/s/ Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com