## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1373 (KAJ) |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | **REDACTED** |
| ALTEK CORPORATION, and | ) | |
| CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## DECLARATION III OF KAREN A. CHRISTIANSEN IN SUPPORT OF AMPEX CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INEQUITABLE CONDUCT

OF COUNSEL:
Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005
(202) 508-4600

MORRIS NICHOLS ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julie Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
*Attorneys for Plaintiff Ampex Corporation*

Redacted Filing Date: June 20, 2006
Original Filing Date: June 13, 2006

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION, | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) C.A. No. 04-1373 (KAJ) |
| | ) |
| EASTMAN KODAK COMPANY, | ) **CONFIDENTIAL** |
| ALTEK CORPORATION, and | ) **FILED UNDER SEAL** |
| CHINON INDUSTRIES, INC., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## DECLARATION III OF KAREN A. CHRISTIANSEN IN SUPPORT OF AMPEX CORPORATION'S OPPOSITION TO DEFENDANTS' <u>MOTION FOR SUMMARY JUDGMENT OF INEQUITABLE CONDUCT</u>

OF COUNSEL:
Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005
(202) 508-4600

June 13, 2006

MORRIS NICHOLS ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julie Heaney (#3052)
Rodger D. Smith, II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
rsmith@mnat.com
*Attorneys for Plaintiff Ampex Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1373-KAJ |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | **CONFIDENTIAL -** |
| ALTEK CORPORATION, and | ) | **FILED UNDER SEAL** |
| CHINON INDUSTRIES, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**DECLARATION III OF KAREN A. CHRISTIANSEN IN SUPPORT OF
AMPEX'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT OF INEQUITABLE CONDUCT**

I, Karen A. Christiansen, declare as follows:

1.    I am a member of the firm of Ropes & Gray LLP, 525 University Avenue, Palo Alto, California, counsel to Plaintiff Ampex Corporation ("Ampex") in this action. I make this declaration in support of Ampex Corporation's Opposition to Defendants' Motion for Summary Judgment of Inequitable Conduct. Unless otherwise stated, I make this declaration based on personal knowledge.

2.    In this declaration, references to "Paper No. _" refer to the document so numbered in the prosecution history file of the '121 patent. The pertinent Papers are included in the intrinsic evidence (Tab B) submitted to the Court in connection with the Joint Claim Construction Chart. In Paper No. 3, the first office action mailed December 21, 1984, the Examiner cited and attached the Hugh Boyd article "The Quantel DLS6000 – A New Digital Still Store Library System" ("the Boyd article").

3.     At pages 11-12 of Paper No. 13, Ampex amended its claims to distinguish the Boyd article by clarifying that "the operation of the size reducer in producing the reduced size image data set from the corresponding full size image data set is 'in response' to the writing of the full size image data set into the frame store." Ampex explains further that "[t]o perform such an operation with the Boyd system an operator would have to orchestrate each step."

4.     At pages 12-13 of Paper No. 25, Ampex distinguished the automatic nature of the claimed invention, including that "Boyd . . . does not store a reduced image automatically with the full size counterpart each time a full size image in the frame buffer is to be stored on disk." At page 10 of Paper No. 30, Ampex again distinguished the automatic nature of the invention, stating that "[a]pplicant's invention . . . provides image reduction via his size reducer (26) coupled only to the frame store (22), and which receives the full size image only from the frame store **whenever there is no reduced size image**, and which then returns the reduced size image directly back to the frame store for storage thereof . . . ." (emphasis added)

5.     At page 4 of Paper No. 3, the Examiner stated that:

> The apparent novelty of the claimed invention as disclosed seem to be as follows:
>
> 1) each stored 'frame' of video data contains both a full and a quarter resolution copy of the image;
>
> 2) size reduction and production of the 'frame' of video data is performed by the interaction between the size reducer and the frame store prior to storage in the image storage;
>
> 3) and the 'frame' of video, containing both resolution copies, is non-selectively produced for all images that are stored.

2

6.     At pages 6 and 7 of Paper No. 26, the Examiner rejected six pending claims as anticipated by the '776 patent, but stated that several other pending claims "would be allowable if rewritten or amended to overcome rejections under 35 U.S.C. 112."

7.     At pages 18-22 of Paper No. 28, Ampex argued the distinctions between the claimed invention and the '776 patent, including that the "size reducer 26 is bidirectionally coupled only to [the] frame store 22."

8.     At pages 2-4 of Paper No. 29, the Examiner again rejected certain pending claims as anticipated by the '776 patent. The rejections were based in part on the Examiner's reasoning that the '776 patent is also bidirectionally coupled.

9.     At pages 2-4 of Paper No. 30, Ampex amended claims to add "direct," "directly," and "simultaneously" language. At pages 9-12 of Paper No. 30, Ampex again argued the distinctions between the claimed invention and the '776 patent, including structural differences. In Paper No. 32 at page 2, the Examiner amended one of the claims to add additional "directly" language.

10.     In Paper No. 32, the Examiner allowed the '121 patent claims as amended.

11.     At page 12 of Paper No. 30, Ampex argued that:

> Taylor et al fails to teach the above features of storing both image sizes simultaneously in the random access memory, the direct transfer of images between the disc storage and random access memory, or the transfer of images directly between the size reducer and only the random access memory.

12.     European Patent Office Patent No. 0051305 is listed in the August 15, 1985 Notice of References Cited attached to Paper No. 11 of the '121 file history.

13.  Attached as Exhibit 1 is a copy of the July 12, 2005 Witness Statement of Daniel A. Beaulier, submitted in the related ITC investigation, *In the Matter of Certain Digital Image Storage And Retrieval Devices*, Inv. No. 337-TA-527.

14.  Attached as Exhibit 2 is a copy of selected pages from the April 11, 2006 Disclosure Of Expert Rebuttal Testimony Of Alan Cavallerano.

15.  Attached as Exhibit 3 is a copy of the July 24, 2005 Rebuttal Testimony of Daniel Beaulier, submitted in the related ITC investigation, *In the Matter of Certain Digital Image Storage And Retrieval Devices*, Inv. No. 337-TA-527.

16.  Attached as Exhibit 4 is a copy of selected pages from the May 16, 2005 deposition of Gregory L. Roth.

17.  Attached as Exhibit 5 is a copy of selected pages from the May 17, 2005 deposition of George D. Almeida.

18.  Attached as Exhibit 6 is a copy of selected pages from the March 22, 2005 deposition of Daniel Beaulier.

19.  Attached as Exhibit 7 is a copy of selected pages from the April 4, 2006 deposition of Daniel Beaulier.

20.  Attached as Exhibit 8 is a copy of selected pages from the February 23, 2006 deposition of Joel D. Talcott.

21.  Attached as Exhibit 9 is a copy of selected pages from the May 11, 2006 deposition of George T. Ligler.

22.  Attached as Exhibit 10 is a copy of selected pages from the March 17, 2005 deposition of Joel D. Talcott.

4

23.     Attached as Exhibit 11 is a copy of selected pages from the March 16,

2005 deposition of Joel D. Talcott.


I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of June, 2006, at Palo Alto, California.

_Karen O. Christiansen_

_____

Karen A. Christiansen

5

## CERTIFICATE OF SERVICE

I, Rodger D. Smith, II, hereby certify that on June 13, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Collins J. Seitz, Jr., Esquire
> Jaclyn Mason, Esquire
> Connolly, Bove, Lodge & Hutz LLP

and that I caused copies to be served upon the following in the manner indicated:

### BY E-MAIL and BY HAND

> Collins J. Seitz, Jr., Esquire
> Connolly, Bove, Lodge & Hutz LLP
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE  19899

### BY E-MAIL and BY FEDERAL EXPRESS

> Michael J. Summersgill, Esquire
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA  02109

> /s/  Rodger D. Smith, II (#3778)
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> rsmith@mnat.com

# EXHIBIT 1

SEALED DOCUMENT

# EXHIBIT 2

SEALED DOCUMENT

EXHIBIT 3

SEALED DOCUMENT

EXHIBIT 4

SEALED DOCUMENT

EXHIBIT 5

SEALED DOCUMENT

EXHIBIT 6

SEALED DOCUMENT

EXHIBIT 7

SEALED DOCUMENT

EXHIBIT 8

SEALED DOCUMENT

# EXHIBIT 9

SEALED DOCUMENT

# EXHIBIT 10

SEALED DOCUMENT

EXHIBIT 11

SEALED DOCUMENT

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 20, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Collins J. Seitz, Jr., Esquire
> Jaclyn Mason, Esquire
> Connolly, Bove, Lodge & Hutz LLP

and that I caused copies to be served upon the following in the manner indicated:

### BY E-MAIL and BY HAND

> Collins J. Seitz, Jr., Esquire
> Connolly, Bove, Lodge & Hutz LLP
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899

### BY E-MAIL and BY FEDERAL EXPRESS

> Michael J. Summersgill, Esquire
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109

> */s/  Julia Heaney (#3052)*
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> jheaney@mnat.com