**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMPEX CORPORATION,<br><br>  *Plaintiff,*<br><br>  v.<br><br>EASTMAN KODAK COMPANY,<br>ALTEK CORPORATION, and<br>CHINON INDUSTRIES, INC.,<br><br>  *Defendants.* | )<br>)<br>)<br>)<br>)  C.A. No. 04-1373-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AMPEX CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT
U.S. PATENT NO. 4,821,121 IS NOT INVALID FOR OBVIOUSNESS**

OF COUNSEL:

Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC  20005
(202) 508-4600

June 20, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com

*Attorneys for Plaintiff Ampex Corporation*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 1

II.   UNDISPUTED FACTS ....................................................................................... 3

III.   ARGUMENT ...................................................................................................... 4

    A.   Kodak Cannot Meet Its Evidentiary Burden
        With Anticipation Arguments ........................................................................ 4

    B.   Kodak Cannot Meet Its Evidentiary Burden
        With Papers Submitted In The ITC Investigation ......................................... 6

    C.   Kodak Cannot Meet Its Evidentiary Burden
        By Avoiding The Issue Before the Court ...................................................... 6

    D.   Kodak Cannot Meet Its Evidentiary Burden
        By Complaining About The Difficulty Involved .......................................... 7

    E.   Kodak Cannot Meet Its Evidentiary Burden
        By Relying On *Oxford Gene Tech. Ltd.* ...................................................... 8

    F.   Kodak Cannot Meet Its Evidentiary Burden
        By Submitting Late-Filed Expert Reports .................................................... 9

IV.   CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

*Connell v. Sears, Roebuck & Co.*,
    722 F.2d 1542 (Fed. Cir. 1983)..................................................................................................4

*Miller Prods. Co. v. Veltek Assoc.*,
    No 01-35-KAJ, 2004 U.S. Dist. LEXIS 1798 (D. Del. Feb. 10, 2004) ...................................9

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
    345 F. Supp. 2d 431 (D. Del. 2004)................................................................................8, 9

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
    345 F. Supp. 2d 444 (D. Del. 2004)................................................................................8, 9

## RULES

Federal Rules of Civil Procedure
    Rule 16(b) ................................................................................................................................10

Plaintiff Ampex Corporation (Ampex) submits this brief in reply to the answering brief of Defendants Eastman Kodak Company and Altek Corporation (collectively, Kodak) regarding Ampex's "Motion for Partial Summary Judgment that U.S. Patent No. 4,821,121 (the '121 patent) is Not Invalid For Obviousness."

**I.    INTRODUCTION**

Kodak alleges that the '121 patent would have been obvious in light of fifteen different combinations of alleged prior art. Ampex moved for partial summary judgment on *seven* of those fifteen combinations. In its brief, Kodak offers no opposition to Ampex's motion with respect to three of those combinations, citing "the need to narrow the issues for jury consideration." Kodak Opp. Br. at 9 n.4. Accordingly, for these three combinations (Paint Box + Response, Response + DLS, and SDMS + papers and articles), Ampex is entitled to summary judgment.

As to the four combinations that remain for the Court's consideration, Kodak characterizes its evidentiary failures as "procedural niceties." Kodak Opp. Br. at 22. Kodak could not be more wrong. Patent law *requires* that one who alleges invalidity on the basis of obviousness disclose where each element of each claim is found in a combination of allegedly combinable prior art references. The challenger must articulate the specific combination that allegedly renders the claim obvious. Put another way, the challenger must identify ***what features or functionalities each reference adds to the alleged combination*** and ***how a person of ordinary skill in the art would be motivated to combine the references in such a manner***.

For the four obviousness combinations remaining at issue here, Kodak has failed to identify what element(s) are added by each prior art reference in its combinations. Instead, Kodak's obviousness contention, which is legally inadequate, is

1

that if *any* element or limitation is missing from one of the references it asserts, then that element or limitation can be found in one or more other references.

As set forth in Ampex's opening brief, Kodak's litigation plan would allow it to offer prior art to the jury and to ask the jury to combine that art in any way the jury wants. Allowing that approach would result in substantial jury confusion. Additionally, that approach would prejudice Ampex because Ampex cannot meaningfully defend its patent without notice of the actual combination of elements that allegedly invalidates its patent. For example, without knowing what element(s) are allegedly added by each reference, Ampex cannot show the jury that the asserted combination is flawed and cannot address whether a person of ordinary skill in the art would be motivated to combine those particular elements.

Further, Kodak's "procedural niceties" argument is undercut by the fact that Kodak attempted to meet those "procedural niceties" for the eight combinations that are *not* the subject of Ampex's motion. For those eight combinations, Kodak disclosed what elements might be missing from a reference and where those missing elements could arguably be found elsewhere in the art. While Ampex disagrees with Kodak's obviousness arguments for those eight combinations (and Ampex expects to prevail at trial on those issues), at least the Court, the jury, and Ampex know Kodak's contention.

Ampex submits that Kodak treated the four combinations remaining at issue here differently for *strategic* reasons. Specifically, Kodak relies primarily on anticipation (not obviousness) for its invalidity defense. The anticipation defense requires that the prior art reference contain each and every claim element. Identifying which particular functions or features are added to an obviousness combination by a

2

reference (which Kodak would have had to do to set forth legally sufficient obviousness contentions) is tantamount to admitting the absence of those functions or features in the base reference, or at least signaling doubt as to their presence, and would thus weaken Kodak's anticipation theories.  Kodak, keeping its cards close to its vest, instead chose to submit bare assertions of obviousness without any identification of specific combinations or motivations to combine.  Having made that choice, Kodak must now live with the consequences.  For the four combinations that remain at issue here, Kodak's evidence regarding obviousness is inadequate to carry its burden at trial, and Ampex's summary judgment motion should be granted.

## II.     UNDISPUTED FACTS

Ampex moved for summary judgment regarding seven combinations of alleged prior art.  For each combination, Kodak alleged that the combination rendered the '121 patent invalid.  The seven combinations at issue here were:

SDMS + papers and articles

DLS + User Guide

Paint Box + User Guide

Chromacom + DLS

Response + DLS

Paint Box + Response

Paint Box + Chromacom

In its brief, Kodak offers no opposition to Ampex's motion with respect to three of those combinations, citing "the need to narrow the issues for jury consideration." Kodak Brf., p. 9 n.4.  The three combination for which Kodak offered no opposition to Ampex's motion are:

3

>Paint Box + Response,

>Response + DLS, and

>SDMS + papers and articles.

Accordingly, because Kodak has offered no opposition, Ampex is entitled to partial summary judgment that the '121 patent is not invalid for obviousness in light of the combination of Paint Box + Response, Response + DLS, or SDMS + papers and articles.

## III.    ARGUMENT

### A.    Kodak Cannot Meet Its Evidentiary Burden With Anticipation Arguments

Kodak argues that it has presented evidence sufficient to survive summary judgment.  Kodak Opp. Br. at 12-14.  Kodak's argument is based on the assertion that its experts "explain[ed] how each reference meets the asserted claims and further explained how, in the event that a claim construction is adopted under which certain claim elements are found to be missing from certain references, the asserted claims would nevertheless be obvious."  Kodak Opp. Br. at 12-13.

The flaw in Kodak's argument is that "explaining how each reference meets the asserted claims" is Kodak's *anticipation* defense.  According to Kodak and its experts, the prior art references *individually* meet each and every limitation of the claims. *See, e.g.,* page 1 of Kodak's brief:  Kodak's "experts provided detailed analyses (supported by claim charts) demonstrating how each of the prior art systems meet each element of the accused claims."  But Kodak's obviousness defense at issue here is directed to *combinations* of references.[1]

---

[1] It has been said that "anticipation is the epitome of obviousness."  *Connell* v. *Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983).  But Kodak cannot resort to that

4

Regarding what features or functionalities are added by each reference in any of the *combinations* at issue here, Kodak has no position. Instead, Kodak offers only vague assertions. According to Kodak, "in the event that a claim construction is adopted under which certain claim elements are found to be missing from certain references, the asserted claims would nevertheless be obvious." Kodak Opp. Br. at 12-13. A jury needs more guidance than that to do its job properly, and Ampex was entitled to more detail than that to counter Kodak's obviousness-based invalidity defense.

Kodak argues that it has done all the law requires, giving as an example its expert's two-page opinion regarding the combination of Chromacom + television camera. Kodak Opp. Br. at 13-14; *see also id.* at 17. This example, however, makes Ampex's case. The Chromacom + television camera combination is one of the eight combinations *not at issue here*. To the contrary, as this example makes plain, Kodak knows how to identify potentially missing elements from one reference and how to identify where that missing element might be found elsewhere in the prior art.

It is telling that Kodak did not offer such an opinion as to the four combinations still at issue here. The reason Kodak could not show a similar example from its expert reports for the DLS + User Guide, the Paint Box + User Guide, the Chromacom + DLS, or the Paint Box + Chromacom combinations is because no such example exists.

---

chestnut to fill in the gaps as to its more traditional obviousness combinations that are the subject of this motion.

5

### B. Kodak Cannot Meet Its Evidentiary Burden With Papers Submitted In The ITC Investigation

Kodak argues that it made sufficient obviousness disclosures in its submissions in the International Trade Commission (ITC) investigation. Kodak Opp. Br. at 15. But even a superficial examination reveals the inadequacy of Kodak's ITC responses. For example, the User Guide prior art reference—which is one half of two of the four combinations still at issue here—is not even mentioned in the ITC response. Further, there is not a single *combination* discussed on an element-by-element basis. The only discussion of obviousness that is in the ITC response at all (B651-52) is a discussion of the general motivation to combine references, not what element is missing from one reference and found in another or what specific motivation to combine may exist with respect to any particular combination.

### C. Kodak Cannot Meet Its Evidentiary Burden By Avoiding The Issue Before the Court

Kodak devotes a great deal of its brief and almost all of its appendix submissions to showing that there exists genuine issues for trial regarding obviousness issues that Ampex has not even challenged in the present motion. For example, Kodak argues that the references it relies upon are indeed prior art, Kodak Opp. Br. at 2-6, 9-11, and 18-19; about the level of ordinary skill in the art, Kodak Opp. Br. at 20; the current state of the law regarding motivation to combine, Kodak Opp. Br. at 18 n. 7; and objective indicia of nonobviousness, Kodak Opp. Br. at 20-22. But none of these issues was raised by Ampex's motion, because the Court need not consider any of these issues to grant partial summary judgment with respect to the combinations at issue here.[2]

---

[2] If Kodak is permitted to present at trial any of the obviousness combinations at issue here, Ampex will address those issues at that time.

6

The only issue raised by Ampex is Kodak's failure to fully address the differences between the prior art and the claims. As to this issue, Kodak argues simply that it has offered sufficient evidence because it allegedly has shown that "there are no differences between the claims and the prior art." Kodak Opp. Br. at 19. Again, Kodak makes Ampex's case. Kodak has articulated an anticipation defense with respect to specific, individual references, but has failed to articulate an obviousness defense with respect to the *combinations* of references at issue here.

### D. Kodak Cannot Meet Its Evidentiary Burden By Complaining About The Difficulty Involved

Kodak complains that its experts "cannot be expected to predict precisely how the Court will ultimately rule on the various claim construction disputes that have been presented by the parties." Kodak Opp. Br. at 16. Kodak's argument is misplaced. The law does not require a party to "predict precisely" how the Court will rule on claim construction, nor does Ampex expect Kodak to do so.

Nonetheless, Kodak has ignored its obligation to offer a complete set of obviousness contentions for the seven combinations at issue under *any* claim construction, hypothetical or otherwise. As explained above, Kodak and its experts have not identified *what features or functionalities each reference adds to the alleged combination* or *how a person of ordinary skill in the art would be motivated to combine the references in such a manner*, under Kodak's proposed claim construction, Ampex's proposed claim construction, or any claim construction. Instead, Kodak and its experts have stated broadly that the asserted claims of the '121 patent are obvious under a hypothetical, non-specified claim construction. Such contentions are facially deficient and defy logic.

7

Further, Kodak's complaint is hollow, given that it presented alternative obviousness arguments for the eight obviousness combinations that are not at issue here. Thus, given its other submissions, it is odd to see Kodak characterizing the task of identifying missing elements and the place those elements can allegedly be found in a combination as an "exercise in futility that would add little or nothing." Kodak Opp. Br. at 17.

### E.   Kodak Cannot Meet Its Evidentiary Burden By Relying On *Oxford Gene Tech. Ltd.*

Kodak relies on a second decision in *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 444 (D. Del. 2004).[3] According to Kodak, notwithstanding the fact that expert opinions were excluded in the first decision, summary judgment was denied in the second decision because there was evidence raising material issues of fact. Kodak Opp. Br. at 21 n.8. Kodak's reliance is misplaced — the second *Oxford Gene Tech. Ltd.* decision provides additional support for summary judgment.

In the first *Oxford Gene Tech. Ltd.* decision, 345 F. Supp. 2d 431 (D. Del. 2004), the Court considered numerous allegedly invalidating combinations advanced by the defendant. All but one combination was excluded from use at trial. For that one combination that was allowed, the expert had identified **both** what element was missing from one piece of prior art and what other piece of allegedly combinable prior art contained that missing element. Among the reasons for excluding the expert's opinions about other combinations was that (1) the expert "did not provide a clear construction of each disputed claim element" and (2) the expert's report lacked "the required element-by-

---

[3] Kodak's brief incorrectly cites to 345 F. Supp. 2d 431, which is the first *Oxford Gene Tech. Ltd.* decision, which Ampex cited in its opening brief, but Ampex assumes that Kodak meant to cite to 345 F. Supp. 2d 444.

8

element comparison to show that each and every limitation in the asserted claims . . . is present in a combination of prior art references." *Id*. at 436-37.

In the second *Oxford Gene Tech. Ltd.* decision, the defendant moved for summary judgment based on (a) the one combination for which the Court did not exclude the defendant's expert's testimony and also on (b) one of the combinations for which the Court did exclude the expert's testimony. Not surprisingly, the Court would only entertain the motion as to the combination for which expert testimony was allowed.

Thus, the two *Oxford Gene Tech. Ltd.* decisions support Ampex, not Kodak. Kodak can have its day in court for those obviousness contentions that were sufficiently articulated. Kodak cannot, however, have the jury resolve an obviousness dispute concerning combinations for which Kodak's experts have not identified what element of the claim is potentially missing from either of two allegedly combinable references.

Similarly, Kodak derives no support from the decision in *Miller Prods. Co. v. Veltek Assoc.*, No 01-35-KAJ, 2004 U.S. Dist. LEXIS 1798 (D. Del. Feb. 10, 2004). In that case, the patent owner sought a complete summary judgment of invalidity on all issues. Evidence of anticipation being in the record, the motion was denied. Here, Ampex has not even sought summary judgment on all obviousness contentions. Ampex has narrowly crafted its motion to address only the seven combinations for which Kodak's proof is inadequate.

> **F.    Kodak Cannot Meet Its Evidentiary Burden
>         By Submitting Late-Filed Expert Reports**

To support its answering brief, Kodak submitted declarations from two of its experts—Dr. Dieter Preuss and Mr. Richard Taylor—which offer opinions beyond

9

those expressed on those experts' previous reports. Indeed, these are nothing more than late-filed expert reports. Kodak has not shown "good cause" under Rule 16(b), Fed. R. Civ. P., for relief from the deadlines set forth in this Court's Scheduling Order, as amended. To allow Kodak to supplement its contentions in this manner would work a prejudice on Ampex, forcing Ampex to expend additional resources and perhaps requiring the Court to reopen expert discovery. This should not be allowed; the declarations should be stricken. At a minimum, if the Court is willing to allow Kodak to rely on these declarations, Kodak should be strictly limited to the opinions that have now been rendered.

Turning to the substance of the declarations, Ampex notes that Kodak does not even alert the Court to the fact that Dr. Pruess' declaration contains the very element-identification that Kodak's brief devotes twenty-three pages to arguing is not required. Specifically, Dr. Preuss opines for the first time on obviousness with respect to the Chromacom + Paint Box and Chromacom + DLS combinations, if Kodak's construction of "video" is adopted. Preuss Decl. ¶ 16. Thus, Dr. Preuss has added a portion of the missing disclosure that was the basis for Ampex's summary judgment motion. Nonetheless, Dr. Preuss still *does not explain how* the Paint Box or the DLS would be combined with the Chromacom to add the "video" features and functionality missing from the Chromacom. *Nor does he identify any motivation to combine* the references in this manner.

Mr. Taylor's additional submission, Taylor Decl. ¶¶ 18, 82, 83, 101, 102, is even less comprehensive, failing to identify any specific element or limitation for which his asserted obvious combinations would provide additional features or

10

functionalities or any specific motivation to combine any such features or functionalities. Therefore, even if this Court accepts the declarations of Dr. Preuss and Mr. Taylor, Kodak still cannot meet its burden with respect to the four remaining obviousness combinations at issue here.

## IV.    CONCLUSION

Having chosen to present inadequate disclosures for the seven allegedly invalidating combinations at issue in this motion, Kodak must live with the effect of those choices. Partial summary judgment is appropriate.

/s/ Julia Heaney
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com

*Attorneys for Plaintiff Ampex Corporation*

OF COUNSEL:

Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005
(202) 508-4600

June 20, 2006

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on June 20, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Collins J. Seitz, Jr., Esquire
>Jaclyn Mason, Esquire
>Connolly, Bove, Lodge & Hutz LLP

and that I caused copies to be served upon the following in the manner indicated:

### **BY E-MAIL and BY HAND**

>Collins J. Seitz, Jr., Esquire
>Connolly, Bove, Lodge & Hutz LLP
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE  19899

### **BY E-MAIL and BY FEDERAL EXPRESS (on June 21, 2006)**

>Michael J. Summersgill, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA  02109

>/s/   Julia Heaney (#3052)
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>jheaney@mnat.com