IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br>ALTEK CORPORATION, and<br>CHINON INDUSTRIES, INC.,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>) C.A. No. 04-1373-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AMPEX'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT THAT THE QUANTEL
PAINTBOX IS NOT PRIOR ART UNDER 35 U.S.C. § 102(a) AND (b)**

OF COUNSEL:

Jesse J. Jenner
Sasha G. Rao
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
ROPES & GRAY LLP
525 University Avenue
Palo Alto, CA 94301
(650) 617-4000

James E. Hopenfeld
ROPES & GRAY LLP
One Metro Center
700 12th Street, N.W.
Washington, DC 20005
(202) 508-4600

June 20, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
*Attorneys for Plaintiff Ampex Corporation*

## TABLE OF CONTENTS

|      |      |                                                                                                                          | Page |
|------|------|--------------------------------------------------------------------------------------------------------------------------|------|
| I.   |      | INTRODUCTION                                                                                                             | 1    |
| II.  |      | ARGUMENT                                                                                                                 | 2    |
|      | A.   | *Finnigan* Controls This Case                                                                                            | 2    |
|      | B.   | Because The Quantel PaintBox Changed Over Time, Defendants Must Prove And Corroborate What It Did And When              | 3    |
|      | C.   | As A Matter of Law, Mr. Taylor Cannot Corroborate His Own Testimony                                                      | 4    |
|      | D.   | Defendants' Remaining Corroboration Is Insufficient As a Matter of Law                                                   | 6    |
| III. |      | CONCLUSION                                                                                                               | 8    |

# TABLE OF CITATIONS

**CASES** — Page

*Finnigan v. United States Int'l Trade Comm'n,*
  180 F.3d 1354 (Fed. Cir. 1999)......................................................................1, 2, 3, 5

*Linear Tech. Corp. v. Maxim Corp.,*
  379 F.3d 1311 (Fed. Cir. 2004)....................................................................................7

*Stambler v. RSA Sec., Inc.,*
  243 F. Supp. 2d 70 (D. Del. 2003)...............................................................................7

**STATUTES**

35 U.S.C.
  § 102(a) ...................................................................................................................4, 8
  § 102(b) ...............................................................................................................4, 5, 8

I.  INTRODUCTION

In its Opening Brief, Ampex demonstrated that the Quantel PaintBox cannot be prior art for purposes of proving anticipation because Defendants do not have corroboration for at least four elements of the '121 patent claims. (*See* Ampex Br. 8-17.)[1] Lacking unambiguous, complete corroboration, Defendants point to a stack of documents, rely on the "rule of reason" to fill in the gaps, and argue they can avoid summary judgment on that basis.

Defendants' argument is premised on a misunderstanding of the law. In *Finnigan v. United States Int'l Trade Comm'n*, 180 F.3d 1354, 1369 (Fed. Cir. 1999), the United States Court of Appeals for the Federal Circuit rejected the argument that the "rule of reason" can be used to fill in the gaps in allegedly corroborating evidence. Because anticipation cannot be proved unless the prior art teaches every element of a claim, every element in the prior art also must be corroborated. The "rule of reason" is not a substitute for that legal requirement. The "rule of reason" only applies to an assessment of the weight of the evidence after a threshold showing of corroboration has been made for each element. Defendants never make that threshold showing. Thus their reliance on the "rule of reason" is misplaced.

There is a second, independent problem with Defendants' argument: most of Defendants' corroboration is not corroboration at all. That is because the most important documents and video, upon which Defendants rely to corroborate Mr. Taylor's testimony, are incomplete without further gap-filling testimony from Mr. Taylor himself. (*See* Ampex Br. 18-19.) But, as the *Finnigan* case makes plain, Mr. Taylor is not permitted to corroborate himself by testifying as to what the documents mean. *See id.*, 180 F.3d at 1369-70 (no corroboration

---

[1] "Ampex Br. _" refers to Ampex Corporation's Opening Brief In Support Of Its Motion For Summary Judgment That The Quantel PaintBox Is Not Prior Art Under 35 U.S.C. § 102(a) and (b) (D.I. 295).

1

where alleged prior user attempts to supplement ambiguous document with his own testimony). That is not the required "independent" corroboration.

Taking away Mr. Taylor's attempt at self-corroboration, Defendants are left only with some general, technically uninformed statements from another witness, Mr. Holbrook (*see* Ampex Br. 14-15), and yet more incomplete documents created after the critical date for assessing prior art status. (*Id.* at 12-14.) Even Defendants do not argue that this leftover evidence is sufficient to corroborate all of the claim elements.

## II.   ARGUMENT

### A.   *Finnigan* Controls This Case

The central premise of Defendants' Opposition is that because the sufficiency of corroboration ultimately is determined by a rule of reason analysis, Defendants need not provide corroboration for every single claim element. According to Defendants, corroboration ***starts*** with the rule of reason.

Defendants are incorrect. The Federal Circuit heard, and rejected, this same argument in *Finnigan*. In *Finnigan*, the accused infringer attempted to rely on prior art that could not be corroborated as to every claim element. The accused infringer argued that prior case law suggests that courts may apply the "rule of reason" to determine if corroboration is sufficient even if claim elements are missing. The Federal Circuit rejected the "corroboration as a whole" argument. *Finnigan*, 180 F.3d at 1369-70. The accused infringer, by failing to provide corroboration for every single element of the claims, did not even satisfy his burden to produce evidence. Indeed, the Federal Circuit held that incomplete corroboration — in *Finnigan*, an article that that was ambiguous as to one of the claim elements — was no corroboration at all. *Id.*

Thus, under *Finnigan,* the "rule of reason" applies only if the accused infringer meets its initial burden to show there is at least some unambiguous corroboration for every claim element. That is, once the accused infringer demonstrates some unambiguous corroboration for every claim element, then — and only then — the rule of reason applies to determine whether that evidence is strong enough to meet Defendants' "clear and convincing" burden of proof.

Thus *Finnigan* controls the motion now before this Court. The issue in this case is the sufficiency of the evidence, not its weight. Defendants do not prove — and cannot prove — that their alleged corroborating evidence meets each element of the '121 patent claims. They do not meet their burden of production of evidence. There is, therefore, no reason to reach the secondary issue of the weight of the evidence. The rule of reason does not apply.

**B.    Because The Quantel PaintBox Changed Over Time, Defendants Must Prove And Corroborate What It Did And When**

The Quantel PaintBox was, over the course of its history, a work in progress. Like many systems, its capabilities changed over the years as problems were fixed, improvements were made, and features were changed.[2] (Declaration of Christa P. Worley In Support Of Ampex Corporation's Reply Brief In Support Of Its Motion For Summary Judgment That The Quantel PaintBox Is Not Prior Art Under 35 U.S.C. §§ 102(a) and (b), Ex. 1, submitted herewith.)

---

[2] In none of its various evolutionary iterations did the PaintBox meet the claims of the '121 patent. The PaintBox "browse" feature used the same "on-the-fly" size reduction technique used by the prior art cited to the Patent Office. Defendants also argue that a user could manually reduce the size of individual pictures, one by one, using a "cut and paste" command, and then separately save on disk the reduced size picture as a "cutout" that could be recalled in browse screens. Defendants further argue that the cutouts would be recalled more quickly than full-size images. According to Defendants, this complicated, time-consuming process "provided the very benefit" of the '121 patent. To the contrary — if anything, this complex operation of the PaintBox, that is prelude to creating any set of cutouts, is the type of manual operation that teaches away from the '121 patent invention. (*See* Ampex Corporation's Reply Brief in Support of Its Motion for Partial Summary Judgment that U.S. Patent No. 4,821,121 Is Not Anticipated, at p. 8.)

Defendants nonetheless allege the PaintBox is prior art and anticipates under 35 U.S.C. §§ 102(a) and (b). Defendants do not dispute that they must prove by clear and convincing evidence that the PaintBox teaches all the elements of the '121 patent claims, that the PaintBox teaches those elements prior to the 102(a) and (b) critical dates (these are no later than April 8, 1983 and April 8, 1982, respectively),[3] and that the pre-critical date operation of the PaintBox must be corroborated.

### C.   As A Matter of Law, Mr. Taylor Cannot Corroborate His Own Testimony

To prove that the evolving PaintBox is prior art, Defendants rely on the testimony of their expert Mr. Richard Taylor, but in the capacity of a fact witness. Defendants also rely on Mr. Taylor to prove corroboration. That is because the most important documents and things Defendants otherwise rely upon for corroboration are incomplete, too late, or both. Defendants are unable to prove corroboration through the documents without Mr. Taylor's testimony.

Defendants first rely on a video of what it calls the actual PaintBox system. (*See* Ampex Br. 10-12.) How do Defendants prove the video corroborates Mr. Taylor's testimony? By relying on Mr. Taylor's further testimony that the 2005 video reflects the operation of the PaintBox prior to a 1987 software replacement. Mr. Taylor thus attempts to corroborate his own testimony.

This pattern continues with the remaining evidence. Defendants next rely on what they say is a March, 1982 brochure to corroborate Mr. Taylor's testimony. (*See* Ampex Br. 13-14.) How do Defendants prove that the brochure corroborates Mr. Taylor's testimony? By relying on Mr. Taylor's further testimony about what the brochure discloses. How do Defendants prove the

---

[3] The latest possible priority date under 35 U.S.C. § 102(a) is the date of the patent application, April 8, 1983; however, the actual priority date is the date of Mr. Beaulier's conception of the invention, which occurred no later than December, 1981. The priority date under 35 U.S.C. § 102(b) is one year before filing of the patent application, which is April 8, 1982.

date of the brochure so that it qualifies as prior art under 35 U.S.C. § 102(b)? By relying on Mr. Taylor's further testimony that the date should be read differently than it appears on the document.

Defendants similarly rely on Mr. Taylor to fill in the gaps of the January, 1983 PaintBox User Guide and the June, 1984 Operating and Service Manual (*see* Ampex Br. 9-10), and to support their argument that the 1982 version of the PaintBox operated as described in the non-contemporaneous 1983 User's Guide and 1984 Service Manual.

As a matter of law, Defendants cannot rely on Mr. Taylor to fill in the gaps of the documents that allegedly corroborate his own testimony. Nor can they rely on Mr. Taylor to effectively backdate them. *Finnigan* forbids that kind of self-corroboration, because it is not "independent." In *Finnigan*, just as in this case, a witness attempted to corroborate his own testimony by testifying about incomplete documents. Holding that an incomplete and ambiguous document was no corroboration at all, the Federal Circuit forbid the alleged prior user of the invention to supplement the ambiguous document with his own testimony. *Finnigan*, 180 F.3d at 1359-60. Thus Defendants cannot rely on the video, the 1982 brochure, the 1983 PaintBox User Guide or the June, 1984 Operating and Service Manual as corroboration.

The insufficiency of the June 1984 Operating and Service Manual alone renders Defendants' alleged corroboration insufficient as to claims 7, 8 and 10. It is the only document that Defendants allege corroborates the '121 patent claim elements requiring the size reducer to transfer and receive data only from the random access memory, and to directly transfer image information.

5

### D. Defendants' Remaining Corroboration Is Insufficient As a Matter of Law

The remaining evidence of corroboration includes a March 22, 1982 "Preliminary Description" of the PaintBox, the testimony of a former Quantel employee Martin Holbrook, the testimony of Ampex's expert Mr. Cavallerano, and a hodgepodge of documents described as "development documents." As a matter of law, none of these corroborates Mr. Taylor's testimony.

In their opposition brief, Defendants argue that the March 22, 1982 "Preliminary Description" meets one claim element — the requirement that reduced-size images be stored on disk. Not even that claim element is supported. All that the document says is that the PaintBox could store "parts of pictures." That is quite different from storing reduced size images (for the reasons stated in Ampex's Opening Brief, it is not sufficient (Ampex Br. 13)).

To bridge the gap between storing "parts of pictures" and storing "reduced size images," Defendants again resort to Mr. Taylor's testimony — another unacceptable attempt at self-corroboration. Defendants also make no effort to show that the Preliminary Description meets the other elements Ampex demonstrated are missing in its Opening Brief. There is no teaching of directly transferred data from disk to random access memory, that the size reducer transferred and received data only from the random access memory, and that there was a relationship between full-size images and reduced-size images.

As demonstrated in Ampex's Opening Brief, Mr. Holbrook's testimony is too general to corroborate anything. (Ampex Br. 14-15.) Once again, Defendants make no attempt to correlate his testimony with the claim elements.

6

Kodak next attempts to use certain testimony of Ampex's expert Mr. Cavallerano as corroboration. (Defendants Br. 13-14.)[4] But he does not corroborate Mr. Taylor's testimony, nor can he. He specifically stated in his expert report that he was assuming for the sake of the report that everything described in any of the documents was prior art, and that he had no personal knowledge one way or the other of PaintBox's capabilities in 1982 and 1983. (Disclosure of Expert Rebuttal Testimony of Alan Cavallerano (D.I. 253), at ¶ 134.)

That leaves only the development documents, many of which Defendants rely upon as corroboration for the first time. Once again, Defendants make no attempt to correlate these documents with each of the claim elements. There is just a long list of general capabilities.

Kodak asserts that Ampex has not cited any case that grants summary judgment in the face of corroborating evidence (Br. 23). In *Stambler v. RSA Sec., Inc.*, 243 F. Supp. 2d 70, 72 (D. Del. 2003) (Ampex Br. 5), however, the accused infringer attempted to corroborate the testimony of its expert witness by pointing to a stack of documents including technical specifications, user manuals, and reference guides, but did not show how the documents met the claims. *See also Linear Tech. Corp. v. Maxim Corp.*, 379 F.3d 1311, 1327-29 (Fed. Cir. 2004) (affirming summary judgment of no prior inventorship for lack of sufficient corroboration). Because Defendants cannot make a prima facie showing of corroboration for every claim element allegedly met by the PaintBox, *Stambler* applies, and summary judgment is appropriate.

///

///

///

---

[4] "Defendants Br. _" refers to Defendants' Answering Brief To Ampex Corporation's Motion For Summary Judgment That The Quantel PaintBox Is Not Prior Art Under 35 U.S.C. § 102(a) and (b) (D.I. 350).

III. CONCLUSION

Because Defendants cannot corroborate that the Quantel PaintBox included every element of the '121 patent claims as of the critical dates under 35 U.S.C. §§ 102(a) and (b), the Court should grant Ampex's motion for summary judgment that the Quantel PaintBox is not prior art.

                    /s/ Julia Heaney
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com

OF COUNSEL:

Jesse J. Jenner
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Sasha G. Rao
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005
(202) 508-4600

June 20, 2006

*Attorneys for Plaintiff Ampex Corporation*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 20, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Collins J. Seitz, Jr., Esquire
>Jaclyn Mason, Esquire
>Connolly, Bove, Lodge & Hutz LLP

and that I caused copies to be served upon the following in the manner indicated:

### BY E-MAIL and BY HAND

>Collins J. Seitz, Jr., Esquire
>Connolly, Bove, Lodge & Hutz LLP
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE  19899

### BY E-MAIL and BY FEDERAL EXPRESS (on June 21, 2006)

>Michael J. Summersgill, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA  02109

>*/s/   Julia Heaney (#3052)*
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899
>(302) 658-9200
>jheaney@mnat.com