**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMPEX CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1373-KAJ |
| | ) |
| EASTMAN KODAK COMPANY, ALTEK | ) **REDACTED** |
| CORPORATION and CHINON | ) |
| INDUSTRIES, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
THE TESTIMONY OF CAROL SCOTT UNDER RULE 702**

**OF COUNSEL:**

William F. Lee
Michael J. Summersgill
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

S. Calvin Walden
WILMER CUTLER PICKERING
 HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888

Collins J. Seitz, Jr. (#2237)
Jaclyn M. Mason (#4737)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
cseitz@cblh.com

***Attorneys for Defendants Eastman Kodak
Company and Altek Corporation***

Redacted Filing Date: June 27, 2006
Original Filing Date:  June 20, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1373-KAJ |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| ALTEK CORPORATION and CHINON | ) | |
| INDUSTRIES, INC., | ) | **REDACTED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF CAROL SCOTT UNDER RULE 702

Collins J. Seitz, Jr. (#2237)
Jaclyn M. Mason (#4737)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
cseitz@cblh.com
***Attorneys for Defendants Eastman Kodak Company***
***and Altek Corporation***

*Of Counsel*:
William F. Lee
Donald R. Steinberg
Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

S. Calvin Walden
Paul B. Keller
Rebecca McCloskey
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Date: June 20, 2006

TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................1

II.     ARGUMENT ......................................................................................................2

        A.      There Is No Rule 702 Basis For Dr. Scott's Conclusions.......................3

                1.      Dr. Scott's General Marketing Experience Is Not Enough
                        To Justify Her Conclusions .........................................................3

                2.      Dr. Scott Fails To Disclose Any Methodology Underlying
                        Her Purported Reconstruction Of The Market ...........................4

        B.      Dr. Scott's Expert Testimony Will Not Be Helpful To The Jury............6

III.    CONCLUSION ...................................................................................................8

TABLE OF AUTHORITIES

<u>Federal Cases</u>

*Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.,*
   No. Civ.A. 01-669-KAJ, 2004 WL 1534786, at *2 (D. Del. May 21, 2004)............. 2, 3, 4, 6, 7

*Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l,*
   350 F. Supp. 2d 582, 592 (D. Del. 2004) ........................................................................ 6, 7

*Daubert v. Merrel Dow Pharms., Inc.,*
   509 U.S. 579, 592 n.10 (1993) ........................................................................................ 2

*Montgomery County v. Microvite Corp.,*
   320 F.3d 440, 448-49 (3d Cir. 2003) ............................................................................. 6

*S.E.C. v. Lipson,*
   46 F. Supp. 2d 758, 763 (N.D. Ill. 1988) ..................................................................... 7

<u>Federal Rules</u>

Fed. R. Evid. 702 ................................................................................................................ 2

ii

## I.     INTRODUCTION

Ampex's Opposition cannot overcome two fundamental deficiencies with Dr. Scott's proposed testimony: (1) although she may have experience in marketing generally, she admittedly has no experience or expertise bearing on the significance of the "multi-up" feature to digital camera customers; and (2) neither she (nor Ampex) applied any reasoned methodology to arrive at her conclusion that, without the multi-up feature, Defendants' sales would have been "significantly impacted." There is, therefore, no Rule 702 basis for Dr. Scott's opinion.

First, Dr. Scott does not have the requisite specialized knowledge. Ampex proposes that Dr. Scott should be permitted to testify about her opinions concerning the multi-up feature and its importance to Kodak because her "vast experience alone renders her testimony reliable and trustworthy." (Ampex Opp. Br., D.I. 358, at 11.) Dr. Scott's experience, however, is not related to the particular task Ampex assigned to her – determining whether the multi-up feature is important to digital camera customers and impacts their purchasing decisions. Although she may have significant experience in other areas, she has no experience marketing digital cameras and no prior understanding of the importance of the multi-up feature to the sales of digital cameras. As a result, her experience does not qualify her to render opinions regarding the importance of the multi-up feature.

Second, although Dr. Scott purports to offer an opinion on what would have happened had Kodak not included the multi-up feature in its cameras (*i.e.* a "but for" analysis), neither she nor Ampex identify any methodology underlying her supposed "reconstruction of the market." Ampex's Opposition purports to identify a methodology

(which does not appear in Dr. Scott's expert report), but even this merely asserts that she "reconstructed the market" with no explanation.

**REDACTED**

[1] It remains clear that Dr. Scott's only "methodology" consisted of cobbling together quotes from secondary articles – most of which are unrelated to the specific multi-up feature and were published years after Ampex's proposed hypothetical negotiation date.

Ampex hopes to convince this Court that Dr. Scott's reliance on her experience to mentally "reconstruct the market" to reach her conclusions provides sufficient bases on which she should be permitted to testify. This is not enough. Rule 702 is more than just a "relevance inquiry;" it requires expert testimony to be based upon sufficient facts or data, to be the product of reliable principles or methods, and to be formed from principles and methods applied reliably to the facts of the case. *See* Fed. R. Evid. 702. The undisclosed mental gymnastics of a person having no experience with the issue at hand is not sufficient. Dr. Scott's opinions should be excluded.

## II.     ARGUMENT

Under Rule 702, the party offering the expert testimony has the burden of proving admissibility. *Daubert v. Merrel Dow Pharms., Inc.*, 509 U.S. 579, 592 n.10 (1993). "The subject of an expert's testimony must be grounded in the methods and procedures of science and based on more than a subjective belief or speculation." *Callaway Golf Co. v.*

---

[1] "Brightman Decl., Exh. __, at __" refers to pages in Exhibits 1-4 to the Declaration of David R. Brightman in Support of Ampex Corporation's Opposition to Motion to Exclude the Testimony of Carol Scott Under Rule 702 (D.I. 358); "A-__" refers to pages in the Appendix to Defendants' Opening Brief in Support of Its Motion to Exclude the Testimony of Carol Scott Under Rule 702 (D.I. 278).

*Dunlop Slazenger Group Americas, Inc.*, No. Civ.A. 01-669-KAJ, 2004 WL 1534786, at *2 (D. Del. May 21, 2004).

### A.    There Is No Rule 702 Basis For Dr. Scott's Conclusions.

The relevant question is not, as Ampex asserts, whether an expert's testimony relates to a subject matter that may be relevant.  It is instead whether there is a legitimate Rule 702 basis for the opinions to be expressed.  Here there is none.  Dr. Scott does not have the specialized knowledge; nor does she disclose any methodology underlying her conclusion that Defendants' sales would have been adversely impacted.  Without such a basis, Dr. Scott's opinions are no more than speculation.

1.    *Dr. Scott's General Marketing Experience Is Not Enough To Justify Her Conclusions.*

Ampex argues that Dr. Scott's "vast experience alone renders her testimony reliable and trustworthy."  (*See* Ampex Opp. Br., D.I. 358, at 11.)

**REDACTED**

Although Dr. Scott purports to perform what amounts to a lost profits analysis – opining on what would have happened in an unidentified market had Defendants not

included the multi-up feature in their cameras – it is similarly undisputed that she is not an economist and has no experience analyzing "but for" markets.

Any general knowledge Dr. Scott has relating to marketing generally does not qualify her to be an expert on a subject she knows nothing about – the importance of the multi-up feature to the buying decisions of consumers. *Callaway Golf*, 2004 WL 1534786, at *2 ("A party cannot qualify a person as an expert generally by showing that the expert has specialized knowledge or training which would qualify him or her to opine on some other issue.").

> 2.    *Dr. Scott Fails To Disclose Any Methodology Underlying Her Purported Reconstruction Of The Market.*

Ampex acknowledges that Dr. Scott did not use any scientific methodology in preparing her report. (*See* Ampex Opp. Br., D.I. 358, at 11 (noting that "Prof. Scott testifies based on her specialized knowledge in the field of marketing, rather than by applying a scientific method").) Notwithstanding this concession, Ampex purports to identify a seven step methodology underlying Dr. Scott's opinions. (*See id.*, at 5-6.) There are two fundamental problems with this purported methodology.

**REDACTED**

Second, even this purported methodology merely asserts, with no explanation, that Dr. Scott "reconstructed the market" in which Defendants' cameras do not have the multi-up feature.

Specifically, although Ampex asserts that Dr. Scott "reconstructed the digital camera market from Kodak's perspective on the assumption Kodak would have been forbidden from using the '121 patent," neither Ampex nor Dr. Scott provides *any* explanation or basis underlying this purported "reconstruction." (Ampex. Opp. Br., D.I.

4

358, at 6-7.)  Dr. Scott fails to define the relevant market, the players in the market, or the target customers (the end-users versus retailers).  She does not analyze non-infringing alternatives.  She provides no data regarding the factors that drive digital camera sales or the importance to which customers attach to the multi-up feature.  She does not consider the literally hundreds of other features of the digital cameras and how they impact sales. (*See* Scott Dep. at A-48-50; Brightman Decl., Exh. 2, at 179-86.)

Indeed, Ampex even admits that Dr. Scott does not know the relative importance of the many other digital camera features to customers.

**REDACTED**

This is a fatal admission.  Without such knowledge, it is not possible to know the significance of the multi-up feature to customers.  By way of example, if the primary factors driving Kodak digital camera sales are image quality and cost, Kodak's sales may very well have been entirely unaffected without the multi-up feature.

Ampex complains that Dr. Scott should not be required to identify the "precise" number of lost sales.  (*See* Ampex Opp. Br., D.I. 358, at 13.)  This misses the point.  Dr. Scott cannot say with certainty that Kodak would have lost a single sale without the multi-up feature.[2]  Her report is essentially a lost profits analysis without the analysis. Dr. Scott's assertion that it is "highly likely" that Kodak would have lost sales without

---

[2]    The fact that Dr. Scott does not know how many sales of digital cameras Kodak would have lost if it could not include the multi-up feature demonstrates her failure to conduct any real analysis in "reconstructing the market."  (Scott Dep. at A-44-45.)

the multi-up feature, therefore, is nothing more than rank speculation.[3] *Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l*, 350 F. Supp. 2d 582, 592 (D. Del. 2004) (excluding expert's testimony because his "predictions are simply not verifiable because he has not developed enough of a basis in the record for such opinions").

REDACTED

From these materials, she summarily reaches her conclusions.[4] This is not sufficient under Rule 702. *See Callaway Golf*, 2004 WL 1534786, at *2 ("The subject of an expert's testimony must be grounded in the methods and procedures of science and based on more than a subjective belief or speculation."); *Montgomery County v. Microvite Corp.*, 320 F.3d 440, 448-49 (3d Cir. 2003) (affirming preclusion of a generally qualified expert's opinions because "the testimony of a witness, who is well-qualified by experience, still may be barred if it is not based on sound data").

**B.    Dr. Scott's Expert Testimony Will Not Be Helpful To The Jury.**

Ampex argues that Dr. Scott's testimony regarding "whether Kodak's sales would have been substantially affected, and more particularly whether there was a real risk that they would have been substantially affected," will be "especially helpful" to the jury in

---

[3]

REDACTED

[4]    Ampex misleadingly characterizes Dr. Scott's review of these secondary sources as "independent research." (Ampex Opp. Br., D.I. 358, at 13.) Quite the contrary, none of the articles address the importance of the multi-up feature to customers' buying decisions or what would happen to camera sales if the Defendants were not allowed to include it in their cameras.

6

determining reasonable royalty damages in this case. (Ampex Opp. Br., D.I. 358, at 1, 14 (emphasis removed).) Far from helpful – because her opinions are conclusory and without sufficient basis – Dr. Scott's opinions would be prejudicial and misleading.

Ampex asked Dr. Scott to determine how the marketability of Kodak's cameras would be affected without the multi-up feature, and Dr. Scott demonstrably cannot answer that question:

**REDACTED**

*See Callaway Golf*, 2004 WL 1534786, at *4 (excluding expert opinions because they were based on "personal knowledge and experience rather than any methodology, analysis or factual support"); *Chemipal*, 350 F. Supp. 2d at 592 (excluding the expert's testimony because the "lack of familiarity with the methods and reasons underlying ... [the] projections virtually precluded any assessment of the validity of the projections through cross-examination").

Dr. Scott's opinions, therefore, do not provide any reliable or quantifiable information that would assist the jury with the damages determination. Ampex suggests that Dr. Scott will "translate" the marketing documents for the jury. (Ampex. Opp. Br., D.I. 358, at 8.) That is precisely the danger. There is no evidence that the marketing documents require any "translation." *S.E.C. v. Lipson*, 46 F. Supp. 2d 758, 763 (N.D. Ill. 1988) ("Expert testimony may not be used merely to repeat or summarize what the jury

---

[5]    Because Dr. Scott has no experience marketing digital cameras and did not conduct any particular research for this case, she "does not know" how the importance of the multi-up feature compares to shutter speed or any other feature in digital cameras. (Scott Dep. at A-50.)

independently has the ability to understand."). Moreover, if they do, Dr. Scott is not the one to provide it. In accordance with its gatekeeping function, the Court should exclude Dr. Scott's opinions.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion To Exclude The Testimony Of Carol Scott Under Rule 702 should be granted.

CONNOLLY BOVE LODGE & HUTZ LLP

_____ /s/ Collins J. Seitz, Jr. _____
Collins J. Seitz, Jr. (#2237)
Jaclyn M. Mason (#4737)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
cseitz@cblh.com
**_Attorneys for Defendants Eastman Kodak Company
and Altek Corporation_**

*Of Counsel*:
William F. Lee
Donald R. Steinberg
Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

S. Calvin Walden
Paul B. Keller
Rebecca McCloskey
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800

Date: June 20, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2006, I electronically filed Reply Brief in Further Support of Defendants' Motion to Exclude the Testimony of Carol Scott Under Rule 702 to with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esquire
Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

and that I caused copies to be served upon the following in the manner indicated:

**<u>VIA E-MAIL</u>**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**<u>VIA E-MAIL & FEDERAL EXPRESS</u>**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301

**<u>VIA E-MAIL & HAND DELIVERY</u>**

Jack B. Blumenfeld, Esquire
Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

_/s/ Collins J. Seitz, Jr._
Collins J. Seitz, Jr. (Bar No. 2237)
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
1007 North Orange Street
Wilmington, DE 19899

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2006, I electronically filed the Redacted Reply Brief in Further Support of Defendants' Motion to Exclude the Testimony of Carol Scott Under Rule 702 with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld, Esquire
Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

and that I caused copies to be served upon the following in the manner indicated:

**VIA E-MAIL**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**VIA E-MAIL & FEDERAL EXPRESS**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301

**VIA E-MAIL & HAND DELIVERY**

Jack B. Blumenfeld, Esquire
Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

_/s/ Collins J. Seitz, Jr._
Collins J. Seitz, Jr. (Bar No. 2237)
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
1007 North Orange Street
Wilmington, DE 19899