# EXHIBIT 8.I

# EXHIBIT 8.I

# IS

# CONFIDENTIAL

# EXHIBIT 8.J

VOLUME: I

PAGES: 1-115

EXHIBITS: 1-7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - x

AMPEX CORPORATION,

                    Plaintiff,

    v.                                    Civil Action

EASTMAN KODAK COMPANY, ALTEK           No. 04-1373-KAJ

CORPORATION and CHINON

INDUSTRIES, INC.,

                    Defendants.    **ORIGINAL**

- - - - - - - - - - - - - - - - - x

DEPOSITION of MARTIN A. HOLBROOK

March 10, 2006

9:44 a.m.

Ropes & Gray LLP

One International Place

Boston, Massachusetts

Reporter: Michael D. O'Connor, RPR


**LEGALINK**
A **WORDWAVE** COMPANY

LegaLink San Francisco
575 Market Street, 11th Floor
San Francisco, CA 94105

tel (415) 357-4300
tel (800) 869-9132
fax (415) 357-4301

www.legalink.com

GLOBAL COURT REPORTING · LEGAL VIDEOGRAPHY · TRIAL SERVICES

MARTIN A. HOLBROOK     March 10, 2006

1      Q.     The tack item would not have been in the

2    NAB '82 menu, correct?

3      A.     Tack was not present with '82.

4      Q.     So this tells you that this demonstration

5    is done with software that was dated after NAB '82,

6    correct?

7      A.     Yes.

8      Q.     And indeed, it was done some five years --

9    software dated some five years after NAB '82,

10   according to Exhibit 5, right?

11          MR. SUMMERSGILL:   Objection.

12     A.     I can't date it, because there are no dates

13   on this document.

14     Q.     It's some years after NAB '82 that these

15   two items were added to the menu, correct?

16     A.     Correct.

17     Q.     You mentioned you were involved with the

18   Graphic Paint Box.  Let me hand you what was marked

19   as Taylor Exhibit 23.  Do you recognize this

20   document?

21     A.     No.

22     Q.     Would this reference to high resolution

23   Graphics Paint Box be what you had mentioned that

24   you worked on towards the end of your tenure at

100

# EXHIBIT 8.K

# EXHIBIT 8.K

# IS

# CONFIDENTIAL

# EXHIBIT 8.L

# EXHIBIT 8.L

# IS

# CONFIDENTIAL

# EXHIBIT 8.M

# EXHIBIT 8.M

# IS

# CONFIDENTIAL

# EXHIBIT 8.N

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.
Before the Honorable Delbert R. Terrill, Jr.

| | |
|---|---|
| In the Matter of | )<br>)<br>) |
| CERTAIN DIGITAL IMAGE<br>STORAGE AND RETRIEVAL<br>DEVICES | )<br>)<br>)<br>) |

Investigation No. 337-TA-527

## COMPLAINANT AMPEX CORPORATION'S FIRST SET OF INTERROGATORIES TO RESPONDENT EASTMAN KODAK COMPANY [NOS. 1-53]

Pursuant to 19 C.F.R. § 210.29, Complainant Ampex Corporation ("Ampex") serves its

First Set of Interrogatories on Respondent Eastman Kodak Company ("Kodak") [Nos. 1-53] and

requests that each interrogatory be answered separately and fully in writing, under oath, within

ten (10) days after service hereof, as mandated by 19 C.F.R. § 210.29(b)(2).

The obligation imposed by these interrogatories is continuing and, if after answering

these interrogatories Kodak acquires any additional or corrective information called for by these

interrogatories, Kodak must serve upon Ampex amended or supplemental responses promptly

after Kodak becomes aware of such knowledge or information pursuant to 19 C.F.R. §

210.27(c)(1).

### INSTRUCTIONS

A.      These interrogatories are addressed to Respondent Kodak and its:  (i) present or

former directors, officers, employees, agents, representatives, accountants, investigators,

consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary or

affiliated entities that were in existence during the applicable period of time covered by these

interrogatories; (ii) any other person or entity acting on Respondent's behalf or on whose behalf

  c.  identify the persons who conducted the test, including their employer, title,

business address and business telephone number;

  d.  identify the date and location of the test;

  e.  describe the methods used to conduct the test;

  f.  describe the results of the test; and

  g.  identify any documents, records, or technical data that were generated during the

test or that report the results of the test.

## INTERROGATORY NO. 33

  If Kodak contends that any of the accused Kodak Devices does not infringe any asserted

claim of the Patent-In-Suit, explain in detail, for each element of each claim of the Patent-In-

Suit, Kodak's reason(s) for why each such Device does not infringe the Patent-In-Suit, either

literally or under the doctrine of equivalents, including without limitation, a response to the

specific references to each infringement ground asserted by Ampex and the factual and legal

bases for Kodak's response.

## INTERROGATORY NO. 34

  If Kodak contends that any claim of the Patent-In-Suit is not valid, explain in detail and

with specific reference to prior art, Kodak's reason(s) for why the Patent-In-Suit is not valid,

including without limitation, the factual and legal bases for Kodak's response.

## INTERROGATORY NO. 35

  If Kodak contends that the Patent-In-Suit is unenforceable, explain in detail Kodak's

reason(s) for why the Patent-In-Suit is unenforceable, including without limitation, the factual

and legal bases for Kodak's response.

**INTERROGATORY NO. 53**

State your contention regarding the appropriate amount of bond that should be imposed pursuant to 19 U.S.C. § 1337(j) to protect Complainant from injury during the Presidential review period in the event that the Commission finds a violation of Section 337 in this investigation, setting forth all facts upon which you base your contention and identifying all documents, witnesses and other evidence that support your contention.


Dated: December 2, 2004                    _Norman H. Beamer_

                                           Norman H. Beamer
                                           Gabrielle E. Higgins
                                           Fish & Neave L.L.P.
                                           525 University Avenue
                                           Palo Alto, CA 94301
                                           Phone No. (650) 617-4000

                                           Jesse J. Jenner
                                           Fish & Neave L.L.P.
                                           1251 Avenue of the Americas
                                           New York, NY 10020
                                           Phone No. (212) 596-9000

                                           Tom M. Schaumberg
                                           Adduci, Mastriani & Schaumberg, L.L.P.
                                           1200 Seventeenth Street, N.W.
                                           Washington, D.C. 20036
                                           Phone No. (202) 467-6300

                                           Attorneys for Complainant,
                                           Ampex Corporation

# EXHIBIT 8.O

# EXHIBIT 8.O

# IS

# CONFIDENTIAL

# EXHIBIT 8.P

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.
Before the Honorable ~~Charles E. Bullock~~ *Terrill*

|                          |   |
| ------------------------ | - |
| In the Matter of         | ) |
|                          | ) |
| CERTAIN DIGITAL IMAGE    | ) |
| STORAGE AND RETRIEVAL    | ) |
| DEVICES                  | ) |
|                          | ) |

Investigation No. 337-TA-~~528~~ *527*

## COMPLAINANT AMPEX CORPORATION'S SECOND SET OF INTERROGATORIES TO RESPONDENT EASTMAN KODAK COMPANY (NOS. 54-57)

Pursuant to 19 C.F.R. § 210.29, Complainant Ampex Corporation ("Ampex") serves its Second Set of Interrogatories on Respondent Eastman Kodak Company ("Kodak") (Nos. 54-57) and requests that each interrogatory be answered separately and fully in writing, under oath, within ten (10) days after service hereof, as mandated by 19 C.F.R. § 210.29(b)(2).

The obligation imposed by these interrogatories is continuing and, if after answering these interrogatories Kodak acquires any additional or corrective information called for by these interrogatories, Kodak must serve upon Ampex amended or supplemental responses promptly after Kodak becomes aware of such knowledge or information pursuant to 19 C.F.R. § 210.27(c)(1).

### INSTRUCTIONS

A.      These interrogatories are addressed to Respondent Kodak and its: (i) present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary or affiliated entities that were in existence during the applicable period of time covered by these interrogatories; (ii) any other person or entity acting on Respondents' behalf or on whose behalf

**INTERROGATORY NO. 57**

For each reference Kodak contends anticipates or renders obvious the claims of the Patent-In-Suit (including, but not limited to, the references identified in Kodak's Response to Ampex's Interrogatory No. 35), explain in detail, for each element of each claim of the Patent-In-Suit, where that element is disclosed in the particular reference, as well as any motivations to combine the references that Kodak contends render one or more of the claims of the Patent-In-Suit obvious.

Dated:  December 22, 2004

Norman H. Beamer
Gabrielle E. Higgins
Fish & Neave
525 University Avenue
Palo Alto, CA 94301
Phone No. (650) 617-4000

Jesse J. Jenner
Fish & Neave
1251 Avenue of the Americas
New York, NY 10020
Phone No. (212) 596-9000

Barbara A. Murphy
Tom M. Schaumberg
Adduci, Mastriani & Schaumberg, L.L.P.
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
Phone No. (202) 467-6300

Attorneys for Complainant,
Ampex Corporation

# EXHIBIT 8.Q

# EXHIBIT 8.Q

# IS

# CONFIDENTIAL

# EXHIBIT 8.R

# EXHIBIT 8.R

# IS

# CONFIDENTIAL

# EXHIBIT 8.S

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>EASTMAN KODAK COMPANY,<br>ALTEK CORPORATION and CHINON<br>INDUSTRIES, INC.,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-1373-KAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF AMPEX CORPORATION'S THIRD SET OF INTERROGATORIES TO DEFENDANT EASTMAN KODAK COMPANY (NOS. 7-11)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Ampex Corporation ("Ampex") requests that Defendant Eastman Kodak Company ("Kodak") answer the following interrogatories separately and fully, in writing, under oath, by an officer or agent of Kodak and in the manner provided in Rule 33, Fed. R. Civ. P., within thirty (30) days after service in accordance with Ampex's Definitions and Instructions. Answers are to be signed and verified by the person making them and objections signed by the attorney making them.

If Kodak elects to avail itself of the procedure authorized by Rule 33(d), Fed. R. Civ. P., for answering interrogatories, Ampex requests, for each interrogatory so answered, that Kodak identify the particular documents in the manner set forth below in Ampex's Definitions and Instructions.

The obligation imposed by these interrogatories is continuing and, if after answering these interrogatories Kodak acquires any additional or corrective information called for by these

## INTERROGATORY NO. 9

Identify all witnesses Kodak intends or expects to call at trial, and for each witness describe in detail the subject area(s) of his or her expected testimony.

## INTERROGATORY NO. 10

If Kodak contends that any claim of the Patent-In-Suit is unenforceable, explain in detail Kodak's reason(s) for why the Patent-In-Suit is unenforceable, including without limitation, the factual and legal bases for Kodak's response, and identify the persons most knowledgeable about the subject matter of this interrogatory.

## INTERROGATORY NO. 11

If Kodak contends that any claim of the Patent-In-Suit is not valid, explain in detail and with specific reference to prior art, for each element of each claim of the Patent-In-Suit, Kodak's reason(s) for why the Patent-In-Suit is not valid, including without limitation, the factual and legal bases for Kodak's response, and identify the persons most knowledgeable about the subject matter of this interrogatory.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*Juli Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

*Attorneys for Plaintiff Ampex Corporation*

**OF COUNSEL:**

Jesse J. Jenner
Sasha G. Rao
Ropes & Gray LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
Ropes & Gray LLP
525 University Avenue
Palo Alto, California 94301
(650) 617-4000

James E. Hopenfeld
Ropes & Gray LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005
(202) 508-4600

January 17, 2006

# EXHIBIT 8.T

# EXHIBIT 8.T

# IS

# CONFIDENTIAL

# EXHIBIT 8.U

# EXHIBIT 8.U

# IS

# CONFIDENTIAL

# EXHIBIT 8.V

# EXHIBIT 8.V

# IS

# CONFIDENTIAL

# EXHIBIT 8.W

# EXHIBIT 8.W

# IS

# CONFIDENTIAL

# EXHIBIT 8.X

# EXHIBIT 8.X

# IS

# CONFIDENTIAL

# EXHIBIT 8.Y

1

09:07:25    1

09:07:25    2    IN THE UNITED STATES DISTRICT COURT

3    FOR THE DISTRICT OF DELAWARE

4    ---------------------------------x

5    AMPEX CORPORATION,

6                        Plaintiff,

                            C.A. No.

7              -against-          04-1373-KAJ

8    EASTMAN KODAK COMPANY, ALTEK CORPORATION

and CHINON INDUSTRIES, INC.,

9

                        Defendants.

10

---------------------------------x

11                        May 3, 2006

                        9:35 a.m.

12

13

14        Videotaped Deposition of BRAD A. MYERS,

15    taken by Plaintiff, pursuant to Notice, at the

16    offices of Ropes & Gray, 1251 Avenue of the

17    Americas, New York, New York, before TAMMEY M.

18    PASTOR, a Registered Professional Reporter,

19    Certified LiveNote Reporter and Notary Public

20    within and for the State of New York.

21

22

23

24

25


LEGALINK®
A MERRILL COMPANY

420 Lexington Ave
Suite 2108
New York, NY 10170

tel (212) 557-7400
tel (800) 325-3376
fax (212) 692-9171

www.merrillcorp.com

GLOBAL COURT REPORTING  ·  LEGAL VIDEOGRAPHY  ·  TRIAL SERVICES

```
09:36:36  1              BRAD A. MYERS
09:36:38  2              VIDEOGRAPHER:   The court
09:36:38  3  reporter today is Tammey Pastor of LegaLink
09:36:41  4  Manhattan.  You may swear in the witness.
09:36:41  5              BRAD A. MYERS,
09:36:41  6  having been first duly sworn by the Notary
09:36:48  7  Public (Tammey M. Pastor), was examined and
09:36:48  8  testified as follows:
09:36:48  9  EXAMINATION CONDUCTED BY MR. SCHOENHARD:
09:36:52 10       Q.    Good morning, Dr. Myers.
09:36:53 11  Welcome back.
09:36:54 12       A.    Good morning.
09:36:55 13       Q.    I am going to try to keep this
09:36:58 14  moving today.  So I will go ahead and mark as
09:37:00 15  Exhibit 17 a document bearing the title
09:37:03 16  Initial Expert Report of Dr. Brad A Myers.
09:37:03 17              (Myers Exhibit 17 for
09:37:03 18  identification, Initial Expert Report of Dr.
09:37:05 19  Brad A. Myers, no production numbers.)
09:37:29 20       Q.    Can you take a look at this
09:37:30 21  document, please, and verify this is the
09:37:32 22  Expert Report you have submitted in this
09:37:35 23  matter?
09:37:51 24       A.    Yes.
09:37:58 25       Q.    Does this document contain all
```

5

BRAD A. MYERS

09:37:58  1

09:37:59  2    the opinions on which you intend to testify in

09:38:01  3    this matter?

09:38:02  4              A.     As far as I know at this time.

09:38:05  5              Q.     Have you been asked to render

09:38:06  6    any additional opinions beyond what is

09:38:08  7    reflected in this document?

09:38:09  8              A.     No.

09:38:10  9              Q.     Have you been asked to

09:38:11 10    supplement your report?

09:38:12 11              A.     No.

09:38:13 12              Q.     Do you have any intention

09:38:14 13    currently of doing so?

09:38:15 14              A.     Not that I know of.

09:38:17 15              Q.     When did you start the work

09:38:18 16    that resulted in this report?

09:38:23 17              A.     Well, this report was, you

09:38:27 18    know, revised from the reports I did in the

09:38:30 19    ITC case.  And so it really includes all the

09:38:33 20    material right from the beginning of my work

09:38:35 21    in this case to some extent.  Which started in

09:38:38 22    November of 2004.

09:38:42 23              Q.     Beyond the time you identified

09:38:44 24    in the ITC case as having devoted there, what

09:38:48 25    additional time have you devoted to this case

8

BRAD A. MYERS

09:41:25  1

09:41:26  2    respect to how I am interpreting the prior art

09:41:30  3    based on defendants' claim construction.

09:41:38  4            Q.    Referring to your experience as

09:41:39  5    a person of ordinary skill in the art.  As of

09:41:43  6    1983 did you have any experience in the

09:41:45  7    television broadcast industry?

09:41:51  8            A.    I was, you know,  in high

09:41:54  9    school I worked in a television station just

09:41:57 10    for fun.  And I did work on the SDMS system,

09:42:01 11    as I mention in this report while I was in

09:42:03 12    college which was not in the broadcast

09:42:07 13    industry, but it was for television.

09:42:14 14            Q.    Referring, again, to page 7 of

09:42:15 15    your Expert Report.  In particular, paragraph

09:42:17 16    30.  Do you see that paragraph?

09:42:21 17            A.    Yes.

09:42:21 18            Q.    Do you see the sentence that

09:42:22 19    reads "To the extent that a claim construction

09:42:25 20    similar to those I have identified as asserted

09:42:28 21    or adopted under which any of the above

09:42:31 22    identified systems do not meet each element of

09:42:33 23    the asserted claims it is my opinion the

09:42:35 24    asserted claims would have been obvious in

09:42:37 25    view of the prior art systems and materials

| | |
|---|---|
| 09:42:37 1 | BRAD A. MYERS |
| 09:42:39 2 | discussed in this report." Do you see that? |
| 09:42:41 3 | A.    Yes. |
| 09:42:43 4 | Q.    Can you explain to me what you |
| 09:42:45 5 | mean, please, by claim construction similar to |
| 09:42:47 6 | those I have identified? |
| 09:42:51 7 | A.    Well, there have been, you |
| 09:42:52 8 | know, a variety of claim construction |
| 09:42:54 9 | presented by both sides in this case. And |
| 09:42:58 10 | they've differed, you know, in small and |
| 09:43:01 11 | medium size ways. And it seems like that, you |
| 09:43:07 12 | know, to the extent that claim construction, |
| 09:43:10 13 | you know, is close to the claim construction |
| 09:43:14 14 | that we've been using, that it would be |
| 09:43:18 15 | obvious how to map the prior art on to those |
| 09:43:22 16 | claims. But, you know, if you have a |
| 09:43:24 17 | particular claim construction in mind, I'd be |
| 09:43:28 18 | happy to consider it. |
| 09:43:29 19 | Q.    Have you considered any |
| 09:43:29 20 | particular claim construction that you would |
| 09:43:32 21 | consider close to the claim construction that |
| 09:43:34 22 | have been articulated in this case? |
| 09:43:38 23 | A.    Not in this report. |
| 09:43:44 24 | Q.    Do you have any opinion on |
| 09:43:45 25 | obviousness in light of such a claim |

BRAD A. MYERS

09:43:45  1

09:43:48  2    construction similar to those identified

09:43:52  3    beyond what you expressed here in paragraph

09:43:54  4    30?

09:43:55  5         A.    Not at this time.

09:44:06  6         Q.    Referring to paragraph 31 of

09:44:08  7    your Expert Report.  On page 8.  Do you see

09:44:11  8    that paragraph?

09:44:11  9         A.    Yes.

09:44:13 10         Q.    The first sentence reads "To

09:44:15 11    the extent that a claim construction similar

09:44:17 12    to those I have identified is asserted or

09:44:19 13    adopted under which the original application

09:44:22 14    for U.S. Patent number 4,802,019 to Harada, et

09:44:27 15    al. does not meet each element of the asserted

09:44:30 16    claims, the asserted claims would still have

09:44:32 17    been obvious in view of the original

09:44:33 18    application by itself or a combination of the

09:44:37 19    system described in the original application

09:44:39 20    for U.S. Patent number 4,802,019 to Harada, et

09:44:43 21    al. with the Quantel Paint Box."

09:44:47 22         Do you see that?

09:44:47 23         A.    Yes.

09:44:52 24         Q.    Do you have any opinions with

09:44:54 25    respect to obviousness of the asserted claims

BRAD A. MYERS

09:44:54  1

09:44:59  2    of the '121 patent in light of the parent

09:45:02  3    application to the Harada patent in

09:45:06  4    combination with the Quantel Paint Box beyond

09:45:09  5    what you have expressed here in paragraph 31

09:45:11  6    of your Expert Report?

09:45:13  7                 MR. SOUTO:   Do you want him to

09:45:13  8    scan his whole report to tell you, answer that

09:45:16  9    question? Because you should feel free to do

09:45:19 10    so.

09:45:21 11         A.    I think I explain this

09:45:23 12    combination in detail in the back of the

09:45:26 13    report.

09:45:42 14         Q.    Allow me to direct your

09:45:44 15    attention to additionally to pages 40 to 41 of

09:45:52 16    your Expert Report.  Particularly paragraphs

09:45:54 17    118 through 120.

09:45:55 18         A.    Yes.

09:45:59 19         Q.    Is your opinion of obviousness

09:46:02 20    with respect to the asserted claims of the

09:46:04 21    '121 patent -- is your opinion of obviousness

09:46:11 22    of the asserted claims of the '121 patent in

09:46:13 23    light of the parent application to the Harada

09:46:15 24    patent in combination with the Quantel Paint

09:46:30 25    Box -- strike that.

BRAD A. MYERS

Do you have any opinions with respect to obviousness of the asserted claims of the '121 patent in light of the parent application to the Harada patent in combination with the Quantel Paint Box beyond what you have expressed in paragraphs 31 and 118 through 120 of your Expert Report?

A.    Not at this time.

Q.    Turning your -- returning your attention to paragraph 31 of your Expert Report, page 8.  When you say "Similar to claim construction similar to those I've identified," are you using the expression "claim construction similar to those I have identified" in the same way as we discussed with respect to paragraph 30?

A.    Yes.

Q.    Referring to paragraph 31 of your Expert Report -- referring to paragraph 32 of your Expert Report, also found on page 8.  Do you see that paragraph?

A.    Yes.

Q.    Do you have any opinions with respect to the obviousness of the asserted

|          |    |                                              |
|----------|----|----------------------------------------------|
| 10:04:53 | 1  | BRAD A. MYERS                                |
| 10:04:56 | 2  | on the disk.                                 |
| 10:04:56 | 3  | Q.    Would such a use of dual ported        |
| 10:04:59 | 4  | memory be common in 1983?                    |
| 10:05:01 | 5  | A.    I don't know.                          |
| 10:05:08 | 6  | Q.    Do you know what purposes dual         |
| 10:05:10 | 7  | ported memory was typically used for in 1983?|
| 10:05:14 | 8  | A.    I know that one use was as a           |
| 10:05:17 | 9  | frame store.                                 |
| 10:05:19 | 10 | Q.    Are you familiar with other            |
| 10:05:20 | 11 | uses?                                        |
| 10:05:22 | 12 | A.    No.                                    |
| 10:05:44 | 13 | Q.    Do you have an opinion as to           |
| 10:05:46 | 14 | whether the parent application to the Harada |
| 10:05:48 | 15 | patent renders obvious the asserted claims of|
| 10:05:53 | 16 | the '121 patent?                             |
| 10:05:58 | 17 | A.    I think I express my opinion           |
| 10:06:00 | 18 | that it anticipates the claims and I discuss |
| 10:06:07 | 19 | how it would be obvious by combining Harada  |
| 10:06:10 | 20 | with the Quantel Paint Box in my report.     |
| 10:06:13 | 21 | Q.    Do you have any specific               |
| 10:06:14 | 22 | opinions of obviousness with respect to the  |
| 10:06:17 | 23 | Harada parent application beyond what you    |
| 10:06:20 | 24 | expressed in your report?                    |
| 10:06:22 | 25 | A.    Not at this time.                      |