WILMERHALE

*Superguide Corp v. Direct TV Enterprises*

Gemstar retained WilmerHale to represent it in two appeals after Direct TV, Echostar, Scientific-Atlanta, Pioneer, and others convinced the district court and the US International Trade Commission (ITC) that they had not infringed patents relating to online television programming guides. We obtained Federal Circuit decisions reversing the district court's and ITC's claim constructions and remanding for reconsideration of the infringement issues. Gemstar subsequently licensed the patents (along with related intellectual property) to three of the defendants, including a license to Echostar for $190 million.

358 F.3d 870 (Fed. Cir. 2004); 383 F.3d 1352 (Fed. Cir. 2004)

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc. and Kustner Industries, Inc.*

WilmerHale undertook representation of Kustner Industries, S.A. following the entry of a $26 million dollar adverse jury verdict subject to trebling. On a post-trial motion, the district court set aside the verdict, finding that no reasonable jury could have found infringement. That decision was reversed by the Federal Circuit on appeal and, following the denial of certiorari by the United States Supreme Court, judgment against our client was entered. One month later, WilmerHale discovered that the plaintiff had transferred the patents prior to trial in pursuit of a strategy to reduce state taxes, and moved for relief under Rules 60(b)(2) (misrepresentation) and 60(b)(4) (void judgment). After limited discovery granted by the district court demonstrated that a witness who had testified that the plaintiff owned the patent was aware of the transfer, and that trial counsel had known of the transfer during the period of the post-trial motions, the district court vacated the judgment and dismissed the case holding that it lacked jurisdiction and, in the alternative, granting the motions on the grounds of misrepresentation and void judgment. On appeal, the Federal Circuit reversed the district court's decision of lack of jurisdiction but, in a strongly worded opinion, affirmed the district court's grant of a new trial based on misconduct, and held the plaintiff to a waiver of damages it had made during the appeal. The case is currently pending in the district court.

402 F.3d 1198 (Fed. Cir. 2005)

*Monsanto v. McFarling (McFarling I and II)*

WilmerHale won important victories for our client Monsanto in two groundbreaking appeals relating to infringement of Monsanto's patents on genetically modified cotton and soybean seed. The Federal Circuit rejected the defendant's defenses based on alleged illegal tying, patent exhaustion, first sale and the Plant Variety Protection Act. After the district court granted summary judgment to Monsanto on its patent infringement claims, the defendant again appealed to the Federal Circuit, and the court once again ruled in our client's favor.

302 F.3d 1291 (Fed. Cir. 2002); 363 F.3d 1336 (Fed. Cir. 2004)

*Stambler v. RSA Security Inc.*

RSA Security turned to WilmerHale for representation in this case alleging infringement of three patents. The plaintiff, a 74-year-old individual, claimed that his patents covered all secure communications over the Internet, and sought damages in excess of $20 million. After a two-week trial in the District of Delaware, a jury found that RSA had not infringed any of the asserted claims. The Federal Circuit affirmed. The case was closely followed in the press due to the implications an adverse verdict would have had on all Internet commerce.

243 F. Supp. 2d 70 (D. Del. 2003); 212 FRD 470; 243 F. Supp. 2d 74 (D. Del. 2003); 123 Fed. Appx. 982, 2005 WL 352606

WILMERHALE

*Genzyme Corporation v. Atrium Medical Corp.*

Atrium Medical retained WilmerHale to defend it in this lawsuit alleging infringement of five patents relating to thoracic drainage devices. Genzyme and Atrium are the two dominant companies in the market. Genzyme issued a press release shortly before trial stating that there was "no doubt" it would establish infringement. After a two-week trial in the District of Delaware, we won a jury verdict finding that each of the asserted patent claims was not infringed, invalid or both. The Federal Circuit affirmed.

212 F.Supp. 2d 292 (D. Del. 2002); 108 Fed. Appx. 619 (Fed. Cir. 2004)

*Xerox Corporation v. U.S. Robotics Corporation*

Palm Computing retained WilmerHale to represent it in this appeal, after Xerox prevailed on claims that Palm had infringed a patent relating to handwriting recognition and that the patent was valid. Xerox claimed that its patent covered the "graffiti software" used in millions of Palm's popular "Palm Pilot" products. We obtained a Federal Circuit decision reversing the district court's ruling that the patent was valid. The district court subsequently issued a summary judgment finding that the patent was not valid.

66 USPQ 2d 1216; 61 Fed.Appx. 680 (Fed. Cir. 2003)

*Eli Lilly & Co. v. Board of Regents of the University of Washington*

WilmerHale prevailed on behalf of our client, ZymoGenetics, Inc., the exclusive licensee of a University of Washington patent in an appeal brought by Eli Lilly & Co. in the Federal Circuit. The court upheld the dismissal of an interference proceeding concerning patent claims to DNA sequences coding for human protein C, which plays a role in the regulation of blood coagulation. The decision affirmed the United States Patent and Trademark Office's right to promulgate and interpret its own regulations governing patent interferences.

334 F.3d 1264 (Fed. Cir. 2003)

*Berlex Laboratories, Inc. v. Biogen, Inc.*

WilmerHale represented Biogen in a patent infringement case in the District of Massachusetts. Berlex accused Biogen's Avonex® product, used in the treatment of multiple sclerosis, of infringing two patents directed to the production of the human interferon protein in Chinese hamster ovary cells. We obtained summary judgment of noninfringement for Biogen. The Federal Circuit affirmed the district court's claim construction and judgment of no literal infringement.

318 F.3d 1132 (Fed. Cir. 2003)

*Cincinnati Microwave, Inc. v. Whistler Corporation and Dynatech Corporation*

WilmerHale represented both Whistler Corporation and Dynatech Corporation (now known as Acterna Corporation) in litigation commenced by Cincinnati Microwave. Cincinnati Microwave claimed that certain radar detectors manufactured and sold by the defendants infringe a patent directed to a "mute" feature. After extensive discovery, we obtained summary judgment in favor of our clients. Cincinnati Microwave appealed that decision to the Federal Circuit, where we obtained a summary affirmance of the district court's grant of summary judgment.

2001 WL 1631834; 25 Fed.Appx. 830 (Fed. Cir. 2001)

WILMERHALE

*Southwest Software, Inc. v. ECRM, Inc.*

In this action, WilmerHale defended ECRM against patent infringement claims brought in the Western District of Texas against it and two UK companies by Southwest Software, Inc. The technology at issue concerned calibration methods for electronic publishing software. After trial, the jury rejected the primary claims against ECRM, which then obtained full indemnification from its co-defendant for a small verdict and all litigation expenses. On appeal, the Federal Circuit vacated the monetary verdict, ruled that Southwest Software's certificate of correction to its central patent was applicable only prospectively, and remanded the case for a determination regarding patent invalidity and the reasons why the district court granted JMOL to the defendants on several claims of the patents.

226 F.3d 1280 (Fed. Cir. 2000)

*Nova Biomedical Corporation v. i-STAT Corporation*

WilmerHale represented Nova Biomedical in this patent infringement action against i-STAT Corporation, a manufacturer of blood analyzer instruments. The patent concerned a method for calculating the hematocrit value in whole blood. The Federal Circuit, at Nova's request, reversed a grant of summary judgment of noninfringement and remanded the case to the district court. Nova prevailed on three other summary judgment motions. Shortly before trial, I-STAT agreed to pay Nova $10 million for past damages and took a 4% nonexclusive license for future US sales.

215 F.3d 1351 (Fed. Cir. 1999)

*Mehl Biophile v. Palomar Medical Technologies*

WilmerHale represented Palomar in this patent infringement action in the District of New Jersey. The plaintiffs accused Palomar of infringing patents relating to the use of lasers for hair removal. Palomar moved for summary judgment of invalidity, asserting that the patents were anticipated by certain published prior art. The court granted the motion and invalidated the patents. The Federal Circuit affirmed.

192 F.3d 1362 (Fed. Cir. 1999)

*Enzo Biochem v. Calgene*

WilmerHale represented Calgene, the company which researched, developed and brought to market the genetically engineered tomato, in four litigations against Enzo Biochem involving four patents related to genetic antisense technology. After a three-week trial in the District of Delaware, the court found for Calgene on all claims. The Federal Circuit affirmed that the patents were invalid.

14 F. Supp. 2d 536 (D. Del. 1998); 188 F.3d 1362 (Fed. Cir. 1999)

*Sextant Avionique, S.A. v. Analog Devices, Inc.*

WilmerHale represented Analog Devices in this litigation commenced by Sextant Avionique in the Northern District of California. Sextant claimed that Analog's accelerometer products infringed certain patents owned by Sextant Avionique. After a two-week trial, the court determined that Analog did not infringe the Sextant patents. The Federal Circuit affirmed, applying for the first time the presumption barring application of the doctrine of equivalents set forth in the Supreme Court's *Hilton Davis* opinion.

172 F. 3d 817 (Fed. Cir. 1999)

WILMERHALE

*Candela Laser Corporation v. Cynosure, Inc.*

WilmerHale represented Cynosure, Inc. and Horace Furumoto in this patent infringement action commenced by Candela. Dr. Furumoto was the founder of the plaintiff, Candela Laser Corporation, the named inventor on the patents involved in the litigation and the founder of Cynosure. Candela alleged that the medical laser system manufactured and marketed by Cynosure infringed two patents issued to Candela. After a three-week trial, the court found that Cynosure did not infringe one of the Candela patents and held the other Candela patent invalid. The Federal Circuit affirmed on both grounds.

862 F. Supp. 632 (D. Mass. 1994); *aff'd* 56 F. 3d 82 (Fed. Cir. 1995)

*Ortho Pharmaceutical Corp. v. Genetics Institute, Inc.*

WilmerHale represented Genetics Institute, Inc. in a proceeding commenced by Ortho Pharmaceutical and 11 of its affiliates. Ortho, the patent licensee, asserted its right to recover damages for Genetics Institute's infringement of a patent covering the intermediate product used to produce recombinant erythropoietin. Genetics Institute obtained summary judgment from the District of Massachusetts dismissing Ortho's claims. The Federal Circuit affirmed the district court dismissal, holding that because the license was non-exclusive and the license agreement did not confer a right to sue, the plaintiffs lack standing to sue for patent infringement.

808 F. Supp. 894 (D. Mass. 1992); 52 F.3d 1026 (Fed. Cir. 1995), *cert. denied* 116 S. Ct. 274 (1995); See also *"When An Exclusive License Is Not An Exclusive License: The Standing of 'Exclusive' Patent Licensees to Sue After Ortho Pharmaceutical Corp. v. Genetics Institute, Inc."*, 7 Fed. Bar. J. 1 (1997)

*Genentech, Inc. v. The Wellcome Foundation Ltd. and Genetics Institute, Inc.*

WilmerHale represented Genetics Institute, Inc. in an action brought against GI, The Wellcome Foundation, WelGen (a manufacturing joint venture between GI and Wellcome), and various other parties in two consolidated civil actions in the United States District Court in Delaware. This litigation involved alleged infringement of three patents which claim a tissue plasminogen activator marketed by Genentech. GI was represented by other counsel in the trial on these claims, which concluded in April of 1990. We assumed representation of GI after an unfavorable jury verdict, and briefed and argued the appeal to the Federal Circuit. The Federal Circuit reversed the jury verdict and entered judgment for GI.

29 F.3d 1555, 31 U.S.P.Q.2d 1161 (Fed. Cir. 1994)

*Amgen, Inc. v. Genetics Institute, Inc.*

WilmerHale represented Genetics Institute, Inc. (GI) in two related lawsuits in the Districts of Massachusetts and California. These cases involved patent claims relating to erythropoietin (EPO). At issue was the right to produce recombinant EPO, a genetically engineered protein which stimulates the production of red blood cells. GI claimed that Amgen infringed its patent, which covers a homogeneous form of the protein, and Amgen asserted that GI infringed its patent, which covered various components of the process used to produce the drug recombinantly. We tried a three-month jury-waived case involving the patents, and argued the appeal to the Federal Circuit. We also have represented GI in various foreign proceedings concerning foreign counterparts of those patents.

927 F.2d 1200 (Fed. Cir 1991)

WILMERHALE

*Specialty Composites v. Cabot Corp.*

WilmerHale represented Cabot Corporation in an action brought by Specialty Composites in the District of Massachusetts seeking a declaratory judgment that Cabot's patent claiming plastic foam earplugs was invalid, unenforceable and not infringed by Specialty. Cabot counterclaimed for patent infringement. The district court ruled that the plaintiff had failed to establish invalidity or unenforceability, but held that the patent had not been infringed. Cabot appealed. The Federal Circuit found that the district court had misinterpreted the patent claims and reversed the decision of noninfringement.

845 F.2d 981 (Fed. Cir. 1988)

*Pharmacia v. MedChem Products, Inc.*

WilmerHale represented MedChem Products, Inc. in an action over patent rights relating to hyalouronic acid, a substance with wide application in the ophthalmic and veterinary fields. Pharmacia A.B., a large Swedish pharmaceutical company, sued MedChem. We assumed representation after MedChem lost a phased trial which considered issues relating to the on-sale bar. We opposed a request for a preliminary injunction and prosecuted an appeal to the Federal Circuit, during which the case was settled.

## Significant International Trade Commission Litigation

*In the Matter of Certain NAND Flash Memory Devices and Products Containing Same*

STMicroelectronics (ST) retained WilmerHale to represent it in litigation brought by Sandisk Corporation before the US International Trade Commission (ITC) and the Northern District of California alleging infringement of a patent relating to NAND flash memory circuits. In an earlier ITC case, SanDisk (represented by the same counsel) had successfully obtained an exclusion order from the ITC on the same patent, preventing Samsung Corporation from importing its NAND flash memory products into the United States. SanDisk also had put the patent through a successful reexamination proceeding, during which the PTO rejected Samsung's best claim construction and invalidity arguments and allowed new dependent claims tailored to avoid Samsung's defenses. Against ST, SanDisk argued that the ST NAND flash memory circuits were substantially identical to those of Samsung, and infringed the patent for the same reasons. Following a seven-day hearing, ALJ Luckern issued an Initial Determination finding that ST's NAND flash memory circuits do not infringe the SanDisk patent, that they lacked multiple required elements of each asserted claim, and that ST had not violated 19 U.S.C. Section 1337. Judge Luckern's Initial Determination of no violation was adopted by the Commission.

*In the Matter of Certain Digital Image Storage and Retrieval Devices*

WilmerHale LLP successfully represented Eastman Kodak Company and Altek Corporation in this patent infringement action brought by Ampex in the US International Trade Commission. Early in the case, Kodak/Altek moved to disqualify Ampex's invalidity expert based on prior consulting work he had performed on behalf of Kodak. After losing the initial motion, Kodak/Altek conducted discovery and then filed a motion for reconsideration. Finding a "clear conflict of interest" and that Ampex had not been "candid and forthright" with respect to the expert's background, the ALJ granted Kodak/Altek's motion and disqualified the expert shortly before trial. Faced with the prospect of trial without an invalidity expert, and after Kodak/Altek's filing of substantive written submissions on noninfringement and invalidity, Ampex moved to dismiss its complaint.

WILMERHALE

*In the Matter of Certain Audio Digital-to-Analog Converters, Inv. No. 337-TA-499*

Wolfson Microelectronics retained WilmerHale to represent it in litigation brought by Cirrus Logic before the US International Trade Commission (ITC) alleging infringement of two patents relating to digital-to-analog circuits. After a nearly two-week trial, the ITC agreed with Wolfson that the key patent at issue was unenforceable because the inventors failed to disclose highly material prior art to the Patent Office, with the intent of deceiving the PTO. Prior to the trial, Wolfson had obsoleted two of the three products accused of infringing the second patent due to lack of market demand, and modified the third to remove the disputed feature. Related litigation in the Southern District of California was subsequently settled on mutually agreeable terms.

*In re Certain Tool Handles, Tool Holders, Tool Sets and Components, Inv. No. 337-TA-483*

WilmerHale served as co-counsel for respondent Danaher in this Section 337 action before the US International Trade Commission initiated by Allen-Pal. The case terminated after we successfully obtained a summary determination of non-infringement.

*In re Certain Microlithographic Machines, Inv. No. 337-TA-463*

WilmerHale represented ASML Holding in this case initiated by its chief rival, Nikon Corporation, in the US International Trade Commission and the Northern District of California. After a five-week trial, an Administrative Law Judge ruled that each of the 15 patent claims Nikon had asserted was not infringed, invalid and/or unenforceable due to inequitable conduct. The ITC adopted the ALJ's decision. At issue was approximately $1.8 billion in annual sales in the market for photolithographic equipment. Related litigation in the Northern District of California, involving an additional five patents, subsequently settled.

*In re Certain Set Top Boxes, Inv. No. 337-TA-451*

Gemstar retained WilmerHale to represent it in two appeals after Direct TV, Echostar, Scientific-Atlanta, Pioneer and others convinced the district court and the US International Trade Commission that they had not infringed patents relating to online television programming guides. We obtained Federal Circuit decisions reversing the district court's and ITC's claim constructions and remanding for reconsideration of the infringement issues. Gemstar subsequently licensed the patents (along with related intellectual property) to three of the defendants, including a license to Echostar for $190 million.

*In re Certain Monolithic Microwave Integrated Circuit Downconverters, Inv. No. 337-TA-384*

WilmerHale represented Raytheon in this action commenced by Anadigics in the US International Trade Commission and the Southern District of New York. Anadigics asserted claims against Raytheon under the Semiconductor Chip Protection Act. The case settled shortly before commencement of the ITC hearing.

WILMERHALE

*In the Matter of Certain Acid-Washed Denim Garments and Accessories,*
*Including Jeans, Jackets, Bags and Skirts, Investigation No. 337-TA-324*

WilmerHale represented Francesco Ricci, the inventor of the process for creating acid washed denim products, and the exclusive licensee of his US patent, Greater Texas Finishing Corporation, in a proceeding before the US International Trade Commission. After a trial before an administrative law judge and a Commission hearing, the Commission found in favor of Greater Texas and issued a general exclusion order barring the import of acid washed denim products into the United States.

*In re Certain Plastic Encapsulated Circuits, Inv. No. 337-TA-315*

WilmerHale successfully represented integrated circuit maker Analog Devices, Inc. in an enforcement proceeding before the US International Trade Commission. Analog prevailed both before the ITC administrative law judge and the full Commission in having the enforcement claims and request for substantial penalties dismissed, over the objection of the ITC's own Office of Unfair Import Investigations.

*In re Certain Removable Hard Disk Cartridges, Inv. No. 337-TA-351*

WilmerHale represented respondent Nomai, S.A. in this Section 337 trade secret case before the US International Trade Commission. The case ultimately settled.

## Significant Patent Litigation

*Palomar Medical Technologies, Inc., et al v. Cutera, Inc.*

WilmerHale represented Palomar Medical Technologies and Massachusetts General Hospital in a patent infringement action against Cutera in the District of Massachusetts, on a patent related to laser hair removal. Cutera agreed to a consent judgment that our clients' patent was infringed, valid, and enforceable; paid $22 million including our past damages claim, an additional payment of 1% of sales, and $4 million to cover our clients' attorney fees; and signed a license going forward at the full 7.5% royalty rate.

*EMC Corporation v. Hewlett-Packard Company, Inc.*

WilmerHale represented EMC in this case claiming infringement of three patents relating to computer storage technology. During the course of the litigation, Hewlett-Packard acquired the original defendant—whose primary product was accused of infringement—for $350 million. After a two-week trial, we won a jury verdict finding that each of the asserted claims had been infringed by Hewlett-Packard and was valid. The damages portion of the case subsequently settled.

*AGFA Corporation v. CreoScitex Ltd.*

Creo, a manufacturer of computer-based printing machines, was sued by Agfa Corporation, claiming that Creo infringed six Agfa patents. WilmerHale asserted that the patents had been obtained as a result of inequitable conduct before the Patent Office. After a 17-day trial in the District of Massachusetts, the court agreed, held all six patents invalid and awarded us $2,740,000 in attorneys' fees.

WILMERHALE

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc. and Kustner Industries, Inc.*

WilmerHale undertook representation of Kustner Industries, S.A. following the entry of a $26 million dollar adverse jury verdict subject to trebling. On a post-trial motion, the district court set aside the verdict, finding that no reasonable jury could have found infringement. That decision was reversed by the Federal Circuit on appeal and, following the denial of certiorari by the United States Supreme Court, judgment against our client was entered. One month later, WilmerHale discovered that the plaintiff had transferred the patents prior to trial in pursuit of a strategy to reduce state taxes, and moved for relief under Rules 60(b)(2) (misrepresentation) and 60(b)(4) (void judgment). After limited discovery granted by the district court demonstrated that a witness who had testified that the plaintiff owned the patent was aware of the transfer, and that trial counsel had known of the transfer during the period of the post-trial motions, the district court vacated the judgment and dismissed the case holding that it lacked jurisdiction and, in the alternative, granting the motions on the grounds of misrepresentation and void judgment. On appeal, the Federal Circuit reversed the district court's decision of lack of jurisdiction but, in a strongly worded opinion, affirmed the district court's grant of a new trial based on misconduct, and held the plaintiff to a waiver of damages it had made during the appeal. The case is currently pending in the district court.

402 F.3d 1198 (Fed. Cir. 2005)

*Curtis International v. Douglas Dynamics*

WilmerHale represented Douglas Dynamics, Western Products and J.C. Madigan, Inc. in a patent infringement action brought by Curtis International. The patents-in-suit were directed to vehicle hitch mount assemblies for snow plows. After a period of discovery, the matter settled.

*Summit Technology, Inc., v. Garabet*

WilmerHale represented Summit Technology, Inc. in pursuing patent infringement claims against a variety of defendants in multi-district antitrust litigation in the District of Arizona. The patents relate to laser photorefractive keratectomy of the eye. The case settled.

*Xerox Corporation v. U.S. Robotics Corporation*

Palm Computing retained WilmerHale to represent it in this appeal, after Xerox prevailed on claims that Palm had infringed a patent relating to handwriting recognition and that the patent was valid. Xerox claimed that its patent covered the "graffiti software" used in millions of Palm's popular "Palm Pilot" products. We obtained a Federal Circuit decision reversing the district court's ruling that the patent was valid. The district court subsequently issued a summary judgment finding that the patent was not valid.

66 USPQ 2d 1216; 61 Fed.Appx. 680 (Fed. Cir. 2003)

*Northrop Grumman Corporation v. Intel Corporation*

Intel retained WilmerHale to represent it in a patent infringement action commenced by Northrop Grumman in the Eastern District of Texas. Northrop asserted that it held a patent that covered all Ethernet bus connections and sought hundreds of millions of dollars in damages. We conducted extensive briefing for a Markman hearing. The claims and case were ultimately and quickly resolved in the manner Intel had proposed.

WILMERHALE

*Townshend Intellectual Property, LLC v. Analog Devices, Inc.*

WilmerHale represented Analog Devices in multi-party litigation with Townshend involving seven patents related to modem technology, which was resolved by settlement.

*ICN Photonnics v. Cynosure Inc.*

WilmerHale represented Cynosure in an action filed against it by one of its competitors, ICN Photonics, in the District of Massachusetts. We obtained a summary judgment that invalidated ICN's patent on "Wrinkle Removal" using a laser, for failing to comply with the "written description" requirement of 35 U.S.C. 112. The Federal Circuit vacated, after which the case settled.

*Baker Hughes Incorporated v. C.J.Hensley v. U.S. Filter*

WilmerHale represented United States Filter Corporation in an action for patent infringement and breach of a licensing agreement. United States Filter prevailed in an early motion to dismiss and the action was dismissed.

*Iomega Corporation v. SyQuest Technology Corporation*

WilmerHale represented Utah-based Iomega Corporation in a case involving both design and utility patents relating to technology used in Iomega's well-known ZIP and JAZ drives. This case, which was filed in the District of Delaware, concluded when Iomega's chief competitor, SyQuest, filed for bankruptcy. Iomega subsequently purchased certain of SyQuest's intellectual property assets.

*American Superconductor Corporation v. Massachusetts Institute of Technology*

WilmerHale represented American Superconductor in this "patent interference" proceeding in the District of Massachusetts. American Superconductor exclusively licenses an important patent in the field of high-temperature superconductors and is the owner of a patent application in the same field. The US Patent Office found that the patent and application "interfered." American Superconductor appealed this decision to the United States District Court for the District of Massachusetts and, in a highly unusual move, the Patent Office intervened to defend its decision. After a bench trial, we obtained a judgment finding that the patent and application claimed separate inventions, thus entitling our client to both, and according a very broad construction to the patent.

*TM Patents, L.P. v. EMC Corporation*

WilmerHale represented EMC in a patent litigation commenced by TM Patents in the District of Massachusetts. The patent was directed to certain disk storage systems and RAID technology. The case settled after a one-week Markman hearing and two weeks of trial before a jury.

WILMERHALE

*Digital Equipment Corporation v. Intel Corporation*

WilmerHale represented Intel in two cases involving the assertion of more than 20 patents owned by DEC and Intel against each other in the Districts of Massachusetts and Oregon. The patents at issue involved microprocessor architecture, cache memory, flash memory, heat dissipation for laptop computers, video compression and other subjects. The cases ultimately settled.

*Valitek, Inc. v. Iomega Corporation*

WilmerHale represented Iomega in defense of a patent infringement claim relating to communication between computers and peripheral devices through the computer's parallel port, in the District of Utah. After Markman and summary judgment briefing, the case was settled.

*Comverse Network Systems, Inc. v. Priority Call Management, Inc.*

WilmerHale represented Comverse in this patent infringement and trade secret action against Priority Call Management in the District of Massachusetts. The technology at issue involved large scale, distributed architecture voice mail and messaging systems. The case settled at the close of discovery.

*Ezenial Inc. v. Accord Telecommunications*

WilmerHale represented Ezenia! Inc. in a patent litigation against Accord Telecommunication for infringement of three patents relating to multipoint control units used in video conferencing. After initial deposition discovery, the matter settled.

*Aprisma Management Technologies v. System Management Arts, Inc.*

WilmerHale defended Systems Management Arts, Inc. against a claim of patent infringement involving its systems management product. SMARTS counterclaimed for a declaratory judgment of invalidity and unenforceability of the patents-in-suit, and for copyright infringement and misappropriation of trade secrets by Aprisma. Following a period of discovery, the case settled.

*Elan Pharmaceuticals v. Eli Lilly*

WilmerHale represented AHPC (strategic partner to Elan) in a breach of contract, trade secret and inventorship dispute. The dispute occurred as a result of the winding-down of Lilly's 10-year relationship with Elan in the area of Alzheimer's disease research. Elan's invention is considered publicly to be the leading treatment of Alzheimer's. After months of litigation, the case was eventually settled after court ordered mediation.

*Broadvision, Inc. v. Art Technology Group, Inc.*

WilmerHale represented Art Technology Group in a patent infringement action commenced by Broadvision in the District of California. The patent relates to e-commerce systems that provide personalized shopping experiences. The case settled after claim construction and discovery, during the summary judgment phase.

WILMERHALE

*Rodel, Inc., v. Cabot Corporation*

WilmerHale represented Cabot Corporation in two patent litigations commenced by Rodel, Inc. in the District of Delaware. The patents relate to chemical-mechanical polishing compositions and methods. The case was successfully settled.

*Lemelson v. Analog Devices, Inc.*

WilmerHale represented Analog Devices in litigation involving 16 patents and numerous parties in the District of Arizona. The patents allegedly relate to various semiconductor manufacturing processes. After initial discovery, the case settled.

*SCIMED Life Systems, Inc. v. Cordis Corporation*

WilmerHale represented SCIMED in a patent infringement action brought against Cordis in the District of Minnesota in which SCIMED claimed that Cordis infringed patents relating to angioplasty catheters and catheter balloons. The case was dismissed in conjunction with the dismissal of a case brought by Cordis against SciMed.

*Cordis Corporation v. SCIMED Life Systems, Inc.*

WilmerHale represented SCIMED Life Systems in a patent infringement action commenced by Cordis Corporation in the District of Minnesota. The litigation involved claims that SCIMED's catheter balloon infringed certain patents owned by Cordis Corporation. Following a Markman hearing, the case was administratively dismissed.

*Linear Technology v. Impala Linear Corp.*

WilmerHale represented Analog Devices in a patent infringement action commenced by Linear Technology in the Northern District of California. The patent relates to synchronous switching regulators. Analog was dismissed from the case with no payment of money.

*Analog Devices, Inc. v. Standard Microsystems Corporation*

WilmerHale represented Analog Devices in a case in the District of Massachusetts against Standard Microsystems involving three patents related to thermal management in electronic devices. The case settled, with a multi-million dollar payment to Analog.

*Eastman Kodak Co. v. FileNet Corporation*

WilmerHale represented Kodak in an action to enforce against Filenet Corporation five patents that Kodak acquired from Wang Laboratories. The technology concerned the storage and distribution of large volumes of electronic documents, including for work flow purposes. Kodak successfully defeated Filenet's motions for summary judgment of noninfringement and invalidity on the key patent. Shortly thereafter, Filenet took a nonexclusive license and paid a substantial settlement to Kodak.

*Datapoint Corporation v. Madge Networks*

WilmerHale represented Madge Networks in this patent infringement action commenced by Datapoint in the District of New Jersey. The patents relate to multi-point videoconferencing. The case was dismissed after we invalidated Datapoint's patents in Datapoint Corp. v. Picturetel Corp.

WILMERHALE

*Moll v. Netrix Corp.*

WilmerHale represented Netrix Corporation in this patent infringement action involving voice compression software. After receiving an adverse ruling on claim interpretation in a related case, the plaintiff dismissed his claims against Netrix.

*GFI, Inc. v. Palliser Furniture Industries, Inc.*

WilmerHale represented Palliser Furniture in a litigation brought by GFI against various defendants, asserting infringement of the same patent that had been at issue in Gentry Gallery, Inc. v. Berkline Corp., 134 F.3d 1473 (Fed. Cir. 1998). The patent was found unenforceable.

*Analog Devices, Inc. v. Texas Instruments Incorporated*

WilmerHale represented Analog in two cases in which Analog and Texas Instruments asserted various patents relating to integrated circuits and digital signal processing against each other in proceedings in the Eastern District of Texas and the District of Massachusetts. The cases were settled in a global resolution of all disputes between Analog and Texas Instruments.

*Taboada v. Summit Technology, Inc.*

WilmerHale represented Summit Technology and, certain of its affiliates in this litigation, commenced in the Western District of Texas against Summit and other companies. The plaintiff alleged ownership and infringement of a basic patent relating to laser refractive surgery. The district court entered summary judgment dismissing all claims against the Summit entities. Before the entry of summary judgment, the plaintiff's most recent settlement demand had been several million dollars.

*United States Filter Corp. v. Ionics, Inc.*

WilmerHale represented United States Filter Corporation in two separate patent litigations in the District of Massachusetts. United States Filter claimed infringement of multiple patents involving a liquid purification technology known as electrodeionization. After United States Filter had successfully defeated several motions for summary judgment, the case settled.

68 F. Supp. 2d 48 (D. Mass. 1999); 128 F. Supp. 2d 56 (D. Mass 1999)

*Digcom Inc. v. Analog Devices, Inc.*

WilmerHale represented Analog in a patent infringement case brought by Digcom in the Northern District of California. The patent involves claims to cross-correlation of communications signals in quadrature phase shift keying modems, commonly used in radio systems. The case settled.

*Motorola, Inc. v. U.S. Robotics Corporation*

WilmerHale represented U.S. Robotics in this action brought by Motorola in the District of Massachusetts. Motorola sued on eight patents relating to high speed modems and U.S. Robotics counterclaimed on two of its patents. The case settled while in pretrial discovery.

WILMERHALE

*Phonetel Communications, Inc. v. AT&T Corp.*

WilmerHale defended Arch Communications Group against patent infringement claims brought by Phonetel, a licensing company, against numerous telephone, computer and paging companies in the Northern District of Texas. The case settled with a modest payment by Arch's paging equipment supplier, and Arch was fully indemnified and reimbursed for all of its expenses by the supplier.

*AltaRex Company v. Biomira Inc.*

WilmerHale represented AltaRex, a biotechnology company developing products for the treatment of ovarian cancer, and certain AltaRex employees in connection with litigation against Biomira in the Canadian courts involving issues such as patent ownership, inventorship and scope of a license agreement covering certain antibodies and information used in anti-idiotype induction therapy. The case settled early in the litigation.

*Analog Devices Inc. v. Linear Technology Group*

WilmerHale represented Analog Devices in patent litigation with Linear Technology Corp. involving integrated circuit technology. The case was settled.

*ECC International Corp. v. Deutsche Wurlitzer, GmbH*

WilmerHale represented ECC in a patent infringement and trade secret action involving vending machines. The suit was pending in the Southern District of New York until it settled.

*Arch Communications v. MetroCast*

This action in the District of Massachusetts related to telephone paging technology and the networks that facilitate such paging. WilmerHale's client, Arch Communications Group, Inc., was the owner of the patents being asserted against the defendant, MetroCast. The matter ultimately settled on terms highly favorable to Arch Communications.

*SBC Technology Resources, Inc. v. Eclipsys Corp.*

WilmerHale represented Eclipsys in this lawsuit in the Northern District of Texas alleging infringement of a patent that SBC claimed to cover storage area networks. We secured a favorable settlement shortly after taking over the case.

*Washington Research Foundation v. Osteometer A/S*

WilmerHale represented the Washington Research Foundation and Ostex International in a patent infringement suit against Osteometer A/S of Rodovre, Denmark. The patent at issue was directed to the measurement of C-terminal telopeptides as in vivo markers of bone degradation. The suit was filed in the District of Washington and, following discovery, was settled.

WILMERHALE

*Wang Laboratories, Inc. v. Microsoft Corporation*

WilmerHale represented Wang Laboratories in its assertion of two software patents against Microsoft Corporation in the District of Massachusetts. The technology at issue primarily concerned the object linking and embedding feature present in Windows 95. The case settled after nearly two years of litigation with a creative approach that included the investment by Microsoft of more than $80 million in Wang, along with a license by Wang to Microsoft of Wang's patent portfolio and the inclusion of Wang software in Microsoft's Windows products.

*Unitrode Corporation v. Burr-Brown*

WilmerHale represented Unitrode in an action against Burr-Brown alleging infringement of two of Unitrode's patents related to SCSI bus terminators. The case settled.

*Summit Technology, Inc. v. VISX, Inc.*

WilmerHale represented Summit Technology in a patent infringement action in the District of Delaware. Summit owns certain patents relating to the use of lasers for the use in photorefractive keratectomy. Summit alleged that VISX infringes one of those patents. The case has been settled.

*Millipore Corp. v. Mott Metallurgical Corp.*

WilmerHale represented Mott Metallurgical Corp. in a declaratory judgment action commenced by Millipore. Mott counterclaimed for infringement of its patent covering high efficiency metal filters. The action, pending in the District of Massachusetts, settled.

*Nova Biomedical Corporation v. Mallinckrodt Sensor Systems, Inc.*

WilmerHale represented Nova Biomedical against Mallinckrodt Sensor Systems, Inc. Nova asserted a patent regarding the measurement of hematocrit in blood analyzers. The case settled favorably after Nova obtained summary judgment dismissing the defendant's counterclaim and affirmative defense of inequitable conduct.

997 F. Supp. 187 (D. Mass. 1998)

*Litton Systems Inc. v. Fibersense Technology*

WilmerHale represented FiberSense Technology in a patent litigation commenced by Litton in the Central District of California involving six patents related to fiber optic gyroscopes. The case was settled with a strategic alliance between Litton and Fibersense.

*Selvac Acquisitions v. Milgram*

WilmerHale represented Palomar in this patent infringement action pending in the District of New Jersey. The plaintiffs accused Palomar of infringing patents relating to the use of lasers for hair removal. Palomar moved for summary judgment of invalidity, asserting that the patents were anticipated by certain published prior art. The court granted the motion and invalidated the patents.

8 F. Supp. 2d 434 (D. N.J. 1998)

*Bose Corporation v. Matsushita Electric Industrial Company, Ltd.*

WilmerHale represented Bose Corporation in this patent infringement action against the Japanese parent corporation and the American subsidiary of Matsushita Electric, also known as Panasonic, and one of its OEM distributors, ViewSonic Corporation. The technology at issue was Bose's Acoustic Wave technique for reproducing a full range of sound in high quality loudspeakers for home and commercial use. The case, which was brought in the District of Massachusetts, settled shortly after it was filed.

*Thorn EMI v. NMB Technology*

WilmerHale represented Thorn EMI, the patent owner, in a suit against NMB Technology of Japan. The three asserted patents related to D-RAM semiconductors. A week-long evidentiary hearing on a preliminary injunction was held in the District of Massachusetts. While the injunction motion was under advisement, the case settled with a substantial payment to Thorn EMI.

*Volt Information Sciences, Inc. v. Cascade Systems, Inc.*

WilmerHale represented Cascade, which was sued for patent infringement by Volt. The workflow systems patent at issue relates to a trade advertisement management system in which a large number of advertisements are assembled from textual and graphical components. The particular dispute was over a system that Cascade developed for the yellow pages market. The case settled.

*Hologic, Inc. v. Lunar Corporation*

WilmerHale represented Hologic, Inc., a manufacturer of x-ray and ultrasound densitometers used in the diagnosis of bone diseases, against Lunar Corporation, a competitor in the same business. These competing patent infringement actions, pending in the Districts of Wisconsin and Massachusetts, were settled with a cross-license agreement.

*Avia Group International, Inc. v. Nike Inc.*

WilmerHale represented Avia Group International, Inc., a subsidiary of Reebok International Ltd., in an action against Nike, Inc. in the District of Oregon. Avia alleged that Nike's highly publicized Air 180 running and basketball shoes infringed the patents covering Avia's cantilever technology. Nike asserted certain counterclaims against Avia. The case was settled shortly after the conclusion of discovery.

*Repligen, Inc. v. Aaston, Inc.*

WilmerHale represented Repligen, Inc. in this patent infringement action against a British company, Aaston, Inc. in the District of Massachusetts. The case settled shortly after it was filed when the defendant entered into a consent decree enjoining it from any further infringement of Repligen's patent.

WILMERHALE

*Tropix Inc. v. Lumigen, Inc.*

WilmerHale represented Lumigen, Inc. in this patent infringement litigation brought by Tropix in the District of Massachusetts. Tropix sued Lumigen on product-by-process claims directed to dioxetanes purified by a particular process. The dioxetane compounds—which generate light when triggered—are used as labels in various diagnostic applications. Lumigen maintained that it did not use the purification process described in the product-by-process claims. We successfully obtained summary judgment of noninfringement.

851 F. Supp. 25, 32 U.S.P.Q.2d 1638 (D. Mass. 1994)

*Gloucester Engineering Co. v. Addex, Inc.*

WilmerHale represented Addex, Inc. in an action commenced by Gloucester Engineering Co. for infringement of its patent covering an ultrasonic device used to control the diameter of extruded plastic film, commonly used in the manufacture of plastic trash bags. The case settled.

*Columbia University v. Genetics Institute*

WilmerHale represented Genetics Institute, Inc. in this action brought by Columbia University in the District of Delaware. Columbia alleged that GI's production of EPO infringed a patent covering a process for inserting genes into host cells and for amplifying the genetically modified host cells. GI claimed that it did not infringe Columbia's patent and that Columbia's patent was invalid. This case settled in the early stages of discovery.

*Digital Equipment Corp. v. System Industries, Inc.*

WilmerHale represented Systems Industries, Inc. in this litigation brought in the District of Massachusetts by Digital Equipment Corporation. DEC alleged that a number of its patents had been infringed by products of Systems Industries which communicate with DEC's standard disc/tape interconnect controller products and input/output servers. Systems Industries' defenses included non-infringement, implied license, obviousness, patent misuse and other statutory bars. The case settled after discovery.

*Cetus v. DuPont*

WilmerHale represented Cetus in this matter against DuPont for infringement of its patent covering purified and isolated Taq, the enzyme used to drive the polymerase chain reaction. Shortly before litigation was to commence, DuPont withdrew its Taq product from the market. We assisted Cetus in negotiating patent licenses with several licensees for the use of this enzyme.

WILMERHALE

*Dymax Corporation v. Hoffrel/Phillips/Elscint*

WilmerHale represented Dymax Corporation, the holder of a patent relating to medical ultrasound transducers, in cases involving patent infringement and breach of contract claims against an exclusive licensee, sub-licensees and other third parties. The Hoffrel litigation involved an exclusive licensee who failed to meet sales quotas and ignored a notice of termination. We filed this case in the District of Connecticut and obtained a directed finding for Dymax after a trial on the breach of contract issue. During post-trial discovery on the patent issues, the matter settled.

The Phillips case was a follow-up to the Hoffrel litigation. As a result of the favorable finding against Hoffrel, Dymax was able to obtain a lump sum paid-up license from Phillips Ultrasound,a division of North American Phillips Corporation, without any litigation.

The Elscint case was an infringement action brought by Dymax against Elscint, an Israeli high technology company, for infringement of the same ultrasound patent involved in the Hoffrel and Phillips matters. The case settled after extensive discovery.

*Porter v. Tamfelt, Inc.*

WilmerHale represented Tamfelt in an action by Porter concerning a patent covering a machine for producing paper. Porter sought to be named an inventor of the patent. After extensive discovery, the District of Massachusetts granted Tamfelt summary judgment dismissing Porter's claims.

*Information International Inc. v. CompuGraphic Corp.*

WilmerHale represented CompuGraphic in a patent lawsuit brought by Information International Inc. The patent was directed to computer-generated characters that produced type fonts. After completion of discovery, the case settled.

*Bose Corporation v. Contraves-Goerz*

WilmerHale represented Bose Corporation in this patent infringement action involving a Bose patent that has wide application in the loudspeaker, robotics and automatic tool control areas. Bose brought the action against a former licensee and—following extensive discovery—the case settled.

*BioPolymers v. Genex Corporation*

WilmerHale represented Genex in a patent infringement action brought by BioPolymers in the District of Connecticut. The patent was directed to certain decapeptides derived from mollusks that could be used as a biomedical glue. After a period of discovery, the case settled.

*Bernard Taylor v. Computervision Corporation*

Bernard Taylor asserted Computervision infringed his patent covering the method for depicting three-dimensional objects in perspective on a two-dimensional surface. WilmerHale conducted discovery and began a jury trial. The case settled during trial.

WILMERHALE

*Acushnet Co. v. Spalding*

WilmerHale represented Acushnet and its Titelist Division in four patent infringement actions against Spalding in the District of Massachusetts. All four suits were patent infringement actions involving technology used in the production and design of golf balls. The first cases involved a Spalding patent relating to polymer chemistry and the composition of covers used on premium golf balls. Significant issues at trial included the on-sale bar and whether Spalding had complied with the best mode requirement. This case settled after appellate argument before the Federal Circuit.

The other three cases involved Acushnet patents relating to the technology of using optical brighteners in golf ball covers, the number and layout of dimples on a golf ball cover and the process of using hobs to make golf ball molds. Those cases, which were in the discovery phase, settled with the first case.

*Plasma Physics Corporation v. Analog Devices Inc.*

WilmerHale represented Analog Devices in a case involving two patents related to semiconductor processing in the Eastern District of New York. The case settled.

*Motorola, Inc. v. Analog Devices, Inc.*

WilmerHale represented Analog Devices in patent litigation with Motorola in the Eastern District of Texas involving eleven patents related to integrated circuits and semiconductors. The case settled.

*Lumenis Ltd v. Palomar Medical Technologies, Inc.*

WilmerHale represented Palomar in litigation with Lumenis involving two patents related to lasers. The case settled.

## Significant Trademark / Trade Dress Litigation

*The Morningside Group Ltd. v. Morningside Capital Group LLC*

WilmerHale successfully represented Morningside Group, an affiliate of the Chan family of Hong Kong, in an appeal to the United States Court of Appeals for the Second Circuit. The appeal involved trademark infringement, dilution and unfair competition claims in the investment and financial services industry. We obtained a reversal of the District Court decision finding the existence of a valid and enforceable trademark.

182 F.3d 133 (2d. Cir. 1999)

*Toys R Us, Inc. v. Step Two, S.A. and Imaginarium Net, S.L.*

WilmerHale represented the Spanish toy retailer Step Two S.A. and Imaginarium Net S.L. in defense of a trademark infringement claim brought by Toys "R" Us in the District of New Jersey involving competing claims to the Imaginarium mark, owned by our client in Spain and Toys "R" Us in the United States. The claims against our client were dismissed by the District Court for lack of personal jurisdiction. On appeal, the Third Circuit upheld the legal analysis of the lower court, but remanded the case for jurisdictional discovery. The case was ultimately resolved by mediation.

318 F.3d 446 (3rd Cir. 2003)

WILMERHALE

*FiberMark, Inc. v. Brownville Specialty Paper Products, Inc.*

WilmerHale prevailed in an eight-day jury trial on behalf of our publicly held client Fibermark, Inc., a Brattleboro, Vermont-based paper company. The case involved the copying of a mottled/marbled pattern used by Fibermark for over 100 years on high-quality dense paper for notebook covers, binders and similar products. After trial in the Northern District of New York, the jury returned a verdict that Fibermark's trade dress constituted a valid trademark and that the defendant—a competing paper company (whose mill was located three miles from the courthouse)—engaged in deceptive and misleading conduct by printing Fibermark's pattern on lower-quality paper.

*Pfizer Inc. v. Y2K Shipping & Trading, Inc.*

WilmerHale represented Pfizer in obtaining a temporary restraining order followed by a preliminary injuction and, ultimately, a permanent injunction prohibiting the defendants from advertising and selling an herbal supplement under the name TRIAGRA. The court granted summary judgment in Pfizer's favor that the defendants' product name and marketing materials infringed and diluted Pfizer's VIAGRA trademark and constituted unfair competition and false advertising.

70 USPQ 2d. 1592 (E.D.N.Y. 2004)

*United States Trust Company v. United States Trust Company of NY*

WilmerHale represented United States Trust Co., a Boston bank, in this case challenging its use of the "US Trust" family of marks. After a 12-day bench trial in the District of Massachusetts, the court concluded that our client could continue to use the marks as it had throughout the country and issued an injunction precluding the opposing party, United States Trust Co. of New York, from using the marks in Massachusetts.

210 F.Supp.2d 9 (D. Mass. 2002)

*Cashmere & Camel Hair Manufacturers Institute v. Saks Fifth Avenue*

WilmerHale represented Harve Benard, Ltd. in a Lanham Act action commenced by CCMI. CCMI alleged that Harve Benard's labeling of its cashmere blend products was false and misleading. CCMI sought a preliminary and permanent injunction against the continued marketing of Harve Benard's cashmere blend products. After an eight-day trial, the District of Massachusetts denied CCMI's request for preliminary injunctive relief. The judge ultimately issued judgment in favor of Harve Benard on CCMI's underlying claims.

*Coca-Cola Co. v. Purdy*

WilmerHale represented Coca-Cola, Pepsi, the Washington Post, and McDonald's in obtaining quick injunctive relief against the defendant's use of domain names (such as "mymcdonalds.com") that appeared to belong to the trademark owners but that in fact were linked to the defendant's own advocacy websites.

WILMERHALE

*Calvert Group, Ltd. v. FMR Corp.*

Fidelity Investments hired WilmerHale to defend it in this trademark litigation in the District of Massachusetts challenging a national advertising campaign. The campaign featured Peter Lynch and his investment principle "know what you own and know why you own it." The Court denied Calvert's motion for preliminary injunction, concluding that Fidelity's use of the words "know what you own" constituted a "fair use," and that Calvert's mark was not distinctive and lacked any secondary meaning. The case subsequently settled.

*Unext.com, LLC v. Learnsoft Corp.*

WilmerHale successfully defended Learnsoft's use of the "Unexus" mark for online education programs in a motion for preliminary injunction by Unext, a competing online education service supported by numerous well-known educational institutions. When the motion was denied, the case settled.

*Philips v. Remington*

WilmerHale is representing Philips in the second of two high profile UK trademark cases against Remington. Both cases concern a trademark in the shape of the head of the well-known Philip's rotary shaver (sold in the United States under the name "Norelco"). The first case was referred to the European Court of Justice and is a leading authority on shape trademarks. The second case is currently pending before the United Kingdom Court of Appeal and may lead to a further reference to the European Court.

*Johnson & Johnson v. IGI, Inc.*

WilmerHale successfully represented IGI in a preliminary injunction involving trademark infringement and dilution claims made by Johnson & Johnson relating to J&J's "Renova" prescription anti-wrinkle cream. This case, filed in the District of New Jersey, was settled when the court denied Johnson & Johnson's requested injunction.

*U-Haul International v. WhenU.com, Inc.*

WilmerHale was retained by WhenU to defend it against claims that WhenU's software that delivered pop-up advertisements to computer users constituted trademark infringement and dilution, unfair competition and copyright infringement. We successful defended each of those claims by summary judgment.

*Charles Square Cambridge LLC v. The Inn at Copley Square, LLC d/b/a Charlesmark Hotel*

WilmerHale represented Charles Square Associates, the owner of the well-known Charles Hotel in Cambridge, Massachusetts, in a trademark infringement action against a boutique hotel using "Charles" in its name. The case was settled by an agreement limiting the opposing party's use of the mark.

*Commonwealth Plywood Co. Ltd v. Lumber Liquidators, Inc.*

WilmerHale represented Canadian manufacturer Commonwealth Plywood Co., Ltd seeking to enforce its "Husky" trademarks against Lumber Liquidators, Inc. The case settled when the defendant agreed to phase out all use of the "Husky" trademarks.

WILMERHALE

*Report Footwear, Inc. v. Saucony, Inc.*

WilmerHale represented Saucony, Inc. in trademark infringement litigation in the Western District of Washington against Seattle-based Report Footwear. The case settled when the infringer agreed to stop selling the infringing shoe and to refrain from future infringement.

*Stratford Foundation Inc. v. Lindamood-Bell Learning Processes, Inc.*

WilmerHale represented California-based Lindamood-Bell, a pioneer in educating learning disabled children, in claims relating to infringement of numerous trademarks and copyrighted material by Commonwealth Learning Centers, a competing company. The case settled after discovery and mediation.

*Polaris Venture Partners v. Polaris Venture Capital*

WilmerHale represented Polaris Venture Partners in a trademark infringement action involving a competing Israeli venture capital company. The case was settled by assignment of the trademark to our client.

*Commonwealth Plywood Ltd / Husky Log Structures, Inc.*

WilmerHale represented Commonwealth Plywood in a dispute with Husky Log Structures involving Commonwealth Plywood's "Husky" trademarks. After a cease and desist letter, the opposing party ceased use of the marks.

*Arrow Electronics, Inc. v. ArrowPoint Communications, Inc.*

WilmerHale represented ArrowPoint, a developer of Internet web switches sold to e-commerce and web hosting sites against a trademark infringement claim brought by Arrow Electronics, a large electronics equipment distributor. The case was settled.

*Iomega Corporation v. Castlewood Systems, Inc.*

WilmerHale represented computer peripheral maker Iomega in a case in the District of Utah which included trademark claims against a competing manufacturer. The claims involved the improper use of Iomega's trademarks as metatags on Castlewood's internet web site. Castlewood removed the metatags, and the case was later settled.

*Iomega Corporation v. SyQuest Technology Corporation*

WilmerHale represented Iomega in the District of Delaware in connection with SyQuest's infringement of Iomega's JET trademark. The case was concluded after SyQuest filed for protection under the Bankruptcy Code.

*Gateway 2000 v. Government Technology Services, Inc.*

WilmerHale represented GTSI, a leading supplier of computer products to the federal government, in an unfair competition and dilution case based on the alleged disparagement of Gateway's "cow spots" trademark in comparative advertising by GTSI. The case was resolved after the advertising run was completed.

*Sparc International, Inc. v. Analog Devices, Inc.*

WilmerHale represented Analog in this trademark infringement suit in the District of Massachusetts by Sparc (the licensing company for the various uses by Sun Microsystems of the mark "Sparc") over Analog's use of the trademark "Sharc." The case was resolved by agreement which preserved Analog's ability to continue to use the key "Sharc" trademark, which identify some of Analog's most important products.

*Rubbermaid v. Sterilite Corporation*

WilmerHale represented Sterilite Corporation in this trade dress and design patent infringement case in the District of Massachusetts. Rubbermaid owned several design patents covering food storage containers and charged Sterilite with infringement. The case settled shortly before trial.

*Alliant Computer Systems Corporation v. Alliant Techsystems Corporation*

WilmerHale represented the trademark owner in a case alleging infringement. The case settled after extensive discovery and shortly before an expedited trial was scheduled to occur.

*SR Holdings, Inc. v. Timberland Company*

WilmerHale represented Timberland in a trademark infringement action in the District of Massachusetts. The case involved Timberland's use of the Keds "blue label" trademark. We obtained a quick settlement of the case.

*Pfizer Inc. v. Soft Gel Technologies, Inc.*

WilmerHale represented Pfizer Inc. in opposing the registration by Soft Gel Technologies of the mark "Glucosol" as confusingly similar to Pfizer's mark "Glucotrol." After discovery, briefing and final hearing, the Trademark Trial and Appeal Board sustained the opposition and denied registration.

*The Morningside Group Ltd. v. Morningside Ventures*

WilmerHale represented Morningside Group, Ltd., a financial services and investment company, against an internet education venture sponsored by Columbia University. The matter was resolved with Columbia agreeing to change the name of its company.

*Analog Devices, Inc. v. Alpha Industries, Inc.*

WilmerHale represented Analog in a dispute over Alpha's use of the Analog "AD" trademark to identify certain products. The dispute was resolved without litigation, recognizing and protecting Analog's trademark rights.

*Major League Baseball Properties v. Fidelity Investments*

WilmerHale represented Fidelity Investments in a dispute with Major League Baseball Properties concerning the mark "World Series" used in Fidelity advertisements immediately before the opening day of the 1999 baseball season. The dispute was quickly resolved.

WILMERHALE

*Nike, Inc. / Acushnet*

WilmerHale was retained by Oregon-based Nike to defend unfair competition claims asserted by Acushnet (Titleist) involving well-known, nationwide Tiger Woods television advertisements for Nike. The case was resolved.

*Analog Devices, Inc.v. Stanford Microdevices*

WilmerHale represented Analog in a dispute with Stanford Microdevices over its use of Analog's "X-AMP" trademark to identify products, and Stanford's use of the Internet Web domain www.x-amps.com. The dispute was resolved without litigation upon agreement by Stanford promptly to phase out use of Analog's mark and to discontinue use of the mark as an Internet domain name by Stanford.

## Significant Copyright Litigation

*Pannonia Farms, Inc. v. Lellenberg*

WilmerHale represented Jon Lellenberg, a member of the Bakers Street Irregulars and the U.S. representative of the Estate of Dame Jean Conan Doyle, rightful owner of the works of Sir Arthur Conan Doyle, in the successful defense of a copyright and trademark infringement action brought against him by Pannonia Farms, Inc., a New York corporation that asserted an interest in Sir Arthur's Sherlock Holmes stories. The court rejected Pannonia Farms' claims and required Pannonia to pay a portion of Mr. Lellenberg's attorney's fees.

*CBS Broadcasting Inc. v. EchoStar Communications Corporation*

WilmerHale represented a national coalition of broadcasters against EchoStar, the second largest US satellite company. After a ten-day bench trial in the Southern District of Florida, the court found that EchoStar had willfully infringed the broadcasters' copyrights by re-transmitting out-of-town ABC, CBS, FOX and NBC stations to hundreds of thousands of ineligible subscribers. The court agreed with our contention that EchoStar had broken a promise to turn off distant network stations to many of these subscribers.

*On-Site Insight, Inc. v. Federal National Mortgage Association*

WilmerHale represented the Federal National Mortgage Association in a copyright infringement suit by On-Site, alleging that Fannie Mae had distributed an On-Site publication beyond the scope permitted by its license. The case settled after Fannie Mae established that the work was jointly authored by Fannie Mae and On-Site, and that the copyright registration was erroneous.

*Harcourt General v. Intellistudy Corporation*

WilmerHale represented Harcourt General, the owner of BAR/BRI bar review materials. Intellistudy copied BAR/BRI lectures and published them in substantially similar form. Harcourt sued Intellistudy for copyright infringement, seeking injunctive relief and statutory damages. We obtained an injunction against Intellistudy by consent judgment.

WILMERHALE

*Metacorp Strategies, Int'l v. Wang Laboratories, Inc.*

WilmerHale represented Wang Laboratories in litigation commenced by Metacorp in the District of Massachusetts. Metacorp claimed that Wang's Open Workflow product infringed a registered copyright on certain computer source code. The case settled.

*Inso Corporation v. Watkins*

WilmerHale represented Inso, the owner of copyrighted computer software source code relating to an Internet meta-search product, in litigation in the District of Massachusetts against a former employee and other defendants who posted a competing product on the Internet. The posted product duplicated many unique bugs and other aspects of Inso's copyrighted code. After we conducted expedited discovery and obtained a trial date less than two weeks after filing the complaint, the case was settled by entry of an agreed injunction prohibiting the defendants from infringing Inso's copyright and from working on a similar product for two years, as well as partial payment of Inso's attorneys' fees.

*Remanco International, Inc. v. ExecuTechs Services, Inc.*

After replacing counsel who had filed a state law trade secret action and conducted extensive discovery, WilmerHale represented the owner of diagnostic repair software in bringing a copyright action against unlicensed service providers, and in an antitrust action brought by the service providers against the copyright owner. After entry of a preliminary injunction preventing use of the software by the unlicensed providers, the parties settled the case by entering into a license agreement.

*ProCD, Inc. v. Zeidenberg*

WilmerHale represented ProCD, Inc. in the landmark Seventh Circuit decision which upheld the validity and enforceability of shrink wrap (or end user) licenses, contracts and warranties for protecting computer software and electronic data in consumer products. The Court of Appeals also ruled that such protections are not preempted by the United States Copyright Act.

86 F.3d 1447 (7th Cir. 1996)

*Jonnette Jewelry v. Bonetti Co.*

WilmerHale represented Jonnette Jewelry, a manufacturer of women's jewelry, in copyright actions against various Korean companies accused of making and selling cheap knockoffs. Each defendant entered into a consent decree enjoining further infringement shortly after the case was filed in the District of Rhode Island.

*Acknowledge, Inc. v. Digital Interfaces Limited, GigaTape GmbH, and GigaTrend, Inc.*

WilmerHale represented the defendants in a copyright infringement action brought by Acknowledge, Inc., a manufacturer of peripheral interface devices, in the District of Massachusetts. The plaintiff claimed that defendants misappropriated and infringed its copyright on certain aspects of the software which allowed non-IBM peripheral devices to interface with an IBM CPU. The software in dispute involved a "lock" which precluded an IBM CPU from interacting with any non-IBM peripheral device unless the peripheral device returns the "key" recognizable by the IBM CPU. After discovery, the plaintiff agreed to dismiss the case with prejudice.

WILMERHALE

## Significant Trade Secret Litigation

*Elan Pharmaceuticals v. Eli Lilly*

WilmerHale represented AHPC (strategic partner to Elan) in a breach of contract, trade secret and inventorship dispute. The dispute occurred as a result of the winding-down of Lilly's 10-year relationship with Elan in the area of Alzheimer's disease research. Elan's invention is considered publicly to be the leading treatment of Alzheimer's. After months of litigation, the case was eventually settled after court ordered mediation.

*Comverse Network Systems, Inc. v. Priority Call Management, Inc.*

WilmerHale represented Comverse in this patent infringement and trade secret action against Priority Call Management in the District of Massachusetts. The technology at issue involved large scale, distributed architecture voice mail and messaging systems. The case settled at the close of discovery.

*DuPont Merck Pharmaceutical Co. v. Cilag AG*

WilmerHale represented DuPont Merck in the District of Delaware against a Swiss subsidiary of Johnson & Johnson in litigation involving misappropriation of DuPont Merck trade secrets regarding an important aspect of the well-known drug Coumadin. During preliminary injunction briefing, the parties reached a resolution of the dispute that protected DuPont Merck from future misuse of its trade secret.

*Clinipad Corporation v. Aplicare*

WilmerHale represented Aplicare in this trade secret case in Connecticut Superior Court. The alleged trade secrets related to wet packs containing anti-bacterial solutions and certain applicators. Much of the litigation concentrated on whether certain items were trade secrets and on whether they were used by the defendants. In addition, a substantial issue existed as to whether a prior published patent would prevent the allegedly secret process from becoming a trade secret. The trial judge ruled in Aplicare's favor, holding that no trade secrets were misappropriated, and awarded attorneys fees to Aplicare.

*Defensive Technologies, Inc. v. Jet Security Systems*

WilmerHale represented Defensive Technologies, Inc. in a trade secret case litigated in the Massachusetts Superior Court, involving the use of electronic sensor and computer technology as an automatic system for detecting intrusion into aircraft parked on an airfield. The litigation focused on whether a trade secret existed and the extent of similarity between the parties' products.

*MultiLink, Inc. and PictureTel Corp. v. Octave Communications, Inc.*

WilmerHale represented MultiLink and PictureTel in this trade secret action against several of MultiLink's former employees and their company. The technology at issue involved high capacity audio conferencing systems. The case was settled.

WILMERHALE

*Pfizer, Inc. v. Allen Gould*

WilmerHale represented United Agriseeds and one of its prospective employees, Dr. Allen Gould, who were sued by Pfizer, Inc. (Gould's former employer) in the District of Connecticut. Pfizer claimed that the defendants violated and interfered with Gould's non-competition agreement and misappropriated Pfizer's trade secrets related to gene splicing in agricultural products. Following extensive expedited discovery, the case was settled.

## Significant Patent License Litigation

*Nitor Corp. v. CoreTeck, Inc.*

WilmerHale successfully defended Nortel Networks in a California arbitration in which Nitor claimed rights to key patents relating to tunable vertical cavity surface emitting lasers and tunable filters—technology at the forefront of the optical telecommunications field. Nitor claimed a license to the technology based on work that a Nortel subsidiary had done on an unrelated contract for visual displays. A three-arbitrator panel unanimously decided that Nitor had failed to establish any rights to those key patents—or even to a broader provisional patent application—and that this technology was not part of any development efforts for Nitor.

*Anderson v. ReSound*

WilmerHale represented GN ReSound, a subsidiary of GN Great Nordic of Denmark, in a patent inventorship and licensing dispute. The case settled shortly after discovery.

*Inso Corporation v. Countkey Limited*

WilmerHale represented Inso in a proceeding brought in the District of Massachusetts relating to breach of a license agreement concerning computer database licenses used for the manufacture of electronic devices by Hong Kong-based Countkey. After Countkey's motion to dismiss was denied, the case settled.

*VISX, Inc. v. Summit Technology, Inc.*

WilmerHale represented Summit Technology, in three lawsuits commenced by VISX concerning the parties' patent licenses and the Pillar Point Partners, formed by the parties to hold their patent rights related to ultraviolet laser surgery of the cornea. The cases were settled with VISX paying Summit a significant amount of money.

WILMERHALE

*Moore v. The Regents of the University of California*

WilmerHale represented Genetics Institute in an action brought by Moore in California Superior Court. The case concerned a patent assigned to the University of California which covers a cell line and a chemical derived from the cell line. The chemical is useful in the manufacture of a synthetic protein which stimulates the production of white blood cells. The plaintiff claimed that he was entitled to a portion of the income generated by the patent because the cell line was derived from his diseased spleen, which had been removed during an operation at UCLA. The defendants were successful in obtaining a dismissal of this action, but an appellate court reversed the Superior Court's ruling. WilmerHale argued the case before the California Supreme Court, which reinstated the dismissal as to GI.

51 Cal. 3d 120, 793 P. 2d 479, 271 Cal. Rptr. 146 (1990)

## Other Intellectual Property Litigation

*Analog Devices, Inc. v. Belling and Silan*

On behalf of chipmaker Analog Devices Inc., WilmerHale prepared and supervised two of the earliest cases brought in China under the new Semiconductor Mask Works Law. The cases were brought against two Chinese companies who copied Analog's mask works for the design of chips used for electric metering. We coordinated purchases of the defendants' chips, analyzed them for infringement, and prepared materials in support of the filing of Analog's cases by local counsel in China.

*Various Yahoo! Chat Room and Email Litigations*

WilmerHale successfully represented a series of clients in lawsuits that, among other things, sought to identify individuals who had "anonymously" posted confidential company information on website "chat rooms" and/or had sent harassing (or otherwise actionable) email to fellow employees. We were ultimately able to successfully identify the poster of the offending information in each case, either through information obtained in response to third party subpoenas or through a negotiated settlement.

*Brinker International v. Infinium Software, Inc.*

WilmerHale represented Infinium, a developer of high-end business software, in a Year 2000-related dispute in the Northern District of Texas. The case was settled early in litigation in a way which repaired the parties relationship and retained the plaintiff as an Infinium customer.

*Young Chang v. Kurzweil Music*

WilmerHale represented Kurzweil Music in a breach of contract and declaratory judgment action against Young Chang, a Korean musical instrument company. The primary issue was whether Young Chang was using an algorithm in the semiconductors of its electronic keyboards that was "substantially similar" to the algorithms that had been purchased from Kurzweil Music. The case was tried for one week in the United States Bankruptcy Court for the District of Massachusetts, and then settled favorably to Kurzweil Music.

WILMERHALE

*Perkin-Elmer Corporation v. Computervision Corporation*

WilmerHale represented Computervision in portions of a patent infringement lawsuit brought by Perkin-Elmer. Perkin-Elmer sued Computervision for patent infringement of a patent covering an apparatus for fabricating semiconductor chips. WilmerHale was asked to assume the defense after a liability and damages trial and represented Computervision in an effort to have the damages reduced. We also brought suit for malpractice against the patent lawyer who had represented Computervision in the conduct of the damages trial. The malpractice claim was tried to a jury for a week before the case was settled.

June 15, 2006

# EXHIBIT 8.AT

1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                          - - -

 4   AMPEX CORPORATION,          :      CIVIL ACTION
                                 :
 5              Plaintiff,       :
                                 :
 6        v                      :
                                 :
 7   EASTMAN KODAK COMPANY,      :
     ALTEK CORPORATION, and      :
 8   CHINON INDUSTRIES, INC.,    :
                                 :
 9              Defendants.      :      NO. 04-1373 (KAJ)

10                          - - -

11                    Wilmington, Delaware
                  Tuesday, April 4, 2006 at 2:03 p.m.
12                    TELEPHONE CONFERENCE

13                          - - -

14   BEFORE:        HONORABLE KENT A. JORDAN, U.S.D.C.J.

15                          - - -

     APPEARANCES:
16

17        MORRIS NICHOLS ARSHT & TUNNELL
          BY:  JULIA HEANEY, ESQ.
18
               and
19
          ROPES & GRAY, LLP
20        BY:  NORMAN H. BEAMER, ESQ.
               (Palo Alto, California)
21
                    Counsel for Plaintiff
22

23

24
                              Brian P. Gaffigan
25                            Registered Merit Reporter
```

6

1    anything to add to the papers and to the letter that was

2    submitted yesterday?  And I would say basically not.  If you

3    have any particular points you would like us to address, we

4    can.

5            THE COURT:  I don't.

6            MR. WALDEN:  The letter yesterday was just meant

7    to clarify that to the extent that Mr. Anderson is not

8    disqualified, we intend to be able to use his testimony with

9    our other experts.  But if he is disqualified, then that

10    would not be something that we would want to do.

11            THE COURT:  So if I understand Mr. Lukoff's

12    letter and your position, it's that Mr. Anderson is out, the

13    issue raised in Mr. Blumenfeld's letter of yesterday's date

14    is not an issue because you won't be relying on any aspect

15    of Mr. Anderson's report or statements; is that right?

16            MR. WALDEN:  Yes, that is correct.  And we also

17    addressed in our reply brief, Mr. Anderson's report did

18    come at the same time as Richard Taylor's expert report the

19    Friday before I believe our reply brief on the motion to

20    disqualify was due.  And we did address his opinion in that

21    reply brief, but we noted that while fairly circumspect, the

22    opinion, it still does directly relate to his form of work

23    for Kodak and so we still therefore are pressing forward

24    with our motion.

25            THE COURT:  All right.  Thanks.

# EXHIBIT 8.AU

**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6520
Writer's Telecopy Number:
(302)888-6331
Writer's E-Mail Address:
PMLukoff@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

April 3, 2006

**VIA EFILING AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

RE:    **Ampex Corp. v. Eastman Kodak Co., et al.**
       **C.A. No. 04-1373 (KAJ)**

Dear Judge Jordan:

I write in response to Jack Blumenfeld's letter to the Court of earlier today.

Ampex argues that it is inconsistent for defendants' expert, Richard Taylor, to rely in his expert report upon admissions of Ampex's expert, Eric Anderson, while at the same time defendants seek to disqualify Mr. Anderson as an expert. Defendants do not agree. Defendants' Motion to Disqualify Eric Anderson has not yet been granted and there is, of course, no guarantee that it will be granted. As a result, as of the time Mr. Taylor submitted his expert report, Eric Anderson remained an expert witness in this case. In fact, Mr. Anderson submitted an expert report on the same day that Mr. Taylor submitted his expert report. If, however, Defendants' Motion to Disqualify Eric Anderson is granted, Mr. Taylor will no longer seek to rely upon Mr. Anderson's admissions.

Respectfully submitted,

PAUL M. LUKOFF

PML/mhl
cc:    Clerk, U.S. District Court (By Hand)
       Jack B. Blumenfeld, Esq. (By Hand & Efiling)
       Norman H. Beamer, Esq. (By E-mail)
       Jesse J. Jenner, Esq. (By E-mail)
       Michael J. Summersgill, Esq. (By E-mail)

19660.3\301075v1

## <u>CERTIFICATE OF SERVICE</u>

I, Julia Heaney, hereby certify that on October 23, 2006, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Collins J. Seitz, Jr., Esquire
> Connolly, Bove, Lodge & Hutz LLP

and that I caused copies to be served upon the following in the manner indicated:

### <u>BY HAND DELIVERY AND ELECTRONIC MAIL</u>

Collins J. Seitz, Jr., Esquire
Connolly, Bove, Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899

### <u>BY ELECTRONIC MAIL</u>

Michael J. Summersgill, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109

*/s/ Julia Heaney*
Julia Heaney (#3052)