IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1373-KAJ |
| | ) |
| EASTMAN KODAK COMPANY, ALTEK | ) |
| CORPORATION, and CHINON | ) |
| INDUSTRIES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

**I.   Introduction**

This is a patent infringement case. I have recently issued an opinion on claim construction, to which one may refer for background information on the dispute. (Docket Item ["D.I."] 472.) Presently I have before me a number of motions for summary judgment, including cross-motions for summary judgment with respect to the Defendants'[1] charge that plaintiff, Ampex Corporation ("Ampex"), engaged in inequitable conduct during the prosecution of the '121 patent. (D.I. 283; D.I. 291.) Those cross-motions are the subject of this Memorandum Order.

**II.   Standard of Review**

Federal Rule of Civil Procedure 56 provides that summary judgment shall be entered if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." The "availability of summary judgment turn[s]

---

[1]Defendant Chinon Industries, Inc. was acquired by defendant Eastman Kodak Company, through a subsidiary, and therefore no longer exists as a separate entity. (D.I. 356 at 1 n.1.)

on whether a proper jury question [has been] presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making that determination, one must draw all inferences from the evidence in the non-moving parties' favor. *Id.* at 255; *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 456 (1992).

III.  **Discussion**

The combined six briefs the parties have filed on the cross-motions serve only to support the observation that charges of inequitable conduct are particularly ill-suited to resolution by summary judgment, because they often involve questions of intent and materiality. "If the facts of materiality or intent are reasonably disputed, the issue is not amenable to summary disposition." *Baker Oil Tools, Inc. v. Geo Vann, Inc.*, 828 F.2d 1558, 1566 (Fed. Cir. 1987). The question of intent is especially problematic because, intent being a subjective state of mind, the proof "requires the fact finder to evaluate all the facts and circumstances in each case. Such an evaluation is *rarely* enabled in summary proceedings." *Paragon Podiatry Laboratory, Inc. v. KLM Laboratories, Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) (emphasis as quoted; quoting *KangaROOS U.S.A., Inc. v. Caldor, Inc.*, 778 F.2d 1571, 1577 (Fed. Cir. 1985); internal quotation marks omitted).

Ampex argues in this case that, among other things, the additional prior art Defendants point to is merely cumulative of that which was already before the examiner (D.I. 284 at 2; D.I. 372 at 1), while Defendants, of course, take the opposite position.

(D.I. 365 at 2; D.I. 418 at 7.) Ampex also contends that the Defendants are seeking to infer intent solely from the alleged materiality of the additional prior art (D.I. 372 at 25), while Defendants say that there is additional evidence showing that the applicants for the '121 patent had culpable intent (D.I. 418 at 12-13). In short, materiality and intent are both hotly contested, and I cannot, on the present record, grant summary judgment for either side.

Here, as sometimes happens, the parties have moved for summary judgment when it is plain that neither side can meet the requirements of Rule 56. Indeed, in opposing the Defendants' motion for summary judgment of inequitable conduct, Ampex listed thirty-seven questions which it characterized as "disputed issues of fact." (D.I. 372 at 27-29.) Then, inexplicably, it filed its own motion for summary judgment that there was no inequitable conduct in the prosecution of the '121 patent. (D.I. 283.) While the cross-motions are not perfectly overlapping, they overlap in so significant a degree that it is hard to fathom why Ampex would argue, rightly, that there are numerous factual issues associated with the inequitable conduct charge but then say in the next breath that it should be granted summary judgment on that defense. Since neither side can demonstrate the absence of disputed issues of material fact or entitlement to judgment as a matter of law, the cross-motions are meritless.[2]

---

[2] The parties in this case asked judicial assistance in interpreting dozens of claim terms. While that invitation was largely declined, I did provide construction of several terms as the foundation for deciding the parties' summary judgment motions and bringing this matter to trial. (*See* D.I. 472.) In addition to their seven summary judgment motions, the parties have briefed a dispute over the admissibility of expert testimony, and, of course, motions *in limine*. Suffice it to say that, for everyone's sake, the parties could usefully have foregone the filing of these cross-motions on inequitable conduct.

### IV. Conclusion

Based on the foregoing reasons and authorities, it is hereby ORDERED that Ampex's motion for summary judgment that the '121 patent is not unenforceable due to alleged inequitable conduct (D.I. 283) and the Defendants' motion for summary judgment of inequitable conduct (D.I. 291) are DENIED.

                                                           _____
                                                           UNITED STATES DISTRICT JUDGE

October 30, 2006
Wilmington, Delaware