**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Collins J. Seitz, Jr.
TEL       (302) 888-6278
FAX       (302) 255-4278
EMAIL     cseitz@cblh.com
REPLY TO  Wilmington Office

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

October 30, 2006

Wells Fargo Center
South Tower, Suite 3150
355 South Grand Avenue
Los Angeles CA 90071
TEL (213) 787 2500
FAX (213) 687 0498

**VIA ELECTRONIC FILING**

WEB www.cblh.com

Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

Re: *Ampex v. Eastman Kodak Company, et al.*,
C.A. No. 04-1373-KAJ

Dear Judge Jordan:

We represent defendants in the above-captioned matter. In view of the Court's October 26, 2006 Claim Construction Order and Memorandum Opinion, and particularly in view of the Court's construction of "data," "pixel data," "said pixel data," etc. (*see* D.I. 472, Memorandum Op. at 9-17), we wanted to direct the Court's attention to the particular portion of defendants' pending Motion for Summary Judgment of Non-infringement that is based on these claim terms and that we believe is case-dispositive.

The Court's October 26, 2006 Claim Construction Order, adopting Defendants' proposed construction, construed the "said data" limitations to require that the video pixel data (i.e. luminance, red chrominance, and blue chrominance values) stored on bulk memory be the *same* data that is initially captured and stored in the system's random access memory. (Memorandum Op. at 16) ("I construe 'the video data,' 'the video pixel data,' 'data set,' and 'image data set' to mean 'numerical information representing the same luminance, red chrominance, and blue chrominance components of each pixel in a video image"); (*Id.* at 13) ("Therefore, in order for digital data to represent the *same* image, it must represent the *same* luminance, red chrominance, and blue chrominance values for each pixel of that image." (emphasis in original). The Court's order states explicitly that none of the asserted claims will cover a system in which the pixel values change as a result of processing. (*Id.* at 16) ("[T]he claims will not cover a system that, in the course of processing the data, changes the values of the luminance and chrominance components.").

Honorable Kent A. Jordan
Page 2
October 30, 2006

      As explained in Defendants' summary judgment papers, there is no dispute that the data that is stored on the cameras' memory card is *not* the same data that was initially captured. (Defendants' Opening Brief in Support of their Motion for Summary Judgment of Non-Infringement (D.I. 304) at 26-34; Defendants' Reply Brief (D.I. 409) at 7-16.) It is undisputed that the processing that occurs in the accused cameras changes the pixel values. In fact, Ampex acknowledged in its Opposition that, because of the changes to pixel values that occur in the accused cameras, it could not demonstrate literal infringement "[i]f Defendants' proposed construction for the "said data" limitations is adopted." (D.I. 366, Ampex's Opposition to Defendants' Motion for Summary Judgment of Non-Infringement at p. 29).

      There is therefore no dispute that the cameras do not literally infringe the "said data" limitations of the asserted claims. In addition, as explained in Defendants' summary judgment papers, summary judgment is also warranted under the doctrine of equivalents based on *Festo* estoppel, the all-elements rule, and the substantial differences to data when processed in the accused cameras. (D.I. 304 at 32-34; D.I. 409 at 12-15).

      Defendants emphasize these portions of their Non-Infringement Summary Judgment briefs because of the clarity of the Court's claim construction and because application of that construction to the undisputed facts regarding the operation of the accused cameras should be fully dispositive on the issue of infringement.

      Respectfully,

      */s/ Collins J. Seitz, Jr.*
      Collins J. Seitz, Jr.
      (DE Bar No. 2237)

CJS,Jr./saj
cc:    Jesse J. Jenner, Esquire (by electronic mail)
       Norman H. Beamer, Esquire (by electronic mail)
       Jack B. Blumenfeld, Esquire (by electronic mail)
       Michael J. Summersgill, Esquire (by electronic mail)
(496715)