# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

October 30, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

RE:  Ampex v. Eastman Kodak, C.A. No. 04-1373-KAJ

Dear Judge Jordan:

      This is Ampex's response to defendants' October 30, 2006 letter to the Court, in connection with the Court's October 26, 2006 Claim Construction Order and Memorandum Opinion, and defendants' pending Motion For Summary Judgment of Noninfringement.

      At page 2 of its letter, Defendants quote incorrectly from page 29 of Ampex's Opposition (D.I. 366), asserting that Ampex admitted that it could not demonstrate literal infringement "[i]f Defendants' proposed construction for the 'said data' limitations is adopted." In fact, Ampex's brief states:

> "If Defendants' proposed construction for the 'said data' limitations is adopted, the Kodak digital cameras store *at least* the equivalent of 'said data' on a memory card." (Emphasis supplied)

      In using the phrase "at least," Ampex was referring to the fact that, under defendants' construction of "said data," for Claim 11, there is nevertheless literal infringement, or at least a genuine fact issue of whether there is literal infringement. (D.I. 366, p. 28). Claim 11 has different wording and arrangement than the rest of the asserted claims, because it does not require "the data" – but rather the "image" – to be stored in the "bulk storage" memory. Ampex submits that, now that the Court has construed the claims without construing "image" in any way relevant to the issue raised in these letters, the jury should be permitted to determine literal infringement of at least claim 11.

      Moreover, there are genuine issues of fact as to whether the claims are infringed under the doctrine of equivalents. The all-elements rule is inapplicable to this issue. (D.I. 366, p. 34). There is no "*Festo*" issue at all with respect to claims 11, 12, 13 and 15. (D.I. 366, p.

The Honorable Kent A. Jordan
Page 2
October 30, 2006

32). In addition, as to the claims where *Festo* arguably applies, Ampex has demonstrated that the exceptions to *Festo* apply to these circumstances. (D.I. 366, p. 33).

Respectfully,

*/s/ Jack B. Blumenfeld (#1014)*

Jack B. Blumenfeld (#1014)

JBB/bls

cc:   Peter T. Dalleo, Clerk (By Electronic Filing)
      Collins J. Seitz, Jr., Esquire (By Electronic Filing)
      Michael J. Summersgill, Esquire (By Electronic Filing)
      Norman H. Beamer, Esquire (By Email)
      J. Jesse Jenner, Esquire (By Email)

543631