IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1373-KAJ |
| | ) | |
| EASTMAN KODAK COMPANY, and ALTEK CORPORATION, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

---

Jack B. Blumenfeld, Esq., Julie Heaney, Esq., Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, P.O. Box 1347, Wilmington, Delaware 19899; Counsel for Plaintiff.
 Of Counsel: Jesse J. Jenner, Esq., Sasha G. Rao, Esq., Ropes & Gray LLP, 1251 Avenue of the Americas, New York, NY 10020.
 Norman H. Beamer, Esq., Gabrielle E. Higgins, Esq., Ropes & Gray LLP, 525 University Avenue, Palo Alto, CA 94301.
 James E. Hopenfeld, Esq., Ropes & Gray LLP, 700 12th Street, NW, Washington, DC 20005.

Collins J. Seitz, Jr., Esq., Connolly Bove Lodge & Hutz LLP, 1007 N. Orange Street, P.O. Box 2207, Wilmington, Delaware 19899; Counsel for Defendants.
 Of Counsel: William F. Lee, Esq., Donald R. Steinberg, Esq., Michael J. Summersgill, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109.
 S. Calvin Walden, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, NY 10002.

---

November 3, 2006
Wilmington, Delaware



**JORDAN, District Judge**

## I.   INTRODUCTION

This is a patent infringement case. Before me is the motion of Plaintiff Ampex Corporation ("Ampex") for partial summary judgment that U.S. Patent No. 4,821,121 (the "'121 patent") is not invalid for obviousness based on seven combinations of the systems and references that Defendants, Eastman Kodak Company and Altek Corporation (collectively, "Defendants"), allege to be prior art. (Docket Item ["D.I."] 280; the "Motion".) The background of this dispute is set forth in the claim construction opinion I issued on October 26, 2006. (D.I. 472.) For the reasons set forth herein, the Motion will be granted in part and denied in part.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of material fact, a court must review the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

475 U.S. 574, 586-87 (1986) (internal citation omitted).  The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal citation omitted).  Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### III.   DISCUSSION

Ampex argues that partial summary judgment is appropriate because, with respect to seven of the fifteen combinations that Defendants allege render the '121 patent obvious, there is insufficient evidence in the record from which a jury could find for Defendants. (D.I. 281 at 1.)  Ampex identifies the seven disputed combinations as: SDMS + papers and articles; DLS + User Guide; Paint Box + User Guide; Chromacom + DLS; Response + DLS; Paint Box + Response; and Paint Box + Chromacom. (*Id.* at 5.)  Citing the need to narrow the issues before the jury, Defendants only oppose Ampex's Motion as to four of the combinations: DLS + User Guide; Paint Box + User Guide; Chromacom + DLS; and Paint Box + Chromacom. (D.I. 360 at 9 n.4.)  Therefore, I will grant the Motion as to the other three combinations, which are: SDMS + papers and articles; Response + DLS; and Paint Box + Response.

With regard to the four combinations that remain at issue, an obviousness inquiry requires a determination of "whether the claimed invention would have been obvious as a legal matter, based on underlying factual inquiries including: (1) the scope

and content of the prior art, (2) the level of ordinary skill in the art, (3) the differences between the claimed invention and the prior art, and (4) secondary considerations of nonobviousness." *Smith Indus. Med. Sys., Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1354 (Fed. Cir. 1999) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)). In addition to the existence of each element of a claim in the prior art, there must also be "a reason, suggestion, or motivation in the prior art that would lead one of ordinary skill in the art to combine the references, and that would also suggest a reasonable likelihood of success." *Id.* at 1356. Ampex does not dispute the scope and content of the prior art, the level of ordinary skill in the art, the secondary consideration of nonobviousness, or the motivation to combine.[1] (*See* D.I. 408 at 6, 7.) Ampex contends only that Defendants have failed to sufficiently address the differences between the claimed invention and the prior art because they did not identify what specific feature each reference adds to the alleged combination. (*Id.* at 7.)

Ampex bases part of its argument on what appears to be a misunderstanding. It cites *Oxford Gene Technology Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431 (D. Del. 2004) as the basis for the proposition that "the proponent of obviousness is *required* to present an element-by-element comparison of the asserted claims to each prior art reference." (D.I. 281 at 16 (original emphasis).) However, *Oxford Gene* only addresses the admissibility of expert reports under Federal Rule of Civil Procedure 26(a)(2)(b) and

---

[1] Ampex states that "the only issue raised ... is ... [the] failure to fully address the differences between the prior art and the claims." (D.I. 408 at 7.) Yet, in later portions of the same brief, Ampex seems to argue that Defendants have not sufficiently identified a motivation to combine the references. (*Id.* at 7,10.) Since Ampex has not taken a clear position on this issue or provided any relevant legal authority, I will not address the issue.

Federal Rule of Evidence 702. 345 F. Supp. 2d at 434. Ampex points to the court's findings in *Oxford Gene* that one of the experts "did not provide a clear construction of each dispute claim element" and "did not perform an element-by-element comparison of each claim to each prior art reference." *Id.* at 436-37. But those findings must be viewed in the context of the court's ultimate decision that the expert's opinion regarding invalidity was, in large part, inadmissible because it was unreliable and thus would not be useful to the trier of fact. *Id.* at 441. Accordingly, while *Oxford Gene* may be relevant to a motion to exclude expert testimony, the Motion at issue is for summary judgment. Indeed, Ampex states that "at the appropriate time" it will move to exclude certain expert reports, but that, for the purposes of its motion for summary judgment, it should be assumed that the expert testimony in this case is admissible.[2] (D.I. 281 at 17.)

As discussed above, there are four combinations that remain at issue. Those combinations are based on four different references: the Paint Box system, the Paint Box User Guide, the DLS system, and the Chromacom system. In its reply brief, Ampex appears to admit that Defendants have explained how each of these individual references meets each of the elements of the asserted claims. (D.I. 408 at 4.) However, Ampex argues that Defendants' evidence is only sufficient to support a claim of anticipation. (*Id.*) It is Ampex's position that, to establish obviousness, Defendants

---

[2] I make no comment about the timeliness of any such motion. In addition, Ampex claims that thirteen of the fifteen combinations on which Defendants intend to rely were not disclosed in Defendants' interrogatory responses. (D.I. 281 at 16.) However, Ampex states that it will assume, for the purposes of its motion for summary judgment, that the evidence regarding those thirteen combinations is admissible. (*Id.*) Again, I offer no comment regarding the admissibility of that evidence.

must identify which features of the claimed invention are missing from each reference in the alleged combination and which of the other references add those missing features. (*Id.* at 5.) It is true that Defendants have not explained *how* to combine the references. Defendants provided expert reports that describe, in great detail, what each reference at issue discloses and how it relates to each element of the claims. (D.I. 376 at B-886-99 (discussing the Paint Box system); *id.* at B-900-10 (discussing the DLS system); *id.* at B-910-12 (discussing the Paint Box User Guide); *id.* at B-957-69 (discussing the Chromacom system).) But, for each combination of the references, Defendants make the broad assertion that "in the event that a claim construction is adopted under which certain claim elements are found to be missing from certain references, asserted claims would nevertheless be obvious (because persons of ordinary skill in the art would be motivated to combine the references)." (D.I. 360 at 12-13.)

While Ampex has correctly pointed out that Defendants do not explain exactly how to combine the references, Ampex has not provided any legal authority or persuasive reason why such an explanation is necessary to avoid summary judgment. Ampex contends that, according to *Biotec Biologische Naturverpackungen GmbH & Co. v. Biocorp, Inc.*, 249 F.3d 1341 (Fed. Cir. 2001), it is not the trier of fact's job to read the references and determine whether they could invalidate a patent. (D.I. 281 at 17.) However, once again, Ampex takes a holding out of context. In *Biotec*, the defendants' expert offered a conclusory opinion of invalidity, in which the expert merely identified two patents that she claimed served as invalidating prior art. 249 F.3d at 1353. The defendants argued that they were under no obligation to explain their theory of

5

invalidity, and that the court should have read the cited references and determined whether they could invalidate the patent at issue. *Id.* The Federal Circuit found that simply mentioning a prior art reference is not enough to survive summary judgment because "it is not the trial judge's burden to search through lengthy technologic documents for possible evidence." *Id.* at 1353-54. Thus, *Biotec* addressed the extreme situation in which the only evidence of invalidity is the conclusory opinion of an expert. That is certainly not the case here. As acknowledged by Ampex, Defendants have provided evidence that describes the features of the alleged prior art and how they relate to the elements of the claimed invention. (D.I. 408 at 4.) In fact, the Federal Circuit has held that, once an expert explains what a particular reference would teach one of skill in the art, "whether it describes every element of a claim is a question for the finder of fact." *Med. Instrumentation and Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1221 (Fed. Cir. 2003).

    I am especially inclined to deny summary judgment in this case because of the numerous issues of claim construction that were raised by the parties. The claim construction opinion I issued on October 26, 2006 (D.I. 472) will undoubtedly determine which, if any, elements are missing from the alleged prior art and thus, will also dictate how they are to be combined. It would not have been reasonable, or even particularly helpful, to require Defendants to propose various combinations of the alleged prior art based on alternative constructions of the claims. Defendants have identified the references in each combination and disclosed the features of those references that are believed to be relevant to the claimed invention. This is sufficient for Defendants' claim that the '121 patent is invalid for obviousness to survive a motion for summary

judgment. Therefore, I will deny Ampex's Motion with regard to the following combinations: DLS + User Guide; Paint Box + User Guide; Chromacom + DLS; and Paint Box + Chromacom.

## IV.    CONCLUSION

Accordingly, I will grant in part and deny in part Ampex's Motion for partial summary judgment that U.S. Patent No. 4,821,121 is not invalid for obviousness. An appropriate order will follow.