# EXHIBIT A



Aly Dkt AMP0035PCON
AV-3033N1
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of:

DANIEL BOULIER

Serial No.: unknown                    Group Art Unit:  262

Filed: unknown                         Examiner:  D. Harvey

For:  ELECTRONIC STILL STORE
      WITH HIGH SPEED SORTING
      AND METHOD OF OPERATION

PRELIMINARY AMENDMENT

The Honorable Commissioner of Patents
    and Trademarks
Washington, D.C.  20231

Sir:

    Please amend the file wrapper continuation application
identified above as follows.

In the Specification

    At page 1, line 11 after "may" and before "be", delete
"than" and substitute --then--.

    At page 2, line 25, delete "positioned reduce" and
substitute --positioned, reduced--.

    At page 5, line 1, delete "referred" and substitute
--preferred--.    At line 27, delete "fourth" and
substitute --forth--.

    At page 6, line 4, insert after "22" and before "is"
--, which in the preferred embodiment is a random access
memory.--.  At line 8, after "24" and before "." insert
--in the preferred embodiment but which can be any bulk
storage memory device in other embodiments--

-2-

At page 7, line 9, delete "resolutioncopy" and substitute --resolution copy--.  At line 16, delete "usedin" and substitute --used in--.  At line 19, delete "continous" and substitute --continuous--.

At page 8, line 7, delete "take" and substitute --taken--.  At line 6, after "array" and before "within" insert --as a mosaic which fits--.

In the Drawings

Please approve the drawing change marked on the enclosed sketch.

In the Claims:

Please cancel claim 1.

2. (Twice Amended)  An electronic still store system comprising:

an image store means for [retrievable] retrievably storing therein a plurality of image frame copies of video frames [of video images], the image frame copies comprising data representing a full spatial resolution image [frame copy] and [a] corresponding data representing a reduced spatial resolution image [frame copy] of each frame of video [images] data;

a frame store means which is operable in a first mode [to receive and store] for receiving and storing one of said full spatial resolution images [frame copies] from [the] said image store means and for repetitively [generate] generating a full spatial resolution [output] image [frame] output and operable in a second mode [to receive] for receiving from the image store means and [store] storing a plurality of said reduced spatial resolution images [image frame copies] each at selectively located different positions, the frame store means being further operable in the second mode [to] for repetitively generating [generate a reduced spatial resolution] output

-3-

image [frame having an image frame] comprising [a] <u>the</u>
<u>stored</u> plurality of said reduced spatial resolution <u>images</u>
[image frame copies selectively located at different
positions within the output image frame]; and

a size reducer <u>means</u> [coupled to receive] <u>for</u>
<u>receiving</u> from the frame store [a] <u>the stored</u> full spatial
resolution image [frame copy] and in response thereto [to
return] <u>returning</u> to the frame store <u>means</u> a <u>corresponding</u>
reduced spatial resolution image [frame copy] and wherein
the frame store is operable [to receive and store] <u>for</u>
<u>receiving and storing</u> the <u>corresponding</u> reduced spatial
resolution image [frame copy] while continuing to store
the <u>stored</u> full spatial resolution image [frame copy].

3. (Twice Amended) The electronic still store system
according to claim 2 [above], wherein the <u>corresponding</u>
reduced spatial resolution image [frame copies] each have
a spatial resolution of [one-forth] <u>one-fourth</u> the spatial
resolution of the <u>corresponding</u> full spatial resolution
image [frame copies in each dimension].



4.   (Twice Amended) The electronic still store system
according to claim 2 [above], [further comprising] <u>wherein</u>
<u>said frame store means includes a</u> central processing unit,
controlled by an operator, coupled <u>and operable in said</u>
<u>first mode</u> to select which of said [image frame copies]
<u>full spatial resolution images stored in said image store</u>
<u>means</u> are <u>to be</u> retrieved from the image store <u>means</u> and
<u>coupled and operable in said second mode to select which</u>
<u>of said reduced spatial resolution images stored in said</u>
<u>image store means are to be retrieved and stored in said</u>
<u>frame store means and to select</u> the [location] <u>different</u>
<u>positions</u> within the frame store <u>means</u> at which each of

-4-



said <u>retrieved</u> [image frame copies] <u>reduced spatial resolution images</u> is stored.

Please cancel claim 5.

4. (Twice Amended) The electronic still store system according to claim [5 above] 1, <u>wherein said frame store means</u> further [comprising] <u>comprises</u> an output digital-to-analog converter coupled to receive [said] output image <u>data</u> [frames] from the [the] frame store <u>means</u> and in response thereto to generate an analog video signal representing ~~the received~~ <sup>an</sup> output image [frames]; and

a. monitor coupled to receive the analog video signal and display the output image [frames] represented thereby.

5. (Twice Amended) The electronic still store system according to claim 4 [above], further comprising a video input <u>means for</u> generating an <u>input</u> analog video signal representing [a sequence of] <u>an</u> input video image [frames] and an analog-to-digital converter coupled between the video input <u>means</u> and the frame[s] store <u>means</u> [and] <u>for</u> converting the <u>input</u> analog video signal to a digital form [in which] <u>such that</u> digital data representing said input video image ~~frame~~ [can be] <u>is</u> received and stored by the frame store <u>means</u>.

Please cancel claims 8 through 14.

SUBI47

15. (Amended) A video still store system comprising:

a size reducer coupled to receive a full size image data set representing a full size image frame and <u>to</u> produce <u>a</u> reduced size image data set representing a corresponding reduced size image frame in response thereto;

-5-

an image store for storing a plurality of said full
size image data sets representing a plurality of full size
image frames and for storing a plurality of corresponding
reduced size image data sets representing a plurality of
reduced size image frames, each of said reduced size image
data sets corresponding to one of said full size image
data sets; and

a frame store means coupled to selectively receive
from either an external source or said image store and
store one of said full size image data sets, said frame
store [is] being operable such that when a full size image
data set is received from an external source or is
received from said image store and said image store does
not contain a corresponding reduced size image data set,
said frame store outputs a copy of said full size image
data set to said size reducer and [in response thereto]
receives a corresponding reduced size image data set which
is outputted to said image store for storage with the
corresponding full size image data set.

Please add new claims 16-28.

16.   An apparatus for storing video images as pixel
data comprising:

means for receiving and storing in a first memory
pixel data representing video images having a first
resolution, and for generating from said pixel data
representing said video image at said first resolution
pixel data representing a corresponding image having a
second, lower resolution and for storing said second
resolution image data with said first resolution image
data in a second memory; and

means for selectively accessing either said data for
the image at its first resolution or only the

-6-

corresponding image data at said second resolution for any image stored in said bulk storage memory for further processing.

17.   The apparatus of claim 16 wherein said means for selectively accessing allows access to a plurality of images at said second resolution and storage of them in selected blocks of memory in said first memory so that they may be further processed as a mosaic of reduced size images.

18.   An apparatus for storing video pixel data representing video images of a first resolution and, for each image at a first resolution a corresponding video image at a second resolution comprising:



random access memory means for storing video pixel data representing a full size image at said first resolution and a corresponding reduced size version thereof at a second resolution;

means for storing one at a time in said random access memory means a plurality of said full size images;

memory means for receiving video pixel data from said random access memory means and for storing said full size images and the corresponding reduced size images received from said random access memory means and for outputting, upon a user's command, a selected full size image or only the corresponding reduced size image for the selected full size image for storage in said random access memory means;

means for generating said corresponding reduced size image from any said full size image in said random access memory means to be transferred to said memory means and for storing the video pixel data representing said reduced size image in said random access memory means prior to

-7-

storage of the contents of said random access memory means
in said memory means.

19.  An apparatus for storing video data as full size
image and reduced size image of pixel data comprising:

random access memory means for storing video pixel
data presented at an input port and having at least one
output port;

means for storing video pixel data representing a full
size video image at a first resolution in a first group of
memory locations in said random access memory means;

bulk storage memory for storing video pixel data and
for presenting selected blocks of video data at said input
port for storage by said random access memory;

size reducing means coupled to said random access
memory means for accessing said image video pixel data
stored in said random access memory representing said full
size image at said first resolution, and for reducing said
image to a reduced size counterpart image at a second,
lower resolution and for storing said reduced size image
at said second resolution in said random access memory in
a second group of storage locations therein; and

control means coupled to said random access memory
means, said bulk storage means and to said size reducing
means for causing said size reducing means to generate
said reduced size image at said second resolution and to
store same in said random access memory means in said
second group of storage locations each time the video
pixel data from said random access memory means is to be
transferred to said bulk storage means for storage, and
for causing the video pixel data from both said first and
second plurality of memory locations in said random access
memory means to be transferred to said bulk storage means
for storage after said reduced size image is generated and

-8-

stored in said second group of storage locations, and for
causing selective transfer of video pixel data from said
bulk storage means into said random access memory means
for storage such that either said first resolution image
or only the reduced size second resolution counterpart are
transferred into said random access memory means.

20. The apparatus of claim 19 wherein said control
means also is coupled for causing selective transfer of
said second resolution image directly from said size
reducing means into said bulk storage means.

21. The apparatus of claim 19 wherein said control
means also is coupled for controlling the memory locations
in said random access memory means where the video pixel
data defining said second resolution image are stored upon
transfer from said bulk storage means.

22. The apparatus of claim 21 wherein said size
reducing means produces said second resolution image with
1/16th the resolution of said first resolution image and
wherein said control means is coupled for causing transfer
of said second resolution image into said random access
memory for storage at a selected one of 16 predetermined
blocks of memory locations.

23. A system for storing and retrieving video data
representing video images which are displayed as rasters
of vertically distributed horizontal lines, each
represented video image normally occupying a raster of
selected vertical and horizontal size, the system
comprising:
        a video image size reducer having an input coupled
to receive video data representing a video image

-9-

corresponding to a selected raster size and generate
therefrom at an output video data representing a
reproduction of said video image corresponding to a
selected fractional-size of said selected raster size;

a first store having an input for receiving video data
for storage and an output for providing video data
retrieved from storage, said first store having a capacity
for storing video data representing a video image
corresponding to of the selected raster size together with
video data representing a reproduction of a video image
corresponding to the selected fractional-size of said
selected raster size;

a second store having an input for receiving video
data for storage and an output for providing video data
retrieved from storage, said second store having a
capacity for storing video data representing a plurality
of video images each corresponding to a video frame of the
selected raster size and video data representing the
reproduction of each video image of selected fractional
size of said selected raster size; and

means for selectively transferring from said first
store to said second store either said video data
representing a video image corresponding to the selected
raster size or said video data representing a reproduction
of a video image which is the selected fractional size of
said selected raster size.

24. A method of storing video pixel data comprising:

receiving data for a full size image at a first
resolution and generating therefrom data representing a
reduced size reproduction image at a second, lower
resolution;

storing both the full size and the reduced size image
in a bulk storage medium; and

-10-

selectively accessing either the full size or said reduced size image from said bulk storage medium.

25.    The method of claim 24 further comprising the steps of storing a plurality of full size images and their reduced size reproduction images and accessing a plurality of selected reduced size images and storing them in selected blocks of storage locations in a random access memory.

SUB IS

26.    The method of claim 24 wherein each full size image occupies upon display a raster of selected vertical and horizontal size, and further comprising the steps of storing a plurality of full size images and their reduced size reproduction images and accessing a plurality of selected reduced size images and storing them in a random access memory and outputting the group of stored reduced size reproduction images as a mosaic of reproduction images occupying a raster of the selected vertical and horizontal size.

27.    A method of storing video pixel data comprising:
    receiving and storing in random access memory video pixel data comprising a full size image;
    generating therefrom video pixel data representing a reproduction thereof in the form of a reduced size image at a lower resolution from the full size image data and storing the pixel data representing the reduced size image so generated in additional storage locations in said random access memory along with the full size image;
    storing both the full size and the reduced size image in bulk storage memory;
    selectively transferring either the full size image or the reduced size image from said bulk storage memory means

-11-

into said random access memory means for further processing.

28. A video still store system comprising:

an image store for storing full size image data sets representing a plurality of full size images and for storing a plurality of reduced size image data sets representing a plurality of reduced size images, each of said reduced size image data sets corresponding to one of the full size image data sets;

an external source input for receiving from an external source full size image data sets;

a memory for simultaneous storage of one of said full size image data sets and the corresponding one of said reduced size image data sets;

a size reducer means for receiving from said memory the stored one of said full size image data sets, and for producing and returning to said memory the corresponding reduced size image data set;

said memory being coupled and operative to selectively receive from either the external source input or the image store and to store said one of said full size image data sets, and to output as an output image the stored one of said full size image data sets, and to communicate to the size reducer the stored one of said full size image data sets, and to receive from the size reducer and to store the corresponding reduced size image data set, and to provide to the image store both the stored one of said full size image data sets and the corresponding reduced size image data set, and to receive from the image store and to store at different selected locations selected ones of said plurality of reduced size image data sets, and to output as said output image the stored selected ones such that the selected ones are disposed at different locations

-12-

within the output image or to receive and store from said
image store only a full sized image data set; and

    means to retrieve data from said memory and display it
on a raster scanned video display.

## REMARKS

    The undersigned thanks the Examiner for the courtesy
of the telephone interview conducted during the
prosecution of the parent to the above identified case.
In response to the discussions therein of new claims
written by the undersigned, said new claims are submitted
herewith for examination based on the substance of the
interview.  Further, some of the now pending claims have
been retained and amended to eliminate the problems under
35 U.S.C. Section 112 noted in the outstanding office
action.  New claim 28 is the Examiner's suggested rewrite
of claim 9 with some minor changes in terminology and one
additional element.

    New claims 16 through 28 are in accord with the
novelty identified by the Examiner in the first Office
Action in the parent of the above identified U.S. patent
application.  Based upon the content of the Hugh Boyd,
Quantel reference, which teaches accessing from disk the
entire full size picture before size reduction can occur,
these new claims are believed to be allowable.  This is so
because they teach storing a reduced image with the full
size image each time a full sized image is to be stored
from the frame buffer to the disk.  This allows the user
the option of retrieving the entire full size image or
only the reduced size counterpart from disk.  Mosaics of
reduced size counterpart images may be made by accessing
several reduced size images and moving them around in the
frame buffer.  The access time for each reduced size image

-13-

is only a fraction of the access time for the entire full
size image.  This system obviously has a major advantage
over the Boyd, Quantel system in that access time for a
frame comprised of one or more reduced images will be
substantially shorter than the Boyd, Quantel system can
provide.  This is because the Boyd, Quantel reference does
not store a reduced image automatically with the full size
counterpart each time a full size image in the frame
buffer is to be stored on disk.  Thus to access any
particular reduced image, the entire full size image must
be accessed and loaded into the size reducer.  Clearly
this takes more time than accessing only the data
describing the reduced size image from the disk.

                              Respectfully submitted,
                              CIOTTI & MURASHIGE


                         By  _____
                              Ronald Craig Fish
                              Registration No. 28,843

545 Middlefield Road, Suite 200
Menlo Park, California  94025
(415) 327-7250
20 November 1986
0323r



# EXHIBIT B



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/018,786 | 02/24/87 | BEAULIER | D | AU-3033M1 |

┌ RICHARD P. LANGE
  AMPEX CORP.,
  401 BROADWAY, MS 3-35
  REDWOOD CITY, CA 94063                    ┐

| EXAMINER |
|---|
| HARVEY,D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 262 | 26 |

DATE MAILED:    01/04/88

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☒ Responsive to communication filed on 2/24/87    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire    3 (three)    month(s),    days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.    35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _2-4, 6, 7 and 15-28_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims _1,5, and 8-14_ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _2-4, 6, 7 and 15-28_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____ ; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7 - 82)                    EXAMINER'S ACTION

Serial No. 018,786                    -2-

Art Unit 262

1.      Claims 2-4, 6, 7 and 15-28 are rejected under
35 U.S.C. 112, second paragraph, as being indefinite for
failing to particularly point out and distinctly claim
the subject matter which applicant regards as the inven-
tion.

 1)  In claim 2, line 9, "frame of video data"
has no antecedents and should read --of the video
frames--.

 2)  In claim 2, line 21, --an-- should be
inserted before "output".

 3)  In claim 2, line 27, --means-- should be
inserted after "store".  Similar clarification is needed
in line 31.

 4)  In claim 2, line 32, "corresponding"
should be changed to --returned--.

 5)  In claim 5, line 2, "corresponding"
should be deleted.

 6)  In claim 3, line 3, "image" should be
--images--.

 7)  In claim 3, line 4, "one-fourth" appears
to be misdescriptive because each dimension is reduced
by $\frac{1}{4}$ thus the total resolution is reduced by 1/16 (see
column 22).

 8)  In claim 6, line 7, "the received" has no
antecedents an should be changed to --an--.

 9)  In claim 15, line 6, "said" should be
deleted.

 10)  In claim 15, line 8, "corresponding"
should be deleted.

Serial No. 081,786                         -3-
Art Unit 262

      11)  In claim 15, line 15, "one of said"
should be changed to --a--.

      12)  In claim 15, line 15, "sets" should be
change to --set--.

      13)  In claim 15, line 16, "a" should read
--the--.

      14)  In claim 15, line 23 and 24, "with the
corresponding full size image data set" is indefinite
because it is not clear if the statement refers to
actually storing the full size set or to the storing of
the reduced set with a previously stored full size set.

      15)  In claim 16, line 6, "said video image"
has no antecedent basis.

      16)  In claim 16, lines 8 and 9, "said second
resolution image data" has no antecedent basis.

      17)  In claim 16, lines 9 and 10, "said first
resolution image data" has no antecedent basis.

      18)  In claim 16, line 12, "its" should read
--said--.

      19)  In claim 16, line 13, "corresponding
image data at" should read --said data for the
corresponding image having--.

      20)  In claim 16, lines 13 and 14, "for any
image stored" is indefinite because it is not clear to
what images it refers.

      21)  In claim 16, line 14, "said bulk storage
memory" has no antecedent basis.

      22)  In claim 17, line 2, "allows access" is
indefinite because it is not clear what means is being
accessed.

Serial No. 081,786                              -4-
Art Unit 262

     23)  In claim 18, line 3, "each image" should
read --each of the images--.

     24)  In claim 18, line 3, "a" should read
--said--.

     25)  In claim 18, line 8, "a" should read
--said--.

     26)  In claim 18, lines 9 and 10 are indefi-
nite because it is not clear how the storing recited in
lines 9 and 10 relates to the storing recited in lines
5-8.  Are the full size images recited in line 10 store
as part of the pixel data recited in lines 5 and 6?
Clarification is needed.

     27)  In claim 18, line 11, "video pixel data"
is indefinite because it is not clear if it refers back
to the pixel data recited in lines 5 and 6.

     28)  In claim 18, lines 12 and 13, "said full
size images" is indefinite when referred back to the
problems cited for lines 3-11.

     29)  In claim 18, "the corresponding reduced
size images" has no antecedent basis and is indefinite.

     30)  In claim 18, line 17, "for storage" is
indefinite when referred back to the claim has any data
been stored.

     31)  In claim 25, it is not clear if the
"storing" recited in line 2 refers back to the storing
recited in claim 24.  Similar clarification is needed
for "accessing" recited in line 3.

     32)  In claim 25, line 4, does "selected
reduced size images" refer to selected ones of the

Serial No. 081,786                          -5-

Art Unit 262

reduced size reproduction images recited in line 3.
Clarification is needed.

33) In claim 26, line 1 and 2, "each full
size image" has no antecedent basis. Lines 4-5 require
clarifications as cited for claim 25.

34) In claim 26, line 7, "outputting the
group of stored reduced size images" is indefinite
because: "the group" has no antecedent; it is not clear
if "stored" refers back to the storing recited in line 4
or the storing recited in line 5.

35) Claims 27 and 28 require similar clarifica-
tions as exemplified above.

36) Throughout the claims the use of the term
"operable" is indefinite because it is not clear if the
term is used to recite how the means actually operates
or how the means is capable of operating. The examiner
notes that any video processing circuit comprising a
computer and sufficient memory is considered to be
capable of the recited operation if appropriately
programmed. Clarification is needed.

2.      The applicant is asked to review the claims
and to correct any section 112 problems similar to.

3.      The following is a quotation of the appropriate
paragraphs of 35 U.S.C. 102 that form the basis for the
rejections under this section made in this Office
action:

A person shall be entitled to a patent unless-

(b) the invention was patented or described in
a printed publication in this or a foreign
country or in public use or on sale in this
country, more than one year prior to the date
of application for patent in the United
States.

Serial No. 081,786                          -6-

Art Unit 262

4.      Claims 16, 17, and 23-26 are rejected under 35
U.S.C. 102(b) as being anticipated by Taylor et al.
'776.

        1)  With respect to claims 16, 17, and 24-26:

        Taylor et al. '776 disclose a still picture
storage system as is shown if Figure 19, The system
comprises a first memory 14/24 which receives picture
data representing full size images.  The system includes
a size changing means 23 for receiving the full size
images and for producing reduced size copies.  The
system further comprises a disc store 18/20 for storing
both the full size and the reduced size image frame
copies (column 3, lines 22-35).  Taylor et al. further
disclose that a multiple display of pictures is made by
writing more that one compressed picture from the disc
into the frame store (column 12, lines 38-43).

        2)  With respect to claim 23:

        Taylor et al. further disclose interfacing a
VTR to the disc store to provided additional storage
(see Figure 18).  The VTR and the disc store are both
capable of storing a plurality of the full and reduced
size images.

5.      The examiner notes that the art has been
applied to the extent of the examiner's understanding of
the claimed system in view of the section 112 problems.

6.      Claims 2, 15, 18, 19, 27 and 28 would be
allowable if rewritten or amended to overcome the rejec-
tion under 35 U.S.C. 112.

Serial No. 081,786                          -7-

Art Unit 262


7.        Claims 3, 4, 6, 7 and 20-22 would be allowable

if rewritten to overcome the rejection under 35 U.S.C.

112 and to include all of the limitations of the base

claim and any intervening claims.

8.        Any inquiry concerning this communication or
earlier communications from the examiner should be
directed to David E. Harvey whose telephone number is
(703) 557-7948.

    Any inquiry of a general nature or relating to the
status of this application should be directed to the
Group receptionist whose telephone number is (703)
557-3321.


James J. Groody
Supervisory Patent Examiner
Art Unit 262


D. HARVEY:flj DH

703-557-7948

12-21-87

EXHIBIT C

# Manual of Patent Examining Procedure

*Eighth Edition*

Incorporating Revision No. 5

Volume 2

40553084

© 2006 Thomson/West

0-314-95877-0

Copyright is not claimed as to any part of the original work prepared by a United States Government officer or employee as part of the person's official duties.

For authorization to photocopy, please contact the Copyright Clearance Center at 222 Rosewood Drive, Danvers, MA 01923, USA (978) 750-8400; fax (978) 646-8600 or West's Copyright Services at 610 Opperman Drive, Eagan, MN 55123, fax (651)687-7551. Please outline the specific material involved, the number of copies you wish to distribute and the purpose or format of the use.

Thomson/West have created this publication to provide you with accurate and authoritative information concerning the subject matter covered. However, this publication was not necessarily prepared by persons licensed to practice law in a particular jurisdiction. Thomson/West are not engaged in rendering legal or other professional advice, and this publication is not a substitute for the advice of an attorney. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

## 2173.05(e) Lack of Antecedent Basis [R-5]

A claim is indefinite when it contains words or phrases whose meaning is unclear. The lack of clarity could arise where a claim refers to "said lever" or "the lever," where the claim contains no earlier recitation or limitation of a lever and where it would be unclear as to what element the limitation was making reference. Similarly, if two different levers are recited earlier in the claim, the recitation of "said lever" in the same or subsequent claim would be unclear where it is uncertain which of the two levers was intended. A claim which refers to "said aluminum lever," but recites only "a lever" earlier in the claim, is indefinite because it is uncertain as to the lever to which reference is made. Obviously, however, the failure to provide explicit antecedent basis for terms does not always render a claim indefinite. If the scope of a claim would be reasonably ascertainable by those skilled in the art, then the claim is not indefinite. >*Energizer Holdings Inc. v. Int'l Trade Comm'n, 435 F.3d 1366, 77 USPQ2d 1625 (Fed. Cir. 2006)(holding that "anode gel" provided by implication the antecedent basis for "zinc anode");<* Ex parte Porter, 25 USPQ2d 1144, 1145 (Bd. Pat. App. & Inter. 1992) ("controlled stream of fluid" provided reasonable antecedent basis for "the controlled fluid"). Inherent components of elements recited have antecedent basis in the recitation of the components themselves. For example, the limitation "the outer surface of said sphere" would not require an antecedent recitation that the sphere has an outer surface. See *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1359, 61 USPQ2d 1216, 1218-19 (Fed. Cir 2001) (holding that recitation of "an ellipse" provided antecedent basis for "an ellipse having a major diameter" because "[t]here can be no dispute that mathematically an inherent characteristic of an ellipse is a major diameter").

## EXAMINER SHOULD SUGGEST CORRECTIONS TO ANTECEDENT PROBLEMS

Antecedent problems in the claims are typically drafting oversights that are easily corrected once they are brought to the attention of applicant. The examiner's task of making sure the claim language complies with the requirements of the statute should be carried out in a positive and constructive way, so that minor problems can be identified and easily

corrected, and so that the major effort is expended on more substantive issues. However, even though indefiniteness in claim language is of semantic origin, it is not rendered unobjectionable simply because it could have been corrected. *In re Hammack*, 427 F.2d 1384 n.5, 166 USPQ 209 n.5 (CCPA 1970).

## A CLAIM TERM WHICH HAS NO ANTECEDENT BASIS IN THE DISCLOSURE IS NOT NECESSARILY INDEFINITE

The mere fact that a term or phrase used in the claim has no antecedent basis in the specification disclosure does not mean, necessarily, that the term or phrase is indefinite. There is no requirement that the words in the claim must match those used in the specification disclosure. Applicants are given a great deal of latitude in how they choose to define their invention so long as the terms and phrases used define the invention with a reasonable degree of clarity and precision.

## A CLAIM IS NOT *PER SE* INDEFINITE IF THE BODY OF THE CLAIM RECITES ADDITIONAL ELEMENTS WHICH DO NOT APPEAR IN THE PREAMBLE

The mere fact that the body of a claim recites additional elements which do not appear in the claim's preamble does not render the claim indefinite under 35 U.S.C. 112, second paragraph. See *In re Larsen*, No. 01-1092 (Fed. Cir. May 9, 2001) (unpublished) (The preamble of the *Larsen* claim recited only a hanger and a loop but the body of the claim positively recited a linear member. The examiner rejected the claim under 35 U.S.C. 112, second paragraph, because the omission from the claim's preamble of a critical element (i.e., a linear member) renders that claim indefinite. The court reversed the examiner's rejection and stated that the totality of all the limitations of the claim and their interaction with each other must be considered to ascertain the inventor's contribution to the art. Upon review of the claim in its entirety, the court concluded that the claim at issue apprises one of ordinary skill in the art of its scope and, therefore, serves the notice function required by 35 U.S.C. 112, paragraph 2.).

EXHIBIT D



PATENT

In re application of         )  Group Art Unit:  262
                               )  Examiner:  D. Harvey
Daniel A. Beaulier        )  Attorney Docket No.:
                               )    AV-3033 N2
Serial No.:  018,786       )

Filed: February 24, 1987    )  I hereby certify that this correspondence is being
                               )  deposited with the United States Postal Service as
For: ELECTRONIC STILL STORE  )  first class mail in an envelope addressed to:
      WITH HIGH SPEED SORTING  )  Commissioner of Patents and Trademarks, Washing-
      AND METHOD OF OPERATION  )  ton, D.C. 20231. on *April 27, 1988* gsa

                               *George B. Almeida*    4/27/88
                            George B. Almeida, Reg. # 20,696   DATE
                      AMENDMENT

                                          **RECEIVED**

Hon. Commissioner of Patents and Trademarks     **MAY 11 1988**
Washington, D.C. 20231

Dear Sir:                                    **GROUP 260/**

        In response to the Office Action dated January 4,

1988, please amend the above-identified application as

follows.  Applicant includes herewith a Request for an

Extension of Time of one month, and authorization for the

payment of the requisite fee of $56.00.


IN THE SPECIFICATION:

Page  2, line 11, change "Ditigal" to --Digital--;

Page  4, line 18, before "which" insert --in--; after

                "which" insert --the sole--;

      line 19, delete "1";

      line 22, change "FIGURE 1" to --the sole FIGURE--;

Page  5, lines 4-6, change "Apparatus and Method for Chroma

                Separation, AV-2883, by" to --the U.S.

                Patent No. 4,675,876, issued September 22,

con't

-2-          AV-3033 N2

$I^1$ concl

1987 to--;;

line 7, before "which" insert --which is assigned

$I^2$

to the same assignee as this application,

and--;

line 18, change "An" to --The--; change "A/D" to

--A-D--;

line 28, change "afford" to --affords--;

Page 6, line 7, after "or" insert --from--;

line 21, after "initially" insert a comma --,--;

line 22, after "contain" insert a comma --,--;

line 23, after "resolution" delete the comma --,--;

after "image" insert a comma --,--;

Page 7, line 5, after "copy" insert a comma --,--;

line 22, delete "from";

line 25, change "to form" to --, for forming--.


IN THE CLAIMS:

1. (thrice amended)  An electronic still store

system comprising:

an image store means for retrievably storing

-3
on+

therein a plurality of image frame copies of video frames,

the image frame copies comprising data representing [a] full

spatial resolution images [image] and corresponding data

representing [a] reduced spatial resolution images [image]

of the [each frame of] video frames [data];

[a] frame store means [which is operable in a

first mode] for receiving and storing in a first mode one of

-3-                    AV-3033 N2

said full spatial resolution images from said image store
means and for repetitively generating a full spatial resolu-
tion image output, and [operable] in a second mode for
receiving from the image store means and storing a plurality
of said reduced spatial resolution images each at selectively
located different positions, the frame store means [being
further operable] in the second mode further [for] repeti-
tively generating an image output [image] comprising the
stored plurality of said reduced spatial resolution images;
and

          [a] size reducer means for receiving from the
frame store means the stored full spatial resolution image
and in response thereto returning to the frame store means a
corresponding reduced spatial resolution image [and],
wherein the frame store means receives and stores [is
operable for receiving and storing] the returned [corre-
sponding] reduced spatial resolution image while continuing
to store the stored full spatial resolution image.

       2.
       8.   (thrice amended)  The electronic still store
system according to claim 1, wherein the [corresponding]
reduced spatial resolution images [image] each have a
spatial resolution of one-fourth the spatial resolution of
the corresponding full spatial resolution image.

       3.
       4.   (thrice amended)  The electronic still store
system according to claim 2, wherein said frame store means

-4-            AV-3033 N2

includes a central processing unit, controlled by an opera-
tor[, coupled and operable] in said first mode for selecting
[to select] which of said full spatial resolution images
stored in said image store means is [are] to be retrieved
from the image store means, and [coupled and operable] in
said second mode for selecting [to select] which of said
reduced spatial resolution images stored in said image store
means are to be retrieved and stored in said frame store
means, and further for selecting [to select] the different
positions within a video [the] frame [store means] at which
each of said retrieved reduced spatial resolution images is
stored.

Claim 6, line 7, change "the received" to --an--.

Claim 7, line 9, delete "frame".

6. 15. (twice amended)  A video still store system
comprising:

external source means for supplying a full
size image data set representing a full size image frame;
a size reducer coupled to receive the [a]
full size image data set [representing a full size image
frame] for producing therefrom [and to produce] a reduced
size image data set representing a corresponding reduced
size image frame [in response thereto]:

-5-                AV-3033 N2

an image store for storing a plurality of
[said] full size image data sets representing a plurality of
full size image frames and for storing a plurality of
[corresponding] reduced size image data sets representing a
plurality of reduced size image frames, each of said reduced
size image data sets corresponding to one of said full size
image data sets; and

[a] frame store means for storing one of said
full size image data sets [coupled to selectively receive]
from either the [an] external source or said image store,
wherein if [and store one of said full size image data sets,
said frame store being operable such that when a full size
image data set is received from an external source or is
received from said image store and] said image store does
not supply [contain] a corresponding reduced size image data
set, said frame store outputs a copy of said full size image
data set to said size reducer, and receives in turn a
corresponding reduced size image data set;

wherein [which is outputted to] said image
store stores the reduced size image data set along [for
storage] with the previously stored corresponding full size
image data set.

16.  (amended) An apparatus for storing video
images as pixel data comprising:

means for receiving and storing in a first
memory pixel data representing a video image [images] having

-6-            AV-3033 N2

a first resolution, and for generating from said pixel data
representing said video image at said first resolution, 
pixel data representing a corresponding image having a
second[,] lower resolution; [and]

        means for storing in a second memory said
second lower resolution pixel [image] data together with
said first resolution pixel [image] data [in a second
memory]; and

        means for selectively accessing said first
and second memories to supply either said pixel data for the
video image at said [its] first resolution, or [only] said
pixel data for the corresponding image [data] at said second
resolution, [for any image stored in said bulk storage
memory] for further processing.


        17.  (amended)  The apparatus of claim 16 wherein
said means for selectively accessing allows access to a
plurality of sets of pixel data [images] at said second
resolution [and storage of them] in selected groups [blocks]
of memory locations in said first memory wherein the pixel
data at said second resolution simultaneously is [so that
they may be further] processed as a single composite mosaic
of reduced size images.


        18.  (amended)  An apparatus for storing video
pixel data representing video images of a first resolution
and, for each of the images [image] at said [a] first

Resolution, a corresponding video image at a second resolu-
tion comprising:

random access memory means for individually
storing video pixel data representing one of a succession of
full size images [image] at said first resolution and a
corresponding reduced size version thereof at said [a]
second resolution;

[means for storing one at a time in said
random access memory means a plurality of said full size
images;]

memory means for receiving said video pixel
data from said random access memory means and for storing
said succession of full size images and the corresponding
reduced size versions thereof, [images received from said
random access memory means] and for outputting upon a user's
command, either a selected one of the successive full size
images [image] or only the corresponding reduced size
versions thereof [image for the selected full size image]
for storage back in said random access memory means;

means for selectively generating one of said
corresponding reduced size versions [image] from the respec-
tive [any said] full size image in said random access memory
means, [to be transferred to said memory means] and for
transferring [storing] the video pixel data representing
said reduced size image to [in said random access memory
means prior to storage of] the contents of said memory means
via said random access memory means [in said memory means].

-B-                AV-3033 N2

19. (amended)  An apparatus for storing video
pixel data as at least one full size image at a first
resolution, and at least one reduced size image thereof at a
second lower resolution, [of pixel data] comprising:

random access memory means having an input
port and an output port, for storing the video pixel data
presented at the [an] input port [and having at least one
output port];

[means for storing] said video pixel data
representing the [a] full size video image at a first
resolution being stored in a first group of memory locations
in said random access memory means;

bulk storage memory for also storing the
video pixel data and for presenting selected groups [blocks]
of video data at said input port for storage by said random
access memory means;

size reducing means responsive [coupled] to
said random access memory means for receiving [accessing]
                                         ∧ directly
said [image] video pixel data stored in said random access
memory means representing said full size image at said first
resolution, and for reducing said image to the [a] reduced
size [counterpart] image at the [a] second[,] lower resolu-
tion, and for supplying [storing] said reduced size image at
                            directly back
said second resolution to [in] said random access memory
                         ∧
means in a second group of memory [storage] locations
therein; [and]

-9-                    AV-3033 N2

control means coupled to said random access
memory means, to said bulk storage memory [means] and to
said size reducing means, for causing said size reducing
means to generate said reduced size image at said second
resolution and to supply [store] same to [in] said random
access memory means in said second group of memory [storage]
locations; and

said control means further causing the
transfer of [each time] the full size and reduced size video
pixel data from said random access memory means [is to be
transferred] to said bulk storage memory [means] for stor-
age, [and for causing the video pixel data from both said
first and second plurality of memory locations in said
random access memory means to be transferred to said bulk
storage means for storage after said reduced size image is
generated and stored in said second group of storage lo-
cations,] and for causing the selective transfer [of video
pixel data] from said bulk storage memory [means] into said
random access memory means of [for storage such that] either
said full size image at said first resolution [image] or
said [only the] reduced size image at said second lower
resolution [counterpart are transferred into said random
access memory means].

20.  (amended)  The apparatus of claim 19 wherein
said control means also determines the [is coupled for
causing] selective transfer of said reduced size image at

-10-          AV-3033 N2

said second resolution [image directly] from said size
reducing means into said bulk storage memory via the random
access memory means.

21.   (amended)   The apparatus of claim 19 wherein
said control means also determines [is coupled for control-
linq] the memory locations in said random access memory
means where the video pixel data defining said reduced size
image at said second resolution [image] are stored upon
transfer from said bulk storage memory [means].

22.   (amended)   The apparatus of claim 19 [21]
wherein said size reducing means produces said reduced size
image at said second resolution [image] with one fourth
[1/16th] the spatial resolution of said full size image at
said first resolution, [image] and wherein said control
means determines the [is coupled for causing] transfer of
said reduced size image at said second resolution [image]
into said random access memory means for storage at a
selected one of 16 predetermined groups [blocks] of said
memory locations.

23.   (amended)   A system for storing [and retriev-
ing] video data representing video images which are display-
able [displayed] as rasters of vertically distributed
horizontal lines, each represented video image normally

-11-                    AV-3033 N2

occupying a raster of selected vertical and horizontal size,
the system comprising:

a video image size reducer having an input
for receiving [coupled to receive] video data representing a
video image corresponding to the [a] selected raster size
and for generating [generate therefrom at an output] video
data representing a reproduction of said video image at
[corresponding to] a selected fractional-size of said
selected raster size;

a first store [having an input] for receiving
video data for storage and [an output] for providing video
data therefrom [retrieved from storage], said first store
having a capacity for storing the video data representing a
video image corresponding to [of] the selected raster size
together with video data representing said [a] reproduction
of a video image at [corresponding to] the selected frac-
tional-size [of said selected raster size];

a second store [having an input] for receiv-
ing and storing both the video data from the first store
[for storage] and [an output] for providing video data
therefrom [retrieved from storage], said second store having
a capacity for storing video data representing a plurality
of video images each corresponding to [a video frame of] the
selected raster size, and video data representing a plurality
of the reproductions [reproduction] of each video image at
the [of] selected fractional-size of said selected raster
size; and

-12-                    AV-3033 N2

means for selectively transferring from said
second [first] store to said first [second] store either
said video data representing one of the plurality of [a]
video images [image] corresponding to the selected raster
size, or said video data representing the plurality of
reproductions [a reproduction] of each [a] video image at
[which is] the selected fractional-size of said selected
raster size.

Claims 24, 25, please cancel without prejudice.

---

26.  (amended)  The method of claim 29 [24]
wherein each one of the full size images [image] occupies
upon display a raster of selected vertical and horizontal
size, [and] further comprising: [the steps of]
        storing the [a] plurality of full size images
and the plurality of their reduced size reproduction images;
[and]
        retrieving [accessing] the [a] plurality of
reproductions of each video image [selected reduced size
images]; [and]
        storing the plurality of reproductions [them]
in a random access memory; and
        outputting the [group of] stored plurality of
reproductions [reduced size reproduction images] as a mosaic
of reproduction images occupying a raster of the selected
vertical and horizontal size.

-13-                    AV-3033 N2

22.    (amended)  A method of storing video pixel
data comprising:

receiving and storing in <u>selected storage</u>
<u>locations in a</u> random access memory<u>, full</u> video pixel data
comprising a full size image;

generating <u>from the full video pixel data,</u>
<u>reduced</u> [therefrom] video pixel data representing a repro-
duction thereof in the form of a reduced size image at a
lower resolution<u>;</u> [from the full size image data and]

storing the <u>reduced video</u> pixel data repre-
senting the reduced size image [so generated] in additional
storage locations in said random access memory along with
the full <u>video pixel data</u> [size image];

storing both the full size <u>image</u> and the
reduced size image in bulk storage memory; <u>and</u>

selectively transferring either the full size
image or the reduced size image from said bulk storage
memory [means] into said random access memory [means] for
further processing.

28.    (amended)  A video still store system com-
prising:

<u>an external source for supplying a plurality</u>
<u>of full size image data sets representative of corresponding</u>
<u>full size images;</u>

an image store for storing <u>said</u> full size
image data sets [representing a plurality of full size

images], and for storing a like plurality of reduced size
image data sets representing a plurality of reduced size
images, each of said reduced size image data sets corre-
sponding to one of the full size image data sets;

　　　　　　　　[an external source input for receiving from
an external source full size image data sets;]

　　　　　　　　a memory for simultaneous storage of one of
said full size image data sets and a [the] corresponding one
of said reduced size image data sets;

　　　　　　　　a size reducer means for receiving from said
memory the stored one of said full size image data sets, and
for producing and returning to said memory the corresponding
one of said reduced size image data sets [set];

　　　　　　　　said memory being responsive [coupled and
operative] to [selectively receive from] either the external
source [input] or the image store for storing [and to store]
said one of said full size image data sets, [and to output
as an output image the stored one of said full size image
data sets, and to communicate to the size reducer the stored
one of said full size image data sets, and to receive from
the size reducer and to store the corresponding reduced size
image data set,] and for supplying [to provide] to the image
store both the stored one of said full size image data sets
and the corresponding one of said reduced size image data
sets; [set,]

　　　　　　　　said memory being responsive to [and to
receive from] the image store [and] to store at different

-15-                AV-3033 N2

selected locations the [selected ones of said] plurality of
reduced size image data sets;[, and]

said memory further  supplying [to output] as
an [said] output image either the plurality of reduced size
image data sets arranged [stored selected ones such that the
selected one are disposed] at different locations within the
output image, or the [to receive and store from said image
store only a] full size [sized] image data set; and

means responsive to [retrieve data from] said
memory for displaying the output image as [and display it
on] a raster scanned video display.

[Please add the following new Claim 29 to replace
original Claims 24, 25.]

--29.  A method of storing video pixel data for
access and display comprising:
providing data sets for a plurality of full
size images at a first spatial resolution;
generating, from the data sets of the full
size images, second data sets representing a corresponding
plurality of reduced size reproduction images at a second
lower spatial resolution;
storing both the data sets of the plurality
of full size images and the data sets of the corresponding
plurality of reduced size reproduction images in respective
selected groups of storage locations; and

-16-                AV-3033 N2

selectively accessing either one of the data
sets of the plurality of full size images or the sets of the
corresponding plurality of the reduced size reproduction
images simultaneously.--

## REMARKS

By this amendment, Claims 24, 25 are cancelled
without prejudice and replaced by new Claim 29; Claims 2-4,
6, 7, 15-23, 26-28 are variously amended and along with
Claim 29 are submitted for consideration in view of the
remarks following.  Applicant notes with appreciation the
allowance of Claims 2, 15, 18, 19, 27, 28 if amended to
overcome the rejection under 35 USC 112, and the allowance
of Claims 3, 4, 6, 7, 20-22 if amended to overcome the 35
USC 112 rejection, and to include the limitations of the
base and intervening claims.

In his Office Action, the Examiner rejected Claims
2-4, 6, 7, 15-28 under 35 USC 112, second paragraph; and
Claims 16, 17, 23-26 under 35 USC 102(b) as anticipated by
Taylor et al, '776.

Applicant has carefully reviewed the specification
and has corrected various inconsistencies therein.  The
claims have also been carefully reviewed particularly in
light of the Examiner's rejections and helpful suggestions,
and have been amended throughout in keeping with the Examin-
er's suggestions as well as for purposes of standardizing
and/or clarifying the language thereof.

-17-          AV-3033 N2

More particularly, regarding the rejection under 35 USC 112, second paragraph, the specific suggestions in Items (paragraphs) 1-6, 8-13, 18-19 and 23-25, of the Office Action, pages 1-4, have been complied with.

In Items 15-17, 21, 29 and 30 the claims in question have been amended to positively recite antecedents for the various terms referred to by the Examiner.

In Item 7, the term "one-fourth" is correct for the term "spatial resolution". One-sixteenth refers to the storage capacity of a single full size image, that is, over a picture  raster. (See page 6, lines 15-18). Claim 22 also has been corrected.

In Item 14, lines 23, 24 (of the original claims) the storage refers to both the full size and reduced size data sets as clarified.

In Item 20, lines 13, 14, "either" image (is) stored.

In Item 22, line 2, the means being accessed is now clearly identified.

In Item 26, the passage in lines 9, 10 was deleted as redundant, and the language in lines 5-8 is amended to clarify the storage of full and reduced size image data.

In Items 27, 28, the "video pixel data" and "said succession of full size images" properly refer back to lines 5, 6 and line 6, respectively, of the original claims.

In Items 31 and 32, Claim 25 has been cancelled.

-18-                AV-3033 N2

In Item 33, Claim 26 is now made dependent on new Claim 29, and in line 1, "each one of the full size images" refers back to Claim 29, lines 3-4. In lines 4-5 of original Claim 26, the "reduced size reproduction images" are recited in new Claim 29, line 7.

In Item 34, original Claim 26, line 7, "outputting the stored plurality of..." properly refers back to Claim 29, line 11.

In Item 35, Claims 27 and 28 have been carefully amended to clarify similar problems in antecedents as corrected in the other claims.

In Item 36, Applicant has deleted the term "operable" throughout all the claims and believes the claims as amended herein now recite language which is definite.

Accordingly, Applicant respectfully requests the withdrawal of the rejection under 35 USC 112, second paragraph, of Claims 2-4, 6, 7, 15-28 (and 29).

Regarding now the rejection of Claims 16, 17, 23-26 under 35 USC 102(b) as anticipated by Taylor et al, '776, Applicant has amended Claim 16, and has re-written Claims 24, 25 as new Claim 29. It is submitted that Taylor et al fails to anticipate the features in independent Claims 16 and 29, as well as independent Claim 23.

More particularly, Taylor et al may, in fact, include two stores, or memories 14/24 and 18/20, and an image size changer 23. However there is no further similarity to Applicant's invention as described and claimed.

-19-                AV-3033 N2

The electronic arrangement and cooperating functions of the electronics are not similar, and are not the equivalent of the cooperating functions of Applicant's combination, as recited in Claims 16, 17, (new) Claim 29, and Claim 26 dependent upon Claim 29.  The size changer 23 of Taylor et al is disposed <u>between</u> his frame store 14/24 and his disc store 18/20, and therefore supplies only reduced (or expanded) images to the disc store 18/20 (contrary to the Examiner's statement that both full and reduced images are stored in the disc store).  Taylor et al thus teaches the use of a size change process each time a video image is supplied from the frame store 14/24 to the disc store 18/20 (FIGS. 5. 19), and also when the image is supplied from the disc store back to the frame store (FIGS. 18, 19).

On the other hand, Applicant's size reducer 26 is bidirectionally coupled only to his frame store 22, and is responsive to the frame store to supply a reduced size image at such time as only a full size image is stored in the frame store.  In addition, Applicant's frame store 22 then supplies both the full size image and its corresponding reduced size image back to his disc store 24 for storage together.  Subsequently, the full size images individually are returned to the frame store 22, or any number of the selected plurality of the reduced size images are returned for storage in the frame store 22, whereupon such re-stored images can be repeatedly read out.

-20-                    AV-3033 N2

Note further, that in Applicant's system, it is
the frame store 22 which is accessed to provide the image
output for display, further use, etc. More particularly,
the frame store 22 has two modes of access; first, it
receives and stores a full size image, which then is repeat-
edly read out from the frame store 22; or second, it re-
ceives and stores all (or part of) a plurality (e.g., 16) of
reduced size images, which then are all (or partially)
repeatedly read out from the frame store 22 simultaneously
as a single mosaic of whatever plurality of reduced size
images was stored in the frame store 22. That is, in the
second mode, all of the stored, reduced size images are
outputted for display simultaneously in a single video
picture, each in its assigned two-dimensional location in
the picture raster.

Taylor et al fails to provide or intend the above
discussed features.

Accordingly, Claim 16 now recites inter alia,
means for storing in a second memory (i.e., frame store 22)
the second lower resolution pixel data together with a
(full) first resolution pixel data, and means for accessing
the second memory to supply either the first resolution
pixel data (one full video image), or the second resolution
pixel data (multiple reduced video images), for further
processing. These features are not taught or suggested by
Taylor et al.

-21-           AV-3033 N2

Claim 17 is dependent upon Claim 16 and further specifies that multiple sets of second resolution pixel data are accessed from selected groups of memory locations in the second memory...to allow simultaneous read out and display of the multiple sets of data at the second resolution in a single composite mosaic.  These features also are not taught or suggested by Taylor et al.

Likewise, Claim 29 include steps of providing data sets for a plurality of full size images, generating a like plurality of reduced size images from the respective data sets of full size images, storing both the full size data sets and the reduced size data sets in respective groups of storage locations, and selectively accessing either, one of the full size data sets or (all) of the reduced size data sets simultaneously.  Claim 26 further recites steps of storing the plurality of full size images and their reduced size images, in respective groups of storage locations, and retrieving the reduced size images and storing them in a random access memory.  The Claim 26 continues with outputting the plurality of reproductions (of the reduced size images) as a full size mosaic, etc.

These features of Claims 29 and 26 are not taught or suggested in Taylor et al.

For the same reasons as above, Claim 23 recites language which is not anticipated by Taylor et al.  In Claim 23, a first store stores video data representing a full size video image as well as the reduced size video image

-22-                    AV-3033 N2

corresponding to the full size video image, a second store
receives and stores a plurality of full size video images
and a like plurality of the reproductions thereof at a
fractional-size.  Claim 23 further includes means for
transferring either one of the full size video images, or
the plurality of reproductions as a full image, from the
second store to the first store.

These features also are not taught or suggested in
Taylor et al.

Accordingly, Applicant respectfully submits that
the rejection of Claims 2-4, 6, 7, 15-28 (and 29) under 35
USC 112, second paragraph, is overcome for reasons given
above, and that amended Claims 16, 17, 23-26 are not antic-
ipated by Taylor et al but are allowable thereover as
discussed above.  Action in the form of allowance of Claims
2-4, 6, 7, 15-23, 26-29 is earnestly solicited.

-23-                    AV-3033 N2

If Examiner finds slight differences that can be resolved by a telephone interview, Applicant hereby requests leave for such interview by telephoning the undersigned collect at (415) 367-3331.

                              Respectfully submitted,

                              AMPEX CORPORATION


                    By _George B. Almeida_
                       George B. Almeida
                       Agent of Applicant
                       Registration No. 20,696

Dated: April 27, 1988

401 Broadway, M.S. 3-35
Redwood City, CA 94063-3199