IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMPEX CORPORATION, </br></br>  Plaintiff, </br></br>  v. </br></br> EASTMAN KODAK COMPANY, ALTEK CORPORATION and CHINON INDUSTRIES, INC., </br></br>  Defendants. | C.A. No. 04-1373-KAJ |

**COMPENDIUM OF UNREPORTED OPINIONS CITED IN DEFENDANTS' BRIEF IN OPPOSITION TO AMPEX'S MOTION FOR REARGUMENT AND RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' <u>MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT</u>**

CONNOLLY BOVE LODGE & HUTZ LLP
Collins J. Seitz, Jr. (#2237)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
cseitz@cblh.com

*Attorneys for Defendants Eastman Kodak Company and Altek Corporation*

*Of Counsel:*
William F. Lee
Donald R. Steinberg
Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

S. Calvin Walden
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800

Date: November 13, 2006

**UNREPORTED OPINIONS**

*eSpeed, Inc. v. Brokertec USA, L.L.C.*
No. Civ. A. 03-612-KAJ, 2005 WL 83471 (D. Del. Jan. 11, 2005)

*Davis v. Mountaire Farms, Inc.*
No. Civ. A. 04-414-KAJ, 2005 WL 1800054 (D. Del. July 29, 2005)

*Kelly v. MBNA America Bank*
No. Civ. A. 06-228-JJF, 2006 WL 2993268 (D. Del. Oct. 20, 2006)

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 83471 (D.Del.)  
(Cite as: Not Reported in F.Supp.2d)

Page 1

Briefs and Other Related Documents

eSpeed, Inc. v. Brokertec USA, L.L.C.D.Del.,2005.Only the Westlaw citation is currently available.

United States District Court,D. Delaware.  
ESPEED, INC.; Cantor Fitzgerald, L.P.; and CFPH, L.L.C., Plaintiffs,  
v.  
BROKERTEC USA, L.L.C.; Brokertec Global, L.L.C.; Garban, LLC; ICAP PLC; OM AB; and OM Technology (U.S.), Inc., Defendants.  
No. Civ.A.03-612-KAJ.

Jan. 11, 2005.

Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Plaintiffs.  
Richard L. Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE, for Defendants.  
Patricia C. Hannigan, U.S. Attorney's Office, Wilmington, DE, for Movant.

*MEMORANDUM ORDER*

JORDAN, J.

### I. Introduction

*1 Presently before me is a motion (Docket Item ["D.I."] 530) filed by eSpeed, Inc., Cantor Fitzgerald, L.P., and CFPH, L.L.C. (collectively "eSpeed") seeking reconsideration of the October 25, 2004 Memorandum Opinion and Order in which Ikd ruled that prosecution history estoppel barred eSpeed from asserting the doctrine of equivalents in this case (D.I. 527, 528 at 9-12). Also before me is a motion (D.I.531) filed by BrokerTec USA, L.L.C., Garban, L.L.C., ICAP Technology AB, and OM Technology (US), Inc. (collectively "BrokerTec") seeking reconsideration of the same Opinion and Order to the extent that I denied their motion for Summary Judgment of Non-Infringement (D.I.527, 528). I have jurisdiction over this case pursuant to 28 U.S.C. § 1331. For the reasons that follow, the motions will be denied.

### II. Background

Because the factual and procedural history of this case has been previously set forth (see D.I. 527), it will not be repeated here.

### III. Standard of Review

Motions for reconsideration should be granted only "sparingly." Karr v. Castle, 768 F.Supp. 1087, 1090 (D.Del.1991). In this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D.Del.1990) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)). "Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Id.

Further, a district court should grant a motion for reconsideration which alters, amends, or offers relief from a judgment only when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice. See Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (citation omitted).

### IV. Discussion

#### A. eSpeed's Motion for Reconsideration

eSpeed argues that I should reconsider and vacate the October 25, 2004 Memorandum Opinion and Order because I "misapprehended key facts about patent prosecution practice." (D.I. 530 at 2.) Specifically, eSpeed argues that I misunderstood that the common policy used when filing a divisional application is to submit the original claims of a parent application and then cancel those claims by preliminary amendment. (Id.) eSpeed also argues that I "misapprehended a key point of law" related to rebutting the presumption that a narrowing amendment surrendered a particular equivalent. (Id.) Taking the last argument first, it

Not Reported in F.Supp.2d                                                                                    Page 2
Not Reported in F.Supp.2d, 2005 WL 83471 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

simply asks that I reverse my interpretation of the law. Since I do not believe my legal conclusions or analysis were in error, I decline to reverse them. No further discussion of this point is necessary. *See Max's Seafood Café, 176 F.3d at 677* (holding that reconsideration is reserved for clear errors of law).

*2 With respect to eSpeed's argument about the effect of filing a preliminary amendment, eSpeed asserts that a preliminary amendment is made before any substantive action is taken by the Patent and Trademark Office. (*Id.*) eSpeed cites 37 C.F.R. § 1.53(b) to show that it is proper to submit the original claims of a parent application when filing a divisional application. (*Id.* at 4.) They then go on to say that, because a continuing application ignores the prosecution history of the parent, it is necessary to add any earlier prosecution through the use of a preliminary amendment, if one wishes to retain such prosecution in the new file. (*Id.* at 5.) These assertions, however, are simply beside the point. The question is whether the inventor narrowed his claims. In this case, I have concluded that the answer to that question is yes because the inventor filed amendments to his original claim that restricted the scope of the claim in question.

eSpeed also asserts that I am not aware of the procedure for numbering claims upon issuance of a patent. (*Id.*) Consequently, they argue I compared two "wholly unrelated claims simply because they had the same number at different times." (*Id.*) It is true that the two claims I compared for the purpose of determining if prosecution history applied coincidentally are numbered identically and that before the patent issued they were not. Nowhere in my opinion, however, is this numbering coincidence relied on as a basis for my decision. Rather, the numbers are included to aid the parties in referencing the claims. What I did rest my opinion on was the fact that claim 20, as issued, contained the limitations at issue and the original claims did not contain such limitations. Accordingly, eSpeed's motion seeking reconsideration of the October 25, 2004 Memorandum Opinion and Order is denied.

B. BrokerTec's Motion for Reconsideration

BrokerTec argues that reconsideration of the May 18, 2004 Memorandum Order should be granted because I misapprehended the workings of the BrokerTec ETN and the Garban ETC/ETN and their relationship to each other. (D.I. 531 at 1-3.) BrokerTec makes several arguments for why I should have granted Summary Judgment as to certain aspects of the case. The most direct answer to those assertions is that BrokerTec did not file a summary judgment motion fairly calling those aspects of the case into question.

As to BrokerTec's specific assertion that "there was no operative 'intertwining' whatsoever between the BrokerTec ETN and Garban ETC/GTN systems ... prior to September 15, 2003" (D.I. 531 at 7), that may be true, but it does not address the question of infringement after that date. The proposed temporal limitation was never argued. Also, the issue of limiting the summary judgment motion to a particular system was only raised in BrokerTec's reply (D.I. 510 at 11), and eSpeed was not properly put on notice of BrokerTec's. Consequently, BrokerTec's motion for reconsideration is also denied.

V. Conclusion

*3 Accordingly, IT IS HEREBY ORDERED that both eSpeed's and BrokerTec's motions for reconsideration (D.I.531, 530) are DENIED.

D.Del.,2005.
eSpeed, Inc. v. Brokertec USA, L.L.C.
Not Reported in F.Supp.2d, 2005 WL 83471 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2004 WL 3656266 (Trial Pleading) First Amended Complaint for Patent Infringement (Aug. 30, 2004) Original Image of this Document (PDF)
• 1:03cv00612 (Docket) (Jun. 30, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                              Page 1
Not Reported in F.Supp.2d, 2005 WL 1800054 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Briefs and Other Related Documents
Davis v. Mountaire Farms, Inc.D.Del.,2005.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Willie DAVIS, Jr., Nathaniel Briddell, Joseph Garrison, Larry E. Gibbs, Roy H. Walters, and All Similarly-Situated Current and Former Employees of Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc., and Mountaire Farms of Delaware, Inc., Plaintiffs,
v.
MOUNTAIRE FARMS, INC., a Delaware corporation, Mountaire Farms of Delmarva, a Delaware corporation, and Mountaire Farms of Delaware, Inc., a Delaware corporation, Defendants.
No. Civ.A.04-414-KAJ.

July 29, 2005.

Jeffrey K. Martin, P.A., Wilmington, DE, for Plaintiffs.
Matthew F. Boyer, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for Defendants.

MEMORANDUM ORDER

JORDAN, J.

*1 Willie Davis, Jr., Nathaniel Briddell, Joseph Garrison, Larry E. Gibbs, and Roy H. Walters (collectively, "Plaintiffs") have filed a Motion for Reargument (Docket Item ["D.I."] 57; the "Motion") of the Memorandum Opinion (D.I.55) and Order (D.I.56) issued in this case on June 28, 2005. The Motion is opposed by Mountaire Farms, Inc., Mountaire Farms of Delmarva, Inc., and Mountaire Farms of Delaware, Inc. (collectively, "Defendants"). (D.I.58.) For the reasons that follow, the Motion is denied.

Nothing in the Plaintiffs' filing persuades me that the already fully briefed and fully considered issues in this case should be revisited.

The standards that apply to motions for reargument and reconsideration have been stated as follows:
The District of Delaware, through published case law, has developed rules that govern motions for reargument under Local Rule 7.1.5. These governing principles are simply stated: 1) reargument should be granted only when the merits clearly warrant and should never be afforded a litigant if reargument would not result in an amendment of an order; 2) the purpose of reargument is to permit the Court to correct error without unduly sacrificing finality; 3) grant of the reargument motion can only occur in one of three circumstances: a) "where the Court has patently misunderstood a party," b) "[where the Court] has made a decision outside the adversarial issues presented to the Court by the parties," or c) "[where the Court] has made an error not of reasoning but of apprehension[;]" and 4) a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless "new factual matters not previously obtainable have been discovered since the issue was submitted to the Court[.]"

Schering Corp. v. Amgen, Inc., 25 F.Supp.2d 293, 295 (D.Del.1998) (citations omitted).

Here, the Plaintiffs have failed to meet those standards. First, they seek to introduce a new argument that Defendants wilfully failed to pay overtime prior to June or July 2002, when Plaintiffs became salaried employees. (D.I. 57 at ¶¶ 1-3.) But that argument "has not been addressed by the briefing and/or resolved by the Court" (D.I. 57 at ¶ 4) and is therefore not properly the subject of a motion for reargument. It is simply an attempt "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D.Del.1990).[FN1]

FN1. Even assuming, however, that I were to consider Plaintiffs' new argument, their Motion would still be unfounded. Plaintiffs fail to present any evidence in support of their assertion that Defendants wilfully failed to pay overtime.

Plaintiffs' second argument, that crew leaders lacked authority to effectively hire an fire employees (D.I. 57 at ¶¶ 5-16), is nothing more than a "repetition of arguments already briefed, considered and decided." [FN2] 735 F.Supp. at 1240 (citations omitted). Plaintiffs argue that I relied upon an unsupported statement by defense counsel characterizing the deposition testimony of Mr. Lynch as being that "Defendants

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2005 WL 1800054 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

human resource department is not involved in recruiting and hiring chicken catchers and does not advertise for chicken catcher positions." (D.I. 57 at ¶¶ 6-7.) Lynch's testimony as a whole, however, establishes that crew leaders (a) make the recommendation to human resources regarding whom to hire as a chicken catcher, (b) are responsible for maintaining a full crew and recruiting the catchers, and (c) have authority to recommend termination. (D.I. 45, Ex. 32 at A00838-43, A00846-49.) Human resources is generally involved only in administrative tasks such as pre-employment (medical) screening, ensuring, if necessary, validity of immigration papers, and issuing company IDs. (*Id.* at A00841-43) Even if human resources made the ultimate determination as to who gets hired based on the medical examination and paperwork (D.I. 45, Ex. 32 at A00842). reconsideration of my earlier opinion is not warranted because the outcome would not change.

> FN2. Plaintiffs also urge me to consider (which I have) the affidavits of those Plaintiffs who have not been involved in firing of any chicken catchers. (D.I. 57 at ¶ 16.) Even if not all Plaintiffs have fired catchers, involvement in firing is not the standard by which to determine whether an employee is exempt. *See* 29 C.F.R. § 541.100(a)(4).

*2 Plaintiffs further cite to deposition testimony of Mr. Walters "who stated repeatedly ... that as a crew leader, he has no input as to who gets hired." (D.I. 57 at ¶ 8.) While Mr. Walters did not concede having suggested anybody for hire, he "informed [Mr. Drummond] of the position that he had to go through in order to get a job ... go through company policy to work for Mountaire ... go through the channels, go through personnel, drug tests ...," after Drummond, who worked for Walters at the time the deposition was taken, inquired of Walters how to get a job with Defendants. (D.I. 45, Ex. 29 at 692-93.) Thus, the record supports that Mr. Walters was involved in getting Drummond hired.

Plaintiffs, with both arguments, have failed to meet the legal standard for reargument and, therefore, their motion must be denied. Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reargument (D.I.57) is DENIED.

D.Del.,2005.
Davis v. Mountaire Farms, Inc.
Not Reported in F.Supp.2d, 2005 WL 1800054 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 2385501 (Trial Motion, Memorandum and Affidavit) Defendants' Answer to Plaintiffs' Motion for Reargument (Jul. 27, 2005) Original Image of this Document (PDF)
• 1:04CV00414 (Docket) (Jun. 21, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy
Slip Copy, 2006 WL 2993268 (D.Del.)
(Cite as: Slip Copy)

Page 1

Briefs and Other Related Documents
Kelly v. MBNA America BankD.Del.,2006.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Herman KELLY, Plaintiff,
v.
MBNA AMERICA BANK, Defendant.
No. Civ.A.06-228 JJF.

Oct. 20, 2006.

Herman Kelly, Detroit, MI, pro se.

MEMORANDUM ORDER

FARNAN, J.

I. BACKGROUND

*1 Plaintiff, who appears *pro se* and was granted *in forma pauperis* status, filed suit against Defendants MBNA America Bank, ("MBNA"), the National Arbitration Forum ("NAF"), and the law firm of Wolpoff & Abramson, L.L.P. ("Wolpoff & Abramson") alleging discrimination, illegal high compound interest prime rate, harassment, breach of contract agreement, double jeopardy, interference, fraud, sanctions/injunction, false prosecution, false advertising, deceit accounting practice, conspiracy, embezzlement, misrepresentation, negligence, settlement compromise, witness tampering, and extortion. (D.I.2.) He also alleged denial of his constitutional rights to access to the courts, due process, equal protection, a jury trial, enjoyment of life, appointed counsel, and discovery. *Id.*

Because Plaintiff was granted *in forma pauperis* status, the Court conducted an initial screening pursuant to 28 U.S.C. § 1915 and on July 18, 2003, dismissed the claims against Wolpoff & Abramson for failure to state a claim upon which relief may be granted. (D.I.23.) In the same order, the Court granted a Motion to Dismiss filed by NAF on the basis of arbitral immunity. On August 31, 2006, Plaintiff filed a "Motion to Vacate Court's Judgment/Order dated July 18, 2006," which the Court construes as a Motion for Reconsideration. (D.I.31.) Plaintiff also filed a Motion to Compel Discovery from Defendants NAF and Wolpoff & Abramson. (D.I.34.) For the foregoing reasons, the Court will deny both motions.

II. STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D.Pa.1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F.Supp. at 1241 (D.Del.1990) (citations omitted); *See also* D. Del. LR 7.1.5.

III. DISCUSSION

*2 Plaintiff does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when the Order was entered dismissing the claims against NAF and Wolpoff & Abramson. He appears to argue that the Court overlooked facts and as a result reconsideration is warranted.

The Court thoroughly reviewed the Complaint and the Court's Order dated July 18, 2006. The law has not changed and there is no new evidence. Plaintiff merely does not agree with the Court's ruling. There

Slip Copy                                                                                          Page 2
Slip Copy, 2006 WL 2993268 (D.Del.)
**(Cite as: Slip Copy)**

is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied.

### IV. MOTION TO COMPEL

Plaintiff moves the Court, pursuant to Fed.R.Civ.P. 37, to compel NAF and Wolpoff & Abramson to provide discovery. (D.I.34.) It does not appear that Plaintiff utilized the Federal Rules of Civil Procedure to obtain discovery. Indeed, the motion filed by Plaintiff does not comply with the requisites of Rule 37(a) inasmuch as it does not contain a certification that Plaintiff in good faith conferred or attempted to confer with NAF or Wolpoff & Abramson to secure the discovery without court action. Therefore, the motion will be denied.

### V. CONCLUSION

THEREFORE, at Wilmington this *20* day of October, 2006, IT IS ORDERED that:

1. The Motion to Vacate Court's Judgment/Order dated July 18, 2006, construed as a Motion for Reconsideration (D.I.31) is *DENIED*.

2. The Motion to Compel discovery (D.I.34) is *DENIED*.

D.Del.,2006.
Kelly v. MBNA America Bank
Slip Copy, 2006 WL 2993268 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1814086 (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Defendant National Arbitration Forum's Motion to Dismiss Complaint (May 22, 2006) Original Image of this Document (PDF)
• 1:06cv00228 (Docket) (Apr. 6, 2006)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2006, I electronically served Compendium of Unreported Opinions Cited in Defendants' Brief in Opposition to Ampex's Motion for Reargument and Reconsideration of the Court's Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment of Non-Infringement as follows:

**By Email and Hand Delivery**

Jack B. Blumenfeld, Esquire
Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

**VIA E-MAIL**

Jesse J. Jenner, Esquire
Ropes & Gray LLP
1251 Avenue of the Americas
New York, NY 10020

**VIA E-MAIL & FEDERAL EXPRESS**

Norman H. Beamer, Esquire
Ropes & Gray LLP
525 University Avenue
Palo Alto, CA 94301

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (Bar No. 2237)
Connolly Bove Lodge & Hutz LLP
P.O. Box 2207
1007 North Orange Street
Wilmington, DE 19899