IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1373-KAJ |
| | ) | |
| EASTMAN KODAK COMPANY, and | ) | |
| ALTEK CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM ORDER**

I.     **INTRODUCTION**

This is a patent infringement case involving U.S. Patent No. 4,821,121 (the "'121 patent"). Before me is the motion of Plaintiff Ampex Corporation ("Ampex") for reargument and reconsideration (Docket Item ["D.I."] 490; the "Motion") with respect to my previous ruling granting the motion by Defendants, Eastman Kodak Company and Altek Corporation (collectively, "Defendants"), for summary judgment of non-infringement. The background of this dispute is set forth in the claim construction opinion I issued on October 26, 2006. (D.I. 472.) For the reasons that follow, I deny the Motion.

II.    **STANDARD OF REVIEW**

The standard for obtaining the relief Ampex seeks is high. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: "(1) an

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, "may be appropriate where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Id.* at 1241 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

## III. DISCUSSION

Ampex asserts that reargument and reconsideration is appropriate because it did not have a full and fair opportunity to address whether the addition of the term "said" to "video pixel data" was a narrowing amendment that triggers a presumption of prosecution history estoppel. (D.I. 490 at 1-2.) Ampex claims that it did not address that issue in detail at an earlier time because Defendants had not met their burden of showing that a narrowing amendment had been made. (*Id.* at 2.) However, Defendants submitted evidence that, in response to a rejection under 35 U.S.C. § 112,

some of the claims were amended by adding "said" or "the" to modify the term "data," and like terms, in order to clarify that the data referred to is the same data previously identified in each such claim. (D.I. 304 at 32; *see also* D.I. 306 at A-103, A-113, A-123.) As set forth in the Memorandum Opinion I issued on October 31, 2006, I determined that the amendment was narrowing because it limited the modified "data" term to the data that was identified earlier in the claim. (D.I. 479 at 7.) I considered the evidence presented by Defendants and determined that it was sufficient to establish a presumption of prosecution history estoppel. In other words, Ampex has not submitted an appropriate ground for reconsideration, because it was on notice of this issue and had an opportunity to respond. *Cf. Davis v. Union Pacific R.R. Co.*, No. Civ. A. 06-128-KAJ, 2006 WL 2347496, at *1 (D. Del. May 12, 2006) ("A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.").

Ampex evidently decided not to focus its advocacy efforts on whether the amendment at issue was narrowing. In its brief opposing Defendants' motion for summary judgment of non-infringement, Ampex asserted that claims 11, 12, 13, and 15 were not subject to the presumption of prosecution history estoppel because "said" was added to those claims for reasons not related to patentability. (D.I. 366 at 32.) Thus, for several of the asserted claims, Ampex argued that Defendants had failed to establish the presumption of estoppel. However, with respect to claims 7, 8, 10, and 14, Ampex stated that "assuming the presumption of a bar is raised 'its reach *requires* an examination of the subject matter surrendered by the narrowing amendment.'" (*Id.* at 33 (emphasis added by Ampex) (citations omitted).) Instead of contending that the amendment was not narrowing, Ampex chose to assume that the presumption was

3

raised and then argue that it was overcome on the basis that the alleged equivalents represented unforeseeable technology and the rationale underlying the amendment bore no more than a tangential relation to the equivalent in question. (*Id.*) The fact that Ampex decided to assume, for argument's sake, that the presumption was raised does not mean that Ampex did not have the opportunity to contest whether the presumption was actually established by Defendants. Therefore, Ampex cannot now use a motion for reconsideration to address the issue. *See Brambles USA*, 735 F. Supp. at 1240 (holding that reconsideration may not be used "as means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided").

Even if proper grounds for the Motion existed, Ampex has not shown that I erred in determining that the addition of "said" was a narrowing amendment. Ampex argues that the amendment was not narrowing because it simply confirmed a feature that was inherent in the original claim. (D.I. 490 at 1-2 (citing *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1359 (Fed. Cir. 2001).) To support its position, Ampex points to the unamended version of claim 7, which recites a "memory means for receiving video pixel data from said random access memory means." (*Id.* at 5-6.) According to Ampex, that language means that the data stored in the bulk memory must be the same as the data stored in the random access memory, and thus, adding "said" to "video pixel data" did not limit the scope of the claim. (*Id.* at 7-8.) Ampex also asserts that the inherent limitation is demonstrated by the fact that, prior to the amendment, claim 7 required a full and reduced size image to be stored in the random access memory "prior to storage of the contents of said random access memory in said memory means." (*Id.* at 8.)

4

The claim language cited by Ampex does not prove the argument. The original language of claim 7 only shows that the data captured in the random access memory is later stored in the memory means. It does not necessarily mean that the data cannot change while being transferred between those two memory components. In fact, the evidence before me actually confirms that no antecedent relationship was present in the original claims. During prosecution of the '121 patent, the examiner found the original version of claim 7 to be unclear as to whether the "video pixel data" identified in line 11 is the same as the pixel data referred to in lines 5 and 6. (D.I. 306 at A-103.) Thus, the examiner did not understand the term "video pixel data" by itself to refer to the data recited earlier in the claim.

More tellingly, Ampex's own claim construction arguments assumed that there was no inherent limitation on the meaning of "video pixel data." Ampex argued that "said video pixel data" should be construed so that the data stored in the memory means could be *different* from that stored in the random access memory. (D.I. 300 at 22 ("Simply put, the 'numbers' representing the data or information for the image appearing in the frame store RAM would be completely different from the numbers in the disk."); *see also* D.I. 346 at 12-13.) Now, in an effort to avoid the effects of prosecution history estoppel, Ampex takes the opposite position and contends that there was an inherent antecedent relationship in the original claims that required the same data to be stored in both the memory means and the random access memory. Ampex's new reading of the claims is noteworthy but insufficient to demonstrate that my original decision was incorrect.

Finally, Ampex argues that clarifying amendments made in response to

rejections under 35 U.S.C. § 112, ¶ 2 are only considered narrowing in special circumstances. (D.I. 490 at 10.) However, the Supreme Court has held that "if a § 112 amendment is necessary and narrows the patent's scope – even if only for the purpose of better description – estoppel may apply." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 737 (2002). Thus, contrary to Ampex's contentions, prosecution history estoppel does indeed apply to clarifying amendments and it is properly applied here. "A patentee who narrows a claim as a condition for obtaining a patent disavows his claim to the broader subject matter, whether the amendment was made to avoid the prior art or to comply with § 112." *Id.* As I have explained, the amendment adding "said" to the "data" terms narrowed the scope of the affected claims by disavowing any data that did not represent the same pixel values as the data referenced earlier in such claims. (D.I. 479 at 7.) The amendment is no less narrowing simply because it was made in response to a § 112 rejection. Therefore, Ampex has failed to establish that my previous ruling requires revisiting and revision.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Ampex's Motion for Reargument and Reconsideration is DENIED.

_____
UNITED STATES DISTRICT JUDGE

November 20, 2006
Wilmington, Delaware