IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN KODAK COMPANY, ALTEK CORPORATION and CHINON INDUSTRIES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 04-1373-*** |

**AMPEX'S OPPOSITION TO DEFENDANTS' BILL OF COSTS**

Pursuant to D. Del. LR 54.1(a)(3), plaintiff Ampex Corporation ("Ampex") hereby opposes Defendants' Bill of Costs (D.I. 501). Defendants seek an award of costs relating to depositions and demonstrative exhibits that far exceeds what is permitted under the Local Rules, and therefore their request for costs should be substantially decreased.

I. DEPOSITION COSTS

Defendants request $59,255.39 for costs they allegedly incurred in connection with certain deposition transcripts cited in their claim construction and summary judgment briefs. Local Rule 54.1(b)(3) permits a prevailing party to recover the costs of taking a deposition only "where a substantial portion of the deposition is admitted into evidence at trial or otherwise used in the ***resolution of a material issue*** in the case" (emphasis added). Although defendants argue that they relied on substantial portions of 11 individuals' depositions in obtaining summary judgment of non-infringement and defeating Ampex's motions for summary judgment (D.I. 501 at 7), they do not even attempt to show that each of the 11 depositions was used to resolve a material issue. In fact, most of the depositions for which defendants seek costs were not used to resolve a material issue, and therefore those costs must be denied.

As defendants acknowledge, the Court granted only one summary judgment motion out of the seven that the parties filed (D.I. 501 at 4). That motion was defendants' Motion for Summary Judgment of Non-Infringement (D.I. 480), and non-infringement was the only material issue that the Court ever resolved. Under Local Rule 54.1(b)(3), therefore, defendants can only recover the reasonable cost of deposition transcripts that were substantially used in resolution of non-infringement. The only depositions that meet that standard were those of George Ligler and Charles Boncelet.

Furthermore, defendants seek costs for the Ligler and Boncelet depositions that go well beyond the "reasonable cost" permitted under Local Rule 54.1(b)(3). Those costs include "rush" transcript delivery and "interactive realtime" or "livenote" transcription (D.I. 501-2, Exh. C at Tab 1 and 3). Such costs are more than the "reasonable cost" permitted by the rule. *See Schering Corp. v. Zeneca Inc.,* C.A. 95-566-RRM at 2-3 (D. Del. Feb. 4, 1998) (denying deposition costs that included daily copy) (Exh. A). Also, defendants seek costs for videotaping the depositions, even though no videotapes were submitted with defendants' Motion for Summary Judgment of Non-Infringement. Thus, the costs for the Ligler and Boncelet depositions should be reduced by the following amounts:

<u>Dr. Ligler</u>

| | | |
|---|---|---|
| 6/1/05 | $569 | rush |
| | $379 | interactive realtime |
| | $1948 | videotaping |
| 6/3/05 | $1113 | videotaping |
| 5/10/06 | $919 | rush |
| | $512 | exhibits |

| | | |
|---|---|---|
| | $665 | interactive realtime |
| | $1587 | videotaping |
| 5/11/06 | $835 | rush |
| | $280 | exhibits |
| | $604 | interactive realtime |
| Total: | $9411 | |

Dr. Boncelet

| | | |
|---|---|---|
| 4/26/06 | $572 | Livenote |
| | $53 | exhibits |
| | $1116 | videotaping |
| Total: | $1741 | |

Taking these reductions into account, defendants should not be awarded more than $8506 in costs related to the Ligler and Boncelet depositions.

II. COPYING COSTS

Defendants seek copying costs pursuant to Local Rule 54.1(b)(5) for copies of pleadings and exhibits to pleadings filed with the Court (D.I. 501 at 16). The rule, however, provides only for the cost of copies of exhibits, but not for copies of pleadings. Therefore, defendants should be limited to $694 for copying costs related to exhibits.

III. DEMONSTRATIVE COSTS

Ampex objects to all costs that defendants seek for demonstrative aids, totaling $84,828.18. Defendants attempt to claim such costs under Local Rule 54.1(b)(6), as "costs of

exemplifications, maps and charts" and under 28 U.S.C. § 1920(4)[1]. Defendants' demonstrative aids, however, are not maps or charts, nor are they "exemplifications" under Local Rule 54.1(b)(5) because they were not attached to a document required to be filed with the Court. All that defendants argue, without any Delaware authority to support their request, is that they should be permitted to recover the costs because they used the demonstrative aids at the January 2006 tutorial and the July 2006 Markman and summary judgment hearing. That is not the standard, and defendants' request should be denied.

CONCLUSION

For the foregoing reasons, Ampex respectfully requests that the Court modify Defendants' Bill of Costs and award no more than the following amounts in costs:

| | |
|---|---|
| Depositions | $8506 |
| Copies | $694 |
| Total | $9200 |

---

1 28 U.S.C. § 1920(4) is merely permissive in its authority. Local Rule 54 reduces the scope of its grant and governs defendants' request here.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
*Counsel for Plaintiff Ampex Corporation*

OF COUNSEL:

Jesse J. Jenner
Sasha G. Rao
ROPES & GRAY LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 596-9000

Norman H. Beamer
Gabrielle E. Higgins
ROPES & GRAY LLP
525 University Avenue
Palo Alto, CA 94301
(650) 617-4000

James E. Hopenfeld
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005

March 7, 2008
1745873

**CERTIFICATE OF SERVICE**

I, Julia Heaney, hereby certify that on March 7, 2008, I caused to be electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Collins J. Seitz, Jr., Esquire
Connolly, Bove, Lodge & Hutz LLP

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND**

Collins J. Seitz Jr.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

**BY EMAIL**

S. Calvin Walden
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022

Michael J. Summersgill
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

*/s/ Julia Heaney (#3052)*

Julia Heaney (#3052)