# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
for the
DISTRICT OF DELAWARE

SCHERING CORPORATION )
)
                Plaintiff, )
and )
)
ROUSSEL-UCLAF SA, )
)
 Joined as Involuntary Plaintiff )
)
)
           . v. )
) C.A.  95-566-RRM
)
ZENECA INC. and )
ZENECA HOLDINGS, INC. )
)
           Defendants. )

## CLERK'S TAXATION OF COSTS

      Defendants Zeneca, Inc. and Zeneca Holdings, Inc. (collectively, "Zeneca") filed their bill of costs (DI 227) February 28,1997. Zeneca seeks costs in the total amount of $ 89,817.53. Plaintiff, Schering Corporation ("Schering") filed its objections to the bill of costs on March 14,1997 (DI 228). Both filings were timely. Roussel-UCLAF SA, involuntary plaintiff, has stated no position nor submitted any filings regarding the bill of costs.

      The Honorable Roderick R. McKelvie granted Zeneca's motion for summary judgment by order dated February 29,1996 (DI 212). The Court's order also directed that the Clerk shall enter judgment in favor of Zeneca on all claims asserted by Schering in its complaint. As reflected in the judgment filed January 13,1997 (DI 224), the Federal Circuit Court of Appeals affirmed Judge McKelvie's decision. The matter is now before the Clerk for determination of costs.

      Having reviewed the bill of costs and objections thereto, it is

      O R D E R E D, that

1

I. Zeneca's request that the <u>Costs of Depositions</u> be taxed in the total amount of $ 31,976.44 is hereby <u>**DENIED**</u>.

    A. Local Rule 54.1 (b)(3) provides in part:

"The reporter's reasonable charge for the original of a deposition and the reasonable cost of taking and presenting a videotaped deposition at trial are taxable only where a substantial portion of the deposition is admitted into evidence at trial or otherwise used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition... witness fees for a deposition are taxable at the same rate for attendance at trial where the cost of the deposition is taxable."

    B. Local Rule 54.1 (a)(2) provides:
"Such bill of costs shall distinctly set forth each item of cost so that the nature of the charge can be readily understood and otherwise shall comply with the provisions of 28 U.S.C. § 1924."

    C. Zeneca requests costs for thirteen depositions in the amount of $ 18,440.34 on the licensing issue. Regarding other issues, Zeneca seeks $ 13,536.10 for ten depositions. Zeneca claims the costs are for depositions "either admitted into evidence" or "otherwise used in the resolution" of issues in this case. As part of the costs it seeks, Zeneca requests costs for expedited transcripts.

    D. Zeneca's claims for costs are submitted in the form of two lists (DI 227, pp. 2,3) and accompanying exhibits (DI 227, Ex. 1-16). The exhibits appear to be invoices and/or related documents.

    E. Schering objects (DI 228, pp.6-8) to the costs on various grounds. Schering argues, in part, that Zeneca fails to comply with L.R. 54.1(b)(3). Schering also argues that even if the depositions were taxable, they would not be taxable at the rate requested by Zeneca.

    F. Zeneca's exhibits reflect costs for more than the "reasonable charge for the original of a

deposition...". For example, the majority of the exhibits reflect costs for the original, one copy and/or daily copy (i.e., Ex. 1, 2, 3,...). These requests do not comply with L.R. 54.1 (b)(3).

G. Certain exhibits (i.e., Ex. 4,5) submitted in support of Zeneca's claims also fail to " distinctly set forth each item of cost so that the nature of the charge can be readily understood...", as set forth in L.R. 54.1 (a)(2).

H. Zeneca argues that certain depositions were admitted into evidence. However, Zeneca fails to indicate which depositions were admitted into evidence. Also, L.R. 54.1 (b)(3) states deposition costs are taxable "only where a substantial portion of the deposition is admitted at trial...". Zeneca submits no proof that a "substantial" portion of the deposition(s) were admitted. Additionally, the record reflects that there was no "trial" in this matter.

I. Zeneca does not indicate which, if any, depositions were used in the resolution of issues. Furthermore, Zeneca offers no proof that any deposition(s) were used in the resolution of "material" issues. L.R. 54.1(b)(3) states that the deposition must be used in the resolution of a "material" issue.

J. For the reasons noted above, and in accordance with L.R. 54.1(b)(3) and L.R. 54.1 (a)(2), Zeneca's requests for deposition costs are **DENIED**.

II. Zeneca's requests for <u>interpreter fees</u> in the amount of $1,882.18 is **DENIED**.

A. Zeneca requests interpreter fees and travel expenses regarding three depositions (DI 227, p.4).

B. Schering argues that none of the depositions in question were necessary to the case. Therefore, the interpreter fees should not be collected.

C. L.R. 54.1(b)(3) states in part: " A reasonable fee for a necessary interpreter at the taking of such deposition is also taxable." It appears that the "taking of such deposition " allows for taxing of interpreter fees only when deposition costs are taxable. As noted

3

above, the taxing of deposition costs is denied. Therefore, the taxing of interpreter fees is also **DENIED**.

III. Zeneca requests that costs for certain <u>Hearing Witnesses</u> be taxed in the total amount of $ 29,598.29. It requests costs of $ 14,228.37 for the licensing hearing and $ 15,369.92 for the preliminary injunction hearing. The requests are <u>GRANTED,</u> in part, and reduced as set forth below.

    A. Local Rule 54.1 (b)(4) provides:

        The rates for witness fees, mileage and subsistence are fixed by statute (see 28 U.S.C. § 1821). Such fees are taxable even though the witness does not take the stand, provided the witness necessarily attends the Court. Such fees are taxable even though the witness attends voluntarily upon request and is not under subpoena. Witness fees and subsistence are taxable only for the reasonable period during which the witness is within the district.

        Subsistence to the witness under 28 U.S.C. § 1821 is allowable if the distance from the Court to the residence of the witness is such that mileage fees would be greater than subsistence fees, if the witness were to return to his/her residence from day to day.

        No party shall receive witness fees for testifying in its own behalf, but this shall not apply where a party is subpoenaed to attend court by the opposing party. Witness fees for officers of a corporation are taxable if the officers are not defendants and recovery is not sought against the officers individually. Unless otherwise provided by statute, fees of expert witnesses are not taxable in an amount greater than that statutorily allowable for ordinary witnesses. The reasonable fee of a competent interpreter is taxable if the fee of the witness involved is taxable.

    B. Local Rule 54.1 (a)(2) provides:
        "Such bill of costs shall distinctly set forth each item of cost so that the nature of the charge can be readily understood and otherwise shall comply with the provisions of 28 U.S.C. § 1924."

    C. Schering opposes Zeneca's requests.

    D. Witness fees are taxed as follows:

4

1.  <u>Joseph K. Andonian</u> ----

    a)  Witness Fees..................$ 40.00
        Zeneca requests that witness fees be allowed in the amount of $ 40.00 (1 day x $40 ea.). This request is granted as there is no dispute that Mr. Andonian did attend the Court.

    b)  Travel ........................$ 50.00
        Schering objects, at least in part, to this request.

        It appears that Mr. Andonian travelled to Wilmington, DE from Michigan. Zeneca requests it be reimbursed for travel costs in the amount of $ 725.00. The request is hereby reduced to $50.00. The above consists of one (1) round trip of 100 miles each way (200 x $.25 = $50.00). The current status of the law appears to indicate that the taxation of witness travel costs should be limited to 100 miles absent special circumstances which include, but are not limited to, the relevance and necessity of the witnesses' testimony and the existence of court approval before the incurrence of travel expenses. See <u>Goodwin Brothers Leasing, Inc. v. Citizens Bank</u>, 587 F.2d 730 (5th Cir. 1979) at 734. The allowance of expenses for travelling a distance in excess of one hundred miles is to be determined by trial courts using their usual sound discretion. See <u>West Wind Africa Line v. Corpus Christi Marine S.</u>, 834 F.2d 1232 (5th Cir. 1988) at 1237. The clerk should adhere to the 100-mile rule in making mileage allowance for witnesses, leaving it to the trial judge to increase the allowance in his discretion. See Advance Business Systems & Supply Co. v. SCM Corp., 287 F.Supp. 143 (1968). The witness' travel fees are taxable pursuant to 28 U.S.C. §1821(c)(2) and Local Rule 54.1(b)(4).2.
        **Also,** see the order issued by the Honorable Joseph J. Longobardi, June 11, 1997 in C.A. 91-620 (District of Delaware) at D.I. 173.
        Additionally, Zeneca's request fails to comply with L.R. 54.1(a)(2). The nature of the charges is unclear. However, it appears that Mr. Andonian resides in Michigan and travelled over 100 miles to the courthouse. As such, costs are taxed as reflected above.

5

  c) Subsistence .................... $ 112.00
   Zeneca correctly notes that the applicable, daily, subsistence allowance is $ 112.00. As the witness was in attendance for one day, he is entitled to the subsistence. The request is **GRANTED**.

2. <u>Andrew Z. Gorecki</u> ----

  a) Witness Fees........................$ 00.00
   Zeneca requests no witness fees.

  b) Travel .............................$50.00
   See D.1 b) above.

  c) Subsistence ...................... $ 112.00
   See D.1 c) above.

3. <u>Dr. Robert D. Nolan</u> ----

  a) Witness Fees........................$ 00.00
   Zeneca requests no witness fees.

  b) Travel .............................$50.00
   See D.1 b) above.
   Schering opposes this request, arguing that Zeneca failed to establish that the witness was in attendance at the hearing. Mileage and subsistence are "taxable even though the witness does not take the stand, provided the witness necessarily attends the Court." [See L.R. 54.1(b)(4)]. Zeneca states that the witness was present but did not testify due to time constraints. It appears that the witness was present and prepared to testify. As such, the witness is deemed to have "necessarily" attended the hearing.

  c) Subsistence ........................ $ 112.00
   See D.1 c) above.

6

4. <u>Joseph Orsini</u> ----

   a) Witness Fees..........................$ 00.00
      Zeneca requests no witness fees.

   b) Travel................................$ 00.00
      Zeneca's request for $ 5655.01 is DENIED.

   c) Subsistence ..........................$ 00.00
      Zeneca's request for $ 112.00 is DENIED.

   d) Mr. Orsini was Roussel's witness. Zeneca reimbursed Roussel for Mr. Orsini's expenses regarding testimony at both hearings.

   e) Schering opposes the request.

   f) L.R. 54.1(b)(4) provides the Clerk with no authority for awarding these costs.

   g) Zeneca has provided no basis for the awarding of the costs in accordance with L.R. 54.1(b)(10).

5. <u>Dr. K. Jack Geller</u> ----

   a) Witness Fees..........................$ 120.00
      See D.1 a) above.

   b) Travel................................$50.00
      See D.1 b) above.

   c) Subsistence ..........................$ 336.00
      See D.1 c) above.

6. <u>Dr. Mark S. Soloway</u> ----

   a) Witness Fees..........................$ 80.00
      See D.1 a) above.

   b) Travel................................$50.00
      See D.1 b) above.

   c) Subsistence ..........................$ 224.00
      See D.1 c) above.

7. <u>Dr. Barrington J.A. Furr</u> ----

   a) Witness Fees..........................$ 00.00
      Zeneca requests no witness fees.

   b) Travel................................$50.00
      See D.1 b) above.

   c) Subsistence .........................$ 336.00
      See D.1 c) above.


8. <u>Dr. Guy Bernstein</u> ----

   a) Witness Fees.........................$ 120.00
      See D.1 a) above.

   b) Travel ..............................$ 00.00
      Zeneca requests no travel fees.

   c) Subsistence .........................$ 00.00
      Zeneca requests no subsistence fees.


9. <u>Dr. Michael Dukes</u> ----

   a) Witness Fees.........................$ 00.00
      Zeneca seeks no witness fees.

   b) Travel ..............................$50.00
      See D.1 b) above.

   c) Subsistence .........................$ 336.00
      See D.1 c) above.


10. <u>Dr. Andre Ulmann</u> ----

    a) Witness Fees........................$ 00.00
       Zeneca requests no witness fees.

    b) Travel .............................$ 00.00
       Zeneca's request for $ 4827.54 is DENIED.

    c) Subsistence ........................$ 00.00
       Zeneca's request for $ 112.00 is DENIED.

      d) Dr. Ulmann was Roussel's witness. Zeneca reimbursed Roussel for Dr. Ulmann's expenses regarding testimony at both hearings.

      e) Schering opposes the request.

      f) L.R. 54.1(b)(4) provides the Clerk with no authority for awarding these costs.

      g) Zeneca has provided no basis for the awarding of the costs in accordance with L.R. 54.1(b)(10).

**IV.** Zeneca requests costs for the transcript of the licensing hearing. The amount requested is $1864.65. For the reasons set forth below, the request is **DENIED**.

    A. Schering objects to the request.

    B. Local Rule 54.1(b)(2) provides:
(2) Fees Incident to Transcripts -- Trial Transcripts. The cost of the originals of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial furnished the Court is taxable, when either requested by the Court, or prepared pursuant to stipulation. Mere acceptance by the Court does not constitute a request. Copies of transcripts for counsel's own use are not taxable.

    C. Zeneca fails to provide proof that the transcripts were "either requested by the Court, or prepared pursuant to stipulation." Zeneca states (DI 227, p.7) that the transcripts were for their use to complete "post-hearing briefs". L.R. 54.1(b)(2) precludes taxing costs when "transcripts are for counsel's own use".

    D. Zeneca's request is **DENIED.**

**V.** Zeneca requests that <u>Costs for Charts</u> be taxed in the total amount of $25,055.77. The amounts sought are $5,487.53 for the licensing hearing and $19,568.24 for the preliminary injunction hearing. Both requests are **DENIED**.

9

A. Schering objects to the requests on various grounds.

B. Zeneca requests costs "of charts prepared for use at" the hearings (DI 227, p. 7). Zeneca offers no proof that the charts were admitted into evidence, as required by L.R. 54.1(b)(6). Nor does Zeneca's request "distinctly set forth" [L.R. 54.1(a)(2)] the size and type of charts. As such, Zeneca has failed to meet the requirements set forth in L.R. 54.1(b)(6).

C. For the reasons noted above, Zeneca's requests are DENIED.

The total amount of costs hereby taxed in favor of defendants, ZENECA, INC. and ZENECA HOLDINGS, INC., and against the plaintiff, SCHERING CORPORATION, together with interest thereon at the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), is as follows:

1. Deposition Costs ..................... DENIED
2. Interpreter Fees..................... DENIED
3. Hearing Witness Fees................. $ 2,278.00
4. Transcript Costs..................... DENIED
5. Charts and Photographs............... DENIED

                                    TOTAL     $ 2,278.00

10

Dated:    February 4 ,1998

                                        Peter T. Dalleo, Clerk
                                    U.S. District Court for the
                                        District of Delaware

                                        */s/ Brian K. Blackwell*
                                        By Brian K. Blackwell
                                            Deputy Clerk

cc:    The Honorable Roderick R. McKelvie
       Jack B. Blumenfeld, Esq.
       Steven J. Balick, Esq.
       Gerard M. O'Rourke, Esq.
       Peter T. Dalleo, Clerk

**FILED**

FEB 4 1998

CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE