IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMPEX CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. 04-1373-KAJ |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| ALTEK CORPORATION and CHINON | ) | |
| INDUSTRIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## CLERK'S TAXATION OF COSTS

Eastman Kodak Company and Altek Corporation ("defendants") filed a motion for summary judgment of non-infringement on May 23,2006 (DI 302). The Honorable Kent A. Jordan granted defendants' motion on October 31, 2006 (DI 479, 480). Plaintiff, Ampex Corporation ("Ampex") appealed Judge Jordan's decision on December 1,2006(DI 498). The Federal Circuit Court of Appeals affirmed Judge Jordan's decision. The appellate judgment was filed with the district court on March 3,2008 (DI 502).

A bill of costs was filed by defendants on February 19,2008 (DI 501). Ampex filed objections to the bill of costs on March 7,2008 (DI 503). There is no dispute that defendants prevailed in this matter. [Defendant Chinon Industries, Inc. is not a party to, nor takes any position regarding, the pending bill of costs.] The Clerk of Court may tax costs, in favor of the prevailing party, pursuant to District Court Local Rule (LR) 54.1 *(as amended effective June 30,2007)*. The Clerk finds that timeliness of the filings is not an issue.

Defendants request the Clerk tax costs for; depositions ($59,255.39); copying ($914.90); and demonstratives ($84,828.18). Defendants request a total of $ 144,998.47. The Clerk has considered the bill of costs and objections thereto, and therefore,

**IT IS ORDERED, that**

**I.**     Defendants' request for costs associated with **deposition transcripts and videotapes,** in the amount of $59,255.39 is **granted in part**. Costs are taxed in the amount of $8,506.00.

   **A.**   Title 28 U.S.C. § 1920(2) permits taxing "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;"

**B.**  LR 54.1(b)(3) provides: " The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable  *only where a substantial portion of the deposition is used in the resolution of a material issue in the case.* Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition. Notary fees incurred in connection with taking depositions are taxable." (Emphasis added). [Note: LR 54.1 was amended effective June 30,2007].

**C.**  Seven motions, two filed by defendants and five filed by Ampex, are at issue regarding the deposition fees.  The parties agree that the Court granted only one of the seven motions (i.e., defendants' motion for summary judgment of non-infringement). Defendants seek costs for eleven depositions and argue they "substantially relied on each of these depositions in successfully obtaining summary judgment of non-infringement or successfully defeating Ampex's numerous motions for summary judgment." (DI 501, p.7).

**D.**  Ampex argues costs should be taxed only for depositions used in the resolution of defendants' motion for summary judgment of non-infringement. Therefore, Ampex argues that only the Ligler and Boncelet depositions are taxable.  Ampex claims these depositions, and no others,  were used in the resolution of a material issue. Ampex further argues costs for the Ligler and Boncelet depositions should be reduced as they include items which are not taxable (i.e., rush, interactive realtime, etc.).

**E.**  Regarding the Ligler and Boncelet depositions, the items to which Ampex objects will not be taxed. The Clerk finds no evidence to establish their compliance with LR 54.1(b)(3).  As there is no objection to taxing costs in the amount $8,506.00, the Clerk will tax costs in that amount.

**F.**  Defendants argue they are entitled to costs for the remaining nine depositions because they "substantially relied" upon these depositions. The Clerk finds no claim or evidence, distinctly setting forth the nature of any deposition charge, which proves that ***a substantial portion*** *of any deposition was used in the resolution of a material issue in the case* [LR 54.1(a)(2) and 54.1(b)(3)]. Furthermore, Ampex objects to taxing costs for these depositions. Therefore, defendants' request to tax costs for the remaining nine depositions is denied.

**G.**  The Clerk will tax the costs for which Ampex voices no objection.  Defendants' remaining requests are denied.  Deposition costs are taxed in the amount of $8,506.00.

**II.** Defendants' request for costs regarding **copies of pleadings and exhibits submitted to the Court**, in the amount of $ 914.90 **is granted in part**. Costs are taxed in the amount of $694.10

- **A.** LR 54.1(b)(5) states in pertinent part: "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. The cost of one copy of a document is taxable when admitted into evidence. The cost of copies obtained for counsel's own use is not taxable."

- **B.** LR 54.1(a)(2) states : "Such bill of costs shall distinctly set forth each item of cost so that the nature of the charge can be readily understood and otherwise shall comply with the provisions of 28 U.S.C. § 1924."

- **C.** Title 28 U.S.C. § 1920(4) permits taxing "copies of papers necessarily obtained for use in the case;".

- **D.** Defendants' request $694.10 for copies of exhibits to pleadings. Ampex does not object to this request. As there is no objection and LR 54.1(b)(5) permits the taxing of said costs, the Clerk will tax costs in the amount of $694.10.

- **E.** Defendants' also request costs, in the amount of $220.80, for copies of pleadings they filed during this litigation.

    **1)** Ampex objects to the request citing noncompliance with LR 54.1(b)(5).

    **2)** LR 54.1(b)(5) states the "cost of one copy of a document is taxable when admitted into evidence." Defendants offer no proof that the documents in question were admitted into evidence.

    **3)** Defendants claim the copies of pleadings were "filed during this litigation" and "necessarily obtained for use in the case" (DI 501, p.16). Title 28 U.S.C. § 1920(4) permits taxing copies of papers that were "necessarily obtained for use in the case". However, defendants provide no basis to substantiate how or why the pleadings were "necessarily obtained for use in the case". The request fails to satisfy the requirements of LR 54.1(a)(2). Likewise, defendants fail to establish that by simply filing a pleading during litigation a copy of that pleading is taxable.

    **4)** Defendants' cite case law from the Seventh Circuit. The applicability of the case law is a matter for judicial determination.

- **F.** Defendants' request for fees associated with copies of pleadings is denied. Defendants' request for copy fees regarding exhibits is granted. Costs are taxed in the amount of $694.10.

**III.**     Defendants' request for $ 84,282.18 regarding **demonstrative costs is denied .**

   **A.**     Defendants seek recovery for costs of "illustrative and demonstrative aids" they used during two Court proceedings. Defendants request is for costs billed to them by Fulcrum Legal Graphics (DI 501, Ex. C, 13,14).  The costs claimed include, but are not limited to, items such as; graphics production; animation production; travel expenses; proofing; editing; employee compensation rates; and technical support.

   **B.**     Ampex objects to the request in its entirety.

   **C.**     Defendants seek recovery of costs for "illustrative and demonstrative aids". Defendants cite 28 U.S.C. § 1920**,** Fed. R. Civ. P. 54 and LR 54.1(b)(6). However, none  of the citations specifically provide authority for taxing costs of  "illustrative and demonstrative aids". For example, Fed. R. Civ. P. 54 does not address specific items which may be taxed as costs. Title 28 U.S.C. § 1920(4) permits the taxing of costs for exemplifications and  LR 54.1(b)(6) permits taxing costs of maps and charts. <u>None</u> of the "illustrative and demonstrative aids" claimed by defendants are distinctly set forth as exemplifications, maps and/or charts. Therefore, defendants have failed to establish a sufficient basis for taxing costs under  28 U.S.C. § 1920 or LR 54.1(b)(6).  If by some chance any of the requested items are exemplifications, maps, and/or charts, defendants have failed to clearly identify the items in accordance with LR 54.1(a)(2).

   **D.**     LR 54.1(b)(11) permits the taxing of "Other Costs" if "the party claiming such costs substantiates the claim by reference to a statute or binding court decision." Defendants have cited case law in support of their claims. The applicability of the case law is a matter for judicial determination.

   **E.**     For all the reasons stated above, defendants' request is denied.


   The total costs hereby taxed in favor of defendants, Eastman Kodak Company and Altek Corporation, and against plaintiff, Ampex Corporation,  together with interest thereon at the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), is as follows:

   1.     Deposition Transcripts and Videotapes.......................................................$ 8,506.00
   2.     Copies of Pleadings and Exhibits....... .........................................................$ 694.10
   3.     Demonstratives................................................................................... ....DENIED
`
      **TOTAL.................................................................................................$  9,200.10**

Dated:   September 10, 2008

                         Peter T. Dalleo,  Clerk
                         U.S. District Court for the
                           District of Delaware

By  _/s/ Brian K. Blackwell_____
                    Deputy Clerk

cc:  Jack B. Blumenfeld, Esq.
     Julia Heaney, Esq.
     Collins J. Seitz, Jr., Esq.
     Peter T. Dalleo, Clerk